**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Esther C. Shek (SBN 232603)
Gina Stassi (SBN 261263)
Stephanie D. Biehl (SBN 306777)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*
*eshek@cpmlegal.com*
*gstassi@cpmlegal.com*
*sbiehl@cpmlegal.com*

*Attorneys for Plaintiff Robert Gilson*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*mchoi@kaplanfox.com*

*Attorneys for Plaintiff Nicole Gallmann*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD-NC |
| | **CLASS ACTION** |
| | **NOTICE OF MOTION, JOINT MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO CONSOLIDATE RELATED ACTIONS, AND APPOINT COTCHETT, PITRE & MCCARTHY, LLP AND KAPLAN FOX & KILSHEIMER LLP AS INTERIM CO-LEAD COUNSEL, AND PROPOSED EXECUTIVE AND STEERING COMMITTEES** |
| | Judge: Hon. Edward J. Davila |
| | Courtroom: 4, 5th Floor |
| | Hearing Date: May 10, 2018 |
| | Hearing Time: 10:00 a.m. |
| This Relates to: | |
| ALL ACTIONS | |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 10, 2018 at 10:00 a.m., before the Honorable Edward J. Davila, in Courtroom 4 of the United States District Court for the Northern District of California, located at the Robert F. Peckham Federal Building, 280 South 1st Street, 5th Floor, San Jose, California 95113, 120 of the 151 undersigned plaintiffs in the related class actions (the "Majority Group") will and hereby do jointly move the Court for an order consolidating the actions and appointing the attorneys at Cotchett, Pitre & McCarthy, LLP ("CPM") and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") (together, "Proposed Lead Counsel") as interim co-lead counsel in this multi-district litigation, and appointing executive and steering committees.

Because the actions that have been or will subsequently be transferred by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 involve similar questions of fact and law, consolidation of these actions will promote just and efficient conduct. Fed. R. Civ. P. 42. However, litigations being brought by *pro se* plaintiffs that do not purport to represent a putative class should not be consolidated with these actions; instead, these actions should be coordinated with this multidistrict litigation.[1]

The Majority Group brings this motion for appointment of class counsel pursuant to Federal Rule of Civil Procedure 23(g) and this Court's Case Management Order No. 1, dated April 26, 2018 (the "April 26 Order") [ECF No. 21]. Proposed Lead Counsel meet all of the requirements for appointing interim lead counsel. Both CPM and Kaplan Fox, as well as members of the proposed committees, have broad and nationally recognized experience leading complex class actions, including consumer protection class actions of this breadth and nature. Proposed Lead Counsel have the necessary resources to prosecute the litigation in a timely manner and will work cooperatively with other plaintiffs' and defense counsel to efficiently and effectively manage the litigation, as they have repeatedly done in the past. And, given the work this litigation may entail,

---

[1] Proposed Lead Counsel conferred with counsel for Apple concerning the issue of consolidation. At this time, Apple takes no position.

1    the appointment of the proposed executive and steering committees will allow for expeditious

2    resolution of this matter.

3          The Majority Group's motion is based on this notice, the accompanying memorandum of

4    points and authorities, the Joint Declaration of Joseph W. Cotchett and Laurence D. King, dated

5    May 3, 2018 ("Joint Declaration"), and the exhibits thereto, and any additional arguments and

6    evidence that the Court may consider at the hearing.

7                              **STATEMENT OF ISSUES TO BE DECIDED**

8          1.      Whether the Court should consolidate the federal actions representing a purported

9    class alleging similar questions of facts and law under Federal Rule of Civil Procedure 42(a), and

10   grant coordination of federal actions prosecuted by pro se litigants not purporting to represent a

11   class.

12         2.      Whether the Court should appoint CPM and Kaplan Fox as interim lead counsel, and

13   the proposed members of the executive and steering committees, pursuant to Federal Rule of Civil

14   Procedure 23(g).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................7

II.     CONSOLIDATION OF ACTIONS ....................................................................9

III.    PROPOSED LEAD COUNSEL AND COMMITTEE STRUCTURE ...............9

    A.      Proposed Lead Counsel ......................................................................10

    B.      Proposed Members of Plaintiffs' Executive Committee ......................11

    C.      Proposed Members of Steering Committee ...........................................13

IV.     ARGUMENT: THE COURT SHOULD ADOPT THE PROPOSED STRUCTURE ......14

    **A.      Legal Standard** ....................................................................................14

    B.      Rule 23(g)(1)(A)(i): "The work counsel has done in identifying or investigating potential claims in the action." .........................................15

    C.      Rule 23(g)(1)(A)(ii): "Counsel's experience in handling class action, other complex litigation, and the types of claims asserted in the action." ......................15

    D.      Rule 23(g)(1)(A)(iii): "Counsel's knowledge of the applicable law". .................19

    E.      Rule 23(g)(1)(A)(iv): "The resources that counsel will commit to representing the class." ........................................................................20

    F.      Rule 23(g)(1)(B): "Any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" ..............................21

V.      CONCLUSION...................................................................................................22

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*In re Air Cargo Shipping Services Antitrust Litig.*,
　　No. 06-md-1775 (E.D.N.Y.) ................................................................................17

5

6

*In re Anthem Data Breach Litigation*,
　　No. 5:15-md-02617-LHK ..........................................................................10, 15, 23

7

8

*In re Apple iPhone 4 Prods. Liab. Litig.*,
　　MDL No. 2188 (N.D. Cal.)................................................................................18

9

*In re Bank of Am. Corp. Sec., Deriv., and ERISA Litig.*,
　　No. 1:09-md-020508-PKC (S.D.N.Y.)......................................................................17

10

11

*In re Baycol Prod. Litig.*,
　　MDL 1431-MJD/JGL (D. Minn.) .........................................................................17

12

13

*In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation*,
　　No. MDL-1699 (N.D. Cal.) ...............................................................................17

14

15

*In re Bluetooth Headset Prod. Liab. Litig.*,
　　654 F.3d 935 (9th Cir. 2011) ..............................................................................22

16

*In re Caterpillar, Inc., C13 and C15 Engine Products Liability Litigation*,
　　MDL No. 2540 (D.N.J.)................................................................................21

17

18

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
　　MDL No. 1917 (N.D. Cal.)................................................................................20

19

20

*Chacanaca v. Quaker Oats Co.*,
　　No. C 10-0502 RS, 2011 WL 13141425 (N.D. Cal. June 14, 2011)...........................................11

21

22

*In re: Chinese-Manufactured Drywall Product Liability Litigation*,
　　MDL No. 2047 (E.D. La.) ................................................................................20

23

*In re: Daily Fantasy Sports Litig.*,
　　No. 1:16-md-02677-GAO (D. Mass).................................................................19

24

25

*In re: Diet Drug Product Liability Litigation*,
　　MDL No. 1203 (E.D. Pa.).................................................................................20

26

27

*In re: Digitek Products Liability Litigation*,
　　No. 2:08-md-01968 (S.D. W. Va.) ........................................................................23

28

4

*Eck v. City of Los Angeles et al.*,
   No. BC577028 (Super. Ct. of Los Angeles Cty., Cal.)................................................20

*In Re Experian Data Breach Litigation*,
   No. 8:15-cv-01592 (C.D. Cal.) ...............................................................................20

*In re: German Automotive Manufacturers Antitrust Litig.*,
   No. 3:17-md-02796 (N.D. Cal.)...............................................................................19

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
   No. 13-3073 (S.D.N.Y.)...........................................................................................21

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
   No. 12-2358-SLR, 2012 WL 5833604 (D. Del. Nov. 16, 2012)................................22

*In re Juniper Networks, Inc. Securities Litigation*,
   No. C-06-04327 JW (N.D. Cal.).............................................................................21

*In re Lenovo Adware Litig.*,
   No. 15-md-02624, 2015 WL 10890657 (N.D. Cal. July 27, 2015)............................24

*In re Lithium Ion Batteries Antitrust Litigation*,
   MDL No. 2420 (N.D. Cal.).....................................................................................20

*Lowery v. Spotify USA Inc.*,
   No. CV 15-09929-BRO, 2016 WL 6818756 (C.D. Cal. May 23, 2016).....................22

*In re Lumber Liquidators Chinese-Manufactured Flooring Products Marketing,*
   *Sales Practices and Products Liability Litigation*,
   MDL No. l:15-md-02627 (E.D. Va.) .......................................................................20

*In re Magsafe Apple Power Adapter Litigation*,
   No. 5:09-CV-01911-EJD (N.D. Cal.) .....................................................................19

*In re Medical Capital Securities Litigation*,
   No. SA CV 09-1048 DOC (C.D. Cal.) .....................................................................17

