UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NIKITA SANTINO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 18-cv-02486-EJD<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

Plaintiffs Nikita Santino and Aaron Rabbanian (collectively, "Plaintiffs") move to remand this putative class action to Los Angeles County Superior Court on the basis that Defendant Apple Inc. ("Apple") has failed to show that any member of the putative class is a non-California citizen. This Court agrees that Apple has not met its initial burden and GRANTS Plaintiffs' motion to remand.

In January 2018, Plaintiffs initiated this putative class action against Apple in Los Angeles County Superior Court. Dkt. No. 1-1 ("Compl."). Plaintiffs assert a number of causes of action under California law based on Apple's alleged "intentional and purposeful degradation of speed of Apple's iPhone 6s and iPhone 6s Plus models . . . through software updates iOS 10.2.1 and above." Id. ¶ 1. In February 2018, Apple removed the action to this Court under the Class Action Fairness Act of 2005 ("CAFA"). Dkt. No. 1. Plaintiffs now argue that remand to state court is appropriate because CAFA's minimal-diversity requirement is not satisfied. Dkt. No. 12.

A class action case may be removed under CAFA when there is minimal diversity of citizenship between the parties, the proposed class has at least 100 members, and the amount in

Case No.: 18-cv-02486-EJD
ORDER GRANTING MOTION TO REMAND

1

controversy exceeds $5 million. 28 U.S.C. § 1332(d). For present purposes, the crucial element is the minimal-diversity requirement. In the statute's words, "[one] member of [the] class of plaintiffs [must be] a citizen of a State different from [one] defendant." Id. § 1332(d)(2)(A); Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co., 844 F.3d 1133, 1137 (9th Cir. 2017) (explaining that, under CAFA, "one plaintiff [must be] a citizen of a different state than one defendant"). As the removing party, Apple carries the burden of establishing this element. See Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1141 (9th Cir. 2013). Because Apple is a citizen of California and the sole defendant, Compl. ¶ 15, the relevant question is whether at least one member of Plaintiffs' proposed classes is a non-California citizen.

Apple urges the Court to narrowly focus attention on Plaintiffs' proposed class definitions, which define the classes as "[a]ll California residents who purchased any of the [relevant iPhone models]" with iOS 10.2.1 pre-installed or later installed. Id. ¶ 46. If such a limited inquiry were appropriate, Apple would have a stronger argument that Plaintiffs' putative classes include non-California citizens: the law permits residence in one state but citizenship in another, and Plaintiffs' class definitions reference only the former. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").[1] But Apple offers no persuasive support for its blinkered approach. In fact, Apple's own authority recognizes that while "courts generally look to the plaintiff's proposed class definition," other allegations and statements in the plaintiff's remand motion may also be considered. Gallagher v. Johnson & Johnson Consumer Cos., 169 F. Supp. 3d 598, 603 (D.N.J. 2016). Although the class definitions play an important role, they are not the controlling factor. See Garcia v. Task Ventures, LLC, No. 16-CV-00809-BAS, 2016 WL 7093915, at *4 (S.D. Cal. Dec. 6, 2016).

---

[1] The Court notes, however, that "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary." Anderson v. Watts, 138 U.S. 694, 706 (1891); NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016).

Case No.: 18-cv-02486-EJD
ORDER GRANTING MOTION TO REMAND
2

Once the Court widens the lens beyond Plaintiffs' class definitions, another allegation in the complaint is all but dispositive. Specifically, the complaint alleges that "Plaintiffs, members of the proposed Classes, and Defendant are all citizens of California." Compl. ¶ 11. The most natural reading of that sentence is that all members of the classes, including Plaintiffs, are citizens of California. Apple construes the language to say that *some* class members are California citizens, but that interpretation requires mangling the words or adding words that are not there. The Court opts for the construction which hews to the language by recognizing that "all" of the listed persons ("Plaintiffs, members of the proposed Classes, and Defendant") are "citizens of California." So understood, the allegation strongly favors Plaintiffs' interpretation, which produces coherence across the pleadings by giving meaning to all of the allegations, over Apple's interpretation, which asks the Court to disregard that paragraph in the complaint. The Court also rejects Apple's related attempt to override the clear statement in Plaintiffs' complaint by reference to case law because none of Apple's cited authority involved such an explicit allegation bearing on the citizenship of the class members.

Moreover, Plaintiffs have "clarified in [their] motion to remand that the class members in this action are [California] citizens." Gallagher, 169 F. Supp. 3d at 604. Plaintiffs' clarification is wholly consistent with the pleadings, and Plaintiffs are "master[s] of the complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 398–99 (1987). Plaintiffs' understanding is further reinforced by the fact that they allege causes of action based on California law. See Rotenberg v. Brain Research Labs LLC, No. 09-CV-02914-SC, 2009 WL 2984722, at *3 (N.D. Cal. Sept. 15, 2009) ("Plaintiff's interpretation of his own Complaint is bolstered by the fact that it invokes only causes of action founded in California statutory law."). The Court does not suggest that these additional considerations are dispositive, but they better lend themselves to Plaintiffs' interpretation. Apple does not identify any similar indicators that point the other way.

To be sure, Plaintiffs' class definitions could have been clearer. "[T]he plaintiffs might have defined their class as all [California] citizens . . . . By using that definition, the plaintiffs could have guaranteed that the suit would remain in state court." In re Sprint Nextel Corp., 593

Case No.: 18-cv-02486-EJD
ORDER GRANTING MOTION TO REMAND
3

F.3d 669, 676 (7th Cir. 2010). Nevertheless, the fairest reading of Plaintiffs' complaint is that it restricts the putative classes to California citizens. See Compl. ¶ 11 ("Plaintiffs, members of the proposed Classes, and Defendant are all citizens of California."). Because Apple has not shown that the minimal-diversity requirement is satisfied, this Court may not exercise jurisdiction under CAFA. With no other basis of federal jurisdiction being invoked or apparent, the Court GRANTS Plaintiffs' motion to remand.

The Clerk shall remand this case to Los Angeles County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: May 7, 2018

_____
EDWARD J. DAVILA
United States District Judge