1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
*lking@kaplanfox.com*

David A. Straite (admitted *pro hac vice*)
850 Third Avenue
New York, NY  10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
*dstraite@kaplanfox.com*

*Interim Co-Lead Class Counsel*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD-NC |
| | **CONSOLIDATED CLASS ACTION** |
| | Response of Co-Lead Counsel to Request for Further Information Regarding Roles of Steering Committee Members [ECF No. 99] |
| | Judge:  Hon. Edward J. Davila |
| | Courtroom: 4, 5th Floor |
| | Hearing Date: n/a |
| | Hearing Time: n/a |
| This Relates To: ALL CASES | |

1        Co-lead counsel hereby provide further information on the proposed roles of the plaintiffs'

2   steering committee, as requested by the Court in its Order dated May 15, 2018 (the "Order").  *See*

3   ECF No. 99, at 3.  In the Order, this Court appointed interim class counsel, consisting of co-lead

4   counsel, an executive committee and a steering committee.  *Id*.  The Court also assigned each

5   <u>executive</u> committee member a specific and pre-defined role as proposed by co-lead counsel in

6   their moving papers.  *Id*. at 8-13.  The Court found that "[e]fficiency will be promoted by putting

7   the entire team in place and defining each member's role at the outset of the case.  Moreover, this

8   structure includes a diversity of viewpoints that could prove instrumental in effectuating the best

9   outcome for the plaintiffs."  *Id*. at 3.  However, similar pre-defined roles were not proposed for the

10  <u>steering</u> committee, and the Court therefore asked for additional information.

11       By way of background, co-lead counsel believe the dual-committee structure is an

12  innovative way to address recent case law in the Northern District while still ensuring sufficient

13  resources to prosecute an international class action of this magnitude.  In past cases, it was

14  common for lead counsel to add additional law firms to meet the evolving demands of a case.  For

15  example, Judge Breyer initially appointed 21 firms to an executive committee in *In re:*

16  *Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No.

17  3:15-md-02672-CRB-JSC (N.D. Cal.), but at the end of the case more than 100 firms had joined,

18  with the Court's pre-approval.  *See id.*, Pretrial Order #7, dated Jan. 21, 2016 [ECF No. 1084]; *see*

19  *also id.*, Pretrial Order #11, dated Feb. 25, 2016 [ECF No. 1254].  In addition to expanding the

20  number of firms involved, the *Volkswagen* approach also alerts the defendant to the timing of (and

21  reason for) adding new resources, disclosing strategy or resource constraints in a way that could

22  harm the class.  The alternative approach – giving lead counsel discretion to add new firms during

23  the case – denies the Court the opportunity to vet the firms prior to being engaged.  The resulting

24  "surprise" of learning at the end of the case that new law firms had been added was also recently

25  was criticized in the *Anthem* case.  *See In re Anthem Data Breach Litig.*, No. 5:15-md-02617-LHK

26  (N.D. Cal.), Order Granting Motion to Appoint Special Master, dated Feb. 2, 2018 [ECF No. 972];

27  *id.*, Report and Recommendation of Special Master re: Award of Attorneys' Fees and

28

1    Reimbursement of Litigation, dated Apr. 24, 2018 ("*Anthem* Special Master Report") [ECF No.

2    1008].

3           Co-lead counsel therefore proposed a second committee (the steering committee) as a pre-

4    identified, pre-vetted and pre-approved "reserve group" of attorneys who will be called upon to

5    assist as needed without alerting defendant to the timing of (or reasons for) their involvement.  The

6    members will perform discrete tasks, and at no time will the steering committee meet as a group,

7    nor will it ever be necessary for any member to become intimately familiar with all details of the

8    litigation.

9           Each member of the steering committee will have two roles, as described in the proposed

10   efficiency protocol (the "Protocol") submitted to the Court concurrently with this Response.  First,

11   all steering committee members will be invited to assist with discovery as needed.  Co-lead

12   counsel do not anticipate ever hiring contract attorneys.  Second, steering committee members

13   were selected because of unique skills and experiences that co-lead counsel believe will benefit the

14   class when called upon to assist the relevant executive committees.

15          Finally, the focused roles of the steering committee are designed to be consistent with the

16   spirit of other efficiency measures proposed by co-lead counsel in the Protocol.  For example, at

17   most, each steering committee member will only involve one junior attorney and one paralegal at

18   his or her respective firm.  Protocol at ¶ G.2.  Keeping the total number of timekeepers small in

19   this way addresses another inefficiency concern raised in *Anthem*, avoiding new timekeepers

20   having to get up to speed each time they are added to the case.  *See Anthem* Special Master Report

21   at 18.

22          Co-lead counsel hope that this Response helps the Court better understand the limited yet

23   important roles envisioned for the steering committee.  We are available to provide any additional

24   information requested by the Court.

25

26                          [SIGNATURES ON FOLLOWING PAGE]

27

28

Dated: May 30, 2018

Respectfully Submitted,

**COTCHETT, PITRE & MCCARTHY LLP**

By: */s/ Mark C. Molumphy*
    Mark C. Molumphy (SBN 168009)
    Joseph W. Cotchett (SBN 36324)
    San Francisco Airport Office Center
    840 Malcolm Road, Suite 200
    Burlingame, CA 94010
    Telephone: 650-697-6000
    Facsimile: 650-697-0577
    *jcotchett@cpmlegal.com*
    *mmolumphy@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Laurence D. King*
    Laurence D. King (SBN 206423)
    350 Sansome Street, Suite 400
    San Francisco, CA 94104
    Telephone:  415-772-4700
    Facsimile:  415-772-4707
    *lking@kaplanfox.com*

    David A. Straite (admitted *pro hac vice*)
    850 Third Avenue
    New York, NY  10022
    Telephone:  212-687-1980
    Facsimile:  212-687-7714
    *dstraite@kaplanfox.com*

Co-Lead Interim Class Counsel

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2

I, Mark C. Molumphy, attest that concurrence in the filing of this document has been

3

obtained from the other signatories.  I declare under penalty of perjury under the laws of the

4

United States of America that the foregoing is true and correct.

5

Executed this 30th day of May, 2018, at Burlingame, California.

6

7

/s/  *Mark C. Molumphy*
Mark C. Molumphy

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4