THEODORE J. BOUTROUS JR., SBN 132099
 tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
 cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
 tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
 tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

G. CHARLES NIERLICH, SBN 196611
 gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
 rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8200
Facsimile:  415.374.8458

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  APPLE INC. DEVICE PERFORMANCE LITIGATION | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER NO. 3: PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED** |

Gibson, Dunn & Crutcher LLP

APPLE INC.'S RESPONSE TO PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER NO. 3:
PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED
CASE NO. 5:18-MD-02827-EJD

Apple respectfully submits this response to Plaintiffs' "[Proposed] Case Management Order No. 3: Protocol for Work Performed and Expenses Incurred" (Dkt. 109) (the "Proposal") and Response of Co-Lead Counsel to Request for Further Information Regarding Roles of Steering Committee Members (Dkt. 110) (the "Steering Committee Response").[1] These submissions raise a number of issues and articulate several positions that are inconsistent with the Court's directives set forth in the Interim Lead Counsel Order (Dkt. 99).

<u>Plaintiffs' Proposed Website.</u>  First, Plaintiffs propose that the Court issue an order providing that Co-Lead Counsel will maintain a website, "www.applelitig.com," through which Plaintiffs' counsel will communicate with the public about the litigation. (Dkt. 109 at 2:25-3:6.) As an initial matter, Plaintiffs' selected URL is improper. It contains Apple's trade name, inaccurately suggests affiliation with Apple, and dilutes Apple's protected trade names and marks. *See, e.g.*, *Visa Int'l Serv. Ass'n v. JSL Corp.*, 610 F.3d 1088, 1089-90 (9th Cir. 2010) ("www.evisa.com" diluted Visa mark); *Levi Strauss & Co. v. Papikian Enterprises, Inc.*, No. 10-05051, 2011 WL 3739550, at *8 (N.D. Cal. Aug. 24, 2011) ("the domain name 501USA.com is the type of domain name that the Ninth Circuit has stated could suggest sponsorship or endorsement by the trademark holder"). There is no need for Plaintiffs to use Apple's trademarks in any URL discussing the case, much less in a way that suggests sponsorship or endorsement by Apple. The Court should not preemptively endorse such a URL. Indeed, doing so may "impermissibly require[] [Apple] to associate with speech with which [it] may disagree," in violation of the First Amendment. *Pac. Gas & Elec. Co. v. Pub. Utilities Comm'n of California*, 475 U.S. 1, 15 (1986).

More generally, any website Plaintiffs' counsel may use to communicate their views of the case is beyond the "proposed protocol for common benefit work and expenses to be reviewed and approved by the Court" that the Court requested (May 18, 2018 Order (Dkt. 102) at 1:19-20), and is

---

[1] Plaintiffs did not meet and confer with Apple prior to filing the Proposal, and did not discuss any of the topics in the Proposal with Apple—including those that would require Apple's preparation for and attendance at hearings. Yet Plaintiffs style their Proposal the "Case Management Order No. 3." To be clear, Apple agrees with holding "periodic status conferences," but the parties should meet and confer before either party proposes Case Management Orders, or any other orders that set or affect hearings. (*See generally* N.D. Cal. Professional Conduct Guideline 10 ("a lawyer should engage in a good faith effort to resolve the issue" before filing a motion).)

Gibson, Dunn & Crutcher LLP

APPLE INC.'S RESPONSE TO PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER NO. 3: PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED
CASE NO. 5:18-MD-02827-EJD

not a proper topic for a Case Management Order at this time. While the decision to maintain a website is Plaintiffs' counsel's prerogative, the Court should not put *its* imprimatur on one side's public communications about the case. And it should not order that such promotional activities are compensable, as the Proposal also seeks to pre-approve. (*See* Dkt. 109 at 6:25-28.) Plaintiffs' request that the Court pre-approve these types of communications and expenses before they are made, and before there is even an operative pleading, is improper.

<u>Plaintiff's New Staffing Proposal Doubles An Already Sizeable Group.</u> The second major problem with the Proposal is that it would automatically double the already very large number of lawyers staffed on this case. Although the Court appointed 39 individual lawyers to various roles in its Interim Lead Counsel Order—attorneys whom it specifically named and repeatedly described as "individuals," not "groups" or "firms" (Dkt. 99 at 4:19, 6:25), Plaintiffs seek pre-approval to more than double this number. Specifically, Plaintiffs propose that each member of the Executive and Steering Committees be permitted to enlist the assistance of one additional attorney and one paralegal at their respective firms, without any prior approval, and to obtain unspecified extra support with the approval of Co-Lead Counsel. (Dkt. 109 at 9:19-26.) This "blank check" provision for adding new members to the lead counsel group conflicts with the Court's order asking Plaintiffs to propose a process "for seeking Court approval" to add to the list of 39 lawyers the Court approved. (*See* Dkt. 102 at 1:24-26.)

