**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*

David A. Straite (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*dstraite@kaplanfox.com*

*Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD |
| This Document Relates To: | **CONSOLIDATED CLASS ACTION** |
| ALL ACTIONS | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH FED. R. CIV. P. 26(f)** |
| | Fed. R. Civ. P. 26(f) |
| | Civil L.R. 7-2, 37-1, and 37-2 |
| | Judge:        Hon. Edward J. Davila |
| | Courtroom:   4, 5th Floor |
| | Hearing Date: June 19, 2018 |
| | Hearing Time: 10:00am |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, upon the Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel Defendant's Compliance with Fed. R. Civ. P. 26(f); the Declaration of David A. Straite in Support of: 1) Plaintiffs' Motion to Compel Compliance with Fed. R. Civ. P. 26(f) and 2) Plaintiffs' Motion to Compel Expedited Production of Documents, dated June 8, 2018 ("Straite Decl."); and all other papers and proceedings herein, plaintiffs in the actions consolidated with this MDL (the "Plaintiffs") will move this Court on June 19, 2018 at 10:00 am in Courtroom 4, before the Honorable Edward J. Davila, United States District Judge, for an order compelling Defendant Apple Inc. ("Defendant" or "Apple") to comply with the duty to confer with Plaintiffs on a discovery plan pursuant to Federal Rule of Civil Procedure ("Rule") 26(f). Because the deadline to confer is June 20, 2018, Plaintiffs respectfully request relief on an expedited basis.

## STATEMENT OF RELIEF REQUESTED

Plaintiffs respectfully request the following relief:

1. An Order compelling Defendant to confer with Plaintiffs on a discovery plan on or before June 20, 2018, as required by Rule 26(f).
2. An Order requiring the parties to submit a proposed joint discovery plan to the Court on or before July 5, 2018, as also required by Rule 26(f).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs in the actions consolidated with this MDL hereby respectfully move this Court for an expedited order compelling defendant Apple, Inc. to meet and confer in the ordinary course pursuant to Rule 26(f) on or before June 20, 2018. The next Case Management Conference ("CMC") is scheduled for July 11, 2018, *see* Case Management Order No. 2, dated May 18, 2018 ("CMO-2"), ¶ 2 [ECF No. 101], and Rule 26(f) requires the parties to begin conferring on a discovery plan "at least 21 days before" the CMC – meaning no later than June 20. Plaintiffs have repeatedly contacted counsel for Apple to schedule a date consistent with Rule 26(f), but Defendant refuses to comply until *after* the filing of the Consolidated Amended Complaint (the "CAC"). In effect, Defendant is attempting to grant itself a discovery stay without a Court order, contrary to the clear mandates of the Federal Rules and contrary to the spirit of urgency pervading this complex litigation. Today's motion is accompanied by the Straite Declaration.

## II. CERTIFICATION OF COMPLIANCE WITH MEET-AND-CONFER OBLIGATIONS PURSUANT TO CIVIL LOCAL RULE 37-1

This Court appointed interim class counsel on May 15, 2018. *See* Order Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and Steering Committees, dated May 15, 2018 [ECF No. 99]. On May 23, 2018, Plaintiffs wrote to counsel for Defendant asking to schedule a discovery conference pursuant to Rule 26(f), among other things. *See* Straite Decl. ¶ 2; *id.*, Ex. A (Letter of L. King dated May 23, 2018). The letter stated, "We can work around your schedule but believe the conference should be held quickly and a discovery plan and proposed protective order presented to the Court within the next two weeks." *Id.* Two days later, on May 25, 2018, Defendant rejected Plaintiffs' proposal, proposing instead to "schedule a conference within 14 days ***after*** we receive the Consolidated Amended Complaint." *See* Straite Decl. ¶ 3; *id.*, Ex. B (Letter of C. Chorba dated May 25, 2018 (emphasis added)). After receiving Defendant's letter, Plaintiffs responded by email saying in part, "Apple's stated refusal . . . to have a Rule 26(f) conference until after a consolidated complaint is unacceptable. We ask you to reconsider your position." *See* Straite Decl. ¶ 4; *id.*, ex. C (Email of M. Molumphy dated May 25,

2018). By reply email, Defendant responded in part, "Thanks, Mark. Let's discuss on Tuesday." *See id.* (Email of C. Chorba dated May 25, 2018).

