THEODORE J. BOUTROUS, JR., SBN 132099
    tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
    cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
    tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
    tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

G. CHARLES NIERLICH, SBN 196611
    gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
    rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:    415.393.8200
Facsimile:    415.374.8458

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE:  APPLE INC. DEVICE PERFORMANCE LITIGATION** | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(f) CONFERENCE**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor<br>Hearing Date: June 19, 2018<br>Hearing Time: 10:00 a.m. |

Gibson, Dunn & Crutcher LLP

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ....................................... 1

II.   BACKGROUND ............................................................................. 2

III.  ARGUMENT ............................................................................................... 7

    A.    Plaintiffs' Counsel Cannot Compel Discovery Or A Discovery Conference Without An Operative Pleading ................................................................ 7

        1.    *What Is Discoverable Hinges On What Is Alleged.* ......................... 8

        2.    *The Rules Do Not Require The Complete Rule 26(f) Discovery Conference To Occur Before The First Pre-Complaint Case Management Conference.* .................................................... 10

        3.    *Plaintiffs Ignored Apple's Offers To Hold An Early Discovery Conference And Engage On Issues Appropriate For Early Resolution.* ........ 12

    B.    Plaintiffs Have Not Shown Good Cause For Early Discovery ................................. 14

        1.    *Plaintiffs' Requests Are Untethered To The Claims And Could Undermine Confidential Investigations.* ........................................ 15

        2.    *Compelling Apple's Assistance In Drafting The Complaint Is Not A Proper Purpose For Early Discovery.* ............................................. 20

        3.    *Plaintiffs' Counsel Cannot Obtain Early Discovery By Threatening To Renew Their Motion For A Preliminary Injunction.* ..................... 22

        4.    *Discovery Is Not Needed to Create, and Should Not Come Before, a Discovery Plan.* .............................................................. 24

IV.   CONCLUSION ............................................................................................... 24

Gibson, Dunn & Crutcher LLP

i

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

1

**TABLE OF AUTHORITIES**

2

Page(s)

3

**Cases**

4

*ACE Am. Ins. Co. v. Keiicmiro*,
No. 08-476, 2008 WL 2264241 (D. Ariz. May 30, 2008) ............................................21

5

6

*In re Am. Funds Sec. Litig.*,
493 F. Supp. 2d 1103 (C.D. Cal. 2007) .....................................................................16

7

*Am. LegalNet, Inc. v. Davis*,
673 F. Supp. 2d 1063 (C.D. Cal. 2009) .....................................................................23

8

9

*In re Apple In-App Purchase Litig.*,
No. 11-cv-2394-EJD (Feb. 15, 2012) ........................................................................22

10

*Apple Inc. v. Samsung Elecs. Co.*,
768 F. Supp. 2d 1040 (N.D. Cal. 2011) .....................................................................11

11

12

*Apple Inc. v. Samsung Elecs. Co.*,
No. 11-CV-01846-LHK, 2011 WL 1938154 (N.D. Cal. May 18, 2011) .....................24

13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................................9, 21

14

*United States ex rel. Brown v. Celgene Corp.*,
No. 10-3165, 2014 WL 12588280 (C.D. Cal. Mar. 21, 2014) ................................15, 21

15

16

*Campbell v. Facebook Inc.*,
No. 13-05996-PJH-MEJ, 2015 WL 4463809 (N.D. Cal. July 21, 2015).....................17

17

18

*In re Capacitors Antitrust Litig.*,
No. 14-cv-03264-JD (N.D. Cal. Oct. 30, 2014)..........................................................17

19

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. 07-5944-SC, 2014 WL 6602711 (N.D. Cal. Nov. 20, 2014) ................................17

20

21

*In re Countrywide Fin. Corp. Derivative Litig.*,
542 F. Supp. 2d 1160 (C.D. Cal. 2008) .....................................................................18

22

*Desai v. Sorin CRM USA, Inc.*,
No. 12-2995, 2013 WL 163298 (D.N.J. Jan. 15, 2013)..................................................9

23

24

*In re Domestic Airline Travel Antitrust Litig.*,
174 F. Supp. 3d 375 (D.D.C. 2016) ...........................................................................20

25

*Facebook, Inc. v. Various, Inc.*,
No. C-11-01805-SBA-DMR, 2011 WL 2437433 (N.D. Cal. June 17, 2011) ..............24

26

27

*In re Fannie Mae Derivative Litig.*,
227 F.R.D. 142 (D.D.C. 2005)...................................................................................15

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

# TABLE OF AUTHORITIES
(continued)

Page(s)

*In re Flash Memory Antitrust Litig.*,
No. 07-0086-SBA, 2008 WL 62278 (N.D. Cal. Jan. 4, 2008)
.................................................................................................................2, 8, 9, 14, 15, 16, 20

*G.I. Home Developing Corp. v. Town of Brookhaven*,
No. 07-4115 (E.D.N.Y. Apr. 1, 2008) ...........................................................................11

*Gallmann v. Apple Inc.*,
No. 17-cv-07285-EJD (N.D. Cal.) .................................................................................23

*In re Gary Const., Inc.*,
96 F.R.D. 432 (D. Colo. 1983) ......................................................................................21

*In re Graphics Processing Units Antitrust Litig.*,
No. 06-07417-WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007).............................18

*Harvey v. Apple Inc.*,
No. 17-cv-07274-EJD (N.D. Cal.) ..............................................................5, 10, 12, 13, 19

*In re High Tech Employee Antitrust Litig.*,
No. 11-cv-02509-LHK (N.D. Cal. Oct. 26, 2011) .........................................................19

*In re High Tech Employee Antitrust Litig.*,
No. 5:11-cv-02509-LHK (N.D. Cal. Oct. 26, 2011)......................................................22

*Kinetic Co. v. Medtronic, Inc.*,
No. 08-6062, 2011 WL 1485601 (D. Minn. Apr. 19, 2011).............................................9

*Liberty Media Holdings, LLC v. Swarm of Nov. 15 to Dec. 9, 2010*,
No. 11-00637, 2011 WL 1768746 (D. Nev. May 9, 2011)............................................15

*In re Lithium Ion Batteries Antitrust Litig.*,
No. 13-MD-02420-YGR, 2013 WL 2237887 (N.D. Cal. May 21, 2013) ...............10, 19

*In re Optical Disk Drive Antitrust Litig.*,
No. 3:10-MD-02143-RS (N.D. Cal. Apr. 7, 2011) ........................................................19

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 05-MD-1720, 2010 WL 3420517 (E.D.N.Y. Aug. 27, 2010)..................................17

*In re Pharm. Ind. Avg. Wholesale Price Litig.*,
No. 01-12257 (D. Mass. Oct. 28, 2002)........................................................................19

*In re Platinum & Palladium Commodities Litig.*,
No. 10-3617 (S.D.N.Y. Nov. 30, 2010) .........................................................................19

*In re Pool Prods. Distr. Mkt. Antitrust Litig.*,
No. 12-MD-023280 (E.D. La. June 4, 2012) ................................................................19

*Precision Associates, Inc., at al. v. Panalpina World Transp. (Holding) Ltd.*,
No. 08-0042 (E.D.N.Y. Nov. 7, 2013) ...........................................................................19

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

# TABLE OF AUTHORITIES
(continued)

Page(s)

*In re Resistors Antitrust Litig.*,
   No. 5:15-cv-03820-RMW (N.D. Cal. Feb. 2, 2016) ..................................................................22

*Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*,
   907 F. Supp. 2d 1086 (N.D. Cal. 2012) ...................................................................................22

*In re Rubber Chemicals Antitrust Litig.*,
   486 F. Supp. 2d 1078 (N.D. Cal. 2007) ...................................................................................17

*San Francisco Tech. v. Kraco Enterprises LLC*,
   No. 5:11-CV-00355-EJD, 2011 WL 2193397 (N.D. Cal. June 6, 2011)..................................22

*Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*,
   296 F.R.D. 1 (D.D.C. 2013).....................................................................................................15

*In re Solorio*,
   192 F.R.D. 709 (D. Utah 2000)................................................................................................21

*In re Sulfuric Acid Antitrust Litig.*,
   MDL No. 1536, 2004 WL 769376 (N.D. Ill. Apr. 9, 2004) ....................................................17

*In re TFT-LCD (Flat Panel) Antitrust Litigaton*,
   No. 07-CV-01827-SI, 2011 WL 13147214 (N.D. Cal. Apr. 26, 2011) ...................................17

*Timmons v. Linvatec Corp.*,
   263 F.R.D. 582 (C.D. Cal. 2010) .............................................................................................21

