**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-05777
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*

David A. Straite (*pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*dstraite@kaplanfox.com*

*Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD |
| This Document Relates To:<br><br>ALL ACTIONS. | **CONSOLIDATED CLASS ACTION**<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF:**<br><br>1. **MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH FED. R. CIV. P. 26(f) [ECF No. 115] AND**<br><br>2. **MOTION TO COMPEL EXPEDITED PRODUCTION OF DOCUMENTS [ECF No. 116]**<br><br>Judge:         Hon. Edward J. Davila<br>Courtroom:  4, 5th Floor<br>Hearing Date: June 19, 2018<br>Hearing Time: 10:00 a.m. |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. II. ARGUMENT ................................................................................................................. 3

    A. A Rule 26(f) Conference Is Required and Necessary ................................................ 3

    B. Apple Should be Compelled to Producing Investigative Documents ..................... 5

    C. A Special Master Should Be Appointed to Resolve Future Discovery Disputes .. 7

        1. Overview of Plaintiffs' Efforts to Procure Agreement Regarding a Discovery Referee . 7

        2. The Court Should Appoint At Least One of Plaintiffs' Suggested Discovery Referees . 9

III. CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**                                           **Page(s)**

*Joffe v. Google, Inc.*,
   2014 WL 4681403 (N.D. Cal. Aug. 13, 2014)..........................................................................10

*In re: Lithium Ion Batteries Antitrust Litig.*,
   2013 WL 2237887 (N.D. Cal., May 21, 2013) ..........................................................................6

*St. Jude Med. S.C., Inc. v. Janssen-Counotte*,
   305 F.R.D. 630 (D. Or. 2015) .................................................................................................10

**Other Authorities**

Local Rule 16-1 ...............................................................................................................................3

Local Rules 16-9 .............................................................................................................................3

Fed. R. Civ. P. 16-10 .......................................................................................................................3

Fed. R. Civ. P. 25(f) ........................................................................................................................4

Fed. R. Civ. P. 26(a)(1) ...................................................................................................................4

Fed. R. Civ. P. 26(a)(1)(C) ..............................................................................................................4

Fed. R. Civ. P. 16(b) .......................................................................................................................3

Fed. R. Civ. P. 16(b)(2) ...................................................................................................................3

Fed. R. Civ. P. 26(d) .....................................................................................................................10

Fed. R. Civ. P. 26(d)(1) .................................................................................................................10

Fed. R. Civ. P. 26(d)(2)(B) .............................................................................................................4

Fed. R. Civ. P. 26(f) ................................................................................................................ *passim*

Fed. R. Civ. P. 26(f)(1) ...................................................................................................................3

Fed. R. Civ. P. 26(f)(2) ...................................................................................................................4

Fed. R. Civ. P. 34 ............................................................................................................................4

Fed. R. Civ. P. 53 ..........................................................................................................................10

Fed. R. Civ. P. 53(a)(3) .................................................................................................................10

## I.  INTRODUCTION

This Court is hearing two early discovery motions for two reasons: First, Defendant Apple Inc. ("Defendant" or "Apple") steadfastly refuses to comply with its duty under Rule 26(f) to confer on a discovery plan until a time of *its* choosing. Second, Apple refuses to confer in good faith on the appointment of a special master. All issues raised in the Motions dated June 8, 2018 [ECF Nos. 115 and 116] and all issues identified in Apple's omnibus Response dated June 15, 2018 [ECF No. 122] grow out of these two extraordinary facts.

In an international case of this magnitude, some discovery gamesmanship is inevitable. But Apple's early tactics are more than mere gamesmanship. They signal the start of a broader campaign to introduce innumerable incremental delays that, when taken in the aggregate, serve to bog this case down in a procedural morass – death by a thousand cuts. Because the defective products at issue have short lifespans, delay is the friend of the Defendant, not the Class. Defendant knows this well. Plaintiffs therefore ask for three things, none of which is controversial, but all of which will serve to move this case more expeditiously and fairly.

