1                     UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3                          SAN JOSE DIVISION

4

5                                        )   18-MD-02827 EJD
        IN RE: APPLE INC. DEVICE         )
6       PERFORMANCE LITIGATION,          )   SAN JOSE, CALIFORNIA
                                         )
7                                        )   JUNE 19, 2018
                                         )
8                                        )   PAGES 1-35

9

10
                         TRANSCRIPT OF PROCEEDINGS
11              BEFORE THE HONORABLE EDWARD J. DAVILA
                      UNITED STATES DISTRICT JUDGE
12

13      A P P E A R A N C E S:

14      FOR THE PLAINTIFFS:    COTCHETT, PITRE & MCCARTHY
                               BY:  JOSEPH W. COTCHETT
15                                  MARK C. MOLUMPHY
                                    STEPHANIE BIEHL
16                             840 MALCOLM ROAD, SUITE 200
                               BERKELEY, CALIFORNIA  94010
17
                               KAPLAN, FOX & KILSHEIMER
18                             BY:  LAURENCE D. KING
                               350 SANSOME STREET, SUITE 400
19                             SAN FRANCISCO, CALIFORNIA  94104

20                             BY:  DAVID A. STRAITE
                               850 THIRD AVENUE
21                             NEW YORK, NEW YORK  10022

22                 APPEARANCES CONTINUED ON NEXT PAGE

23      OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                    CERTIFICATE NUMBER 9595
24

25            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED WITH COMPUTER

```
1

2          APPEARANCES (CONTINUED)

3

4          FOR THE PLAINTIFFS:     ROBBINS, GELLER, RUDMAN & DOWD
                                   BY:  MARK DEARMAN
5                                  120 EAST PALMETTO PARK ROAD, SUITE 500
                                   BOCA RATON, FLORIDA  33432
6

7          FOR THE DEFENDANT:      GIBSON, DUNN & CRUTCHER
                                   BY:  CHRISTOPHER CHORBA
8                                  333 SOUTH GRAND AVENUE
                                   LOS ANGELES, CALIFORNIA  90071
9
                                   BY:  G. CHARLES NIERLICH
10                                      ALEX HARRIS
                                   555 MISSION STREET
11                                 SAN FRANCISCO, CALIFORNIA  94105

12         ALSO PRESENT:           THE BRANDI LAW FIRM
                                   BY:  TERENCE D. EDWARDS
13                                 354 PINE STREET, THIRD FLOOR
                                   SAN FRANCISCO, CALIFORNIA  94104
14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1      SAN JOSE, CALIFORNIA                    JUNE 19, 2018

 2                      P R O C E E D I N G S

 3          (COURT CONVENED AT 10:08 A.M.)

 4               THE COURT:  THANK YOU.  PLEASE BE SEATED.

 5          LET'S CALL OUR MORNING CALENDAR.  THIS IS 18-MD-2827.

 6      IT'S IN RE: APPLE DEVICE LITIGATION.

 7               AND LET ME -- WHY DON'T I START WITH DEFENSE COUNSEL,

 8      PLEASE.

 9               MR. CHORBA:  GOOD MORNING, YOUR HONOR.  PLEASURE TO

10      BE BEFORE YOU AGAIN.

11          CHRIS CHORBA, CHARLES NIERLICH, AND ALEX HARRIS ON BEHALF

12      OF DEFENDANT APPLE.

13               THE COURT:  THANK YOU.  GOOD MORNING.

14               MR. NIERLICH:  GOOD MORNING, YOUR HONOR.

15               THE COURT:  AND PLAINTIFFS.

16               MR. MOLUMPHY:  GOOD MORNING, YOUR HONOR.

17          MARK MOLUMPHY AND JOSEPH COTCHETT, COTCHETT, PITRE &

18      MCCARTHY, FOR THE PLAINTIFFS.

19               THE COURT:  THANK YOU.  GOOD MORNING.

20               MR. KING:  GOOD MORNING, YOUR HONOR.

21          LAURENCE KING AND DAVID STRAITE FOR PLAINTIFFS.

22               THE COURT:  THANK YOU.  GOOD MORNING.

23               MR. DEARMAN:  YOUR HONOR, GOOD MORNING.

24          MARK DEARMAN FOR THE PLAINTIFFS.

25               THE COURT:  THANK YOU.  GOOD MORNING.
```

