UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD<br><br>CASE MANAGEMENT ORDER NO. 3: PROTOCOL FOR WORK PERFORMED AND EXPENSES INCURRED |

On May 15, 2018, the Court entered an Order consolidating related actions, appointing Plaintiffs' Interim Co-Lead Counsel ("Co-Lead Counsel") and Plaintiffs' Executive Committee ("PEC"), and approving the identification of members for Plaintiffs' Steering Committee ("PSC"). Dkt. No. 99. On May 18, 2018, the Court entered an Order requesting a proposal for a protocol governing the management and accounting of common benefit work and expenses. Dkt. No. 102. On May 30, 2018, Plaintiffs submitted a proposed protocol, Dkt. No. 109, and on June 5, 2018, Defendant submitted a response, Dkt. No. 113. On June 7, 2018, the Court entered an Order Setting a Status Conference re Proposed Protocol for Work Performed and Expenses Incurred. Dkt. No. 114. Plaintiffs submitted a reply on June 12, 2018, Dkt. No. 119, and the Court further heard the views of the Parties at the Status Conference, which occurred on June 19, 2018, Dkt. No. 134. After considering the Parties' proposals and views, the Court hereby adopts the following guidelines for the management of case staffing, timekeeping, cost reimbursement,

and related issues. Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of, and for, Plaintiffs' counsel, as discussed herein.

### A. General Guidelines

The recovery of attorneys' fees and expense reimbursements will be limited to "Participating Counsel." Participating Counsel shall be defined as Co-Lead Counsel and members of the PEC and PSC (along with attorneys and staff of their respective firms), or any other counsel authorized by the Court to perform work that may be considered of value to the MDL, provided said authorized counsel consents and agrees to be bound by this Order and the compensation structure described herein. That compensation structure, set forth in this Order, shall be implemented by Co-Lead Counsel and the Chair of the PEC. The application and administration of that structure to Participating Counsel shall be the responsibility of the Chair of the PEC. Co-Lead Counsel shall remain responsible to promote the orderly and efficient conduct of this litigation to avoid unnecessary duplication and unproductive efforts. Because the Court has approved the use of the PSC to assist the PEC, the Court does not expect frequent requests to add additional Participating Counsel, if any.

Eligibility does not pre-determine payment. If, and to the extent that any portion of this MDL is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and expenses, including for common benefit work, will be governed by the standards and procedures of Rule 23, including Rule 23(h). No award of fees and/or expenses shall be made without this Court's approval.

### B. Role of the PSC

In addition to the PEC, the Court appointed a PSC to assist with the litigation. The PSC is designed as a pre-vetted and pre-approved "reserve group" of attorneys to provide additional support during the litigation, if necessary. At no time is the PSC expected to meet as a group, nor is there a need for any member of the PSC to be familiar with all aspects of the litigation. Co-Lead Counsel or the Chair of the PEC shall maintain contemporaneous documentation of the

specific tasks, if any, assigned to the PSC and the reason why these tasks could not be performed by Co-Lead Counsel or the PEC.

### C. Payment, Allocation, and Compensable Work

Participating Counsel may be eligible to receive attorneys' fees and reimbursement of expenses only if the time expended and expenses incurred, and the activity in question was: (a) beneficial to the prosecution of the MDL; (b) authorized by Co-Lead Counsel or the Chair of the PEC; (c) timely submitted; (d) reasonable; and (e) non-duplicative. Co-Lead Counsel shall have the primary responsibility and discretion to determine the extent to which these factors have been met by any Participating Counsel seeking fees, subject to the Court's approval.

Participating Counsel, as defined above, shall be bound to the terms and conditions herein, including submitting to the Court's jurisdiction and agreeing that the Court has plenary authority regarding the award of attorneys' fees and expense reimbursements in this matter.

The Chair of the PEC, at the direction of (or in consultation with) Co-Lead Counsel, shall monitor the work responsibilities of other PEC and PSC members to ensure that such responsibilities are assigned in a fair and orderly manner, and shall also monitor the activities of all Participating Counsel to (1) ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, and (2) minimize duplicative and unnecessary expenditures of time and expense. The Court will make any ultimate determination of what is compensable work, and the extent or rate at which it is to be compensable.

In the event that Participating Counsel are unsure if an action they are about to undertake is compensable, they shall ask Co-Lead Counsel or the Chair of the PEC in advance for authority to do such work. Work done without the authority of Co-Lead Counsel or the Chair of the PEC shall not be submitted to the Court for approval, and will not be compensable.

