THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
tloose@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

G. CHARLES NIERLICH, SBN 196611
gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8458

*Attorneys for Defendant, APPLE INC.*

JOSEPH W. COTCHETT, SBN 36324
jcotchett@cpmlegal.com
MARK C. MOLUMPHY, SBN 168009
mmolumphy@cpmlegal.com
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650.697.6000
Facsimile: 650.697.0577

LAURENCE D. KING, SBN 206243
lking@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415.772.4700
Facsimile: 415.772.4707

DAVID A. STRAITE, admitted *pro hac vice*
dstraite@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: 212.687.1980
Facsimile: 212.687.7714

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | No. 5:18-md-02827-EJD<br><br>**SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Civil Local Rule 16-10(d)**<br><br>CMC Date: July 11, 2018<br>CMC Time: 1:30 p.m. PDT<br>Judge: Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor |

Defendant Apple Inc. and the named plaintiffs in the Consolidated Amended Complaint filed on July 2, 2018 (ECF No. 145) (the "Plaintiffs") through their undersigned counsel, in preparation for the upcoming Case Management Conference ("CMC") on July 11, 2018, hereby submit this supplemental Joint CMC statement pursuant to Civil Local Rule 16-10(d).

Today's statement updates the Court on events following the most recent CMC held on April 25, 2018 and the Status Conference held on June 19, 2018, and reflects the parties' telephonic Rule 26(f) Conference that occurred on July 3 and 5, 2018. This statement also supplements the Joint CMC Statement dated February 9, 2018 (ECF No. 63, *Harvey v. Apple Inc.*, 5:17-md-7274) (the "Joint CMC Statement") and the First Supplemental Joint CMC Statement dated April 13, 2018 (ECF No. 3) (the "First Suppl. Joint CMC Statement"), and outlines potential issues to be addressed at the upcoming CMC. Today's statement provides updates on 14 of the 21 topics outlined in the Standing Order for contents of joint CMC statements, retaining the paragraph numbering used therein.

Accompanying today's statement is a joint proposed Case Management Order No. 4 that the parties request be entered after the upcoming CMC. The parties intend Proposed CMO No. 4 to function, in part, as the initial discovery plan required under Fed. R. Civ. P. 26(f)(3).

***Jurisdiction* (¶ 1)**: Apple has been served in 57 of the 63 actions currently consolidated before this Court. Plaintiffs filed their Consolidated Amended Complaint (the "CAC," ECF No. 145) on July 2, 2018. Some of the plaintiffs named therein did not have individual cases consolidated with the MDL. To address possible MDL jurisdictional concerns, *see generally In re: Mortgage Elec. Reg. Sys. (MERS) Litig.*, 2016 WL 3931820 (D. Ariz. 2016), these new plaintiffs filed a separate action immediately prior to the CAC. *See Rodriguez, et al. v. Apple, Inc.*, 5:18-cv-3989-NC (N.D. Cal.). Plaintiffs will file a motion to relate and consolidate shortly, which Apple does not intend to oppose (subject to its venue and jurisdictional objections regarding non-U.S. plaintiffs). If the motion were granted, the CAC would function as the single operative complaint for all Plaintiffs.

***Facts* (¶ 2):** The CAC was filed on July 2, 2018, and "is intended to serve as a superseding complaint as to all other complaints consolidated" with the MDL. CAC ¶ 23. Apple incorporates by reference its chronology of the facts in the Joint CMC Statement. *See* Joint CMC Statement, at 2-3.

***Legal Issues* (¶ 3)**:

<u>Plaintiffs' Statement</u>

On December 20, 2017, Apple admitted to one of the largest consumer frauds in history. CAC ¶ 2. For several years, consumer frustration mounted with unexplained shutdowns of certain Apple mobile products, starting with the iPhone 6, then the iPhone 6s, and then expanding to other products (the "Devices"). CAC ¶ 2-7. Apple knew why these mobile products were defective, but chose to keep quiet. Worse, on January 23, 2017, Apple released a software update (iOS 10.2.1) that secretly throttled Device performance (by as much as 50%) in an attempt to address the problem. CAC ¶ 9. Over the next year, as its customers experienced throttling in their Devices, Apple marketed a new round of iPhone products. In short, Apple attempted to conceal one defect by making another defect more aggressive – accomplished in a way that violated federal and California computer crime laws, other statutes and common law rights.

Apple is now under investigation by Congress, the DOJ, the SEC and governments around the world. CAC ¶¶ 431-445. Apple has since apologized, and with the release of iOS 11.4, now allows consumers to disable the throttling software. Yet, as Plaintiffs point out, Apple is still forcing consumers to choose one of four harms: 1) keep the throttling software enabled and living with substantial reduction in performance; or 2) disable the software, and be subjected to increased risk of unexpected shutdowns; or 3) purchase a new battery, temporarily reducing the risk of unexpected shutdown; or 4) buy a new phone. CAC ¶ 21. The fact that Apple has temporarily discounted the price of new batteries by $50 does not change this basic fact.

The Court invited the parties to confer and propose priority legal issues to address up front and defer consideration of other issues. In this case, Apple's Software License Agreement

designates California law as the governing law for disputes between customers and Apple on a global basis (with the exception of customers in the United Kingdom), CAC ¶ 22, and thus Plaintiffs propose to prioritize the California statutory claims (Counts 2 through 5), the Trespass to Chattels common law claim (Count 6) and the federal Computer Fraud and Abuse Act claim (Count 1) for the upcoming Motion to Dismiss.

While conferring with Apple on July 3 and 5, 2018, Apple proposed addressing additional jurisdictional issues related to foreign plaintiffs. Plaintiffs bring claims on behalf of customers in the United States, United Kingdom and 39 other countries. CAC ¶ 455 n.70. These countries are included because their courts will recognize the preclusive effect of a class judgment rendered by this Court when the defendant is headquartered in in this District. Plaintiffs understand that Apple wishes to exclude foreign class members from the MDL, but to the extent the question turns on the enforceability of a judgment against ***absent*** class members, that is a question of class definition better left to the class certification stage, particularly if Apple intends to mount a country-by-country challenge. Plaintiffs believe jurisdictional challenges are only appropriate for priority briefing if they relate specifically to a named plaintiff.

<u>Apple's Statement</u>

Far from representing "one of the largest consumer frauds in history," this case attacks efforts that Apple made to improve its customers' devices. Specifically, the 60+ class actions that comprise this MDL focus on a power management software feature introduced by Apple. As the company stated in its December 28, 2017 *A Message to Our Customers about iPhone Batteries and Performance*:

> All rechargeable batteries are consumable components that become less effective as they chemically age and their ability to hold a charge diminishes. Time and the number of times a battery has been charged are not the only factors in this chemical aging process.
>
> Device use also affects the performance of a battery over its lifespan. For example, leaving or charging a battery in a hot environment can cause a battery to age faster.

> These are characteristics of battery chemistry, common to lithium-ion batteries across the industry.
>
> A chemically aged battery also becomes less capable of delivering peak energy loads, especially in a low state of charge, which may result in a device unexpectedly shutting itself down in some situations.

In February 2017, Apple delivered a software update, iOS 10.2.1, to certain iPhones (iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, and iPhone SE) that improves power management during peak workloads to avoid unexpected shutdowns. This feature was later extended to iPhone 7 and iPhone 7 Plus devices with iOS 11.2. The updates successfully reduced the frequency of unexpected shutdowns of affected devices.

When questions arose in late 2017 about the power management feature in iOS 10.2.1 and iOS 11.2, Apple issued a public statement on December 20, 2017, concerning those updates. (*See* https://techcrunch.com/2017/12/20/apple-addresseswhy-people-are-saying-their-iphones-with-older-batteries-are-running-slower/.) On December 28, 2017, Apple released a second message to its customers about iPhone batteries and performance. (*See* https://www.apple.com/iphone-battery-andperformance/.) Apple explained that the updates help prevent unexpected shutdowns.

Despite assuring the Court at the last hearing that it was a "fantastic idea" to share a draft of the Consolidated Amended Complaint—or, at a minimum, the "priority" claims that they would propose prioritizing at the motion to dismiss stage, Plaintiffs' counsel waited until a few minutes before midnight on the July 2nd deadline to file their operative pleading. Contrary to those representations, in addition to broad allegations and claims arising under the laws of 50 states (and several U.S. territories), Plaintiffs' counsel also purported to add a purported "global" class of consumers in 40 foreign countries, as well as named plaintiffs from only 14 of those countries. (CAC ¶¶ 239-275, 455 n. 70.) Plaintiffs' counsel also attempts to expand this case beyond its focus on the iPhone to include iPad devices. (*See generally* CAC ¶¶ 321-343; ECF No. 1 at 2 (JPML Transfer Order) (noting that the consolidated cases "share factual questions

arising from allegations that Apple included code in updates to its mobile operating system (iOS) that significantly reduced the performance of *older-model iPhones*) (emphasis added).)

At no point (until shortly before midnight on July 2nd) did Plaintiffs' counsel provide any notice to this Court or to Apple that they intended to so dramatically expand the scope of this already sprawling MDL. To the contrary, as recently as the First Suppl. Joint CMC Statement filed on April 13, Plaintiffs' counsel suggested that they would *coordinate* this action with civil lawsuits pending in foreign countries[1]—not attempt to co-opt those actions altogether. And on the hearing on their lead counsel motion, Plaintiffs' counsel stated—after citing California choice of law provisions in one of the agreements—that lead counsel would "look to this court to see if it's appropriate … in *some circumstances* to have class members from other countries joining into the case." (Hr'g Tr., May 10, 2018, at 59:24-60:2 (emphasis added).)

At no point did counsel seek that permission before filing. Nevertheless, as a consequence of Plaintiffs' counsel's decision to attempt to substantially expand the scope of this MDL, it is necessary to resolve certain threshold issues of scope before proceeding to the core claims for which the JPML centralized these actions. Apple reserves the right to bring pleadings challenges to all of the seventy-six claims asserted in the CAC,[2] but it proposes that the initial phase should focus on two threshold issues that will impact the scope of discovery and the

---

[1] (*See* First Suppl. Joint CMC Statement at 9:20-22 ("After the appointment of interim lead counsel, the Plaintiffs anticipate proposing ways to enhance cross-border efficiencies between these cases and the MDL where appropriate, and certain plaintiffs' counsel have already begun evaluating possibilities."); *see also* Hr'g Tr., May 10, 2018, at 59:13-60:3 ("This case ***requires coordination with those actions outside of the U.S.***"); Dkt. 35 at 13 (defining the role of "international liaison counsel" as "***monitor[ing] and help[ing] coordinate with any litigation in any international courts*** and advis[ing] on issues related to international class members in this MDL.") (emphases added).)

[2] This Court previously suggested that the parties should brief "the three or the four or the five" of what Plaintiffs believe are their "strongest" claims at the motion to dismiss stage, and defer consideration of pleadings challenges to other state law claims to a later date. (April 25, 2018 Hr'g Tr. at 24:14-25:15.) Apple understands that the Court's suggestion is intended to promote efficiency, but it has concerns about prejudice to its ability to make appropriate Rule 12 challenges to all of Plaintiffs' claims at the pleadings stage and to test the legal sufficiency of those claims before proceeding into discovery on them.

progression of this case going forward: (1) Plaintiffs' attempt to assert claims on behalf of non-U.S. residents; and (2) the conclusory allegations seeking to expand this case to include iPad devices.

*First*, Plaintiffs' counsel's attempt to assert claims on behalf of residents of 40 other countries (CAC ¶¶ 239-75, 455 n. 70)—in addition to all 50 U.S. states and several additional territories—raises serious constitutional and international comity issues, would present massive practical challenges to the progress and attempted resolution of this case, and will require extensive briefing (and evidence under Rule 44.1) regarding the complex choice of law questions in these jurisdictions. Plaintiffs' counsel assert that they included these 40 countries because "their courts will recognize the preclusive effect of a class." (*Supra* p. 3.) But the Court (and Apple) should not just accept this assertion, which is not supported by any legal authority and is belied by the actions now pending in many of those countries. (*See, e.g.*, CAC ¶¶ 434-445.) This is not, as Plaintiffs assert, a matter of "class definition," but rather a determination of whether Plaintiffs may bring foreign and U.S. claims on behalf of non-U.S. plaintiffs, including claims pursuant to certain U.K. regulations and laws. (*See* CAC ¶¶ 633-662.) Resolution of these issues will serve to significantly streamline the scope of this litigation, and should precede the determination of any of Plaintiffs' remaining claims. Unfortunately, however, it would not be possible to brief all of these important issues on the current schedule, so one option is to require Plaintiffs to show cause as to why they believe they can assert claims on behalf of non-U.S. residents. Apple requested this information (including applicable legal authority) during the parties' meet and confer discussions this week, but thus far Plaintiff's counsel has not provided any authority, beyond citing choice of law provisions in some, but not all, agreements.

*Second*, the CAC also attempts to expand this case beyond its focus on the iPhones to include several iPad devices. (*See generally* CAC ¶¶ 321-343; ECF No. 1 at 2.) Because the allegations in the CAC are not sufficient to state a claim with respect to iPads, Apple believes

this is another threshold issue that would significantly impact the scope of discovery but that can be resolved with an early, targeted motion to dismiss.[3]

***Motions* (¶ 4):** There are three motions outstanding, and several others anticipated shortly.

A. Outstanding Motions:

1. Rule 23(d) Motion (communications with putative class members): The parties incorporate by reference previous discussion of this motion. *See* First Suppl. Joint CMC Statement at 11. The parties have conferred and believe it best to continue deferring briefing on the motion while they negotiate a stipulated resolution for the MDL. As detailed in proposed CMO No. 4, the parties will either provide the Court with a proposed stipulation in the near future, or instead Lead Counsel will re-file the motion in the MDL and related briefing would proceed on the schedule proposed in CMO No. 4.

2. Motion to Compel Compliance with Rule 26(f): The parties held their conference on July 3 and July 5, 2018, thus mooting the motion.

3. Motion to Compel Expedited Discovery: On June 8, 2018, Plaintiffs moved to compel the expedited production of certain documents exchanged with regulators, other government entities and in related litigations. The motion is fully briefed and is scheduled for argument on July 11, 2018. The parties conferred on July 3 and 5, 2018, and have been unable to reach agreement, but they continue to discuss potential compromises and will be prepared to discuss with the Court on July 11.

B. Future Motions:

Motion to Dismiss. As discussed above in Section 3, Apple proposes prioritizing two threshold issues that will impact the scope of discovery and the progression of this case going forward. Apple reserves the right to bring pleadings challenges to Plaintiffs' remaining claims after a resolution of these issues. Plaintiffs disagree that "class definition" is a threshold issue

---

[3] Plaintiffs do not even mention iPads in their prefatory statement, and they assert above that the challenged conduct "start[ed] with the iPhone 6." Yet the CAC purports to bring claims relating to older devices (the iPhone 5 and 5S). (CAC at 1 n.1 & ¶¶ 291-302.) Apple also reserves the right to challenge Plaintiffs' inclusion of these devices as well.

and propose that initial briefing be limited to the claims of the named plaintiffs. Plaintiffs propose that for Rule 12(b)(6) purposes, the priority claims are Counts 1 through 6 of the CAC.

Other Motions. The parties reserve their rights to bring other future motions.

***Evidence Preservation* (¶ 6):** The parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding steps to preserve evidence, including the preservation of evidence, identification of the systems that contain discoverable ESI, how these systems will be searched and how documents will be produced, phasing of discovery, protective orders, designation of e-discovery liaisons, and opportunities to reduce costs and increase efficiency. Plaintiffs provided a draft ESI protocol to Defendant and the parties intend to confer in the near future before presenting a joint plan to the Court.

The parties are also continuing to confer on a plan for the preservation of used batteries and whole-unit replacement devices. Apple has sent a draft stipulation to Plaintiffs' counsel and offered to provide a number of stand-alone batteries or whole-unit replacement devices. Plaintiffs take the position that a final plan should proceed through the Discovery Special Master.

***Disclosures* (¶ 7):** In the accompanying CMO No. 4, the parties propose a schedule for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a).

***Discovery* (¶ 8):** Plaintiffs are serving initial Requests for the Production of Documents and Interrogatories today, July 6, 2018. As set forth in the accompanying CMO No. 4, the parties plan to propose discovery deadlines in advance of the next CMC. Apple reserves its right to seek a stay of discovery, including but not limited to a stay of discovery as to Plaintiffs' new international and iPad claims, which are both beyond the scope of the case Plaintiffs' counsel previously represented to the Court. The parties have also been negotiating a protective order and plan to present a proposed draft to the Discovery Special Master for review before presenting to the Court.

***Class Action* (¶ 9):** The CAC asserts claims on behalf of a global putative class, defined to include purchasers, owners, users and lessees of certain Apple Devices in the United States, the United Kingdom and an additional 39 countries identified in fn. 70 on page 158 of the CAC.

Apple disputes that Plaintiffs may obtain class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, or that Plaintiffs may establish a class-wide basis for awarding monetary relief or equitable restitution.

***Related Cases and Proceedings* (¶ 10):** The CAC alleges related litigation in California state court, Canada, South Korea, Israel and Russia, and related regulatory proceedings in the United States (including the House, Senate, SEC and JOJ), Canada, France, Italy, South Korea, China, and Israel. CAC ¶¶ 429-45. The CAC does not allege that any other proceedings have been related to this MDL proceeding as the term "related" is defined in Local Rule 3-12.

One remaining related federal class action is not yet consolidated. On April 12, 2018, the JPML issued Conditional Transfer Order No. 2, JPML ECF No. 166 (J.P.M.L., Apr. 12, 2018) ("CTO-2"), identifying one additional out-of-district action as a potential tag-along action, *Donahoe v. Apple, Inc.*, 1:18-cv-0763 (N.D. Ohio). *Donahoe* was originally filed in state court and removed to federal court on April 4, 2018. Plaintiff Donahoe moved to vacate. Apple and Lead Counsel independently filed oppositions, and the motion has been referred to the Panel meeting on July 26, 2018 in Santa Fe, NM. The matter has been designated for consideration without oral argument.

Two of the cases consolidated with the MDL are pro se matters. The parties told the Court that they were prepared to find a way to work together "to find an efficient, fair and compassionate way to deal with [their] interests." Transcript of Hearing, Apr. 25, 2018, at 28:15-17. However, the Court mentioned that "we have here a pro se counsel here who works for the Court to assist parties, and I thought I might engage him to reach out." Tr. 27:12-14. The parties have deferred contacting the pro se plaintiffs until they receive further guidance from the Court on whether the pro se plaintiffs will be represented by the Court's pro se counsel.

There is one other federal action asserting similar allegations, but Apple has not been served. *See Brodsky v. Apple Inc.*, No. 2:18-cv-01998 (E.D.N.Y.).

In addition, as noted above, there are four state court actions asserting similar allegations. *See Tandel v. Apple Inc.*, No. 17-CIV-05874 (San Mateo Cnty. Super. Ct., filed Dec. 26, 2017); *Rosalia v. Apple Inc.*, No. CGC-18-564832 (San Francisco Cnty. Super. Ct., filed March 6, 2017); *Santino et al. v. Apple Inc.*, No. BC690396 (Los Angeles Cnty. Super. Ct., filed Jan. 16, 2018); *Krueger v. Apple Inc.,* No. 18CV329447 (Santa Clara Cnty. Super. Ct., filed June 5, 2018). Judge Curtis Karnow has granted Apple's Petition for Coordination, coordinating *Tandel* and *Rosalia* under California Code of Civil Procedure § 404.1, and the parties have further stipulated to add *Santino* and *Krueger* to the coordinated proceedings pursuant to the California Rules of Court 3.531(b). Apple has moved to stay proceedings pending the outcome of this litigation.

***Relief*** **(¶ 11):** Plaintiffs are seeking damages under four California statutes (the Consumer Legal Remedies Act, California Computer Data Access and Fraud Act, the California Unfair Competition Law, and the False and Misleading Advertising Law), one federal statute (the Computer Fraud and Abuse Act), common law claims, consumer protection statutes in all 50 states, the District of Columbia, the Virgin Islands, Puerto Rico and the United Kingdom, as well as declaratory and injunctive relief. Plaintiffs also assert claims for punitive damages.

Apple disputes that Plaintiffs are entitled to any relief at all, or that Plaintiffs may establish a class-wide basis for awarding damages or obtaining injunctive relief. Apple reserves all of its defenses to individualized remedies (assuming Plaintiffs are able to establish liability, which Apple contests).

***Settlement and ADR*** **(¶ 12):** The parties addressed starting settlement discussions both before and during the 26(f) Conference. The parties have now agreed that the formal appointment of a mediator would be appropriate to assist settlement efforts on a parallel track with discovery efforts. Plaintiffs believe that mediation must be informed, at a minimum, by

initial discovery. The parties are conferring on the selection of a mediator. In the meantime, the parties have agreed to start preliminary in-person pre-mediation discussions in July.

***Other References* (¶ 14):** The parties have agreed to refer discovery disputes to the Hon. Rebecca Westerfield (Ret.), and are conferring on a stipulated motion appointing her.

***Narrowing of Issues* (¶ 15):** The parties propose initial narrowing of the issues as set forth in Section 4 of this statement.

***Scheduling* (¶ 17):** The parties have included a proposed schedule of upcoming dates in the accompanying CMO No. 4, including a modified proposed briefing and hearing schedule on Apple's motion to dismiss, pursuant to Apple's request (and subject to the parties' dispute regarding proper sequencing of pleadings challenges), and a proposed Case Management Conference in late August or early September, to be held at the Court's convenience.

Dated: July 6, 2018

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.
Attorneys for Defendant Apple, Inc. in all actions

Dated: July 6, 2018

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Laurence D. King*
Laurence D. King
Attorneys for Plaintiff Nicole Gallmann, No. 5:17-cv-7285-EJD-NC (N.D. Cal.)

Dated: July 6, 2018

**COTCHETT, PITRE & MCCARTHY LLP**

By: */s/ Mark Cotton Molumphy*
Mark Cotton Molumphy
Attorneys for Plaintiff Robert Gilson, No. 5:18-cv-0216-EJD-NC (N.D. Cal.)

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1, I, Mario M. Choi, hereby attest that counsel for all parties listed above consented to the filing of this document in Case No. 5:18-MD-02827-EJD (N.D. Cal.). I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 6, 2018

**KAPLAN FOX & KILSHEIMER LLP**

By: *\/s/ Mario M. Choi*
Mario M. Choi

Interim Co-Lead Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2018, I caused the foregoing document to be filed via ECF which will qualify as service for all parties registered to use ECF in this case. I also certify that I caused the foregoing document to be mailed by U.S. First Class Mail, postage prepaid, to the following two pro se plaintiffs whose cases are consolidated with the MDL but who might not be receiving ECF Notices:

Brian Hogue
103158
18-910
c/o ISCC
H-3
P.O. Box 70010
Boise, ID 83707

Abdul Mohammed
258 East Bailey Rd., Apt. C
Naperville, IL 60565

DATED: July 6, 2018

**KAPLAN FOX & KILSHEIMER LLP**

By: *Mario M. Choi*
Mario M. Choi

Interim Co-Lead Counsel