**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707

DAVID A. STRAITE (*pro hac vice*)
*dstraite@kaplanfox.com*
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714

**COTCHETT, PITRE & MCCARTHY LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
MARK C. MOLUMPHY (SBN 168009)
*mmolumphy@cpmlegal.com*
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577

*Interim Co-Lead Class Counsel*

**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS, JR. (SBN 132099)
*tboutrous@gibsondunn.com*
CHRISTOPHER CHORBA (SBN 216692)
*cchorba@gibsondunn.com*
THEANE EVANGELIS (SBN 243570)
*tevangelis@gibsondunn.com*
TIMOTHY W. LOOSE (SBN 241037)
*tloose@gibsondunn.com*
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000
Facsimile: 213-229-7520

G. CHARLES NIERLICH (SBN 196611)
*gnierlich@gibsondunn.com*
RACHEL S. BRASS (SBN 219301)
*rbrass@gibsondunn.com*
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415-393-8200
Facsimile: 415-374-8458

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD<br><br>**STIPULATION AND [PROPOSED] ORDER APPOINTING SPECIAL DISCOVERY MASTER** |
| This Relates to:<br>ALL CASES | **Judge**: Hon. Edward J. Davila<br>**Courtroom**: 4, 5th Floor |

**WHEREAS**, Co-Lead Counsel for Plaintiffs and counsel for Defendant Apple Inc. (collectively, "the parties") have met and conferred regarding the appointment of a Special Discovery Master(s) to preside over discovery matters in this case;

**WHEREAS**, the Court has considered such an appointment and agrees that the appointment of a Special Discovery Master serves the interests of judicial economy and satisfies the requirements of Federal Rule of Civil Procedure 53;

**WHEREAS**, the parties have selected as a Special Discovery Master the Hon. Rebecca Westerfield (Ret.), of Judicial Arbitration and Mediation Services ("JAMS"), Two Embarcadero Center, Suite 1500, San Francisco, CA 94111;

**WHEREAS**, the Court has been informed that the parties have agreed upon the selection of Judge Westerfield as the Special Discovery Master in this action, *see* Dkt. No. 134;

**WHEREAS**, the parties acknowledge that they have received notice and an opportunity to be heard regarding the selection of Judge Westerfield as the Special Discovery Master in this action, including during the status conference held on June 19, 2018;

**WHEREAS**, the parties have submitted an affidavit from Judge Westerfield pursuant to Federal Rule of Civil Procedure 53(b)(3) and 28 U.S.C. § 455 concurrently with this stipulation;

**WHEREAS,** Co-Lead Counsel continue to believe that additional special discovery masters will be necessary to preside over discovery in this case, Apple counsel disagrees, but Apple counsel and Co-Lead Counsel have agreed to proceed initially with one Special Discovery Master (Judge Westerfield) and discuss at a future date whether additional special discovery masters are necessary.

**THEREFORE**, it is agreed that the Hon. Rebecca Westerfield shall serve as the Special Discovery Master in this action.

**IT IS SO STIPULATED.**

DATED: August 1, 2018

s/ *Joseph W. Cotchett*
Joseph W. Cotchett

Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-05777
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*

DATED: August 1, 2018

*s/ Laurence D. King*
Laurence D. King

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*

David A. Straite (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*dstraite@kaplanfox.com*

*Interim Co-Lead Counsel*

DATED: August 1, 2018

*s/ Christopher Chorba*
Christopher Chorba

Theodore J. Boutrous, Jr. (SBN 132099)
Christopher Chorba (SBN 216692)
Theane Evangelis (SBN 243570)
Timothy W. Loose (SBN 241037)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000

Facsimile: 213-229-7520
*tboutrous@gibsondunn.com*
*cchorba@gibsondunn.com*
*tevangelis@gibsondunn.com*
*tloose@gibsondunn.com*

G. Charles Nierlich (SBN 196611)
Rachel S. Brass (SBN 219301)
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415-393-8200
Facsimile: 415-374-8458
*gnierlich@gibsondunn.com*
*rbrass@gibsondunn.com*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Joseph W. Cotchett, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of August 2018, at Burlingame, California.

/s/ *Joseph W. Cotchett*
Joseph W. Cotchett

**[PROPOSED] ORDER APPOINTING SPECIAL DISCOVERY MASTER**

Pursuant to Federal Rule of Civil Procedure 53, the parties' stipulation, and good cause appearing, the Court hereby orders as follows:

**SCOPE OF ORDER AND APPOINTMENT**

1. Scope of Order. This Order shall apply to all cases currently pending in MDL No. 2827 and to all related actions that have been or will be originally filed in, transferred to, or removed and assigned to this Court. This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of this action and shall govern each case in the action unless it explicitly states that it relates to specific cases.

2. Appointment. Pursuant to Federal Rule of Civil Procedure 53, the Court hereby appoints the Hon. Rebecca Westerfield (Ret.) to serve as the Special Discovery Master in this action.

**BASIS FOR APPOINTMENT**

3. Fairness Considerations. Pursuant to Federal Rule of Civil Procedure 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Discovery Master on the parties. The Court believes that the appointment and use of the Special Discovery Master will materially advance the litigation, thereby achieving considerable cost-saving to all parties. Additionally, the Court notes that the parties have consented to the Special Discovery Master's appointment and have agreed to pay the compensation for the Special Discovery Master. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master and the parties' counsel.

4. No Grounds for Disqualification. Pursuant to Federal Rule of Civil Procedure 53(b)(3), the Special Discovery Master shall file an affidavit disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. Provided that the affidavit states that the Special Discovery Master has no grounds that would require disqualification under 28 U.S.C. § 455, Judge Westerfield's appointment as the Special Discovery Master shall be effective immediately upon its filing. During the course of these proceedings, the Special Discovery Master and the parties shall

notify the Court immediately if they become aware of any potential grounds that would require disqualification.

5. Proper Notice Given to Parties. Pursuant to Federal Rule of Civil Procedure 53(b)(1), the Court gave all parties notice of its intent to appoint the Special Discovery Master and an opportunity to be heard regarding such appointment before issuing this Order, at the status conference held on June 19, 2018.

**THE SPECIAL DISCOVERY MASTER'S DUTIES AND AUTHORITY**

6. Diligence. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Court directs the Special Discovery Master to proceed with all reasonable diligence in performing her duties in this action.

7. Protective Order. The Special Discovery Master shall be considered part of this Court for purposes of any protective order that is entered in this action. If the Special Discovery Master submits anything to the Court that contains or would disclose confidential information under the terms of any such protective order, the Special Discovery Master has the authority to file under seal that portion which discloses the confidential information.

8. Scope of Duties and Authority. Pursuant to Federal Rule of Civil Procedure 53(b)(2)(A), the Special Discovery Master shall adjudicate all pretrial discovery motions and disputes. The Special Discovery Master shall have all the authority provided in Federal Rule of Civil Procedure 53(c), including, but not limited to, the authority to set the date, time, and place for all hearings determined by the Special Discovery Master to be necessary; to direct the issuance of subpoenas; to make rulings on objections or otherwise resolve disputes involving written and document discovery, or arising during the course of depositions; to preside over hearings (whether telephonic or in-person); to take evidence in connection with discovery disputes; to recommend fee allocations and non-contempt sanctions provided by Federal Rules of Civil Procedure 37 and 45; and to recommend contempt sanctions. Any motion pursuant to Federal Rule of Civil Procedure 37 or Civil Local Rule 37-1 for sanctions for violations of the Special Discovery Master's orders shall be decided by the Special Discovery Master.

9. Procedural Requirements for Motions Practice. The procedural requirements that shall govern motion practice before the Special Discovery Master have been agreed to by the parties and the Special Discovery Master. Any motion must not exceed 15 pages, excluding captions, tables, and exhibits. Any opposition to a motion must be filed and served not more than 14 days after the motion was filed and must not exceed 15 pages, excluding captions, tables, and exhibits. Any reply to an opposition must be filed and served not more than 7 days after the opposition was due and must not exceed 8 pages, excluding captions, tables, and exhibits. Any extensions on filing deadlines or page limits of the motion papers must be stipulated to by the parties. Any party who wishes to obtain a transcript of any proceedings before the Special Discovery Master should make the necessary arrangements for a court reporter to transcribe those proceedings.

10. Ex Parte Communications. Pursuant to Federal Rule of Civil Procedure 53(b)(2)(B), the Special Discovery Master may communicate ex parte with the Court at any time. The Special Discovery Master shall not communicate ex parte regarding substantive matters with any party absent consent of the Court.

11. Preservation of Materials and Preparation of Record. Pursuant to Federal Rule of Civil Procedure 53(b)(2)(C), the Special Discovery Master shall maintain orderly files consisting of all documents submitted to her by the parties and any of her written orders, findings, and/or recommendations. Pursuant to Federal Rule of Civil Procedure 53(e), the Special Discovery Master shall file any written orders, findings, and/or recommendations with the Court through the Court's Electronic Case Filing system. Such filing shall fulfill the Special Discovery Master's duty to serve her orders on the parties. Any records of the Special Discovery Master's activities other than her written orders, findings, and/or recommendations shall be filed in accordance with paragraph 15 herein.

12. Periodic Status Reports. The Special Discovery Master shall file with the Court on ECF periodic status reports, not less frequently than once per month, containing a written update summarizing her work in this action.

**COMPENSATION**

13. The Special Discovery Master shall be compensated by the Parties for her time at the rate of $800 an hour in professional charges, with reimbursement for reasonable expenses. In addition, JAMS shall charge an initial filing fee of $600 per Party and an administrative fee of 12% of the Special Discovery Master's professional charges to pay for administrative and clerical assistance, hearing rooms and other facilities. The fees and expenses of the Special Discovery Master shall be divided between the Parties, unless otherwise agreed or recommended by the Special Discovery Referee, as follows:

(i) for disputes between the Parties, one-half borne by Plaintiffs and one-half borne by Defendant;

(ii) for disputes between a Party and any third-party, the Party bringing or opposing any motion shall bear the full amount of any fees and expenses; and

(iii) with respect to the issuance of subpoenas, commissions and letters rogatory, if any, the Party seeking such issuance shall bear the full amount of any fees and expenses.

The Parties shall pay the Special Discovery Master's fees within 30 calendar days of invoicing, unless otherwise excused by the Special Discovery Master or this Court.

**ACTION ON THE SPECIAL DISCOVERY MASTER'S ORDERS, REPORTS, AND/OR RECOMMENDATIONS**

14. <u>Time Limits for Review.</u> Any party wishing to file objections to or a motion to adopt or modify the Special Discovery Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Discovery Master filed her order, report, and/or recommendation on ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion.

15. <u>Filing the Record for Review.</u> The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Discovery Master's order, report, and/or recommendation, including any transcripts of the proceedings before

the Special Discovery Master and any documents submitted by the parties in connection with the Special Discovery Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

16. Standards of Review. The Court shall review *de novo* findings of fact made or recommended by the Special Discovery Master. The Court shall review *de novo* any conclusions of law made or recommended by the Special Discovery Master. The Court shall review the Special Discovery Master's ruling on a procedural matter only for an abuse of discretion.

17. Court's Actions on the Special Discovery Master's Orders, Reports, and Recommendations. Pursuant to Federal Rule of Civil Procedure 53(g)(1), in acting on any order, report, or recommendation of the Special Discovery Master, the Court shall afford each party an opportunity to be heard and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; remand to the Special Discovery Master with instructions; or make any further orders it deems appropriate.

**MODIFICATION OF ORDER**

18. Pursuant to Federal Rule of Civil Procedure 53(b)(4), this Order may be amended at any time upon motion of any party, stipulation of the parties, or upon the Court's own motion, provided that the parties are given appropriate notice and an opportunity to be heard.

**IT IS SO ORDERED.**

Dated: ______________________

______________________________
HON. EDWARD J. DAVILA
United States District Judge