**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION** MDL No. 2827

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in the *Donahoe* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Donahoe* to the Northern District of California for inclusion in MDL No. 2827. Defendant Apple Inc. opposes the motion, as do MDL plaintiffs Nicole Gallmann and Robert Gilson, who are represented by lead plaintiffs' counsel in the MDL.

In support of his motion to vacate, plaintiff argues that transfer is not appropriate because *Donahoe* involves different factual questions than those at issue in the MDL. Specifically, plaintiff contends that while the actions in the MDL involve alleged misrepresentations concerning the cause of the performance issues in Apple's iPhones (allegedly a result of code in updates to Apple's mobile operating system (iOS)), *Donahoe* relates only to alleged misrepresentations about the solution to these performance issues (*i.e.*, Apple's alleged failure to inform consumers that the performance issues could be remedied by replacing the battery in the iPhone). Plaintiff's attempt to distinguish his action from those in the MDL by limiting his claims to a subset of the conduct at issue in the MDL is not persuasive. Numerous complaints in the MDL involve the same alleged misrepresentations at issue in *Donahoe*. The same Ohio state law claims asserted in *Donahoe* have been asserted in the MDL, including in the recently-filed consolidated amended class action complaint. Furthermore, there is significant overlap between the putative classes asserted in the MDL and the putative class asserted in *Donahoe*. To the extent *Donahoe* may involve some unique questions of law or fact, a complete identity of factual issues or parties is not a prerequisite to transfer under Section 1407 when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016).

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2827, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions

---

[*] Judges Charles R. Breyer and Lewis A. Kaplan took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

sharing factual questions arising from allegations that Apple included code in updates to its mobile operating system (iOS) that significantly reduced the performance of older-model iPhones. *See In re Apple Inc. Device Performance Litig.*, 291 F. Supp. 3d 1371, 1371-72 (J.P.M.L. 2018). These updates allegedly were issued in response to a battery defect in the iPhones. Numerous plaintiffs allege that Apple failed to adequately disclose to iPhone owners the impact the iOS updates would have on the performance of their iPhones and that the performance issues could be resolved by replacing the battery of the iPhone, as opposed to buying an expensive, newer-model iPhone. *Donahoe* thus shares a common factual core with the actions in the MDL. Its inclusion in the MDL will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward J. Davila for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah Vance

Sarah S. Vance
Chair

Marjorie O. Rendell
R. David Proctor

Ellen Segal Huvelle
Catherine D. Perry

**IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION** MDL No. 2827

**SCHEDULE A**

Northern District of Ohio

DONAHOE v. APPLE, INC., C.A. No. 1:18−00763