**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Brian Danitz (SBN 247403)
Stephanie D. Biehl (SBN 306777)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-05777
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*
*bdanitz@cpmlegal.com*
*sbiehl@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*

Frederic S. Fox (*pro hac vice*)
David A. Straite (*pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*ffox@kaplanfox.com*
*dstraite@kaplanfox.com*

*Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION**

This Relates to:

**ALL CASES**

Case No. 5:18-md-02827-EJD-NC

**<u>CLASS ACTION</u>**

**DECLARATION OF MARK C. MOLUMPHY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO RULE 23(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Judge: Hon. Edward J. Davila
Courtroom: 4, 5th Floor

Hearing Date: September 28, 2018
Hearing Time: 10:00 a.m.

## TABLE OF CONTENTS


A. **Apple Admits to Throttling and Announces the Discounted Battery Replacement** ..... 2

B. **Plaintiffs' First Motion for Relief Pursuant to Rule 23(d) is Filed** ..... 4

C. **Apple Announces the Battery Replacement "Credit"** ..... 4

D. **Plaintiffs Seek Clarification Regarding the Effects of the "Credit"** ..... 5

E. **Apple Confirms the "Credit" and Discounted Battery Replacement are Intended as "Relief" in this Action** ..... 7

F. **Apple Refuses the Proposed Stipulation, Forcing Plaintiffs to (Re)File the Rule 23(d) Motion** ..... 8

I, Mark C. Molumphy, hereby declare as follows:

1. I am a partner at the law firm of Cotchett, Pitre & McCarthy, LLP ("CPM"), one of the Interim Co-Lead Counsel for plaintiffs and the proposed class in the above-referenced matter. I have personal knowledge of the matters set forth herein and, if called upon, I could and would testify competently thereto.

2. I submit this Declaration in support of Plaintiffs' Motion for Relief Pursuant to Rule 23(d) of the Federal Rules of Civil Procedure (the "Rule 23(d) Motion").

**A. <u>Apple Admits to Throttling and Announces the Discounted Battery Replacement</u>**

3. On **December 20, 2017**, Apple reportedly issued a statement admitting to releasing a feature for certain iPhones during the prior year designed to "smooth out" peaks of processor power in order to prevent the devices from unexpectedly shutting down. A true and correct copy of an article by *TechCrunch*, reportedly including Apple's statement, is attached hereto as **Exhibit 1**.

4. On **December 21, 2017**, the first of numerous complaints was filed in this consolidated action on behalf of a proposed class of Apple consumers.

5. On **December 28, 2017**, Apple posted a communication on its website entitled, "*A Message to Our Customers about iPhone Batteries and Performance*" ("*Message*") and announced a $50 discount to the out-of-warranty battery replacement price "for anyone with an iPhone 6 or later whose battery needs to be replaced," effective through the end of 2018. The *Message* stated that additional details "will be provided soon" and also announced that Apple would be issuing an iOS software update in early 2018 "with new features that give users more visibility into the health of their iPhone's battery[.]" While Apple specifically denied that it would ever intentionally degrade the performance of iPhones, it apologized for failing to disclose that the performance problems that iPhone users were experiencing could potentially be resolved by replacing the batteries, rather than replacing their devices. In addition, the *Message* stated that Apple's website included "a new support article, iPhone Battery and Performance." ("Article") A true and correct copy of the *Message* is attached hereto as **Exhibit 2**. A true and correct copy of the Article is

attached hereto as **Exhibit 3**.

6. On **January 26, 2018**, in light of Apple's communications with proposed class members, certain plaintiff's counsel sent a letter to Apple's counsel and asked Apple to either confirm that the battery replacement program had no effect on class members' claims in the litigation or to explain clearly in their communications with the proposed class what the effect was. Apple refused to do either. A true and correct copy of the January 26, 2018 letter sent by counsel of record for plaintiff Nicole Gallman (Laurence D. King of Kaplan Fox & Kilsheimer LLP, who has subsequently been appointed as one of the Interim Co-Lead Counsel for Plaintiffs in the above-captioned action) to Apple's counsel is attached hereto as **Exhibit 4**.

7. On **January 30, 2018**, *Reuters* reported that the U.S. Department of Justice ("DOJ") and the Securities and Exchange Commission ("SEC") were investigating whether Apple violated securities laws concerning its disclosures that it slowed older iPhones with flagging batteries, and that "[g]overnment agencies in countries ranging from Brazil to France and Italy to South Korea are investigating Apple." *Reuters* said, "[a] French prosecutor and Italy's antitrust body earlier this month separately launched preliminary investigations of [Apple] over alleged deception and planned obsolescence of its products following a complaint by a consumer organization and use of software updates to slow their mobile phones and push clients into buying new handsets." *Reuters* reported that "[a] South Korean consumer group has filed a criminal complaint against CEO Tim Cook over slower iPhone devices and accused Apple of destruction of property and fraud" and "[i]n Brazil, the state agency responsible for consumer issues notified Apple that it must explain how Brazilian owners of iPhones will be able to buy battery replacements at lower prices." A true and correct copy of the *Reuters* article entitled, "U.S. agencies probe Apple over slowing iPhones: Bloomberg" is attached hereto as **Exhibit 5**.

**B. <u>Plaintiffs' First Motion for Relief Pursuant to Rule 23(d) is Filed</u>**

8. On **February 9, 2018**, having failed to secure an answer from Apple, plaintiffs filed a motion for expedited injunctive relief pursuant to Rule 23(d). Plaintiffs requested that the Court enter an order requiring Apple, in future communications with putative class members, to disclose the pending class action and confirm that participation in the discounted battery replacement does "not relinquish[] any rights or diminish[] any claims that [putative class members] might have" in the proposed class actions that were then pending before the Judicial Panel of Multidistrict Litigation ("JPML"). *See Gallmann v. Apple Inc.*, No. 17-cv-07285-EJD, Dkt. No. 31 at 1. A hearing on this motion was scheduled for May 3, 2018, but the Court stayed consideration of this motion at the February 21, 2018 case management conference. *See Gallmann*, No. 17-cv-07285-EJD, Dkt. No. 35. The Court continued the stay until lead counsel were identified.

9. On **May 15, 2018**, the Court appointed my firm and Kaplan Fox as interim co-lead counsel ("Plaintiffs' Lead Counsel") [Dkt. No. 99] and entered Case Management Order No. 2 on May 18, 2018 [Dkt. No. 101]. After being appointed, Plaintiffs' Lead Counsel attempted to meet and confer with Apple's attorneys at Gibson Dunn, LLP regarding the issues raised by the earlier motion filed pursuant to Rule 23(d). Specifically, we made multiple attempts – both in writing and over the phone – to ascertain Apple's position and obtain assurances that participation in the replacement program and any "credit" they received did not release or otherwise impact class members' claims. Apple's counsel refused to provide such direct confirmation.

**C. <u>Apple Announces the Battery Replacement "Credit"</u>**

10. On **May 23, 2018**, Apple posted a document on its website entitled, "iPhone Out-Of-Warranty Battery Replacement Credit" ("Post") and announced that customers who had previously paid Apple the full price for a battery replacement would receive a $50 "credit" to their account. However, once again, Apple did not inform putative class members of this pending class action, the claims and alternative remedies that may be available in this litigation, nor Apple's position that customer participation in the "credit" could impact the claims and damages they asserted. Rather, Apple's Post stated that "[e]ligible customers will be contacted by Apple via

email between May 23, 2018 and July 27, 2018 with instructions on how to obtain the credit." Apple's Post also indicated that it would communicate with other (non-eligible) customers, stating, "If you have not received an email from Apple by August 1, 2018, but believe you are eligible for a credit based on the terms above, please contact Apple by December 31, 2018…. the out-of-warranty battery replacement price for iPhone 6 or later devices[] [is] effective through the end of 2018." A true and correct copy of the Post is attached hereto as **Exhibit 6**.

11. That same day, **May 23, 2018**, and just one hour before the Post was published on Apple's website, Apple's counsel sent a letter to Plaintiffs' Lead Counsel to inform them of the $50 credit program. In its letter, Apple described the credit program as a "goodwill gesture" to customers and assured us that "Apple does not intend participation in the program to extinguish any legal rights or claims stemming from events unrelated to a repair." However, in the final sentence of Apple's letter, Apple cryptically stated: "That said, no plaintiffs or putative class members may recover twice for the same alleged injury." A true and correct copy of Apple's May 23, 2018 letter to Plaintiffs' Lead Counsel is attached hereto as **Exhibit 7**.

**D. <u>Plaintiffs Seek Clarification Regarding the Effects of the "Credit"</u>**

12. On **May 23, 2018**, immediately after receiving Apple's letter, Plaintiffs' Lead Counsel sent a letter to Apple's counsel and requested clarification about its "goodwill" program, including what claims Apple contended "relate" to a battery repair, and whether Apple intended to assert that participation in the program impacted a class member's claims or damages (which seemed antithetical to a "goodwill" gesture). A true and correct copy of Plaintiffs' May 23, 2018 letter to Apple is attached hereto as **Exhibit 8**.

13. On **May 24, 2018**, the parties participated in a telephonic meet and confer to discuss the issues raised in the letters attached hereto as Exhibits 7 and 8. During the call, Plaintiffs' Lead Counsel again voiced their concerns about which claims "relate" to the battery repair, and whether they were being released, and asked Apple about the meaning of this phrase contained in Apple's May 23, 2018 letter. Plaintiffs' Lead Counsel also asked for confirmation from Apple, in a written document, that participation in the programs did not impact class member

claims.

14. On **May 25, 2018**, Apple sent a letter to Plaintiffs' Lead Counsel providing an "exemplar email to consumers regarding the credit being provided[.]" Apple's exemplar email misleadingly suggests that any customers "who paid for a battery replacement" are entitled to the credit. The exemplar email states, in relevant part: "Apple is providing a $50 credit to customers who paid for a battery replacement for iPhone 6 or later devices between January 23, 2017 and December 28, 2017 at an Apple store, Apple Repair Center, or Apple Authorized Service Provider. This credit will be automatically processed against the credit card used to pay for the service. No action is required on your part. You will receive an email letting you know when the credit is on its way." Apple also took the position that it was premature to attempt to resolve any dispute regarding its communications and programs, and whether they violated Rule 23(d), stating, "there is not an operative consolidated complaint, and it is not clear whether plaintiffs in this case will allege any claims that relate in any way to Apple's discounted battery replacement program." A true and correct copy of Apple's May 25, 2018 letter, including exhibits A and B attached thereto, is attached hereto as **Exhibit 9**.

15. In light of Apple's mixed messages, Plaintiffs' Lead Counsel continued to push Apple to confirm that participation in the battery replacement and credit program does not act to settle, waive, release or otherwise impact potential class claims.

16. On **May 29, 2018**, Plaintiffs' Lead Counsel sent a letter to Apple stating that, rather than file a motion seeking relief under Rule 23(d), Plaintiffs would be willing to enter into a written stipulation confirming how Apple intended to apply its credit program to class claims. Plaintiffs' Lead Counsel also requested Apple to produce copies of any additional communications to putative class members, and any instructions to Apple employees or contractors regarding communications regarding the battery replacement and credit program. A true and correct copy of Plaintiffs' May 29, 2018 letter to Apple is attached hereto as **Exhibit 10**. The following day, May 30, 2018, the parties participated in a telephonic meet and confer to discuss the issues in the letters attached hereto as Exhibits 9 and 10, among other things. The parties were unable to reach a

resolution at that time.

17. On **June 1, 2018**, Apple sent a letter to Plaintiffs' Lead Counsel and asked Plaintiffs' Lead Counsel to provide a draft stipulation setting forth Plaintiffs' position "regarding the terms and conditions applicable to this program" (now referred to by Apple as the "Battery Refund Credit Program"). However, Plaintiffs had already described their position and Apple again failed to describe *its* position. A true and correct copy of Apple's June 1, 2018 letter is attached hereto as **Exhibit 11**.

**E. <u>Apple Confirms the "Credit" and Discounted Battery Replacement are Intended as "Relief" in this Action</u>**

18. On **June 29, 2018**, prior to filing their consolidated complaint, Plaintiffs' Lead Counsel sent a detailed letter to Apple's counsel describing the claims asserted in the MDL. Plaintiffs also demanded that Apple cease from expressly or impliedly representing to consumers who purchased Devices that they are not defective, among other things. A true and correct copy of Plaintiffs' June 29, 2018 letter is attached hereto as **Exhibit 12**.

19. On **July 5, 2018**, Apple sent a response letter to Plaintiffs' Lead Counsel and confirmed, for the first time, that the battery replacement discount and the credit were intended to be (or at least function partially as) "relief" to class members. Apple's counsel also stated that it "has already taken action, however, with respect to the type of relief that you seek" and identified the battery replacement program as one form of "relief" sought. Apple's counsel concluded, "the 'remedies' you demand are already in place." A true and correct copy of Apple's July 5, 2018 letter is attached hereto as **Exhibit 13**.

20. On **July 10, 2018**, Plaintiffs' Lead Counsel sent a letter to Apple confirming "that Apple now intends participation in the battery replacement program to impact claims" in this case, and noting the Rule 23(d) motion that was filed in *Gallman* was still pending. A true and correct copy of Plaintiffs' July 10, 2018 letter is attached hereto as **Exhibit 14**.

21. On **July 11, 2018**, the parties informed the Court during the Case Management Conference about the outstanding issues relating to the pending Rule 23(d) motion that was filed in

*Gallman*. Apple's counsel stated that the only issue is one "of double recovery. It's not an advance on damages." Apple said it would work with Plaintiffs on a "draft stipulation" and the parties agreed to continue the meet and confer efforts in attempt to resolve the issues without re-filing the motion.

**F. <u>Apple Rejects the Proposed Stipulation, Forcing Plaintiffs to (Re)File the Rule 23(d) Motion</u>**

22. On **July 13, 2018**, the Court entered Case Management Order No. 4, denying the pending Rule 23(d) motion, and stating, ***"If the parties are unable to reach a resolution, Co-Lead Counsel represent that they 'will re-file the motion in the MDL.'"*** Dkt. No. 153 at 7.

23. On **July 23, 2018**, Plaintiffs' Lead Counsel sent Apple's counsel a proposed 1-page stipulation confirming that Apple would not take the position that a class member's participation in the battery replacement and credit programs mooted, settled, waived, released or impaired any of their rights or claims in this action. We asked Apple to return an executed version of the stipulation for filing by no later than 5:00 p.m. on July 27, 2018. Alternatively, if Apple would not agree to the stipulation, we asked Apple's counsel to notify us as soon as possible. A true and correct copy of Plaintiffs' July 23, 2018 letter, including the enclosed proposed stipulation, is attached hereto as **Exhibit 15**.

24. On **August 1, 2018**, Plaintiffs' Lead Counsel sent a follow up letter to Apple's counsel requesting Apple's decision on the proposed stipulation. We informed Apple's counsel that we wanted to resolve the matter expeditiously and, absent a stipulation, intended to re-file the motion for relief pursuant to Rule 23(d) to be heard at the Case Management Conference set on August 23, 2018. A true and correct copy of Plaintiffs' August 1, 2018 letter is attached hereto as **Exhibit 16**. We subsequently agreed to defer filing our motion at Apple's request until August 7, 2017, to give them additional time to consider whether they would sign our proposed stipulation.

25. On **August 7, 2018**, at 4:01 p.m., Apple's counsel sent an email and, rather than entering into the stipulation we proposed, included extensive changes and several attachments thereto. A true and correct copy of Apple's August 7, 2018 email is attached hereto as **Exhibit 17**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 7, 2018, at Burlingame, California.

*/s/ Mark C. Molumphy*
MARK C. MOLUMPHY