THEODORE J. BOUTROUS, JR., SBN 132099
    tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
    cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
    tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
    tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

G. CHARLES NIERLICH, SBN 196611
    gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
    rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:   415.374.8458

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION, <br><br>———————————————<br><br> This Document Relates To: <br><br> ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD <br><br> **PUTATIVE CLASS ACTION** <br><br> **DECLARATION OF PROFESSOR FABIAN AJOGWU, SAN IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** <br><br> Judge:          Hon. Edward J. Davila <br> Courtroom:   4, 5th Floor <br> Hearing Date:   September 28, 2018 <br> Hearing Time:  10:00 a.m. |

## <u>DECLARATION OF PROFESSOR FABIAN AJOGWU, SAN</u>

Pursuant to 28 U.S.C. § 1746 and Rule 44.1 of the Federal Rules of Civil Procedure, I hereby declare as follows:

<u>BACKGROUND AND QUALIFICATIONS</u>

1. I am Professor Fabian Ajogwu, SAN, a Senior Partner at the Nigerian law firm of Kenna Partners. I offer this declaration in support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint. The following is true of my own personal knowledge except where stated on information and belief, and as to those matters I am informed and believe they are true and, if called as a witness, I could and would testify competently thereto.

2. I am a Senior Advocate of Nigeria, and a Professor of Corporate Governance at the Lagos Business School. I was called to the Nigerian Bar in 1991 as a Barrister and Solicitor of the Supreme Court of Nigeria. I hold a doctorate degree (Ph.D.) in Law from University of Aberdeen, Scotland; an MBA from the IESE Business School, University of Navarra, Barcelona; and Law degrees from the University of Nigeria, and University of Lagos. I am the Founder and lead Partner at the Nigerian law firm of Kenna Partners, and have been lead Counsel to the Federal Government of Nigeria in several cases of national importance with emphasis in technology, energy, maritime, banking and financial services sectors. I am a member of the General Council of the Bar, and the Council of Legal Education (Nigerian Law School) as the statutorily referred Distinguished Legal Author. I am a member of the London Court of International Arbitration, member of the Board of Lagos Court of Arbitration, and a member of the International Council for Commercial Arbitration. I have authored the books – *'Commercial Arbitration in Nigeria: Law & Practice'; 'Fair Hearing', 'Ship Acquisition & Finance: Law & Practice'; 'Corporate Governance & Group Dynamics'; 'Corporate Governance in Nigeria: Law and Practice'; 'Mergers & Acquisition in Nigeria: Law and Practice'; 'Law & Society'.* I have co-authored the books - *'Petroleum Law and Sustainable Development"; 'Legal & Regulatory Aspects of Commerce' and 'Trade & Investments in Nigeria: Legal and Regulatory Aspects'; "Oral and Written Advocacy: Law & Practice"; and "Collecting Art".*

3. I have handled a number of landmark cases at different courts in Nigeria including cases on consumer protection claims and defences. In the last 5 years, I have handled well over 136 cases at

the High Courts, Court of Appeal and Supreme Court. I am familiar with the law, practice and procedures of the State High Courts, and the Federal Courts comprising of the Federal High Court, the Court of Appeal and Supreme Court.

4.    I have been asked to provide the Court with background information concerning Nigeria's consumer protection laws and regulations.  I have further been asked to address whether the courts of my country would recognize and enforce a judgment rendered by a U.S. court in a class action (that applied California's laws to the claims made on behalf of consumers from Nigeria) to dismiss a potential claim brought in a subsequent action in a Nigerian court.

## SUMMARY OF OPINIONS

5.    For the Court's convenience, I briefly summarize my opinions in this action, which are set forth in more detail below:

a.    Nigeria has a number of consumer protection mechanisms/institutions that cover different industries.

b.    The Nigerian regulatory framework created agencies like the Consumer Protection Council and the Standard Organization of Nigeria, both of which regulate the products in circulation in the Nigerian market to ensure their safety and fitness; and provide the basis for determination by the courts on the rights and liabilities of the customers and the manufacturers. Nigerian law also provides for criminal liability with regards to misleading sale or advertisement of products

c.    Nigerian courts have demonstrated a reluctance to allow foreign courts to oust their jurisdiction by adjudicating on issues that pertain to their citizens, residents or cause of actions arising in Nigeria. This reluctance is embedded in both the Constitution and in case law decisions wherein the Nigerian courts have assumed jurisdiction.

d.    There is no treaty or convention in force between the U.S. and Nigeria that addresses the recognition and enforcement of judgments. Moreover, there is no precedent known to me, on all fours with the claims in this case, where Nigeria has enforced a judgment from a U.S. Class Action that purported to represent Nigerian citizens and residents.

DECLARATION OF PROFESSOR FABIAN AJOGWU, SAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn & Crutcher LLP

6.      I understand that Plaintiffs' Counsel have claimed that the Software License Agreement ("SLA") requires the Court to apply California law to all claims, including claims made on behalf of consumers from Nigeria.  However, I also understand that some of Plaintiffs' claims related to alleged battery issues of Nigerian customers are covered by Apple's hardware warranty.  I also understand that the text of this warranty states that it "is governed by and construed under the laws of the country in which the Apple Product purchase took place."

<u>OVERVIEW OF NIGERIA'S RELEVANT LAWS AND REGULATIONS</u>

7.      Nigeria has its own laws that generally apply to purchases made by Nigerian consumers in their home country, as well as its own legal regime for enforcing these laws.

8.      Nigeria has 36 states as well as the Federal Capital Territory.  Under Order 13 of the High Court of Lagos State Civil Procedure Rules 2012, a class action is permitted only in cases concerning trademarks, copyrights, patents and designs.  The Civil Procedure Rule of Lagos, 2012 limits the scope of application of class action to administration of estate, property subject to a trust, land held under customary laws or family property and construction of any written instrument, including a statute. *Order 9 of the Federal High Court Civil Procedure Rules 2009* makes similar provisions as the *High Court of Lagos State Civil Procedure Rules* but gives a person or member of a class an option to opt in or opt out of a class action by application to the Court or a Judge in Chambers. For residents of Enugu state, Nigeria, the *Enugu State High Court Civil Procedure Rules 2006*, does not however restrict class actions to trademarks, copyrights, patents and designs.

<u>THE RISK OF ENCROACHING UPON NIGERIA'S SOVEREIGNTY</u>

9.      The U.S. class action would impinge on Nigeria's regulatory system that oversees consumer complaints and consumer actions.  Nigeria has a comprehensive regulatory regime for consumer protection which requires the consumer complaints to be filed exclusively before Nigerian courts or agencies. In Nigeria, there are various mechanisms for a consumer to seek redress related to both products or services. These redress mechanisms include intervention by industry specific institutions like the Nigerian Communications Commission (NCC) for communication services. On a larger scale however are the Standards Organization of Nigeria (SON) and the Consumer Protection Council. (CPC) which are both mandated to ensure that all products in circulation in Nigeria are safe

Gibson, Dunn & Crutcher LLP

3

DECLARATION OF PROFESSOR FABIAN AJOGWU, SAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

and up to a certain standard.

10.     Any grievances related to telecommunication services or devices could easily be brought to the attention of any one of these institutions in Nigeria.

11.     Nigerian courts have demonstrated a reluctance to allow foreign Courts to oust their jurisdiction in matters affecting the rights and liabilities of residents and citizens of Nigeria or cause of actions arising in Nigeria. This reluctance would undeniably translate into a concern of Nigerian courts with U.S. courts adjudicating consumer protection actions and handing down judgments that would purportedly bind Nigerian citizens, and which would seek to require the Nigerian courts to give effect to their recognition and enforcement. The Constitution of the Federal Republic of Nigeria (1999) as Amended creates and provides for the distinct jurisdiction of the Nigerian courts such as the High Courts which is conferred with jurisdiction over all actions and proceedings relating to the determination of any questions as to civil rights and obligations (see Section 6(6)(b)). The provisions of the Constitution are important because the Constitution is supreme and has a binding force on all authorities and persons throughout the Federal Republic of Nigeria.

12.     The provisions of the Constitution show a likelihood that Nigerian Courts would be concerned that a U.S. court could co-opt the system in place to adjudicate the consumer protection claims. This is because the Constitution confers the Courts with their distinct jurisdiction and the Courts are bound by the provisions of the Constitution.

13.     The application by a U.S. court of California laws to Nigerian consumers would encroach upon the sovereign authority of Nigeria to adjudicate matters related to consumer protection.

14.     A U.S. class action purportedly bringing claims on behalf of Nigerian consumers would impinge on Nigeria's regulatory system that oversees consumer complaints and consumer actions. Nigeria has a comprehensive regulatory regime for consumer protection which requires the consumer complaints to be filed exclusively before Nigerian courts or agencies.

15.     Nigeria has further demonstrated a concern with U.S. courts adjudicating consumer protection actions that would bind its citizens.

THE RECOGNITION AND ENFORCEMENT OF A U.S. CLASS ACTION JUDGMENT

16.     In Nigeria, a U.S. judgement would likely not have *res judicata* or preclusive effect. It

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF PROFESSOR FABIAN AJOGWU, SAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

is unlikely that a Nigerian member of the same class who was not a party to the action in the U.S. could register or enforce the same judgment in Nigeria for their benefit as decisions of a court only bind parties to the action in Nigeria.

17.     There is no treaty or convention in force between the U.S. and Nigeria that addresses the recognition and enforcement of judgments. Moreover, there is no precedent known to me, where Nigeria has enforced a Judgment from a U.S. Class Action that purported to represent Nigerian citizens and residents.

Pursuant to 28 § U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 7th day of August 2018



_____
PROFESSOR FABIAN AJOGWU, SAN

DECLARATION OF PROFESSOR FABIAN AJOGWU, SAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn & Crutcher LLP