THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

G. CHARLES NIERLICH, SBN 196611
  gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile:  415.374.8458

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DECLARATION OF PROFESSOR ZIYA AKINCI IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor<br>Hearing Date: September 28, 2018<br>Hearing Time: 10:00 a.m. |

Gibson, Dunn & Crutcher LLP

DECLARATION OF ZIYA AKINCI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

# DECLARATION OF PROFESSOR ZIYA AKINCI

Pursuant to 28 U.S.C. § 1746 and Rule 44.1 of the Federal Rules of Civil Procedure, I hereby declare as follows:

## BACKGROUND AND QUALIFICATIONS

1. I am the head of international private law department of the Galatasaray University Faculty of Law. I offer this declaration in support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint. The following is true of my own personal knowledge except where stated on information and belief, and as to those matters I am informed and believe they are true and, if called as a witness, I could and would testify competently thereto.

2. I was admitted to the Turkish Bar in 1986. I received my PhD in 1992 from Istanbul University after receiving LLM degrees from Ankara University in 1987 and from Exeter University in UK in 1991. In 2003, I became a professor of Private International Law in Galatasaray University. I am a member and the head of the Private International Law Department. I have authored numerous publications on topics including but not limited to international arbitration, international construction law, applicable law to the contracts and the international carriage of goods by road.

3. I have been asked to provide the Court with background information concerning Turkey's consumer protection laws and regulations, as well as a discussion of the potential implications of a U.S. court hearing claims made on behalf of Turkish consumers in a U.S. civil class action. I have further been asked to address whether the courts of my country would recognize and enforce a judgment rendered by a U.S. court in a class action (that applied California's laws to the claims made on behalf of consumers from Turkey) to dismiss a potential claim brought in a subsequent action in a Turkish court.

## SUMMARY OF OPINIONS

4. For the Court's convenience, I briefly summarize my opinions in this action, which are set forth in more detail below:

   a. Turkey has a specific dispute resolution mechanism for consumer disputes which is hard for a U.S. court to apply.

   b. Turkey does not allow consumers to file class actions.

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF ZIYA AKINCI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

   c. Turkish law provides Turkish courts have jurisdiction over the consumer disputes. If the Turkish consumers are recognized as a class to the lawsuit, the potential U.S. judgment may be unenforceable in Turkey.

   d. There is no precedent for a Turkish court enforcing a judgment from a U.S. class action that purported to represent Turkish citizens.

5. I understand that Plaintiffs' counsel has claimed that the Software License Agreement ("SLA") requires the Court to apply California law to all claims, including claims made on behalf of consumers from Turkey. However, I also understand that some of these claims related to alleged battery issues are covered by the hardware warranty is subject to Turkish Law.[1]

## OVERVIEW OF TURKEY'S RELEVANT LAWS AND REGULATIONS

6. Turkey has its own laws that would govern the claims purportedly made on behalf of Turkish consumers arising from purchases made in their home country, as well as its own legal regime for enforcing these laws. All actions related to civil disputes are principally brought before civil courts with a few exceptions, including the exception of consumer disputes, which are exclusively adjudicated by Consumer Boards under a certain financial threshold that is annually revised and 6860 TRY (approx. 1350 USD) for the year 2018 (Code of Consumer Protection, "CCP" Article 66/1). The Consumer Boards provide fast-track and free adjudication of consumer disputes. Their decisions are binding on both parties and are only subject to the judicial scrutiny of Turkish Consumer Courts (Article 70/3, CCP). On the other hand, Consumer Boards follow their own complicated procedure and differ significantly from other court civil procedures. Further, Turkey does not allow consumers to file class actions, to claim damages and it is not possible to file a class action before Turkish Courts even if a product results to a collective damage.[2]

## THE RISK OF ENCROACHING UPON TURKEY'S SOVEREIGNTY

7. Turkey regulates against the adjudication of Turkish citizens' consumer claims. Under Turkish law, the courts in Turkey have jurisdiction to hear the claims of its consumers. Code of

---

[1] https://www.apple.com/legal/warranty/products/turkey-universal-warranty.html

[2] Yasan, Candan, "İmalatçının Sorumluluğuna Uygulanacak Hukuk", Mayıs 2015, Galatasaray Üniversitesi Sosyal Bilimler Enstitüsü Özel Hukuk Anabilim Dalı Doktora Tezi 2015, https://tez.yok.gov.tr/UlusalTezMerkezi/tezSorguSonucYeni.jsp, s. 274

2

DECLARATION OF ZIYA AKINCI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

International Private and Civil Procedural Law numbered 5718 ("CIPCL") provides detailed provisions as to the jurisdiction of courts and to the applicable law in this regard. The CIPCL mandates that courts of Turkey have jurisdiction over these disputes, (CIPCL, Article 54/1,b). In particular, Article 45 of the CIPCL envisions that Turkish courts have jurisdiction over disputes arising out of consumer contracts as defined under Article 26 of CIPCL. Article 47/2 of CIPCL prohibits parties to consumer contracts to agree on a dispute resolution venue excluding the jurisdiction of Turkish Courts.

8. Ergin Nomer states that:

> [I]nternational jurisdiction in the disputes arising from the personal employment contracts or labor relations, consumer contracts and insurance contracts is regulated independently from the procedural law regulations stipulating the jurisdiction. The Turkish law made special regulations regarding international jurisdiction in the abovementioned cases. Jurisdiction of the courts which fall within the scope of these regulations shall not be eliminated with the contract of mandate made by consensus of the parties.[3]

9. Ceyda Sürel states that:

> In addition, the exclusive jurisdiction of the Turkish courts is regulated on behalf of the labor, consumer, insurant, insurer or beneficiary in disputes arising from labor agreements, consumer contracts and insurance contracts. It is also clearly stated in CIPCL that this jurisdiction of the Turkish courts cannot be eliminated with an agreement of the parties. (CIPCL Article 47/2)[4]

## THE RECOGNITION AND ENFORCEMENT OF A U.S. CLASS ACTION JUDGMENT

10. In Turkey, the potential U.S. judgment on behalf of Turkish consumers may not have *res judicata* or preclusive effect. (Article 54/1,b). A Turkish judge *may* regard a foreign judgment as discretionary evidence in favor of a particular judgment, but a Turkish court would not hold a U.S. judgment as precluding a claim by a Turkish resident in Turkey.

11. Further, there is no treaty or convention in force between the U.S. and Turkey that addresses the recognition and enforcement of judgments. Similarly, there is no precedent for a Turkish court enforcing a judgment from a U.S. class action that purported to represent Turkish

---

[3] Nomer, Ergin. Devletler Hususi Hukuku. Beta: Ekim 2017, İstanbul, s. 478

[4] Ceyda Sürel, "Hukuk Muhakemeleri Kanunu'nun Türk Mahkemelerinin Milletlerarası Yetkisine Etkisi", TBB Dergisi 2012 (100), p.192

citizens. The reciprocity requirement can be met if the law of the State in which the judgement was granted allows foreign judgements to be enforced in its State. However, the Court still needs to examine the conditions for enforcement and all the conditions under Article 54 of CIPCL must be met in order to enforce a judgment. In any event, Turkish courts shall examine if the precedent exists regarding enforcement of Turkish court decisions in California.

12. In order to enforce a judgment or ruling rendered by a U.S. court in Turkey, the plaintiff would need to file an action and request before a Turkish court to recognize the foreign judgment.

Pursuant to 28 § U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 8.8.2018.

Ziya AKINCI