THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

G. CHARLES NIERLICH, SBN 196611
  gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:   415.393.8200
Facsimile:    415.374.8458

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION,<br><br>This Document Relates To:<br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DECLARATION OF PROF. GUIDO ALPA IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge:          Hon. Edward J. Davila<br>Courtroom:   4, 5th Floor<br>Hearing Date: September 28, 2018<br>Hearing Time: 10:00 a.m. |

Gibson, Dunn & Crutcher LLP

DECLARATION OF PROF. GUIDO ALPA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

# DECLARATION OF PROF. GUIDO ALPA

Pursuant to 28 U.S.C. § 1746 and Rule 44.1 of the Federal Rules of Civil Procedure, I hereby declare as follows:

## BACKGROUND AND QUALIFICATIONS

1. I am a full professor of private law at the University *La Sapienza* in Rome. I have held that position since 1991. I am also a practicing attorney in Italy, admitted to the bar in over 40 years ago. Over the course of my career, I have had significant academic and practical experience in private law. My curriculum vitae summarizes my professional experience; a true and correct copy of my current curriculum vitae is attached hereto as Exhibit A.

2. I offer this declaration in support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint. The following is true of my own personal knowledge except where stated on information and belief, and as to those matters I am informed and believe they are true and, if called as a witness, I could and would testify competently thereto.

3. I have been asked to address whether the courts of my country would recognize and enforce a judgment rendered by a U.S. court in an opt-out class action (that applied California's laws to the claims made on behalf of Italian consumers) to dismiss a potential claim brought in a subsequent action in an Italian court. I understand that Plaintiffs' counsel have claimed that the Software License Agreement ("SLA") would require the Court to apply California law to all claims, including claims made on behalf of consumers from Italy. However, I also understand that some of these claims related to alleged battery issues are covered by the hardware warranty. I also understand that the text of this warranty states that it "is governed by and construed under the laws of the country in which the Apple Product purchase took place."

## SUMMARY OF OPINIONS

4. For the Court's convenience, I briefly summarize my opinions in this action, which are set forth in more detail below:

   a. Italian courts may not recognize and enforce a judgment purporting to adjudicate the claims of Italian consumers under California law.

Gibson, Dunn & Crutcher LLP

1
DECLARATION OF PROF. GUIDO ALPA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

b.  Even assuming there was no public policy conflict, the opt-out procedure contemplated by this class action would be wholly inconsistent with the Italian constitutional guarantee of due process. It is my opinion that the opt-out class action mechanism would violate these fundamental Constitutional rules because the Italian class members are not served with process bringing them within the jurisdiction of the California court, are not otherwise active participants before the California court, and thus they do not consciously take part in the proceeding, nor they can intentionally submit to its findings and judgments. Therefore, any judgment in the above-captioned court purporting to bind unnamed Italian class members would be constitutionally infirm under Italian law and unenforceable under Italian *res judicata* rules.

5.  Italy considered the possibility of implementing an opt-out class action procedure. During that process, Italian legislators and legal scholars concluded that Italian citizens could not be bound by an opt-out class action in Italy without violating the Italian Constitution. Given this, it is my opinion that courts in Italy would likewise conclude that Italian citizens cannot be bound by opt-out class action in the United States.

6.  Italy has its own laws that would govern claims purportedly made on behalf of Italian consumers arising from purchases made in Italy, as well as its own legal regime for enforcing these laws.

## THE RISK OF ENCROACHING UPON ITALY'S SOVEREIGNTY

7.  The application by a U.S. court of California laws to Italian consumers would encroach upon the sovereign authority of Italy to adjudicate matters related to consumer protection of its citizens.

8.  Under Italian law, a judgement can bind a person's rights only if he or she was properly and actively made part of the proceedings leading to that judgment, and so has consciously brought the action or was properly summoned to the action (see art. 2909 of the Italian Civil Code). Indeed, Italian Courts cannot rule in favor of or against a person who was not properly, actively and consciously made part of the proceeding within the jurisdiction of the court (see art. 101 of the Italian Code of Civil Procedure). These are recognized principles of the Italian "procedural public order" as set forth specifically in articles 24 and 111 of the Italian Constitution. Under those articles, a person's power to take action to safeguard his own rights and to fully exercise his own defense in a

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF PROF. GUIDO ALPA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

trial are fundamental rights of every citizen. In this respect, the Italian Court of Cassation has repeatedly recognized the right to take action and to defend oneself at trial to be fundamental features of the procedural Italian and European public order (see, C.G.E. 2 April 2009, C-394/2007), and that– consequently (as it will be dealt with more in detail further on) –foreign judgments, which have been rendered in a proceeding where the aforementioned principles have been violated or when, for instance, one of the parties did not have the effective and actual chance to actively participate in the entire proceeding or, at least, in the phase prior to the rendering of the judgment, cannot be recognized and/or enforced in Italy.  It is my opinion that the opt-out class action mechanism would violate these fundamental Constitutional rules because the Italian class members are not served with process bringing them within the jurisdiction of the California court, are not otherwise active participants before the California court, and thus they do not consciously take part in the proceeding, nor they can intentionally submit to its findings and judgments.

9. On a related note, it is worth mentioning that Italy signed the Hague Convention of 1965 and exercised the right granted by Article 23 of the Hague Convention to refuse requests to enforce requests for pre-trial discovery of documents from the United States and other common law countries.

THE RECOGNITION AND ENFORCEMENT OF A U.S. CLASS ACTION JUDGMENT

10. Italy has its own class action procedure operating strictly on an opt-in basis; there is no opt-out class action procedure in Italy. Italy specifically considered and rejected the possibility of an opt-out class action system because Italian legislators, aided by Italian legal scholars, concluded that an opt-out system would breach the guarantee of due process provided in the Italian Constitution, in particular of Art. 24 and 111, second paragraph, of the Constitution, and with the principles enshrined by article 2909 of the Civil Code and articles 100, 101, 105 of the Code of Civil Procedure.

11. Therefore, since Italy concluded that its own citizens could not be bound by an opt-out class action in Italy without violating the Italian Constitution, it is very unlikely that an Italian court would conclude that Italian citizens could be lawfully bound by a United States opt-out class action. Thus, it is unlikely a judgment from an opt-out class action in the United States would be given preclusive effect against unnamed class members in Italy.

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF PROF. GUIDO ALPA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

12. Italian civil procedure recognizes the legal doctrine of *res judicata,* even for foreign judgments. But, *res judicata* will only apply in Italy if the judgment to be enforced was rendered by a court with jurisdiction and where the party against whom the judgment would be enforced has been afforded due process consistent with the "right of defense" as conceived under Italian law. It is unlikely an Italian court would conclude either of these requirements satisfied in an opt-out class action. As explained more fully above, an opt-out class action cannot satisfy the requirements of procedural due process established under the Italian Constitution because the class members are not personally served with notice of the litigation, nor do they actively participate in the litigation. Applying Italian law, there would not be jurisdiction as to any Italian class members who were not personally served or did not affirmatively consent to have their claims adjudicated in the United States (by, for example, becoming named plaintiffs in the class action). Therefore, applying Italy's ordinary *res judicata* rules, any judgment from the opt-out class action in the United States would not be given preclusive effect in Italy.

13. It should also be stressed that, according to paragraph 1, letter g) of article 64 of the Law n. 218 of the 31 May 1995, foreign judgments that conflict with Italian public order rules cannot be recognized or enforced in Italy. Since, as discussed above, Italian constitutional due process is not satisfied in an opt-out class action, Italy's *res judicata* rules would not bind unnamed Italian class members in a United States class action.

Pursuant to 28 § U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8th, 2018.

_____
GUIDO ALPA

Gibson, Dunn & Crutcher LLP

4
DECLARATION OF PROF. GUIDO ALPA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

# EXHIBIT A

GUIDO ALPA

*CURRICULUM VITAE ET STUDIORUM*

Born in Ovada (AL), November 1947, 26th.

*Scientific Career*

Graduate in law (honors degree 110/110, *magna cum laude*) at the University of Genoa.

Scholarship referred with the Institute of Private Law at the University of Genoa, since 1972.

Appointee Assistant Professor of Private Law at the same University, since 1974.

Appointee Associate Professor of Private Law at the named University, since 1975.

Full Assistant Professor of Private Law, since 1977.

Full Professor of Private Law, University of Genoa (1980 - 1991).

Professor of Private Comparative Law, University of Genoa, since 1985.

Director of the Private Law Institute of the Faculty of Law in Genoa, (1981 -1989).

Full Professor of Private Law at the University *La Sapienza* in Rome, since 1991.

Visiting professor at the University of Oregon (at Eugene), Fall 1977.

Visiting professor at the University of California (at Berkeley), Fall 1979.

Visiting professor at the University of Mannheim, Summer 1984.

Visiting professor at the University of Oregon (Eugene), Summer 1985.

Honorary Degree, University Complutense, Madrid, 1996.

Senior Teaching Fellow, University of Oxford, Institute of Comparative Law (1998-1999).

Honorary Bencher – Gray's Inn (1998).

Member of the European Consumer Law Group (1999).

Member of the Study Group on European Civil Code.

Member of the British Academy (2004).

Member of the Accademia Virgiliana (Mantua) (2004).

Member of the Accademia Ligustica (2007).

Membership of the international Academy of Commercial and Consumer Law (2004).

Membership of the Inter-American Bar Association (2010).

Honorary Degree, Universidad Nacional Mayor de San Marcos, Lima (2007).

Honorary Degree, Universidad de Buenos Aires, Buenos Aires (2008).

Honorary Member of the *Academia Peruana de Derecho (*2016)

Member of the International Academy of Comparative Law.

*Professional Career*

President of the Italian Bar Association (May 2004 - March 2015)

Vice – President of the Italian Bar Association, 2001 – 2004.

Member of the Italian Bar Council (since 1995).

Member of the Directory board Supreme Court of Cassazione (since 2008).

Practicing in Genoa, law firm Via Roma 3, and Rome, law firm Piazza Cairoli 6.

Admitted to the Bar in Genoa (since 1974).

Admitted to the Superior Jurisdictions (since 1984).

Former member of the Administrative Board of the Italian Authority of Control of Insurances, Rome.

Member of the Commission Study Group on Data Bank Protection (1984).

Member of the Presidential Reform Commission of the Judiciary (1989).

Vice-President and then President of the Commission for the protection of TV users (1991-1997).

Member of the Reform Commission on Workers Accidents Law (1996).

Member of the Administrative Board of the International Association of Insurance Law (1996).

Member of the European Research Association for Consumer Affairs (since 1995).

President of the Regional Commission for the Protection of Finance Investors (since 1991).

Member of the Reform Commission of the Italian Civil Code (since 1999).

Member of the Board of Administration Bank CARIGE, Genoa (2009-2013).

President of Italian Civil Association (since 2010).

President of CARIGE Assicurazioni and CARIGE Vita Nuova, Genoa (April 2013-December 2013).

Member of the Board of Administration of Foundation CARIGE (December 2013-February 2014).

Member of the Board of Administration of FINMECCANICA (May 2014-present).

Chairman of the Advisory Commission, established within the Ministry of Health, on the issues regarding the defensive medicine and professional liability of health care professionals (2015)

Member of the Commission, established within the Ministry of Justice, on the reforming the bankruptcy law, (2015)


Director of:
- *Contratto e impresa (Padova)*


Co-director of:
- *European Business Law Review*
- *Economia e diritto del terziario (Genoa)*
- *Nuova giurisprudenza civile commentata (Padova)*
- *Rivista critica di diritto privato (Rome)*
- *Diritto dell'informazione e dell'informatica (Rome)*
- *Europa e diritto privato (Milano)*
- *I contratti (Milano)*
- *Responsabilità civile e previdenza (Milano)*
- *Europa e diritto privato (Roma)*
- *Contratto e impresa - Europa (Padova)*
- *Rivista del diritto commerciale e del diritto generale delle obbligazioni*, (Padova)
- *Rivista trimestrale di diritto dell'economia (Roma)*

Essays (2000-2015):
- *The "Principles of European Contract Law" and the Italian Civil Code*, 2000.
- *Tradition and Europeanization in Italian Law,* 2005.
- *Compensation for Personal Injury in English, German and Italian Law,* with B.Markesinis, M.Coester and A.Ullstein, Cambridge, 2005.
- *The Age of Rebuilding*, BIICL, 2007.
- *Italian private Law*, G.Alpa and V. Zeno Zencovich, Cavendish, 2007.
- *Grundlagen des Europäischen Privatrechts,* G. Alpa e M. Andenas, Springer, 2009.
- *What is private law?* PAC, 2010.
- *Markets and comparative law*, BIICL, 2010.
- *Compensation for Personal Injury in English, German and Italian Law,* with B.Markesinis, M.Coester and A.Ullstein, Cambridge, 2 ed. 2011.
- *Competition of Legal Systems and Harmonization of European Private Law*, Sellier 2013.

Author of books in the fields of contract law, tort law, human rights, general principles of law:
- *In Partibus Angliae. Images of the "Common Law" in the Italian Legal Culture*, in Materiali per una Storia della cultura giuridica, 2002.
- *Rules on Competition and Fair Trading*, in Global Jurist, 2002.
- *European Private Law: Statutory bases and Action Plans*, in European Business Law Review, 2003.
- *The Harmonisation of the EC of financial Markets in the Perspective of consumer Protection*, in European Business Law Review, 2004.
- *Mergers: Remedies and Freedom of Contract,* in European Business Law Review, 2004.

3

- *Commercial Contracts: Freedom, Practice and Rules in Italian Law*, in EBLR 2005.
- *The Administration of justice and the Role of Lawyers*, in EBLR, vol. 17, n. 4, 2006.
- *Basil Markesinis, Comparative law in the Courtroom and Classroom*, Book Reviews, G. Alpa, in ICLQ, vol. 55, part 2, 2006.
- *Notes on transparency in Banking and Financial Services and Transaction*, in EBLR, 1, 2007.
- *Le code de commerce et l'Italie: quelques réflexions sur l'histoire et les perspectives du droit commercial*, in Rev. int. de droit compare, 2/2007.
- *Grundlagen des Europäischen Privatrechts*, G. Alpa e M. Andenas, Springer, 2009.
- *Autonomie des parties et libertè contractuelle, aujourd'hui*, in Revue des contrats, avril 2009.
- *What is private law? PAC,* 2010.
- *Markets and comparative law, BIICL,* 2010.
- *Compensation for personal Injury in English, German and Italian Law*, A Comparative Outline, B.Markesinis, M.Coester, G. Alpa, A.Ullstein, CSICL 2 ed., 2011.
- *Towards a European Contract Law*, in Towards a European Contract Law Edited by Reiner Schulze, Jules Stuyck, Sellier, 2011.
- *Gli obblighi informativi precontrattuali nei contratti di investimento finanziario. Per l'armonizzazione dei modelli regolatori e per l'uniformazione delle regole di diritto comune,* in *Leçons du Droit Civil. Mélanges en l'honneur de François Chabas*, Bruylant, 2011.
- *The Common Frame of Reference and the Europeanization of the Private Law*, in *Liber Amicorum Mário Frota, A causa dos direitos dos consumidores,* Almedina, 2011.
- *Réflexions sur le dommage contractual. Philologie, conceptualisme et problems d'harmonisation du droit*, in *Revue intern. de droit compare,* n. 4, 2011.
- *Compensation in Contract,* in Mads Andenas and Kåre Lilleholt (eds), *Remedies and Substantive Law European Dimensions of Economic and Private Law,* University of Oslo Faculty of Law Legal Studies Research Paper Series No. 2011-18.
- *Cesl, Fundamental Rights, General Principles, Rules of Contract Law,* in *Diritto del commercio internazionale*, fasc.4, 2012.
- *Les principles directeurs dans les avant-projets de réforme européens,* in *Revue des contrats,* 1, 2013.
- *Competition of Legal Systems and Harmonization of European Private Law*, Sellier 2013.
- *Autonomie des parties et choix d'une loi étrangère applicable au contrat "national"*, in *Rev. intern. De droit compare,* n.1, 2014.
- *Réflexions sur le projet français de réforme du droit des contrats*, in *Revue international de droit compare*, n. 4, 2015
- *European Private Law, Conceptions and Definitions of Contract*, in EBLR, vol. 27, 2016
- *Le rôle de l'avocat dans les modes alternatifs de resolution des conflits en Italie (à propos de la loi du 10 novembre 2014, n. 162)*, in RDC, 10, 2016
- *Arbitration and ADR. Reforms in Italy,* in Dir.comm. internazionale, 2, 2017

Italian Essays (2006- 2018):
- *Il giudice e l'uso delle sentenze straniere*, a cura di G. Alpa, Quaderni di Rassegna Forense, Atti del seminario 21 ottobre 2005 per 50 Corte cost., Giuffrè, 2006.
- *I principi generali***,** Trattato di diritto privato a cura di Iudica e Zatti, Giuffrè, 2006.
- *Introduzione al diritto dei consumatori***,** 3 ed**.,** Laterza, 2006.

4

- *Le assicurazioni private,* Vol. I, II, III, a cura di G. Alpa, Rassegna Bigiavi, Utet, 2006.
- *Codici deontologici e autonomia privata*, Atti de Seminario di studi per il ventennale de *La nuova giurisprudenza civile commentata*, a cura di G. Alpa e p. Zatti, Quaderni di Rassegna forense, Giuffrè, 2006.
- *Corso di diritto contrattuale*, Cedam, 2006.
- *Introduzione al diritto contrattuale europeo*, Laterza, 2007.
- *Lezioni di diritto privato europeo*, raccolte da G. Alpa e G. Capilli, Cedam, 2007.
- *XXVIII Congresso nazionale dell'avvocatura italiana.* I contributi del CNF, a cura di Alpa, Quaderni di rassegna Forense, Giuffrè, 2007.
- *Il progetto italo-francese delle obbligazioni (1927), Un modello di armonizzazione nell'epoca della ricodificazione,* a cura di G. Alpa e G. Chiodi, Quaderni di rassegna Forense, Giuffrè, 2007.
- *I custodi del diritto*, IlSole24ore, 2007.
- *Che cos'è il diritto privato*, Laterza, 2007.
- *Manuale di diritto privato,* 5 ed. Cedam, 2007.
- *L'avvocato,* Il Mulino, 2 ed. 2008.
- *Diritto privato comparato*, G. Alpa, M.J. Bonell, D. Corapi, L. Moccia, V. Zeno Zencovich, A. Zoppini, Laterza, 3 ed., 2008.
- *Atti del primo Congresso nazionale giuridico forense del secondo dopoguerra (settembre-novembre 1947)* a cura di G. Alpa, S. Borsacchi, R. Russo, Il Mulino, 2008.
- *Commentario breve al codice civile. Leggi complementari*, Tomo III, a cura di G. Alpa e P. Zatti, Cedam 2009.
- *Manuale di diritto privato*, 6 ed., Cedam, 2009.
- *Il DRAFT Common Frame of Reference del diritto privato europeo*, a cura di G. Alpa, G. Iudica, U. Perfetti, P. Zatti, Cedam, 2009.
- *Seminari di aggiornamento professionale (2007-2009)* a cura di G. ALPA, ESI, 2009.
- *Le modifiche al codice di procedura civile*, Quaderni di rassegna forense, a cura di Alpa, ESI, 2010.
- *La responsabilità civile. Principi*, Utet, 2010.
- *La responsabilità civile. Parte generale,* Rassegna Bigiavi, Utet, 2010.
- *Giurisdizioni di legittimità e regole di accesso. Esperienze europee a confronto*, a cura di G. Alpa e V. Carbone, Il Mulino, 2011.
- *L'avvocato,* Il Mulino, 3 ed. 2011.
- *Paolo Grossi,* a cura di G. Alpa, Laterza, 2011.
- *Manuale di diritto privato,* 7 ed., Cedam, 2011.
- *Le metamorfosi del diritto di proprietà,* Antologia a cura di G. Alpa e A. Fusaro, Antezza, 2011.
- *Le stagioni del contratto*, Il Mulino, 2012.
- *Arbitrati,* G. Alpa e V. Vigoriti, Utet, 2012.
- *Le persone fisiche*, (G. Alpa-A. Ansaldo), Il codice civile. Commentario. 2 ed., Giuffrè, 2013.
- *Arbitrato. Profili di diritto sostanziale e di diritto processuale* (A cura di Alpa e Vigoriti), Utet, 2013.
- *Manuale di diritto privato*, 8 ed., Cedam, 2013.
- *Il contratto in generale. Principi e problemi,* Edizione ad uso degli studenti, Giuffrè, 2014.
- *Codice civile annotato con la giurisprudenza*, a cura di G. Alpa e G. Iudica, Egea, 2014
- *I contratti del consumatore*, a cura di G. Alpa, Collana Istituti di diritto civile, Giuffrè, 2014.
- *Il contratto in generale. Fonti, teorie, metodi,* Trattato di diritto civile e commerciale, Giuffrè, 2014
- *La responsabilità d'impresa*, a cura di G. Alpa e G. Conte, Collana Istituti di diritto civile, Giuffrè, 2015

- *Manuale di diritto privato*, 9 ed., Wolters Kluwer - Cedam, 2015
- *Codice delle leggi civili speciali.* Annotato con la giurisprudenza, a cura di G. Alpa e P. Zatti, I codici superiori diretti da G. Alpa e R. Garofoli, NelDiritto editore, 2015
- *Diritto privato europeo*, Collana Istituti di diritto civile diretta da G. Alpa, Giuffrè, 2016
- *Illecito e danno antitrust. Casi e materiali*, Giappichelli, 2016
- *Diritto dei consumatori*, a cura d Alpa e Catricalà, Il Mulino, 2016
- *Giuristi e interpretazioni. Il ruolo del diritto nella società postmoderna*, Marietti, 2017
- *Manuale di diritto privato*, 10 ed., Wolters Kluwer Cedam, 2017