1    THEODORE J. BOUTROUS, JR., SBN 132099
     tboutrous@gibsondunn.com
2    CHRISTOPHER CHORBA, SBN 216692
     cchorba@gibsondunn.com
3    THEANE EVANGELIS, SBN 243570
     tevangelis@gibsondunn.com
4    TIMOTHY W. LOOSE, SBN 241037
     tloose@gibsondunn.com
5    GIBSON, DUNN & CRUTCHER LLP
     333 South Grand Avenue
6    Los Angeles, CA 90071-3197
     Telephone: 213.229.7000
7    Facsimile: 213.229.7520

8    G. CHARLES NIERLICH, SBN 196611
     gnierlich@gibsondunn.com
9    RACHEL S. BRASS, SBN 219301
     rbrass@gibsondunn.com
10    GIBSON, DUNN & CRUTCHER LLP
     555 Mission Street, Suite 3000
11    San Francisco, CA 94105
     Telephone: 415.393.8200
12    Facsimile: 415.374.8458

13    *Attorneys for Defendant Apple Inc.*

14

15            **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17            **SAN JOSE DIVISION**

| | |
|---|---|
| 18   IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION, | CASE NO. 5:18-md-02827-EJD |
| 19 | **PUTATIVE CLASS ACTION** |
| 20 | **DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |
| 21   This Document Relates To: | |
| 22      ALL ACTIONS. | |
| 23 | Judge:       Hon. Edward J. Davila |
| 24 | Courtroom:   4, 5th Floor<br>Hearing Date:   September 28, 2018 |
| 25 | Hearing Time:   10:00 a.m. |

26

27

28

Gibson, Dunn &
Crutcher LLP

**DECLARATION OF JUSTICE JEAN-PAUL BERAUDO**

Pursuant to 28 U.S.C. § 1746 and Rule 44.1 of the Federal Rules of Civil Procedure, I hereby declare as follows:

**BACKGROUND AND QUALIFICATIONS**

1.      I am Justice Beraudo, I am a retired French Judge.  I offer this declaration in support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint.  The following is true of my own personal knowledge except where stated on information and belief, and as to those matters I am informed.  I believe they are true.  I am competent to answer these questions and if called as a witness, I could and would testify thereto.

2.      I served as Presiding Judge of the Court of Appeal (*Cour d'Appel*) of Grenoble from 1991 to 2000 and as Judge of the French Supreme Court from 2000 to 2003.  I was also a Professor of Private International Law and International Commercial Law at Paris I University (Panthéon-Sorbonne).  My background and credentials are set forth in the resume which is attached to this declaration as Appendix A.  I became an *Auditeur de Justice* (Judge in Training) in 1972, and then a full-capacity judge in 1974 after having passed the entrance examination of the National School of Magistrates when I completed my legal studies and obtained my law degree ("*licence*").  At the same time, I was preparing a PhD thesis in Private International Law under the direction of Professor Paul Lagarde on "Franco-Spanish Private International Law Relationships," which I presented for a State Doctorate in Private Law in December 1975.  I was appointed as full-capacity Judge at the Compiègne Civil Court, where I worked, in particular, as an Investigating Judge (1974-1976).  I then joined the French Ministry of Justice in 1976 where I worked with the Bureau of General Civil Law and then in 1977, with the Bureau of European and International Law of the Department of Civil Affairs and the Seal (Director of the Bureau from 1985).

3.      In the context of these various positions, I worked as a Delegate for the French Government in many international negotiations from 1977 to 1991.  In this respect, I worked, in particular, with the following international organizations:

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

- United Nations Commission for International Trade Law (UNCITRAL), where, in particular, I presided on the Commission I, during the diplomatic conference on the liability of travel terminal operators (1991);

- UNIDROIT (International Institute for the Unification of Private Law), for which I am one of the correspondents for France and a member of the Scientific Committee for the Uniform Law Review;

- The Hague Conference on Private International Law, particularly in the scope of the negotiations of the Convention on international access to justice (1980), of the Convention on the law applicable to trusts and on their recognition (1985) and of the Convention on the law applicable to contracts for the international sale of goods (1986);

- The European Union:
    - I participated in the working group that resulted in (EC) Directive 85/374 of July 25, 1985 on liability for defective products;
    - I participated in the working group that resulted in the San Sebastián Convention of May 26, 1989 (Convention on the Accession of the Kingdom of Spain and the Portuguese Republic to the 1968 Brussels Convention) and the Lugano Convention of September 16, 1988 on jurisdiction and the enforcement of judgments in civil and commercial matters with the States members of the European Free Trade Association.

In 1991, I was appointed Presiding Judge of the Court of Appeal of Grenoble, and in particular of the Commercial Chamber from January 1995 to September 2000. I was then appointed to the French Supreme Court, the highest court in the French legal organization, where I sat in the Fourth Criminal Chamber.

4.     During my career, I also worked as a law professor.   In particular, I taught International Contract Law from 1987 to 2011 at the DESS/Master 2 level (professional post-graduate degree) in Foreign Trade Law at the Paris I University.  From 1995 to 2001, I had the title of Associate Professor at Paris I University.  I also lectured on corporate law in the scope of the Master of economic law of Sciences-Po, Paris until 2014.

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

5.     I regularly published materials on Private International Law and, in particular, in the field of conflicts of jurisdiction.  My most significant publications are presented in Appendix A, following my resume.  They were primarily on the topics of:

- "Views on the new Brussels I Regulation on Jurisdiction and the Recognition and Enforcement of Judgments in Civil and Commercial Matters" (Regulation 1215/2012) (JDI 2013, p. 741);

- "Regulation (EC) of the Council of December 22, 2000 on Jurisdiction and the Recognition and Enforcement of Judgments in Civil and Commercial Matters" (JDI September 2001, p. 1034);

- the Brussels Convention of September 27, 1968, the Lugano Conventions of September 16, 1988 and March 20, 2007, Regulations 44/2001 and 1215/2012 (14 fascicules in the *Jurisclasseurs droit international, droit européen et procédure civile*);

- "The Letter of Request (Civil Matters)" (*Répertoire Dalloz de droit international*, January 2005, redrafted in 2017, volume 1);

- "Anglo-Saxon Trusts and French Law" (*coll. droit des affaires,* LGDJ 1992, a new edition was published in 2006 by Academy & Finance);

- "The International Application of the New Provisions of the Civil Code on the Liability for Defective Products" (JCP G 1999 I, p. 140).

6.     Finally, I also work as an arbitrator, most often as the President of the Arbitral Tribunal, in many disputes on international matters (ICC Arbitration primarily).  From January 1, 2006 to June 30, 2009, I acted as Vice-Chairman of the International Court of Arbitration of the ICC, a position to which I was elected by the World Council of this organization.

7.     I have been asked to provide an opinion on the hypothesis whereby a Californian Court would rule on the claims made on behalf of French consumers in the scope of a U.S. class action.  I have further been asked to address whether the courts of my country would recognize and enforce a judgment rendered by a U.S. Court in a class action and would grant res judicata to this judgment, in order to dismiss any similar claim which would subsequently be filed in France.

Gibson, Dunn &
Crutcher LLP

3

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

1

## SUMMARY OF OPINIONS

2    8.    You will find hereafter a summary of my opinion in this case, as detailed below:

3    a.    **A judgment to be given in the scope of the U.S. class action could not be**
4    **subject to *exequatur* in France, so that new actions could be brought in France**: any upcoming
5    judgment in the scope of the Californian *opt out* class action, would violate French procedural
6    international public policy.  The *opt out* concept, in that it does not require an express consent from
7    the plaintiff, is indeed contrary to such public policy.  A potential judgment in the scope of the U.S.
8    class action would not be considered in France as carrying *res judicata*, so that similar new claims
9    could be filed in France.

10    b.    **Overview of the French group action under French law**: French law has
11    recently introduced (in 2014) a collective address mechanism.   This mechanism however
12    fundamentally differs from American law in that it is based on *opt in*.

13    9.    I understand that Plaintiffs' counsel have claimed that the Software License
14    Agreement ("SLA") would require the Court to apply California law to all claims, including claims
15    made on behalf of consumers from France.  However I also understand that some of these claims
16    related to alleged battery issues are covered by the hardware warranty issued with respect to French
17    consumers by Apple Distribution International.  I also understand that the text of this warranty states
18    that it "is governed by and construed under the laws of the country in which the Apple Product
19    purchase took place."

20    ## A JUDGMENT TO BE GIVEN IN THE SCOPE OF THE AMERICAN CLASS
21    ## ACTION COULD NOT BE GRANTED *EXEQUATUR* IN FRANCE SO THAT NEW
22    ## ACTIONS COULD BE BROUGHT IN FRANCE

23    10.    There is no bilateral or multilateral convention binding the United States and France
24    concerning the recognition and enforcement of judgments.

25    11.    In order for the American judgment to be recognized in France, the prevailing party
26    would have to sue the defendant in France to seek the exequatur of the foreign judgment.  In the
27    scope of the exequatur proceedings, the French Court will not review the merits of the foreign
28    judgment.  The French Court will carry out other controls, detailed today in the Cornelissen judgment

Gibson, Dunn &
Crutcher LLP

4

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

1    rendered on February 20, 2007 (Supreme Court, 1st Civil Chamber, February 20, 2007, no. 05-

2    14.082, Bull. 2007, no. 68, p.60):

> . . . whereas, in order to grant the exequatur outside of any international convention,
> the French Court must ensure that three requirements are met, namely the indirect
> jurisdiction of the foreign Court, based on the connection of the dispute to the
> seized forum, compliance to the substantive and procedural international public
> policy and the absence of fraud to the law . . . .

7       12.    Concerning the compliance with international public policy requirement, a potential

8    liability judgment to be given in the scope of the American class action would, according to me,

9    collide, at the stage of the exequatur proceedings, with the French international procedural public

10   policy. To my knowledge, there is no French case law about the recognition or exequatur in France

11   of a U.S. judgment given in an *opt out* class action. In the *Morrison v. National Australia Bank Ltd.*

12   case, the French Government, by way of an *amicus curiae* brief filed in February 2010 in the U.S.

13   Supreme Court, however expressed the view that "French Courts would almost certainly refuse to

14   enforce a court judgment in a U.S. 'opt out' class action because it violates the second prong of that

15   test – specifically, the 'opt out' mechanism violates French constitutional principles and public

16   policy." Brief for Republic of France as Amici Curiae supporting Respondents, Morrison v. National

17   Australia Bank Ltd., 561 U.S. 247 (2010) (No. 08-1191), 2010 WL 723010.

18      13.    The Southern District of New York Court actually did find, in another securities class

19   action case, that a "French court would likely conclude that any judgment rendered by this Court

20   involving absent French class members offends public policy because absent investors did not

21   consent to this Courts' jurisdiction over their claims . . . ." *In re Alstom SA Sec. Litig.*, 253 FRD 266,

22   286 (SDNY 2008). In this respect I had drafted declarations in this case for Alstom that had been

23   filed before the New-York Court.

24      14.    The U.S. class action system which implements the *opt out* principle indeed breaches a

25   number of fundamental principles of French procedural law, stated by the French Constitutional

26   Council in a series of judgments rendered since 1989 (Judgment no. 89-257 DC from July 25, 1989;

27   Judgment no. 2000-437 DC from December 19, 2000; Judgment no. 2014-690 DC from March 13,

28   2014; Judgment no. 2016-739 DC from November 17, 2016);

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn &
Crutcher LLP

- the individual notification sent to each potential plaintiff by the class representatives has to be specific enough to enable an enlightened decision to join the group or not;

- the willingness to join the plaintiffs' group must be subject to an individual expression;

- the losses sustained by each plaintiff must be individually assessed;

- each plaintiff must be able to revoke his/her consent to be a member of the group and to regain, at any moment, the representation of his/her own interests, either in first instance or at the appellate level

15.     The U.S. class action system, as it does not require the individual expression of the right to initiate proceedings, contravenes the principles set out by the French Constitutional Council.

16.     The class action members, who have not expressly chosen to be part of the class, whether they have been made aware of it or not, could therefore still file a new claim in France. They could as such claim before the French Court that they did not have the possibility to make claims in compensation of their individual specific damage.  The American judgment rendered in the scope of an *opt out* class action would therefore not benefit from res judicata in France and would not have a preclusive effect.  Even if the class action prevails in the U.S., Apple Inc. could therefore face proceedings launched in France by absent French class members.  Such a situation may give rise to contradictory judgments and to a double exposure to Apple Inc.'s detriment.

### OVERVIEW OF FRENCH GROUP ACTION UNDER FRENCH LAW

17.     There is under French law a specific Code dedicated to consumer law ("Consumer Code"). It compiles all the applicable rules in this respect.  The most recent regulation enacted in this area is the Law no. 2014-344 of March 17, 2014 on consumption, called "the Hamon Law."  This law notably incorporates consumer group actions into the French Consumer Code (in Articles L.423-1 and following).  Pursuant to this law:

> A nationally representative consumer protection association, authorized . . . is entitled to act before Civil Courts to obtain compensation for the individual losses sustained by a group of consumers placed in a similar or identical situation and having as common cause a breach by one or more same professionals of their legal or contractual obligations: 1° arising out of the sale of goods or the provision of services. . .

Gibson, Dunn & Crutcher LLP

6

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

Becoming a member of the group will automatically grant the association a mandate to seek compensation. However, the Court will then have to validate this consumer's membership to the group. As mentioned above, such express individual mandate is necessary for a person to be able to act before Courts on behalf of another person. This system, based on *opt in*, is therefore fundamentally different from the U.S. *opt out* system.

18. In developing my opinion, I have undertaken research (and reviewed the results of additional research performed under my direction). I attach as Appendix B the list of references of legal provisions, case law, articles and books that I have relied on to establish the present declaration. Pursuant to 28 § U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2018 in Paris.

Justice Jean-Paul Beraudo

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn & Crutcher LLP

# APPENDIX A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPENDIX A**

**Resume of Justice Jean-Paul Béraudo**

Justice Jean-Paul Béraudo (born in 1946) is a lawyer and author of a high number of legal works.

He was Justice at the French Supreme Court (*Cour de Cassation*) and Vice-Chairman of the International Court of Arbitration.

He lectured on International Private Law and International Trade Law at Paris I University (Panthéon-Sorbonne) and on Corporate law at the Institut d'Etudes Politiques, Sciences-Po, Paris.

The International Institute for the Unification of Private Law (UNIDROIT) appointed him as correspondent for France and a member of the scientific committee for the Uniform Law Review.

He also delivers legal opinions to be used in courts, in England and Wales including the Privy Council and United States Federal courts on *forum non conveniens* disputes and on U.S. class actions.

He was consulted as an adviser by the Democratic Republic of Congo about the ratification of the 1958 New York convention on arbitration.

Justice Béraudo is married with three children.

**CAREER**

Justice Béraudo has developed a dual career as judge and as French delegate to international organizations.  He also was a Professor of law in several universities.

From 1977 to 1991, he was Judge for the European and International Bureau of the French Ministry of Justice.  In that capacity, he conducted several important negotiations in different organizations, either as delegate or as elected Chairman:

- Intergovernmental Organization for International Carriage by Rail
   o French Delegate in 1980; Chairman of the Revision Committee of the Convention concerning International Carriage by Rail in 1990
- IMO (International Maritime Organization, based in London)
   o 1984 Protocols on the Indemnification for Damage caused by Hydrocarbon Pollution
   o International Convention on Liability and Compensation for Damage in Connection with the Carriage of Hazardous and Noxious Substances by Sea, 1996
- ICAO (International Civil Aviation Organization, based in Montreal)

Gibson, Dunn &
Crutcher LLP

8

1           o  Protocol to amend the Convention on Damage Caused by Foreign Aircraft to Third

2              Parties on the Surface, 1978

3  - UNIDROIT (International Institute for the Unification of Private Law, based in Rome)

4           o  Hotelier's liability (draft, 1978)

5           o  Convention on International Financial Leasing, 1988

6           o  Convention on International Factoring, 1988

7           o  Convention on Civil Liability for Damages Caused during Carriage of Dangerous

8              Goods by Road, Rail and Inland Navigation Vessels, 1988 - For this convention, he

9              chaired the joint UN - UNIDROIT Committee which concluded the negotiations

10          o  Speaker at several UNIDROIT seminars, in particular in Paris, Rome and Venezuela

11          o  Chairman and speaker at the ICC - UNIDROIT symposium held in Paris for the

12             presentation of the UNIDROIT Principles of 1994

13          o  Member of the Scientific Committee for the Uniform Law Review

14 - Hague Conference on Private International Law

15          o  Protocol on the Law Applicable to Certain Consumer Sales, 1978

16          o  Convention on International Access to Justice, 1980

17          o  Convention on the Law Applicable to Trusts and on their Recognition, 1985

18          o  Convention on the Law Applicable to Contracts for the International Sale of Goods,

19             1986

20 - Council of Europe

21          o  European Convention on Certain International Aspects of Bankruptcy, 1990

22          o  Protocol on Summary Proceedings

23 - European Union

24          o  Chairman of various working groups implementing the Single European Act

25          o  Lugano Convention on Jurisdiction and the Enforcement of Judgments in Civil and

26             Commercial Matters, 1988

27

28

Gibson, Dunn & Crutcher LLP

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

- o   San Sebastian Convention on the Accession of the Kingdom of Spain and the Portuguese Republic to the Convention on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters, 1989
- UNCITRAL (United Nations Commission on International Trade Law)
  - o   Chairman of Commission I at the Diplomatic Conference on the Liability of Operators of Transport Terminals in International Trade, 1991
    - ▪ In a diplomatic conference, Commission I is the forum where the effective negotiation takes place.  Since its creation, in 1966, UNCITRAL has held fewer than 10 diplomatic conferences
  - o   Speaker at the UNCITRAL Congress in New York for the 25th anniversary of the creation of UNCITRAL, 1992
  - o   Working groups on:
    - ▪ The Legal Guide on drawing up international contracts for the construction of industrial works, 1988
    - ▪ The Model Law on procurement of goods and construction, 1993
  - o   Negotiations of the Conventions on:
    - ▪ International bills of exchange and international promissory notes, 1988
    - ▪ Independent guarantees and stand-by letters of credit, 1995
  - o   Chairman and speaker at several UNCITRAL seminars in Vienna, Singapore, Cameroon and Madagascar
  - o   Speaker at the UNCITRAL Congress for the 40th anniversary of the creation of UNCITRAL in July 2007 in Vienna
  - o   At the colloquium held for the 50th anniversary of the New York Convention on Arbitration, in March 2008, he was the sole French speaker
- UNCTAD (United Nations Conference on Trade and Development)
  - o   United Nations Convention on Multimodal Transport, 1980
  - o   United Nations Convention on Maritime liens and mortgages, 1993

Gibson, Dunn &
Crutcher LLP

10
DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

From 1974 to 1976, Justice Béraudo was a full-capacity judge at the *Tribunal de Grande Instance* of Compiègne, acting in particular as an Investigating Judge. As a judge in civil matters, he handed down several decisions in Private International Law and on International Jurisdiction, which were published and commented on in specialized journals.

From 1976 to 1991, Justice Béraudo worked for the French Ministry of Justice, at the Bureau of General Civil Law (1976–1977), then at the Bureau of European and International Law of the Department of Civil Affairs and the Seal (Director of the Bureau from 1985).

From 1991 to 2000, Justice Béraudo was a Presiding Judge of Division at the Grenoble Court of Appeals. From 1995, when he presided the Commercial Division of the Grenoble Court of Appeal (1995–2000), he dealt with many international litigation cases in which, among other things, the Vienna Convention on the International Sale of Goods, UNIDROIT Principles and jurisdictional rules created by the Brussels and Lugano Conventions were applied. He also ruled on setting aside and enforcement proceedings of arbitral awards.

From 1995 to 2001, Justice Béraudo was an Associate Professor at Paris I University (Panthéon-Sorbonne). He lectured on Private International Law and International Trade Law at the same university and on Corporate Law at Sciences-Po, Paris.

Justice Béraudo acted as co-arbitrator, sole arbitrator or Chairman of arbitral tribunals on more than 40 cases, most of them ICC cases. Some awards have been published and commented on in specialized journals.

Furthermore, from 2000 to 2003, Justice Béraudo was a Judge in the Criminal Division of the French Supreme Court where he dealt with professional and business criminal litigation cases.

Finally, since 1991, Justice Béraudo has taken on various roles for the ICC, for which he is a member of the Arbitration Commission:

- o  Speaker at several ICC seminars in Tunisia and Morocco
- o  Speaker at the UNIDROIT-ICC seminar on UNIDROIT Principles
- o  Chairman of the working group on Criminal Law and Arbitration

LANGUAGES

- French: mother-tongue

11

Gibson, Dunn &
Crutcher LLP

1    -  English: author of the book entitled "Anglo-Saxon Trusts and French Law," Visiting

2       Professor at the University College of London (Institute of Global Law), and "Visiting

3       Bencher" at Gray's Inn, London, 2004

4    -  Spanish: studied law in Spain in preparation for his thesis on "Franco-Spanish Private

5       International Law Relationships," presented for the State Doctorate in 1975; commentator on

6       Spanish law books for the *Journal du Droit International*

7    -  Italian: due to his heritage and the significant amount of time spent in Rome serving in

8       UNIDROIT expert groups

9 **MAIN PUBLICATIONS**

10 <u>Private International Law</u>

11    -  "Views on the new Brussels I Regulation on Jurisdiction and the Recognition and

12       Enforcement of Judgments in Civil and Commercial Matters" (Regulation 1215/2012),

13       JDI 2013, p. 741

14    -  "Council Regulation 44/2001 on Jurisdiction and the Recognition and Enforcement of

15       Judgments," JDI 2002, p. 377

16    -  "The International Application of the New Provisions of the French Civil Code on the

17       Liability for Defective Products," *Jurisclasseur Périodique*, June 1999

18    -  14 fascicules in the *Jurisclasseurs droit international, droit européen et procédure civile* on

19       the Brussels and Lugano Conventions, Regulations 44/2001 and 1215/2012

20    -  "The Lugano Convention of September 16, 1988, on Jurisdiction and the Enforcement of

21       Judgments in Civil and Commercial Matters," *Jurisclasseur de Droit International*, May 1991

22    -  "The Rogatory Letter (Civil Matters)," *Répertoire Dalloz de Droit International*, January

23       2005, redrafted in 2017

24    -  "Trust," *Répertoire Dalloz de Droit International*, 1998

25 <u>International Trade Law</u>

26    -  "The New Law on the International Sale of Goods," in collaboration with Ph. Khan, Paris

27       Chamber of Commerce Publication, 1989

28

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

- Commented Collection of the Principal Conventions on International Trade, Masson Editions, 1995
- "Should We Be Afraid of Contracts without Law?," *Revue Critique du Droit International Privé*, Collection in honor of Professor Paul Lagarde, 2005

Arbitration Law

- "United Nations Convention on Contracts for the International Sale of Goods and Arbitration," ICC International Court of Arbitration Bulletin, May 1994
- "The Inter-American Congress on UNIDROIT Principles," ICC International Court of Arbitration Bulletin, May 1997
- "The Arbitration Exception of the Brussels and Lugano Conventions on Jurisdiction and Enforcement of Judgments in civil and commercial matters," Journal of International Arbitration, 2001
- "The Recognition by Courts of Provisional and Interim Measures decided by an Arbitral Tribunal," Journal of International Arbitration, 2005

Other legal topics

- "Anglo-Saxon Trusts and French Law," *coll. droit des affaires*, LGDJ 1992, new edition in 2006 by Academy & Finance (Geneva)
- "Franco-Spanish Private International Law Relationships," State Doctorate thesis, Paris 1 University, 1975

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn &
Crutcher LLP

# APPENDIX B

**APPENDIX B**

**Documents reviewed by Justice Béraudo**

United States District Court Northern District of California San Jose Division, Class Action, Consolidated Amended Complaint

Books/ Authorities:

- Booklets drafted by Jean-Paul Béraudo and Marie-Josèphe Béraudo on the Brussels/Lugano system, published in JurisClasseur International (in particular)
- Jurisdiction and enforcement of judgments in Europe, 2015 Edition, LGDJ, by Hélène Gaudemet-Tallon

European Regulations and Treaty:

- European Regulation (EU) no. 1215/2012 of the European Parliament and of the Council of December 12, 2012 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters
- Regulation (EC) no. 593/2008 of the European Parliament and of the Council of 17 June 2008 on the law applicable to contractual obligations (Rome I)
- Regulation (EC) no. 864/2007 of the European Parliament and of the Council of July 11, 2007 on the law applicable to non-contractual obligations (Rome II)

Decisions of the Constitutional Council:

- DC no. 89-257 of July 25, 1989
- DC no. 2000-437 of December 19, 2000
- DC no. 2014-690 of March 13, 2014
- DC no. 2016-739 of November 17, 2016

Legislations and Articles of law:

- Law no. 2014-344 of March 17, 2014

14

Gibson, Dunn & Crutcher LLP

1      •  Article L.423-1 and following of the Consumer Code

2

3    Case Law:

4      •  Cornelissen judgment, Supreme Court, 1st Civil Chamber, February 20, 2007, no. 05-14.082

5      •  Morrison vs. National Australia Bank Ltd case; *amicus curiae* brief filed in February 2010

6      •  Alstom case law SA Sec. Litig., 253 FRD 266 (SDNY 2008) 

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DECLARATION OF JUSTICE JEAN-PAUL BERAUDO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD