1  THEODORE J. BOUTROUS, JR., SBN 132099
     tboutrous@gibsondunn.com
2  CHRISTOPHER CHORBA, SBN 216692
     cchorba@gibsondunn.com
3  THEANE EVANGELIS, SBN 243570
     tevangelis@gibsondunn.com
4  TIMOTHY W. LOOSE, SBN 241037
     tloose@gibsondunn.com
5  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
6  Los Angeles, CA  90071-3197
   Telephone:   213.229.7000
7  Facsimile:   213.229.7520

8  G. CHARLES NIERLICH, SBN 196611
     gnierlich@gibsondunn.com
9  RACHEL S. BRASS, SBN 219301
     rbrass@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
11 San Francisco, CA  94105
   Telephone:   415.393.8200
12 Facsimile:   415.374.8458

13 *Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge:         Hon. Edward J. Davila<br>Courtroom:  4, 5th Floor<br>Hearing Date:  September 28, 2018<br>Hearing Time:  10:00 a.m. |

Gibson, Dunn & Crutcher LLP

DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

**DECLARATION OF MASATO DOGAUCHI**

Pursuant to 28 U.S.C. § 1746 and Rule 44.1 of the Federal Rules of Civil Procedure, I hereby declare as follows:

BACKGROUND AND QUALIFICATIONS

1. I am a professor of Waseda University, Law School and a senior counsel for Nagashima, Ohno and Tsunematsu both in Japan. The following views are expressed not as a senior counsel for Nagashima Ohno and Tsunematsu but as an independent professor of law. I offer this declaration in support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint. The following is true of my own personal knowledge except where stated on information and belief, and as to those matters I am informed and believe they are true and, if called as a witness, I could and would testify competently thereto.

2. With regard to qualifications as well as educational and academic background in detail, see Exhibit A.

3. I have been asked to provide the Court with background information concerning Japan's consumer protection laws and regulations, as well as a discussion of the potential implications of a U.S. court applying this law to claims made on behalf of Japanese consumers in a U.S. civil class action. I have further been asked to address whether the courts of my country would recognize and enforce a judgment rendered by a U.S. court in a class action (that applied California's laws to the claims made on behalf of consumers from Japan) to dismiss a potential claim brought in a subsequent action in a Japanese court.

SUMMARY OF OPINIONS

4. For the Court's convenience, I briefly summarize my opinions in this action, which are set forth in more detail below:

   a. The Japanese law governing collective consumer claims against a company is the Act on Special Measures Concerning Civil Court Proceedings for the Collective Redress for Property Damage Incurred by Consumers, and this law is structured on an opt-in basis. In other words, a Japanese consumer is not part of the collective action unless he or she affirmatively opts-into the case.

Gibson, Dunn & Crutcher LLP

1
DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

b. Because the above statute was put into force in 2016 and has not been construed authoritatively, this Court would have to make novel determinations of Japanese laws.

c. It would be difficult for Apple to conduct discovery in Japan.

d. The application by a U.S. court of Japanese laws would encroach upon the sovereign authority of Japan to adjudicate matters related to consumer protection.

e. Since the opt-out system under the U.S. law would likely be deemed to be against the Japanese notion of procedural fairness, Japanese courts would not enforce a U.S. judgment against the Japanese consumer who did not opt-out of the U.S. Class Action.

f. Even if Apple prevailed in the U.S. Class Action, Apple could still be exposed to civil litigation in Japan by Japanese class members, resulting in potentially inconsistent judgments as well as duplicative exposure.

5. I understand that Plaintiffs' counsel have claimed that the Software License Agreement ("SLA") requires the Court to apply California law to all claims, including claims made on behalf of consumers from Japan. However, some of Plaintiffs' claims related to alleged battery issues are covered by Apple's hardware warranty, and Apple's hardware warranty "is governed by . . . the laws of the country in which the Apple Product purchase took place."

6. In accordance with Provision 1, Article 3-4 (3-quarter) of the Code of Civil Procedure, a Japanese court will, in principle, admit its jurisdiction over a lawsuit by a consumer living in Japan, if his/her domicile at the time of the filing or at the time of the conclusion of the consumer contract is located in Japan. This is just one example of Japan's concern to protect consumers living in Japan.

7. Most significantly, a Japanese court will likely not recognize and enforce a U.S. class action judgment. Accordingly, even if Apple prevailed in the U.S. Class Action, Apple could still be exposed to civil litigation in Japan by Japanese class members. Japanese consumers should therefore not be included in this case.

OVERVIEW OF JAPAN'S RELEVANT LAWS AND REGULATIONS

8. Japan has its own laws that would govern the claims purportedly made on behalf of

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

Japanese consumers arising from purchases made in their home country, as well as its own legal regime for enforcing these laws.

9. It is possible in Japan for consumers to collectively file a lawsuit against a company for damages, but each of them must execute power of attorney by themselves. This is a traditional mechanism for multiple plaintiffs to file a lawsuit jointly.

10. In 2006, Japan introduced a new method to bring consumer lawsuits under the Consumer Contract Act (2000), which was put into force in 2007. In accordance with Article 12 of the Consumer Contract Act, a Qualified Consumer Organization ("QCO") may file a lawsuit to prohibit a company from doing certain wrong actions for the benefit of a certain category of consumers, but the result of the lawsuit does not legally bind the consumers.

11. In addition, in accordance with Article 3 of Act on Special Measures Concerning Civil Court Proceedings for the Collective Redress for Property Damage Incurred by Consumers (2013) (put into force in 2016), a Specified Qualified Consumer Organization ("SQCO"), which is selectively designated from among the QCOs, may file a lawsuit for a declaratory judgment on common obligations with regard to damages, including claims for damages based on nonperformance of contractual obligations and torts. Then, if the declaratory judgment is granted, in accordance with Article 31 and other provisions, the consumers may report their claims to the SQCO and authorize it to represent them in simplified proceedings in a court against the company. It is apparent that this Japanese system is structured on an opt-in basis.

12. The above-mentioned Japanese statutes, and especially the latter one, are relatively new, and therefore have not yet been construed authoritatively. As a result, this Court would have to make novel determinations of Japanese laws.

13. Further, discovery procedures under U.S. law may not be enforced in Japan. Rather, under Article 17 of the Consular Convention between Japan and the U.S., a U.S. consular officer can obtain a deposition of any person in Japan for the U.S. court in a method consistent with Japanese laws, if such a person consents to be deposed. If a person in Japan does not consent to the deposition, the U.S. court may ask the Japanese court to examine the witness by letter rogatory in accordance with the Act on Assistance Based on Commission by Foreign Courts (1905). Article 1-2 (1-bis) of

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

this older statute requires, among others, that a commission by a foreign court be made through a diplomatic channel (Item 1), that all documents be written in Japanese or accompanied by Japanese translations (Item 4), that the country of the foreign court guarantee to cover the cost of the commission (Item 5), and that reciprocity exist between Japan and the foreign country on the identical or similar matter of commission (Item 6).

14. It would therefore be difficult for the parties in the U.S. Class Action, including Apple, to conduct discovery in Japan.

## THE RISK OF ENCROACHING UPON JAPAN'S SOVEREIGNTY

15. The application by a U.S. court of California laws to Japanese consumers would encroach upon the sovereign authority of Japan to adjudicate matters related to consumer protection.

16. As explained above, Japan has a comprehensive legal system that allows Japanese consumers to bring claims similar to those asserted by the plaintiffs in the U.S. Class Action in Japanese courts.

17. Although Japan allows consumers to file collective actions in accordance with the Act on Special Measures Concerning Civil Court Proceedings for the Collective Redress for Property Damage Incurred by Consumers, such proceedings by consumers must go forward on an opt-in basis. The U.S. Class Action would thus impinge on Japan's judicial and regulatory system that oversees consumer complaints and consumer actions. In other words, the inclusion of Japanese class members in a U.S. class would encroach upon the authority of Japan's judicial and regulatory regime to adjudicate claims of its own citizens.

18. Paragraph 1, Article 3-4 (3-quater) of the Code of Civil Procedure provides that an action brought by a consumer with respect to a consumer contract against a company may be filed with the courts of Japan, if the domicile of the consumer at the time of the filing or at the time of the conclusion of the consumer contract is located in Japan. Accordingly, a Japanese court will exercise its jurisdiction over a lawsuit by a consumer living in Japan.

19. These above rules reflect Japan's efforts to protect Japanese consumers by its own laws and judicial system.

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

THE RECOGNITION AND ENFORCEMENT OF A U.S. CLASS ACTION JUDGMENT

20. In Japan, a foreign judgement would not have *res judicata* or preclusive effect without fulfilling the requirements provided for in Article 118 of the Code of Civil Procedure, and without fulfilling such requirements, the Japanese court will not enforce the foreign judgment in accordance with Article 24 of the Civil Execution Code.  Since there are no applicable treaty rules on recognition and enforcement of the U.S. judgments to this case, only the above general rules will be applied.

21. In this case, binding Japanese consumers who do not affirmatively opt out of a U.S. class action to a judgment of a U.S. court bears on the requirement of procedural fairness and the principle of due process under Japanese law.

22. One of the requirements provided for in Item 3 of Article 118 of the Code of Civil Procedure is that "the judgment of the foreign court is not repugnant to <u>the public order in Japan in its contents and proceedings upon which it was based</u>."  Since Paragraph 3 of Article 24 of the Civil Execution Code provides that an action for an execution order for a judgment rendered by a foreign court "shall be dismissed where the finality and conclusiveness of the judgment rendered by the foreign court is not proven, or where it does not fulfil the conditions set forth in the subparagraphs of Article 118 of the Civil Procedure Code," the conditions required for enforcement of foreign judgments include those required for its recognition.

23. If the subjective scope of the foreign court's judgment is deemed too broad to be given full preclusive effect, the Japanese court will recognize and enforce only some parts of the judgment and reject others.  The determination of whether the effect given by the foreign judgment is too broad is to be done in accordance with the Japanese standard of public order.

24. The public order in Japan with respect to procedural justice is reflected in the provisions of the Act on Special Measures Concerning Civil Court Proceedings for the Collective Redress for Property Damage Incurred by Consumers.  As mentioned above, this statute is structured on an opt-in basis.  The drafting history of this statute demonstrates a widely shared view among Japanese legal practitioners that a system under which a person is forced to express its willingness or unwillingness to become a plaintiff, contravenes the principle of procedural fairness.  The legislative history solidly indicates that Japan rejected introducing a U.S.-style opt-out class action system.

Gibson, Dunn & Crutcher LLP

5
DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

25. Accordingly, Japanese courts would likely refuse to enforce a judgment rendered in a U.S. class action against a Japanese consumer who did not affirmatively opt out of the U.S. action.

26. In conclusion, the opt-out system under U.S. law is likely to be deemed to be against the Japanese notion of procedural fairness. Accordingly, even if the Japanese claimant had received notices by publication or even actual notices of the U.S. Class Action, such notices may have no meaning in the context of recognition and enforcement of the resulting U.S. judgment in Japan. Under Japanese law, the claimant is likely to be allowed to file his/her own lawsuit afterwards if he/she chooses to and if the necessary legal conditions for commencing an action in Japan are fulfilled. Therefore, even if Apple prevailed in the U.S. Class Action, Apple could still be exposed to civil litigation in Japan by Japanese class members, resulting in potentially inconsistent judgments as well as duplicative exposure.

Pursuant to 28 § U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2018.

_____
Masato Dogauchi

Gibson, Dunn & Crutcher LLP

6
DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

# EXHIBIT A

**Exhibit A**

**QUALIFICATIONS:**

1. I have been a Professor at the Waseda University Law School, Japan, since April 2004. Previously, I was an Associate Professor and a Professor at the University of Tokyo for about twenty years. I registered as an attorney-at-law after having started my tenure at Waseda University in 2004. Having done so, in addition to my academic career, I have practiced law as a senior counsel for Nagashima, Ohno and Tsunematsu, which is one of the largest law firms in Japan.

2. I currently devote approximately 75% of my time to my academic career and 25% of my time to private practice.

3. My particular areas of expertise are private international law and international trade law. I have published a number of books and articles on issues relating to these areas in Japanese and in foreign languages. While I have omitted listing my Japanese publications, a list of my articles written in English, German and French is attached as the list of publications below.

4. I have written many articles on international civil procedure, including recognition and enforcement of foreign judgments. I also have taught classes on international civil procedure in addition to the issues of choice of law.

5. In addition to such academic experience, I was a member of the Japanese government's delegation to the Hague Conference on Private International Law from 1994 to 2005 on a project to produce a convention on international judicial jurisdiction and recognition and enforcement of foreign judgments. In this project, I was elected as a vice-president of the Special Commission and one of the official reporters of the Convention on Choice of Court Agreement, which was finally adopted in the Diplomatic Conference held in 2005. "Explanatory Report on the Hague Convention on Choice of Court Agreements" was written in 2007 with Professor Trevor Hartley, who was a co-reporter.

6. I have submitted expert opinions on Japanese laws in Japanese and foreign courts in the past. In particular, I have submitted an expert opinion regarding enforcement of an Ontario judgment to be rendered in a class action including Japanese plaintiffs on an opt-out basis.

Gibson, Dunn & Crutcher LLP

7
DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

**EDUCATIONAL BACKGROUND:**

| | |
|---|---|
| 1978: | B.A., University of Tokyo, Faculty of Law |
| 1978-1981: | Research Assistant, University of Tokyo, Faculty of Law |
| 1982(-1984): | Ministry of Foreign Affairs, Headquarters of Law of the Sea |
| 1983-1984: | Research Assistant, Meiji University, Faculty of Law |
| 1984-1991: | Associate Professor of Law, University of Tokyo, College of Arts and Sciences |
| (1987-1988): | Visiting Scholar, University of Michigan, Law School |
| (1988-1989): | Visiting Scholar, Columbia University, School of Law |
| 1991-1996: | Associate Professor of Law, University of Tokyo |
| 1996-2004: | Professor of Law, University of Tokyo, Faculty of Law |
| 2004-2005: | Visiting Professor of Law, Waseda University, Law School. |
| 2004-2008: | Specially Appointed Professor, University of Tokyo |
| 2004-Present: | Special Counsel for Nagashima Ohno & Tsunematsu Law Office |
| 2005-Present: | Professor of Law, Waseda University, Law School |

**PUBLIC ACTIVITIES:**

- Member of Legislative Council on Private International Law, Ministry of Justice, since 1985;

- Member of Copyright Council, Agency for Cultural Affairs, since 1995 (Chair at present);

- Member of Council, Japanese Association of International Law, since 1997;

- Member of Council, Private International Law Association of Japan, since 1999 (President at present);

- Member of Council, International Law Association, Japan Branch, since 2001;

- Associate Member of International Law Institute, since 2014.

**LIST OF PUBLICAIONS IN ENGLISH:**

- "Conflict of Laws on Admiralty and Shipping Laws in Japan", Japanese Annual of International Law, No.30, pp.1-17(1987).

- "International Trade in Services from the Japanese Viewpoint", Georgia Journal of International and Comparative Law, Vol.19, No.2, pp.425-441(1989).

- "Transfrontier Nuclear Civil Liability without International Conventions", Nuclear Inter Jura '91 (1991).

- "The Amendment of the Vienna Convention: Its Procedural Aspect", Symposium on Nuclear Accidents: Liabilities and Guarantees (Conference paper)(1992).

8

DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

- "Globalization of Dispute Settlement Involving Japanese Companies", in H.ODA ed., JAPANESE COMMERCIAL LAW: IN AN ERA OF INTERNATIONALIZATION, pp.237-247 (1994, Graham & Trotman Limited).

- "Concurrent Litigations in Japan and the United States", Japanese Annual of International Law, No.34, pp.72-94(1994).

- "Japan", in J. FAWCETT ed., DECLINING JURISDICTION IN PRIVATE INTERNATIONAL LAW, pp.303-319 (1995, Clarendon Press).

- "Draft Articles on the Law Applicable to Contractual and Non-Contractual Obligations (1) and (2)", Japanese Annual of International Law, No.39, pp.185-216(1995), No.40, pp.57-79 1996) (co-author).

- "The Structural Impediments Initiatives: A Model for Dealing with International Economic Frictions", in M.YOUNG and Y.IWASAWA eds., TRILATERAL PERSPECTIVES ON INTERNATIONAL LEGAL ISSUES: RELEVANCE OF DOMESTIC LAW & POLICY, pp.249-262 (1996, Transnational Publishers, Inc.).

- "Law Applicable to Torts and Copyright Infringement Through the Internet", JURGEN BASEDOW and TOSHIYUKI KONO eds., LEGAL ASPECTS OF GLOBALIZATION: CONFLICT OF LAWS, INTERNET, CAPITAL MARKETS AND INSOLVENCY IN A GLOBAL ECONOMY, pp.49-65 [2000, Kluwer Law International].

- "Respect for the Act of Foreign State: The Validity of Foreign Patents", ILPF(Internet Law & Policy Forum) Symposium, 11-12 September 2000, San Francisco, http://www.ilpf.org/

- "Private International Law on Intellectual Property: A Civil Law Overview", WIPO Forum on Private International Law and Intellectual Property, 30-31 January 2001, Geneva, http://www.wipo.int/edocs/mdocs/mdocs/en/wipo_pil_01/wipo_pil_01_8.doc

- "Private International Law Aspects of the 1996 WIPO Treaties", WIPO Asian Regional Symposium on The WIPO Copyright Treaty and the WIPO Performances and Phonograms Treaty and Their Impact on the Copyright Industries, Guangzhou, China.

- "The Hague Draft Convention from the Perspective of Japan", Union Internationale des Avocats (International Association of Lawyers), Seminar on the Draft Convention on Jurisdiction and Foreign Judgments in Civil and Commercial Matters, 20-21 April 2001, Edinburgh.

- "Jurisdiction over Foreign Patent Infringement from a Japanese Perspective in Consideration of the Hague Draft Convention on Jurisdiction and Foreign judgments in Civil and Commercial Matters as of June 2002", Japanese Annual of International Law, No.44, pp.35-59 (2001).

- "The Hague Draft Convention on Jurisdiction and Foreign Judgments in Civil and Commercial Matters from a Japanese Perspective", Japanese Journal of Private International Law, No.3, pp.80-118 (2001).

- "Judicial Jurisdiction in the Era of E-commerce", TOSHIYUKI KONO, CHRISTOPH G. PAULUS and HARRY RAJAK eds., SELECTED LEGAL ISSUES OF E-COMMERCE, pp.127-144 [2002, Kluwer Law International].

- "The Activities of the Japanese Sports Arbitration Agency", International Sports Law Journal, 2005-1/2, pp.3-7 (2005).

- "Four-Step Analysis of Private International Law", 315 Recueil des cours, pp.15-140 (2006).

- "Explanatory Report on the Hague Convention on Choice of Court Agreements" (with Professor Trevor Hartley)(2007), http://www.hcch.net/index_en.php?act=publications.details&pid=3959&dtid=3

Gibson, Dunn & Crutcher LLP

9

DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

- "New Private International Law of Japan: An Overview", Japanese Annual of International Law, No.50, pp.3-14 (2007).

- "Historical Development and Fundamental Principles of Japanese Private International Law" in JUERGEN BASEDOW/ HARALD BAUM/ YUKO NISHITANI eds., JAPANESE AND EUROPEAN PRIVATE INTERNATIONAL LAW IN COMPARATIVE PERSPECTIVE, pp.27-60 [2008, Mohr Siebeck]

- "New Japanese Rules on International Jurisdiction: General Observation", Japanese Yearbook of International Law, Vol.54, pp.260-278 [2011]

Gibson, Dunn & Crutcher LLP

10
DECLARATION OF MASATO DOGAUCHI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD