THEODORE J. BOUTROUS, JR., SBN 132099
   tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
   cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
   tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
   tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

G. CHARLES NIERLICH, SBN 196611
   gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:  415.374.8458

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>DECLARATION OF JOSÉ TAM PEREZ IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT<br><br>Judge:           Hon. Edward J. Davila<br>Courtroom:    4, 5th Floor<br>Hearing Date:  September 28, 2018<br>Hearing Time:  10:00 a.m. |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JOSÉ TAM PEREZ IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

### DECLARATION OF JOSÉ TAM PEREZ

Pursuant to 28 U.S.C. § 1746 and Rule 44.1 of the Federal Rules of Civil Procedure, I hereby declare as follows:

### BACKGROUND AND QUALIFICATIONS

1. I am a partner and leader of the Litigation & Arbitration department for Rodrigo, Elias & Medrano Abogados. I offer this declaration in support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint. The following is true of my own personal knowledge except where stated on information and belief, and as to those matters I am informed and believe they are true and, if called as a witness, I could and would testify competently thereto.

2. I am a lawyer from the University of Lima (1997) and have attended doctoral studies in the Complutense University of Madrid (2003). I am currently a professor of procedural law at the University of Lima. I have also taught the same subject at Universidad del Pacifico, Universidad Peruana de Ciencias Aplicadas and Universidad San Martín de Porres, all prestigious universities in Lima. I often participate as a lecturer in academic conventions regarding judicial proceedings and arbitration proceedings. Moreover, I have published articles regarding the same matter and I also published a book titled "*Proceso, Poder Juridiccional y Tutela Procesal Efectiva*". I am currently a member of the Ibero-American Institute of Procedural law and of the Peruvian chapter in Spanish Arbitration Club.

3. I have been asked to provide the Court with background information concerning Peruvian consumer protection laws and regulations, as well as a discussion of the potential implications of a U.S. court applying California law to claims made on behalf of Peruvian consumers in a U.S. civil class action. I have further been asked to address whether the courts in Peru would recognize and enforce a judgment rendered by a U.S. court in an opt-out class action that applied California's laws to the claims made on behalf of consumers from Peru.

4. I understand that Plaintiffs' counsel in the above-captioned matter have claimed that the Software License Agreement ("SLA") requires the Court to apply California law to all claims, including claims made on behalf of consumers from Peru. However, I also understand that some of these claims related to alleged battery issues are covered by the hardware warranty, which states that

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF JOSÉ TAM PEREZ IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

it "is governed by and construed under the laws of the country in which the Apple Product purchase took place."

## SUMMARY OF OPINIONS

5. For the Court's convenience, I briefly summarize my opinions in this action, which are set forth in more detail below:

    a. The Peruvian legal system does not provide a legal proceeding equivalent to that of a class action, in which affected consumers present a joint lawsuit. Rather, Peru has a procedure for actions on behalf of consumers that can be initiated by the Institute for the Defense of Competition and the Protection of Intellectual Property (INDECOPI) or by well-known Peruvian consumers' associations. The latter can only act on behalf of INDECOPI. It is through this process that a consumer can request the protection of his rights.

    b. The Peruvian legal system also regulates administrative proceedings before INDECOPI, by which a consumer may seek protection of rights against any provider (manufacturer, importer or reseller) that he considers responsible for any harm done.

    c. A foreign judgment will only be enforced in Peru if all requirements of article 2104 of the Civil Code are met. This article, among others, states that the foreign judgment must comply with the public order. Therefore, it could be debated that a ruling by a U.S. Court in a "class action" process would not comply with said requirement since the Peruvian procedural rule does not contemplate the "class action". Furthermore, the recognition of a foreign judgment could also be opposed if it contradicts a Peruvian judgment referred to the same case.

## OVERVIEW OF PERU'S RELEVANT LAWS AND REGULATIONS

6. Peru's Consumer Protection and Defense Code establishes two methods of protection of rights for consumers. The first one is regulated in Article 129 of said code and it offers an

administrative procedure that can be initiated by consumer associations. The resolution issued in such a case does not have the quality of *res judicata*. The second one, Article 130 and 131 of the Code, provide that INDECOPI may initiate a legal proceeding to protect the interests of consumers. The compensation obtained is delivered to consumers who appear before INDECOPI. The resolution in such a case will have the quality of *res judicata*.

THE RISK OF ENCROACHING UPON PERU'S SOVEREIGNTY

7. The application by a U.S. court of California laws to Peruvian consumers would encroach upon the sovereign authority of Peru to adjudicate matters related to consumer protection.

8. As explained above, Peru has a comprehensive legal system that allows Peruvian consumers to bring claims similar to those asserted by the plaintiffs in the U.S. Class Action in Peruvian courts. Moreover, Peruvian law provides for a collective consumer action that can be initiated only by INDECOPI or by well-known consumers' associations that ensure adequate representation. The latter can only act on behalf of INDECOPI. Therefore, a U.S. class action that represents Peruvian consumers would encroach upon the authority of the Peruvian courts and agencies to adjudicate claims of their own citizens under the procedures provided in Peru. Moreover, the U.S. Class Action risks infringing on Peru's duty to protect consumers as mandated by Article 65 of Peru's Constitution.

THE RECOGNITION AND ENFORCEMENT OF A U.S. CLASS ACTION JUDGMENT

9. To the best of my knowledge, there is no treaty or convention in force between the U.S. and Peru that addresses the recognition and enforcement of judgments. The national courts of Peru, however, have the power to enforce foreign judgments.

10. In order to enforce a judgment or ruling rendered by a U.S. court in Peru, the prevailing party must submit the foreign judgment to an *exequatur* procedure and initiate an executive process for a Specialized Judge to order the opposing party in the U.S. action to comply with the order of the U.S. court.

11. Under article 2104 of the Civil Code, a Peruvian national court may not recognize a foreign judgment if, among other things, the judgment of the foreign court violates public order. The class action is not a recognized procedure for consumer litigation in Peru, hence it could be argued

Gibson, Dunn & Crutcher LLP

3

DECLARATION OF JOSÉ TAM PEREZ IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

1 that recognizing a class action would violate public order.

2     12. In developing my opinion, I have undertaken research (and reviewed the results of additional research performed under my direction) regarding the recognition and enforcement of a foreign judgment under Peruvian law. This research included **(i)** the review of the Civil Code rules, Consumer Protection and Defense Code and Civil Procedure Code; **(ii)** on recognition of foreign judgment: "*Introducción al derecho internacional privado*" (2012) from César Delgado Barreto, María Antonieta Delgado Menéndez y César Lincoln Candela; legal article "*Eficacia de las sentencias extranjeras no sometidas a exequatur*" from Edwin Pezo published in Derecho y Sociedad law journal of Perú (Number 26- 2006); legal article "*Posibilidades para el reconocimiento y ejecución de sentencias judiciales extranjeras en el Perú*" from Paolo del Aguila published in Ius Et Veritas law journal of Perú (Number 8- 1994); **(iii)** about class action "*Las class actions: apuntes metodológicos sobre un trabajo de investigación*" by Giovanni Priori in Ius Et Veritas law journal of Perú (Number 29- 2004), "*De la class action for damages a la acción de clase brasileña*" by Ada Pellegrini in Ius Et Veritas law journal of Perú (Number 23 – 2001). As far as I am aware after researching the subject, no publicly available Peruvian court decision has ever held that (or even addressed whether) a class action judgment rendered in a U.S. court is binding and can be enforced in Peru. It is unsettled therefore whether attempting to bind "absent" Peruvian class members who do not affirmatively "opt out" from a class action to a class action judgment rendered in a U.S. court would be enforceable in Peru. Therefore, even if Apple prevailed in the U.S. Class Action, Apple could still be exposed to civil litigation in Peru by Peruvian class members, resulting in potentially inconsistent judgments as well as duplicative exposure.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2018.

_____
José Tam Perez

Gibson, Dunn & Crutcher LLP

4
DECLARATION OF JOSÉ TAM PEREZ IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD