```
 1  THEODORE J. BOUTROUS, JR., SBN 132099
      tboutrous@gibsondunn.com
 2  CHRISTOPHER CHORBA, SBN 216692
      cchorba@gibsondunn.com
 3  THEANE EVANGELIS, SBN 243570
      tevangelis@gibsondunn.com
 4  TIMOTHY W. LOOSE, SBN 241037
      tloose@gibsondunn.com
 5  GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
 6  Los Angeles, CA  90071-3197
    Telephone:  213.229.7000
 7  Facsimile:  213.229.7520

 8  G. CHARLES NIERLICH, SBN 196611
      gnierlich@gibsondunn.com
 9  RACHEL S. BRASS, SBN 219301
      rbrass@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street, Suite 3000
11  San Francisco, CA  94105
    Telephone:  415.393.8200
12  Facsimile:  415.374.8458

13  Attorneys for Defendant Apple Inc.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DECLARATION OF JIANGUO XIAO IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge:         Hon. Edward J. Davila<br>Courtroom:  4, 5th Floor<br>Hearing Date:  September 28, 2018<br>Hearing Time:  10:00 a.m. |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JIANGUO XIAO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

有建国

## DECLARATION OF JIANGUO XIAO

Pursuant to 28 U.S.C. § 1746 and Rule 44.1 of the Federal Rules of Civil Procedure, I hereby declare as follows:

### BACKGROUND AND QUALIFICATIONS

1. I am a professor at the Law School of Renmin University of China. I offer this declaration in support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint. The following is true of my own personal knowledge except where stated on information and belief, and as to those matters I am informed and believe that they are true and, if called as a witness, I could and would testify competently thereto.

2. I specialize in civil procedure law, evidence law, ADR, and compulsory enforcement law. I received my education from Henan University (Bachelor of Economics) and Renmin University of China (Master of Law and Juris Doctor). I have a keen interest in consumer-related dispute resolution, public interests litigation, and joint litigation (Chinese-style class action). My articles relating to these areas have been published in many prominent academic journals in China. I also serve as a special advisor to the Supreme People's Court of the People's Republic of China. I am a member of the Case Guidance Commission of the Supreme People's Court, the Expert Committee of the Chinese Consumers Association and the Experts Advisory Committee of the Higher People's Court of Beijing.

3. I have been asked to provide the Court with background information concerning China's consumer protection laws and regulations. I have further been asked to address whether the courts in China would recognize and enforce a judgment rendered by a U.S. court in a class action (that applied California's laws to the claims made on behalf of consumers from China) to dismiss a potential claim brought in a subsequent action in a Chinese court.

### SUMMARY OF OPINIONS

4. For the Court's convenience, I briefly summarize my opinions in this action, which are set forth in more detail below:

   a. China has its own laws that provide for comprehensive consumer protection and that apply to purchases made in their home country. China also has its own legal regime for

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF JIANGUO XIAO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT - CASE NO. 5:18-MD-02827-EJD

1  enforcing these laws. Under the Chinese legal regime, a joint action shall be based on the consent of
2  the parties, which has several important differences from the U.S. "opt-out" class action. In addition,
3  the evidence rules under Chinese law also differ from the discovery procedures in the U.S., and
4  special procedures must be followed for foreign courts or parties to collect evidence in China.

5        b.    China has its own judicial and administrative regimes overseeing consumer
6  complaints, and thus a U.S. class action that represents Chinese consumers would risk encroaching
7  upon the sovereign authority of China to adjudicate matters related to consumer protection of its own
8  citizens. Furthermore, attempting to bind Chinese consumers who do not affirmatively "opt out"
9  from a U.S. class action to a judgment issued by a U.S. court would contravene fundamental
10 principles under the Civil Procedure Law of China, which allow the parties to fully participate in the
11 litigation proceedings and to dispose their own rights.

12       c.    Given the unique nature of U.S. class action proceedings and the absence of a
13 similar system in China, a Chinese court could conclude that a U.S. class action judgment
14 contravenes the "basic legal principles" and "public interests of the People's Republic of China," and
15 reject the recognition and enforcement of such a judgment. Therefore, even if Apple prevailed in the
16 U.S. Class Action, Apple could still be exposed to civil litigation in China by Chinese class members,
17 resulting in potentially inconsistent judgments as well as duplicative exposure.

18     5.    I understand that Plaintiffs' counsel have claimed that the Software License
19 Agreement ("SLA") would require the Court to apply California law to all claims, including claims
20 made on behalf of consumers from China. However, I also understand that some of these claims
21 related to alleged battery issues are covered by the hardware warranty issued with respect to Chinese
22 consumers. I also understand that the text of this warranty states that it "is governed by and
23 construed under the laws of the country in which the Apple Product purchase took place."

## OVERVIEW OF CHINA'S RELEVANT LAWS AND REGULATIONS

25     6.    China has its own laws that would be implicated by the claims purportedly made on
26 behalf of Chinese consumers arising from purchases made in their home country, as well as its own
27 legal regime for enforcing these laws.

28     7.    In the jurisdiction of the People's Republic of China, Chinese law provides for

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF JIANGUO XIAO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

comprehensive consumers protection. The relevant law includes the Protection of Consumer Rights and Interests Law ("Consumer Protection Law"), the Product Quality Law, and general civil laws such as the Tort Law and the Contract Law. For example, if the consumers believe that a product sold by a business operator does not meet the indicated quality, they may request the business operator to undertake the obligation to refund, replace or repair the product and compensate for any resulted losses, in accordance with the Consumer Protection Law and the Product Quality Law. If a business operator engages in fraudulent activities, the affected consumers may request for damages in the amount three times of the purchase price pursuant to the Consumer Protection Law. Moreover, the Tort Law provides remedies for infringement of property rights caused by a product. Separately, the consumers may also hold a business operator liable for any breach of contract.

8. With respect to legal procedures for enforcing the laws, China does not allow consumers to file class actions. Rather, Chinese law allows a "consent-based" joint action which, as I understand, has several important differences from the U.S. "opt-out" class action. According to the Civil Procedure Law of the People's Republic of China ("Civil Procedure Law"), a "joint action" can proceed where there is more than one person on either side of a dispute and the dispute bears on the same subject matter or where, after obtaining each party's consent, the court decides to try all disputes of a similar type concurrently.

9. Where the parties on one side of a joint action are numerous, such parties may recommend a representative or representatives to participate in the action. The litigation conduct of such representatives shall bind all the parties represented; however, to modify or relinquish any claims, admit any claims of the opposing party or reach a settlement, the representatives must obtain a consent from the parties represented. Where the subject matter of action for each party is of the same kind, the parties on one side of an action are numerous, but the exact number of such parties is uncertain when the action is instituted, the people's court may publish a notice to describe the case and claims, and notify right holders to register with the people's court within a certain period of time. The judgment or ruling issued by the people's court shall bind only those right holders who have registered with the people's court. Such a judgment or ruling shall also apply to actions instituted during the time limitation by rights holders who have not registered with the people's court.

10. I further understand that the evidence rules under China's Civil Procedure Law differ from the discovery procedures in the U.S. According to the Civil Procedure Law and the relevant judicial interpretations in China, parties are responsible for providing evidence to support their own claims. If one party is unable to collect evidence for objective reasons, that party may apply in writing for the court to investigate and collect evidence. "Objective reasons" include situations where: (i) evidence is under the control of a government agency, and neither the party nor its litigation representative is authorized to access, consult, and collect it; and (ii) evidence relates to state secret, commercial secret, or personal privacy.

11. For foreign courts or parties to collect evidence in China, special procedures must be followed. Notably, Article 277 of the Civil Procedure Law provides the following:

> Judicial assistance shall be requested and provided through the channels prescribed by international treaties concluded or acceded to by the People's Republic of China; or, in the absence of an international treaty, through diplomatic channels.
>
> A foreign embassy or consulate to the People's Republic of China may serve process, investigate, and collect evidence from its citizens, provided that it does not violate the laws of the People's Republic of China and does not take compulsory measures.
>
> Except for the situation in the preceding paragraph, no foreign authority or individual shall, without the permission from the competent authorities of the People's Republic of China, serve process, conduct investigation, or collect evidence within the People's Republic of China.

12. Thus, except in accordance with the Hague Conventions or through its diplomatic channels with China, no foreign authority or individual (including foreign counsel) could investigate Chinese citizens in China without permission from the Ministry of Justice. It would therefore be difficult for the parties in the U.S. Class Action, including Apple, to conduct discovery in China.

### THE RISK OF ENCROACHING UPON CHINA'S SOVEREIGNTY

13. The adjudication by a U.S. court of claims purportedly made on behalf of Chinese consumers arising from purchases made in their home country would encroach upon the sovereign authority of China to adjudicate matters related to consumer protection.

14. As explained above, China has a comprehensive legal system that allows Chinese consumers to bring claims similar to those asserted by the plaintiffs in the U.S. Class Action in Chinese courts.

4

DECLARATION OF JIANGUO XIAO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

15. In addition to joint actions, Chinese law allows consumer associations or people's procuratorates in China to initiate "public interest lawsuits" against business entities. Apart from these judicial proceedings, a Chinese consumer could also file an escalation to the local market regulatory administration and request the administration to impose administrative penalties on the business entity, or file a complaint with the local administration and request that the administration mediate the dispute. Therefore, a U.S. class action that represents Chinese consumers would encroach upon the authority of China's judicial and regulatory regime to adjudicate claims of its own citizens.

16. Furthermore, China's Civil Procedure Law guarantees all parties the right to fully participate in the litigation proceedings and the right to bring one's case before a judge. By having their claims adjudicated by a court in the U.S., Chinese consumers would face procedural, geographical and linguistic challenges that would deprive them of the right that they would have enjoyed in pursuing their claims in their own courts.

17. Another fundamental principle under the Civil Procedure Law is the right of parties to dispose of their own substantive and procedural rights.[1] This implies that: (i) courts typically will only examine an issue if it has been raised by one of the parties;[2] (ii) parties must submit a power of attorney to the court before authorizing other persons to represent them; (iii) a representative must receive special authorization from the party it represents before admitting, modifying, or relinquishing any claims or reaching a settlement.[3] As explained above, parties in joint actions have the right to (i) decide whether or not to join the proceedings; (ii) choose their own representative(s);

---

[1] Article 13 of the Civil Procedure Law provides in relevant part that, "the parties shall be entitled to dispose of their respective civil rights and procedural rights within the extent as permitted by law."

[2] Article 200 of the Civil Procedure Law provides in relevant part that, "where a petition for retrial filed by a party falls under any of the following circumstances, the people's court shall conduct a retrial:...(11) The original judgment or ruling has omitted any claims or exceeded the claims of the parties..."

[3] Article 59 of the Civil Procedure Law provides, in relevant part, "to participate in an action on behalf of a party, a litigation representative must submit to the people's court a power of attorney, to which the signature or seal of the party is affixed. The power of attorney must state the authorized matters and the scope of authority. To admit, relinquish, or modify any claims, reach a settlement, or file a counterclaim or an appeal on behalf of a party, a litigation representative must have a special authorization from the party."

Gibson, Dunn & Crutcher LLP

5

DECLARATION OF JIANGUO XIAO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

and (iii) dispose of their substantive and procedural rights. As such, attempting to bind Chinese consumers who do not affirmatively "opt out" from a U.S. class action to a judgment issued by a U.S. court would contravene the fundamental principle of allowing parties to dispose their own rights under China's Civil Procedure Law.

## THE RECOGNITION AND ENFORCEMENT OF A U.S. CLASS ACTION JUDGMENT

18. There is no treaty or convention in force between the U.S. and China that addresses the recognition and enforcement of judgments.

19. Moreover, judgments and rulings issued by foreign courts do not automatically have binding force in China. Rather, parties have to submit an application to a Chinese court with the competent jurisdiction for it to recognize and enforce a final and binding foreign judgment.

20. Chinese courts follow the Civil Procedure Law and its relevant judicial interpretations in deciding whether to recognize and enforce foreign judgments. Article 282 of the Civil Procedure Law provides:

> After examining an application or request for recognition and enforcement of an effective judgment or ruling of a foreign court in accordance with an international treaty concluded or acceded to by the People's Republic of China or under the principle of reciprocity, a people's court shall issue a ruling to recognize the legal force of the judgment or ruling and issue an order for enforcement as needed to enforce the judgment or ruling according to the relevant provisions of this Law if the people's court deems that the judgment or ruling does not violate the basic principles of the laws of the People's Republic of China and the sovereignty, security and public interest of the People's Republic of China. If the judgment or ruling violates the basic principles of the laws of the People's Republic of China or the sovereignty, security or public interest of the People's Republic of China, the people's court shall not grant recognition and enforcement.

21. Since the Civil Procedure Law does not define the meaning and scope of the "basic legal principles" and "public interests" of the People's Republic of China, these two concepts may be interpreted broadly by Chinese courts. For instance, when a French company applied for a local court in Hunan Province to enforce a judgment issued by a French court against a Chinese digital technology company, the Hunan court declined to recognize and enforce the judgment after finding that the Chinese company never received a copy of the French judgment. One rationale the Hunan court articulated for its refusal to recognize or enforce the judgment was that the judgment deprived

Gibson, Dunn & Crutcher LLP

6

DECLARATION OF JIANGUO XIAO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

the Chinese company of its right to appeal, and thus contravened the basic principle of equality under China's Civil Procedure Law.[4]

22. Therefore, a Chinese court would likely invoke, among others, the "basic legal principles of the People's Republic of China" in determining whether to recognize and enforce a judgment issued by a U.S. court in a class action that purports to bind Chinese consumers who did not affirmatively opt out. Given the unique nature of U.S. class action proceedings and the absence of a class action system in China, a Chinese court could conclude that a U.S. class action judgment contravenes the "basic legal principles" and "public interests of the People's Republic of China."

23. In developing my opinion, I have undertaken research (and reviewed the results of additional research performed under my direction) regarding the recognition and enforcement of a foreign judgment under Chinese law. This research included a review and analysis of the Civil Procedure Law of China, the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of China, and relevant cases including *LaSARLK.C.C v. Chenzhou Hua Lu Digital Technology Co., Ltd* and *Liu Li v. Tao Li & Tong Wu*.[5] As far as I am aware after researching the subject, no publicly available Chinese court decision has ever held that (or even addressed whether) a class action judgment rendered in a U.S. court is binding and can be enforced in China. In particular, it is unsettled in China whether notice and the opportunity to "opt out" from a class action would be sufficient to bind a Chinese consumer to the judgment in the U.S. Class Action. Therefore, even if Apple prevailed in the U.S. Class Action, Apple could still be exposed to civil litigation in China by Chinese class members, resulting in potentially inconsistent judgments as well as duplicative exposure.

---

[4] *LaSARLK.C.C v. Chenzhou Hua Lu Digital Technology Co., Ltd*, (2016) XIANG 10 XIE WAI REN No. 1.
[5] *Liu Li v. Tao Li & Tong Wu* (2015) ER WU HAN ZHONG MIN SHANG WAI CHU ZI No. 00026.

Gibson, Dunn & Crutcher LLP

7

DECLARATION OF JIANGUO XIAO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

肖建国

Pursuant to 28 § U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2018.

_Jianguo XIAO_ 肖建国
JIANGUO XIAO

Gibson, Dunn & Crutcher LLP

8
DECLARATION OF JIANGUO XIAO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - CASE NO. 5:18-MD-02827-EJD

肖建国