**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-05777
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*

David A. Straite (*pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*dstraite@kaplanfox.com*

*Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 5:18-md-02827-EJD<br><br>**PLAINTIFFS' REVISED AND UPDATED NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY**<br><br>Fed. R. Civ P. 37(a)<br><br>Local Civil Rule 37-1 and 37-2<br><br>Judge:     Hon. Edward J. Davila<br><br>Referral:  Hon. Rebecca Westerfield (Ret.)<br>               Discovery Special Master |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, upon the Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel Discovery; the Parties Joint Submission to the Hon. Rebecca Westerfield (Ret.), Special Discovery Master, dated September 12, 2018, and the exhibits thereto (the "Joint Submission"); and all other papers and proceedings herein, Plaintiffs move for an order compelling Defendant Apple, Inc. ("Defendant" or "Apple") to produce certain "Documents" (as defined below) to Plaintiffs and to respond to Interrogatories.

## STATEMENT OF RELIEF REQUESTED

Plaintiffs respectfully request the following relief:

1. An Order compelling Defendant to produce to Plaintiffs copies of documents exchanged in related litigation and with regulators in related investigations, as requested in Plaintiffs' First Request for Documents dated July 6, 2018.

2. An Order compelling Defendant to respond fully to Plaintiffs' First Set of Interrogatories dated July 6, 2018 requesting that Apple identify all related litigation and government investigations.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs respectfully move pursuant to Federal Rule of Civil Procedure 37(a) to compel Defendant Apple, Inc. to produce a limited set of documents to Plaintiffs – documents already produced in other litigation or to relevant regulators – and to answer two short interrogatories simply asking Apple to identify any related litigation or government investigations. Apple resists, not because of any disproportionate burdens but because of specious "relevancy" and "confidentiality" arguments. But Plaintiffs are not casting a wide net for all documents ever exchanged with any regulators or documents exchanged in all prior litigation. Plaintiffs only seek documents exchanged with regulators investigating facts at issue in *this case*, *this year*; or documents exchanged in parallel litigations related to these same issues. With respect to Apple's refusal to answer the interrogatories, Apple's confidentiality argument makes no sense. The fact that an <u>investigator</u> is not permitted to disclose the investigation does not mean <u>Apple</u> is forbidden to disclose the investigation. Documents have already been produced in this litigation on an "attorneys' eyes only" basis and responses to interrogatories could also be provided on a similar basis and later subject to any Protective Order.

Plaintiffs are only asking for documents already produced elsewhere in demonstrably related proceedings, and for Apple to identify the proceedings. This is the simple and obvious place to start discovery – indeed, as noted below it is routine for courts to order this type of discovery as the first step. It is the efficient and low-burden place to start. If Apple is refusing to produce such routine discovery now, it does not bode well for this case.

## II. PROCEDURAL BACKGROUND; CERTIFICATION OF COMPLIANCE WITH CIVIL LOCAL RULE 37-1

Judge Davila put this case on an "aggressive" schedule and has been explicit that addressing early discovery would be a "prime directive." *See* Apr. 25, 2018 Tr. of Proceedings at 21:18-21, 31:17-18. Plaintiffs took this directive seriously and on May 23, 2018, just one week after the appointment of Lead Counsel, requested that Apple immediately provide copy sets of documents exchange with regulators or in related litigation. Apple is currently litigating in a number of

jurisdictions related to the same issues in this MDL and is being investigated by Congress and regulators throughout the world. A summary of these proceeding can be found in the Consolidated Amended Complaint ("Complaint") (ECF No. 145), Section XII, paragraphs 429 to 445. Plaintiffs have since learned of an additional case in Colombia, and new cases have been filed in Canada, not reflected in the Complaint.

On June 8, 2018, Plaintiffs moved for expedited discovery of the same documents and information being sought now. ECF No. 116; *see also* Ex. C to the Joint Submission (the "First Motion"). The First Motion detailed compliance with the meet-and-confer requirements under Civil Local Rule 37-1. Plaintiffs also served formal discovery seeking the same information on July 6, 2018, which along with Apple's objections and responses dated August 6, 2018, appear as Exhibits F and G to the Joint Submission. Judge Davila heard argument on the First Motion (focused on expedited discovery), kept the motion open, and ordered the parties to continue conferring. On August 6, 2018, Apple produced approximately 313,000 documents previously produced to a mystery government agency, but Apple will not identify the agency, produce the subpoena(s) to which the documents respond, or confirm whether there are other documents produced to other government entities. Apple anticipates a supplemental production of documents produced to the same agency shortly.

In the Joint Submission, Plaintiffs asked for resolution of Apple's objections and for an order identical to the one requested here. The Joint Submission detailed additional meet-and-confer efforts by the parties. On September 14, 2018, Judge Westerfield held a telephonic hearing and asked the Plaintiffs to update the First Motion and refile, to reflect events following the filing of the original motion. The parties conferred telephonically one last time on September 20, 2018 in advance of today's updated motion.

### III.   ARGUMENT

#### A.   Legal Standard

"A lawsuit is supposed to be a search for the truth, and the tools employed in that search are the rules of discovery." *Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 212 F.R.D. 178, 181 (S.D.N.Y. 2003) (internal citations

omitted). Plaintiffs are entitled to documents in the "possession, custody or control" of Apple, Fed. R. Civ. P. 34(a)(1), if they are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y.2004). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great American Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) (internal quotation marks omitted); *Kaufman v. Board of Trustees*, 168 F.R.D. 278, 280 (C.D. Cal. 1996) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery. . . . . The burden of proof is on the party opposing discovery to claim lack of relevancy and privilege."). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, No. 01 Civ.07888 SAS DF, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Furthermore, where a party resists responding to relevant interrogatories, it must demonstrate "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . *submitting affidavits or offering evidence revealing the nature of the burden.*" *Vidal v. Metro–North Commuter RR Co.*, No. 3:12CV248 (MPS), 2013 WL 1310504, at *1 (D. Conn. March 28, 2013) (emphasis added) (internal quotation and citation omitted). Rule 37 allows a party to move to compel disclosure after conferring in good faith with the noncompliant party. Fed. R. Civ. P. 37(a)(1); *accord*, N.D. Cal. L.R. 37-1.

### B. Apple Should Produce Copies of Documents Exchanged in Related Litigation and with Regulators in Related Investigations

It is common in litigation to require discovery of documents already exchanged with government regulators conducting parallel investigations because the burdens associated are so low. Indeed, in consolidated actions, such productions frequently are to be completed prior the amended complaint. For example, in *In re: Dairy Farmers of America, Inc. Cheese Antitrust*

*Litigation*, No. 09-cv-3690 (N.D. Ill), Judge William J. Hibbler required certain targeted discovery, including materials produced to the CFTC in a parallel investigation, to proceed on an expedited basis, and to be completed two days before the complaint was due. *See id.*, Pretrial Order No. 1 dated Mar. 4, 2010 [ECF No. 75]. Similarly, in *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, No. 8:10-MD-2151 (C.D. Cal.), Judge James Selna ordered the production of documents from a government investigation prior to the due date for the complaint:

> . . . the Court is convinced that defendants have within their possession a defined set of documents, consisting of approximately 75,000 to 100,000 pages, much or all of which is likely to be discoverable, and which has already been produced to Government entities to date, including without limitation to the United States Congress and the National Highway Traffic Safety Administration. Those documents which are discoverable under the Federal Rules of Civil Procedure shall be produced no later than July 2, 2010.

*See id.*, Order No. 3 dated June 1, 2010 [ECF No. 180]; *see also In re Resistors Antitrust Litig.*, No. 5:15-cv-03820-RMW (N.D. Cal., Feb. 2, 2016), Dkt. No. 112, Minute Entry (ordering all documents that Defendants previously produced to the DOJ to be produced to Plaintiffs one month before the consolidated complaint filing deadline); *In re Lithium Ion Batteries Antitrust Litig.,* No. 13-md-02420 YGR, 2013 U.S. Dist. LEXIS 72868, at *25-32 (N.D. Cal. May 21, 2013) (ordering production of all documents previously produced to the DOJ and Grand Jury by the defendants before the plaintiffs' deadline to file the consolidated complaint); *id.*, Tr. of August 8, 2014 Hearing, Dkt. No. 502 at 82:12 through 83:1 (noting the typicality of early discovery of documents exchanged with investigating agencies); *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143-RS (N.D. Cal. 2011), Dkt. No. 370, 379 (ordering the defendants to produce to the plaintiffs documents that had already been produced to the DOJ and/or Grand Jury); *In re Pool Prods. Distribution Mkt. Antitrust Litig.*, No. 12-md-023280-SSV-JCW (E.D. La. June, 4, 2012), Dkt. No. 93, Pretrial Order #5 (ordering the defendants to produce documents already provided to the FTC on a rolling basis to the plaintiffs); *In re High Tech Employee Antitrust Litig.*, No. 11-cv-2509, Dkt. No. 88 at 1 (N.D. Cal. Oct. 26, 2011) (ordering the defendants to produce DOJ documents before the plaintiffs' amended complaint was due); *In re Static Random Access Memory (SRAM) Antitrust*

*Litig.*, 580 F.Supp.2d 896, 899-900 (N.D. Cal. 2008), citing Supplemental Case Management Order No. 1 (June 21, 2007), Dkt. No. 217 (ordering production of all DOJ documents being produced by the defendants *as well as* documents produced in another related action); *In re Pharmaceutical Industry Avg. Wholesale Price Litigation*, No. 1:01-cv-12257 (D. Mass. Oct. 28, 2002), Dkt. No. 161, Case Management Order No. 5 (ordering production of all documents in and "Existing or Previous Investigations" *and* documents in "Other Legal Proceedings" *before* the Rule 16 scheduling conference); *Precision Assocs., Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al.*, No. 08-cv-0042-JG-VVP (E.D. N.Y. Nov. 7, 2013), Tr. at 29-31, Dkt. No. 933 (ordering production by the defendants of all documents related to domestic and foreign investigations, including the DOJ investigation); *In re Platinum & Palladium Commodities Litig.*, No. 10-cv-3617-WHP, 2010 U.S. Dist. LEXIS 145183, at *2 (S.D.N.Y. Nov. 30, 2010), Dkt. No. 59, at 2-3 (denying the defendants' motion to stay discovery and ordering them to produce all documents provided in response to the Commodities Futures Trading Commission's subpoenas); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 U.S. Dist. LEXIS 53233, at *8-10 (N.D. Cal. May 11, 2011) (allowing production of expedited discovery that the producing party — Samsung — had already disseminated).

Here, Plaintiffs have requested five categories of documents:

> **REQUEST FOR PRODUCTION NO. 1**: Please produce all document subpoenas, other compulsory process, civil investigative demands, correspondence, or any other requests for information made to Apple by or received by Apple from any regulator or government entity, whether state, federal, or in a Foreign Country (including but not limited to any committee of the United States House of Representatives or Senate; the United States Department of Justice; the United States Securities and Exchange Commission; the United States Federal Trade Commission; any State Attorney General or State agency; the Canadian Competition Bureau; any committee of the Canadian Parliament; the Israeli Consumer Protection and Fair Trade Authority; the Prosecutor of the French Republic; the Italian AGCM; and the Seoul Central District Prosecutors Office), relating to any matter alleged in the Consolidated Amended Complaint.

> **REQUEST FOR PRODUCTION NO. 2**: Please produce all documents provided by Apple to any regulator or governmental entity, whether state, federal, or in a Foreign Country, relating to any matter alleged in the Consolidated Amended Complaint.

> **REQUEST FOR PRODUCTION NO. 3**: Please produce all documents, including document requests, interrogatories, subpoenas, or any other form of written discovery

served on Apple (or otherwise received by Apple) in any litigation, whether in a state or federal court action, or in a case in a Foreign Country, relating to any matter alleged in the Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents produced to any litigant, whether in a state or federal court action, or in a case or proceeding in a Foreign Country, that relate to any matter alleged in the Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 5**: Please produce all transcripts or recordings of proceedings, depositions, or interviews, arising out of a state or federal court action; a case in a Foreign Country; or a case, proceeding, investigation, or inquiry made by any regulator or government entity, whether state, federal, or in a Foreign Country, to the extent related to any matter alleged in the Consolidated Amended Complaint.

In response, Apple has produced approximately 313,000 documents that Apple represents were produced to a mystery regulator, presumably in the United States. But Apple will not disclose the date of the production, or even whether the investigation is criminal or civil. Apple will also not say whether there is a second investigation by another agency and whether documents have been produced there as well. If there are additional investigations into the same subject matter, those document productions are relevant.

Most importantly, Apple refuses to produce the underlying subpoenas related to what it has produced. This document – or indeed, documents – are essential to assist counsel in understanding what the documents relate to. For example, in *In re: Horizon Healthcare Services, Inc. Data Breach Litigation*, No. 13-cv-7418-CCC-MF (D.N.J.), the defendant agreed to produce a copy set of documents produced to the New Jersey Attorney General in a related investigation. But defendant withheld the underlying subpoena. Judge Claire Cecchi specifically ordered its production. *See* Order dated July 31, 2017 (*Horizon* ECF No. 92); *accord*, *In re: Weatherfield Int'l Sec. Litig.*, No. 11 Civ. 1646(LAK)(JCF), 2013 WL 5788680 (S.D.N.Y., Oct. 28, 2013) (court compelling production of multiple SEC subpoenas related to securities fraud case); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Case & Co.*, 297 F.R.D. 99, 110-111 (S.D.N.Y. 2013) (same).

### C. Apple Should Answer the Interrogatories

Apple's refusal to respond to the interrogatories is even more unfounded than its refusal to produce the documents. Judge Davila, in appointing counsel in this case, ordered Plaintiffs to coordinate with relevant regulators and litigants. Specifically, counsel "**shall** monitor any ongoing

litigation in any state court, as well as any governmental or regulatory proceedings, and coordinate with such proceedings to foster efficiency, minimize duplicative discovery, and avoid management difficulties." ECF No. 99 at 9 (emphasis added). Similarly, counsel "**shall** monitor any ongoing litigation in any international courts, and continue to foster efficiency, minimize duplicative discovery, and avoid management difficulties. The International Liaison Counsel shall report to the Interim Co-Lead Counsel and ensure any material developments and relevant updates in the international courts are communicated to the appropriate members of the Executive Committee." *Id*. at 10 (emphasis added).

The two interrogatories were designed to be as simple, precise and uncontroversial as possible to enable counsel to perform their Court-mandated tasks. Even without Judge Davila's order, the parties should naturally have a right to this information, confidential or not. The fact that Judge Davila requires Plaintiffs to have contact with relevant government entities and litigations simply underscores the obvious. The interrogatories are:

> **INTERROGATORY NO. 1**: Identify all cases against, proceedings involving, inquiries from, and/or investigations of Apple by any regulator or government entity, whether state, federal or in a Foreign Country (including but not limited to any committee of the United States House of Representatives or Senate; the United States Department of Justice; the United States Securities and Exchange Commission; the United States Federal Trade Commission; any State Attorney General or State agency; the Canadian Competition Bureau; any committee of the Canadian Parliament; the Israeli Consumer Protection and Fair Trade Authority; the Prosecutor of the French Republic; the Italian AGCM; and the Seoul Central District Prosecutors Office), either closed or pending, relating to any matter alleged in the Consolidated Amended Complaint.

> **INTERROGATORY NO. 2**: Identify all litigation in which Apple is a party, whether in state or federal court, or in a case in a Foreign Country, either closed or pending, relating to any matter alleged in the Consolidated Amended Complaint, excluding the cases consolidated with *In re Apple Device Performance Litigation*, MDL #2827.

Apple's responses and objections appear in Exhibit G to the Joint Submission, but in short, Apple refuses to provide any information. Plaintiffs simply seek the identity of the very regulators and litigants that Judge Davila ordered Plaintiffs to coordinate with. There can be no doubt as to the relevance of the information. And to the extent the investigations or litigations are confidential, as noted above Plaintiffs are willing to receive the information on an attorneys'-eyes-only basis

until the Protective Order is entered.

## IV. CONCLUSION

Plaintiffs respectfully request an Order compelling Defendant to produce to Plaintiffs copies of documents exchanged in related litigation and with regulators in related investigations, as requested in Plaintiffs' First Request for Documents dated July 6, 2018, and an Order compelling Defendant to respond fully to Plaintiffs' First Set of Interrogatories dated July 6, 2018 requesting that Apple identify all related litigation and government investigations.

Respectfully submitted

DATED:  September 21, 2018      s/ *Joseph W. Cotchett*
      Joseph W. Cotchett

Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-05777
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*

DATED:  September 21, 2018      *s/ Laurence D. King*
      Laurence D. King

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*

David A. Straite (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*dstraite@kaplanfox.com*

*Interim Co-Lead Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of September, 2018, at San Francisco, California.

/s/ <i>Laurence D. King</i><br>LAURENCE D. KING