THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

G. CHARLES NIERLICH, SBN 196611
  gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:   415.393.8200
Facsimile:    415.374.8458

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION, <br><br> This Document Relates To: <br><br> ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD <br><br> **PUTATIVE CLASS ACTION** <br><br> **DECLARATION OF TIMOTHY W. LOOSE IN OPPOSITION TO PLAINTIFFS' REVISED AND UPDATED MOTION TO COMPEL** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF TIMOTHY W. LOOSE IN OPPOSITION TO PLAINTIFFS' REVISED AND UPDATED MOTION TO COMPEL - CASE NO. 5:18-MD-02827-EJD

I, Timothy W. Loose, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Defendant Apple Inc. I submit this declaration in support of Apple Inc.'s Opposition to Plaintiffs' Revised and Updated Motion to Compel. I have personal knowledge of the facts set forth in this Declaration unless otherwise noted, and if called as a witness, I could and would competently testify thereto.

2. On May 23, 2018, six weeks before Plaintiffs filed a Consolidated Amended Complaint in this action, and without serving a formal discovery request, Plaintiffs informally requested production of all documents produced to any "governmental agencies, regulatory authorities, Congress, [or] foreign investigators" anywhere in the world who might be "investigating allegations similar to those alleged" in this litigation. (Dkt. 117 Ex. A.) Plaintiffs later expanded this informal request to include any communications with these entities.

3. Although the parties were still conferring on this request, and although they had not yet served a formal discovery request or filed a Consolidated Amended Complaint ("CAC") to govern this action, Plaintiffs filed an expedited motion to compel early discovery on June 8, 2018. (*See* Dkt. 122, at 5-6.) Judge Davila deferred decision of that motion until after Plaintiffs filed a CAC, and then denied the motion without prejudice, ordering the parties to meet-and-confer instead. (June 19 Hearing Tr. at 4:12-18, 11:13-18; July 11 Hearing Tr. at 28:8-19.)

4. On July 6, 2018, Plaintiffs served formal discovery requests, specifically their First Set of Requests for Production and First Set of Interrogatories. Within 30 days of receiving these requests, on August 6, 2018, Apple produced to Plaintiffs 313,176 documents spanning 6,175,169 pages. Apple explained in a letter accompanying the production that these were "the same documents produced to regulators in the United States," except for a very small subset of inadvertently produced documents that were privileged and/or wholly irrelevant. A true and correct copy of this letter is attached hereto as **Exhibit 1.**

5. On August 6, 2018, along with its production of over 6.1 million pages, Apple also served Responses and Objections to Plaintiffs' requests, noting the irrelevance and overbroad nature of the remaining requests in the wake of Apple's document production, but nonetheless offering to

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF TIMOTHY W. LOOSE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' REVISED AND UPDATED MOTION TO COMPEL - CASE NO. 5:18-MD-02827-EJD

meet-and-confer regarding the scope of these requests. A true and correct copy of these documents are attached hereto as **Exhibits 2 and 3.**

6. On August 10, 2018, I participated in a telephonic meet-and-confer with Plaintiffs' counsel. David Straite, Mark Molumphy, Karen Swope, Melissa Clark, and Stephanie Biehl participated on behalf of Plaintiffs. In addition to myself, my colleagues Brooke Myers Wallace, Cassandra Gaedt-Sheckter, and Cynthia McTernan participated on behalf of Apple. In addressing Apple's responses to their discovery requests, Plaintiffs' counsel asked only if Apple intended to disclose any governmental investigations regarding power management features in the iPhone. I stated that Apple would be willing to disclose all public proceedings. Mr. Molumphy immediately dismissed this suggestion as "ridiculous" because Plaintiffs' counsel purportedly already had that information. Plaintiffs' counsel also refused to articulate any specific or particular reasoning as why they believed identification of these proceedings were at all relevant to the claims in, or defenses to, the CAC, other than the vague statement that they believed this information could lead to the discoverability of other evidence. Apple suggested that Plaintiffs review Apple's significant initial production, and ascertain whether this production would narrow any potential discovery disputes. Plaintiffs refused to engage further on any of their other discovery requests during this meet-and-confer.

7. On August 22, 2018, Apple provided Plaintiffs' counsel with a list of the custodians for its initial production, as well the search terms used to locate the documents. Apple further described the production as consisting of documents "that relate to the performance management feature introduced in iOS 10.2.1 to [iPhone 6 devices] and in iOS 11.2 to [iPhone 7 devices], including its design, development, implementation, testing, performance, communication with customers, and press coverage relating to these updates." A true and correct copy of this correspondence is attached hereto as **Exhibit 4.**

8. Plaintiffs did not acknowledge receipt of this letter or otherwise discuss its contents with Apple. Instead, in a hearing before the Discovery Special Master on August 28, 2018, Plaintiffs previewed that they were "considering" a motion to compel responses to their discovery requests, but assured Judge Westerfield that the parties would continue to confer on these requests. Judge

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF TIMOTHY W. LOOSE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' REVISED AND UPDATED MOTION TO COMPEL - CASE NO. 5:18-MD-02827-EJD

Westerfield ordered the parties to submit a joint letter brief to her on September 10, 2018 outlining certain discovery disputes between the parties.

9. Just days before the parties' September 10 deadline, on September 7, 2018, Plaintiffs' counsel expressed in a telephonic meet-and-confer that they intended to address Plaintiffs' first set of discovery requests in the parties' joint letter brief.  Given that Apple had made such a significant document production in such a short time, Apple was surprised that Plaintiffs raised this topic on the September 7 meet-and-confer, and continued to pursue it in the upcoming joint submission.

10. On the same telephonic conference, Plaintiffs' counsel suggested that they had not yet finished reviewing Apple's August 6, 2018 production.  Counsel for Apple confirmed on this call that the search terms and custodians that Apple provided to Plaintiffs' counsel on August 22, 2018, were the ones used to generate the original productions to U.S. regulators, and were not developed to cull a subset of those documents to then be produced to Plaintiffs.  We reaffirmed Apple's statement in its August 6, 2018 letter that the documents produced to Plaintiffs constituted nearly everything that Apple had previously produced to regulators in related proceedings, except for a very limited subset of inadvertently produced documents that were privileged and/or wholly irrelevant.  Finally, we communicated to Plaintiffs that, to the extent any other productions were made to regulators since the August 6 production, Apple would supplement its production to Plaintiffs.

11. Apple anticipates producing another 17,200 documents, spanning approximately 241,000 pages, within the next 30 days.

12. The parties discussed, *inter alia*, Plaintiffs' First Set of RFPs and Interrogatories in a second hearing before the Discovery Special Master on September 14, 2018.  During the hearing, Plaintiffs' counsel suggested that they were requesting only the "underlying subpoenas" and "any limiting correspondence thereafter," rather than *all* documents "exchanged" with regulators, which Plaintiffs had not previously represented to Apple.  Judge Westerfield ordered the parties to confer on the scope of the motion, and to propose a briefing schedule.

13. Following the September 14 hearing, I participated in a telephonic meet-and-confer with Plaintiffs' counsel on September 20, 2018 in a final attempt to narrow the scope of the dispute.  David Straite and Stephanie Biehl participated on behalf of Plaintiffs, and Cynthia McTernan and I

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF TIMOTHY W. LOOSE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' REVISED AND UPDATED MOTION TO COMPEL - CASE NO. 5:18-MD-02827-EJD

participated on behalf of Apple.  During this meet-and-confer, Mr. Straite confirmed that they had still not completed a review of Apple's initial production, but that they nonetheless intended to file their motion to compel.  Mr. Straite asserted that they had no way of knowing what the documents were without receiving the underlying requests for production, but were unable to specify what about the documents they found difficult to understand, or how the list of custodians and search terms failed to provide the requisite context.  Instead, Mr. Straite invoked Donald Rumsfeld, stating that there are "unknown unknowns," and "we don't know what we don't know."  When I asked whether Plaintiffs would be seeking only the "subpoenas" and correspondence "limiting" the requests for information as per their comments at the September 14 hearing, Mr. Straite responded that this was only an "example" of the documents they requested, and that they were still seeking *all* exchanges with regulators.

14.  Mr. Straite also asked me whether Apple would be willing to identify all public regulatory and civil proceedings related to this MDL.  I reminded him that the last time we offered to do so, his colleague dismissed that offer as "ridiculous," but nonetheless reiterated Apple's offer to, at a minimum, disclose the domestic public proceedings related to the MDL, if not more.  Mr. Straite acknowledged that Plaintiffs did not have all of this information, as they originally stated, but would require Apple to disclose these public proceedings.  However, Mr. Straite suggested that Plaintiffs would still seek disclosure of the confidential proceedings, as well.  Plaintiffs' counsel did not discuss their discovery requests with us further, and the next day, filed their renewed motion to compel.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 28th day of September, 2018, at Los Angeles, California.

By:     */s/ Timothy W. Loose*
        TIMOTHY W. LOOSE

Gibson, Dunn & Crutcher LLP

4
DECLARATION OF TIMOTHY W. LOOSE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' REVISED AND UPDATED MOTION TO COMPEL - CASE NO. 5:18-MD-02827-EJD