# EXHIBIT 2

THEODORE J. BOUTROUS, JR., SBN 132099
    tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
    cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
    tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
    tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:     213.229.7520

G. CHARLES NIERLICH, SBN 196611
    gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
    rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:    415.393.8200
Facsimile:     415.374.8458

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. DEVICE PERFORMANCE LITIGATION | CASE NO. 5:18-md-02827-EJD<br><br>**DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY**:  Plaintiffs

**RESPONDING PARTY**:  Defendant Apple Inc.

**SET NO.**:  ONE

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Apple Inc., by and through the undersigned attorneys, hereby objects and provides the following responses and objections to Plaintiffs' First Set of Requests for Production of Documents (collectively, the "Requests").

## PRELIMINARY STATEMENT

1. Apple's responses to the Requests are made to the best of its current knowledge, information, and belief. Apple reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

2. Apple's responses to the Requests are confidential and made solely for the purposes of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

3. Apple's responses are based on its understanding that Plaintiffs seek only information that is within Apple's possession, custody, and control.

4. Apple incorporates by reference each and every general objection set forth into each and every specific response. From time to time, a specific response may repeat a general objection. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

5. Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information references in any Request.

6. As of the date of these Responses and Objections, the parties are negotiating a Stipulated Protective Order and an ESI Protocol to govern the production of documents in this matter. Apple produces documents consistent with its current position on those drafts, and it reserves the right to modify its production to the extent there are further changes.

**GENERAL OBJECTIONS**

1.      Apple generally objects to the Requests (including the "Definitions" and "Instructions"), on the grounds and to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, any other applicable federal or state law, and any agreements between the parties. Apple will construe and respond to the Requests in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

2.      Apple generally objects to the Requests to the extent that they are not limited to the relevant time period, thus making each Request overly broad, unduly burdensome, and not relevant to the claims or defenses in this action.

3.      Apple generally objects to the Requests to the extent that they seek documents and information that are unrelated and irrelevant to the claims in, or defenses to, this litigation and disproportionate to the needs of the case, or are of such marginal relevance that their probative value is outweighed by the burden imposed on Apple in having to search for and provide such documents or information.

4.      Apple generally objects to the Requests because they seek improper "cloned discovery" that attempts to piggyback on the work of other parties and litigants in other matters without regard to the claims, defenses, and issues in this matter. Apple will produce documents that are relevant and proportional to the needs of the case.

5.      Apple generally objects to the Requests to the extent that they are vague, ambiguous, overly broad, and/or unduly burdensome, including to the extent that they call for the production of "each," "every," "any," or "all" documents concerning the subject matters referenced therein.

6.      Apple generally objects to the Requests to the extent they do not identify the documents sought with reasonable particularity as required by Rule 34(b) of the Federal Rules of Civil Procedure.

7.      Apple generally objects to the Requests on the grounds and to the extent that they call for the production of any information or documents protected by the attorney-client privilege, the attorney work-product doctrine, Federal Rule of Evidence 502, any other legally cognizable privilege

or immunity, or the laws, regulations, or policies of other countries, and Apple and its counsel hereby assert such privileges and immunities.  Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Apple to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings.

8. Apple generally objects to the Requests to the extent that they purport to seek information about ongoing government investigations that, if they exist, may not be public and that Apple would be obligated to keep confidential.  Apple also objects to the Requests to the extent that any regulatory body, governmental agency, or governmental entity, domestic or foreign, objects to the production of the requested documents.

9. Apple generally objects to the Requests to the extent that they seek proprietary or other confidential information.  To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is non-privileged and responsive to the Requests and not otherwise objectionable, Apple will produce such information in accordance with the protective order to be entered in this litigation, and such other procedures as the parties or Court may establish to protect sensitive or confidential information.

10. Apple generally objects to production of documents in response to the Requests on the grounds and to the extent that production of such documents demanded therein would violate the rights of privacy of third parties under California law or other applicable laws of any relevant jurisdiction, or that such production otherwise is prohibited by law, or is subject to legal requirements for notification of third parties.

11. Apple generally objects to the Requests to the extent they seek information outside of Apple's possession, custody, and control, or to the extent they are inconsistent with international treaties or conventions and/or conflict of law and comity principles by seeking documents or information located outside the United States.

12. Apple generally objects to the Requests to the extent that they seek information that is already in Plaintiffs' possession, that is publicly available, or that is readily available from another source.

13. Apple generally objects to the Requests on the grounds and to the extent that the Requests purport to require Apple to collect, review and produce documents by the date specified in the Requests.

14. Apple generally objects to the Requests to the extent they seek to impose an obligation on Apple to conduct anything beyond a diligent search and reasonable inquiry of readily accessible files, including electronic files, where responsive documents would reasonably be expected to be found.

15. Apple's responses and objections, including any responses stating that requested documents will be produced, shall not be construed as representations regarding the existence or non-existence of responsive documents.

16. Apple generally objects to the definitions of "Class" and "Devices" to the extent that they include purchasers of iPad or iPhone 5 series models. Discovery has been stayed with respect to iPad devices. (*See* Dkt. 163.)

17. Apple objects to the definitions of "Foreign Country" and "Foreign Countries" because Plaintiffs' purported massive, international class is improper, and discovery has been stayed with respect to these issues. (*See* Dkt. 163.)

18. Apple objects to each Request to the extent that it uses words and phrases that are not defined in an understandable manner. Apple will interpret the terms and phrases used in those requests as those terms and phrases are understood to Apple.

19. By stating in these responses that Apple will produce documents, Apple does not intend to represent that any responsive documents actually exist, but rather that Apple is making and will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.

20. Apple's General Objections apply to each and every specific Request and are incorporated by reference in each of the specific responses, and the responses set forth below are offered without waiver of such objections.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1**

Please produce all document subpoenas, other compulsory process, civil investigative demands, correspondence, or any other requests for information made to Apple by or received by Apple from any regulator or government entity, whether state, federal, or in a Foreign Country (including but not limited to any committee of the United States House of Representatives or Senate; the United States Department of Justice; the United States Securities and Exchange Commission; the United States Federal Trade Commission; any State Attorney General or State agency; the Canadian Competition Bureau; any committee of the Canadian Parliament; the Israeli Consumer Protection and Fair Trade Authority; the Prosecutor of the French Republic; the Italian AGCM; and the Seoul Central District Prosecutors Office), relating to any matter alleged in the Consolidated Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that, to the extent there are any ongoing government investigations relating to any matter alleged in the Consolidated Amended Complaint ("CAC"), those investigations may not be public and Apple would be obligated to keep these investigations confidential. Apple further objects to the Requests to the extent that any regulatory body, governmental agency, or governmental entity objects to the production of the requested documents. Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. In particular, subpoenas, discovery requests, and other similar documents from government entities are not relevant to the claims brought by private plaintiffs in the CAC. Apple further objects on the grounds that the Request's use of the undefined term "regulator" renders the Request vague and ambiguous. Apple further objects to the inclusion of the term "Foreign Country" in this Request because discovery from foreign countries has been stayed pending

resolution of Apple's Motion to Dismiss.  Apple further objects to the Request to the extent it is inconsistent with international treaties or conventions and/or conflict of law and comity principles by seeking documents or information located outside the United States.  Apple further objects to the Request on the ground that inclusion of the phrase "relating to any matter alleged in the Consolidated Amended Complaint" does not comply with the "reasonable particularity" requirement of Rule 34 and renders the Request unduly burdensome and oppressive in that it improperly shifts the burden to Apple to decipher the CAC's allegations and determine responsive search terms.  Apple further objects to this Request to the extent that it is not limited to any relevant time period.

**REQUEST FOR PRODUCTION NO. 2**

Please produce all documents provided by Apple to any regulator or governmental entity, whether state, federal, or in a Foreign Country, relating to any matter alleged in the Consolidated Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the extent that the Request seeks information that is not relevant to Plaintiffs' CAC or proportional to the needs of the case.  To the extent there are any ongoing governmental investigations relating to the matters alleged in the CAC, those investigations may not be public, relevant to the claims asserted by private plaintiffs in the CAC, or entirely congruent with the allegations in the CAC.  Apple further objects to the Requests to the extent that any regulatory body, governmental agency, or governmental entity objects to the production of the requested documents.  Apple further objects on the grounds that the Request's use of the undefined term "regulator" renders the Request vague and ambiguous.  Apple further objects to this Request on the ground that the Request is overly broad and unduly burdensome.  Apple also objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.  Apple further objects to the inclusion of the term "Foreign Country" in this Request because discovery from foreign countries has been stayed pending resolution of Apple's Motion to Dismiss.  Apple further objects to the Request to the extent it is inconsistent with international treaties or conventions and/or conflict of law and comity principles by

seeking documents or information located outside the United States.  Apple further objects to the Request on the ground that inclusion of the phrase "relating to any matter alleged in the Consolidated Amended Complaint" does not comply with the "reasonable particularity" requirement of Rule 34 and renders the Request unduly burdensome and oppressive in that it improperly shifts the burden to Apple to decipher the CAC's allegations and determine responsive search terms.  Apple further objects to this Request to the extent that it is not limited to any relevant time period.

Subject to and without waiving the foregoing objections, the Court's stay order (Dkt. 163), and subject to the ongoing nature of discovery in this action, Apple responds as follows:  Apple will produce non-privileged documents that can be located through a reasonable search, that are relevant to the claims in, and defenses to, Plaintiffs' CAC.

**REQUEST FOR PRODUCTION NO. 3**

Please produce all documents, including document requests, interrogatories, subpoenas, or any other form of written discovery served on Apple (or otherwise received by Apple) in any litigation, whether in a state or federal court action, or in a case in a Foreign Country, relating to any matter alleged in the Consolidated Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Apple incorporates by reference the foregoing General Objections.  Apple objects to this Request on the ground that the Request is overly broad and unduly burdensome.  Apple further objects to this request on the ground that it is vague and ambiguous.  It is not clear whether it seeks all documents relating to any matter alleged in the CAC or a narrower subset of such documents comprised of "document requests, interrogatories, subpoenas, and any other form of written discovery served on Apple" in litigation.  To the extent there are any ongoing governmental investigations relating to the matters alleged in the CAC, Apple objects to this Request because it purports to seek confidential information that is not public and Apple would be obligated to keep any investigation confidential.  Apple further objects to the Requests to the extent that any regulatory body, governmental agency, or governmental entity objects to the production of the responsive documents.  Apple further objects on the grounds that the Request seeks information that is not relevant to Plaintiffs' CAC.  Subpoenas, discovery requests, and other similar documents are not

1  relevant to the claims brought by Plaintiffs in the CAC.  Other ongoing cases may be broader or

2  different in scope than the allegations in the CAC such that documents in those cases are not relevant

3  to this case.  Apple further objects to the inclusion of the term "Foreign Country" in this Request

4  because discovery from foreign countries has been stayed pending resolution of Apple's Motion to

5  Dismiss.  Apple further objects to the Request to the extent it is inconsistent with international

6  treaties or conventions and/or conflict of law and comity principles by seeking documents or

7  information located outside the United States.  Apple further objects to the Request on the ground

8  that inclusion of the phrase "relating to any matter alleged in the Consolidated Amended Complaint"

9  does not comply with the "reasonable particularity" requirement of Rule 34 and renders the Request

10 unduly burdensome and oppressive in that it improperly shifts the burden to Apple to decipher the

11 CAC's allegations and determine responsive search terms.  Apple further objects to this Request to

12 the extent that it is not limited to any relevant time period.

13       Subject to and without waiving the foregoing objections, the Court's stay order (Dkt. 163),

14 and subject to the ongoing nature of discovery in this action, Apple responds as follows:  Given the

15 need to coordinate discovery across the civil class actions pending in state and federal courts, Apple

16 will agree to produce discovery requests that it receives in *Apple OS Cases,* JCCP No. 4976 (Cal.

17 Sup. Ct., S.F. Cnty.) (the "JCCP Matter").

18 **REQUEST FOR PRODUCTION NO. 4**

19       Please produce all documents produced to any litigant, whether in a state or federal court

20 action, or in a case or proceeding in a Foreign Country, that relate to any matter alleged in the

21 Consolidated Amended Complaint.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

23       Apple incorporates by reference the foregoing General Objections.  Apple objects to this

24 Request on the ground that the Request is overly broad and unduly burdensome.  Apple also objects

25 to this Request to the extent that it seeks documents protected from disclosure by the attorney-client

26 privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or

27 protection.  Apple objects on the grounds that the Request seeks information that is not relevant to the

28 claims in Plaintiffs' CAC or proportional to the needs of the case.  Other ongoing cases may be

broader or different in scope than the allegations in the CAC such that documents in those cases are not relevant to this case. Apple further objects to the inclusion of the term "Foreign Country" in this Request because discovery from foreign countries has been stayed pending resolution of Apple's motion to dismiss. Apple further objects to the Request to the extent it is inconsistent with international treaties or conventions and/or conflict of law and comity principles by seeking documents or information located outside the United States. Apple further objects to the Request on the ground that inclusion of the phrase "relating to any matter alleged in the Consolidated Amended Complaint" does not comply with the "reasonable particularity" requirement of Rule 34 and renders the Request unduly burdensome and oppressive in that it improperly shifts the burden to Apple to decipher the CAC's allegations and determine responsive search terms.

Subject to and without waiving the foregoing objections, the Court's stay order (Dkt. 163), and subject to the ongoing nature of discovery in this action, Apple responds as follows: Given the need to coordinate discovery across the civil class actions pending in state and federal courts, Apple will produce non-privileged documents from the JCCP Matter that can be located through a reasonable search that are relevant to the claims in, and defenses to, Plaintiffs' CAC. Apple has not yet produced any documents in the JCCP Matter.

**REQUEST FOR PRODUCTION NO. 5**

Please produce all transcripts or recordings of proceedings, depositions, or interviews, arising out of a state or federal court action; a case in a Foreign Country; or a case, proceeding, investigation, or inquiry made by any regulator or government entity, whether state, federal, or in a Foreign Country, to the extent related to any matter alleged in the Consolidated Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Apple incorporates by reference the foregoing General Objections. Apple further objects to this Request on the ground that the Request is overly broad and unduly burdensome. Apple also objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection. To the extent there are any ongoing governmental investigations relating to the matters alleged in the CAC, Apple objects to this Request to the extent it purports to seek

confidential information that Apple is obligated to keep confidential.  Apple further objects to the Requests to the extent that any regulatory body, governmental agency, or governmental entity objects to the production of the requested documents.  Apple objects on the grounds that the Request seeks information that is not relevant to Plaintiffs' CAC.  Other ongoing cases, investigations, and inquiries may be broader or different in scope than the allegations in the CAC such that documents in those cases, investigations, and inquiries are not relevant to this case.  Apple further objects to the inclusion of the term "Foreign Country" in this Request because discovery from foreign countries has been stayed pending resolution of Apple's motion to dismiss.  Apple further objects to the Request to the extent it is inconsistent with international treaties or conventions and/or conflict of law and comity principles by seeking documents or information located outside the United States.  Apple further objects to the Request on the ground that inclusion of the phrase "relating to any matter alleged in the Consolidated Amended Complaint" does not comply with the "reasonable particularity" requirement of Rule 34 and renders the Request unduly burdensome and oppressive in that it improperly shifts the burden to Apple to decipher the CAC's allegations and determine responsive search terms.

   Subject to and without waiving the foregoing objections, the Court's stay order (Dkt. 163), and subject to the ongoing nature of discovery in this action, Apple responds as follows:  Apple will produce non-privileged documents from the JCCP Matter that can be located through a reasonable search that are relevant to the claims in, and defenses to, Plaintiffs' CAC.

DATED:  August 6, 2018       GIBSON, DUNN & CRUTCHER LLP

                 By: */s/ Christopher Chorba*
                     Christopher Chorba

                *Attorneys for Defendant Apple Inc.*

# PROOF OF SERVICE

I, May S. Chin, CCLS, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and am not a party to this action. My business address is 333 S. Grand Avenue, Los Angeles, CA 90071-3197, in said County and State. On August 6, 2018, I served the following document:

**DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the parties stated below, by the following means of service:

| | |
|---|---|
| Joseph Cotchett<br>Mark Molumphy<br>Stephanie Biehl<br>COTCHETT, PITRE & McCARTHY, LLP<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Phone: 650.697.6000<br>Fax:    650.697.0577<br>Email: jcotchett@cpmlegal.com<br>           mmolumphy@cpmlegal.com<br>           sbiehl@cpmlegal.com | Laurence King<br>David Straite<br>Mario Choi<br>KAPLAN FOX<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94104<br>Phone: 415.772.4700<br>Fax:    415.772.4707<br>E-mail: lking@kaplanfox.com<br>             dstraite@kaplanfox.com<br>             mchoi@kaplanfox.com |

☑ **BY ELECTRONIC SERVICE**: On the above-mentioned date, I caused the document to be sent to the persons at the electronic notification addresses as shown above.

☑ I am employed in the office of Theodore J. Boutrous, Jr., a member of the bar of this court, and that the foregoing document was printed on recycled paper.

☑ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2018.



May S. Chin, CCLS