# EXHIBIT 3

1  THEODORE J. BOUTROUS, JR., SBN 132099
      tboutrous@gibsondunn.com
2  CHRISTOPHER CHORBA, SBN 216692
      cchorba@gibsondunn.com
3  THEANE EVANGELIS, SBN 243570
      tevangelis@gibsondunn.com
4  TIMOTHY W. LOOSE, SBN 241037
      tloose@gibsondunn.com
5  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
6  Los Angeles, CA  90071-3197
   Telephone:    213.229.7000
7  Facsimile:    213.229.7520

8  G. CHARLES NIERLICH, SBN 196611
      gnierlich@gibsondunn.com
9  RACHEL S. BRASS, SBN 219301
      rbrass@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
11 San Francisco, CA  94105
   Telephone:    415.393.8200
12 Facsimile:    415.374.8458

13 *Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| IN RE APPLE INC. DEVICE PERFORMANCE LITIGATION | CASE NO. 5:18-md-02827-EJD |
|---|---|
| | **PUTATIVE CLASS ACTION** |
| | **DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY**:   Plaintiffs

**RESPONDING PARTY**:    Defendant Apple Inc.

**SET NO.**:             ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Apple Inc., by and through the undersigned attorneys, hereby objects and responds to Plaintiffs' First Set of Interrogatories (collectively, the "Interrogatories").

## PRELIMINARY STATEMENT

1. Discovery in this matter and Apple's investigation of the subject matter of this case are ongoing. Accordingly, the following Responses are given without prejudice to Apple's right to produce evidence of any subsequently discovered facts that it may later recall or discover. Apple further reserves the right to change, amend, or supplement any or all of the matters contained in the Responses as additional facts are ascertained, analyses are made, research is completed, and contentions are made or supplemented. Apple's responses to the Interrogatories are made to the best of its current knowledge, information, and belief. Apple reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

2. Apple's responses to the Interrogatories are confidential and made solely for the purposes of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

3. Apple's responses are based on its understanding that Plaintiffs seek only information that is within Apple's possession, custody, and control.

4. Apple incorporates by reference each and every general objection set forth into each and every specific response. From time to time, a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

5. Nothing contained in these Responses and Objections or provided in response to the Interrogatories consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information references in any Interrogatory.

**GENERAL OBJECTIONS**

1. Apple generally objects to the Interrogatories (including the "Definitions" and "Instructions") on the grounds and to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, any other applicable federal or state law, and any agreements between the parties. Apple will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

2. Apple generally objects to the Interrogatories to the extent that they are not limited to the relevant time period, thus making each Interrogatory overly broad, unduly burdensome, and not relevant to the claims or defenses in this action.

3. Apple generally objects to the Interrogatories on the grounds that they seek information that is unrelated and irrelevant to the claims or defenses in this litigation and disproportionate to the needs of the case.

4. Apple generally objects to the Interrogatories because they seek improper "cloned discovery" that attempts to piggyback on the work of other parties and litigants in other matters without regard to the claims, defenses, and issues in this matter. Apple will produce documents that are relevant and proportional to the needs of this case.

5. Apple generally objects to the Interrogatories on the grounds and to the extent that they call for any information protected by the attorney-client privilege, the attorney work product doctrine, Federal Rule of Evidence 502, or any other legally cognizable privilege or immunity, and Apple and its counsel hereby assert such privileges and immunities. Inadvertent production of any information that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or the subject matter thereof, or the right of Apple to object to the use of any such information or the subject matter thereof during these or any other proceedings.

6. Apple generally objects to the Interrogatories to the extent they purport to seek information about ongoing government investigations that, if they exist, may not be public and that Apple would be obligated to keep confidential. Apple also objects to the Requests to the extent that

2
APPLE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES (NOS. 1-2)

Gibson, Dunn & Crutcher LLP

any regulatory body, governmental agency, or governmental entity, domestic or foreign, objects to the production of potentially responsive documents.

7.  Apple generally objects to the Interrogatories to the extent that they seek proprietary or other confidential information. To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is non-privileged and responsive to the Interrogatories and not otherwise objectionable, Apple will produce such information in accordance with the protective order to be entered in this litigation, and such other procedures as the parties or Court may establish to protect sensitive or confidential information.

8.  Apple generally objects to the Interrogatories on the grounds and to the extent that they seek information that would violate the rights of privacy of third parties under California law or other applicable laws of any relevant jurisdiction, or that such production otherwise is prohibited by law, or is subject to legal requirements for notification of third parties.

9.  Apple generally objects to the Interrogatories to the extent that they seek information outside of Apple's possession, custody, and control, or to the extent they are inconsistent with international treaties or conventions and/or conflict of law and comity principles by seeking information located outside the United States.

10.  Apple generally objects to the Interrogatories to the extent that they seek information that is already in Plaintiffs' possession, that is publicly available, or that is readily available from another source.

11.  Apple generally objects to the definitions of "Class" and "Devices" to the extent that they include purchasers of iPad or iPhone 5 series models. Discovery has been stayed with respect to iPad devices. (*See* Dkt. 163.)

12.  Apple objects to the definitions of "Foreign Country" and "Foreign Countries" because Plaintiffs' purported massive, international class is improper, and discovery has been stayed with respect to these issues. (*See* Dkt. 163.)

13.  Apple objects to each Request to the extent that it uses words and phrases that are not defined in an understandable manner. Apple will interpret the terms and phrases used in those requests as those terms and phrases are understood to Apple.

14. Apple's General Objections apply to each and every specific Interrogatory and are incorporated by reference in each of the specific responses, and the responses set forth below are offered without waiver of such objections.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**

Identify all cases against, proceedings involving, inquiries from, and/or investigations of Apple by any regulator or government entity, whether state, federal or in a Foreign Country (including but not limited to any committee of the United States House of Representatives or Senate; the United States Department of Justice; the United States Securities and Exchange Commission; the United States Federal Trade Commission; any State Attorney General or State agency; the Canadian Competition Bureau; any committee of the Canadian Parliament; the Israeli Consumer Protection and Fair Trade Authority; the Prosecutor of the French Republic; the Italian AGCM; and the Seoul Central District Prosecutors Office), either closed or pending, relating to any matter alleged in the Consolidated Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 1**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Interrogatory on the grounds that, to the extent there are any ongoing government investigations relating to any matter alleged in the Consolidated Amended Complaint ("CAC"), any such investigations may not be public and Apple would be obligated to keep these investigations confidential. Apple further objects on the grounds that the existence or nonexistence of investigations by any regulator or government entity is not relevant to the claims or defenses in this litigation. Apple further objects to the Interrogatory to the extent that any regulatory body, governmental agency, or governmental entity, domestic or foreign, objects to producing the information sought. Apple further objects on the grounds that the Interrogatory's use of the undefined term "regulator" renders the Interrogatory vague and ambiguous. Apple further objects to the inclusion of the term "Foreign Country" in this Interrogatory because discovery from foreign countries has been stayed pending resolution of Apple's Motion to Dismiss. Apple further objects to this Interrogatory to the extent it is inconsistent with international treaties or conventions and/or conflict of law and comity principles by

seeking information located outside the United States.  Apple also objects on the grounds that to the extent there are public matters that may fall within the scope of information sought by this Interrogatory, the information sought is equally accessible to Plaintiffs.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows:  Apple will meet and confer with Plaintiffs regarding the scope of this Interrogatory.

**INTERROGATORY NO. 2**

Identify all litigation in which Apple is a party, whether in state or federal court, or in a case in a Foreign Country, either closed or pending, relating to any matter alleged in the Consolidated Amended Complaint, excluding the cases consolidated with in *In Re Apple Device Performance Litigation*, MDL #2827.

**RESPONSE TO INTERROGATORY NO. 2**

Apple incorporates by reference the foregoing General Objections.  Apple objects on the grounds that the existence or nonexistence of other cases is not relevant to the claims or defenses in this litigation.  Apple objects on the grounds that the information sought by this Interrogatory is publicly available and thus equally accessible to Plaintiffs.  Apple objects to the inclusion of the term "Foreign Country" in this Interrogatory because discovery from foreign countries has been stayed pending resolution of Apple's Motion to Dismiss.  Apple further objects to the Interrogatory to the extent it is inconsistent with international treaties or conventions and/or conflict of law and comity principles by seeking information located outside the United States.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows:  Apple is a defendant in *Apple OS Cases*, JCCP No. 4976 (Cal. Sup. Ct., S.F. Cnty.) (the "JCCP Matter").  Apple will agree to meet and confer with Plaintiffs regarding the scope of this Interrogatory.

DATED:  August 6, 2018

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Christopher Chorba*
Christopher Chorba

*Attorneys for Defendant Apple Inc.*

# PROOF OF SERVICE

I, May S. Chin, CCLS, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and am not a party to this action. My business address is 333 S. Grand Avenue, Los Angeles, CA 90071-3197, in said County and State. On August 6, 2018, I served the following document:

**DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

on the parties stated below, by the following means of service:

| | |
|---|---|
| Joseph Cotchett<br>Mark Molumphy<br>Stephanie Biehl<br>COTCHETT, PITRE & McCARTHY, LLP<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Phone: 650.697.6000<br>Fax:    650.697.0577<br>Email: jcotchett@cpmlegal.com<br>          mmolumphy@cpmlegal.com<br>          sbiehl@cpmlegal.com | Laurence King<br>David Straite<br>Mario Choi<br>KAPLAN FOX<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94104<br>Phone: 415.772.4700<br>Fax:    415.772.4707<br>E-mail: lking@kaplanfox.com<br>           dstraite@kaplanfox.com<br>           mchoi@kaplanfox.com |

☑ **BY ELECTRONIC SERVICE**: On the above-mentioned date, I caused the document to be sent to the persons at the electronic notification addresses as shown above.

☑ I am employed in the office of Theodore J. Boutrous, Jr., a member of the bar of this court, and that the foregoing document was printed on recycled paper.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2018.

_____
May S. Chin, CCLS