THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
tloose@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:     213.229.7000
Facsimile:      213.229.7520

G CHARLES NIERLICH, SBN 196611
gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:     415.393.8200
Facsimile:      415.374.8458

*Attorneys for Defendant,*
*APPLE INC.*

JOSEPH W. COTCHETT, SBN 36324
jcotchett@cpmlegal.com
MARK C. MOLUMPHY, SBN 168009
mmolumphy@cpmlegal.com
STEPHANIE D. BIEHL, SBN 306777
sbiehl@cpmlegal.com
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:     650.697.6000
Facsimile:      650.697.0577

LAURENCE D. KING, SBN 206243
lking@kaplanfox.com
MARIO M. CHOI, SBN 243409
mchoi@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA  94104
Telephone:     415.772.4700
Facsimile:      415.772.4707

DAVID A. STRAITE, admitted *pro hac vice*
dstraite@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone:     212.687.1980
Facsimile:      212.687.7714
*Interim Co-Lead Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **IN RE:   APPLE INC. DEVICE PERFORMANCE LITIGATION** | CASE NO. 5:18-md-02827-EJD <br><br> **STIPULATED** [PROPOSED] **PROTECTIVE ORDER** <br><br> Judge:        Hon. Edward J. Davila <br><br> Referral:     Hon. Rebecca Westerfield  (Ret.), Discovery  Special Master |

Plaintiffs and Defendant Apple Inc. anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of certain confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and Protective Order.

The parties acknowledge that this Stipulation and Protective Order governs discovery in *In re: Apple Inc. Device Performance Litigation*, Case No. 5:18-md-02827-EJD. This Order shall apply to all cases currently pending in MDL No. 2827 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto. This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings.

The Parties also acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.7 below, that this Stipulation and Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

2.1    <u>Action</u>:    *In re: Apple Inc. Device Performance Litigation*, Case No. 5:18-md-02827-EJD, presently pending in the United States District Court for the Northern District of California.

2.2    <u>Party</u>:    Any party to this Action, including all of its officers, directors, employees, and outside counsel (and their support staff).

2.3    <u>Disclosure or Discovery Material</u>:    All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.4    <u>"CONFIDENTIAL" Information or Items</u>:    Disclosure or Discovery Material that is nonpublic and that a Party or Non-Party in good faith believes must be held confidential to protect personal privacy interests or confidential, proprietary, and/or commercially sensitive information, including discovery material that Producing Party reasonably believes is likely to cause competitive disadvantage to the Producing Party, is highly personal non-public information, or will otherwise compromise or jeopardize the Producing Party's business interests, or which otherwise has a compelling need for privacy.

2.5    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Disclosure or Discovery Material that is nonpublic, and which comprises trade secrets, engineering documents, or source code, and other information upon which the Parties agree prior to production to designate as such.

2.6    <u>Outside Counsel of Record</u>:    Attorneys who are not employees of a Party but who are employed at law firms that appear on the pleadings as counsel for a Party in this Action.

2.7    <u>In-House Counsel</u>:    Attorneys who are employees of a Party.

2.8    <u>Counsel (without qualifier)</u>:    Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.9    <u>Designating Party</u>:    A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.10   Expert:

A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness, (2) is not a past employee of a Designating Party within the last four years, (3) a current employee of any entity on a Party's Restricted Competitors List, and (4) at the time of retention, may not be anticipated to become an employee of a Party or of any entity on a Party's Restricted Competitors List, provided that the Party who retains the expert may waive any or all of these requirements with respect to the Party's own Restricted Competitors List.   A list of Apple's restricted competitors was separately produced to Plaintiffs' Outside Counsel and agreed to prior to the execution of this Protective Order ("Apple's Restricted Competitors List").   Plaintiffs may provide a list of restricted competitors ("Plaintiffs' Restricted Competitors List") to Apple's Outside Counsel as well.   Any additions to either Party's Restricted Competitors List after the execution of this Protective Order must be agreed to by Outside Counsel or approved by the Court. "Expert" includes any professional jury or trial consultant retained in connection with this litigation but does not include mock jurors or focus group members.

2.11   Non-Party:   Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Professional Vendors:   Persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review, and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:   Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14   Receiving Party:   A Party that receives Disclosure or Discovery Material from a Producing Party.

2.15   Producing Party:   A Party or non-Party that provides, produces, or makes available for inspection Disclosure or Discovery Material in the course of this Action.

3.    **SCOPE**

This Stipulation and Protective Order shall govern all Protected Material in whatever form, including documents, data, information, interrogatory responses, deposition testimony, deposition transcripts, responses to requests for admission, and any other Protected Material provided, produced or made available for inspection in response to any method of discovery conducted in this Action. The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

Nothing herein shall be construed to prevent a Producing Party from reviewing, using or disclosing its own Protected Material in any manner that it deems appropriate.

This Stipulation and Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

The parties agree that this Stipulation and Protective Order does not necessarily address the mechanics of production and other protections that may be appropriate to the production of source code (including source code and source code listings, object code and object code listings, executable code and similar sensitive software code, whether in printed or electronic form). The parties will separately negotiate how source code is to be produced, if necessary, provided, however, that the rules governing access and disclosure to source code shall be governed by Section 8.3 below as for any other material designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Procedures for Designating Material for Protection</u>: Any Party to this litigation, or any Non-Party who produces Disclosure or Discovery Material, shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" any Protected Material it produces. All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Materials designated as or deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" consistent with this Stipulation and Protective Order are subject to the provisions of this Stipulation and Protective Order and shall be protected, used, handled and disposed of in accordance with the provisions of this Stipulation and Protective Order.

5.3 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulation and Protective Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulation and Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation and Protective Order requires:

(a) <u>For Information in Documentary Form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): The Producing

Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

In order to speed up the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" throughout. Following production of Protected Material, the Receiving Party may request that the Designating Party specify which pages or portions of certain documents are subject to the asserted designation. Mass, indiscriminate, or routinized requests for specification are prohibited. Requests that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Receiving Party to sanctions. The Designating Party shall have 10 days to respond to any such requests, and shall reserve the right to request additional time depending on the volume of the request.

Where it is not possible to affix a legend to particular Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such. Except as otherwise agreed, within 45 days after receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or Non-Party that makes original documents or materials available for inspection needs not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains

STIPULATED PROTECTIVE ORDER
CASE NO. 5:18-MD-02827-EJD

1  Protected Material, except that multi-page documents may be designated in accordance with the

2  preceding paragraph.

3          (b)    For Testimony Given in Deposition or in Other Pretrial or Trial Proceedings:

4  Any Party or Non-Party offering or sponsoring the testimony may identify on the record, before the

5  close of the deposition, hearing, or other proceeding, all protected testimony and may further specify

6  any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY." Alternatively, within 30 days of receipt of a transcript or recording of

8  a deposition or other pretrial proceeding, the offering or sponsoring Party or Non-Party may designate

9  such transcript or recording or any portion thereof as "CONFIDENTIAL" or "HIGHLY

10 CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all Parties, in writing, of the specific

11 pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or

12 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." All transcripts or recordings of

13 depositions or other pretrial proceedings shall be treated as "CONFIDENTIAL " for 30 days after

14 receipt of the transcript or recording, or until written notice of a different designation is received,

15 whichever occurs first.    In the case of a Non-Party witness, testimony can be designated as containing

16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

17 by a Party, the Non-Party witness, or upon agreement of the Parties.

18      Transcript pages containing Protected Material must be separately bound by the court reporter,

19 who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

20 CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or Non-Party offering

21 or sponsoring the witness or presenting the testimony.

22      In the event the deposition is videotaped, the original and all copies of the videotape shall be

23 marked by the video technician to indicate that the contents of the videotape are subject to this

24 Stipulation and Protective Order, substantially along the lines of "This videotape contains confidential

25 testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed

26 except pursuant to the terms of the operative Stipulation and Protective Order in this matter or pursuant

27 to written stipulation of the parties."

28

STIPULATED PROTECTIVE ORDER
CASE NO. 5:18-MD-02827-EJD

1    Counsel for any Producing Party shall have the right to exclude from oral depositions, other

2    than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not

3    authorized by this Stipulation and Protective Order to receive or access Protected Material based on

4    the designation of such Protected Material. Such right of exclusion shall be applicable only during

5    periods of examination or testimony regarding such Protected Material.

6    (c)    For Information Produced in A Form Other than Documentary and for Any

7    Other Tangible Items:    The Producing Party shall affix in a prominent place on the exterior of the

8    container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10    (d)    For Inspection of Things or Premises:    The Producing Party shall state in

11    writing prior to the inspection that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12    ATTORNEYS' EYES ONLY" information or material will be revealed.

13    5.4    Contractual Obligations to Non-Parties:    During the course of this Action, a Party or

14    Non-Party may be requested to produce information that is subject to contractual or other obligations

15    of confidentiality owed to a Non-Party. The Party or Non-Party subject to the contractual or other

16    obligation of confidentiality shall promptly contact the person to whom the obligation is owed to

17    determine whether that person is willing to permit disclosure of the confidential information under the

18    terms of this Stipulation and Protective Order. If that person is so willing, the information, if

19    otherwise discoverable, shall be produced in accordance with this Stipulation and Protective Order.

20    If the person to whom the obligation is owed is not willing to permit disclosure of the confidential

21    information under the terms of this Stipulation and Protective Order, or fails to respond before

22    responses or production is due, the Party seeking the information in this litigation shall be so notified

23    and given a description of the documents withheld, the reason for withholding the documents, the

24    person to whom the obligation of confidentiality is owed and the person's contact information. This

25    description shall be produced by the deadline for the production of the requested material, or, if no such

26    deadline applies, within 30 days of the initial request for the material being withheld.

27    5.5    Upward Designation of Information or Items Produced by Other Parties or Non-Parties.

28    A Party may upward designate (i.e., change any documents or other material produced without a

designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or change any Protected Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material produced by any other Party or Non-Party), provided that said Disclosure or Discovery Material contains the upward Designating Party's own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).   Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be redesignated within sixty (60) days of production by the Producing Party, including the reason for the upward designation.   Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief.   Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.   A party who has made an upward designation has an obligation at the time of the designation to replace the original production set with a new corresponding production set labeled with the same Bates numbers with a clear upward-designation suffix.   A party may treat the original document set as per the original designation until the upward designation is received.

5.6   Inadvertent Failures to Designate and Re-designation:   A Producing Party that inadvertently fails to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulation and Protective Order at the time of its production shall be able to make a correction to its designation, with the Receiving Party reserving the right to assert that such re-designation is improper pursuant to the procedures set forth herein regarding challenging designations.   Such failure shall be corrected by providing to the Receiving Party written notice of the error and substituted copies of the inadvertently unmarked or mis-marked Disclosure or Discovery Materials with the same corresponding Bates numbers as the original set.   Any Party receiving such inadvertently unmarked or mis-marked Disclosure or Discovery Materials shall, within five days of receipt of the substitute copies, destroy or return to the law firm

1  representing the Producing Party all copies of such mis-designated documents.   The Producing Party

2  shall comply with Paragraph 5.2 when re-designating Disclosure or Discovery Material as Protected

3  Material.   Following any re-designation of Disclosure or Discovery Material as Protected Material (or

4  re-designation of "CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL – ATTORNEYS'

5  EYES ONLY") the Party receiving such Protected Material shall take reasonable steps to comply with

6  the re-designation, including, without limitation, retrieving all copies and excerpts of any re-designated

7  Protected Material from persons no entitled to receive it as re-designated.

8          A Receiving Party shall not be in breach of this Stipulation and Protective Order for any use of

9  such inadvertently non-designated or inadvertently mis-designated material before the Receiving Party

10  receives notice of the inadvertent failure to designate, unless the Receiving Party realizes the error and

11  uses the mis-designated material for vexatious or other bad faith purpose.   Once a Receiving Party has

12  received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party

13  shall take reasonable steps to treat such material at the appropriately designated level pursuant to the

14  terms of this Stipulation and Protective Order, reserving all rights to assert that such re-designation is

15  not proper under the procedures set forth herein regarding challenging designations.

16  **6.      DISCLOSURE OF DISCOVERY MATERIALS PROTECTED BY THE ATTORNEY**

17  **CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE**

18          (a)      When a particular Rule 34 request requires a production or inspection that is too

19  voluminous, expedited, or complex (such as certain electronic productions) to allow for an adequate

20  preproduction review, the parties may enter into non-waiver agreements for that particular production.

21  If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the

22  Court for a non-waiver order.

23          (b)      A request for a non-waiver agreement should be made promptly upon receipt of

24  the Rule 34 request at issue. The request for a non-waiver agreement does not excuse any delay in

25  responding to, objecting to, or producing documents in response to the Rule 34 request at issue, or

26  otherwise extend the time to respond to such Rule 34 request.

27          (c)      The inadvertent production by a Party of Discovery Material subject to the

28  attorney-client privilege, work-product protection, or any other applicable privilege or protection,

despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material ("clawback") is made within 10 business days after the Producing Party learns of its inadvertent production.

(d)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall promptly destroy or return such Protected Material or Discovery Material and any pages containing privileged markings by the Receiving Party, and all copies, to the Producing Party, except for one sequestered copy retained solely to dispute the assertion of privilege or protection if the Receiving Party intends to do so (which must be destroyed and/or returned if the court upholds the claim of privilege or protection). Items that are destroyed shall be certified as such by the Receiving Party to the Producing Party.

(e)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges.     The Receiving Party may, at any time up to and including 30 days before trial, make a good faith challenge to the Designating Party's designations. In the event that the Designating Party produces Protected Material during the period which is less than 30 days before trial, the Receiving Party may make a good faith challenge to the Designating Party's designations up to and including the day of trial.

7.2     Meet and Confer.     A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by serving on the Designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. The challenging Party must identify the specific Bates range(s) for the challenged document(s), explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable

opportunity to review the designated material, reconsider the circumstances and, if no change in designation is offered, explain the basis for the chosen designation.   Within 7 days of the challenging Party's written objection, counsel for the challenging Party and the Designating Party shall meet and confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) in a good faith effort to resolve the dispute as to the challenged designation of materials.   During the meet and confer process, the Designating Party shall explain the grounds for designating material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

7.3   Judicial Intervention.   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.   The motion shall identify the challenged material and set forth in detail the basis for the challenge.   In each such motion, the parties shall attest that they have complied with the meet-and-confer requirements imposed in the preceding paragraph and set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

Nothing in this Stipulation and Protective Order shall preclude or prejudice either party from arguing for or against any designation, or establish any presumption that a particular designation is valid.   Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 8.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1   Basic Principles.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   A Receiving Party may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business or competitive function.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and may not be disclosed to the media.   For purposes of this Stipulation and Protective Order, and specifically as utilized in the preceding sentence, "disclosed" or

"disclose" shall mean any physical or electronic showing of the Protected Materials to any person, including communication in any form of the contents (in whole or in part) or existence of the Protected Materials.   When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  This provision is not intended to interfere with the parties' ability to disclose information pursuant to Sections 8.7 (Disclosure to Non-U.S. Persons) or 14.6 (Export Control), nor prohibit counsel for a Receiving Party from viewing or using for deposition Protected Material outside of the United States consistent with Section 14.6.

8.2     Disclosure of "CONFIDENTIAL" Information or Items:   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action and such Outside Counsel of Record's attorneys, paralegals, and staff, and any copying, data processing, investigative or clerical litigation support services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably necessary to disclose the information for this Action;

(b)     the Receiving Party;

(c)     the Receiving Party's In-House Counsel to whom disclosure is reasonably necessary for this litigation;

(d)     any insurer or indemnitor of any defendant in these Actions;

(e)     the Court and any mediators or arbitrators, or appointed special masters, and their respective personnel;

(f)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Actions;

(g)     the Producing Party's former and current officers and directors and the Producing Party's current employees to whom disclosure is reasonably necessary for this litigation;

(h)    mock jurors or focus group members, subject to the provisions of Paragraph 8.5 below;

(i)    a fact witness not covered by categories (a)-(g), at the witness's deposition in this Proceeding, if the witness is an author or recipient of the material or a person who is shown through testimony or other evidentiary proof by the party wishing to make the disclosure, to have prepared, received, or reviewed the information.

(j)    Experts who have signed the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2 (except that, at the option of the Party retaining the Expert, the Expert need not agree to the provisions regarding that Party's Restricted Competitors List);

(k)    third-party contractors or vendors employed to assist counsel in this Proceeding for the purpose of photocopying or printing; data processing; graphic production; or organizing, filing, coding, converting, storing, retrieving, maintaining, or otherwise managing data; jury or trial consulting services retained by counsel for a party; and

(l)    any other person upon order of the Court or upon written consent of the Designating Party.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    The Receiving Party's Outside Counsel of Record in these Actions and such Outside Counsel's attorneys, paralegals, and staff, and any copying or clerical litigation or support services working at the direction of such counsel, paralegals, and staff, to whom it is reasonably necessary to disclose the information for this Action;

(b)    In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    the Court, and any mediators or arbitrators, or appointed special masters, and their respective personnel;

1          (d)    court reporters, their staff, and Professional Vendors to whom disclosure is
2  reasonably necessary for this litigation;

3          (e)    the author(s) and recipient(s) of the "HIGHLY CONFIDENTIAL –
4  ATTORNEYS' EYES ONLY" Material;

5          (f)    anyone who has been designated as a Rule 30(b)(6) witness by the Designating
6  Party, or a current employee of the Producing Party;

7          (g)    a fact witness, at the witness's deposition in this Proceeding, if the witness is a
8  current employee or contractor of a Party, or an author or recipient of the material or a person who is
9  shown through testimony or other evidentiary proof by the party wishing to make the disclosure, to
10  have prepared, received, or reviewed the information, or if the Parties agree that the disclosure will aid
11  in the prosecution and/or defense or settlement of the Action;

12          (h)    Experts who have signed the "Expert/Consultant Acknowledgment of
13  Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2 (except that,
14  at the option of the Party retaining the Expert, the Expert need not agree to the provisions regarding
15  that Party's Restricted Competitors List); and

16          (i)    any other person upon order of the Court or upon written consent of the
17  Designating Party.

18     8.4    General Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY
19  CONFIDENTIAL – ATTORNEYS' EYES ONLY":

20          (a)    Before any information or item designated "CONFIDENTIAL," or substance or
21  summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (f)-(l) of
22  paragraph 8.2 above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective
23  Order to each such person and witness in order that each such entity or person to whom such disclosure
24  of "CONFIDENTIAL" information or item is made shall be on notice and fully informed that the
25  existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding
26  upon it, him or her. Before any information or item designated "CONFIDENTIAL," or substance or
27  summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms
28  of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order,

1  attached hereto as Exhibit A-1. The person to whom the "CONFIDENTIAL" information or item is
2  disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" information or item
3  to any entity or person except as specifically provided for by this Stipulation and Protective Order.

4          (b)    Before any information or item designated "HIGHLY CONFIDENTIAL -
5  ATTORNEYS' EYES ONLY," or substance or summary thereof, shall be disclosed to the persons or
6  entities identified in sub-paragraphs (d)-(h) of paragraph 8.3 above, the Parties are hereby ordered to
7  tender a copy of this Stipulation and Protective Order to each such person and witness in order that
8  each such entity or person to whom such disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS'
9  EYES ONLY" information or item is made shall be on notice and fully informed that the existence and
10  substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him
11  or her. Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS'
12  EYES ONLY," or substance or summary thereof, is disclosed to any such person, each such person
13  shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement
14  to Be Bound by Protective Order, attached hereto as Exhibit A-1. The person to whom the "HIGHLY
15  CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is disclosed shall not give,
16  show, or otherwise divulge any of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"
17  information to any entity or person except as specifically provided for by this Stipulation and Protective
18  Order.

19      8.5    Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Focus Group
20  Members or Mock Jurors: A Receiving Party may disclose to focus group members or mock jurors
21  materials prepared by its outside counsel that are derived from information or items designated
22  "CONFIDENTIAL" (but not materials that are derived from information or items designated
23  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"), so long as the derivative materials do
24  not include the as produced information itself. Before providing such material to a focus group
25  member or mock juror, the Receiving Party must, in compliance with Paragraph 8.4(a) above, tender a
26  copy of this Stipulation and Protective Order to each focus group member/ mock juror in order that
27  each person to whom such disclosure is made shall be on notice and fully informed that the existence
28  and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it,

him or her, as well as upon the Parties and their counsel. Before any materials prepared by Outside Counsel of Record that are derived from information or items designated "CONFIDENTIAL" are disclosed to a focus group member/mock juror, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1. The focus group member/mock juror to whom the material is disclosed shall not give, show, or otherwise divulge any of the information contained therein to any entity or person except as specifically provided for by this Stipulation and Protective Order.

8.6    Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts:

(a)    Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, or substance or summary thereof, shall be disclosed to any Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2 (except that, at the option of the Party retaining the Expert, the Expert need not agree to the provisions regarding that Party's Restricted Competitors List). An Expert may make an application to the Court with advance notice and based upon a showing of good cause for modification of, or relief from, the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-2) prior to the review of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

8.7    Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Non-U.S. Persons:

(a)    Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, or substance or summary thereof, shall be disclosed to any non-U.S. citizen, non-U.S. permanent resident, or any person located outside of the United States ("Non-U.S. Persons") who is otherwise entitled to receive Protected Material as provided for by this Stipulation and Protective Order, each such person shall sign and abide by the terms of the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A-1. "Non-U.S. Persons" shall not include U.S. citizens with dual citizenship. The

1   person to whom the Protected Material is disclosed shall not give, show, or otherwise divulge any of
2   the information contained therein to any entity or person except as specifically provided for by this
3   Stipulation and Protective Order. This provision shall not affect any other person's obligation to sign
4   and abide by the terms of the "General Acknowledgment of Confidentiality and Agreement to Be
5   Bound by Protective Order, attached hereto as Exhibit A-1. Apple also reserves its objections as to
6   the purported global scope of the above-captioned litigation.

7       8.8     Prosecution Bar: Absent the written consent of the Producing Party, any person who
8   receives one or more items designated "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY"
9   shall not be involved in the prosecution of patents or patent applications relating to the subject matter
10  of the documents reviewed by the individual before any foreign or domestic agency, including the
11  United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph,
12  "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the
13  scope or maintenance of patent claims. These prohibitions are not intended to and shall not preclude
14  the individual from participating in proceedings on behalf of a party challenging the validity of any
15  patent, including but not limited to reexamination, inter partes review, covered business method review,
16  or reissue proceedings on behalf of a patentee. These prohibitions shall begin when access to
17  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" materials are first received by the
18  affected individual, and shall end two (2) years after the final resolution of this action, including all
19  appeals.

20  **9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**
21  **LITIGATION**

22      If a Party is served with a subpoena or a court order issued in other litigation that compels
23  disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY
24  CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

25      (a)     promptly notify the Designating Party in writing (by email, if possible)
26  immediately and in no event more than three court days after receiving the subpoena or order. Such
27  notification shall include a copy of the subpoena or court order;

28

---

19

STIPULATED PROTECTIVE ORDER
CASE NO. 5:18-MD-02827-EJD

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.  All such disclosure and discovery disputes are subject to the undersigned's Standing Order re Civil Discovery Disputes.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures (by email, if possible) immediately and in no event more than three court days after learning of the disclosure;  (b) use its best efforts to retrieve all unauthorized copies of the Protected Material;  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-1).  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to maintain the disclosed document or information as Protected.

**12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

(a)     Nothing in this Order shall require disclosure of information which is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.  If a Producing Party becomes aware that it has produced information or Materials that it believes are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the production.  The

1    Producing Party need not provide the basis for its privilege assertion in its notice to a Receiving Party,

2    but shall do so in a privilege log produced in accordance with the terms set forth in any Stipulated

3    Discovery & Search Protocol and Order entered in this Action.

4            (b)     If a Receiving Party, upon review of information or Materials produced to it,

5    becomes aware that any portion of such information or Materials is protected by the attorney-client

6    privilege, work product immunity, or other privilege or immunity, the Receiving Party shall promptly

7    notify the Producing Party of the specific Materials which could be so considered and will not use such

8    Materials for any purpose until the issue has been resolved by agreement of the Parties or by order of

9    the Court.

10            (c)     Nothing herein shall prevent the Receiving Party from challenging the propriety

11    of the attorney-client privilege or Work product immunity or other applicable privilege designation by

12    submitting a challenge to the Court. Each Receiving Party shall refrain from distributing or otherwise

13    using the disclosed information or Materials for any purpose until the discoverability of the Materials

14    is agreed by the Parties or resolved by the Court.

15    **13.**     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

16            (a)     Testifying experts shall not be subject to discovery with respect to any draft of

17    his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted

18    by the testifying expert and/or his or her staff are also exempt from discovery.

19            (b)     Discovery of materials provided to testifying experts shall be limited to those

20    materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying

21    expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No

22    discovery can be taken from any non-testifying expert except to the extent that such non-testifying

23    expert has provided information, opinions, or other materials to a testifying expert relied upon by that

24    testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion

25    in this case.

26            (c)     No conversations or communications between counsel and any testifying or

27    consulting expert will be subject to discovery unless the conversations or communications are relied

28

1  upon by such experts in formulating opinions that are presented in reports or trial or deposition
2  testimony in this case.

3          (d)     Materials, communications, and other information exempt from discovery under
4  the foregoing Paragraphs 13 (a)–(c) shall be treated as attorney-work product for the purposes of this
5  litigation and Order.

6  **14.    MISCELLANEOUS**

7          14.1    <u>Right to Further Relief</u>:    Nothing in this Order abridges the right of any person to seek
8  its modification by the Court in the future.

9          14.2    <u>Right to Assert Other Objections</u>:    By stipulating to the entry of this Order no Party
10  waives any right it otherwise would have to object to disclosing or producing any information or item
11  on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any
12  ground to use in evidence of any of the material covered by this Order.

13          14.3    <u>Computation of Time</u>:    The computation of any period of time prescribed or allowed
14  by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil
15  Procedure 6 except as otherwise provided in Civil Local Rule 7.

16          14.4    <u>Fact of Designation Not Admissible</u>:    The fact of designation, or failure to designate,
17  Disclosure  or  Discovery  Materials  as  CONFIDENTIAL  or  HIGHLY  CONFIDENTIAL  –
18  ATTORNEYS' EYES ONLY pursuant to this Stipulation and Protective Order shall not be admissible
19  for any purpose in a trial on the merits or at any other proceeding other than at a proceeding arising
20  from or related to this Stipulation and Protective Order.

21          14.5    <u>Successors</u>:    This Order shall be binding upon the Parties hereto, their attorneys, and
22  their successors, executors, heirs, assigns, and employees.

23          14.6    <u>Technical Data Subject to Export Control</u>:    The Producing Party shall be responsible
24  for identifying any documents containing or constituting "controlled technical data" that it believes is
25  subject to applicable laws and regulations relating to the export of such data.  Once such data is
26  identified, the Receiving Party shall agree not to release such data to Non-U.S. Persons in the United
27  States or elsewhere.    During the 60 days following any designation, the Receiving Party may
28  challenge the designation in writing, and then the Producing Party shall then have 30 days to file a

1  motion pursuant to Rule 26(c) for an order determining that the claimed export restriction applies.

2  Prior to a final designation by the Court and during the pendency of any challenges, the material shall

3  continue to be treated as controlled technical data.  If the Court determines that the Producing Party

4  does not meet its burden, the export restrictions in this paragraph related to the material at issue shall

5  be automatically lifted.

6      14.7   Filing Protected Material.   Without written permission from the Designating Party or

7  a court order secured after appropriate notice to all interested persons, a Party may not file any Protected

8  Material in the public record in these Actions.   A Party that seeks to file under seal any Protected

9  Material must comply with Civil Local Rule 79-5.  A Party who seeks to introduce Protected Material

10  at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the

11  information sought to be introduced is protected.   If the Party who designated the information as

12  Protected Material requests the protection be continued, the Court will review the information to

13  determine if the information is entitled to continued protection.   Prior to disclosure of Protected

14  Material at a hearing, the Producing Party may seek further protections against public disclosure from

15  the Court.

16      14.8   The provisions of this Stipulation and Protective Order do not apply to any trial

17  proceedings in this Action.   The Parties will separately request the Court to enter an Order governing

18  the handling of such materials at trial.

19      14.9   The Court shall retain jurisdiction to enforce the terms of this Stipulation and Protective

20  Order for a period of six months after final disposition of this litigation.

21      14.10  Nothing in this Stipulation and Order shall alter the requirements for and scope of expert

22  discovery in accordance with Federal Rule of Civil Procedure 26, local rules, and case law.

23      14.11  The procedures set forth in this Stipulation and Protective Order shall apply to every

24  action that is subject to this proceeding, whether filed in or transferred to this Court for so long as such

25  actions are pending.

26  15.   **FINAL DISPOSITION**

27      Within 60 days after the final disposition of this Action, each Receiving Party must return all

28  Protected Material to the Producing Party or securely destroy or delete such material with a written

certification of such secure destruction or deletion of Protected Material. As used in this subdivision, "all Protected Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed or deleted, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or deleted and (2) affirms that the Receiving Party has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, and attorney work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   October 12, 2018                   /s/ David A .Straite

JOSEPH W. COTCHETT, SBN 036324
jcotchett@cpmlegal.com
MARK C. MOLUMPHY, SBN 168009
mmolumphy@cpmlegal.com
STEPHANIE D. BIEHL, SBN 306777
sbiehl@cpmlegal.com
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:      650.697.6000
Facsimile:      650.697.0577

LAURENCE D. KING, SBN 206243
lking@kaplanfox.com
MARIO M. CHOI, SBN 243409
mchoi@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:      415.772.4700
Facsimile:      415.772.4707

DAVID A. STRAITE, admitted *pro hac vice*
dstraite@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone:      212.687.1980
Facsimile:      212.687.7714

***Interim Co-Lead Counsel for Plaintiffs***

STIPULATED PROTECTIVE ORDER
CASE NO. 5:18-MD-02827-EJD

DATED:    October 12, 2018            /s/ Timothy W. Loose
                                     THEODORE J. BOUTROUS JR., SBN 132099
                                     tboutrous@gibsondunn.com
                                     CHRISTOPHER CHORBA, SBN 216692
                                     cchorba@gibsondunn.com
                                     THEANE EVANGELIS, SBN 243570
                                     tevangelis@gibsondunn.com
                                     TIMOTHY W. LOOSE, SBN 241037
                                     tloose@gibsondunn.com
                                     **GIBSON, DUNN & CRUTCHER LLP**
                                     333 South Grand Avenue
                                     Los Angeles, CA  90071-3197
                                     Telephone:  213.229.7000
                                     Facsimile:   213.229.7520

                                     CHARLES NIERLICH, SBN 196611
                                     gnierlich@gibsondunn.com
                                     RACHEL S. BRASS, SBN 219301
                                     rbrass@gibsondunn.com
                                     **GIBSON, DUNN & CRUTCHER LLP**
                                     555 Mission Street, Suite 3000
                                     San Francisco, CA  94105
                                     Telephone:  415.393.8200
                                     Facsimile:   415.374.8458

                                     *Attorneys for Defendant APPLE INC.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: Oct 15, 2018

Hon. Rebecca Westerfield (Ret.) Discovery Special Master

**EXHIBIT A-1**

<u>GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by

the United States District Court for the Northern District of California on

_____ [date] in the case of *In re: Apple Inc. Device Performance Litigation*,

United States District Court, District of Northern California, San Jose Division, Civil Action No.

5:18-md-02827-EJD.

I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I will access and review Protected Material that may be provided to me solely for the purpose of my role in assisting with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation and for no other purpose whatsoever. I further agree not to disclose any Protected Material except as allowed by the terms of the Order. I will only make such copies of or notes concerning the Protected Material as are necessary to assist with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation in connection with this action. Upon final determination of this action, I shall promptly and securely destroy or delete all Protected Material provided to me as well as any hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. I understand that my obligations pertaining to the Protected Material continue even after the conclusion of the action.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of the Order.

Dated: _____

_____
City and State where sworn and signed

Printed name: _____

Signature: _____

## EXHIBIT A-2

## EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare:

1.  I have read the Stipulation and Protective Order ("Order") in *In re: Apple Inc. Device Performance Litigation*, United States District Court, District of Northern California, San Jose Division, Civil Action No. 5:18-md-02827-EJD-NC.

2.  I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

3.  I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Confidential or Highly Confidential Information obtained pursuant to the Order.

4.  By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

6.  By signing below, I hereby confirm:

that I am not currently and do not currently anticipate becoming an employee of any entity on the Restricted Competitors List with respect to the subject matter of this suit (including any messaging, tablet, or mobile phone applications, products, or services). I further agree that: (1) during the pendency of these proceedings and the pendency of any appeals (or, if I withdraw as an expert or counsel in this proceeding, for a period of two years after my withdrawal as expert or counsel, whichever is shorter), I shall not accept any position as an employee of any entity on the Restricted Competitors List; and (2) I shall not at any time, either during the pendency of these proceedings and

the pendency of any appeals, or after conclusion of these proceedings, use or divulge any of the Confidential or Highly Confidential Information made available to me pursuant to the Order. After the conclusion of these proceedings or upon my withdrawal as expert or counsel, whichever is earlier, I shall return or destroy all of the Confidential or Highly Confidential Information made available to me pursuant to the Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____.

Name: _____

Address: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 5:18-MD-02827-EJD

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: In re: Apple Inc. Device Performance Litigation
USDC Case No. 18-md-02827-EJD
Reference No. 1100090686

I, Elizabeth Magana, not a party to the within action, hereby declare that on October 15, 2018, I served the attached PROTECTIVE ORDER on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Francisco, CALIFORNIA, addressed as follows:

Stephanie D. Biehl Esq.
Joseph W. Cotchett Jr. Esq.
Mark C. Molumphy Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd.
Suite 200
Burlingame, CA  94010
Phone: 650-697-6000
sbiehl@cpmlegal.com
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
   Parties Represented:

Laurence D. King Esq.
Kaplan Fox & Kilsheimer LLP
350 Sansome St.
Suite 400
San Francisco, CA  94104
Phone: 415-772-4700
lking@kaplanfox.com
   Parties Represented:

David A. Straite Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Ave.
14th Floor
New York, NY   10022
Phone: 212-687-1980
dstraite@kaplanfox.com
   Parties Represented:

Theodore J. Boutrous Jr. Esq.
Christopher Chorba Esq.
Theane Evangelis Esq.
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA  90071-3197
Phone: 213-229-7000
tboutrous@gibsondunn.com
cchorba@gibsondunn.com
tevangelis@gibsondunn.com
   Parties Represented:
   Apple Inc.

Timothy W. Loose Esq.
Cynthia Chen McTernan Esq.
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA   90071-3197
Phone: 213-229-7000
tloose@gibsondunn.com
cmcternan@gibsondunn.com
    Parties Represented:
    Apple Inc.

G. Charles Nierlich Esq.
Rachel S. Brass Esq.
Alexander N. Harris Esq.
Gibson Dunn & Crutcher
555 Mission St.
Suite 3000
San Francisco, CA   94105
Phone: 415-393-8200
gnierlich@gibsondunn.com
rbrass@gibsondunn.com
aharris@gibsondunn.com
    Parties Represented:
    Apple Inc.

       I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on  October 15, 2018.

_____

Elizabeth Magana
EMagana@jamsadr.com