THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

G. CHARLES NIERLICH, SBN 196611
  gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8458

BETH S. BRINKMANN, SBN 129937
  bbrinkmann@cov.com
MARK W. MOSIER (*pro hac vice* pending)
  mmosier@cov.com
RAFAEL REYNERI (*pro hac vice* pending)
  rreyneri@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: 202.662.5312
Facsimile: 202.778.5312

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION, | CASE NO. 5:18-md-02827-EJD |
| | **DEFENDANT APPLE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| | Judge: Honorable Edward J. Davila |
| This Document Relates To: ALL ACTIONS. | |

1

2

3
## STATEMENT OF ISSUE
**(Civil Local Rule 7-9)**

4       Whether Apple should be granted leave to file a motion for reconsideration of the Court's order

5   denying in part its motion to dismiss non-U.S. Plaintiffs' claims under California law, because the Court

6   failed to consider material aspects of the parties' agreements regarding the different laws governing

7   different aspects of their relationship, and the significant interest of non-U.S. Plaintiffs' countries in

8   having their law applied to non-U.S. Plaintiffs' claims.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      **INTRODUCTION**

Pursuant to Civil Local Rule 7-9, Defendant Apple Inc. ("Apple") respectfully requests leave to file a motion for reconsideration of the portion of the Court's order denying Apple's motion to dismiss non-U.S. Plaintiffs' California-law claims.  (October 1, 2018, Order at 10-14.)  In its order, the Court held that non-U.S. Plaintiffs could pursue claims under California law because of a choice-of-law provision in Apple's iOS Software License Agreement ("SLA").  In reaching this conclusion, the Court failed to consider material aspects of the parties' agreements, including Apple's Hardware Warranty, and the fundamental policies of non-U.S. Plaintiffs' countries that would be undermined by the application of California law.  The Court's clearly erroneous choice-of-law ruling creates an immense hurdle to the efficient management and adjudication of this litigation by opening the door to unmanageable discovery across forty countries, posing an obstacle to meaningful consideration of any alternative resolution of the litigation and creating the risk of an unprecedented worldwide class of hundreds of millions of customers.

In light of the failure to consider material facts and dispositive legal arguments, and the immediate adverse implications of the Court's ruling, reconsideration is warranted before the Court and the parties proceed further with this litigation.  The Court should therefore grant Apple leave to move for reconsideration.

II.     **LEGAL STANDARD**

An order that resolves fewer than all of the claims among all the parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke its order."  *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000).

Reconsideration is appropriate if a party shows: (1) that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Civ. L.R. 7-9(b);

1   *see also Brown v. Wal-Mart Store, Inc.*, No. 09-CV-03339-EJD, 2018 WL 1993434, at *2 (N.D. Cal.
2   Apr. 27, 2018).

3   A motion for reconsideration may be filed only with leave of court.  *See* Civ. L.R. 7-9(a).  Leave
4   to move for reconsideration is proper upon a showing of a "manifest failure by the Court to consider
5   material facts or dispositive legal arguments which were presented to the Court before such interlocutory
6   order." Civ. L.R. 7-9(b)(3).  Leave to move also is proper upon a showing "[t]hat at the time of the motion
7   for leave, a material difference in fact or law exists from that which was presented to the Court before
8   entry of the interlocutory order for which reconsideration is sought" if the party seeking leave also shows
9   "that in the exercise of reasonable diligence" it "did not know such fact or law at the time of the
10  interlocutory order."  Civ. L.R. 7-9(b)(1).

11  **III.   ARGUMENT**

12  **A.    Apple Should Be Granted Leave To File A Motion For Reconsideration Of The
13         Court's Choice-of-Law Ruling.**

14  The Court's choice-of-law ruling warrants reconsideration because the Court failed to consider
15  material facts and dispositive legal arguments when it held, based on the SLA, that non-U.S. Plaintiffs
16  had stated claims under California law.

17  The holding that non-U.S. Plaintiffs may assert California-law claims was the result of three errors.
18  *First*, the Court failed to consider the entirety of both the Hardware Warranty and the SLA, which
19  demonstrate the parties' agreement that the law of the country of purchase shall govern claims like those
20  asserted here.  (*See* Ex. A at 8-13.)  *Second*, the Court failed to recognize that, even if the SLA's choice
21  of law were to apply to this case, under *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459 (1992),
22  California law does not permit the parties to make such a choice with respect to the claims that non-U.S.
23  Plaintiffs assert here because application of California law would be "contrary to a fundamental policy"
24  of non-U.S. jurisdictions that have a "materially greater interest" in having their laws applied.  (*Id*.
25  at 13-16.)  *Third*, if it were unclear whether the parties had agreed which law to apply, general California
26  choice-of-law principles dictate that the law of the country where the device was purchased—and not
27  California law—should govern.  (*Id*. at 16-19.)

28

1. The Court erred when it held that the parties agreed that California law would govern the claims asserted here. Its holding that non-U.S. Plaintiffs may bring claims under California law misunderstands Apple's contractual relationship with its customers and the basis for non-U.S. Plaintiffs' claims. Apple and its customers do not have just a single agreement about what law governs their relationship. When a customer purchases and begins using an Apple device, they have two such agreements—the Hardware Warranty and the SLA—which, when read together and in their entirety, show that Apple and its customers intended to have some disputes governed by California law and others by the law of the country of purchase. The Court thus erred in holding that the parties' agreement is "indistinguishable" from the shareholder agreement in *Nedlloyd*, where the parties entered into a single contract that clearly expressed an intent to have that one contract (and its choice of a single jurisdiction's law) govern all disputes between them.

Unlike the parties in *Nedlloyd*, when a customer purchases and begins using an Apple device, the customer and Apple enter into two agreements with separate choice-of-law provisions. Those two provisions provide for different law to be applied depending on the nature of the dispute: the Hardware Warranty selects the law of the jurisdiction where the customer purchased his or her Apple device, and the SLA chooses California law. (*See* Dkt. 145, Ex. 5 ¶ 7.1; Dkt. 177-1, Ex. A at 5.) By agreeing to two different choices of law, the parties clearly manifested their intent to have California law govern only certain aspects of their relationship and the law of the jurisdiction of purchase govern other aspects. Moreover, the SLA repeatedly recognizes that its own choice-of-law provision does not completely displace the customer's local law. Indeed, at least seven SLA provisions expressly recognize that local law will apply to certain license disputes, notwithstanding the SLA's choice of law. (SLA §§ 2(g), 5(j), 7.1, 7.6, 8, 10, 13.) These provisions, and the Hardware Warranty's own choice of law, would make little sense if the parties had intended for California law to govern all aspects of their relationship.

Full consideration of all material aspects of the parties' agreements in the SLA and the Hardware Warranty demonstrates that the Court should have concluded that Plaintiffs' claims are governed by the Hardware Warranty's choice-of-law provision. Plaintiffs' core theory, which underlies each of their claims, is based on an alleged problem with their devices' *hardware*. Specifically, they allege that their Apple devices have "a significant design defect: the battery was not designed with enough power to meet

the peak demands of the phone's processor as the battery aged." (CAC ¶ 397.) In contrast, Plaintiffs' allegations regarding their Apple devices' software clearly play a secondary role in their theory of liability. They do not portray the iOS updates as a root cause of their problem, but rather as an attempt by Apple to solve (or allegedly disguise) the purported hardware problem.

The Court did not consider the foundational role that alleged hardware defects play in Plaintiffs' various claims, and this error justifies reconsideration—especially given that the Court *did* acknowledge the full scope of Plaintiffs' theory elsewhere in its opinion. As the Court recognized, Plaintiffs "allege that all devices at issue in this case were 'defective at the point of sale,' because Apple sold them with a known mismatch between software and hardware capability." (Order at 32 (citing, *e.g.*, CAC ¶¶ 9, 30, 32, 34).) In essence, "Plaintiffs' Complaint and opposition treat the iOS updates as further evidence that Apple concealed and exacerbated *the underlying* [*hardware*] defect." (*Id.* (emphasis added) (citing CAC ¶ 30, Opp. at 11-12).) It was the failure to disclose those alleged hardware defects, the Court explained, that formed the basis of at least Plaintiffs' Counts 2-4. (*See, e.g.*, *id.* at 33.)

Because Plaintiffs' theory of the case is that their devices had a design defect that was present since purchase, their claims are governed by the Hardware Warranty. Apple and its customers thus expressly agreed that the claim would be governed by and construed in accordance with the law of the country of purchase. The Court manifestly erred in holding otherwise.

2. Even if the Court does not reconsider its holding that the SLA's choice-of-law provision governs Plaintiffs' claims, it should still reconsider whether California law permits the parties to make such a choice. *See Nedlloyd*, 3 Cal. 4th at 465-66. Under *Nedlloyd*, the parties may not choose to apply California law to non-U.S. Plaintiffs' claims if doing so would be "contrary to a fundamental policy" of a foreign jurisdiction that has "a materially greater interest" in having its law applied. *Id.* at 466 & n.5. The Court acknowledged this aspect of *Nedlloyd*'s holding, but stated that it had not "been pointed to a fundamental policy of a foreign jurisdiction that would be undermined by applying California law in this case." (Order at 12-13.) In fact, Apple submitted several Rule 44.1 foreign law declarations pointing to such fundamental policies, and it also seeks leave to file additional declarations to further support this point.

Apple filed declarations from experts on the law of six countries—Nigeria, Turkey, Italy, Japan,

Peru, and China—each of whom explained that their country has its own robust regime of laws and regulations to govern claims similar to those that non-U.S. Plaintiffs assert here.  Moreover, with its motion for reconsideration for which it is seeking leave here to file, Apple provides declarations of experts from the 39 other countries that Plaintiffs have included in their proposed class definition.  These additional declarations further demonstrate the conflicts between California law and the law of non-U.S. Plaintiffs' countries.  Because this evidence was not reasonably available to Apple when it filed its original motion to dismiss, the declarations provide an independent basis to grant Apple leave to file its motion for reconsideration.

Under Local Civil Rule 7-9(b), leave to file a motion for reconsideration is appropriate where the moving party establishes that a "material difference in fact or law exists from that which was presented to the Court" and that the movant did not know of such fact or law "in the exercise of reasonable diligence." The additional foreign-law declarations submitted with Apple's motion reveal material differences between California law and the laws of non-U.S. Plaintiffs' countries that the Court did not previously have before it.  Apple was unable to prepare and submit these declarations with its motion to dismiss despite its diligent efforts.  Given the length of time needed to identify and retain local counsel, the limited availability of Apple's foreign-law experts, and the logistics of working around international time-zones and multiple languages, Apple was unable to prepare declarations for each of the forty countries listed in the Complaint in the one-month period between the setting of a briefing schedule and the date on which the motion to dismiss was due.  At the July 11, 2018, hearing, Apple explained to the Court that it would work diligently to gather foreign law declarations, but that it would nonetheless be unable to gather all declarations in time for the motion to dismiss briefing schedule, and the Court appreciated the logistical challenges of gathering these declarations.  (Hr'g Tr., July 11, 2018, at 9:17-10:3; 48:4-7.)  Given Apple's inability to submit these additional declarations at that time—despite its diligent efforts—Apple submits that these declarations meet the requirements of Local Civil Rule 7-9(b) and further support Apple's motion for reconsideration.

In short, Apple's declarations confirm that each of the non-U.S. countries has a fundamental policy interest in ensuring the enforcement of their laws for claims brought by consumers in their countries, regarding economic activity that occurred within their own borders.  The Court did not consider the

material facts included in the foreign law declarations, or recognize how application of California law to non-U.S. Plaintiffs' claims would undermine fundamental policy interests of these countries. Respectfully, these errors warrant reconsideration.

3. Even if the Court were to conclude that Plaintiffs' claims depend in some way on the SLA, that would not negate the fact that the claims also implicate the Hardware Warranty. At best for Plaintiffs, their arguments regarding the SLA would show only that their claims implicate both agreements. And if Plaintiffs' claims arise out of both the SLA and Hardware Warranty, then the parties did not reach a definitive agreement on which law should govern their claims. In this circumstance, the next step would be to "analyze the governmental interests of the various jurisdictions involved to select the most appropriate law." *Washington Mut. Bank, FA v. Super. Ct.*, 15 P.3d 1071, 1077 (Cal. 2001) (noting this analysis applies "when there is no advance agreement on applicable law, but the action involves the claims of residents from outside California").

Under California's governmental-interest test, Plaintiffs' claims are governed by the law of the country where the Apple device was purchased. *First*, Apple submitted Rule 44.1 foreign law declarations explaining that the laws of non-U.S. Plaintiffs' countries are materially different than California, but the Court did not address this evidence. Each of these countries has its own unique, robust set of laws that govern consumer claims. *Second*, non-U.S. Plaintiffs' countries have an interest in having their laws apply to alleged injuries that occurred within their borders, as well as in striking their own balance between consumer protection and a favorable business climate for companies doing business in their countries. *Third*, non-U.S. Plaintiffs' countries have the predominant interest in having their law applied to non-U.S. Plaintiffs' claims because the "wrong" at issue in those claims occurred not in California but in those countries. Accordingly, even assuming the parties reached no advance agreement on the law applicable to Plaintiffs' claims, the law of each customer's country of purchase—not the law of California—would apply.

In sum, leave to file a motion for reconsideration of the Court's choice-of-law ruling is appropriate in light of the failure to consider material aspects of the parties' SLA and Hardware Warranty agreements and the existence of a material difference in fact and law from what was presented to the Court, as reflected in the additional expert declarations accompanying the motion for reconsideration, which Apple did not

7

have at that time despite the exercise of reasonable diligence.

**B.    Prompt Reconsideration Is Warranted Because Of The Immediate Negative Impact Of The Court's Ruling.**

The Court should promptly reconsider its choice-of-law ruling, rather than waiting to revisit the choice-of-law determination at a later stage of this litigation.  The Court's decision creates the potential for an unprecedented worldwide class of hundreds of millions of consumers and erects a substantial hurdle to the efficient management and the potential resolution of this litigation.  For example, the Court's ruling opens the door to discovery across forty foreign countries with vastly different discovery systems.  Although Plaintiffs have agreed to defer any discovery related to non-U.S. Plaintiffs until after the parties' mediation in January, they have not agreed to defer such discovery until after this Court has ruled on class certification.  And although this Court observed that "it is not even clear that Plaintiffs will propose inclusion of foreign citizens in the class" (Dkt. 219 at 8), Plaintiffs have explained in the parties' meet-and-confer discussions that they do not intend to drop non-U.S. claimants from the proposed classes in the forthcoming amended complaint.  Accordingly, discovery related to non-U.S. Plaintiffs named in the Complaint will occur before class certification.  This imposes an extraordinary burden on Apple and will likely embroil the Court in thorny issues of cross-border discovery, which could be avoided if the Court were to reconsider its choice-of-law ruling.

**IV.    CONCLUSION**

For the reasons detailed above, Apple respectfully requests the Court grant it leave to file a motion for reconsideration of the portion of its October 1, 2018, Order concluding that California law governs non-U.S. Plaintiffs' claims.

Dated: November 15, 2018

Respectfully submitted,

By:  ____*/s/ Christopher Chorba*_____
     Christopher Chorba

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I, Christopher Chorba, hereby certify that on November 15, 2018, the foregoing **MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** and attachments thereto were filed electronically through the CM/ECF system, copies of which were sent by First Class Mail to the following addresses and anyone else unable to accept them via the electronic filing system:

Abdul Mohammed
258 East Bailey Rd Apt. C
Naperville, IL 60565

Andrew Kierstead
Hobson Bernardino & Davis LLP
444 South Flower Street
Suite 3100
Los Angeles, CA 90071

Anthony Oliver
1502 Benton Blvd, Apt. #5108
Savannah, GA 31407

Brian Hogue
103158
c/o ISC C
H-3
P.O. Box 70010
Boise, ID 83707

Cathleen M. Combs
Edelman Combs Latturner & Goodwin, LLC
120 South LaSalle Street
18th Floor
Chicago, IL 60603

Noah Benjamin Novogrodsky
Univ Toronto/Faculty Of Law
84 Queen's Park
Toronto ON M5S 2C5

Peter Wasylyk
Hobson Bernardino & Davis, LLP
444 South Flower Street, Suite 3100
Los Angeles, CA 90071

Randall Robinson Renick

9

Hadsell, Stormer, Richardson & Renick, LLP
128 N. Fair Oaks Ave.
Pasadena, CA 91103

Richard Brian Rosenthal
Law Offices of Richard B. Rosenthal, PA
169 E Flagler St. Ste 1422
Miami, FL 33131-1212

Richard I Woolf
Boyle Brasher LLC
One Metropolitan Square
211 North Broadway, Suite 2300
St. Louis, MO 63102

Richard S. Wayne
Strauss & Troy
Federal Reserve Building
150 E. Fourth St.
Cincinnati, OH 45202-4018

Steven Saul
Eggnatz Pascucci
5400 S. University Drive, Ste. 417
Davie, FL 33328

By:      */s/ Christopher Chorba*
Christopher Chorba

**DEFENDANT APPLE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**
CASE NO. 5:18-MD-02827-EJD