THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

G. CHARLES NIERLICH, SBN 196611
  gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:   415.393.8200
Facsimile:    415.374.8458

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge:           Hon. Edward J. Davila<br>Hearing Date:  March 7, 2019<br>Hearing Time:  10:00 a.m. |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Apple opposes Plaintiffs' Request for Judicial Notice (Dkt. 281, the "RJN"). According to well-settled law, Plaintiffs are not permitted to amend their complaint through an opposition to a motion to dismiss. Yet the RJN purports to supplement the allegations in the Second Amended Complaint ("SAC") by attaching documents, and referring to matters, not alleged in that pleading. These improperly-submitted documents do not address, much less cure, any deficiency in the SAC. The Court should refuse to consider the documents and reject Plaintiffs' RJN in its entirety.

## II. THE LEGAL STANDARDS GOVERNING REQUESTS FOR JUDICIAL NOTICE

In evaluating the sufficiency of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "as a general rule, 'a district court may not consider any material beyond the pleadings.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)); *accord Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Courts regularly refuse to permit plaintiffs to avoid dismissal by raising new allegations in opposition to a motion to dismiss. *See*, *e.g.*, *Taxpayers of U.S. v. Bush*, No. 03-03927-SI, 2004 WL 3030076, at *4 n.5 (N.D. Cal. Dec. 30, 2004) (refusing to consider allegations raised in plaintiffs' opposition papers and granting motion to dismiss); *Reiger v. Altris Software, Inc.*, No. 98-528, 1999 WL 540893, at *6 n.7 (S.D. Cal. Apr. 30, 1999) (ignoring allegations that did not appear in the operative complaint, but were included for the first time in an opposition to a motion to dismiss).

Similarly, courts routinely reject requests for judicial notice of documents neither referenced nor relied upon in the complaint on the basis that doing so is an improper attempt to amend the complaint. *See*, *e.g.*, *Shurkin v. Golden State Vintners, Inc.*, No. 04-3434-MJJ, 2005 WL 1926620, at *6 (N.D. Cal. Aug. 10, 2005) (refusing to take judicial notice of a press release and a proxy statement filed with the SEC offered in support of plaintiff's opposition to a motion to dismiss, because "Plaintiff reference[d] this press release in his Opposition to Defendants' motion but not in his Complaint" and the proxy statement was "neither referenced nor relied upon in Plaintiff's Complaint").[1]

---

[1] *See also In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076–77 (N.D. Cal. 2003) (refusing to take judicial notice of two documents in support of plaintiffs' opposition to motion to dismiss when

Gibson, Dunn & Crutcher LLP

## III.     ARGUMENT

### A.     Apple's "Battery Service And Recycling" Webpages (Exs. 4-7)

Plaintiffs request judicial notice of four documents that are "versions of Apple's 'Battery Service and Recycling' webpage from 2014-2017 which are archived on the Internet Archive's Wayback Machine."  (RJN 1; Cotchett Decl. Exs. 4–7.)  However, Plaintiffs' SAC makes no mention of these webpages from these specific dates, nor does it allege that Apple made the statement "Your battery is designed to retain up to 80% of its original capacity at 500 complete charge cycles" at any point other than on the June 30, 2018 webpage.  Plaintiffs attempt to use their Opposition brief to "confirm that [this statement] is unchanged since at least December 2, 2014."  (MTD Opp. 19 n.23.)  But this attempt to "confirm" and allege additional facts is an improper attempt to amend their complaint, and is precisely the same attempt that was rejected in cases like *Shurkin* and *Calpine*.  Attaching these documents to an opposition brief does not change that "Plaintiffs do not plead when Apple made various representations" (MTD 8 n.2), much less salvage any of their claims.

Plaintiffs cite a handful of cases that purportedly support their request for judicial notice of Exhibits 4-7 because they are examples of courts taking judicial notice of content from the Internet Archive's Wayback Machine.  (RJN 1–2.)  But none of these cases involved a motion to dismiss for failure to state a claim, and therefore were not limited to matters alleged in the pleadings.  *See UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (taking judicial notice of images obtained through Wayback Machine in connection with a motion for summary judgment); *Dzinesquare, Inc. v. Armano Luxury Alloys, Inc.*, No. 14-01918, 2014 WL 12597154, at *3 (C.D. Cal. Dec. 22, 2014) (same); *In re Methyl Tertiary Butyl Ether (MBTE) Products Liab. Litig.*, MDL No. 1358, 2013 WL 6869410, at *4 n.65 (S.D.N.Y. Dec. 30, 2013) (same); *Erickson v. Nebraska*

---

"[n]either of these documents [was] referenced in the SAC, nor [did] any specific allegation in the SAC necessarily rely on them"); *Freeney v. Bank of Am. Corp.*, No. 15-02376, 2015 WL 4366439, at *17 (C.D. Cal. July 16, 2015) (A "party cannot cure pleading deficiencies by inserting the missing allegations in a document that is not either a complaint or an amendment." (punctuation omitted)); *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) ("Plaintiffs cannot utilize the [judicially noticeable SEC filings] to amend the complaint and defeat defendants' motions to dismiss"); *Durgin v. Sharer*, No. 07-3001, 2017 WL 2214618, at *4 (C.D. Cal. Jan. 10, 2017) ("Even documents properly subject to judicial notice, such as SEC filings, cannot be used to amend the Complaint.").

*Machinery Co.*, No. 15-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (taking judicial notice of webpages from Wayback Machine in considering Rule 12(b)(2) motion to dismiss or transfer on the basis of lack of personal jurisdiction); *United States ex rel. Hong v. Newport Sensors, Inc.*, No. 13-1164, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) (taking judicial notice of content from Wayback Machine on Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and noting "the Court is not restricted to the face of the pleadings" (quotation marks omitted)); *Tompkins v. 23andMe, Inc.*, No. 13-05682-LHK, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2014) (taking judicial notice of webpages in order granting motion to compel arbitration).

### B. Documents Produced In Discovery (Exs. 1-3)

Plaintiffs also seek judicial notice of an email produced by Apple in discovery. (Cotchett Decl. Ex. 3.) Again, the request is an improper attempt to amend the allegations contained in their pleading. Although one small portion of this email is referenced in SAC ¶ 374, Plaintiffs now request judicial notice of the entire email, without any explanation as to why the remainder is even relevant. *See Calpine*, 288 F. Supp. 2d at 1077 (refusing judicial notice of documents where plaintiffs provided "[n]o explanation" about the relevance or significance of the documents). In fact, as explained in Apple's concurrently filed Reply brief, the email does not remedy any of the pleading deficiencies in the SAC.

The same is true of Exhibits 1 and 2 to the Cotchett Declaration, which are text chains produced in discovery. Notably, Plaintiffs do not seek judicial notice of these documents, even though they attach them to, and repeatedly quote them in, their opposition brief. Plaintiffs provide no explanation as to why they seek judicial notice of some documents that Apple produced in discovery, but not others. Neither is the proper subject of judicial notice, and the Court should disregard these exhibits.

### IV. CONCLUSION

Apple respectfully requests that the Court deny Plaintiffs' Request for Judicial Notice in Support of Opposition to Defendants' Motion to Dismiss Plaintiffs' SAC.

DATED: February 25, 2019                GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ Christopher Chorba_____
        Christopher Chorba
*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I, Christopher Chorba, hereby certify that on February 25, 2019, the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** was filed electronically through the CM/ECF system, copies of which were sent by First Class Mail to the following individuals unable to accept them via the electronic filing system:

Abdul Mohammed
258 East Bailey Rd Apt. C
Naperville, IL 60565

Andrew Kierstead
Hobson Bernardino & Davis LLP
444 South Flower Street
Suite 3100
Los Angeles, CA 90071

Brian Hogue
103158
c/o ISC C
H-3
P.O. Box 70010
Boise, ID 83707

Cathleen M. Combs
Edelman Combs Latturner & Goodwin, LLC
120 South LaSalle Street
18th Floor
Chicago, IL 60603

Noah Benjamin Novogrodsky
Univ Toronto/Faculty Of Law
84 Queen's Park
Toronto ON M5S 2C5

Peter Wasylyk
Hobson Bernardino & Davis, LLP
444 South Flower Street, Suite 3100
Los Angeles, CA 90071

Randall Robinson Renick
Hadsell, Stormer, Richardson & Renick, LLP
128 N. Fair Oaks Ave.
Pasadena, CA 91103

Richard Brian Rosenthal
Law Offices of Richard B. Rosenthal, PA
169 E Flagler St. Ste 1422
Miami, FL 33131-1212

Richard I Woolf
Boyle Brasher LLC
One Metropolitan Square
211 North Broadway, Suite 2300
St. Louis, MO 63102

Richard S. Wayne
Strauss & Troy
Federal Reserve Building
150 E. Fourth St.
Cincinnati, OH 45202-4018

Steven Saul
Eggnatz Pascucci
5400 S. University Drive, Ste. 417
Davie, FL 33328

By: _____*/s/ Christopher Chorba*_____
　　　　　Christopher Chorba