THEODORE J. BOUTROUS JR., SBN 132099
   tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
   cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
   tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
   tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

G. CHARLES NIERLICH, SBN 196611
   gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8200
Facsimile:  415.374.8458

Attorneys for Defendant,
APPLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:  APPLE INC. DEVICE PERFORMANCE LITIGATION** | CASE NO. 5:18-md-02827-EJD<br><br>**DECLARATION OF CHRISTOPHER CHORBA IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SANCTIONS** |

I, Christopher Chorba, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Defendant Apple Inc. I submit this declaration in support of Apple's Motion for Sanctions. I have personal knowledge of the facts set forth in this Declaration unless otherwise noted, and if called as a witness, I could and would testify to those facts.

2. On March 7, 2019, the parties to this action appeared before Your Honor for oral argument on Apple's Motion to Dismiss Plaintiffs' Second Consolidated Amended Complaint. (Dkt. 271-4.) I argued the motion on Apple's behalf. Joseph Cotchett and Mark Molumphy of Cotchett, Pitre & McCarthy LLP argued for Plaintiffs.

3. During argument, Mr. Cotchett and Mr. Molumphy each discussed and quoted from documents that Apple has produced in this litigation and that were marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order entered into by the parties and ordered by the Court. (Dkt. 224 (Protective Order).)

4. Plaintiffs filed some of these documents under seal as attachments to Mr. Cotchett's declaration in support of Plaintiffs' opposition to Apple's motion to dismiss. (Dkts. 279-4, 279-6, 279-8.)

5. Mr. Cotchett and Mr. Molumphy publicly discussed and quoted the content of these confidential documents in open court without prior notice to the Court, as required by the Protective Order. (*See* Protective Order at 24, § 14.7 ("A Party who seeks to introduce Protected Material at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.").)

6. Neither Mr. Cotchett nor Mr. Molumphy provided notice to Apple, myself, or any other Gibson Dunn attorney about their intention to disclose this material at the hearing. Although I spoke with Mr. Cotchett shortly before the hearing, he did not disclose at that time that he intended to cite or quote these confidential documents. Instead, Mr. Cotchett asked me if we had another mediation scheduled before the Hon. Layn Phillips. My colleague, G. Charles Nierlich, was also sitting next to me when Mr. Cotchett approached me.

7. At the time of the hearing, Plaintiffs had not challenged Apple's confidentiality designations on the documents in question pursuant to the agreed-upon, Court-ordered procedure outlined in the Protective Order. (Protective Order at 12, §§ 7.1, 7.2.)

8. The day after the hearing (March 8), I sent Mr. Cotchett and Mr. Molumphy a letter reiterating the Protective Order violations. A true and correct copy of this letter is attached as Exhibit A.

9. Mr. Cotchett sent me a letter in response on March 12, 2019, denying that either he or Mr. Molumphy had violated the Protective Order and threatening retaliatory sanctions if Apple pursued its rights under the Protective Order. A true and correct copy of this letter is attached as Exhibit B. Exhibit B contains one sentence that has been partially redacted to maintain the confidentiality of material quoted from a document designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. The quoted material is the subject of two pending motions to seal. (Dkts. 279, 311, 311-4.)

10. I sent a response to Mr. Cotchett on March 13, 2019, pointing out the factual and legal misstatements in his letter. A true and correct copy of this letter is attached as Exhibit C.

11. Mr. Cotchett sent me a second letter in response on March 15, 2019, reiterating his position without responding to the points in my March 13th letter. A true and correct copy of this letter is attached as Exhibit D.

12. Prior to the entry of the Protective Order, during a meet and confer on August 3, 2018, counsel for Plaintiffs agreed to receive documents from Apple on an "Attorneys' Eyes Only" basis, pending stipulation to and entry of a protective order.

13. In an email on August 6, 2018, David A. Straite of Kaplan Fox & Kilsheimer LLP, Interim Co-Lead Counsel for Plaintiffs, confirmed that Plaintiffs would agree to receive the documents produced by Apple on an "Attorneys' Eyes Only" basis. A true and correct copy of this correspondence is attached as Exhibit E. Further, during a hearing on July 11, 2018, regarding discovery taken before the entry of the Protective Order, Plaintiffs' counsel stated that "to the extent that there are confidentiality concerns, which Mr. Chorba also raised at the last CMC, we're happy to deal with those

1  of course, but on an expedited basis.  We can deal with them by receiving the documents on an
2  attorneys' eyes only basis." (Dkt. 167 (July 11 Hr'g Tr.) at 28.)

3      14.    On April 2, 2019, I met and conferred with Plaintiffs' counsel regarding their violations
4  of the Protective Order and the relief that Apple would seek in this Motion.  After discussion, we were
5  unable to reach an agreement regarding the Motion.

6      15.    The next day, I corresponded via email with Plaintiffs' counsel on proposed hearing
7  dates.  I proposed May 9 (the earliest possible date) and May 23 (the next available date, according to
8  the Court's online calendar).  Mr. Molumphy responded on behalf of Plaintiffs' counsel and requested
9  May 30 or June 6.

10      16.    After responding to Plaintiffs' counsel and confirming the May 30 date, I emailed the
11  Courtroom Deputy of this Court to schedule the hearing, copying Plaintiffs' counsel.  Mr. Molumphy
12  replied to that email and told the Deputy Clerk that there had been no meet and confer regarding the
13  proposed relief and that Apple should not be permitted to file its Motion until Plaintiffs' disputes
14  regarding Apple's confidentiality designations were resolved by the Special Discovery Master.

15      17.    Mr. Molumphy's statement that there has been no meet and confer is false.  As set forth
16  above, the parties exchanged correspondence shortly after the March 7 hearing.  In addition, the parties
17  conferred telephonically on April 2, during which I advised Mr. Molumphy (and David Straite) that
18  Apple intended to file a Motion for Sanctions arising out of Mr. Cotchett's and Mr. Molumphy's
19  violations of the Protective Order at the March 7 hearing, and that Apple would be seeking to terminate
20  Mr. Cotchett and Mr. Molumphy as Interim Co-Lead Counsel.  We discussed on that call and in
21  follow-up correspondence a date for hearing the Motion.

22      18.    On April 7, Mr. Molumphy sent me a letter claiming that there had been no meet and
23  confer on Apple's anticipated Motion, and proposed a new stipulated order to address the protocol for
24  sealing a hearing.  Mr. Molumphy's proposed order also revises the requirements of Section 14.7 of
25  the Protective Order to alleviate the party introducing confidential material from the burden of advising
26  the Court of the material's confidential designation at the time the material is introduced at a hearing,
27  so long as that party had already filed that material in connection with a pleading.
28

19. I responded to Mr. Molumphy's letter on April 8, explaining that the dispute between the parties was not about how to treat confidential materials at hearings, as that was already addressed by the Protective Order, but rather about Mr. Cotchett's and Mr. Molumphy's violations of the Protective Order at the March 7 hearing and the appropriate remedy for those violations. I reiterated that there had already been a meet and confer on April 2–3 and in the previous exchanges following the March 7 hearing.

20. There has been no suggestion by either Mr. Cotchett or Mr. Molumphy that they would agree to the relief requested by Apple, and they have continued to categorically deny any violations of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th of April, 2019, at Los Angeles, California.

_____
CHRISTOPHER CHORBA