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April*
   *20, 2010*,
   No. 2:10-md-02179-CJB-SS (E.D. La.) ...................................................................23

*Rikos v. The Procter & Gamble Co.*
   (S.D. Ohio)...........................................................................................................20

*Shapiro v. Quickturn Design Systems, Inc.*
   (Del. Ch.) .............................................................................................................21

*In re Skechers Toning Shoes Prods. Liab. Litig.*
   (W.D. Ky.) ............................................................................................................20

*In re Static Random Access Memory (SRAM) Antitrust Litigation*,
  No. 4:07-md-01819-CW (N.D. Cal.)........................................................17

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*,
  No. 3:15-md-2672 CRB (JSC) (N.D. Cal.) ......................................... *passim*

*Warner v. Toyota Motor Sales, Inc.*
  (C.D. Cal.)................................................................................................20

*In re: Yahoo! Inc. Customer Data Security Breach Litigation*,
  No. 16-MD-02752-LHK (N.D. Cal.)...................................10, 19, 23

**Statutes**

28 U.S.C. § 1407........................................................................................1

28 USC 1407.............................................................................................33

**Other Authorities**

Fed. R. Civ. P. 23(g)(3)............................................................................16

Fed. R. Civ. P. 42......................................................................................1

Fed R. Civ. P. 23(g)..............................................................................1, 2

Fed. R. Civ. P. 42(a)............................................................................2, 11

Fed. R. Civ. P. 23(g)(1)(A)......................................................................16

Fed. R. Civ. P. 23(d).................................................................................33

Fed. R. Civ. P.  23(g)(1)(A)(i).................................................................17

Fed. R. Civ. P.  23(g)(1)(A)(ii)................................................................17

Fed. R. Civ. P.  23(g)(1)(A)(iii)...............................................................21

Fed. R. Civ. P.  23(g)(1)(A)(iv)...............................................................22

Fed. R. Civ. P.  23(g)(1)(B)...............................................................16, 23

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Presently before the Court is one of the largest consumer class actions in history. On December 20, 2017, news broke that Apple had tricked millions of people into downloading software designed to throttle processor speeds on millions of iPhones across the globe – causing disruption in the lives of millions of people – for the purpose of concealing latent defects in iPhones. And iPhones are not just cell phones. As Apple CEO Tim Cook told Jim Cramer on CNBC, iPhones have "become so integrated and integral to our lives, you wouldn't think of leaving home without it … your health data is there … you're messaging your friends … It's your navigation system…. I don't know that there is a consumer product that's made such a profound change in people."[2]

The Majority Group, comprised of 120 of the 151 plaintiffs in the related class actions (78%) agrees with Mr. Cook. Smart phone owners generally – and owners of premium-priced iPhones in particular – depend on the cutting-edge technology promised by Apple and for which they paid handsomely. Apple's breach of trust has spawned national outrage, Congressional inquiries, a Federal Trade Commission investigation, and litigation throughout the world, including approximately 70 actions in the US alone. This case has already demanded early and immediate *pre-consolidation* attention from counsel because Apple launched a remedial battery-replacement program – but for a fee and subject to murky terms and conditions. This is the very definition of complex litigation, and the proposed *international* class in this action deserves to have its interests represented by a team with the depth of resources and skills proper for the needs of this unusual MDL – and appropriate to the "aggressive" expedited schedule that this Court also said is needed. *See* Tr. of Proceedings, dated April 24, 2018 [ECF No. 23], at 21:8-11.

The Majority Group proposes the robust leadership structure below. To ensure sufficient resources, counsel used as its starting model the leadership team approved by Judge Breyer in *In re*

---

[2] "Jim Cramer Interviews Tim Cook: the complete transcript." CNBC, Mad Money w/ Jim Cramer. (Updated May 4, 2017, 12:11 PM ET), https://www.cnbc.com/2017/05/03/tim-cook-on-jim-cramer-complete-transcript.html.

1   *Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No.

2   3:15-md-2672 CRB (JSC) (N.D. Cal.).[3] To enhance <u>efficiency</u> in light of recent developments in *In*

3   *re Anthem Data Breach Litigation*, No. 5:15-md-02617-LHK (N.D. Cal,[4] the *Volkswagen* structure

4   was then modified by assigning each member of the Executive Committee a defined and non-

5   overlapping role from the beginning. And unlike in *Volkswagen* where counsel sought to add (and

6   Judge Breyer approved) more than 100 additional law firms during the litigation,[5] the proposed

7   leadership team here also includes a much smaller and fixed steering committee of 15 pre-

8   identified, pre-vetted and Court-approved law firms to assist Lead Counsel and the Executive

9   Committee as needed without having to seek *later* approval from the Court. This proposed

10  approach will protect the class because Defendant will not be improperly alerted when Lead

11  Counsel draw on additional resources. *Cf. In re: Yahoo! Inc. Customer Data Security Breach*

12  *Litigation*, No. 16-MD-02752-LHK (N.D. Cal.) (requiring lead counsel to seek court approval

13  before involving new law firms).[6] These proposed efficiency modifications to the *Volkswagen*

14  approach therefore address the issues in *Anthem* and *Yahoo!* head-on in an innovative way that

15  could serve as a model in complex litigation in the future.

16      Finally, to ensure <u>the right team</u>, Proposed Lead Counsel undertook a massive, transparent

17  and collaborative process to vet applications from more than 40 different law firms and to design a

18  structure with input from all counsel. Proposed Lead Counsel created a cohesive and truly diverse

19  team with skills to match the needs of this case. 120 out of 151 plaintiffs in the related class actions

20  now support this team. And as noted below, in the attached Schedule A, and in the Joint

21

22  _____

[3] *See id.*, Pretrial Order #7, dated Jan. 21, 2016 [ECF No. 1084].

23  [4] Judge Koh appointed a Special Master to review the expenses and costs by 53 firm billing
    participants. The Special Master noted that while he was not accusing plaintiffs' counsel of
24  "deliberate overbilling," he points out that "every time a new law firm was added to the group,
    those lawyers had to spend time learning the history, issues, and facts being litigated." *Id.*, Report
25  and Recommendations of Special Master re: Award of Attorneys' Fees and Reimbursement of
    Litigation, dated Apr. 24, 2018 (the "Special Master's Report") [ECF No. 1008], at 18:2-6.

26  [5] *See id.*, Pretrial Order #11, dated Feb. 25, 2016 [ECF No. 1254].

27  [6] Judge Koh adopted a protocol requiring Plaintiffs' Executive Committee to make motions for
    approval of additional plaintiffs' counsel prior to allowing new counsel to perform work on the
28  matter. *See* Order re: Efficiency Protocols, dated Feb. 1, 2018 [ECF No. 208].

1  Declaration, firms that pitched in to help organize counsel and protect the class over the past four

2  months support this motion. The Majority Group therefore respectfully submits that Proposed Lead

3  Counsel, with members of the PEC and Steering Committee, is the right team for this job.

4  **II.      CONSOLIDATION OF ACTIONS**

5          Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper where actions

6  involve common questions of law or fact. "The purpose of consolidation is not only to enhance

7  efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but

8  also to avoid inconsistent adjudications." *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011

9  WL 13141425, at *2 (N.D. Cal. June 14, 2011).  Here, the related class actions are well-suited for

10  consolidation because unification conserves judicial resources, expedites pretrial proceedings,

11  reduces case duplication, and lessens the confusion and delay that may result from prosecuting

12  related class action cases separately. Indeed, these federal actions, which assert to represent a

13  putative class, concern the same defendant, arise out of the same transaction or occurrence, and

14  involve substantially similar alleged issues of fact and law. All putative federal class actions already

15  transferred and those that will be transferred by the JPML to this Court, as well as those that have

16  been or will be deemed related by this Court, should be consolidated.

17          While the related class actions should be consolidated, certain actions involving *pro se*

18  litigants that are not seeking to represent a proposed class should not be consolidated in this

19  multidistrict litigation. Instead, these actions should be coordinated with this litigation in order to

20  reduce duplication of tasks and lessen confusion and delay. At the most recent Case Management

21  Conference, Proposed Lead Counsel committed to coordinating with the *pro se* plaintiffs

22  efficiently, fairly, and compassionately. *See* Tr. of Proceedings at 27:2-28:22.

23  **III.      PROPOSED LEAD COUNSEL AND COMMITTEE STRUCTURE**

24          The Majority Group was crafted through a transparent and collaborative process open to any

25  plaintiffs' counsel who had a case on file and who wished to participate. These efforts are detailed

26  in the Joint Declaration at ¶¶ 3-4, 8-9. The goal was to create a structure and arrangement that

27  would be efficient, with pre-identified roles assigned to the appropriate attorneys, and also staffed

28  by some of the nation's top attorneys. For example, the proposed co-chair of the Offensive

9

Discovery Committee (Ariana Tadler) is one of the nation's top ESI experts, well-known to this Court; similarly, the proposed co-chair of the Expert Committee is a *Daubert* "guru" whom other firms retain to argue *Daubert* motions. Great care was also taken to take diversity seriously: gender diversity (more than a third of the Executive Committee is run by women); geographic diversity (New York, Miami, Midwest, Seattle, and, of course, California); LGBT diversity (at the top of the proposed leadership team); and law firm diversity (one firm has more than 200 lawyers, and the proposed State Court liaison is a sole practitioner). Even age diversity was considered – while two industry veterans propose to lead this action, the full age range of attorneys with executive roles is 34 to 80. Finally, special consideration was given to attorneys who demonstrated a willingness during the process "to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the court." Manual for Complex Litigation (4th ed. 2004) § 10.21 (the "Manual"); *see also id*. ("The added demands and burdens of complex litigation place a premium on attorney professionalism.").

### A.      Proposed Lead Counsel

The Majority Group proposes that the law firms of Cotchett, Pitre & McCarthy LLP and Kaplan Fox & Kilsheimer LLP serve as interim lead counsel for the putative class. Joseph Cotchett of CPM and Laurence King of Kaplan Fox, who collectively have over 80 years of experience, will serve as the primary contacts for Proposed Lead Counsel. Mark Molumphy and David Straite, who themselves have a combined 40 years of experience, will serve as secondary contacts.

For over 50 years, CPM has dedicated its services to prosecuting or defending socially just actions. Repeatedly recognized on the "Plaintiff's Hot List" by the National Law Journal, CPM has earned a national reputation for the breadth of its practices and the diversity of its clients. CPM has secured billions of dollars for its clients and classes, and its attorneys have been honored with such prestigious accolades as induction to the American College of Trial Lawyers, named as Top 100 attorneys by "Super Lawyers" and the Daily Journal, and service on government commissions and the boards of numerous non-profit organizations. A firm biography is attached as Exhibit 1 to the Joint Declaration.

Founded in 1954, Kaplan Fox is one of the most established litigation practices in the country, and the firm's early commitment to high-stakes litigation continues to define the firm to the present day. The National Law Journal has named Kaplan Fox on its list of the nation's top 10 "hot" litigation boutiques, a list that included both plaintiff and defense firms. More than half of the firm's partners have been rated "Super Lawyers." Two of the firm's partners (Gregory Arenson and Robert Kaplan) were named among the 75 best plaintiffs' lawyers in the country based on expertise and influence. Today, Kaplan Fox has 25 lawyers in four litigation practice areas (antitrust, securities, consumer protection and cybersecurity/data privacy) and a private client services group led by the former general counsel of Sotheby's. To date, the firm has recovered more than $5 billion for its clients and classes. A firm biography is attached as Exhibit 2 to the Joint Declaration.

Proposed Lead Counsel have decades of litigation experience and have served as lead or co-lead counsel in scores of class and complex litigation actions, both in this District as well as throughout the country. Proposed Lead Counsel have excellent credentials and the requisite experience to serve as interim co-lead counsel for the proposed class. Their experiences as class action and multidistrict litigation counsel, as well as their intimate knowledge of technological and consumer protection issues, will ensure that the action will be prosecuted efficiently and effectively. The Court should be confident that Proposed Lead Counsel will effectively represent and guide the plaintiffs toward a resolution that is in their best interests. And because both firms have offices in this District, the proposed leadership structure does not need to include a Court liaison.

**B.**       **Proposed Members of Plaintiffs' Executive Committee**

A committee structure is required due to the scope of this action, which encompasses tens of millions of iPhones and tens of millions of users around the world. Extreme care and purposeful deliberation were taken in the selection of the proposed members of the Plaintiffs' Executive Committee ("PEC"). Indeed, this grouping mirrors the diversity of the Bar and the plaintiff class, following guidance from the Duke Law Center for Judicial Studies *Standards and Best Practices for Large and Mass-Tort MDLs*, which encourage "appointment of an experienced slate of attorneys" who will "fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." Combining their experience with the resources available from

11

their respective law firms, members of the PEC will ensure effective and efficient prosecution of the litigation.  The proposed members are:

**Chair:** Mark Dearman of Robbins Geller Rudman & Dowd LLP will oversee the PEC and be responsible for obtaining and maintaining time records and communications to counsel.

**State Court Liaison/Regulatory Liaison Counsel:** Derek Howard of the Derek G. Howard Law Firm Inc. will monitor proceedings in any state court and governmental or regulatory proceedings, and coordinate with such proceedings to foster efficiency, minimize duplicative discovery, and avoid management difficulties.

**International Liaison Counsel:** Eli Greenstein of Kessler Topaz Metzler Check LLP, Kenneth Johnston of Johnston Pratt PLLC, and Kyle McGee of Grant & Eisenhofer P.A. will monitor and help coordinate with any litigation in any international courts and advise on issues related to international class members in this MDL.

**Law and Briefing:** Amy Keller of Dicello Levitt & Casey LLC and Kathleen Herkenhoff, Haeggquist & Eck, LLP will coordinate the research and preparation of all pleadings and motions and assist in the preparation of oral arguments at any hearings.

**Defensive Discovery and Plaintiff Coordination:** Gayle Blatt of Casey Gerry Francavilla Blatt & Penfield LLP and Tina Wolfson of Ahdoot & Wolfson, P.C. will coordinate all discovery obligations of and communications with Plaintiffs and the Class.

**Offensive Discovery and ESI Coordination:** Ariana Tadler of Milberg Tadler Phillips Grossman LLP and Karen Swope of Keller Rohrback LLP will coordinate all discovery propounded on behalf of the Plaintiffs and the Class and coordinate ESI practices generally.

**Discovery: Device Development:** Timothy Blood of Blood Hurst O'Reardon LLP and Christopher Ridout of Zimmerman Reed LLP will coordinate discovery efforts related to the development of the devices at issue, including the relevant technology.

**Discovery: Marketing:** Melissa Emert of Stull, Stull & Brody and Rosemary Rivas of Levi & Korsinsky, LLP will coordinate discovery efforts related to the marketing of the devices.

**Discovery: Third Party:** Charlie Schaeffer of Levin Sedran & Berman and Geoffrey Rushing of Saveri & Saveri Inc. will coordinate all third-party discovery propounded on behalf of

12

the Plaintiffs and the Class.

**Experts:** Douglas McNamara of Cohen Milstein Sellers & Toll LLC and Stephen Rosenthal of Podhurst Orseck P.A. will handle and coordinate all expert discovery and issues.

**Damages and Settlement:** Ben Barnow of Barnow & Associates, P.C., and Anthony Fata of Cafferty Clobes Meriwether & Sprengel LLP will coordinate all efforts concerning damages and settlement.

**Trial Preparation:** Stanley Bernstein of Bernstein Liebhard LLP and Todd Garber of Finkelstein, Blankenship, Frei-Pearson & Garber, LLP, will assist Proposed Lead Counsel in all stages of trial preparation.

Each of these individuals and their law firms were specifically selected for their roles based on their knowledge, resources, and experience. This is especially warranted given the amount of work this litigation may entail and, as the Court has indicated, the need for "expeditious" resolution of this matter. A biography of each of the individuals and/or his or her firm is attached as Exhibits 3 through 25 of the Joint Declaration.

### C.   Proposed Members of Steering Committee

Given the size of this litigation, a flexible steering committee that will assist Proposed Lead Counsel and the PEC as necessary is also warranted. Here, each of the attorneys has already filed a case, and each was pre-vetted. Proposed Lead Counsel ask the Court to pre-approve this limited pool of attorneys, backed by the resources of their firms, to provide Proposed Lead Counsel and the PEC the additional resources necessary to allow for efficient and effective prosecution against Apple. And because each of these proposed committee members already has a case on file, he or she is already up to speed on this case, avoiding the problems identified recently in *Anthem. See* Special Master's Report, at 18:2-6 (noting that "every time a new law firm was added to the group, those lawyers had to spend time learning the history, issues, and facts being litigated"). The proposed members are:

| | |
|---|---|
| Richard S. Wayne of Strauss Troy | Scott Cole of Scott Cole & Associates |
| Bradford Lear of Lear Werts LLP | Anthony G. Simon of Simon Law Firm, P.C. |

| Phong Tran of Johnson Fistel, LLP | James Vlahakis of Sulaiman Law Group, Ltd. |
|---|---|
| Gordon M. Fauth, Jr. of Finkelstein Thompson LLP | Gary S. Graifman of Kantrowitz Goldhamer & Graifman, P.C. |
| Jeffrey Squire of Bragar Eagel & Squire, P.C. | Daniel Mulligan of Jenkins, Mulligan & Gabriel LLP |
| Jason "Jay" Barnes of Barnes & Associates | Alexandra Steele of Girardi Keese |
| Joshua H. Eggnatz of Eggnatz Pascucci, P.A. | Archie I. Grubb, II of Beasley Allen |
| Dina Micheletti of Fazio Micheletti LLP | |

The responsibilities of a member of the Steering Committee will be determined by Proposed Lead Counsel or the individual PEC member(s) or committee that is responsible for the particular project, service, or work assignment. A biography of each of the individuals and/or his or her firm is attached as Exhibits 26 through 40 of the Joint Declaration.

## IV.    ARGUMENT: THE COURT SHOULD ADOPT THE PROPOSED STRUCTURE

### A.    <u>Legal Standard</u>

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11. Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure identifies four factors to be considered by courts when selecting interim class counsel:

> (i)    The work counsel has done in identifying or investigating potential claims in the action;
> (ii)   Counsel's experience in handling class action, other complex litigation, and the types of claims asserted in the action;
> (iii)  Counsel's knowledge of the applicable law; and
> (iv)   The resources that counsel will commit to representing the class.

Rule 23(g)(1)(B) further provides that courts may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Such considerations include whether proposed interim class counsel have worked cooperatively with opposing counsel and the court, and whether counsel commands the respect of colleagues. *See* Manual § 10.224.

14

Here, plaintiffs' counsel met and conferred in an unusually open and collaborative process to determine the structure and arrangement that would be most efficient, fair, and serve the best interests of the class, while being consistent with the principles set forth in the Manual as well as *Standards and Best Practices for Large and Mass-Tort MDLs*. Joint Decl. ¶¶ 8-9.

**B.      Rule 23(g)(1)(A)(i): "The work counsel has done in identifying or investigating potential claims in the action."**

Not only have counsel identified and investigated the claims against Apple but Proposed Lead Counsel and each of the firms and attorneys proposed in this structure have facilitated the advancement of the litigation. As detailed in Schedule A and the Joint Declaration, Proposed Lead Counsel volunteered enormous resources, time, and effort to coordinate counsel in almost 70 cases, commence and conclude proceedings in the JPML, protect the class with early motion practice related to Apple's early remediation program (the battery replacement program), facilitating a single Joint Case Management Conference Statement to assist the Court at the last Case Management Conference, and finally to crafting this proposed collaborative leadership structure.

**C.      Rule 23(g)(1)(A)(ii): "Counsel's experience in handling class action, other complex litigation, and the types of claims asserted in the action."**

Proposed Lead Counsel and proposed members of the PEC and Steering Committee easily meet this criterion. CPM has obtained billions of dollars in recoveries for the classes it has represented. For instance, as co-lead counsel, CPM secured a combined $219 million in *In re Medical Capital Securities Litigation*, No. SA CV 09-1048 DOC (RNBx) (C.D. Cal.), one of the largest recoveries against indenture trustees in U.S. history and the largest Ponzi recovery in California history. CPM also secured a $77 million settlement as lead counsel in *In re Static Random Access Memory (SRAM) Antitrust Litigation*, No. 4:07-md-01819-CW (N.D. Cal.). And, in the *In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation*, No. MDL-1699 (N.D. Cal.), CPM, as co-lead trial counsel, secured $894 million to settle the consolidated injury and class action cases against Pfizer. Kaplan Fox has obtained some of the largest recoveries in the fields in which it practices. *See, e.g., In re Bank of Am. Corp. Sec., Deriv., and ERISA Litig.*, No. 1:09-md-020508-PKC (S.D.N.Y.) ($2.425 billion settlement); *In re Air Cargo Shipping Services Antitrust Litig.*, No. 06-md-1775 (E.D.N.Y.) ($1 billion to date); *In re*

15

1    *Baycol Prod. Litig.*, MDL 1431-MJD/JGL (D. Minn.) ($350 million).

2        Similarly, each member of the PEC has experience in the area of class actions and complex

3    litigation and is well matched for the role that each member has been assigned to. Mark Dearman,

4    who was unanimously selected by his peers to serve as chair of the proposed PEC, led Robbins

5    Geller's litigation team in *In re Apple iPhone 4 Prods. Liab. Litig.,* MDL No. 2188 (N.D. Cal.), was

6    recently appointed to the Plaintiffs' Executive Committee in In re FieldTurf Artificial Turf Mktg.

7    Practices Litig., MDL No. 2779 (D.N.J.), and has been intimately involved in many of the nation's

8    largest multidistrict litigations, including *Volkswagen*. Mr. Dearman brings the substantial resources

9    of his over 200-lawyer firm to this litigation.

10       Derek Howard has more than 30 years of experience and has handled multiple class actions

11   in state courts around the United States and is well suited to manage the coordination between this

12   litigation and any state litigation and regulatory actions. Karen Swope and Ariana Tadler, in

13   addition to having years of class action experience, were selected to serve as chairs of the Offensive

14   Discovery and ESI Coordination Committee given their extensive knowledge and practical

15   experience. Ms. Swope represents clients in protecting their intellectual property rights – a practice

16   area that encompasses intense ESI issues. And Ms. Tadler, the only plaintiff's lawyer to repeatedly

17   achieve Band 1 recognition by Chambers, was among the first plaintiff's lawyers to establish an E-

18   Discovery Practice Group more than 15 years ago.

19       Eli Greenstein of Kessler Topaz, Kenneth Johnston of Johnston Pratt, and Kyle McGee of

20   Grant & Eisenhofer have handled multiple class actions as well as matters on behalf of international

21   clients, including matters against defendants outside the United States. Kessler Topaz has

22   represented plaintiffs in non-US jurisdictions in such locations as Germany, Brazil, France, Japan,

23   and the United Kingdom. Mr. Johnston has directed an international fraud investigation, tracing

24   millions of dollars throughout the United States, the Caribbean, Europe, Asia, Central America and

25   South America. And Mr. McGee has organized cases internationally, including in the Netherlands

26   and the United Kingdom.

27       Amy Keller, named a Plaintiffs' Lawyer Trailblazer by the National Law Journal, has been

28   appointed to leadership positions on several nationwide cases and has presented on a broad range of

1    topics affecting large-scale consumer class actions. Kathleen Herkenhoff of Haeggquist & Eck,

2    LLP has served as lead, class and/or co-lead counsel in a number of high-profile cases, including

3    against Apple in *In re Magsafe Apple Power Adapter Litigation*, No. 5:09-CV-01911-EJD (N.D.

4    Cal.). Both are well suited to manage the research and briefing necessary in this multidistrict

5    litigation.

6         Gayle Blatt, co-chair of Casey Gerry's complex litigation team, has more than 30 years

7    vindicating the rights of consumers and serious personal injury victims and currently serves as one

8    of five plaintiffs' lawyers leading *Yahoo!*. Tina Wolfson, founding partner of Ahdoot & Wolfson,

9    P.C. a top tier national litigation firm, has over two decades of class action and complex litigation

10   experience focus on consumer, employee and civil rights. Ms. Wolfson has been appointed lead

11   counsel in numerous class actions and MDL's across the country. Both Ms. Blatt and Ms. Wolfson

12   will serve the putative class well by coordinating plaintiff discovery.

13        Anthony F. Fata, co-chair of the Damages and Settlement Committee, concentrates his

14   practice on complex consumer and financial matters and frequently works with economists and

15   statisticians in developing damages and econometric models. Ben Barnow, a "Titan of the

16   Plaintiffs' Bar," has served as class counsel on a number of class actions and has successfully

17   resolved some of the nation's largest complex consumer class action matters. Both Mr. Fata and

18   Mr. Barnow will do well handling issues concerning damages and settlement.

19        Melissa Emert and Rosemary Rivas will coordinate discovery efforts related to the

20   marketing of the devices at issue. Ms. Emert has extensive MDL experience and several recent

21   leadership appointments, including as co-lead counsel in *In re: Daily Fantasy Sports Litig.*, No.

22   1:16-md-02677-GAO (D. Mass), and as a member of plaintiffs' steering committee in *In re:*

23   *German Automotive Manufacturers Antitrust Litig.*, No. 3:17-md-02796 (N.D. Cal.). Ms. Rivas, a

24   recipient of the 2018 California Lawyer of the Year award for her work on *Volkswagen*, has handled

25   a number of actions involving false advertising and defective product claims. Ms. Emert and Ms.

26   Rivas have the expertise to manage discovery relating to the marketing of the products.

27        Christopher P. Ridout and Timothy G.  Blood have each represented consumers in a variety

28   of class action matters, from data breach actions to large product liability cases against major motor

vehicle companies, and collectively have 57 years of experience prosecuting complex matters. Both have the wherewithal to lead discovery efforts related to the development of the iPhones and the iOS system. Recently, in *Eck v. City of Los Angeles et al.,* No. BC577028 (Super. Ct. of Los Angeles Cty., Cal.), Mr. Ridout was appointed co-lead counsel after obtaining preliminary and final approval of a settlement providing $295 million in cash and savings to class members. In *Eck*, Mr. Ridout personally oversaw discovery which required the deciphering of numerous sophisticated rate ordinances and schedules implemented and utilized by the Los Angeles Department of Water and Power in order to establish liability and damages. Mr. Ridout was also at the forefront of the recent settlement reached in *In Re Experian Data Breach Litigation,* No. 8:15-cv-01592 (C.D. Cal.).

Mr. Blood has been appoint lead counsel in dozens of consumer class actions by state and federal courts throughout the country. He has obtained record-setting recoveries, including in 2017 a $3.4 billion settlement on behalf of owners and lessees of 1.5 million Toyota vehicles (*Warner v. Toyota Motor Sales, Inc.* (C.D. Cal.) and, in 2013, in partnership with the Federal Trade Commission, a $45 million class action settlement in a false advertising action – the largest in FTC history (*In re Skechers Toning Shoes Prods. Liab. Litig.* (W.D. Ky.)). Last month, Judge Black of the Southern District of Ohio described Mr. Blood's "professionalism and expertise" in a consumer protection class action as "stunning" (*Rikos v. The Procter & Gamble Co.* (S.D. Ohio)).

Geoffrey Rushing has almost 20 years of class action practice and has been involved in all aspects of discovery, including on such matters as *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.), and *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.). The work of Charles Schaffer and Levin Sedran & Berman has resulted in record-breaking recoveries, including in such cases as *In re: Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.), and *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.). It is befitting that Mr. Rushing and Mr. Schaffer will handle third party discovery in this litigation.

Douglas McNamara has worked extensively on major MDL cases, including the selection, defense, and depositions of experts. Indeed, in such matters as *In re Lumber Liquidators Chinese-*

18

*Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation*, MDL No. l:15-md-02627 (AJT/TRJ) (E.D. Va.), and *In re Caterpillar, Inc., C13 and C15 Engine Products Liability Litigation*, MDL No. 2540 (D.N.J.), Mr. McNamara has handled extensive discovery and also the development of damages models in many class actions. Stephen Rosenthal has extensive experience dealing with experts, including via his 22 years as a lawyer, his extensive MDL experience, and having lectured on *Daubert* standards and handling *Daubert* hearings on behalf of counsel. Both Mr. McNamara and Mr. Rosenthal are well equipped with the knowledge and resources to handle expert discovery for this litigation.

Stanley Bernstein has tried a number of matters, including in *Shapiro v. Quickturn Design Systems, Inc.* (Del. Ch.) and a pro bono matter representing the Westchester Day School in a zoning dispute. Todd Garber has represented plaintiffs in such matters as *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-3073 (S.D.N.Y.) and *In re Juniper Networks, Inc. Securities Litigation*, No. C-06-04327 JW (N.D. Cal.). Both Mr. Bernstein and Mr. Garber will lend the requisite resources and knowledge to bear if and when this matter goes to trial.

As demonstrated by the firm resumes and biographies attached to the Joint Declaration, it is clear that Proposed Lead Counsel and members of the PEC and Steering Committee have the requisite experience and knowledge necessary to effectively advance this litigation.

### D.    Rule 23(g)(1)(A)(iii): "Counsel's knowledge of the applicable law".

As indicated by their experience handling class actions and the significant recoveries therefrom, it is undisputed that Proposed Lead Counsel and members of the PEC and Steering Committee are knowledgeable of the applicable law. Indeed, attorneys at CPM are some of the founding members of the Consumer Attorneys of California and of Public Justice. Attorneys at Kaplan Fox have served as lead or co-lead counsel in multiple cases alleging violation of the consumer protection laws. Each of the members of the PEC and Steering Committee has served as lead counsel in a number of class actions throughout the country. From their impeccable resumes and careful vetting, the Court can be assured that each of the lawyers selected for this matter are knowledgeable of the law and will be able to efficiently handle all aspects of this litigation.

**E.** **Rule 23(g)(1)(A)(iv): "The resources that counsel will commit to representing the class."**

This litigation includes over 65 related or potentially related actions from over 19 judicial districts, asserting a wide variety of federal and state statutory claims, and numerous common law claims arising under a number of different laws. There are a number of state matters as well cases that have been brought around the world. More importantly, the putative class consists of millions of consumers around the world. A litigation of this magnitude "justifies the pooling of resources and experience." *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-2358-SLR, 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) (citing *In re Exford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y.1998); *Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 199 (D. Del. 2012); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02–1486 PJH, 2006 WL 1530166, at *11 (N.D. Cal., June 5, 2006)); *see also Lowery v. Spotify USA Inc.*, No. CV 15-09929-BRO (RAOx), 2016 WL 6818756, at *5 (C.D. Cal. May 23, 2016) (noting the Court "must appoint the applicant best able to represent the interests of the class.") (citation omitted).

Here, Proposed Lead Counsel and members of the PEC have the resources necessary to finance a case of this magnitude. Indeed, having been responsible for achieving some of the largest class action recoveries in some of the most complex, high-profile class actions, Proposed Lead Counsel and members of the PEC understand what is required to undertake a litigation of this size and will commit whatever resources are necessary to achieve a favorable result for the class.

At the same time, Proposed Lead Counsel and members of the PEC are aware of the need to control costs and expenses. Should this structure be approved by the Court, Proposed Lead Counsel will, within 10 business days, submit a timekeeping and cost reporting protocol for approval by the Court that would require all plaintiffs' counsel to maintain a daily record of their time and expenses incurred in connection with this litigation. And, to the extent that there are any issues as to fees and expenses should the litigation be successfully resolved, the Court will "have an independent obligation to ensure that" fees and expenses are "reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

**F.**    **Rule 23(g)(1)(B): "Any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class".**

Given the complexity of this litigation, the number of putative class members, its international scope, and the need to proceed in an expedited manner, it is clear that this litigation requires a robust structure. When these facts are present, courts often approve similarly sized and structured leadership. For instance, in *Volkswagen*, Judge Breyer appointed 22 individuals and their law firms to a steering committee, specifically noting that "the Court believes this is an appropriate number given the amount of work this litigation may entail and the need for an expeditious resolution of this matter."[7] *See* Pretrial Order No. 7 [ECF No. 1084]. Judge Breyer also approved approximately 100 additional law firms over the course of the Volkswagen litigation. *See* Pretrial Order #11 [ECF No. 1254]. In *In re: Digitek Products Liability Litigation*, No. 2:08-md-01968 (S.D. W. Va.), the court appointed a three-firm co-lead counsel and steering committee of 19 individuals and their law firms. *See id.*, Pretrial Order #4, dated Nov. 5, 2008 [ECF No. 51-1]. The court later added three more individuals and their law firms to the steering committee (with one resignation), together comprising 24 individuals and their respective law firms. *See id.*, Pretrial Order #23, dated May 29, 2009 [ECF No. 129]. And, in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-02179-CJB-SS (E.D. La.), the court there appointed a 19 member plaintiffs' steering committee. *See id.*, Pretrial Order #8, dated Oct. 8, 2010 [ECF No. 506]. Given the magnitude of this litigation, the structure brought forth by the Majority Group should be approved.

Nonetheless, the Majority Group, in the design of this proposed leadership structure, believes it is essential to address recent developments in class action litigation, including most importantly in *Anthem* and *Yahoo!*. Here, the Majority Group defined roles and assigned members of the PEC to each role to ensure no duplication of efforts. As importantly, the team includes a

---

[7] Several firms involved in the current MDL were members of the Volkswagen leadership team, and all signed onto a recent fee application confirming to Judge Breyer that the final court-approved team (including 120 law firms) was necessary and appropriate to protect the class. *See* Pls' Mot. for Attys' Fees and Costs, dated Nov. 8, 2016 [ECF No. 2175] (the firms are Hagens Berman Sobel Shapiro LLP, Robbins Geller Rudman & Dowd LLP, Grant & Eisenhofer P.A., CPM, Finkelstein Thompson LLP, Casey Gerry Schenk Francavilla Blatt & Penfield LLP, and Keller Rohrback LLP).

much smaller and fixed steering committee of 15 pre-identified, pre-vetted and Court-approved law firms to assist Lead Counsel and the PEC; members of this committee already have cases on file and are familiar with the litigation, addressing one of the concerns of the Special Master in Anthem by maximizing efficiency right at the beginning of the litigation without sacrificing knowledge and resources.

Finally, where the majority of plaintiffs' counsel agree to a leadership structure, courts generally approve the structure based on the concept of "private ordering." Manual, at § 21.272; *see In re Lenovo Adware Litig.*, No. 15-md-02624, 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015) (finding that support of majority of plaintiffs and counsel is "indicative of their ability to work cooperatively on behalf" of the plaintiffs). As long as the proposal for leadership is fair, proposes qualified class counsel, and has opportunities for representation for all firms, then the efforts of plaintiffs' counsel to coordinate amongst themselves is something that is to be encouraged and given significant deference. Manual, at § 10.22.

## V. CONCLUSION

For the reasons indicated, the Court should grant consolidation and/or coordination of the actions. Moreover, the Court should appoint Proposed Lead Counsel and the proposed Executive and Steering Committees. Proposed Lead Counsel has demonstrated that it is best equipped to serve as interim co-lead counsel in this litigation, with the assistance and knowledge provided by the members of the proposed Executive and Steering Committees. The firms have demonstrated the best understanding of the relevant factual and legal issues presented in these cases and have the resources and experience to see them through to a successful and efficient resolution.

Respectfully submitted,

Dated: May 3, 2018        **COTCHETT, PITRE & MCCARTHY LLP**

By: */s/ Joseph W. Cotchett*
     Joseph W. Cotchett
     Mark Cotton Molumphy
Attorneys for Plaintiff Robert Gilson, No. 5:18-cv-0216-EJD-NC (N.D. Cal.)

1

Dated: May 3, 2018          **KAPLAN FOX & KILSHEIMER LLP**

2                           By:  /s/ *Laurence D. King*
                                 Laurence D. King
3                           Attorneys for Plaintiff Nicole Gallmann, No. 5:17-cv-7285-
                            EJD-NC (N.D. Cal.)

4

Dated: May 3, 2018          **ROBBINS GELLER RUDMAN & DOWD LLP**

5                           By:  /s/ *Mark Dearman*
                                 Mark Dearman
6                           Attorneys for Plaintiff Fiona Cunningham, No. 5:18-cv-
                            00338-EJD-NC (N.D. Cal.), and Plaintiff Marc Honigman,
7                           No. 5:18-cv-02463-EJD-NC (N.D. Cal.)

8

Dated: May 3, 2018          **AHDOOT & WOLFSON, P.C.**

9                           By:  /s/ *Tina Wolfson*
                                 Tina Wolfson
10                          Attorneys for Plaintiff Sara Hawes, No. 5:18-cv-1339-EJD-
                            NC (N.D. Cal.)

11

12

Dated: May 3, 2018          **BARNOW AND ASSOCIATES, P.C.**

13                          By:  /s/ *Ben Barnow*
                                 Ben Barnow
14                          Attorneys for Plaintiff Sean Neilan, 5:18-cv-02319-EJD-NC
                            (N.D. Cal.)

15

16

Dated: May 3, 2018          **BLOOD HURST O'REARDON LLP**

17                          By:  /s/ *Timothy G. Blood*
                                 Timothy G. Blood
18                          Attorneys for Plaintiff Amanda Holman, No. 5:18-cv-0125-
                            EJD-NC (N.D. Cal.).

19

Dated: May 3, 2018          **CHAVEZ & GERTLER LLP**

20

21                          By:  /s/ *Mark Chavez*
                                 Mark A. Chavez
22                          Attorneys for Plaintiffs Kristin Bilic, Sean Griffin, Frank
                            Henderson, James Martillaro, Jonathan Meyers, Timothy
23                          Roberts, Elliot Rosen, Geoffrey Schlottman, and Donna
                            Vlassich, No. 5:18-cv-0216-EJD-NC (N.D. Cal.)

24

25

26

27

28

23

1

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

2

By: /s/ Anthony F. Fata
        Bryan L. Clobes

3

        Anthony F. Fata (admitted pro hac vice)
        Christopher P.T. Tourek

4

Attorneys for Plaintiffs Kristin Bilic, Sean Griffin, Frank
Henderson, James Martillaro, Jonathan Meyers, Timothy

5

Roberts, Elliot Rosen, Geoffrey Schlottman, and Donna
Vlassich, No. 5:18-cv-0216-EJD-NC (N.D. Cal.)

6

7

**HANNAFAN & HANNAFAN LTD.**

8

By: /s/ Blake T. Hannafan
        Blake T. Hannafan

9

Attorneys for Plaintiffs Kristin Bilic, Sean Griffin, Frank
Henderson, James Martillaro, Jonathan Meyers, Timothy

10

Roberts, Elliot Rosen, Geoffrey Schlottman, and Donna
Vlassich, No. 5:18-cv-0216-EJD-NC (N.D. Cal.)

11

Dated: May 3, 2018      **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**

12

13

By: /s/ Todd Garber
        Todd S. Garber

14

Attorneys for Plaintiffs Aniledis Batista and Paul Sohayegh, No.
5:17-cv-7355-EJD-NC (N.D. Cal.)

15

Dated: May 3, 2018      **JOHNSON FISTEL, LLP**

16

By: /s/ Phong Tran
        Phong L. Tran

17

Attorneys for Plaintiff Thomas T. Cook, 5:18-cv-02305-EJD-NC (N.D. Cal.)

18

Dated: May 3, 2018      **THE WAGNER FIRM**

19

20

By: /s/ Avraham Noam Wagner
        Avraham Noam Wagner

21

Attorneys for Plaintiff Melody Munro, No. 5:18-cv-0128-EJD-NC (N.D. Cal.)

22

**BRAGAR EAGLE & SQUIRE, P.C.**

23

By: /s/ Jeffrey H. Squire
        Jeffrey H. Squire

24

        David J. Stone

25

Attorneys for Plaintiff Melody Munro, No. 5:18-cv-0128-EJD-NC (N.D. Cal.)

26

27

28

Dated: May 3, 2018                    **ZIMMERMAN REED LLP**

                                      By:  */s/ Christopher Ridout*
                                           Christopher P. Ridout
                                      Attorneys for Plaintiff Scott Grillo, No. 5:18-cv-0148-EJD-
                                      NC (N.D. Cal.)

Dated: May 3, 2018                    **GIBBS LAW GROUP LLP**

                                      By:  */s/ Eric Gibbs*
                                           Eric H. Gibbs
                                      Attorneys for Plaintiffs John Ferguson, Kelli Beaugez, Gregory
                                      Strenstrom, No. 5:18-cv-0206-EJD-NC (N.D. Cal.)

                                      **COHEN MILSTEIN SELLERS & TOLL PLLC**

                                      By:  */s/ Douglas J. McNamara*
                                           Douglas J. McNamara
                                      Attorneys for Plaintiffs John Ferguson, Kelli Beaugez, Gregory
                                      Strenstrom, No. 5:18-cv-0206-EJD-NC (N.D. Cal.)

Dated: May 3, 2018                    **FINKELSTEIN THOMPSON**

                                      By:  */s/ Rosanne L. Mah*
                                           Gordon M. Fauth, Jr.
                                           Rosanne L. Mah
                                      Attorneys for Plaintiffs Patricia Johnson, Kent Harrison, and
                                      Christina Labajo, No. 5:18-cv-0385-EJD-NC (N.D. Cal.)

Dated: May 3, 2018                    **MILBERG TADLER PHILLIPS GROSSMAN LLP**

                                      By:  */s/ Ariana J. Tadler*
                                           Ariana J. Tadler
                                      Attorneys for Plaintiffs Allyson Werner and Judy Milman
                                      No. 5:18-cv-00283-EJD-NC (N.D. Cal.)

Dated: May 3, 2018                    **CASEY GERRY SCHENK FRANCAVILLA BLATT &
                                      PENFIELD LLP**

                                      By:  */s/ Gayle Blatt*
                                           Gayle M. Blatt
                                      Attorneys for Plaintiff Samara Diner, No. 5:18-cv-0179-EJD-
                                      NC (N.D. Cal.)

Dated: May 3, 2018                    **WITES LAW FIRM**

                                      By:  */s/ Marc Wites*
                                           Marc A. Wites
                                      Attorneys for Plaintiff Suzanne Block, No. 5:18-cv-0481-EJD-
                                      NC (N.D. Cal.)

25

Dated: May 3, 2018

**JENKINS MULLIGAN & GABRIEL, LLP**

By: */s/ Daniel J. Mulligan*
     Daniel Joseph Mulligan
Attorneys for Plaintiff Chad White, No. 5:18-cv-0305-EJD-NC
(N.D. Cal.)

Dated: May 3, 2018

**SCOTT COLE & ASSOCIATES, APC**

By: */s/ Scott Edward Cole*
     Scott Edward Cole
     Cesar Alvarado
     Andrew Weaver
Attorneys for Plaintiff Christina Neumann, No. 5:18-cv-0324-EJD-NC (N.D. Cal.)

Dated: May 3, 2018

**KELLER ROHRBACK L.L.P.**

By: */s/ Karin Swope*
     Karin Swope
Attorneys for Plaintiff Margaret Wetherald, No. 5:18-cv-0371-EJD-NC (N.D. Cal.)

Dated: May 3, 2018

**LEVIN SEDRAN & BERMAN**

By: */s/ Charles Schaffer*
     Charles E. Schaffer
     Daniel C. Levin
Attorneys for Plaintiffs Khendle Williams, Cynthia Stacy, Gene Schlaefer, Trent Young, Ashley Antonucci, Kristin Edgerly, Melissa Koncinsky, Sandra Merola, Derrick Marzette, Ruth Beauchan, Danielle Sanguedolce, Dennis Johnson, Kelly Schulze, Charles Saadiq, Suzanne Carter, Kelly Jankowski, Tiffany Williams, Noelle Boehme, Jenifer Kachik, Crystal Saldana, Ryan Ward, Patty Burriss, Charlene Lowery, Margie Cleveland, Lillie Diaz, Craig Moore, Heather Schwartz, Andrew Yashchuk, Joshua Mosby, No. 5:18-cv-0440-EJD-NC (N.D. Cal.)

**BIRKA-WHITE**

By: */s/ David M. Birka-White*
     David M. Birka-White
Attorneys for Plaintiffs Khendle Williams, Cynthia Stacy, Gene Schlaefer, Trent Young, Ashley Antonucci, Kristin Edgerly, Melissa Koncinsky, Sandra Merola, Derrick Marzette, Ruth Beauchan, Danielle Sanguedolce, Dennis Johnson, Kelly Schulze, Charles Saadiq, Suzanne Carter, Kelly Jankowski, Tiffany Williams, Noelle Boehme, Jenifer Kachik, Crystal Saldana, Ryan Ward, Patty Burriss, Charlene Lowery, Margie Cleveland, Lillie Diaz, Craig Moore, Heather Schwartz, Andrew Yashchuk, Joshua Mosby, No. 5:18-cv-0440-EJD-NC (N.D. Cal.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MIGLIACCIO & RATHOD LLP**

By:  */s/ Jason S. Rathod*
       Jason S. Rathod
Attorneys for Plaintiffs Khendle Williams, Cynthia Stacy, Gene Schlaefer, Trent Young, Ashley Antonucci, Kristin Edgerly, Melissa Koncinsky, Sandra Merola, Derrick Marzette, Ruth Beauchan, Danielle Sanguedolce, Dennis Johnson, Kelly Schulze, Charles Saadiq, Suzanne Carter, Kelly Jankowski, Tiffany Williams, Noelle Boehme, Jenifer Kachik, Crystal Saldana, Ryan Ward, Patty Burriss, Charlene Lowery, Margie Cleveland, Lillie Diaz, Craig Moore, Heather Schwartz, Andrew Yashchuk, Joshua Mosby, No. 5:18-cv-0440-EJD-NC (N.D. Cal.)

**ROBERT PEIRCE & ASSOCIATES, P.C.**

By:  */s/  D. Aaron Rihn*
       D. Aaron Rihn, Esquire
Attorneys for Plaintiffs Khendle Williams, Cynthia Stacy, Gene Schlaefer, Trent Young, Ashley Antonucci, Kristin Edgerly, Melissa Koncinsky, Sandra Merola, Derrick Marzette, Ruth Beauchan, Danielle Sanguedolce, Dennis Johnson, Kelly Schulze, Charles Saadiq, Suzanne Carter, Kelly Jankowski, Tiffany Williams, Noelle Boehme, Jenifer Kachik, Crystal Saldana, Ryan Ward, Patty Burriss, Charlene Lowery, Margie Cleveland, Lillie Diaz, Craig Moore, Heather Schwartz, Andrew Yashchuk, Joshua Mosby, No. 5:18-cv-0440-EJD-NC (N.D. Cal.)

**HERMAN, HERMAN & KATZ, LLC**

By:  */s/ Russ Herman*
       Russ Herman
       Stephen Herman
Attorneys for Plaintiffs Khendle Williams, Cynthia Stacy, Gene Schlaefer, Trent Young, Ashley Antonucci, Kristin Edgerly, Melissa Koncinsky, Sandra Merola, Derrick Marzette, Ruth Beauchan, Danielle Sanguedolce, Dennis Johnson, Kelly Schulze, Charles Saadiq, Suzanne Carter, Kelly Jankowski, Tiffany Williams, Noelle Boehme, Jenifer Kachik, Crystal Saldana, Ryan Ward, Patty Burriss, Charlene Lowery, Margie Cleveland, Lillie Diaz, Craig Moore, Heather Schwartz, Andrew Yashchuk, Joshua Mosby, No. 5:18-cv-0440-EJD-NC (N.D. Cal.)

Dated: May 3, 2018

**HAEGGQUIST & ECK, LLP**

By:  */s/ Kathleen Ann Herkenhoff*
       Kathleen Ann Herkenhoff
Attorneys for Plaintiff Gary Merenstein, No. 5:18-cv-0771-EJD-NC (N.D. Cal.)

27

1

Dated: May 3, 2018 **JOHNSTON PRATT PLLC**

2

By: */s/ Kenneth Johnston*
Kenneth C Johnston

3

Attorneys for Plaintiffs Jennifer Bond, David Haury, Alberto R. Marzana, John Rufty, III, Ryan Young, and Elisa Gaudio, No. 5:18-cv-00833-EJD (N.D. Cal.); Plaintiffs Neill McInnis and J.

4

Scott Archer, No. 1:17-cv-00358-LG-MTP (S.D. Mississippi); Plaintiff Alfred LaNasa, No. 2:17-cv-17878 (E.D. Louisiana);

5

and Plaintiffs Mark Miller, Craig Stanford and Chris Spearman, No. 4:17-cv-00889-ALM-KPJ (E.D. Texas).

6

Dated: May 3, 2018 **LEVI & KORSINSKY LLP**

7

8

By: */s/ Rosemary Rivas*
Rosemary M. Rivas

9

Attorneys for Plaintiffs Alain Lieberman and Romeo Alba, No. 5:18-cv-0110-EJD-NC (N.D. Cal.)

10

Dated: May 3, 2018 **STULL, STULL & BRODY**

11

By: */s/ Melissa Emert*
Melissa R. Emert

12

Attorneys for Plaintiffs Ryan Banks, Lairem Weintraub, Anna Luna, Allison Varnell, Amy Brown, Matthew Homonoff,

13

Jessica Greenshner, Robert Montgomery, Laura Ciccone, Matthew Shaske, Annamarie Vinacco, Thomas Ciccone, and

14

Dale Johnson, No. 5:18-cv-0241-EJD-NC (N.D. Cal.) and Plaintiffs Benjamin Lazarus, Jeffrey Aberman, Stephen

15

Margolis, Sandy Brodsky, and Victoria Childs, No. 5:18-cv-02325-EJD-NC (N.D. Cal.)

16

Dated: May 3, 2018 **KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**

17

18

By: */s/ Gary Graifman*
Gary Graifman

19

Attorneys for Plaintiffs Ryan Banks, Lairem Weintraub, Anna Luna, Allison Varnell, Amy Brown, Matthew Homonoff,

20

Jessica Greenshner, Robert Montgomery, Laura Ciccone, Matthew Shaske, Annamarie Vinacco,

21

Thomas Ciccone, and Dale Johnson, No. 5:18-cv-0241-EJD-NC (N.D. Cal.) and Plaintiff Yisroel Brody, No. 5:18-cv-02461-EJD-NC (N.D. Cal.)

22

Dated: May 3, 2018 **WILSHIRE LAW FIRM PLC**

23

24

By: */s/ Colin Matthew Jones*
Colin Matthew Jones

25

Attorneys for Plaintiffs Stefan Bogdanovich and Dakota Speas, No. 5:18-cv-02311-EJD-NC (N.D. Cal.)

26

27

28

28

1

**GIRARDI KEESE**

2
By:  */s/ Alex Steele*
Alex Steele

3
Thomas Girardi
Attorneys for Plaintiffs Stefan Bogdanovich and Dakota Speas,

4
No. 5:18-cv-02311-EJD-NC (N.D. Cal.)

5
Dated: May 3, 2018    **PODHURST ORSECK P.A.**

6
By:  */s/ Stephen F. Rosenthal*
Stephen F. Rosenthal

7
Attorneys for Plaintiff Yael Aburos, No. 5:18-cv-02317-EJD-NC (N.D. Cal.)

8
Dated: May 3, 2018    **SULAIMAN LAW GROUP, LTD**.

9
By:  */s/ James Vlahakis*
James C. Vlahakis

10
Attorneys for Plaintiffs Sam Mangano, Ala Abdulla, and Kirk Pedelty, No. 5:18-cv-02318-EJD-NC (N.D. Cal.)

11

12
Dated: May 3, 2018    **KESSLER TOPAZ MELTZER CHECK LLP**

13
By:  */s/ Eli Greenstein*
Eli R. Greenstein

14
Attorneys for Plaintiff Guilherme Rafael Canoa de Oliveira, No. 5:18-cv-0735-EJD-NC (N.D. Cal.), and Plaintiffs Gye Soon

15
Yun, Dae Won Kim, Estrella Gonzalez Navarro, Marianne Wagner, and Lilav Akrawy, No. 5:18-cv-1632-EJD-NC (N.D. Cal.)

16

17
Dated: May 3, 2018    **GRANT & EISENHOFER P.A.**

18
By:  */s/ Kyle McGee*
Kyle McGee

19
Attorneys for Plaintiff Guilherme Rafael Canoa de Oliveira, No. 5:18-cv-0735-EJD-NC (N.D. Cal.), and Plaintiffs Gye

20
Soon Yun, Dae Won Kim, Estrella Gonzalez Navarro, Marianne Wagner, and Lilav Akrawy, Case No. 5:18-cv-

21
1632-EJD-NC (N.D. Cal.)

22
Dated: May 3, 2018    **LEAR & WERTS, LLP**

23
By:  */s/ Todd Werts*
Todd C. Werts

24
Attorneys for Plaintiffs Kim Burton and William Ellis, No. 5:18-cv-02323-EJD-NC (N.D. Cal.)

25
Dated: May 3, 2018    **BARNES & ASSOCIATES**

26
By:  */s/ Jay Barnes*
Jay Barnes

27
Attorneys for Plaintiff Cynthia Chapel, No. 5:18-cv-02512-EJD-NC (N.D. Cal.)

28

MOT. TO CONSOLIDATE AND APPOINT COUNSEL                    No. 5:18-md-02827-EJD-NC

Dated: May 3, 2018

**BERNSTEIN LIEBHARD, LLP**

By:  */s/ Stephanie Beige*
      Stephanie M. Beige
Attorneys for Plaintiffs Eliezer Rabinovitz and Victor
Mazzeo, No. 5:18-cv-02326-EJD-NC (N.C. Cal.)

Dated: May 3, 2018

**EGGNATZ | PASCUCCI**

By:  */s/ Joshua H. Eggnatz*
      Joshua H. Eggnatz
Attorneys for Plaintiff Alex Sens, No. 5:18-cv-02460-EJD-NC
(N.D. Cal.)

Dated: May 3, 2018

**SIMON LAW P.C.**

By:  */s/ Anthony Simon*
      Anthony Simon
      Erica Blume Slater
Attorneys for Plaintiff Daniel Borstelmann, No.5:18-cv-02453-
EJD-NC (N.D. Cal.)

Dated: May 3, 2018

**BROWN LAW FIRM LLC**

By:  */s/ Phyllis Brown*
      Phyllis E. Brown
      Adam S. Brown
Attorneys for Plaintiff Lauren Sullivan-Stefanou, Jarrod Byer,
and Carly Byer, No. 5:18-cv-02442-EJD-NC (N.D. Cal.)

**STRAUSS TROY**

By:  */s/ Richard S. Wayne*
      Richard S. Wayne
      Joseph J. Braun
Attorneys for Plaintiff Lauren Sullivan-Stefanou, Jarrod Byer,
and Carly Byer, No. 5:18-cv-02442-EJD-NC (N.D. Cal.)

Dated: May 3, 2018

**DICELLO LEVITT & CASEY LLC**

By:  */s/ Adam J. Levitt*
      Adam J. Levitt
Attorneys for Plaintiff Keaton Harvey, No. 5:17-cv-7274-
EJD-NC (N.D. Cal.)

**FAZIO MICHELETTI LLP**

By:  */s/ Dina Micheletti*
      Dina Micheletti
Attorneys for Plaintiff Keaton Harvey, No. 5:17-cv-7274-
EJD-NC (N.D. Cal.)

30

1

Dated: May 3, 2018         **SAVERI & SAVERI INC.**

2
                           By: */s/ R. Alexander Saveri*
                               R. Alexander Saveri
3                              Attorneys for Plaintiff John Webb, No. 5:18-cv-02167 (N.D.
                               Cal.)
4

5          **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

6          I, Mark C. Molumphy, attest that concurrence in the filing of this document has been

7    obtained from the other signatories.  I declare under penalty of perjury under the laws of the

8    United States of America that the foregoing is true and correct.

9          Executed this 3rd day of May, 2018, at Burlingame, California.

10

11                           */s/ Mark C. Molumphy*
                             Mark C. Molumphy
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31

**Schedule A**
Work Done to Further the Litigation

| Event/Task | Date | Volunteer Firm(s) |
|---|---|---|
| Filed Motion to Centralize Pursuant to 28 USC 1407 | 29 DEC 2017 | Kaplan Fox & Kilsheimer LLP |
| Organize First Group Meeting of Plaintiff Counsel (Telephonic) | 11 JAN 2018 | Kaplan Fox & Kilsheimer LLP |
| Filed Evidence Preservation Motion | 15 JAN 2018 | DiCello, Levitt & Casey<br>Fazio / Micheletti |
| Organize Second Group Meeting of Plaintiff Counsel (In-Person and Telephonic) | 2 FEB 2018 | Podhurst Orsek P.A. |
| File Motion for Rule 23(d) Relief re: Communications with Class Members | 9 FEB 2018 | Kaplan Fox & Kilsheimer LLP<br>Robbins Geller Rudman & Dowd LLP |
| Organize Joint CMC Statement(s) | 9 FEB 2018 | Blood Hurst & O'Reardon (group of 6)<br><br>DiCello, Levitt & Casey (group of 14)<br>Fazio / Micheletti<br>Kaplan Fox & Kilsheimer LLP |
| First "N.D. Cal. Update" Report to All Plaintiff Counsel | 13 FEB 2018 | Kaplan Fox & Kilsheimer LLP |
| Organize Group Motion to Appear Telephonically | 16 FEB 2018 | Cotchett Pitre & McCarthy LLP |
| Organize Third Group Meeting of Plaintiff Counsel (In Person) | 20 FEB 2018 | Cotchett Pitre & McCarthy LLP |
| Organize Group Plaintiff Counsel Dinner Before First CMC | 20 FEB 2018 | Kaplan Fox & Kilsheimer LLP |
| Designated Plaintiff Representative at First CMC | 21 FEB 2018 | Cotchett Pitre & McCarthy LLP |
| Second "N.D. Cal. Update" Report to All Plaintiff Counsel, with CMC Report | 22 FEB 2018 | Kaplan Fox & Kilsheimer LLP |
| First All-Plaintiff Letter re: Discovery Special Master | 28 FEB 2018 | Cotchett Pitre & McCarthy LLP |

| Presented Argument at JMPL | 29 MAR 2018 | Cotchett Pitre & McCarthy LLP<br>Kaplan Fox & Kilsheimer LLP<br>Barnow & Associates<br>Podhurst Orsek P.A. |
| --- | --- | --- |
| Post-JMPL Organizational Letter to All Plaintiff Counsel | 10 APR 2018 | Cotchett Pitre & McCarthy LLP |
| Organize Second Joint CMC Statement | 13 APR 2018 | Cotchett Pitre & McCarthy LLP<br>Kaplan Fox & Kilsheimer LLP<br>Robbins Geller Rudman & Dowd LLP |
| Organize Second Group Motion to Appear Telephonically | 13 APR 2018 | Cotchett Pitre & McCarthy LLP |
| Third "N.D. Cal. Update" Report to All Plaintiff Counsel | 23 APR 2018 | Kaplan Fox & Kilsheimer LLP |
| Organize Fourth Group Meeting of Plaintiff Counsel (In Person) | 24 APR 2018 | Cotchett Pitre & McCarthy LLP |
| Designated Plaintiff Representative at Second CMC | 25 APR 2018 | Cotchett Pitre & McCarthy LLP |
| Organize Leadership Vetting and Consensus Project | 27 APR 2018 to present | Cotchett Pitre & McCarthy LLP<br>Kaplan Fox & Kilsheimer LLP |