Plaintiffs' Proposal results in a total of 78 lawyers and 39 paralegals working without any prior approval from anyone—duplicating the ostensible role of the Steering Committee as the "'reserve group' of attorneys to provide additional support" (Dkt. 99 at 2:17; *see* Dkt. 110 at 2:3-14)—and an unconstrained number of extras adding to the bills with the stamp of Co-Lead Counsel. Rather than functionally creating a single law firm to handle this case, as Co-Lead Counsel described their structure when they proposed it, the Proposal would employ more than three dozen separate law firms, each with multiple attorneys and staff.

Instead of pre-approving a nebulous plan to employ 39 law firms, the Court can and should address these issues as the need arises. Indeed, Plaintiffs recognize that fees and expenses should be reimbursable "only if the time expended and expenses incurred, and activity in question were

2

Gibson, Dunn & Crutcher LLP

APPLE INC.'S RESPONSE TO PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER NO. 3: PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED
CASE NO. 5:18-MD-02827-EJD

(a) beneficial to the prosecution of the MDL; (b) authorized by Co-Lead Counsel or the Chair of the PEC; (c) timely submitted; (d) reasonable; and (e) non-duplicative." (Dkt. 109 at 3:15-18.) What work is "reasonable," "beneficial," and "non-duplicative" depends on the context. The Court should make that determination on a case-by-case basis, and Plaintiffs should propose a process for the Court to approve of anyone additional who will seek recompense for work done on this matter. The sweeping "pre-approval" process proposed by Plaintiffs is not sufficient, and it is not what the Court's May 18 Order directed.

A tailored approach is the one the Court approved in its previous Interim Lead Counsel Order, providing that "[t]he Court . . . will actively monitor the work of the Executive and Steering Committees by holding regular case management conferences to inquire into all pending and completed tasks of each subcommittee and subcommittee member." (Dkt. 99 at 3:3-5.) The Order requires "starting with a small team and growing as needed" (*id.* at 3:6-7), not immediately doubling the size of the team.

<u>Recoverability of Attorneys' Fees Cannot Be Decided In Advance</u>. The Proposal also purports to pre-define the types of attorneys' fees and expenses that would be recoverable, again removing any meaningful process for considering, evaluating, and approving the expenses. (*See*, *e.g.*, Dkt. 109 at 2:2-3, 3:8-10, 3:15-25.) As an initial matter, it is worth remembering Plaintiffs have not demonstrated any entitlement to attorneys' fees, and Apple vigorously disputes that they will be able to do so in this matter. But in any event, it would be premature to judge the necessity and reasonableness of any fees or expenses before the case actually is litigated. Apple specifically reserves its right to oppose any fee requests on all available grounds.

<u>Other Issues</u>. Finally, the Proposal contains other errors and contradictions. A few non-limiting examples are provided below:

*Direct and Indirect Purchaser Groups.* The Proposal twice mentions "Plaintiff groups" of "direct" and "indirect" "purchasers." (Dkt. 109 at 4:18-19, 12:3.) It is not clear to what these statements are referring. To the extent Plaintiffs are suggesting that any putative class should be cleaved based on whether members purchased their devices from Apple or from third parties, such a judgment is premature and should not be made at the outset of the case, especially when Plaintiffs

3
APPLE INC.'S RESPONSE TO PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER NO. 3: PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED
CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn & Crutcher LLP

have yet to file an operative pleading to govern the action.  In any event, the Court should not issue an order that includes such ill-defined and confusing references.

*Contract Attorneys.*  The Proposal contemplates that "Co-Lead Counsel may employ contract attorneys to perform efficient and focused document review" (at 10:20-21), but the Steering Committee Response states (at 2:11-12) that "Co-lead counsel do not anticipate ever hiring contract attorneys."  The contract attorney provision therefore should be stricken.

*Compensable Work.*  The Proposal also defines "Compensable Work" far more broadly in Section E (at 4:11-13) than the more appropriate conditions for reimbursement eligibility set forth in Section D (at 3:15-18).  The narrower provisions of Section D should prevail and the broader provisions in Section E should be stricken.

Dated:  June 5, 2018

GIBSON, DUNN & CRUTCHER LLP

By: ___*/s/ Theodore J. Boutrous, Jr.*___
      THEODORE J. BOUTROUS, JR.

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

4

APPLE INC.'S RESPONSE TO PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER NO. 3: PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED
CASE NO. 5:18-MD-02827-EJD

# CERTIFICATE OF SERVICE

I, Theodore J. Boutrous, Jr., hereby certify that on June 5, 2018, the foregoing **RESPONSE TO PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER NO. 3: PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED** was filed electronically through the CM/ECF system, copies of which were sent by First Class Mail to anyone unable to accept them via the electronic filing system.

By: _/s/ Theodore J. Boutrous, Jr._
THEODORE J. BOUTROUS, JR.