On Wednesday, May 30, 2018, the parties then spoke telephonically to discuss a number of issues, including Plaintiffs' request to schedule a Rule 26(f) discovery conference. Straite Decl. ¶ 5. No agreement was reached on the call, and defense counsel said they would confer with their client. *Id.* By letter dated Friday, June 1, 2018, Defendant gave its final response: It would not agree to hold a Rule 26(f) discovery conference until *after* the filing of the CAC. *See* Straite Decl. ¶ 6; *id.*, Ex. D (Letter of G. C. Nierlich dated June 1, 2018).

### III. ARGUMENT

#### A. Rule 26(f) Requires the Parties to Confer on a Discovery Plan by June 20, 2018 and to Submit a Joint Discovery Plan to the Court by July 5, 2018

By its plain meaning, Rule 26(f) requires the parties to start formal discovery planning "as soon as practicable" and "in any event at least 21 days before a scheduling conference is to be held" pursuant to Rule 16. *See* Fed. R. Civ. P. 26(f)(1). The next "scheduling conference" is set for July 11, 2018, *see* CMO-2, and thus the deadline for the parties to hold their Rule 26(f) conference is June 20, 2018. Furthermore, not more than 14 days after the Rule 26(f) conference, the parties are required to submit a written joint discovery plan to the Court – here, July 5, 2018.[1] Fed. R. Civ. P. 26(f)(2). This date fits perfectly with the parties' deadline to file a joint CMC statement the following day, July 6, 2018, which can then incorporate the joint discovery plan by reference. *See* CMO-2, ¶ 2.

While CMO-2 speaks of a "Case Management Conference" and does not specifically cite to Rule 16, Defendant well knows that CMCs in the Northern District of California are considered Rule 16 scheduling conferences that trigger the duty to confer under Rule 26(f). *See, e.g.*, *Apple, Inc. v. Samsung Elec. Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (Rule 26(f) conference "must take place at least 21 days before the initial case management conference"). Indeed, under the Civil Local Rules, a Rule 16 scheduling conference is designated as a "case management

---

[1] The 14th day falls on July 4, 2018, a Court holiday.

conference," *see* Civ. L.R. 16-1, and the local rules governing the content of joint CMC statements specifically reference Rule 26(f) as the source of content for the joint statement.  Civ. L.R. 16-9. Finally, the Standing Order Regarding Case Management in Civil Cases in the San Jose Division requires counsel, in advance of the Case Management Conference, to "confer with their respective clients and opposing counsel ***for the purposes specified in Fed. R. Civ. P. 26(f)***. . . ." (emphasis added).  Thus, even though CMO-2 does not specifically cite to Rule 16, the parties must still observe Rule 26(f)'s duty to start formal discovery planning no later than 21 days before the CMC – here, June 20, 2018.

### B. Defendant's Refusal to Confer Prior to the Filing of the CAC Improperly Stays Discovery without a Court Order

Absent Court order or agreement of the parties, discovery cannot commence until the parties first hold a formal Rule 26(f) discovery planning conference.  *See* Fed. R. Civ. P. 26(d); *accord, Samsung*, 768 F. Supp. 2d at 1044.  Therefore, a "request to defer the initial conference is, in effect, a request to stay discovery," *see G.I. Home Dev. Corp. v. Town of Brookhaven*, No. CV 07-4115 (DRH) (ARL), 2008 U.S. Dist. LEXIS 26173, at *2 (E.D.N.Y. Apr. 1, 2008), and by extension, a party improperly grants itself a discovery stay by unilaterally refusing to participate in a timely Rule 26(f) conference.  Here, Defendant's refusal to confer until some point after July 2, 2018 (the date the CAC is due, *see* CMO-2, ¶ 1) functions as a two-week discovery stay – or longer, depending on when Defendant agrees to meet – without Court approval.

As importantly, Defendant's proposal interferes with another purpose of the early duty to confer under Rule 26(f), namely, "[t]o assure that the court has the litigants' proposals ***before*** deciding on a scheduling order."  *See* Notes of Adv. Cmte. on Rules — 1993 Amend. — Rule 26(f) (emphasis added).  Rule 26(f)(2) allows two weeks to negotiate a joint discovery plan, and it is inappropriate for Defendant to compress the timetable into three days without consent of the Court and Plaintiffs, simply because Defendant prefers to see the CAC first.  Plaintiffs intend to take their meet-and-confer obligations seriously and believe the two weeks contemplated by the Rules are there for a reason.  *See, e.g.*, Manual for Complex Litigation (Fourth) § 11.211 (2004) ("The conference is not a perfunctory exercise").  Indeed, in 2000, Rule 26(f) was amended to require the

1  Rule 26(f) conference 21 days in advance of the Court's scheduling conference, rather than 14 days

2  as previously required, specifically to ensure that the parties have sufficient time to confer and send

3  a thoughtful written discovery plan to the Court:

4  > As noted concerning the amendments to subdivision (a)(1), the time for the
5  > conference has been changed to at least 21 days before the Rule 16 scheduling
   > conference, and the time for the report is changed to no more than 14 days after the
6  > Rule 26(f) conference. This should ensure that the court will have the report well in
   > advance of the scheduling conference or the entry of the scheduling order.

7  Notes of Adv. Cmte. on Rules — 2000 Amend. — Rule 26(f). Most of the topics required to be

8  covered during the parties' conference (including an ESI protocol, preservation of evidence, a

9  protective order, and so forth) do not depend on the exact contours of the CAC and the pending

10 CAC should not be used as pretext for delay.

11 **C. Defendant's Refusal to Confer Prior to the Filing of the CAC is Contrary to
       the Spirit of Urgency in this MDL and Contrary to the Stated Expectations of
12     the Parties**

13      *1. Discovery Planning Should Match the MDL's Aggressive Schedule*

14 This case has appropriately been put on an expedited footing. As the Court noted during

15 the April 25, 2018 Case Management Conference ("CMC No. 2"), "I think it appropriate in this

16 case to keep, and I will use the word 'aggressive,'" schedule." *See* Apr. 25, 2018 Tr. of Proceedings

17 [ECF No. 23], at 21:18-21; *see also* CMO-2 (accelerating CAC due date from July 12, 2018 to July

18 2, 2018). Consistent with this spirit, on May 23, 2018, Plaintiffs asked Defendant to hold a Rule

19 26(f) discovery planning conference within two weeks (*i.e.*, by June 6, 2018), *see* Straite Decl. ¶ 2

20 and Ex. A thereto, an idea rejected by Defendant. *Id.* ¶ 3; *id.*, Ex. B. Plaintiffs are now only asking

21 that the Rule 26(f) conference occur *in the ordinary course* (*i.e.*, 21 days before the CMC), which

22 should be the bare minimum requirement to stay consistent with the "aggressive" schedule in this

23 case.

24      *2. Early Discovery Planning is the "Prime Directive."*

25 Finally, an aggressive discovery schedule was clearly the expectation of Defendant at the

26 CMC No. 2. During the Court's discussion of a special master, for example, Theodore Boutrous,

27 counsel for Defendant, noted that special master discussions would be but one part of "our meeting

28

and conferring **before the CMC**." See Tr. of Proceedings at 31:3-4 (emphasis added). At no time during CMC No. 2 did Defendant suggest that discovery planning would be stayed pending the CAC, and not surprisingly the Court concluded, "So let's use that as a prime directive of the leadership. ***The first task they will have is to decide discovery***." *Id.* at 31:17-18 (emphasis added). The Court did not make the "prime directive" subordinate to the CAC filing.

## IV.     CONCLUSION

Plaintiffs respectfully request an expedited Order compelling Defendant to participate in a Rule 26(f) discovery planning conference on or before June 20, 2018 and setting July 5, 2018 as the deadline to submit a Joint Discovery Plan.

Dated: June 8, 2018                                      Respectfully Submitted,

**COTCHETT, PITRE & MCCARTHY LLP**

By: */s/ Joseph W. Cotchett*
     Joseph W. Cotchett (SBN 36324)
     Mark C. Molumphy (SBN 168009)
     San Francisco Airport Office Center
     840 Malcolm Road, Suite 200
     Burlingame, CA 94010
     Telephone: 650-697-6000
     Facsimile: 650-697-0577
     *jcotchett@cpmlegal.com*
     *mmolumphy@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Laurence D. King*
     Laurence D. King (SBN 206423)
     350 Sansome Street, Suite 400
     San Francisco, CA 94104
     Telephone:  415-772-4700
     Facsimile:   415-772-4707
     *lking@kaplanfox.com*

     David A. Straite (admitted *pro hac vice*)
     850 Third Avenue
     New York, NY  10022
     Telephone:  212-687-1980
     Facsimile:   212-687-7714
     *dstraite@kaplanfox.com*

*Interim Co-Lead Class Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of June, 2018, at San Francisco, California.

/s/ *Laurence D. King*
Laurence D. King