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod.
   Liab. Litig.*,
   785 F. Supp. 2d 883 (C.D. Cal. 2011) .....................................................................................16

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &
   Products Liab. Litig.*,
   No. 10-MD-2151 (C.D. Cal. June 1, 2010)..........................................................................10, 18

*United States v. Hussain*,
   No. 13-CR-00408-JST, 2015 WL 4638451 (N.D. Cal. Aug. 4, 2015) ....................................20

*In re Vioxx Prod. Liab. Litig.*,
   No. MDL 1657, 2008 WL 1995098 (E.D. La. May 6, 2008) .............................................20, 21

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Products Liab. Litig.*,
   No. 15-MD-02672-CRB (N.D. Cal. Feb. 25, 2016) ................................................................19

*In re White*,
   No. 10-MC-80, 2010 WL 1780234 (S.D. Miss. May 3, 2010)...........................................20, 21

*In re Wholesale Grocery Prod. Antitrust Litig.*,
   No. 09-MD-2090, 2010 WL 11469883 (D. Minn. Mar. 3, 2010)...........................................20

Gibson, Dunn &
Crutcher LLP

1

2

# TABLE OF AUTHORITIES
(continued)

Page(s)

3

*Zappia v. World Sav. Bank FSB*,
    No. 14-CV-1428, 2015 WL 1608921 (S.D. Cal. Apr. 10, 2015)....................................................15

4

5

**Other Authorities**

6

https://techcrunch.com/2017/12/20/apple-addresses-why-people-are-saying-their-
    iphones-with-older-batteries-are-running-slower/ ...............................................................................3

7

https://www.apple.com/iphone-battery-and-performance/ ...........................................................3

8

*Manual for Complex Litigation Fourth* § 11.432 (2004)...................................................................13

9

**Rules**

10

Civil L.R. 7-3 ........................................................................................................................................7

11

Civil L.R. 16-10 ..................................................................................................................................22

12

Fed. R. Civ. P. 11 ...............................................................................................................................21

13

Fed. R. Civ. P. 15 ...............................................................................................................................22

14

Fed. R. Civ. P. 16 ...............................................................................................................................11

15

Fed. R. Civ. P. 26 ................................................................................1, 8, 9, 11, 12, 15, 16, 20

16

Fed. R. Civ. P. 27 ...............................................................................................................................14

17

Fed. R. Civ. P. 34 ...............................................................................................................................19

18

Fed. R. Evid. 401 ...............................................................................................................................11

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

## I.   **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiffs' counsel seek an order compelling Apple Inc. to produce documents, even though they have not yet filed a consolidated complaint in this MDL and have not yet propounded a single document request to Apple under Rule 34.  Plaintiffs' counsel provide no sufficient justification for their extraordinary request, which upends the order of proceedings dictated by the Federal Rules of Civil Procedure.

Apple is committed to moving this case forward.  But as a matter of basic due process, the case must proceed in an orderly and sequential fashion.  To that end, Apple has repeatedly offered to conduct a Rule 26(f) conference within seven days after Plaintiffs file their consolidated complaint, which Plaintiffs' counsel rejected.  Apple also invited Plaintiffs' counsel to meet in person to discuss battery preservation, which Plaintiffs' counsel have not answered.  And Apple provided a draft protective order to various Plaintiffs' counsel (including members of the lead group) back in January, and again to current Co-Lead Counsel on Monday, June 11, 2018, but have yet to receive any substantive comments from Plaintiffs' counsel.

Plaintiffs' counsel's desire to skip ahead to document discovery is not cause to abandon the Court's orderly processes and trample Apple's rights.  In order to proceed swiftly, the parties (and the Court) need a consolidated complaint to provide a starting point for the scope of discovery, as the Federal Rules limit discovery to "nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b).  Without an operative complaint, there are not even any claims against which to measure either the relevance or proportionality of Plaintiffs' counsel's early discovery requests.  That Plaintiffs' counsel have sought discovery without a formal written discovery request only exacerbates these problems, and threatens to deprive Apple of its right under Rule 34 to have 30 days to respond to the request and raise any appropriate objections.  In fact, during the parties' discussions of these issues, Plaintiffs' counsel have expanded the scope of their demand for documents, underscoring the need for a formal written request.

This cart-before-the-horse litigation strategy is not new for Plaintiffs' counsel.  When they tried it before Judge Armstrong in another consolidated proceeding, the court soundly rejected it.  *In*

*re Flash Memory Antitrust Litig.*, No. 07-0086-SBA, 2008 WL 62278, at \*4-5 (N.D. Cal. Jan. 4, 2008).  As that decision explained, the first step is to file a consolidated complaint, to provide a basis to assess the scope of relevance and proportionality; only then should the parties proceed to conduct discovery.

The solution to Plaintiffs' counsel's desire for urgency is within their exclusive control:  the most sensible way to keep the case on an aggressive pace, if that is really the purpose behind Plaintiffs' counsel's demand, is for them to file the consolidated complaint early—on or before June 22, 2018.  The parties can then conduct a Rule 26(f) conference almost immediately, and confer on discovery and a discovery plan on or before June 29, 2018.  The Rule 26(f) report can then be submitted on or before July 6, 2018, all well in advance of the upcoming Case Management Conference scheduled for July 11, 2018.

In the interim, Plaintiffs' counsel also should be ordered to meet and confer with Apple in person on several critical issues which *can* be resolved before a complaint is filed—such as a battery preservation plan and a mutually agreeable protective order.  The parties should be ordered to conduct this in-person meeting on or before June 29, 2018.

In sum, the litigation can proceed expeditiously, but it should do so in an orderly fashion, not—as Plaintiffs' counsel suggest—by inverting the sequence of case events dictated by the Federal Rules.

## II.    BACKGROUND

Beginning in December 2017, more than 60 putative class action complaints were filed in federal courts around the country alleging a slew of different claims regarding an iOS feature that dynamically manages the maximum performance of some system components when needed to prevent unexpected shutdowns of devices with chemically aged lithium-ion batteries.

As Apple states in its December 28, 2017, *A Message to Our Customers about iPhone Batteries and Performance*:

> All rechargeable batteries are consumable components that become less effective as they chemically age and their ability to hold a charge diminishes.  Time and the number of times a battery has been charged are not the only factors in this chemical aging process.
>
> Device use also affects the performance of a battery over its lifespan.  For

2

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

example, leaving or charging a battery in a hot environment can cause a battery to age faster. These are characteristics of battery chemistry, common to lithium-ion batteries across the industry.

A chemically aged battery also becomes less capable of delivering peak energy loads, especially in a low state of charge, which may result in a device unexpectedly shutting itself down in some situations.

(*See* https://www.apple.com/iphone-battery-and-performance/.)

In February 2017, Apple delivered a software update, iOS 10.2.1, to certain iPhones (iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, and iPhone SE) that improves power management during peak workloads to avoid unexpected shutdowns. This feature was later extended to iPhone 7 and iPhone 7 Plus devices with iOS 11.2. The updates successfully reduced the frequency of unexpected shutdowns of affected devices.

When questions arose about the feature in iOS 10.2.1 and iOS 11.2, Apple issued a public statement on December 20, 2017, explaining those updates. (*See* https://techcrunch.com/2017/12/20/apple-addresses-why-people-are-saying-their-iphones-with-older-batteries-are-running-slower/.) On December 28, 2017, Apple released a second message to its customers about iPhone batteries and performance. (*See* https://www.apple.com/iphone-battery-and-performance/.) Apple explained that the updates help prevent unexpected shutdowns.

Dozens of putative class actions followed. At present, there is no operative complaint in this MDL. But among the 60+ complaints filed and transferred to this Court, the allegations and legal theories have diverged from—and even contradicted—one another, alleging (for example) different reasons for Apple's release of the power management feature, different affected products, different legal claims, and different proposed classes. For example:

- *Nature of the alleged defect*: Some plaintiffs allege the defect is in the battery itself. (*See Wetherald* Compl. ¶¶ 22, 25 ("Apple knew that the lithium-ion batteries that it installed in Affected iPhones were causing the devices to shut down unexpectedly.").) Other complaints suggest the entire iPhone is defective. (*Mills* Compl. ¶ 1.) Others claim the software is defective. (*See* Williams ¶ 1 (alleging iOS had a "throttling defect").) With respect to the latter, some allege the software was defective as early as the fall of 2016, when iPhones suffered from unexpected power-offs. (*Id.*)

3

Gibson, Dunn & Crutcher LLP

- *Why the feature was implemented*:  Some complaints allege that Apple released the power management feature to "induce [p]laintiffs and [putative c]lass [m]embers to purchase newer model iPhones."  (*E.g.*, *Ford* Compl. ¶ 118.)  Another alleges that Apple intended to "financially and competitively benefit[]" by "improperly mask[ing] the need for the consumers to replace the lithium-ion battery in their Devices." (*Merenstein* Compl. ¶ 3.)  Still others decline to allege Apple had any bad intent at all. (*See Gallmann* Compl. ¶¶ 4, 30.)

- *Causes of action*:  The complaints also allege various causes of action ranging from those based on common law, e.g., trespass to chattel (*Johnson* Compl. ¶¶ 69-77), to ones based on the statutes of numerous different states (*e.g.*, *Jones* Compl. ¶¶ 85-93).

- *Different affected products*:  The divergence amongst the complaints does not stop at legal theories.   For example, the complaints cover different—and not always overlapping—products.  (*E.g.*, *Mailyan* Compl. ¶ 4 (alleging iPhones as old as iPhone 4 were affected); *Cunningham* Compl. ¶ 1 (alleging the more-recently-released iPhone 8 was affected); *Sens* Compl. ¶ 1 (alleging iPads were affected); *Burton* Compl. ¶ 3 (same); *Borstelmann* Compl. ¶ 12 (alleging iPods and Apple watches were affected by the power management feature).)

- *Global plaintiffs*:  Named plaintiffs reside in different States.   Although most complaints are confined to U.S. residents and citizens, a select few also purport to assert claims on behalf of international plaintiffs.  (*E.g.*, *Yun* Compl. ¶ 8 (Plaintiff Yun is a resident of South Korea); *Corporacion* Compl. ¶ 3 (plaintiff is a "private non-profit organization with its principal place of business in Santiago, Chile.").)

- *Varying classes*:  The class definitions are at odds as well, with some broadly covering, for example, "[a]ll persons residing in the United States who have owned iPhone models older than the iPhone X."  (*Drantivy* Compl. ¶ 48.)   Others are narrower, and limited to the specific circumstances of the putative class members, for example, limiting to those whose devices were in fact "throttled" or who "replaced" their phone with a newer model "due to the throttling."  (*Liebermann* Compl. ¶ 37.)

4

Gibson, Dunn &
Crutcher LLP

1

2

3

4

- *How the feature affected performance*:  The plaintiffs even disagree on how much the power management feature affected performance.  (*Compare Hawes* Compl. ¶ 3 (alleging that the iOS updates throttled performance by up to 60%) *with Gallmann* Compl. ¶ 14 (alleging the effect was actually performance throttling of up to 70%).)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

These various putative class actions were transferred to this Court for consolidated proceedings on April 5.  (Dkt. 1.)  But even before then, on February 21, the Court had held an initial case management conference in actions then consolidated before it.  (*See* Dkt. 80, *Harvey v. Apple Inc.*, No. 17-cv-07274-EJD (N.D. Cal.).)  In advance of that conference, Apple conferred with the various lawyers for plaintiff (including interim lead counsel here) and filed Case Management Statements "**[p]ursuant to Federal Rule of Civil Procedure 26(f); Civil Local Rule 16-9; [and] the Standing Order for All Judges of the Northern District, Contents of Joint Case Management Conference Statement**" in all of the matters.  (*See*, *e.g.*, Dkt. 63 at 1, *Harvey v. Apple Inc.*, No. 17-cv-07274-EJD (N.D. Cal.) (emphasis added).)  And since February, the Court has held a Case Management Conference on April 25 (Dkt. 17); held a May 10 hearing (Dkt. 92) and issued a May 15 order appointing interim lead counsel (Dkt. 99); and issued two Case Management Orders (Dkts. 21, 101), the latest of which accelerated the early case schedule.  The operative order provides a deadline of July 2 to file the consolidated complaint and schedules a "further case management conference" on July 11.  (Dkt. 101.)  It also sets a briefing and hearing schedule for a motion to dismiss (which Apple may or may not file, depending on the operative pleading).  (*Id.*)  Although Plaintiffs' counsel may file the complaint at any time on or before July 2, they have not yet done so.

22

23

24

25

26

27

28

On May 23, Plaintiffs' counsel wrote a letter to Apple demanding dates for the Rule 26(f) discovery conference and production of all documents produced to any "governmental agencies, regulatory authorities, Congress, [or] foreign investigators . . . who are or may be investigating allegations similar to those alleged herein."  (Dkt. 117 Ex. A.)  The "alleged herein" statement was confusing, as there were no allegations in the letter, and Plaintiffs' counsel have not filed a governing complaint.  Apple responded two days later to request a copy of the complaint.  (Dkt. 117 Ex. B.)  The parties held a telephonic meet-and-confer on May 30, in which Plaintiffs' counsel orally

5

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

expanded their request to include all communications with all governmental investigators anywhere in the world.  (Dkt. 117 ¶ 6; Loose Decl. ¶ 7.)  Apple maintained that it needed to know what the allegations and claims were before it could determine how to respond to such a request.  (*See id.*)  The next day, May 31, Plaintiffs' counsel sent a letter asserting that their request was "simple: Documents that relate to 'allegations similar to those alleged herein'—referring to our claims and given to public agencies or entities."  (Dkt. 117 Ex. E.)  This letter too contained no allegations or claims, and Plaintiffs' counsel still had not sent a copy of the consolidated complaint.

During further exchanges and conferences, Apple proposed that Plaintiffs' counsel could file the complaint at any time, and the parties would have "a Rule 26(f) conference within a week of receipt of" the complaint, "or earlier if feasible."  (Dkt. 117 Ex. F at 1; Loose Decl. ¶¶ 10, 12.)  That way, both parties would be on a level playing field, and Apple would understand the allegations, claims, parties (the named plaintiffs), and proposed class definition, and the parties could have a more informed discussion and a more comprehensive (and productive) conference.  Moreover, this conference could occur almost immediately, at Plaintiffs' option.  To date, Plaintiffs' counsel have not responded to this offer.  (Loose Decl. ¶¶ 12-13.)

Meanwhile, for months—ever since the earliest motion was filed in any of the consolidated class actions—Apple has unsuccessfully attempted to engage Plaintiffs' counsel to reach agreement on two issues that are appropriate to consider before a complaint is filed:  (1) preservation of batteries and phones returned to Apple as part of its discounted battery replacement program, and (2) a protective order.  (*Id.* ¶¶ 5, 8, 10, 14-16.)  Specifically, on July 11, after an earlier exchange with counsel that included now-appointed leadership group member Amy Keller, Apple drafted a proposed protective order and sent it to Plaintiffs' counsel for their review.  (*Id.* ¶¶ 14-15.)  And Apple has attempted to meet and confer with Plaintiffs about preservation, including proposing a hearing to resolve the issue.  (Dkt. 117 Ex. F at 2; Loose Decl. ¶¶ 5, 8, 10.)  Plaintiffs have refused to substantively discuss either topic.  (Loose Decl. ¶¶ 14-16.)

Instead, on Friday, June 8, Plaintiffs' counsel filed these motions—only 11 days before the June 19 hearing.  (Dkts. 115-117.)  Plaintiffs' counsel unilaterally selected a response deadline six

days later, contrary to the Local Rules' provision for 14 days to respond to a motion.  *See* L.R. 7-3(a).  Apple has responded to both motions within one week of filing.

### III.   ARGUMENT

Resolving Plaintiffs' counsel's motions is simple.  All that is required for the parties to have a substantive discovery conference, and to commence formal discovery, is the filing of a governing complaint.  The deadline to file that pleading is July 2, and Apple welcomes an early filing, which would accelerate the progress of the case.  Until Plaintiffs' counsel file the operative pleading that will define the parameters of their claims, however, both the parties and the Court are hamstrung in their ability to proceed.

The Federal Rules of Civil Procedure provide for an orderly process that should allow the parties to work out most issues directly, saving for the Court only those disputes that the parties cannot resolve through a meet-and-confer process.  Plaintiffs' counsel's motions to compel here— made without the benefit of a document request, a response by Apple, an operative complaint by which to judge relevance, or even a proper briefing schedule—highlight the burdens for the parties and the Court associated with disorderly proceedings.  For example, Plaintiffs' counsel have changed the scope of the request more than once, and still refuse to provide basic information to Apple such as who the Plaintiffs will be, what the scope of the proposed class will be (including whether anyone outside the United States will be included), what devices will be accused (including whether the iPhone 5, 5S, 8, and X are at issue), and what claims Plaintiffs will choose to make.

The Court should therefore order the parties to conduct a Rule 26 conference within seven days of Plaintiffs' counsel filing of a consolidated complaint (a date that Plaintiffs' counsel control), but otherwise deny the motions.

### A.   Plaintiffs' Counsel Cannot Compel Discovery Or A Discovery Conference Without An Operative Pleading

Apple should not be compelled to develop a discovery plan before there is an operative complaint identifying the claims, parties, proposed class, and factual allegations.  Because discovery must be relevant and proportional to the actual claims brought in the case, the Federal Rules of Civil Procedure do not permit discovery before any claims are brought, except in one limited circumstance:

Gibson, Dunn &
Crutcher LLP

when necessary to preserve testimony for a witness who will become unavailable.   Likewise, discovery conferences occur *after a complaint is filed*, not before every hearing.   Apple has already, for months, engaged in discovery conferences with Plaintiffs' counsel before case management hearings; has proposed to engage in a full discovery conference one week after Plaintiffs' counsel file the complaint (which they may do at any time); and has attempted to confer with Plaintiffs' counsel regarding key preliminary issues in the meantime, but Plaintiffs' counsel have refused.

### 1.      *What Is Discoverable Hinges On What Is Alleged.*

While Apple is willing to engage in a full discovery conference very quickly, it needs to see the complaint first.  A complaint frames the issues.  It is the basis for determining what information will be discoverable; information that is not "relevant to a[] party's *claim[s]* or defense[s] and proportional to the needs of the case" is not discoverable.  Fed. R. Civ. P. 26(b)(1) (emphasis added); *see also In re Flash Memory Antitrust Litig.*, No. 07-0086-SBA, 2008 WL 62278, at *4-5 (N.D. Cal. Jan. 4, 2008).

Plaintiffs' counsel are attempting to deploy here the same strategy rejected by Judge Armstrong in *Flash Memory*.  There, as here, numerous—but not as many—complaints were filed, the court imposed a process for the appointment of lead counsel, and a deadline for plaintiffs to file the consolidated amended complaint was in place.  Like this case, *Flash Memory* was "essentially in a state of limbo.  All of the member cases ha[d] been terminated and closed as independent actions and amended consolidated complaints . . . ha[d] yet to be filed."  2008 WL 62278, at *2.  Yet there, as here, the same counsel representing Plaintiffs moved to force defendants to produce documents *before* the consolidated amended complaint was filed.

The court denied Plaintiffs' counsel's "request for discovery and production of documents previously compiled and turned over to a grand jury convened in an antitrust investigation being conducted by the United States Department of Justice," because plaintiffs had sought "production of these documents before they file[d] their amended consolidated complaints."  *Id.* at *1.  The court explained that Rule 26 "limits discovery to 'any nonprivileged matter that is *relevant to any party's claim* or defense,'" and until plaintiffs file "the amended consolidated complaints," the court cannot determine "what their claims may be."  *Id.* at *4 (quoting Fed. R. Civ. P. 26(b)) (emphasis added).

8

"[W]ith no operative complaint at this time, there are no claims by which relevance of requested discovery may be measured under Rule 26(b)." *Id.*  And Rule 26(b) "clearly ties discovery to the parties' pleadings." *Id.* at *5.  Thus, with the narrow (and inapplicable) exception in Rule 27 of a deposition to preserve testimony of a witness "who may be unavailable after a complaint is filed due to such reasons as advanced age, illness, or an indefinite departure from the country," discovery before the filing of a Consolidated Amended Complaint "does not fit easily within the framework established by the Federal Rules," and is "not permitted." *Id.* at *4-5.  Plaintiffs' counsel's attempt to secure discovery before filing a consolidated complaint in this case is no different, and should be rejected for the same reasons as in *Flash Memory*.

Several other courts also have recognized that, while a "plaintiff is permitted to take discovery to find evidence to support a properly pleaded claim for relief[,] a plaintiff is not permitted to take discovery to fish for claims of which it is not aware." *Desai v. Sorin CRM USA, Inc.*, No. 12-2995, 2013 WL 163298, at *7 (D.N.J. Jan. 15, 2013) (quoting *Kinetic Co. v. Medtronic, Inc.*, No. 08-6062, 2011 WL 1485601, at *4 (D. Minn. Apr. 19, 2011)).  Just as plaintiffs cannot "unlock the doors of discovery" with a deficient complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), they cannot unlock those doors with *no* complaint at all.[1]

The only orders Plaintiffs' counsel cite in which a court required production of discovery before the filing of an operative consolidated complaint contained no analysis addressing whether such a sequence is permissible under the Federal Rules, or acknowledging any of the cases ruling otherwise.  *See* Order 2, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, No. 10-MD-2151 (C.D. Cal. June 1, 2010) (Dkt. 180); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR, 2013 WL 2237887, at *3 (N.D. Cal. May 21,

---

[1] The consolidated complaint will be the "operative complaint" in this action, and effectively the first complaint in the MDL.  *Flash Memory*, 2008 WL 62278, at *3-4.  While each individual case had its own complaint before consolidation, these dozens of complaints contain dozens of different, and sometimes contradictory, claims and allegations.  Apple cannot simply view all of these complaints collectively; that would defeat the purpose of consolidation.  (*See* Dkt. 99 (Consolidation Order) at 1-2.)

Gibson, Dunn & Crutcher LLP

2013).  Nothing in those cases upsets the well-reasoned analysis in *Flash Memory* describing why the filing of a governing complaint must precede discovery.

### 2. *The Rules Do Not Require The Complete Rule 26(f) Discovery Conference To Occur Before The First Pre-Complaint Case Management Conference.*

Even though Plaintiffs' counsel have elected not to file their complaint yet, they argue that the parties nonetheless are required to hold a discovery conference under Rule 26(f).  Plaintiffs' counsel argue that because the Court will hold a Case Management Conference on July 11, the parties must confer 21 days before then.  (Dkt. 115 at 1-4.)  This argument assumes that because the July 11 conference is styled as a Case Management Conference, it must be *the* "scheduling conference" referred to in Rule 26(f).  (*Id.*)  This is incorrect.

As explained above (*supra*, p. 5), the Court already has held multiple Case Management Conferences, on February 21 and April 25.  Before each, the parties conferred and prepared joint Case Management Statements—which included many of the core issues required in the Rule 26(f) conference.  The Court also has issued multiple Case Management Orders, and held a lead counsel hearing on May 10.  The July 11 "further case management conference" (Dkt. 101) is thus *not* "the initial case management conference" by any measure (Dkt. 115 at 2 (citation omitted)).  It is at least the third (not counting the May 10 hearing).  If the first *pre-complaint* conference were indeed the "scheduling conference" referred to in Rule 26(f), as Plaintiffs' counsel apparently believe, then the February 21 conference was that initial conference.

Both before that conference and before the April 25 conference, the parties addressed the topics that could be addressed before an operative complaint was filed and filed Case Management Statements under Rule 26(f) and Local Rule 16-9.  (*See* Dkt. 63 at 1, *Harvey v. Apple Inc.*, No. 17-cv-07274-EJD (N.D. Cal.); Dkt. 3 at 7.)  Presently, there is nothing more that can be done until the complaint is filed.  Thus, either the parties *already* have satisfied Rule 26(f), many times over (as their previous submissions suggest), or the "formal" Rule 26(f) conference (Dkt. 115 at 3) will need to await the filing of the complaint.  Either way, there is no reason the July 11 conference is any different from the February 21 or April 25 conferences.  If Plaintiffs' counsel wish the July 6 Case

10

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

1    Management Statement to address any additional topics beyond those already covered in the parties'

2    earlier Statements, they need to file the operative complaint.

3         Rule 26(f) itself demonstrates that the "scheduling conference" referred to in the Rule is a

4    *post*-complaint conference.  Rule 26(f) refers to the Rule 16(b) scheduling order.  Fed. R. Civ. P.

5    26(f).  In turn, Rule 16(b) provides that the court should issue the scheduling order within "90 days

6    after any defendant has been served with the complaint"—i.e., after the complaint has been filed.

7    Fed. R. Civ. P. 16(b).

8         Plaintiffs' counsel have no support for their proposition that the Rule 26(f) "scheduling

9    conference" takes place *before* a complaint is filed.  In both of their cited decisions, *Apple Inc. v.*

10   *Samsung Elecs. Co.*, 768 F. Supp. 2d 1040 (N.D. Cal. 2011), and *G.I. Home Developing Corp. v.*

11   *Town of Brookhaven*, No. 07-4115 (E.D.N.Y. Apr. 1, 2008) (Dkt. 11), a complaint had been filed; the

12   "initial conferences" were both *post-complaint*.

13        This approach of requiring a complaint first is sensible, because a "formal," complete, and

14   meaningful Rule 26(f) conference (Dkt. 115 at 3) cannot occur before the complaint is filed.  For

15   example, it is impossible to determine "the subjects on which discovery may be needed" without

16   knowing what the claims and allegations are.  Fed. R. Civ. P. 26(f)(3)(B).  And without knowing that,

17   many of the other topics—such as timing and forms of discovery, Fed. R. Civ. P. 26(f)(3)—are

18   guesswork.  Even initial disclosures, which identify the relevant information and the individuals who

19   are likely to possess it, are not possible until there are allegations and claims; otherwise, the parties

20   will not know what information is relevant.  *See* Fed. R. Civ. P. 26(a)(1)(A), (f)(3)(A); Fed. R. Evid.

21   401.  Indeed, even the *parties* are not yet known; Plaintiffs' counsel have not informed Apple who

22   the named plaintiffs are—and Apple should have the opportunity to take discovery on Plaintiffs just

23   as quickly as Plaintiffs (who are not even known at this point) may begin discovery on Apple.

24        That said, Apple already engaged on the topics that *are* possible and appropriate to discuss

25   before a complaint is filed.  The parties met and conferred and filed joint Case Management

26   Statements before the February 21 and April 25 conferences, including discussions of evidence

27   preservation, discovery, and scheduling.  (*See* Dkt. 63 at 6-7, *Harvey v. Apple Inc.*, No. 17-cv-07274-

28   EJD (N.D. Cal.); Dkt. 3 at 12-13.)  Since that time, Apple has continued to discuss case management

Gibson, Dunn &
Crutcher LLP

and scheduling issues with Plaintiffs' counsel.  (*See*, *e.g.*, Dkt. 117 Ex. F; Loose Decl. ¶¶ 5, 7-8, 10.) Apple will continue to do so.  But what it cannot do is engage in a *thorough* discovery planning conference until it knows the parties, claims, and allegations—i.e., until there is a complaint.

### 3.   *Plaintiffs Ignored Apple's Offers To Hold An Early Discovery Conference And Engage On Issues Appropriate For Early Resolution.*

Although a complete Rule 26(f) conference must await the filing of the complaint, it need not wait long, and it ought to be completed in a matter of weeks.  Apple has proposed to Plaintiffs' counsel that the parties request the Court to hold a formal Rule 26(f) conference *one week* after Plaintiffs' counsel file the complaint.  (Dkt. 117 Ex. F; Loose Decl. ¶¶ 10, 12.)  That is certainly "as soon as practicable."  Fed. R. Civ. P. 26(f).  Plaintiffs' counsel may even file the complaint early— and Apple has maintained its offer to hold the conference within a week of an early filing (and earlier, if appropriate).  Even if Plaintiffs' counsel choose to wait until the July 2 deadline, Apple's offer would still entail a Rule 26(f) conference before the Court's July 11 status conference. Plaintiffs' counsel never responded to Apple's offer or explained why they were rejecting it; instead, they filed these motions.

While the full discovery conference cannot occur until there is an operative complaint, Apple does not believe that the parties should sit on their hands while the complaint is being drafted.  In particular, Apple has attempted to engage with Plaintiffs' counsel on two important issues that appropriately can be resolved before a complaint is filed and discovery begins, but Plaintiffs' counsel have not been willing to advance the ball on either.

*First*, Apple has attempted to engage Plaintiffs' counsel regarding the preservation of batteries and devices Apple receives from customer repairs in connection with Apple's ongoing discounted battery replacement program.  (Loose Decl. ¶¶ 5, 8, 10.)  Preservation is appropriate for early resolution.  A preservation agreement will provide clarity about Apple's obligations as it receives batteries whose storage *en masse* poses numerous risks and difficulties.  (*See* Dkts. 44-45, *Harvey v. Apple Inc.*, No. 17-cv-07274-EJD (N.D. Cal.).)  It also will allow Plaintiffs' counsel to obtain access to physical batteries and devices, which Apple has repeatedly offered to provide to Plaintiffs' counsel right away.

Gibson, Dunn & Crutcher LLP

*Second*, Apple drafted a proposed protective order and sent it to Plaintiffs' counsel for their review and approval back in January.  (Loose Decl. ¶ 14.)  Apple again sent an updated draft on June 11, 2018.  (*Id.* ¶ 15.)  Yesterday, Plaintiffs' counsel suggested that they will have comments to the draft, but they have yet to provide them to Apple.  (*Id.* ¶ 16.)  The parties can (and should) finalize this draft now.  In a case such as this one, where discovery will inevitably entail production of highly confidential internal business documents, a protective order is a necessary prerequisite for discovery.  (*See Manual for Complex Litigation Fourth* § 11.432 (2004) (protective order essential in complex cases to "expedite production, reduce costs, and avoid the burden on the court of document-by-document adjudication").)

In an effort to move to an expeditious resolution of another issue, Apple has made specific proposals for preservation to Plaintiffs' counsel, has attempted to meet and confer with them about possible solutions, and even has proposed that the parties jointly request the Court to hold a conference on the preservation issue at its earliest convenience.  (Dkt. 117 Ex. F; Loose Decl. ¶¶ 5, 8, 10.)  As of the date of this filing, Plaintiffs' counsel have not responded.  (Loose Decl. ¶ 10.)  The Court can kick-start this process by simply ordering a preservation conference.  Apple is available and eager to resolve these threshold issues of a protective order and preservation of physical batteries and devices.[2]

Resolving *these* issues as early as possible makes sense; having a complete formal Rule 26(f) discovery conference before a complaint is filed does not.  However, in order to advance the process and achieve Plaintiffs' counsel's goal of discussing discovery issues at the July 11 Case Management Conference, Apple is prepared to engage Plaintiffs' counsel immediately on any issues that can be addressed before a complaint is filed.  The parties can then address remaining Rule 26(f) issues

---

[2]  The parties are also still discussing proposed discovery referees.  The parties have exchanged proposals, but they have not yet agreed on a candidate to present to the Court.  (Loose Decl. ¶ 17.)  Although those discussions are continuing, on June 12, Plaintiffs' counsel sent an inaccurate email to the Court asserting that "[c]ounsel for defendant Apple Inc. has been notified that Plaintiffs intend to move for such relief at or before the June 19 Status Conference."  (Loose Decl. Ex. 9, at 3.)  This statement was false—Plaintiffs' counsel had *not* notified Apple that they intended to raise this issue at the upcoming hearing.  (Loose Decl. ¶ 17.)

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

shortly after Plaintiffs' counsel file the complaint.  (This will be easier if Plaintiffs' counsel file the complaint early.)  Apple proposes an expedited, three-week schedule to effectuate this result:

- June 22, 2018:  Plaintiffs' counsel file and serve the Consolidated Amended Complaint (two weeks early, to allow for conference on any outstanding issues);
- June 29, 2018:  Parties conduct Rule 26(f) conference, including on battery preservation issues and an agreed Protective/Confidentiality Order;
- July 6, 2018:  Parties file supplemental joint Rule 26(f) report; and
- July 11, 2018:  Further Case Management Conference.

**B.      Plaintiffs Have Not Shown Good Cause For Early Discovery**

Compounding the problems with their demand for a hasty Rule 26(f) conference, Plaintiffs' counsel also move the Court to compel Apple to produce untailored and overbroad discovery even *before* such a premature conference.  The Court should deny this request for two reasons:

*First*, as explained above, the Federal Rules identify just one circumstance in which parties may obtain discovery "[b]efore an [a]ction [i]s [f]iled":  only by deposition to preserve testimony of a witness who will become unavailable.  Fed. R. Civ. P. 27; *see*, *e.g.*, *Flash Memory*, 2008 WL 62278, at *4-5.  Plaintiffs' counsel do not even *contend* they need the requested discovery for this purpose.

*Second*, even if it were permissible, there is no good cause for reordering the sequence of events that the Rules of Civil Procedure require.  In general, even where a complaint *has* been filed, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d)(1).  Plaintiffs' counsel have not shown the "good cause" required to exempt themselves from this general rule.  *Zappia v. World Sav. Bank FSB*, No. 14-CV-1428, 2015 WL 1608921, at *2 (S.D. Cal. Apr. 10, 2015).  "[C]ourts tend to find good cause at this early stage only in narrow circumstances, such as where a party seeks information related to the issues of identity, jurisdiction, or venue."  *Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*, 296 F.R.D. 1, 3 (D.D.C. 2013); *accord*, *e.g.*, *United States ex rel. Brown v. Celgene Corp.*, No. 10-3165, 2014 WL 12588280, at *2 (C.D. Cal. Mar. 21, 2014).  As discussed below, Plaintiffs' counsel have not alleged any such circumstance here.

1.    *Plaintiffs' Counsel's Requests Are Untethered To The Claims And Could Undermine Confidential Investigations.*

As a preliminary matter, the premature discovery Plaintiffs' counsel seek has nothing to do with party identity, jurisdiction, venue, or any other threshold issue.  It is not even tailored to the as-of-yet-nonexistent allegations on the merits.  Rather, Plaintiffs' counsel request every document that Apple has produced to all private litigants and regulators around the world, all communications with these regulators, and a list of all government entities undertaking investigations.  (Dkt. 116 at 11.)[3] Plaintiffs' counsel have not explained how any of these documents will be relevant—and without a complaint, it is not possible to determine whether they will be relevant to *the claims asserted*.  *See*, *e.g.*, *Flash Memory*, 2008 WL 62278, at *4-5; *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005) ("In this recently consolidated case, still awaiting the filing of plaintiffs' consolidated complaint, the discovery requests made by Plaintiff Kellmer appear to be a thinly veiled attempt to circumvent the normal litigation process."); *Liberty Media Holdings, LLC v. Swarm of Nov. 15 to Dec. 9, 2010*, No. 11-00637, 2011 WL 1768746, at *2 (D. Nev. May 9, 2011) (granting discovery into identity of John Doe defendants, but denying "Plaintiff's request to serve interrogatories on the Defendants or to take their depositions once they have been identified, but prior to service of the Complaint, the filing of responsive pleadings by the Defendants, or a Rule 26(f) conference between the parties").

For example, at present it is not clear which iPhone devices will be at issue in the complaint. In fact, during the lead-counsel-appointment process, some Plaintiffs' counsel moved for separate representation of owners of older iPhone models on the basis that the facts concerning those models are significantly different and "a potential conflict exists between" owners of different models. (Dkt. 30 at 7.)  Nor is it clear which customers will be represented in the putative classes, much less which claims will be asserted and what the legal theories for those claims will be.  For instance, while Plaintiffs' counsel request discovery from all investigations and litigation *worldwide*, Plaintiffs' counsel have not stated whether their putative class will include non-U.S. customers and, if so, which

---

[3]   Apple has not produced documents to any civil litigants in the United States.

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn & Crutcher LLP

ones.  And even if they attempt to assert these claims, Apple should have the opportunity to brief the obvious extraterritoriality issues they present.  *See*, *e.g.*, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 785 F. Supp. 2d 883, 916-18 (C.D. Cal. 2011) (dismissing UCL, CLRA, and FAL claims asserted by non-California residents).

These are just examples of pivotal pieces of information that are missing, and they are required before Apple can meaningfully respond to any discovery requests.  To determine whether and to what extent to object to any particular discovery request, Apple will need to determine what is "relevant" to Plaintiffs' "claim[s]" and Apple's own "defense[s]" and what is "proportional to the needs of the case"—both of which depend on the claims asserted and the scope of the case.  Fed. R. Civ. P. 26(b)(1).  As the court explained in *Flash Memory*, "[t]he Federal Rules provide limits on the scope of discovery, provide incentives for cooperation between the parties, a mechanism for seeking protective orders and for lodging objections, and a basis for court resolution of discovery disputes. Allowing discovery outside the terms of these Rules, and before an operative complaint is filed, obviates these protections."  2008 WL 62278, at *5.  Plaintiffs' counsel's motion must be denied because they "have not identified specific categories or types of documents sought or how the documents sought will be relevant to the claims Plaintiffs intend to assert in this case."  *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007) (denying request for discovery of all documents produced to California Attorney General).

Compelling the very broad production Plaintiffs' counsel seek this early in the case would pose other problems.  For example, some of the investigations may not be public.  Apple may be under a legal obligation or agreement with the regulators not to disclose those investigations.  Even for investigations that are public, the communications and documents produced in the investigations may be required to be kept private to the regulator.  Apple would need time to inform investigators of any requests and determine how it may proceed.  The Court might also need to set up a process for regulators to object to the discover, perhaps anonymously.  *See*, *e.g.*, *In re Capacitors Antitrust Litig.*, No. 14-cv-03264-JD (N.D. Cal. Oct. 30, 2014) (Dkt. 309) (granting government's motion to intervene, ordering stay of discovery during ongoing investigation, and giving government opportunity to object to productions); *In re Sulfuric Acid Antitrust Litig.*, MDL No. 1536, 2004 WL

16

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

769376, at *5 (N.D. Ill. Apr. 9, 2004) (denying civil discovery that would disrupt an ongoing criminal investigation).

Courts have been especially sensitive to the concern that civil discovery not disrupt foreign investigations.  In particular, courts must undertake a comity analysis before ordering production that may interfere with another sovereign's investigation.  *See In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081-84 (N.D. Cal. 2007) (noting that "Rule 26 grants the court discretion to limit discovery on several grounds, including international comity" and exercising such discretion to deny plaintiffs' requests for discovery of foreign investigation documents); *Campbell v. Facebook Inc.*, No. 13-05996-PJH-MEJ, 2015 WL 4463809, at *2-3 (N.D. Cal. July 21, 2015) (denying request for documents related to audits by the Office of the Irish Data Protection Commissioner).  Even if the "documents are plainly relevant to th[e] litigation," comity may trump what would otherwise be the parties' discovery obligations.  *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2010 WL 3420517, at *5-9 (E.D.N.Y. Aug. 27, 2010); *accord, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944-SC, 2014 WL 6602711, at *3 (N.D. Cal. Nov. 20, 2014) (denying motion to compel "[d]espite the [document]'s importance to this litigation").

Any interested foreign government should have an opportunity to weigh in before the Court can determine whether production is warranted.  *See*, *e.g.*, *Rubber Chemicals*, 486 F. Supp. 2d at 1081, 1084 (agreeing with the "strong objection to the production" submitted by the European Commission).  In camera review may be necessary too.  *See*, *e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litigaton*, No. 07-CV-01827-SI, 2011 WL 13147214, at *3 (N.D. Cal. Apr. 26, 2011) (denying motion to compel production after applying comity factors and in camera review).  Ordering the production of investigation materials would be premature before the Court can give due consideration to the foreign laws and interests involved, relevance to the parties' claims and defenses, origin of the documents, importance of the documents requested, specificity of the requests, and availability of alternative means of obtaining the information, among other factors—none of which can be evaluated until the parties have an opportunity to consider Plaintiffs' complaint, formal document requests, and foreign state laws and opinions, if applicable.

Gibson, Dunn &
Crutcher LLP

17
DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

In addition, any productions to investigators would have occurred outside the Federal Rules of Civil Procedure.  Apple cannot simply re-produce those to Plaintiffs' counsel here; it will have to review them again, which may take a substantial amount of time.  As Judge Alsup has explained in denying a similar request:

> [T]here would be the issue of various objections (based, for example, on employee privacy) that might be assertable against plaintiffs that were unasserted against the government.  Defendants would be entitled to interpose possibly valid objections that would take time to evaluate.  And, regardless of the foregoing, the compelled act of turning records over to the government pursuant to the subpoena does not mean that everyone else has an equal right to rummage through the same records.  Defendants have a legitimate interest in maintaining the confidentiality of their records.  Without question, this interest may eventually have to yield to civil discovery interests but, for the reason stated, whether and the extent to which this should occur will be best decided after ruling on the Rule 12 motions.

*In re Graphics Processing Units Antitrust Litig.*, No. 06-07417-WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007).  Courts have rejected Plaintiffs' counsel's argument that the burden of producing already-produced documents is "minimal," because "[i]t is possible that documents previously produced in government investigations or other litigation may in fact be irrelevant to the claims asserted in *this* case" and so fresh review and analysis would be required.  *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1180 & n.29 (C.D. Cal. 2008).

Even in those circumstances in which courts *have* ordered production of documents provided to regulators, they have limited such production to those documents that "are discoverable under the Federal Rules of Civil Procedure," and have provided time to review to determine which documents meet that standard.  *See* Order 2, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, No. 10-MD-2151 (C.D. Cal. June 1, 2010) (Dkt. 180) (setting deadline for production over one month after issuance of the order).[4]

---

[4]  *Accord Lithium Ion Batteries*, 2013 WL 2237887, at *3 (staying discovery as to defendants who noted that production of documents produced in an investigation would be burdensome and setting deadline for production approximately one month after issuance of the order for other defendants); *In re High Tech Employee Antitrust Litig.*, No. 11-cv-02509-LHK (N.D. Cal. Oct. 26, 2011) (Dkt. 88) (ordering defendants to produce nonprivileged documents relevant to particular discovery requests over one month after the order but otherwise staying discovery); *In re Platinum & Palladium Commodities Litig.*, No. 10-3617 (S.D.N.Y. Nov. 30, 2010) (Dkt. 59) (giving defendants over one month to review documents and redact information unrelated to the

18

Here, Plaintiffs' counsel ask the Court to set a deadline for production of documents *seven days* after the hearing and for production of the list of investigations *the day after the hearing*.  (Dkt. 116 at iv-v.)  It is simply not possible to ensure that the production complies with regulators' limitations on disclosure and with the Federal Rules of Civil Procedure within that time.  Apple also would need time to designate any documents under the protective order.  The importance of providing adequate time for review is especially important in this case, where competitively sensitive and trade secret documents are likely to be at issue—and some plaintiffs already have inappropriately filed confidential documents in the public record.  (*See* Dkt. 79, *Harvey v. Apple Inc.*, No. 17-cv-07274-EJD (N.D. Cal.).)

Finally, the Court also should allow at least 30 days after Plaintiffs' counsel actually serve a document request for Apple to respond.  *See* Fed. R. Civ. P. 34(b)(2)(A).  Plaintiffs' counsel have not yet served any request under Rule 34.  Nor have they even presented a proposed request to the Court. Whenever Plaintiffs' counsel do eventually serve a document request—whether early by Court order or following the Rule 26(f) conference, *see* Fed. R. Civ. P. 26(d)—they need to do so by an ordinary document request, allowing at least 30 days for a response.  It is especially imperative that Plaintiffs' counsel serve a written request because Plaintiffs' counsel already have revised (and expanded) their informal demands multiple times.  Plaintiffs' counsel's initial letter of May 23 requested only

---

allegations in the complaint before producing); *In re Pool Prods. Distr. Mkt. Antitrust Litig.*, No. 12-MD-023280 (E.D. La. June 4, 2012) (Dkt. 93) (giving over one month for defendants to produce documents and object to relevance); Tr. 29-38, *Precision Associates, Inc., at al. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-0042 (E.D.N.Y. Nov. 7, 2013) (Dkt. 933) (providing roughly two months for review and production, to be extended for defendants who need additional time, and a process to object for documents produced in confidence); *In re Pharm. Ind. Avg. Wholesale Price Litig.*, No. 01-12257 (D. Mass. Oct. 28, 2002) (Dkt. 161) (providing one and a half months for production); *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-MD-02143-RS (N.D. Cal. Apr. 7, 2011) (Dkt. 379) (unopposed order giving defendants 60 days for production).

Although Plaintiffs do not cite it, the agreed discovery scheduling order in *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Products Liab. Litig.*, No. 15-MD-02672-CRB (N.D. Cal. Feb. 25, 2016) (Dkt. 1252), is consistent with this pattern.  The parties stipulated to a date for the defendants to respond to the already-filed initial complaint, and provided over one month for production of documents produced to the United States and over four months for production of relevant documents produced to foreign regulators whose "production is not subject to restraint by those non-U.S. governmental agencies or regulatory bodies."

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

documents that already were produced.  (Dkt. 117 Ex. A.)  Then, on the May 30 meet-and-confer call, Plaintiffs orally added a request for "documents received from governmental investigators (i.e., subpoenas or document demands from agencies)."  (Dkt. 117 ¶ 6.)  Their request in the present motions is even more expansive; to these categories, Plaintiffs' counsel have added requests from private litigants, all communications with regulators, and a list of ongoing investigations.  (Dkt. 116 at iv-v, 11-12; Dkt. 116-1.)  Plaintiffs' counsel need to serve a formal request under Rule 34 to ensure that the goalposts do not continue to move, to allow Apple to respond, and to aid the Court or discovery referee to evaluate any such request.

There is no need to undertake this task before the complaint is filed.  Because "the plaintiffs seek production of documents (not testimony) already compiled and turned over to the government[,] [t]here is little to no risk that these documents will be unavailable in the future." *In re Vioxx Prod. Liab. Litig.*, No. MDL 1657, 2008 WL 1995098, at *4 (E.D. La. May 6, 2008) (quoting *Flash Memory*, 2008 WL 62278, at *5); *In re White*, No. 10-MC-80, 2010 WL 1780234, at *2 (S.D. Miss. May 3, 2010) (same); *In re Wholesale Grocery Prod. Antitrust Litig.*, No. 09-MD-2090, 2010 WL 11469883, at *3 (D. Minn. Mar. 3, 2010) (same) (denying discovery allegedly necessary to respond to motion to dismiss).  And Plaintiffs' counsel certainly have not "satisfied [their] burden of demonstrating a 'particularized need' for" materials in potential ongoing investigations.  *United States v. Hussain*, No. 13-CR-00408-JST, 2015 WL 4638451, at *5 (N.D. Cal. Aug. 4, 2015).  Because Plaintiffs' counsel cannot show prejudice, their "request for early discovery as to materials a party has provided to a government entity as part of an ongoing investigation" must be denied.  *In re Domestic Airline Travel Antitrust Litig.*, 174 F. Supp. 3d 375, 376 (D.D.C. 2016) (denying such discovery in MDL class action).  The Court should deny Plaintiffs' counsel's "motion to conduct prelitigation discovery."  *ACE Am. Ins. Co. v. Keiicmiro*, No. 08-476, 2008 WL 2264241, at *2 (D. Ariz. May 30, 2008).

### 2.   *Compelling Apple's Assistance In Drafting The Complaint Is Not A Proper Purpose For Early Discovery.*

Plaintiffs' counsel's own proposed justifications for early discovery amply demonstrate the impropriety of their request.  They contend that early discovery would provide "[a]ssistance with

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

[d]rafting the [c]omplaint." (Dkt. 116 at 10.)  In other words, Plaintiffs' counsel admit they want to first obtain confidential internal Apple documents, and then use those to frame the allegations they will write into the eventual complaint.  That would turn the Federal Rules on their head.  Plaintiffs' counsel need to file and serve a sufficient complaint before they can impose "the burdens of discovery" on Apple.  *Iqbal*, 556 U.S. at 686.  Plaintiffs' counsel ask not only to "unlock the doors of discovery," *id.* at 678; they want Apple to shape the key.  But "allowing plaintiffs to file first and investigate later . . . would be contrary to Rule 11(b), which mandates an 'inquiry reasonable under the circumstances' into the evidentiary support for all factual contentions prior to filing a pleading." *Timmons v. Linvatec Corp.*, 263 F.R.D. 582, 585 (C.D. Cal. 2010) (quoting Fed. R. Civ. P. 11(b)(3)).  It is up to *Plaintiffs' counsel* to investigate the "evidentiary support for all factual contentions prior to filing a pleading"; they cannot use Apple to conduct the investigation for them.  *Id.*

Accordingly, courts reject "attempt[s] to conduct discovery before filing suit" because "ascertain[ing] facts for use in framing a complaint" is not a proper use of early discovery.  *In re Solorio*, 192 F.R.D. 709, 709-10 (D. Utah 2000) (quoting *In re Gary Const., Inc.*, 96 F.R.D. 432, 433 (D. Colo. 1983)); *accord*, *e.g.*, *Vioxx*, 2008 WL 1995098, at *6 (in an MDL, denying a party discovery "meant to discover facts in order to determine whether it has a claim").  Such "pre-suit discovery" supposedly "necessary in order for [plaintiffs] to be able to bring an action . . . is simply not authorized" by the Federal Rules of Civil Procedure.  *White*, 2010 WL 1780234, at *2; *cf. Brown*, 2014 WL 12588280, at *2 ("delv[ing] into the merits of the underlying dispute between the parties" in order to aid in drafting a motion to dismiss is "not [a] proper bas[i]s for expedited discovery" (citation omitted)).

Neither of the cases Plaintiffs' counsel cite authorize discovery to aid in drafting an initial complaint.  (*See* Dkt. 116 at 10.)  In each, a complaint already had been filed; the defendant moved to dismiss; and the Court permitted limited discovery while the motion to dismiss was pending, because the Court anticipated it may grant leave to amend.  *See* Order, *In re Apple In-App Purchase Litig.*, No. 11-cv-2394-EJD (Feb. 15, 2012) (Dkt. 32); *San Francisco Tech. v. Kraco Enterprises LLC*, No. 5:11-CV-00355-EJD, 2011 WL 2193397, at *1, *3 (N.D. Cal. June 6, 2011).  Neither case says

anything about discovery *before an operative complaint is filed* at all.[5]

In any event, Plaintiffs' counsel cannot possibly show any prejudice from not receiving discovery to help them draft a Consolidated Amended Complaint. They already have the unique benefit (not available in most cases) of more than 60 complaints upon which to draw. Each of those complaints was filed without the benefit of early discovery, presumably based on each lawyer's own reasonable investigations to comply with Rule 11(b). And should pretrial discovery reveal a basis for later amendment, the Federal Rules and this Court's Local Rules provide for that ability. Fed. R. Civ. Proc. 15(a)(2); L.R. 16-10(b) (Case Management Order will "establish deadlines for joining parties and amending pleadings").

In addition, Plaintiffs' counsel cannot possibly show prejudice because they can amend their complaint once discovery begins; the Rules instruct that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2); *see also* L.R. 16-10(b) (Case Management Order will "establish deadlines for joining parties and amending pleadings").

Because Plaintiffs' counsel have "not clearly shown that" their requested discovery is "needed on an expedited basis" or "narrowly tailored to obtain information relevant" to the purpose, the Court should deny their motions. *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).

### 3. *Plaintiffs' Counsel Cannot Obtain Early Discovery By Threatening To Renew Their Motion For A Preliminary Injunction.*

Plaintiffs' counsel also assert that discovery will "assist Plaintiffs in evaluating whether" to bring a motion for a preliminary injunction. (Dkt. 116 at 9.) But "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v.*

---

[5] Similarly, a complaint already had been filed and amended, and discovery had begun, by the time of the Court's minute order in *In re High Tech Employee Antitrust Litig.*, No. 5:11-cv-02509-LHK (N.D. Cal. Oct. 26, 2011) (Dkt. 88). Plaintiffs also mischaracterize the minute order in *In re Resistors Antitrust Litig.*, No. 5:15-cv-03820-RMW (N.D. Cal. Feb. 2, 2016) (Dkt. 112). A complaint already had been filed in that case too. The minute order there ordered a temporary discovery stay, including a deadline for the production of documents already produced to the Department of Justice approximately three months after the order (after the DOJ had an opportunity to object); an *amended* complaint was then to be filed approximately one month after that. *Id.*

Gibson, Dunn &
Crutcher LLP

*Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).  And here the preliminary injunction motion Plaintiffs are contemplating already has been brought.  Plaintiffs filed that motion on February 9, and the Court stayed it.  (*See* Dkts. 31, 35, 41, *Gallmann v. Apple Inc.*, No. 17-cv-07285-EJD (N.D. Cal.).)  The motion does *not* seek an injunction on the merits of the claims, but rather concerns Apple's public communications about its discounted battery replacement program and asks the Court to declare the legal effect of participation in the program—whether participation extinguishes claims asserted in this case.  Plaintiffs' counsel have offered no explanation as to how *any* discovery—much less productions to regulators—would assist with this pending motion, which concerns *legal effects*, not disputed or uncertain *facts*, and was brought without any discovery or any request for discovery. (*See id.*)

In fact, before filing these motions, Plaintiffs' counsel never suggested they would need discovery to resolve the issue.  The last communications the parties had on the topic contemplated that Plaintiffs' counsel would provide a draft stipulation setting forth their position regarding the terms and conditions applicable to the program, in an effort to reach agreement.  (Loose Decl. ¶ 10.) Apple agreed to this proposal, because it still does not understand why the parties would have a dispute over this issue.  (*Id.*; Dkt. 117 Ex. F.)  But rather than preparing that stipulation, or explaining why a stipulated approach would not work, Plaintiffs' counsel filed these motions.

Moreover, Apple already has provided Plaintiffs' counsel with far more information than they need to bring—or decide whether to bring—a new iteration of their preliminary injunction motion. Apple provided Plaintiffs' counsel the terms and conditions governing repairs such as battery replacement—as Plaintiffs' counsel's own exhibits reveal.  (*See* Dkt. 117 Ex. D.)  Apple also specifically answered the concern underlying the contemplated motion:  It explained repeatedly that "Apple does not intend participation in this program to extinguish any legal rights or claims stemming from events unrelated to a repair." (*See id.*)  Apple even informed Plaintiffs' counsel about its new goodwill program to provide credits to customers who replaced their batteries before the discount began.  (*See id.*)  And Apple has provided the iOS license and iPhone warranty not only to Plaintiffs' counsel; it has made them publicly available on Apple's website.

This case is thus unlike *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL

23

Gibson, Dunn & Crutcher LLP

1938154 (N.D. Cal. May 18, 2011), where the court found "that Apple ha[d] demonstrated good cause for some, limited expedited discovery," *id.* at *2.  In that case, Apple had shown how its discovery would be "directly relevant to Apple's trademark, trade dress, and design claims" asserted in its motion for a preliminary injunction "to forestall allegedly irreparable harm associated with a loss of market share and consumer good will."  *Id.*  Plaintiffs' counsel have made no attempt to demonstrate the relevance of their demands to claims that they have not filed, to a contemplated injunction that needs no discovery, or to any harm that could not readily be repaired in the normal course of litigation.  Plaintiffs' counsel's requests are "so broad as to be implausibly tailored" to the purpose of "crafting a motion for a preliminary injunction," and should be denied.  *Facebook, Inc. v. Various, Inc.*, No. C-11-01805-SBA-DMR, 2011 WL 2437433, at *3 (N.D. Cal. June 17, 2011).

**4.      *Discovery Is Not Needed to Create, and Should Not Come Before, a Discovery Plan.***

Finally, Plaintiffs' counsel assert that they need early discovery so they can create a plan for discovery.  (Dkt. 116 at 10-11.)  This is backwards.  A discovery plan that "focus[es] discovery" (*id.* at 10) is a necessary *precondition* to discovery, as Plaintiffs' counsel recognize.  (*See* Dkt. 115 at 3 ("discovery cannot commence until the parties first hold a formal Rule 26(f) discovery planning conference").)  The discovery plan must chart the course for discovery, not vice versa.

Plaintiffs' counsel's request demonstrates why.  As explained above (*supra* pp. 15-20), their demand is anything but "focus[ed]."  (Dkt. 116 at 10.)  Such blanket, "give-us-everything-in-the-world" requests are precisely what a thoughtful and narrowly tailored discovery plan would prevent.  The parties should negotiate such a plan once the complaint is filed; they can work out preliminary matters like a protective order and preservation in the meantime.  That is the sequence of events contemplated by the Federal Rules.

## IV.      <u>CONCLUSION</u>

Apple is more than willing to advance this case to a quick resolution, as it has amply demonstrated.  But expedition does not require jettisoning basic procedural protections enshrined in the Federal Rules of Civil Procedure.  The Court should therefore deny Plaintiffs' counsel's motions to compel a discovery conference before they file a complaint and to compel production of documents even before the discovery conference.  The Court should order the parties to conduct their

24

Gibson, Dunn & Crutcher LLP

Rule 26(f) conference, including discussion of preservation and a protective order, within seven days after the filing of the consolidated complaint.

To that end, Apple respectfully proposes the following expedited schedule, which satisfies Plaintiffs' counsel's desire for urgency while also safeguarding basic protections of the Federal Rules:

- June 22, 2018:  Plaintiffs' counsel file and serve the Consolidated Amended Complaint (two weeks early, to allow for conference on any outstanding issues);
- June 29, 2018:  Parties conduct Rule 26(f) conference, including on battery preservation issues and an agreed Protective/Confidentiality Order;
- July 6, 2018:  Parties file supplemental joint Rule 26(f) report; and
- July 11, 2018:  Further Case Management Conference.

DATED: June 15, 2018                    GIBSON, DUNN & CRUTCHER LLP


                                        By:  _____
                                                  */s/ Christopher Chorba*
                                                  Christopher Chorba

                                        *Attorneys for Defendant Apple Inc.*

25
DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD

1

## CERTIFICATE OF SERVICE

2   I, Christopher Chorba, hereby certify that on June 15, 2018, the foregoing **OPPOSITION TO**

3   **PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND PARTIAL**

4   **OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE** was filed

5   electronically through the CM/ECF system, copies of which were sent by First Class Mail to anyone

6   unable to accept them via the electronic filing system.

7

8                                   By:      */s/ Christopher Chorba*

9                                                 Christopher Chorba

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EARLY DISCOVERY AND
PARTIAL OPPOSITION TO REQUEST FOR AN EARLY RULE 26(F) CONFERENCE
CASE NO. 5:18-MD-02827-EJD