**First**, as Plaintiffs requested in the first motion to compel [ECF No. 115], Plaintiffs ask that Defendant be compelled to confer on a discovery now, *in the ordinary course*, so that the Court has the benefit of a fully negotiated discovery plan in advance of the next Case Management Conference ("CMC") on July 11, 2018. Rule 26(f) requires this planning to start on June 20, 2018 (21 days prior to the CMC), and to end two weeks later (July 5, 2018) but Defendant refuses to even start conferring until after it sees the amended complaint due on July 2, 2018.[1] As discussed below, Defendant has already acknowledged that some planning must occur now (for example, an ESI protocol and protective order), but it hopes to engage in such piecemeal planning without technically calling it a "Rule 26(f)" conference.

**Second**, as requested in the second motion to compel [ECF No. 116], Plaintiffs ask that the Court compel Apple to identify all investigations by any government agency or other entity inquiring into the core facts of this case – core facts that Apple has already admitted to the JPML

---

[1] *See* Def. Apple Inc.'s Opp. to Pltfs' Mot. to Compel Early Discovery and Partial Opp. to Req. for an Early 26(f) Conference, dated June 15, 2018 (hereinafter "Opp.") [ECF No. 122].

bind the 60+ related federal cases. Plaintiffs further seek an order compelling the immediate production of copies of all investigative demands, subpoenas, correspondence and other requests for information – and to the extent documents have already been produced, to simply provide a copy set to Class Counsel. Because the JPML process has already delayed this case by 6 months (the first case was filed on December 21, 2017), Class Counsel are at risk of falling behind these investigations, and it is therefore common in complex litigation for defendants to be ordered to produce these early investigative documents to Class Counsel even before the amended complaint is due. To the extent Apple is concerned about confidentiality, Class Counsel offers to accept them on an attorneys-eyes-only basis until an appropriate protective order is finalized.

**Third**, Plaintiffs ask the Court to appoint a discovery special master as quickly as possible. While it is too late for the current disputes to be decided by a special master, Apple's approach to this case in the opening weeks confirms the wisdom of appointing a special master, and as quickly as possible,[2] to ensure that the class is protected and the case continues to move on a "aggressive" schedule.[3] As noted in more detail below, Plaintiffs vetted four retired judges in the Bay Area, all of whom are willing to serve in this role. Plaintiffs proposed all four of them to Defendant as potential special masters many weeks ago – some were even suggested at CMC in April. And yet Apple refuses to confer in good faith on these proposals. Indeed, as noted below, Apple won't even give Plaintiffs the courtesy of objecting to any of them, let alone all of them, and so today the parties are no closer to an agreement than they were a month ago. To avoid bringing further discovery issues to this Court, the Court should appoint a special master at the June 19, 2018 hearing. Plaintiffs are even willing to defer to Apple as to which of the four should be appointed. All are outstanding. But Apple can't be allowed to delay any longer.

---

[2] The Court noted that rapid identification of a special master would "enhance things and enhance moving the case forward." Joint Declaration of David A. Straite and Joseph W. Cotchett in Support of Reply in Further Support of Motions to Compel, dated June 18, 2018, Ex. L at 31:11-12, 15-16.

[3] There is no current outstanding formal motion for the appointment of a special master. Last week, Plaintiffs contacted the Court to obtain a hearing date for such a motion, *see* Joint Reply Decl. Ex. P, but Apple counsel objected and represented that they would seek to confer and obviate the need for motion practice. *Id.* But as noted below, Apple's representation proved optimistic. Plaintiffs thus request that the Court consider an appointment at tomorrow's hearing without formal motion practice.

## II. ARGUMENT

### A. A Rule 26(f) Conference Is Required and Necessary

Apple maintains that because a consolidated complaint is not due until July 2, 2018, it is somehow exempt from the Federal Rules of Civil Procedure until then. Opp. at 13. At the same time, Apple picks and chooses what aspects of the Rule 26(f) checklist[4] can apparently be handled without a formal conference.

Apple raises the tautological argument that the "complaint" referenced in Rule 26(f) means the "amended complaint": "Rule 26(f) refers to the Rule 16(b) scheduling order … [which] provides that the court should issue the scheduling order within '90 days after any defendant has been served with the complaint'—i.e., after the complaint has been filed." *Id.* at 11. This position is incorrect for the numerous reasons outlined in the Motion to Compel. The Rule requires that "the parties *must* confer as soon as practicable—*and in any event at least 21 days before a scheduling conference is to be held* or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added). As the July 11, 2018 case management conference is a scheduling conference pursuant to Civil Local Rule 16-1, Apple is required to confer at least 21 days prior to the conference, which would be June 20, 2018. This review is consistent with Rule 16(b) that requires the Court to issue a scheduling order "*within the earlier of* 90 days after any defendant has been served with the complaint *or 60 days after any defendant has appeared*." Fed. R. Civ. P. 16(b)(2) (emphasis added). Here, Apple has already appeared in each and every case that comprises this MDL, the earliest of which was filed in December 2017. Opp. at 2. And, as Defendant admits, the facts and circumstances underlying each case is similar. *Id.* at 2-3 (noting the December 28, 2017 "A Message to Our Customers about iPhone Batteries and Performance" and iOS 10.2.1 and iOS11.2). Although Apple argues that various cases allege "different affected products, different legal claims, and different proposed classes", that does not change the underlying facts and circumstances that caused the plaintiffs to bring the more than 60 actions against Apple.

More importantly, Defendant is deciding on its own terms what specific aspects of the Rule

---

[4] *See also* Federal Rule of Civil Procedure 16(b), Civil Local Rules 16-9, 16-10, and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

26(f) checklist it is willing to meet and confer with Plaintiffs on and what it is not, instead of just holding the formal conference. Rule 26(f)(2) provides that, during the conference, the parties must consider the "nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Here, Defendant points out that it has and continues to meet and confer with Plaintiffs on the issue of a preservation protocol for its products. *See* Opp. at 12-13. And, Defendant contends that it has also drafted a proposed protective order and sent it to Plaintiffs' counsel for review and approval. *Id.* But, each of the issues Defendant seeks to resolve are part and parcel of the Rule 26(f) meet and confer. Rule 26(f) does not contemplate piecemeal discussions. Instead, logic suggests an uglier motive for the fragmented negotiations instead of holding a formal Rule 26(f) conference: all litigators know that a formal Rule 26(f) conference would also begin the clock on other events in this case. *See, e.g.*, Fed. R. Civ. P. 26(a)(1)(C) (noting that a party must make initial disclosures at or within 14 days after the parties' Rule 26(f) conference"); Fed. R. Civ. P. 26(d)(2)(B) (noting that requests under Rule 34 is "considered to have been served at the first Rule 25(f) conference"). Defendant seeks only to delay the inevitable. The Court should not countenance such a tactic.

Finally, Defendant argues that the conferences on February 21 and April 25 were also Case Management Conferences, and thus "there is no reason the July 11 conference is any different from the February 21 and April 25 conferences." Opp. at 10. Not so. Unlike the conferences held on February 21 and April 25, the July 11 CMC is the first conference being held after the Court selected interim co-lead counsel in this MDL. More importantly, the July 11 CMC is being held without the Court having ordered the continuation of a discovery stay in this case. Indeed, at the February 21 CMC, the Court entered a stay of motion practice as well as discovery pending a decision of the Judicial Panel on Multidistrict Litigation as to where the MDL would be located. *See* Joint Reply Declaration ¶ 3, Ex. K at 46:11-18. The Court ordered the continuation of the stay at the April 25 CMC until interim lead counsel was selected. *Id.* ¶ 4, Ex. L at 18:20-19:5.

Now that lead counsel has been selected, and because the Court did not otherwise continue

any stay, there is no reason to believe that the July 11 CMC is the same as the February 21 and April 25 conferences. As the Court noted at the April 25 CMC its desire to keep to an aggressive schedule, and in its May 18, 2018 Case Management Order No. 2 ordering "continued progress," the Court already moved up the filing of the consolidated complaint, as well as deadlines as to any motion practice concerning the complaint. Holding the Rule 26(f) conference as contemplated by Rule 16(b), Rule 26(f), and the Civil Local Rules is thus appropriate.

Given Defendant's refusal to meet and confer pursuant to Rule 26(f), the Court should order the parties to hold the Rule 26(f) conference.

**B.    Apple Should be Compelled to Producing Investigative Documents**

Plaintiffs' motion to compel expedited production of documents exchanged with investigating agencies, entities, or countries lists numerous complex cases where production of the exact same types of documents have been compelled on an expedited basis. *See* Pltfs' Mot. to Compel Expedited Prod. of Docs., dated June 8, 2018 ("Mot. to Compel Exp. Prod.") [ECF No 116], at 6-10. Other than reciting what Apple does not *want* to do in this case, Apple's only response to Plaintiffs' document request is to pretend that over 60 complaints have not been filed and do not adequately apprise Apple of the issues in this case and to overplay the "burden" that Apple of simply copying documents it has already collected and produced.[5]

First, Apple's entire opposition to producing investigatory documents is premised on the false assertion that a complaint has not been filed. *See generally* Opp. at 14-22. Apple therefore contends that any discovery cannot take place because there are not issues to "tether" the claims to. Not so. The first of Plaintiffs' cases was filed in December 2017 and relate to the very software and battery issues to which Apple itself has publicly admitted. Since then, over 60 complaints (being consolidated) have been filed and allege the same misconduct. Apple's construction of some relevance issue is, flatly, non-existent. This exact argument was raised in a different case involving lithium ion batteries, and rejected. Plaintiffs requested early copies of documents produced to the

---

[5] In its response, Apple represents that it has not produced documents to *private* litigants in related cases *in the United States*. Opp. At 15, n. 3. Thus, related to that specific category of Plaintiffs' requests, there appears to be nothing to compel. But Plaintiffs also request documents produced outside of the United States, and also request copies of document requests.

Department of Justice, and the defendants argued that such discovery was premature before the amended complaint. Judge Yvonne Gonzalez Rogers noted that "more than 70 complaints" had been filed which can together "measure the relevance of the requested discovery." *In re: Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420 YGR, 2013 WL 2237887, *2 (N.D. Cal., May 21, 2013).

Put simply, Plaintiffs do not seek "early" discovery before a complaint was filed or for the sole purpose of finding misconduct to allege in some yet-to-be lawsuit. *Cf.* Opp. at 20-22 (citing cases where discovery was sought before lawsuits had commenced). Here, complaints have been filed with extensive allegations of misconduct, and investigations regarding the same misconduct have commenced. All Plaintiffs ask for are the documents exchanged with those investigators to be produced on an expedited basis. Again, this Court has allowed and other courts routinely allow for such productions. *See, e.g.,* Mot. to Compel Exp. Prod. at 6-10 (citing 18 recent cases where district courts have allowed for expedited discovery of investigatory documents).[6]

Second, Apple challenges the "burden" of re-producing investigatory documents, stating that it would have to re-review the documents because of confidentiality concerns. *See* Opp. at 16-18. Luckily for Apple, Plaintiffs' counsel habitually litigate complex cases against entities like Apple, who are inclined to treat every single document generated as confidential and who have been subject to governmental and foreign investigations. The solution here is simple. Plaintiffs are amenable to treating the documents as "Attorneys Eyes Only" during the negotiations of a protective order and are willing to allow Apple to preserve its objections. Moreover, Apple's resistance to producing the documents based on lack of formal discovery being served is hypocritical. On the one hand, Apple requests Plaintiffs to wait for this discovery until formal requests have been served. On the other hand, Apple refuses to hold a Rule 26(f) conference — the very date on which such discovery would be deemed served. Apple cannot have it both ways, and practicality and precedent should prevail. This Court should order, consistent with district

---

[6] Apple actually concedes that Plaintiffs' requested discovery is permissible in discussing other cases in which courts have mandated expedited discovery of documents produced to investigating entities. Opp. at 18-19, n. 4.

courts across the country, that Apple produce documents exchanged with investigators on an expedited basis.

### C. A Special Master Should Be Appointed to Resolve Future Discovery Disputes

As evidenced by the pendency of the Plaintiffs' current motions to compel Apple to meet its most basic discovery obligations, a special master is necessary to address future discovery issues. As explained below, considerations of fairness, the prevention of undue delay, and the interests of judicial economy and of the proposed class will best be served by this Court's appointment of a discovery referee (which could have occurred months ago but for Apple's obstructionist strategy).

#### 1. Overview of Plaintiffs' Efforts to Procure Agreement Regarding a Discovery Referee

In February 2018, Mr. Cotchett, now co-lead counsel, requested expedited meet and confer regarding the appointment of a special master to preside over the inevitable discovery issues in this case. Joint Reply Decl. ¶ 2, Ex. K. During the pendency of the cases being assigned to this Court and the Court appointing lead counsel, Plaintiffs researched and compiled suggestions for discovery referees who would be amenable to and appropriate for presiding over discovery disputes in this action. Joint Reply Decl. ¶ 11.

At the April 25, 2018 case management conference, Plaintiffs proposed a procedure for appointing a discovery referee, to conserve judicial resources, and to ensure that this case proceeds in a timely and efficient manner. *See generally* Joint Reply Decl. ¶¶ 4-8, Ex. L. Counsel for Apple agreed and stated, "that sounds very sensible." *Id*., Ex. L at 23:10. Plaintiffs' counsel then suggested that Plaintiffs would submit three or four names of potential candidates to Apple's counsel, and that Apple would also provide Plaintiffs with three of four names of potential candidates for a discovery referee. *Id*. at 30:17-24. Plaintiffs proposed that this could be done informally by the parties, and Apple's counsel agreed that "may make sense once the leadership is established." *Id*. at 31:1-2. Apple's counsel suggested that this exchange would be "part of our meeting and conferring before the [next] CMC" in July, and stated that the parties "will probably submit something *before then*, but that can be something we can take care of," implying that there

would be no need for the Court to establish a formal procedure.  Joint Reply Decl. ¶ 4-8, Ex. L.  at 31:3-6.

The Court confirmed it did not "have any problem with that" informal procedure and told the parties that it would be "a good idea to advance that." *Id*., Ex. L at 31:8-9.  While the Court noted that "the leadership would probably have to be established first[,]" the Court told the parties it would be fine to submit the proposed candidates before then, and that it would actually "enhance things and enhance moving the case forward". *Id*. at 31:11-12, 15-16.  The Court instructed the parties that this would be "a prime directive of the leadership," and that "the first task they will have is to decide discovery." *Id*. at 31:17-18.  The Court also stated that if the parties could "come to agreement on one or two individuals, … that would be helpful." *Id*. at 31:20-23.  Apple's counsel promised that they "will swap names and see what we can do." *Id*. at 31:24-25.

On May 15, 2018, the Court entered the Order Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and Steering Committees (the "Leadership Order") [ECF No. 100].  After the Leadership Order was issued, Plaintiffs' counsel made inquiries of one or more people as to who was available to act as special masters for discovery in this case. Joint Reply Decl. ¶¶ 9-12.  Plaintiffs' counsel determined that at least four excellent former judges were available who could sit individually or as a team to decide and made recommendations to Judge Davila on discovery-related matters and discovery disputes, including: (1) Hon. Vaughn Walker; (2) Hon. Rebecca Westerfield; (3) Hon. James Ware; and (4) Hon. Read Ambler.  *Id*. ¶ 11; *see also id.* ¶ 19, Ex. Q.

On May 21, 2018, after obtaining their approval, a formal letter was sent via email to Apple's counsel regarding the backgrounds of the four judges that Plaintiffs' counsel had identified as potential candidates for Special Discovery Masters.  *Id*., ¶ 13, Ex. M.

On May 30, 2018, Apple's counsel informed Plaintiffs' counsel that they needed additional time to review the names of potential candidates Plaintiffs had proposed.  *Id*. ¶ 14.  Also on May 30, 2018, Plaintiffs' counsel sent Apple's counsel a letter via email asking for a quick response so that several discovery issues pending could progress.  Joint Reply Decl. ¶ 14, Ex. N.  On June 1,

2018, Apple's counsel responded in a letter stating that they only wanted one referee and recommended two former judges from Los Angeles, Judge Kough and Judge King. Joint Reply Decl. ¶ 15.

On June 4, 2018, Plaintiffs' counsel responded to Apple's counsel in a letter sent via email, explaining that the proposed discovery referees should be people from the Bay area who could easily access the Court and the key discovery lawyers. *Id*. ¶ 16, Ex. O. Plaintiffs' counsel asked Apple's counsel whether they had any objection to the four candidates Plaintiffs' counsel had proposed. *Id*. ¶ 16, Ex. O.  Apple did not respond to Plaintiffs' counsel with regard to the list of persons proposed by Plaintiffs' counsel in their May 21 letter. *Id*. ¶ 13, Ex. O.

Due to Apple's failure to respond, Plaintiffs decided to resolve the issue via motion practice, as they had previously indicated would be the result if no agreement could be reached. As such, on June 12, 2018, Plaintiffs' counsel sent an email to the clerk of this Court to receive available hearing dates to resolve the anticipated motion. Joint Reply Decl. ¶ 17, Ex. P. Quicker than any other response provided by Apple in this litigation, counsel for Apple immediately interjected and asked for an opportunity to resolve this issue without involving the Court. *Id.* ¶ 17, Ex. P. In good faith, Plaintiffs decided to give Apple counsel one last chance to confer cooperatively. Apple counsel and Plaintiffs' counsel then conferred, and Apple agreed to respond to Plaintiffs' special master proposals promptly. *Id.* ¶ 17. Yet, as of the drafting of this memorandum, Apple has continued its non-responsiveness trend and still has not informed Plaintiffs if they object to any of their suggested discovery referees. *Id.* ¶ 18. As such, Plaintiffs are left with no choice but to seek further court intervention for the appointment of a discovery referee that should have occurred months ago.

    2. <u>The Court Should Appoint At Least One of Plaintiffs' Suggested Discovery Referees</u>

District Courts are empowered to enter orders regarding discovery as necessary for effective case management, including prior to the Rule 26(d) discovery planning conference. *See* Fed. R. Civ. P. 26(d)(1). A district court also has "broad discretion when resolving discovery

disputes." *Joffe v. Google, Inc.*, 2014 WL 4681403, at *2 (N.D. Cal. Aug. 13, 2014), *report and recommendation adopted in part*, 2014 WL 4681035 (N.D. Cal. Sept. 19, 2014).

An evaluation of relevant discovery "requires someone to become quite familiar with the underlying technologies, businesses and business affiliations, global markets and marketing strategies, and the specific document retention and ESI practices at issue." *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 641 (D. Or. 2015). Where, as here, this evaluation "will … require more time than [the] Court (or a Magistrate Judge in this District) currently has available, if the parties are to receive a speedy and timely resolution of … pending discovery dispute[s]," appointment of a special master is appropriate. *Id*. Indeed, "[i]n part for this reason, Rule 53 allows for the appointment of a master, including a special master to supervise discovery, including ESI." *Id*.; Fed. R. Civ. P. 53. In appointing a special master, the Court "must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

Here, the parties have consented to the appointment of a discovery referee to oversee discovery and make recommendations to the Court regarding discovery disputes. Yet, Apple refuses to move beyond that point. Because the parties have not agreed upon any proposed candidates to submit to the Court for approval, pursuant to the Court's instruction at the April 25 hearing, and Apple has refused to participate in the Rule 26(f) conference, Plaintiffs seek appointment of a special master.[7] Plaintiffs' request for selection of one or more discovery referees is reasonable, as confirmed by the Court and Apple's counsel's statements during the case management conference held on April 25, 2018. Joint Reply Decl. ¶ 6, Ex. L. Appointment of a special master will reduce the burden on this Court, which Apple does not (and cannot) dispute, and it is necessary due to discovery disputes that will continue to arise in this case.

In nearly identical circumstances to those here, the court in *Tierno v. Rite Aid Corporation*

---

[7] Although the parties have consented to the use of a special master, Plaintiffs, of course, are aware of the specific findings the Court should make in formally appointing a discovery referee. As such, Plaintiffs request the mere appointment of at least one individual discovery referee at the hearing on this motion. Thereafter, the parties shall submit a detailed proposed order adopting that appointment and incorporating the requisite findings of the need for a special master.

found that "a discovery master is necessary to avoid wasting judicial resources and preventing a timely resolution of this case. *Id.*, No. C 05-02520 TEH, 2008 WL 3876131, at *2 (N.D. Cal. Aug. 19, 2008) (finding a discovery master necessary where the parties "disagree about whether Rite Aid is required to disclose communications between Rite Aid counsel and class members" and "disagree about whether they should meet and confer over a discovery plan"). The same is true here.

This Court put this case on an "aggressive" schedule and has been explicit in directing the parties to address discovery matters early on, including specifically with regard to the selection of potential candidates for appointment as a discovery referee. Plaintiffs took this directive seriously and on May 21, 2018, less than a week after the appointment of Lead Counsel, Plaintiffs sent their proposed names to Apple's counsel. Apple has refused to agree upon one or two proposed candidates to submit to the Court for selection of the discovery referee, despite the Court's " prime directive" that this would be one of the first orders of business after lead counsel had been appointed. *See* Joint Reply Decl. ¶ 4-8, Ex. L at 31:11-12, 15-16. Apple still has not responded with consent or objection to the proposed candidates for discovery referees, which Plaintiffs' counsel identified in a letter to Apple's counsel nearly three weeks ago, and again in a second letter that was sent recently. *Id.* ¶ 18.

Apple's refusal to respond to Plaintiffs' proposed candidates is contrary to Apple's counsel's representations during the case management conference on April 25, 2018, and it is inconsistent with the Court's instruction to make this issue a priority after selection of lead counsel. *See* Joint Reply Decl. ¶ 4-8, Ex. L. Apple has also refused to participate in the Rule 26(f) conference, although Apple's counsel told the Court that the discussions concerning the proposed discovery referee would be "part of our meeting and conferring before the [next] CMC" in July. Apple even stated that the parties "will probably submit something before then, but that can be something we can take care of," implying that there would be no need for the Court to establish a formal procedure. Joint Reply Decl. ¶ 4-8, Ex. L at 31:3-6. Obviously, this is not true.

The current discovery disputes demonstrate the necessity of appointing one or more special

masters to oversee future discovery issues, and good cause exists to appoint one of the well-qualified persons that Plaintiffs proposed. Simply yet perplexingly, Apple has not objected to any of Plaintiffs' proposed referees. *See, Tierno*, 2008 WL 3876131, at *2 (appointing special discovery master because "[t]he Court will not burden [the magistrate judge] further with these seemingly endless disputes").

The circumstances here are also similar to those in *Small v. University Medical Center of Southern Nevada*, where the district court had also indicated at a hearing "that it would appoint a Special Master to assist the court and the parties to resolve the parties' multiple ESI discovery disputes" and "gave counsel an opportunity to meet and confer to agree on a mutually acceptable neutral." *Id.*, No. 2:13-cv-00298-EPG-PAL, 2014 WL 3735670, at *1 (D. Nev. Mar. 3, 2014). The parties in *Small* submitted a joint status report indicating that "counsel met and conferred, vetted multiple candidates and ultimately agreed to each present one candidate for the court's consideration." *Id*. The court found that the proposed candidates were both highly qualified had the same hourly rate, and ultimately, the court appointed the special master who was "geographically located much closer to this forum." *Id*. The court also noted that their experience with the specific software programs used by the Defendants involved in the parties' ESI discovery disputes. *Id*.

Here, Apple's counsel has proposed two former judges from Los Angeles. Joint Reply Decl. ¶ 15. While qualified, Plaintiffs' counsel has noted in correspondence to Apple's counsel that any discovery referee should be located in the Bay Area for efficiency and ease of access to the Court and the key discovery lawyers. *Id.* ¶ 16, Ex. O. Given that the purpose of appointing a special master is "to avoid wasting judicial resources and preventing a timely resolution of this case[,]" a special master who is "geographically located much closer to this forum" is the best appointment. Plaintiffs thus request the Court appoint at least one of Plaintiffs' suggested special masters — none of which Apple has objected to— to preside over future discovery disputes in this action.

### III. CONCLUSION

For the foregoing reasons and as articulated in Plaintiffs' motions to compel, Plaintiffs

request the Court compel a rule 26(f) conference, compel expedited production of documents exchanged with investigators, and appoint a special master to preside over future discovery disputes.

Respectfully submitted,

DATED: June 18, 2018

  s/ *Joseph W. Cotchett*
     Joseph W. Cotchett

Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-05777
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*

DATED: June 18, 2018

  s/ *Laurence D. King*
     Laurence D. King

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
*lking@kaplanfox.com*

David A. Straite (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
*dstraite@kaplanfox.com*

*Interim Co-Lead Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Joseph W. Cotchett, attest that concurrence in the filing of this document has been obtained from all signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of June, 2018, at Burlingame, California.

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Joseph W. Cotchett*
　　　　　　　　　　　　　　　　　　　　　　　JOSEPH W. COTCHETT

- 14 -   No. 5:18-md-02827-EJD
REPLY IN SUPPORT OF MOTION TO COMPEL RULE 26(F) CONFERENCE AND EXPEDITED DISCOVERY