1          MS. BIEHL:  I'M STEPHANIE BIEHL.  I'M ALSO WITH

2     COTCHETT, PITRE & MCCARTHY.

3          THE COURT:  THANK YOU.  I'M HAPPY TO HAVE YOU HERE.

4       ANYONE ELSE THAT WE SHOULD IDENTIFY FOR THE RECORD WHO'S

5     HERE FOR EITHER PARTY?  YES, SIR?

6          MR. EDWARDS:  I'M TERRY EDWARDS FROM THE BRANDI FIRM.

7     I REPRESENT THE PLAINTIFFS IN THE STATE COURT ACTION.

8          THE COURT:  THANK YOU.  THANK YOU FOR BEING HERE.

9       WE HAVE SOME MATTERS ON CALENDAR --

10       IS THERE ANYONE APPEARING TELEPHONICALLY?  LET ME ASK.

11       I HEAR NO RESPONSE.

12       WE HAVE SOME MATTERS ON CALENDAR.  LET ME TALK ABOUT,

13     FIRST OF ALL, THERE WERE SOME DISCOVERY MOTIONS, I THINK, THAT

14     PLAINTIFFS HAD FILED, AND MOTIONS TO COMPEL, AND CAN I JUST

15     TELL YOU JUST TO SHORT -- I THINK IT'S -- WHAT I'D LIKE TO DO

16     IS TO GET THE COMPLAINT FILED, AND I THINK THAT'S APPROPRIATE

17     TO HAVE THAT DONE AND HAVE YOU MEET AND CONFER.  I THINK THAT'S

18     COMING UP IN A MATTER OF DAYS, ISN'T IT?  IS IT JULY 2?

19          MR. COTCHETT:  YES.

20          THE COURT:  I THINK IT'S PROBABLY BEST TO ALLOW

21     PLAINTIFFS TO PUT THE COMPLAINT TOGETHER AND THEN IDENTIFY --

22     AS YOU RECALL WHEN WE FIRST MET, WHAT I'D LIKE TO HAVE IS

23     IDENTIFICATION OF THE TWO, THREE, FOUR, WHATEVER THE STRONGEST

24     CLAIMS THAT PLAINTIFFS WOULD LIKE TO ADVANCE.

25          MY THOUGHT IS THAT WE COULD PROCEED WITH THOSE CLAIMS, IF

1      IT'S POSSIBLE, I'D LIKE TO PROCEED WITH THOSE CLAIMS, AND IF

2      THERE ARE ANY OTHERS THAT ARE, I DON'T WANT TO SAY LESS

3      IMPORTANT, BUT AT LEAST NOT AS IMPORTANT TO THE CASE AT THIS

4      POINT, WE CAN DEFER ANY ACTION ON THOSE.

5           BUT AS TO THOSE CLAIMS THAT YOU IDENTIFY, I THINK THAT

6      WOULD BE APPROPRIATE TO FOCUS, AND THEN WE COULD LOOK AT THE

7      ISSUES OF DISCOVERY, THAT INFORMATION THAT THE DEFENDANT WOULD

8      PROVIDE AT THAT POINT.

9           JUST TO COMMENT ON THE MOTION, I UNDERSTAND THERE'S SOME

10     INVESTIGATIVE REPORTS THAT I THINK THE PLAINTIFFS WOULD LIKE TO

11     GET AHOLD OF.

12           MR. KING:  YES.

13           THE COURT:  AND MY SENSE IS THAT THOSE ARE NOT GOING

14     TO DEGRADE IN ANY WAY.  THEY'RE NOT GOING TO -- THERE'S NOT

15     GOING TO BE ANY SPOLIATION ISSUE.

16           I THINK THE DEFENSE KNOWS THE RISKS OF ANY SPOLIATION OR

17     ANY OF THAT, SO I JUST WANTED TO ASK THAT.  IS THERE ANY

18     CRITICAL ISSUE ABOUT THAT?  IS IT LIKE THE BATTERIES THAT ARE

19     GOING TO DEGRADE IN SOME MANNER, OR --

20           MR. CHORBA:  YOUR HONOR, AGAIN, CHRIS CHORBA.

21           ABSOLUTELY NOT.  AND IT'S QUITE A DIFFERENT -- OR IT'S AN

22     IMPORTANT DISTINCTION BETWEEN THE BATTERIES, WHICH WE ACTUALLY

23     DO WANT TO ACCELERATE AND HAVE THAT DISCUSSION WITH PLAINTIFFS'

24     COUNSEL.

25           BUT, NO, THE DOCUMENTS WILL BE PRESERVED AND THERE'S

1    ABSOLUTELY NO RISK.  IN FACT, SOME OTHER COURTS THAT HAVE

2    ADDRESSED SIMILAR REQUESTS HAVE NOTED THAT THERE'S NO RISK THAT

3    THOSE DOCUMENTS WON'T BE AVAILABLE ONCE THE COMPLAINT IS FILED.

4         THE COURT:  AND I THINK YOU'RE ON NOTICE, THE DEFENSE

5    IS ON NOTICE, AT LEAST ABOUT THE REQUESTS.  SO TO THE EXTENT

6    THAT THE DEFENSE -- I CAN'T TELL YOU HOW TO RUN YOUR SHOP --

7    BUT MY SENSE IS THAT, RECOGNIZING THAT THERE'S GOING TO BE A

8    REQUEST FOR THAT, CERTAINLY THAT ORGANIZATION CAN BE CONDUCTED.

9         MR. CHORBA:  ABSOLUTELY, YOUR HONOR.

10         MR. KING:  VERY BRIEFLY, YOUR HONOR, LAURENCE KING

11    FOR PLAINTIFFS.

12      WE HEAR YOUR HONOR'S INCLINATION WITH THIS ISSUE AND

13    THAT'S FINE.

14      I WOULD ASK, THOUGH, IF THE COURT MIGHT INQUIRE OF APPLE

15    COUNSEL WHAT INVESTIGATIONS ARE AT ISSUE WHERE THEY MAY HAVE

16    PRODUCED DOCUMENTS SO WE UNDERSTAND WHAT THE, WHAT THE UNIVERSE

17    IS THAT WE'RE TALKING ABOUT, BECAUSE WE HAVEN'T BEEN ABLE TO

18    GET AT LEAST THAT INFORMATION.

19      WE UNDERSTAND YOUR HONOR'S INCLINATION IS THAT THEY DON'T

20    NEED TO PRODUCE THE DOCUMENTS NOW, BUT WE THINK IT WOULD BE

21    REASONABLE AND HELPFUL FOR THE COURT AND THE PARTIES IF WE KNOW

22    WHAT THE INVESTIGATIONS ARE THAT ARE AT ISSUE.

23         MR. CHORBA:  YOUR HONOR, INVESTIGATIONS AS TO WHAT?

24    I THINK IT GOES BACK TO YOUR POINT.  APPLE IS A GLOBAL COMPANY.

25    IT'S ENGAGED WITH DISCUSSIONS WITH REGULATORS AROUND THE WORLD.

1      WE'D LIKE TO KNOW EXACTLY WHAT WE'RE DEALING WITH BEFORE WE DO

2      THIS.

3              THERE'S REALLY TWO BIG ISSUES WITH THE REQUEST FROM OUR

4      PERSPECTIVE.  THERE'S THE POINT ABOUT HAVING THE COMPLAINT,

5      WHICH YOUR HONOR, WE HAD TO FILE OUR OPPOSITION AND REFER TO

6      PLAINTIFFS' COUNSEL.  WE DON'T EVEN KNOW WHO THE PLAINTIFFS

7      ARE.  SO IT'S REALLY INEQUITABLE AT THIS POINT TO HAVE

8      COMPLETELY ONE-SIDED DISCOVERY.

9              BUT AN EQUALLY AND MORE IMPORTANT CONCERN THAT WE HAVE IS

10     THAT THERE ARE ISSUES OF INTERNATIONAL COMITY THAT ARE RAISED

11     WITH THIS PARTICULAR REQUEST.

12             SOME OF THESE REGULATIONS OR INVESTIGATIONS MAY BE

13     CONFIDENTIAL.  THEY'RE NOT PUBLIC.  APPLE MAY BE REQUIRED,

14     UNDER THESE VARIOUS JURISDICTIONS' LAWS, TO ACTUALLY NOTIFY THE

15     REGULATOR ABOUT SUCH A REQUEST.

16             SO UNFORTUNATELY, THIS IS A REAL PROBLEM FOR US TO SIT

17     HERE IN AN OPEN COURT AND BASICALLY IDENTIFY FOR THE FIRST TIME

18     INVESTIGATIONS WHICH THEMSELVES MAY BE CONFIDENTIAL.

19             AND THAT'S WHY WE THINK -- ONE OF THE PROBLEMS WITH THE

20     REQUEST IS "GIVE US EVERYTHING THAT YOU'VE EXCHANGED WITH

21     REGULATORS."  TO THE EXTENT THEY WANT US, THROUGH AN

22     INTERROGATORY OR OTHER MEANS, TO IDENTIFY THOSE REGULATIONS,

23     THEY SHOULD SERVE A REQUEST, WE SHOULD BE ABLE TO RESPOND TO

24     IT, AND THAT INFORMATION THAT WE'RE ABLE TO PROVIDE, SUBJECT TO

25     A CONFIDENTIALITY ORDER, WE WILL DO.

1        IF THERE ARE OBLIGATIONS WITH THESE VARIOUS REGULATORS

2   AROUND THE WORLD, WE WANT TO BE ABLE TO ENGAGE IN A DIALOGUE

3   WITH THEM, PUT THEM ON NOTICE, AND GIVE THEM AN OPPORTUNITY.

4        IN OTHER MDL'S, COURTS HAVE SET UP PROCESSES, IN CAMERA

5   PROCESSES WHERE IF ANY REGULATOR HAS A CONCERN, WITHOUT THE

6   PARTIES PRESENT, THEY CAN COME FORWARD TO THE COURT AND RAISE

7   THOSE CONCERNS AND THEN THE COURT CAN MAKE A DECISION ABOUT

8   WHETHER OR NOT IT NEEDS TO BE DISCLOSED TO THE OPPOSING

9   COUNSEL.

10        SO WE THINK ALL OF THIS IS PREMATURE.  FROM WHAT WE'VE

11   LEARNED FROM OUR DISCUSSIONS WITH PLAINTIFFS' COUNSEL, THERE

12   MAY OR MAY NOT BE CLAIMS ASSERTED ON BEHALF OF FOREIGN

13   PLAINTIFFS.  THERE ARE JURISDICTIONAL ISSUES WITH THAT.

14        SO WE THINK ALL OF THIS SHOULD START WITH THE COMPLAINT.

15   WHEN WE GET THE COMPLAINT, WE CAN THEN MEET AND CONFER.

16        WE NOW HAVE AGREED ON A DISCOVERY REFEREE.  WE CAN PRESENT

17   ANY DISPUTES EITHER TO YOUR HONOR OR TO JUDGE WESTERFIELD, THE

18   AGREED REFEREE, AND THEN GO FROM THERE.

19        THE COURT:  THANK YOU.  I WANT TO TALK ABOUT THE

20   REFEREE IN JUST A MOMENT.

21        BUT IT SEEMS LIKE, IF YOU'LL PARDON ME, WE'RE KIND OF

22   DANCING AROUND THE ISSUE.  I THINK YOU BOTH KNOW WHAT THIS

23   LAWSUIT IS ULTIMATELY GOING TO BE ABOUT.

24        I THINK THE DEFENSE, YOU PROBABLY HAVE AN IDEA OF THE

25   CATEGORY OF INVESTIGATION THAT YOU NEED TO DO, AS WELL AS

1    THE -- AND THANK YOU FOR INFORMING ABOUT THE INTERNATIONAL

2    IMPLICATIONS AND LIMITATIONS THAT PRESENT FOR YOU.  THAT'S

3    IMPORTANT FOR US TO KNOW ALSO.

4        TO THE EXTENT THAT THERE ARE REPORTS AND OTHER

5    INVESTIGATION THAT THE DEFENSE HAS THAT DOES NOT FALL UNDER ONE

6    OF THOSE AREAS AND ISSUES THAT YOU NEED TO PROTECT YOURSELF,

7    AND OF COURSE YOUR CLIENT FOR, MY SENSE IS THE WORK CAN BE DONE

8    TO START COLLECTING THAT SO THE PLAINTIFFS CAN AT LEAST HAVE

9    SOME OF THAT AT HAND.

10        AND I KNOW IT TAKES SOME TIME TO GET THAT DONE.

11        BUT YOU CERTAINLY KNOW WHAT THEY'RE GOING TO -- YOU HAVE A

12    GOOD IDEA WHAT THEY'RE GOING TO WANT.

13            MR. CHORBA:  WE --

14            THE COURT:  AND --

15            MR. CHORBA:  I'M SORRY, YOUR HONOR.

16            THE COURT:  NO.

17            MR. CHORBA:  WE DO IN THE MOST BROADEST OF SENSE.

18        BUT THERE HAVE BEEN MANY, MANY DIFFERENT THEORIES.  AGAIN,

19    WE HAD 60 COMPLAINTS.  CERTAINLY EVERYONE AGREES THERE'S

20    SUFFICIENT OVERLAP AND SIMILARITY FOR PURPOSES OF

21    CONSOLIDATION.

22        BUT YOU MAY RECALL AT THE LAST HEARING, ONE OF THE

23    COMPETING GROUPS OF LEAD COUNSEL REALLY TRIED TO DISTINGUISH

24    THEIR BID, SO TO SPEAK, BECAUSE THEY WERE PURSUING CLAIMS ON

25    BEHALF OF IPHONE DEVICES OLDER THAN THE IPHONE 6.

1          WE HAVE DIFFERENT THEORIES OF RELIEF.

2          AGAIN, AT THE VERY FIRST HEARING ON FEBRUARY 21ST, COUNSEL

3   WHO'S NO LONGER PURSUING CLAIMS IN THIS CASE, THEY'VE NOW GONE

4   INTO STATE COURT, THE HARVEY PLAINTIFFS, WERE BASICALLY

5   CLAIMING THIS IS A BATTERY DEFECT ISSUE.

6          YOU HAD OTHER COUNSEL AT THAT HEARING STAND UP AND SAY,

7   NO, IT'S NOT A BATTERY DEFECT ISSUE.

8          SO I UNDERSTAND AT LARGE WHAT WE'RE TALKING ABOUT.  BUT

9   AGAIN, WE'D LIKE TO SEE WHAT THOSE THEORIES ARE, BECAUSE I CAN

10  TELL YOU -- I CAN REPRESENT TO THIS COURT, WITHOUT REVEALING

11  ANY CONFIDENCES, THAT GLOBALLY THIS IS BEING EXAMINED FROM MANY

12  DIFFERENT ANGLES, FROM MANY DIFFERENT PERSPECTIVES, PURSUANT TO

13  MANY DIFFERENT STATE LAWS, OR COUNTRY'S LAWS, LAWS THAT JUST

14  DON'T EXIST IN THE UNITED STATES, FOR EXAMPLE.

15          THE COURT:  OKAY.  THANK YOU.

16          MR. KING:  TWO QUICK POINTS, YOUR HONOR.

17          FIRST, IN A RECENT FILING IN THE STATE COURT ACTION, WHICH

18  COUNSEL REFERRED TO, APPLE COUNSEL REFERRED TO THE ALLEGATIONS

19  IN THE 60-PLUS COMPLAINTS AS IDENTICAL ALLEGATIONS, EVEN THOUGH

20  THEY HAVE NOW NITPICKED FOR THIS FILING SOME VERY SMALL

21  DIFFERENCES.

22          AND MY SECOND POINT RELATED TO THAT IS, FACED WITH A

23  SIMILAR SITUATION IN THE LITHIUM ION BATTERY CASE,

24  JUDGE GONZALEZ ROGERS ACROSS THE BAY, WHERE THERE WERE 70

25  COMPLAINTS WITH SOME SMALL NON-UNIFORMITIES, HELD THAT THE

1        EARLY DISCOVERY SHOULD BE PRODUCED.

2             AND AS TO THE DIFFERENCES BETWEEN THE COMPLAINTS, SHE

3        HELD, QUOTE, "THESE ARE DISTINCTIONS WITHOUT A DIFFERENCE

4        BEARING ON THE DISCOVERY REQUESTS THEMSELVES."

5             SO THERE IS PRECEDENT FOR THAT, AND MANY OTHER CASES WHICH

6        WE CITED IN OUR PAPERS.

7                 THE COURT:  I'M SURE THERE ARE.  I'M SURE THERE ARE.

8        AND I DON'T KNOW IF MY DEAR COLLEAGUE'S CASE HAD THE SAME

9         INTERNATIONAL IMPLICATIONS -- PERHAPS IT DID -- AND THE SAME

10        RESTRAINTS ON DEFENDANTS.

11             SO THAT'S GOOD TO KNOW, THOUGH.  I APPRECIATE YOUR

12        ASSISTANCE IN THAT REGARD.

13             WHAT I'D LIKE TO DO HERE -- JULY 2 IS COMING QUICKLY UPON

14        US.  I THINK THAT'S IN ABOUT A WEEK AND A HALF, SEVEN, EIGHT,

15        NINE, TEN DAYS, SOMETHING LIKE THAT.  I DON'T THINK YOUR CASE

16        IS GOING TO -- PLAINTIFFS' CASE IS GOING TO BE DETRIMENTALLY

17        IMPACTED IF WE WAIT UNTIL THAT DATE TO GET AT LEAST THE

18        COMPLAINT FILED.

19             AND I -- LET ME JUST -- I WANT TO THANK BOTH OF YOU, BOTH

20        SIDES HERE, FOR YOUR ENTHUSIASM FOR ADVANCING THE CASE.  THAT'S

21        IMPORTANT.  THAT'S WHAT I'D LIKE TO DO AS WELL, KEEP IT ON THAT

22        TRACK.

23             LET ME -- LET ME RETURN TO THE DISCUSSION -- IS THIS A

24        DISCOVERY REFEREE THAT YOU HAVE AGREED ON?

25                 MR. CHORBA:  YES, YOUR HONOR.

1          THE COURT:  WHY DON'T YOU TELL ME ABOUT THAT?

2          MR. KING:  SURE.  MR. COTCHETT WILL ADDRESS THAT

3     ISSUE FOR THE PLAINTIFFS.

4          THE COURT:  OH, OKAY.

5          MR. CHORBA:  WHILE HE'S COMING UP, YOUR HONOR, I

6     THINK A LOT OF THIS WAS ON AN ACCELERATED BASIS FOR TODAY.

7          BUT YESTERDAY AFTERNOON WE GOT BACK -- MR. COTCHETT HAD

8     PROPOSED FOUR NOMINEES A COUPLE MONTHS AGO, REFINED HIS LIST

9     AFTER THEY WERE APPOINTED LEAD COUNSEL, AND JUST YESTERDAY --

10    AGAIN, IT TOOK US TIME.  IT TOOK US, FRANKLY, A BIT LONGER THAN

11    WE HAD WANTED, AND THE REASON WHY IS WE DIDN'T WANT TO JUST

12    REJECT ALL FOUR.  WE HAD PROPOSED OUR NAMES, THEY PREFERRED

13    SOMEONE UP NORTH, SO IT TOOK US A LITTLE BIT OF TIME TO CONFER

14    WITH OUR CLIENT, BUT WE'VE AGREED TO ONE OF THE NOMINEES FROM

15    MR. COTCHETT'S LIST.

16         SO FROM OUR PERSPECTIVE, AS PLAINTIFFS SAID IN THEIR

17    FILING YESTERDAY, THE NEXT STEP IS PREPARE A STIPULATION, THERE

18    ARE CERTAIN FINDINGS THAT THE COURT NEEDS TO MAKE UNDER THE

19    RULE, AND WE THINK THAT'S SOMETHING WE CAN DO THIS WEEK.

20         THE COURT:  OKAY, GREAT.

21         MR. COTCHETT:  WE DO, AND WE'LL HAVE THAT BY FRIDAY.

22         WE PROPOSED FOUR PEOPLE A WHILE AGO.  WITH ALL DUE RESPECT

23    TO COUNSEL, THEY DID TAKE SOME TIME.

24         AFTER WE FILED -- WE WOULDN'T HAVE BURDENED THE COURT WITH

25    THIS -- AFTER WE FILED YESTERDAY, WE RECEIVED A LETTER FROM

1    THEM ACCEPTING ONE OF OUR NOMINEES, REBECCA WESTERFIELD, WHO,

2    BY THE WAY, IS OUTSTANDING.

3        I THINK BOTH SIDES WILL ACCEPT HER AND WE WILL PUT

4    TOGETHER THE PROTOCOL THAT WE NEED FOR HER.  WE'LL DO THAT BY

5    FRIDAY.  I'LL MEET WITH COUNSEL, WE'LL SET UP HER REMUNERATION

6    IN WHATEVER WAY WE HAVE TO DO.

7        MY OPINION HERE, AND I JUST WANT TO PUT IT ON THE RECORD,

8    WAS I THINK WE OUGHT TO HAVE MORE THAN ONE, BUT LET'S START

9    WITH ONE AND SEE HOW IT WORKS OUT.  IT IS A VERY LARGE CASE AND

10   IT COULD BE A TEAM OF TWO OR THREE, WE SUGGESTED.

11       SO YOU KNOW IF -- YOU SAW THE PAPERS.  WE SUGGESTED

12   READ AMBLER.  OUR FOURTH -- TWO FORMER CHIEF JUDGES, WARE

13   AND --

14           MR. CHORBA:  WALKER.

15           MR. COTCHETT:  WALKER, VAUGHN WALKER.

16       THEY'VE SELECTED -- EXCUSE ME.  THEY'VE AGREED TO

17   REBECCA WESTERFIELD.  WE'LL START WITH HER AND WE'LL GET IT

18   DONE.

19           THE COURT:  ALL RIGHT.  THANK YOU.

20       TODAY I WAS GOING TO ADVANCE OUR MAGISTRATE JUDGE, NEWEST

21   MAGISTRATE JUDGE, JUDGE DEMARCHI HERE.  SHE'S CONVENIENT, SHE'S

22   IN THE BUILDING, AND SHE'S RIGHT NEXT DOOR TO ME, SO SHE'S IN

23   THE SAME NEIGHBORHOOD.  BUT I WANTED TO ASK YOU ABOUT THAT.

24   PERHAPS SHE COULD STILL BE USEFUL TO YOU.

25           MR. COTCHETT:  SURE.

1          THE COURT:  SO I WANTED TO ADVANCE THAT.

2          MR. COTCHETT:  THAT WOULD BE FABULOUS, BECAUSE I

3    TRULY BELIEVE DOWNSTREAM WE'RE GOING TO HAVE SO MANY ISSUES,

4    WE'RE GOING TO NEED TWO OR THREE, AND THAT WOULD BE MARVELOUS

5    TO GET HER ON BOARD.

6          THE COURT:  AND SHE IS, AS YOU KNOW, NEW TO OUR

7    COURT, BUT NOT TO THE PRACTICE.  SHE'S HANDLED MANY, MANY

8    CASES.

9          MR. COTCHETT:  SURE.

10          THE COURT:  I'M SURE YOU'RE FAMILIAR WITH HER.  AND I

11    WOULD -- I WAS GOING TO TALK ABOUT HER TODAY BECAUSE, THE WAY

12    THESE APPOINTMENTS WORK, HER CALENDAR IS NOT QUITE FULL YET.

13      (LAUGHTER.)

14          MR. COTCHETT:  IT WILL BE SHORTLY THOUGH, YOUR HONOR.

15          THE COURT:  I EXPECT IT WILL.  BUT SHE HAS A LOT OF

16    TIME ON HER HANDS THAT SHE COULD DEVOTE TO THIS CASE.

17          MR. COTCHETT:  OKAY.  SO THEN WE'LL MOVE AHEAD WITH

18    JUDGE WESTERFIELD, WE'LL PUT TOGETHER A PROTOCOL, THEN WE WILL

19    SUBMIT IT TO YOU FOR REVIEW WITH YOUR MAGISTRATE JUDGE, AND

20    THEY'LL WORK TOGETHER AND THERE WE ALREADY HAVE A TEAM OF TWO I

21    WOULD THINK.

22          THE COURT:  GREAT.

23          MR. COTCHETT:  YOU'RE FAMILIAR WITH

24    JUDGE WESTERFIELD?

25          THE COURT:  YES.

1          MR. CHORBA:  YOUR HONOR, I CAN'T CLAIM TO HAVE THE

2    LENGTH OF MR. COTCHETT'S EXPERIENCE, BUT PERHAPS --

3          THE COURT:  NOT MANY DO.  NOT MANY DO.

4          MR. CHORBA:  NOT MANY DO, YOUR HONOR.

5      BUT PERHAPS AS A RESULT I'M AN ETERNAL OPTIMIST.  WE HOPE

6    THERE ARE NOT AS MANY DISCOVERY DISPUTES AS THERE HAVE BEEN

7    OVER THE LAST WEEK, AND CERTAINLY IF WE APPOINT A REFEREE, ONE

8    SHOULD BE AMPLY SUFFICIENT.

9      BUT MR. COTCHETT HAS MADE HIS POSITION CLEAR TO US AND HAS

10   RESERVED IT HERE TODAY.  IF ONE PROVES INSUFFICIENT, I THINK

11   THE NEXT STEP IS TO COME BACK TO COURT AND ADDRESS IT.

12          THE COURT:  SURE.  OKAY.

13          MR. COTCHETT:  THANK YOU VERY MUCH, YOUR HONOR.

14          THE COURT:  AS YOU KNOW, IN MOST THINGS, OFTENTIMES

15   THE MOST DIFFICULT THING IS JUST TO GET STARTED --

16          MR. CHORBA:  THAT'S RIGHT.

17          THE COURT:  -- AND I THINK WE'RE ON OUR WAY.  THANK

18   YOU VERY MUCH.

19      THANK YOU, MR. COTCHETT.

20      LET ME TURN TO THE OTHER MATTER THAT I DID WANT TO

21   DISCUSS, AND THAT WAS THE PROTOCOL, THE CASE MANAGEMENT ORDER

22   REGARDING PROTOCOL FOR WORK PERFORMED.

23      AND I'M GOING TO ASK PLAINTIFFS SOME QUESTIONS ABOUT THIS.

24   I THINK WHAT I'M PROBABLY GOING TO WIND UP DOING IS -- AND I

25   APPRECIATE DOCUMENT 109, WHICH WAS THE PROPOSED ORDER THAT WAS

1    FILED, AND EXHIBITS A AND B.  THOSE ARE HELPFUL TO ME.

2        I DID -- AND I'M GOING TO GO THROUGH THIS BRIEFLY.  I DO

3    HAVE SOME, SOME EDITS THAT I'M GOING TO SUGGEST.

4        FIRST OF ALL, LET ME ASK, DO I HAVE A COPY OF DOCUMENT 109

5    IN WORD FORM?  I'D LIKE TO RECEIVE THAT, BECAUSE I ANTICIPATE

6    WHAT'S GOING TO HAPPEN IS I'LL JUST PREPARE A NEW ONE AND THEN

7    SUBMIT IT.

8        MR. DEARMAN:  I BELIEVE YOU DO, BUT WE'LL GET YOU

9    ANOTHER COPY OF THAT TODAY.  WE'LL E-MAIL IT.

10        THE COURT:  GREAT.  THANK YOU.  THAT WOULD BE A GREAT

11    HELP.  I APPRECIATE THAT.

12        I'M LOOKING AT DOCUMENT 109, AND THE FIRST THING THAT I

13    WANT TO TALK ABOUT -- AND THIS WILL PROBABLY INVOLVE YOUR TEAM

14    AS WELL -- I HAVE SOME CONCERNS -- LOWER CASE C, NOT CAPITAL

15    C -- BUT SOME CONCERNS ABOUT THE ONE/ONE/ONE FORMAT THAT YOU

16    SUGGEST, AND THE STRUCTURE -- MY CONCERN ABOUT IT IS THE

17    STRUCTURE, IT SEEMS A LITTLE TOP HEAVY, AND I'M CURIOUS ABOUT

18    WHETHER OR NOT TO LIMIT COUNSEL TO THE ONE/ONE/ONE

19    REPRESENTATION.  I JUST -- IT SEEMS TO ME THAT THAT CREATES

20    THEN A TOP HEAVY BILLING STRUCTURE, IF YOU WILL, AND IT DOESN'T

21    ALLOW FOR BILLING TO GET FILTERED DOWN.

22        AND I WONDER IF A BETTER WAY TO DO THAT IS TO GIVE, TO

23    GIVE YOU AND OTHERS DISCRETION TO GO BEYOND THE ONE/ONE/ONE IN

24    YOUR FIRMS, AND THIS TIES INTO THE EXECUTIVE COMMITTEE AS WELL

25    BECAUSE I DO HAVE SOME CONCERNS ABOUT THAT AS WELL.

1          DO YOU WANT TO TELL ME ABOUT THAT?

2              MR. DEARMAN:  THANK YOU, YOUR HONOR.

3          MARK DEARMAN.

4          I WANT TO MAKE SURE THAT I UNDERSTAND EXACTLY WHAT IT IS

5      THAT YOU'RE SAYING BEFORE I ADDRESS IT.

6              THE COURT:  SURE.

7              MR. DEARMAN:  WHEN YOU ARE REFERRING TO THE

8      ONE/ONE/ONE, ARE YOU REFERRING TO THE LIMITATION THAT WE HAVE

9      IMPOSED WHERE THERE WOULD BE A -- THE APPOINTEE, THERE WOULD BE

10     A JUNIOR ATTORNEY, AND THERE WOULD BE A PARALEGAL?

11             THE COURT:  CORRECT.

12             MR. DEARMAN:  AND ARE YOU SUGGESTING THAT MAYBE THAT

13     LIMITATION NOT BE INCLUDED?

14             THE COURT:  CORRECT.

15             MR. DEARMAN:  OKAY.  WELL, CERTAINLY IF THAT IS YOUR

16     DECISION, WE CAN DO THAT.

17         BUT IF YOU'LL GIVE ME A MOMENT TO TALK TO YOU ABOUT IT --

18             THE COURT:  YEAH, PLEASE.

19             MR. DEARMAN:  -- I'M NOT SURE THAT THIS IS

20     INCONSISTENT, ACTUALLY.

21         WE INCLUDED THAT LIMITATION BECAUSE WE FELT IT IMPORTANT

22     THAT, CONSISTENT WITH THE MANUAL ON COMPLEX LITIGATION, THAT A

23     JUNIOR ATTORNEY WORK ON MATTERS THAT ARE SUITABLE FOR A JUNIOR

24     ATTORNEY AND THAT WE DON'T HAVE A PARTNER, LIKE MR. COTCHETT,

25     REVIEWING DOCUMENTS.

1             NO OFFENSE.

2             AND SO THAT WAS THE PURPOSE OF INCLUDING THAT LIMITATION.

3             YOU HAVE CHARGED ME WITH CERTAIN RESPONSIBILITIES HERE.

4    ONE OF THEM IS TO REVIEW TIME, WHICH WE ARE GOING TO DO, I'M

5    GOING TO DO ON A MONTHLY BASIS AND SUBMIT TO YOU ON A QUARTERLY

6    BASIS, AND I WOULD EXPECT TO SEE A JUNIOR ATTORNEY DOING THINGS

7    THAT A JUNIOR ATTORNEY SHOULD BE DOING.

8             AND LIKEWISE, I WOULD EXPECT NOT TO SEE A SIGNIFICANT

9    AMOUNT OF PEOPLE HAVING TO GET BACK UP TO SPEED ON THIS CASE.

10            AND ONE OF THE REASONS WE DID THIS WAS SO THAT THERE WOULD

11   BE A LIMITATION, A UNIVERSE OF LAWYERS AND PARALEGALS WHO WOULD

12   BE WORKING ON THE CASE AND SO THEY WOULD NOT HAVE TO GET UP TO

13   SPEED BECAUSE YOU USE A NEW INDIVIDUAL EVERY TIME YOU DO

14   SOMETHING BECAUSE THAT'S INEFFICIENT.

15            BUT TO THE EXTENT THAT YOU DON'T THINK WE NEED TO DO THAT,

16   I GUESS WE DON'T HAVE TO.

17            BUT WE REALLY SAW THAT AS A HELPFUL LIMITATION.  WE SAW

18   THAT IN THE SPIRIT OF WHAT THE MANUAL ON COMPLEX LITIGATION

19   SUGGESTS, AND WE BELIEVE -- AND I BELIEVE THAT IT WOULD MAKE MY

20   JOB EASIER AS IT REQUIRES ME TO REVIEW THE BILLS TO ENSURE THAT

21   THESE THINGS ARE BEING HANDLED THAT WAY.

22            FRANKLY, IF THAT WASN'T INCLUDED, I, AS THE PERSON

23   REVIEWING THE BILLS, WOULD BE LOOKING TO MAKE SURE THAT THAT

24   SORT OF THING WAS HAPPENING ANYWAY, THAT JUNIOR ATTORNEYS WERE

25   DOING WHAT JUNIOR ATTORNEYS SHOULD BE DOING AND THE JUNIOR

1    ATTORNEYS WEREN'T BEING SHUFFLED IN AND OUT SO THAT THEY WERE

2    HAVING TO RELEARN THE CASE.

3              THE COURT:  SURE.  I -- NO, I CAPTURE THAT AND I

4    APPRECIATE THE SPIRIT OF WHAT WE'RE TRYING TO DO HERE, AND YOU

5    RECALL OUR CONVERSATION THE FIRST TIME WE TALKED ABOUT FEES AND

6    THOSE TYPES OF THINGS.

7              AND OF COURSE, YOU KNOW, THIS IS NOT AT ALL SAYING

8    PLAINTIFFS' COUNSEL IS NOT ENTITLED TO FEES --

9              MR. DEARMAN:  RIGHT.

10             THE COURT:  -- AT THE APPROPRIATE TIME.

11             BUT THIS IS SAYING, AS THE JUDGE OVERSEEING THE CASE, I DO

12   HAVE TO MANAGE THAT, AND YOU AND I WILL BE PARTNERS IN THAT

13   REGARD.

14             MR. DEARMAN:  YEAH.  AND WE WANT TO DO IT UP FRONT AS

15   OPPOSED TO WHAT WE'VE SEEN IN OTHER CASES WHERE THIS HAPPENS IN

16   THE MIDDLE OF THE CASE OR THE END OF THE CASE.

17             SO BY DOING IT THIS WAY, WE'RE THINKING ABOUT IT AT THE

18   BEGINNING.

19             THE COURT:  SO ONE OF THE THINGS I WAS THINKING ABOUT

20   WITH THE ONE/ONE/ONE MODEL, THE CONCERN I HAD IS, WELL, DOES

21   THAT CREATE A STRUCTURE WHERE THERE IS HEAVY PARTNER BILLING AT

22   THE EXPENSE OF JUNIOR AND PARALEGAL BILLING?

23             IF YOU LIMIT YOURSELF TO ONE JUNIOR, ONE PARALEGAL, THAT

24   SEEMS LIKE THEY'RE GOING TO BE BURDENED AND THE PARTNER IS

25   GOING TO BE DOING SOME OF THAT WORK, EVEN MR. COTCHETT DOING

1    DOCUMENT REVIEW AND BILLING.

2         SO I WONDERING IF GIVING YOU DISCRETION TO EXTEND THAT OUT

3    TO OTHER JUNIORS AND PARALEGALS IN THE FIRMS, IF THAT MIGHT BE

4    OF SOME BENEFIT.

5         I UNDERSTAND FROM -- I HAVE THIS WONDERFUL DIAGRAM THAT

6    ONE OF YOUR COLLEAGUES PRESENTED THE LAST TIME WE WERE HERE

7    (INDICATING).

8              MR. DEARMAN:  YES, YOUR HONOR.

9              THE COURT:  HE DID A GOOD JOB, I THINK.

10             MR. CHORBA:  I'M HAPPY TO SEE YOU KEPT THAT, YOUR

11    HONOR.

12             MR. DEARMAN:  MR. BERMAN DID A VERY NICE JOB, YOUR

13    HONOR.

14             THE COURT:  YES, HE DID, AND I HAVE PREFERRED TO

15    THIS, I HAVE TO TELL YOU.

16             MR. CHORBA:  JUST TO MAKE SURE, IT WAS MR. BERMAN.

17    IT WAS NOT APPLE.

18             MR. DEARMAN:  I DIDN'T SAY THAT.

19         (LAUGHTER.)

20             THE COURT:  RIGHT.  WELL, THAT'LL COME OUT IN THE

21    DISCOVERY.

22             MR. DEARMAN:  YES, THAT WILL.  WE'RE GOING TO ADD

23    THAT TO THE LIST.

24             THE COURT:  YES, RIGHT.

25         BUT I NOTE THAT THE EXECUTIVE COMMITTEE HERE ON THE

1    BOTTOM -- AND IN YOUR PLEADING, IT SUGGESTS THAT FOR OTHER

2    DISCRETE TASKS, THE EXECUTIVE COMMITTEE COULD BE TASKED IN AND

3    SOME OF THAT WORK COULD ASSIGN TO THEM.

4            MR. DEARMAN:  SO I THINK YOU'RE REFERRING TO THE

5    STEERING COMMITTEE.

6            THE COURT:  CORRECT, THE STEERING COMMITTEE.

7            MR. DEARMAN:  AND I WOULD LOOK AT THE STEERING

8    COMMITTEE -- AND THIS IS WHAT WE SAID AND THIS IS WHAT WE

9    INTEND TO DO -- THEY ARE SORT OF ON RESERVE.  THEY'RE AS

10   NEEDED, IF NEEDED.  AND, AGAIN, THAT ALLOWS US TO IDENTIFY --

11   ALLOWS THE COURT TO IDENTIFY WHO IT IS THAT MIGHT BE DOING THAT

12   WORK.

13           THE COURT:  RIGHT.

14           MR. DEARMAN:  BUT TO THE EXTENT THAT -- WE REALLY

15   BELIEVE THAT THE ONE/ONE/ONE WAS GOING TO BE MORE EFFICIENT.

16       TO THE EXTENT THAT YOU BELIEVE THAT THE ONE/ONE/ONE IS

17   GOING TO REQUIRE THE APPOINTEE TO DO MORE WORK, YOU KNOW, YEAH,

18   WE'RE ABSOLUTELY FINE NOT INCLUDING THAT.  WE SORT OF THOUGHT

19   WE WERE, YOU KNOW, WE WERE LIMITING IT.

20       BUT I ABSOLUTELY SEE YOUR POINT AND WE'D BE HAPPY TO TAKE

21   THAT OUT.

22       AND I ALSO REPRESENT TO THE COURT THAT, AS PART OF MY

23   RESPONSIBILITIES, I WILL BE MAKING SURE THAT, YOU KNOW, THINGS

24   ARE HAPPENING EFFICIENTLY AND THERE'S NO DUPLICATION.

25           THE COURT:  I APPRECIATE THAT.  THANK YOU.

1       ONE THING ABOUT THE STEERING COMMITTEE, THAT PART, WHEN IT

2   BECOMES NECESSARY -- THIS IS YOUR BULLPEN.

3           MR. DEARMAN:  YES.

4           THE COURT:  AND WHEN IT BECOMES NECESSARY TO GO TO

5   THE BULLPEN -- AND I DON'T MEAN TO DISPARAGE THE STEERING

6   COMMITTEE AT ALL, I'M JUST USING THAT COMMENT HERE.

7           MR. DEARMAN:  YES, YOUR HONOR.

8           THE COURT:  A QUESTION I HAD, A CONCERN I HAD WAS,

9   WELL, DOES THAT MEAN THAT THE TASK IS GOING TO GO TO A PARTNER

10   AT THE STEERING COMMITTEE, THE PARTNER IS GOING TO REVIEW THAT

11   AND THEN SEND IT TO SOMEBODY ELSE, A JUNIOR WHO'S GOING TO DO

12   THE WORK, AND THEN THE PARTNER IS GOING TO REVIEW THE WORK

13   AGAIN?  DO YOU SEE?  ARE WE GOING TO BE HAVING BUILDING BLOCKS

14   OF BILLING FOR THAT, OR IS THERE AN EFFICIENT METHOD TO

15   ACCOMPLISH THAT?

16       I SUPPOSE, TO ANSWER MY OWN QUESTION, WHAT I MIGHT DO IS,

17   FOR USE OF THE STEERING COMMITTEE, I MIGHT TASK YOU, SIR, TO

18   INDICATE THE DISCRETE TASKS THAT ARE BEING ASSIGNED, WHY THE

19   OTHER PARTNERS OR JUNIORS COULD NOT DO THAT, AND THE

20   EFFICIENCIES OF ASSIGNING IT IN THAT MANNER JUST SO THAT

21   THERE'S SOME RECORDATION OF THAT PROCESS AND MEMORIALIZATION OF

22   THAT.

23           MR. DEARMAN:  ABSOLUTELY, AND I'M WILLING TO DO THAT.

24       SO TO THE EXTENT THAT THE STEERING COMMITTEE IS PROVIDED A

25   DISCRETE TASK, I WILL MAKE SURE TO KNOW WHY THEY ARE DOING IT

1  AND HOW THEY ARE DOING IT SO THAT IT IS HANDLED IN AN EFFICIENT

2  MANNER.

3  AND I CAN GIVE YOU AN EXAMPLE.  NOW WE'RE PREPARING A

4  CONSOLIDATED COMPLAINT.

5  THE COURT:  RIGHT.

6  MR. DEARMAN:  AND AS PART OF THAT CONSOLIDATED

7  COMPLAINT, WE ARE INCLUDING PLAINTIFFS AND THERE IS A PROCESS

8  WE GO BY TO DETERMINE WHICH PLAINTIFFS -- WITHOUT PROVIDING ANY

9  WORK PRODUCT -- AND THAT INVOLVING NOT JUST PEC MEMBERS, BUT

10  ALSO PSC MEMBERS WHO HAVE RELATIONSHIPS WITH PLAINTIFFS.

11  THAT WOULD BE A SITUATION I COULD COME IN FRONT OF YOU AND

12  SAY, "WELL, THE REASON YOU SEE THERE'S SOME PEC TIME THERE IS

13  BECAUSE IT WAS THEIR CLIENTS AND WE'RE HAVING CONVERSATIONS."

14  THE COURT:  GOT IT.  THAT'S HELPFUL.

15  AND THIS IS ALL -- AND AGAIN, I APPRECIATE THE SPIRIT OF

16  THIS, LET'S IDENTIFY THIS UP FRONT, BECAUSE AS YOU POINT OUT,

17  AND I THINK MR. COTCHETT POINTS OUT, WE DON'T WANT TO DO THIS

18  IN THE MIDDLE OF THE STREAM HERE.  WE DON'T WANT TO CHANGE OARS

19  AND RUDDERS MIDSTREAM.  THAT'S GOING TO CREATE A LOT OF WORK

20  THAT WE'D JUST AS SOON NOT DO.

21  IF WE GET THE PARAMETERS DOWN SO AT LEAST WE HAVE A COMMON

22  UNDERSTANDING OF WHAT I EXPECT AND YOU EXPECT, YOU CAN DIRECT

23  TO YOUR TEAM, "THIS IS WHAT I EXPECT AS LEADER OF THE TEAM,"

24  THEY'LL FOLLOW SUIT FROM YOU, I'M CERTAIN.

25  MR. DEARMAN:  YES, YOUR HONOR.

```
 1              THE COURT:  GO AHEAD.

 2              MR. DEARMAN:  NO, I --

 3              THE COURT:  OKAY.  I'M READY TO TOUCH ON A COUPLE OF

 4         OTHER THINGS.

 5           CAN YOU HELP ME WITH THE OVERLAP OF SECTIONS D, D DAVID,

 6         AND E EDWARD?

 7              MR. DEARMAN:  YES, ABSOLUTELY.

 8           I DON'T THINK THAT THERE'S ANY DUPLICATION.

 9           BUT FIRST, I THANK MR. CHORBA FOR POINTING OUT A FEW TERMS

10         THAT WERE USED IN THE PROTOCOL THAT MAYBE ARE NOT NEEDED AND

11         CAN BE STRICKEN, AND I WOULD ASK THE COURT -- THERE WAS SOME

12         DISCUSSION ABOUT INDIRECT PURCHASERS AND DIRECT PURCHASERS AND

13         SOME GROUPS.

14              THE COURT:  RIGHT.

15              MR. DEARMAN:  IN THE VERSION THAT I SEND YOU TODAY,

16         THE WORD VERSION, I WOULD ALSO, IF YOU WOULD LIKE, SEND YOU A

17         RED LINE WHICH TAKES OUT THOSE TERMS BECAUSE THEY AREN'T NEEDED

18         HERE.

19           OR YOU CAN DO IT, BUT I'M HAPPY TO DO IT AND SHOW YOU WHAT

20         I DID.

21              THE COURT:  SURE.  WHY DON'T YOU SHOW ME YOUR WORK

22         PRODUCT AND I'LL WORK FROM THAT?

23              MR. DEARMAN:  PERFECT.  WHAT I'LL DO IS I'LL SEND YOU

24         THE DOCUMENT AND I'LL SEND YOU A PDF WHICH SHOWS YOU WHAT WE

25         REMOVED, WHICH ARE JUST THOSE TERMS, AND THAT MIGHT CLARIFY
```

1     SOME OF THEM.

2          MR. CHORBA:  I'M SORRY.  WOULD YOU MIND JUST MAKING

3     SURE WE GET A COPY OF THAT AS WELL?

4          MR. DEARMAN:  ABSOLUTELY.

5          MR. CHORBA:  THANK YOU.

6          MR. DEARMAN:  ABSOLUTELY.

7     SO I BELIEVE APPLE HAD RAISED THE ISSUE AS TO WHETHER OR

8     NOT THERE IS SOME CONFLICT BETWEEN D AND E ON PAYMENT AND

9     ALLOCATION AND COMPENSABLE WORK.

10    THE FIRST THING THAT WE -- THAT I WANT TO MAKE CRYSTAL

11    CLEAR, AND I THINK THE PROTOCOL MAKES IT CLEAR, IS THAT YOU

12    HAVE THE PLENARY AUTHORITY ON THE ISSUE OF FEES AND COSTS IN

13    THIS, THAT THE PROTOCOL PROVIDES A PROCESS BY WHICH THE

14    CO-LEADS AND MYSELF WILL ENSURE AN EFFICIENT LITIGATION AND

15    WILL ATTEMPT TO DETERMINE WHAT FEES AND COSTS WE'RE GOING TO

16    SUBMIT TO YOU FOR YOUR APPROVAL, BUT IT'S FOR YOUR APPROVAL.

17    WE'RE NOT SUGGESTING ANYWHERE IN HERE THAT YOU'RE JUST

18    AUTOMATICALLY SAYING THAT IF WE LIKE IT, YOU LIKE IT.  THAT'S

19    NOT THE CASE, THAT WAS NOT THE INTENTION, AND I DON'T THINK IT

20    DOES THAT.

21    AS FAR AS COMPENSABLE WORK, IT IS WORK THAT IS BEING DONE

22    FOR THE COMMON BENEFIT, AND IT SPECIFICALLY SAYS THAT IF WORK

23    IS BEING DONE FOR THE COMMON BENEFIT, THEN IT WILL BE -- IT

24    WILL BE ELIGIBLE FOR CONSIDERATION.

25    AND SO THAT IS SORT OF THE WAY D AND E WORK.  D SAYS THAT

1    CO-LEAD COUNSEL SHALL HAVE THE RESPONSIBILITY -- AND THIS IS

2    THE PAYMENT AND ALLOCATION, AGAIN, WHICH GOES TO THE POINT THAT

3    I MADE.

4         BUT IT ALSO TALKS ABOUT COMMON BENEFIT WORK AND, AGAIN,

5    IT'S IF THERE IS COMMON BENEFIT WORK THAT IS ELIGIBLE FOR

6    CONSIDERATION BY THE CO-LEADS AND MYSELF, THOSE WILL BE THE

7    FEES AND EXPENSES THAT ARE SUBMITTED TO THE COURT.  THAT IS ALL

8    THAT WAS INTENDED.

9         SECTION E DEFINES COMPENSABLE WORK AS AUTHORIZED BY

10   CO-LEAD COUNSEL, THE CHAIR OF THE PEC, AND IT SAYS, "WHICH IS

11   IN THE COMMON INTEREST OF THE PLAINTIFFS' GROUPS," AND THAT'S

12   ONE OF THE TERMS THAT WE WILL REMOVE BECAUSE THERE ARE NO

13   PLAINTIFFS' GROUPS NOW, THERE ARE JUST PLAINTIFFS.

14        BUT AGAIN, IT SAYS THE SAME THING, WHICH IS TO THE EXTENT

15   THAT THE WORK IS BEING PERFORMED FOR THE COMMON BENEFIT AND TO

16   THE EXTENT THAT IT APPLIES AND COMPLIES WITH THE REST OF THE

17   PROTOCOL -- WHICH MEANS THAT IT'S NOT DUPLICATIVE, IT FITS THE

18   CATEGORIES, IT'S REVIEWED, IT'S EXAMINED, AND IT'S PROVIDED TO

19   THE COURT -- THAT IT BE ELIGIBLE FOR CONSIDERATION ONCE THE

20   CLASS IS CERTIFIED AND ONCE WE GET TO THAT POINT.

21             THE COURT:  OKAY.

22             MR. DEARMAN:  SO I THINK SOME OF THE ITEMS THAT I'M

23    GOING TO CHANGE IN THE RED LINE IN THE NEXT VERSION I SEND YOU

24    WILL CLEAR UP SOME OF THAT.

25        BUT I'M NOT SEEING ANY INCONSISTENCY BETWEEN THOSE

1    SECTIONS.

2              THE COURT:  OKAY.

3              MR. CHORBA:  YOUR HONOR, MAY I JUST ADDRESS THAT

4    BRIEFLY?

5              THE COURT:  YES, SURE.

6              MR. CHORBA:  WE RAISED IT, AND AT THE OUTSET, I'D

7    LIKE TO MAKE CLEAR OBVIOUSLY APPLE RESERVES ANY AND ALL

8    OBJECTIONS.  WE DON'T BELIEVE THERE WILL BE AN ENTITLEMENT TO

9    ATTORNEYS' FEES.

10        BUT ONE OF THE REASONS WE'VE MADE OUR VIEWS KNOWN ON THESE

11   ISSUES IS BECAUSE IN THE PAST, UNFORTUNATELY, SOMETIMES

12   PLAINTIFFS GET IN TOO DEEP IN TERMS OF ATTORNEYS' FEES AND IT

13   PRESENTS AN IMPEDIMENT TO RESOLUTION.  SO THAT'S WHY WE'RE

14   TAKING A MORE ACTIVE ROLE HERE.

15        ONE SUGGESTION WE MIGHT HAVE, BECAUSE WE DO THINK THERE'S

16   A LITTLE BIT OF A TENSION BETWEEN THE TWO SECTIONS, IS D FLOWS

17   INTO E -- AGAIN, NOT MY PLACE TO KIND OF RED LINE IF COUNSEL

18   AND THE COURT ARE GOING TO DO THAT -- BUT IF YOU STRUCK LINES

19   10 THROUGH 22 --

20             THE COURT:  WHAT PAGE?

21             MR. CHORBA:  I'M SORRY.  I'M ON PAGE 4.

22             MR. DEARMAN:  E.

23             MR. CHORBA:  YEAH, SECTION E.  SINCE D BASICALLY

24   TALKS ABOUT AND LISTS, I THINK IN THE SECOND PARAGRAPH, THE

25   CATEGORIES, IF YOU STRUCK LINES 10 THROUGH 22, JUST LOOKING AT

```
1      IT, IT WOULD FLOW --
2              THE COURT:  MR. CHORBA, I'M NOT GOING TO SHOW YOU MY
3      NOTES, BUT PERHAPS YOU'VE BEEN PEEKING OVER MY SHOULDER.
4          (LAUGHTER.)
5              MR. CHORBA:  OKAY.  I WILL STOP THERE.
6              MR. DEARMAN:  YOUR HONOR, WE WILL TAKE THAT INTO
7      CONSIDERATION, AND WE WILL ABSOLUTELY TAKE WHAT YOU JUST SAID
8      INTO CONSIDERATION AND WE WILL PROVIDE YOU WITH SOMETHING THAT
9      WE BELIEVE MAKES MORE SENSE AND FLOWS BETTER WITH REGARD TO
10     THOSE TWO SECTIONS.
11             MR. CHORBA:  THAT WOULD ADDRESS THE CONCERN THAT WE
12     HAVE.
13             THE COURT:  SURE, OKAY.  THANK YOU.
14         I SHOULD TELL YOU, I'M GOING TO EDIT SOME OF THE LANGUAGE
15     TOO, SOME OF -- I DON'T THINK AN ORDER THAT I'M GOING TO SIGN
16     IS GOING TO HAVE WORDS LIKE "DEEP DIVE" IN IT, AND I DON'T MEAN
17     ANYTHING PEJORATIVE ABOUT THAT.
18             MR. DEARMAN:  ALL RIGHT.  UNDERSTOOD.
19             THE COURT:  BUT I UNDERSTAND THE MESSAGE AND I THINK
20     YOU PUT IT IN AS YOUR FIRST DRAFT, AS IMPORT, "THIS IS WHAT I
21     MEAN, JUDGE," AND THAT MEANING WAS TAKEN.  SO THANK YOU VERY
22     MUCH.  I'VE RECEIVED IT --
23             MR. DEARMAN:  YES, YOUR HONOR.
24             THE COURT:  -- FOR THE PURPOSE IT WAS PRINTED.
25         ONE THING I DO WANT TO TALK ABOUT IS USE OF CONTRACT
```

```
 1     ATTORNEYS, AND THERE WAS A PORTION INDICATING -- I THINK THERE

 2     WAS SOMEBODY WHO POINTED OUT, MAYBE MR. CHORBA AND HIS TEAM

 3     DID -- THERE WERE SOME INCONSISTENCIES ABOUT CONTRACT ATTORNEYS

 4     OR NOT USING CONTRACT ATTORNEYS.

 5          IF YOU DO USE CONTRACT ATTORNEYS, THOUGH -- AND I'M

 6     ASSUMING THAT YOU'RE GOING TO IN A CASE THIS SIZE -- MY SENSE

 7     IS THAT'S -- EVEN WITH THE STRUCTURE WE HAVE WITH THE STEERING

 8     COMMITTEE, MY SENSE IS THAT ECONOMIES OF SCALE AND EFFICIENCIES

 9     WOULD PROBABLY DIRECT YOU TO USE CONTRACT ATTORNEYS.

10          AND IN THAT CASE, I DO WANT TO POINT OUT, I'M COGNIZANT OF

11     CONTRACT ATTORNEYS WILL BILL USUALLY AT A LOWER RATE THAN

12     PERHAPS ANY OF THE TEAMS WILL BILL AT, AND I UNDERSTAND THAT

13     PLAINTIFFS' COUNSEL MAY WANT TO BILL THEM OUT, THAT IS, BILL

14     THEM AT A RATE THAT INCORPORATES CERTAIN OVERHEAD COSTS AND

15     THOSE TYPES OF THINGS.  I RESPECT THAT.  I UNDERSTAND THAT.

16          BUT I POINT OUT THAT I HAVE SEEN CASES, I'VE HEARD OF SOME

17     CASES WHERE THE BILLING, THAT OVERHEAD COST, IS, YOU KNOW, IN

18     EXCESS OF A THOUSAND PERCENT AND THOSE TYPES OF THINGS.

19          AND I THINK YOU KNOW WHAT I'M TALKING ABOUT.

20          MR. DEARMAN:  I DO, AND YOUR POINT IS WELL TAKEN.

21          THE COURT:  SO I'M -- GREAT.  THAT'S ALL WE HAVE TO

22     SAY THEN.  THANK YOU.

23          I DO WANT TO TALK ABOUT THE PROPOSED WEBSITE, AND LET ME

24     JUST TELL YOU MY NOT SO MUCH --

25          MR. DEARMAN:  I'M GOING TO DO YOU A FAVOR AND SIT
```

1    DOWN AND LET MR. STRAITE ADDRESS THE WEBSITE.

2         THE COURT:  OH, OKAY.

3         MR. DEARMAN:  I GOT LUCKY.

4         THE COURT:  IS THAT A FAVOR TO ME?

5         MR. DEARMAN:  IT'S A FAVOR TO ME.

6         MR. STRAITE:  GOOD MORNING, YOUR HONOR.  THANK YOU.

7         THE COURT:  GOOD MORNING.  NICE TO SEE YOU.

8         MR. STRAITE:  LIKEWISE.

9         THE COURT:  THANK YOU.

10         MR. STRAITE:  SO YES, YOUR HONOR, WHAT QUESTIONS DO

11    YOU HAVE?

12         THE COURT:  WELL, THE THOUGHT -- I'LL JUST TELL YOU

13    MY THOUGHT GOING OUT.  MY THOUGHT -- I'M CERTAINLY NOT GOING TO

14    TELL YOU YOU CANNOT HAVE A WEBSITE.  I'M NOT GOING TO SAY THAT.

15         BUT I CONFESS TO SOME RETICENCY OF HAVING THE WEBSITE

16    APPEAR ABOVE THE SIGNATURE OF THE COURT SUCH THAT IT MIGHT HAVE

17    THE IMPRIMATUR OF THE COURT WITH THE WEBSITE.

18         I HAVE NO OBJECTION, I THINK IT'S PROBABLY THE MOST

19    EFFICIENT WAY TO PUBLISH THAT.

20         BUT WHETHER YOU NEED THAT IN THE ORDER WITH THE COURT

21    IMPRIMATUR IS A DIFFERENT ISSUE.

22         MR. STRAITE:  UNDERSTOOD, YOUR HONOR, AND WE'RE

23    FINE -- AS LONG AS THE COURT DOESN'T OBJECT TO US HAVING A

24    WEBSITE, WE'RE FINE, IT DOESN'T HAVE TO BE IN THE ORDER.

25         WE THOUGHT IT WAS BETTER TO BE TRANSPARENT AND DISCLOSE

1      THAT WE'RE DOING IT.

2            THE COURT:  YEAH, I APPRECIATE THAT.

3            MR. STRAITE:  WE APPRECIATE THAT.

4        AND WE CAN ALSO HAVE DISCLAIMER LANGUAGE ON THE WEBSITE

5    ITSELF SAYING THAT THIS IS NOT AN OFFICIAL COURT WEBSITE.  THAT

6    WOULD ALSO BE SOMETHING WE COULD DO.

7            THE COURT:  SURE.

8            MR. CHORBA:  YOUR HONOR, NOW YOU'RE LOOKING AT MY

9    NOTES, BECAUSE IMPRIMATUR IS REALLY THE ISSUE THAT WE HAD WITH

10   IT BEING IN AN ORDER STYLED AS CMO NUMBER 3.

11       OBVIOUSLY WE OBJECT TO THE USE OF APPLE'S TRADE NAME.

12       IF COUNSEL IS WILLING TO DO THAT, AGAIN, WE'VE MADE OUR

13   OBJECTION KNOWN, WE RESERVE ALL RIGHTS.  BUT I APPRECIATE IF

14   THAT WOULD COME OUT OF THE ORDER.

15           MR. STRAITE:  FANTASTIC.

16           THE COURT:  GREAT.

17           MR. STRAITE:  THANK YOU, YOUR HONOR.

18           THE COURT:  I KNOW THIS WILL DISAPPOINT YOU GREATLY,

19   BUT I THINK I'VE EXHAUSTED MY QUESTIONS.

20           MR. STRAITE:  THANK YOU, YOUR HONOR.

21       WE HAVE ONE LAST QUESTION FOR YOUR HONOR.  WE -- AS YOU

22   KNOW, WE OWE THE COURT THE JOINT CASE MANAGEMENT CONFERENCE

23   STATEMENT ON JULY 6TH.  YOU'VE ASKED FOR US TO PROVIDE IT AT

24   NOON, WHICH WE'LL DO, ON THAT FRIDAY.

25       SO WE'LL HAVE THE COMPLAINT DONE ON JULY 2ND AND WE'LL

1       START OUR VERY INTENSE MEET AND CONFER WITH COUNSEL FOR APPLE

2       ON JULY 3RD, JULY 4TH, AND JULY 5TH, AND WE JUST WANT TO MAKE

3       CLEAR THAT OUR -- WE BELIEVE IT WOULD BE MORE EFFICIENT AND

4       BETTER FOR THE COURT TO ALSO HAVE A DISCOVERY PLAN ALONG WITH

5       THE JOINT CMC STATEMENT SO THAT YOU HAVE THE FULLY INFORMED

6       VIEWS OF THE PARTIES ON JULY 11TH.

7           SO I JUST WANT TO CONFIRM THAT PART OF OUR MISSION ON THE

8       3RD, 4TH, AND 5TH OF JULY, IN ADDITION TO THE CMC STATEMENT, IS

9       TO DO A FIRST CRACK AT THE JOINT DISCOVERY PLAN UNDER

10      RULE 26(F) DURING THOSE THREE DAYS.

11          THE COURT:  WELL, I APPLAUD YOUR ENERGY AND

12      ENTHUSIASM AS TO ALL THE JUNIOR LAWYERS WHO WORK FOR YOU.

13          SO THAT WOULD BE HELPFUL, OBVIOUSLY IT WOULD BE HELPFUL TO

14      HAVE A WORKING PLAN GOING FORWARD SOONER THAN LATER.

15          MR. CHORBA:  AND YOUR HONOR, THAT -- AS WE NOTED IN

16      OUR BRIEF, THAT WAS REALLY OUR INTENT ALL ALONG.

17          THE ONLY CAVEAT, I WOULD NOTE MR. STRAIT OBSERVED THAT THE

18      DEADLINE FALLS OVER A HOLIDAY.  I, OF COURSE, DON'T CELEBRATE

19      INDEPENDENCE DAY, I'M A GIBSON, DUNN PARTNER.

20          (LAUGHTER.)

21          MR. CHORBA:  BUT FOR THE BENEFIT OF THE JUNIOR

22      ATTORNEYS AT MY FIRM, WE VIEW THIS AS KIND OF AN ONGOING

23      PROCESS AND I WOULD JUST ASK COUNSEL, THE EARLIER THEY HAVE

24      THAT AVAILABLE, EVEN IF IT'S A DRAFT NEAR FINAL FORM -- YOUR

25      HONOR NOTED YOU'D LIKE THE PARTIES TO REALLY FOCUS ON THE THREE

1     OR FOUR OR FIVE STRONGEST CLAIMS.  TO THE EXTENT THEY'VE

2     IDENTIFIED THEM, IF THERE CAN BE MORE OF A DIALOGUE COMING THIS

3     WAY, IT WOULD REALLY HELP US PREPARE FOR THAT TO MAKE SURE

4     WE'RE DELIVERING TO YOU THE MOST COMPREHENSIVE PLAN ON THE 6TH.

5              MR. STRAITE:  I THINK THAT'S A FANTASTIC IDEA.  WE'LL

6     DO AS MUCH ADVANCE WORK AS WE CAN.

7         WE'LL HAVE THE FORMAL 26(F) CONFERENCE ON THE 3RD, OR

8     MAYBE THE 5TH, MAYBE NOT THE 4TH, AND THAT WAY AS MUCH WORK CAN

9     BE DONE IN ADVANCE AND WE'LL GET YOU A GREAT PROPOSAL ON THE

10    6TH.

11             THE COURT:  GREAT, THANK YOU.  LOOKING FORWARD TO IT.

12             MR. CHORBA:  THANK YOU, YOUR HONOR.

13             THE COURT:  ANYTHING FURTHER?

14             MR. STRAITE:  NO, YOUR HONOR.

15             MR. CHORBA:  NO.

16             THE COURT:  GREAT.  THANKS VERY MUCH.

17             MR. CHORBA:  YOUR HONOR, I'M SORRY, I APOLOGIZE.

18             THE COURT:  NO, NO.

19             MR. CHORBA:  THERE WAS ONE OTHER ITEM THAT WE HAD ON

20    OUR AGENDA AND I DON'T WANT TO LEAVE WITHOUT RAISING IT.

21        WHEN WE WERE LAST BEFORE YOU -- I GUESS THE LAST CMC WAS

22    ON APRIL 25TH -- YOUR HONOR, THE FIRST THING YOU ASKED FOR IS

23    AN UPDATE ON THE BATTERY PRESERVATION ISSUE, AND COUNSEL AT THE

24    TIME, WHO'S NOW PART OF PLAINTIFFS' COALITION, MS. KELLER,

25    INDICATED THAT THE PARTIES WERE MEETING AND CONFERRING TRYING

1        TO WORK IT OUT.

2             YOUR HONOR, SINCE THEN WE'VE HAD A LOT OF DIFFICULTY

3        GETTING PLAINTIFFS TO AGREE.

4             WE WOULD LIKE THIS DISCOVERY CONFERENCE -- OBVIOUSLY IT'S

5        GOING TO GO BOTH WAYS -- BUT WE WOULD REALLY LIKE THAT IT

6        ADDRESS THIS.

7             YOU MAY REMEMBER FROM THE FEBRUARY HEARING WHERE I WAS

8        APPEARED BEFORE YOU, I SAID THESE BATTERIES ARE DEGRADING, THEY

9        PRESENT SERIOUS SAFETY AND ENVIRONMENTAL CONCERNS.

10            AGAIN, WE OFFERED TO COUNSEL AS MANY BATTERIES AS THEY'RE

11       WILLING TO TAKE.  THEY CAN TAKE THEM, PRESERVE THEM.

12            WE WOULD LIKE THE COURT TO INSTRUCT THE PARTIES TO

13       ACTUALLY ADDRESS THAT ISSUE AS PART OF THIS DISCOVERY

14       CONFERENCE AS WELL BECAUSE FROM OUR PERSPECTIVE, IT'S AS

15       IMPORTANT, IF NOT MORE IMPORTANT, AS THE OTHER ISSUES THAT

16       COUNSEL RAISED.

17                THE COURT:  COULD THAT BE DONE, MR. STRAITE?

18                MR. STRAITE:  ABSOLUTELY.  NOW THAT WE HAVE OUR

19       SPECIAL MASTER SELECTED -- WE ALWAYS UNDERSTOOD THAT THE

20       BATTERY PRESERVATION ISSUE NEEDED TO BE ADDRESSED THROUGH THE

21       PROTOCOL OF THE SPECIAL MASTER, AND NOW THAT WE HAVE ONE AGREED

22       TO, AS SOON AS WE GET THAT IN PLACE, WE THINK THAT SHOULD BE

23       PRIORITY NUMBER ONE WITH OUR SPECIAL MASTER.

24                THE COURT:  GREAT.

25                MR. CHORBA:  THANK YOU, YOUR HONOR.  I APPRECIATE IT.

1                    THE COURT:  THANKS VERY MUCH.

2                    MR. STRAITE:  THANK YOU, YOUR HONOR.

3                    THE CLERK:  COURT IS IN RECESS.

4              (THE PROCEEDINGS WERE CONCLUDED AT 10:44 A.M.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____

17   LEE-ANNE SHORTRIDGE, CSR, CRR
     CERTIFICATE NUMBER 9595

18       DATED:  JUNE 28, 2018

19

20

21

22

23

24

25