Examples of compensable and non-compensable work include:

#### 1. Pleadings and Briefs

Factual and legal research and preparation of class action complaints, motions to dismiss, class certification motions, *Daubert* motions, and summary judgment motions will be deemed compensable. Although several attorneys may work on briefs, expert reports, and/or other

complex filings, they should only do so based on a specific assignment from Co-Lead Counsel or the Chair of the PEC. Review of other attorneys' work without being specifically asked to work on an assignment may not be compensable.

### 2. Depositions

Although there is no fixed rule governing how many attorneys are needed to prepare and take a deposition, the number of attorneys who attend should be commensurate with the difficulty and importance of the deposition. Unnecessary attendance by Participating Counsel will not be compensated in any fee application pursuant to Rule 23.

### 3. Periodic MDL Status Conferences

The Court intends to hold periodic status conferences to ensure that the MDL moves forward efficiently and that legal issues are resolved with guidance from or formal rulings by the Court. Individual attorneys are free to attend any status conference held in open court to remain current on the status of the litigation, but except for Co-Lead Counsel, attending and listening to such conferences is not compensable unless specifically pre-authorized by Co-Lead Counsel.

### 4. Emails and Correspondence

Only those attorneys essential to the issue which is the subject of the email may be compensated for their time in reviewing an email. Time billed for reviewing emails on which the attorney is not the writer nor the recipient will be scrutinized.

### 5. Review of Court Filings and Orders

Counsel, especially Participating Counsel, have a duty to keep themselves advised of the general progress of the case, especially to the extent that a particular matter uniquely affects their client. However, an attorney who chooses to review pleadings and attend court hearings, even though they are not assigned responsibility for the matters being briefed or heard, are hereby advised that their time spent on such matters may not be compensable.

Participating Counsel are subject to their time being eliminated or reduced by either Co-Lead Counsel, the Chair of the PEC, or the Court if this Order is not followed.

**D.     Timekeeping Protocols**

All time must be accurately and contemporaneously maintained.  Participating Counsel shall keep contemporaneous billing records of the time spent in connection with work performed, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of J. Doe").

Each time entry must be categorized using one of the categories in the attached **Exhibit A**.  When possible, a more specific category should be used in place of a more general category.  Under no circumstances should a submitting firm make up new categories for use in its submission.

The acceptable categories are listed below with further explanation about the work that may be performed in each category:

   **1.     Case Administration**

This includes internal tasks such as scheduling, administrative matters, assignments, and managing personnel and resources working on the case, as well as meet and confers for case management conferences and preparation of statements therefor.

   **2.     Fact Investigation/Development – Non-Expert**

This includes interviewing witnesses, developing facts from internet research, consulting with industry participants including clients, and preparing memos relating to the same.

   **3.     Client/Class Member Communications**

This includes status reports to the clients, answering their questions, keeping them advised of the progress of the case and strategy decisions, preparations for document discovery and depositions.

   **4.     Analysis/Strategy**

This includes meetings between, or among, Co-Lead Counsel and the PEC and/or the PSC and discussions between, or among, Participating Counsel in order to coordinate efforts and discuss status and strategy.  These meetings should be accomplished by telephone unless Co-Lead Counsel schedules an in-person meeting.

### 5. Experts/Consultants (Including *Daubert* Motions)

This includes working with the consulting and testifying experts and developing expert reports. It typically involves analysis of methodology and review of the reports. This also includes work on *Daubert* motions, and work by those primarily responsible for briefing, researching, and arguing such matters.

### 6. Settlement/Non-Binding ADR

This includes preparation of mediation statements, participation in settlement negotiations, and documenting the settlements.

### 7. Pleadings

This includes preparation of class action complaints.

### 8. Court Mandated Conferences

This includes appearances at status conferences, motion hearings, and other pre-trial hearings for those attorneys primarily responsible for preparing for and arguing such matters.

### 9. Dispositive Motions

This includes work on dispositive motions, such as motions to dismiss and motions for summary judgment, and work by those primarily responsible for briefing, researching, and arguing such matters.

### 10. Class Action Certification and Notice

This includes work on motions related to Class Certification and Notice related thereto, and work by those primarily responsible for briefing, researching, and arguing such matters.

### 11. Written Discovery

This includes drafting and responding to written discovery, as well as work related to preservation of, and production of, Plaintiffs' documents.

### 12. Document Review -- Tier I

This includes document review by junior attorneys through an established document review platform. This category usually involves making the initial review of documents.

### 13. Document Production and Document Review -- Tier II

This includes review of the work of the Tier I document reviewers to determine the quality and efficiency of their work as well as a second-layer review of documents. This work is usually done by senior attorneys who are coding documents for a specific use in the case.

### 14. Non-Expert Depositions (Prepare/Take/Defend)

This includes development of deposition outlines, gathering and review of exhibits, appearances at depositions for the purposes of being the first chair in taking or defending the deposition, or helping support the first chair.

### 15. Expert Discovery

This includes drafting and responding to expert written discovery, as well as work related to preservation of, and production of, expert-related documents. This also includes preparation for testimony, as well as review of the reports of defense experts and taking their depositions.

### 16. Discovery Motions

This includes work on motions related to discovery, and work by those attorneys primarily responsible for the relevant discovery issues and those attorneys primarily responsible for researching, briefing, and arguing such matters.

### 17. Trial Preparation

This includes meet and confers in preparation of a joint pre-trial statement as well as preparing the case for trial. This involves all substantive matters required to be submitted with the joint pre-trial statement in this District, such as motions in limine, jury instructions, trial exhibits, presentations, and video excerpts.

### 18. Trial Attendance

This includes all aspect of trial.

### 19. Appeal

This includes any type of appeal that may come up in the context of the case, and would primarily involve appellate brief writers and those making appellate arguments.

E. **Time Records, Staffing, and Hourly Rates**

1. **Recording Requirements**

All Participating Counsel shall record and maintain daily, contemporaneous time records for all work performed, including work by attorneys and paralegals. Participating Counsel shall bill in tenth of an hour increments, and shall maintain records in such a way that each billed activity is recorded. Participating Counsel will not be reimbursed for any item of time or expense not described in sufficient detail to determine the nature and purpose of the service or expense.

2. **Staffing**

Each member of the PEC and PSC are permitted to enlist the assistance of junior attorneys as well as paralegals at their respective firms. Participating Counsel are encouraged to assign to the most junior level appropriate to each task.

3. **Hourly Rates**

Customary billing rates shall be used in the monthly time reports submitted to the Chair of the PEC. Use of these rates does not guarantee their payment. The Court maintains the discretion to determine appropriate rates.

4. **Document Review**

Co-Lead Counsel may solicit bids for any vendor services and consider the most economical options. Co-Lead Counsel are encouraged to use technology assisted review ("TAR") and/or predictive coding to prioritize and/or categorize documents produced by Defendant and/or third parties to obtain efficiencies and enhance the quality of any systematic document review. Co-Lead Counsel shall meet and confer with Defendant to create further efficiencies in the review process.

In general, once a document database is established on an electronic platform, searches may be used to create a universe of documents to be reviewed by the Tier 1 document reviewers. A remote document review system should be used to avoid unnecessary travel expenses and procedures will be established to monitor time spent reviewing documents. The records shall be maintained for review of the PEC and the Court.

Where it proves economically advantageous to the putative classes, Co-Lead Counsel may employ contract attorneys to perform efficient and focused document review. Those attorneys would be subject to the procedures set forth herein.

### F. Expense Protocol

#### 1. Shared Expenses

"Shared Expenses" are costs and expenses that will be paid out of a litigation fund administered by Co-Lead Counsel ("Litigation Fund").

Participating Counsel shall contribute to such a fund at times and in amounts sufficient to cover Plaintiffs' expenses for the prosecution of this MDL. The timing and amount of each assessment will be determined by Co-Lead Counsel, in consultation with the Chair of the PEC. Each assessment will be paid within 30 days as instructed by Co-Lead Counsel. Failure to pay assessments will be grounds for removal from the appointments made in previous Court Orders, and otherwise as Participating Counsel. Shared Expenses are incurred for the common interest of the Plaintiff groups in this MDL. All Shared Expenses must be approved by Co-Lead Counsel prior to payment.

All costs and expenses that meet the requirements of a Shared Expense and fall under the following categories shall qualify for submission and payment directly from a Shared Expense Litigation Fund established by Co-Lead Counsel, as well as for reimbursement from any settlements or satisfaction of judgment as appropriate.

- Court, filing, and service expenses related to common issues, *e.g.*, a Joint Status Report;
- Court reporter and interpreter expenses for depositions;
- Document (both electronic and hard copy) depository creation and hosting, operation, staffing, equipment, and administration including outside third-party vendor expenses associated therewith;
- Document review platform expenses;
- Co-Lead Counsel extraordinary administration expenses, subject to the prohibition described below regarding office overhead and profit margins within a firm (*e.g.*, expenses for equipment, technology, courier services, long distance,

- telecopier, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls);

- Legal, tax, and accountant fees relating to a Litigation Fund or settlement funds;

- Expert witness, consultant fees, and expenses for experts whose opinions and testimony would be for the common interest of all Plaintiffs as agreed by Co-Lead counsel;

- Printing, copying, coding, and scanning related to the above;

- Research by outside third-party vendors/consultants/attorneys for common issues;

- Translation expenses;

- Bank or financial institution charges relating to a Litigation Fund and/or settlement fund;

- Investigative services; and

- Any assessment paid by Participating Counsel.

To the extent that a settlement fund and/or satisfaction of judgment fund is created for the common interest of Plaintiffs, the above-described Shared Expenses which are advanced throughout the litigation may be reimbursed from said funds if approved by the Court.

Co-Lead Counsel and the Chair of the PEC can request as much detail as is necessary to validate the legitimacy of expenses incurred. Co-Lead Counsel shall provide Litigation Fund accounting to the Court *in camera* upon request. The Court expects all billing records to be maintained in an accessible manner for review upon request.

**2. Non-Shared Expenses ("Held Costs")**

Each Participating Counsel may incur "Held Costs," which are expenses that are not Shared Expenses as defined above. Participating Counsel may submit those expenses to the Chair of the PEC for reimbursement at the end of the case in the event the Court approves such disbursements. The inclusion of any such expenses shall be at the sole discretion of Co-Lead Counsel and the Chair of the PEC subject to the authority of the Court set forth above. Only reasonable non-Shared Expenses will be approved for submission. A firm's office overhead and the inclusion of a profit margin on the actual cost of administrative tasks (*e.g.*, adding a percentage amount to actual costs of copying) shall not be reimbursable.

### 3. Travel Limitations

Participating Counsel shall only seek reimbursement for refundable, changeable, and convenient coach-class airfare, or its equivalent, for travel on routine domestic flights. For international travel or transcontinental flights with a total duration exceeding five hours, reasonable business class fares may be approved at the discretion of Co-Lead Counsel. Participating Counsel are welcome to travel by any means they choose, but may only seek reimbursement in accordance with these guidelines.

Participating Counsel will likewise make reasonable arrangements for lodging and shall seek reimbursement only for reasonable accommodations at a typical business hotel in a safe neighborhood. The per diem travel meal expenses will not exceed $100. Automobile rentals must be reasonable for the date and location of the rental.

### 4. Non-Travel Limitations

The following are typically reimbursable to the extent they reflect the actual out-of-pocket expense incurred by Participating Counsel: long-distance, conference, and cellular telephone charges; shipping, overnight, courier, or delivery expenses; postage; fax; photocopies; and computerized legal research (Lexis, Westlaw). All expenses must be broken out individually, documented, and contain an explanation of the basis for the expense in sufficient detail to determine if the expense is properly reimbursable.

## G. Protocols for Submission of Time and Expenses

### 1. Format

The Chair of the PEC shall maintain all time submissions in a sortable and searchable format. All of the time and expense submissions must be provided by submitting counsel in the format contained in the attached **Exhibit B** or in a format substantially similar as modified by Co-Lead Counsel and the Chair of the PEC. Each monthly time and expense submission must include the Time and Expense Reports in both a single Microsoft Excel workbook format (.xls) and PDF (.pdf) format. This means that each monthly submission email will consist of one PDF file and one Excel file, within which there will be four tabs: Monthly Time Report, Monthly Time Report Summary, Monthly Expense Report, and Supplemental Expense Report.

1  Participating Counsel must report in the format set forth in that exhibit and failure to provide the
2  requested reports in the proper format or timely manner is reason to exclude the time and
3  expenses from consideration for payment or reimbursement.

### 2. Deadlines

All Participating Counsel should aim to submit the first time and expense reports to the Chair of the PEC by **July 16, 2018**, and should include all qualified time and expenses incurred through June 30, 2018.  Time and expense reports thereafter should be submitted to the Chair of the PEC by the 15th of each month (or the first business day thereafter) for the preceding month (*i.e*., the August 15, 2018, time and expense reports should include all time and expenses from July 2018).  Although counsel should endeavor to submit all expenses in a certain month in the submission made the following month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances.  Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous ninety days that – because of circumstances outside the submitting counsel's control – could not have been submitted by the deadline.  Any expenses submitted more than ninety days in arrears may not be considered or included in any expense calculation and may be disallowed, except for good cause shown and with the approval of Co-Lead Counsel or the Chair of the PEC.

The Chair of the PEC will conduct a continuous review of time records and expenses to ensure that they are reasonable.  The Chair of the PEC shall ensure that duplicative work is not being performed, and shall adhere to the procedures set forth herein.  The Chair of the PEC and Co-Lead Counsel shall have the power to discount or eliminate non-compliant or unnecessarily duplicative bills, and shall not submit those time records to the Court nor seek reimbursement for unnecessary expenses.

Co-Lead Counsel and the Chair of the PEC shall maintain and provide available time summary records to the Court *in camera* on a quarterly basis, or promptly upon request of the Court.  The summary records shall include separate reports organized by firm, timekeeper, date,

and category code. The Court reserves the right to modify this schedule at any time, either by formal Court order or informally at any CMC.

**IT IS SO ORDERED.**

DATED: July 3, 2018

_____
EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE