United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD<br><br>**ORDER RE MOTION TO SEAL SECOND AMENDED COMPLAINT AND RE PROCEDURE FOR MOTIONS TO SEAL**<br><br>Re: Dkt. No. 279, 304, 311 |

The Court presently considers the parties' Joint Administrative Motion to File Plaintiffs' Second Amended Complaint ("SAC") Under Seal. Dkt. 304. The Court does not consider the substance of the other motions to seal currently pending. Dkt. 279, 311. For the reasons discussed herein, the Court grants in part and denies in part this Motion. The Court also provides instruction to the parties on how they should prepare motions to seal going forward. In light of the new instructions and this Order as to specific portions of the SAC sought to be sealed, the other motions to seal are hereby denied without prejudice. After meeting and conferring in good faith, the parties shall re-rile those motions to seal as described below.

This Motion is the parties' second attempt to seal the SAC. The Court denied without prejudice the previous motion to seal the SAC. Dkt. 243, 290. In the prior order, the Court considered authorities holding that, for documents like the SAC that are more than tangentially related to the underlying action, there exists "strong presumption in favor of access," but courts should still seal where there are "compelling reasons supported by specific factual findings" for doing so. Dkt. 290 at 1-2 (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016)).

Case No.: 5:18-md-02827-EJD
ORDER RE MOTIONS TO SEAL

1

The Court denied that motion because it was overly broad. Dkt. 290. The Court declined to examine the proposed redactions, but instead sought to provide guidance to the parties stating that the following categories of redactions were too broad: "general descriptions of how lithium-ion batteries function; titles of sections that do not disclose any confidential information; the existence of other investigations regarding Apple's conduct; and general descriptions of plaintiffs' allegations." *Id.* at 2. In the Order denying the motion to seal portions of the motion to dismiss, the Court provided further guidance, finding that "Apple seeks to seal generalized allegations regarding its conduct. For example, Apple seeks to seal Plaintiffs' allegation that '[Apple's] representation was plainly intended to convey to consumers that the battery in their Device was designed to continue to function as advertised for approximately 500 days.'" Dkt. 291 at 2.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). But, the party seeking to seal materials may show compelling reasons where their disclosure "could be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (quoting *Nixon*, 435 U.S. at 598). To make this showing, the moving party must provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Opperman v. Path, Inc.*, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017). Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman*, 2017 WL 1036652; *Lucas*, 2016 WL 5464549; *Rodman v. Safeway Inc.*, 2015 WL 13673842 (N.D. Cal. Aug. 4, 2015). However, courts should exercise caution not allow these exceptions swallow the strong presumption in favor of disclosure. "There fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation

Case No.: 5:18-md-02827-EJD
ORDER RE MOTIONS TO SEAL

2

will not, without more, compel the court to seal its records." *Lucas*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (quoting *Kamakana*, 447 F.3d at 1179).

Here, the parties have not agreed how much of the SAC should be sealed and are not close to agreement. Apple has proposed redactions to about 40 paragraphs. Plaintiffs agree that one portion of one paragraph meets the compelling reasons standard and opposes the other redactions. Both parties overreach. Google, again, seeks to seal "generalized allegations regarding its conduct" as well as other material that does not meet the compelling-reasons standard. But Plaintiffs oppose sealing material that would have a negative impact on Google's competitive standing in the market if disclosed.

The Court now ORDERS as follows as to the particular portions of the SAC that Apple seeks to seal:

| Paragraph, Page, and Line Numbers | Ruling |
|---|---|
| ¶3, 1:15, 17, 18 | GRANTED. It is appropriate to seal material pertaining to ongoing investigations. *See In re Hewlett-Packard Co. S'holder Derivative Litig.*, 2015 WL 8570883, at *6 (N.D. Cal. Nov. 18, 2015). |
| ¶4, 2:1-2 | DENIED. This material relates to the Plaintiffs' general allegations against Apple. |
| ¶5, 2:4-8 | DENIED as to the first sentence. The first sentence relates to Plaintiffs' general allegations against Apple. GRANTED as to the remainder of the paragraph. The rest of the paragraph relates to specific information concerning Apple's internal and confidential procedures and engineering details. |
| ¶6, 2:9-13 | DENIED. This material relates to the Plaintiffs' general allegations against Apple. |
| ¶9, 2:20-23 | DENIED. This material concerns external communications and relates to Plaintiffs' general allegations against Apple and external communications. |
| ¶10, 2:24-27, 3:1-2 | GRANTED as to the first sentence. This sentence relates to Apple's internal procedures and decision making. DENIED as to the second sentence. The second sentence relates to Plaintiffs' general allegations against Apple. |
| ¶12, 3:6 | DENIED. This material relates to Plaintiffs' general allegations against Apple. |

| Paragraph, Page, and Line Numbers | Ruling |
|---|---|
| ¶14, 3:16 | GRANTED. This material relates to Apple's internal research and development information. |
| ¶369, 126:7-12 | DENIED as to the first sentence. The first sentence relates to Plaintiffs' general allegations against Apple. GRANTED as to the rest of the paragraph. This material relates to Apple's internal research and development information. |
| ¶371, 126:17-19 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶373, 127:1-3 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶374, 127:7-8 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶375, 127:10-14 | DENIED. This material concerns external communications and relates to Plaintiffs' general allegations against Apple and external communications. |
| ¶376, 127:15-21 | GRANTED. This material concerns Apple's internal procedures and business strategy decisions. |
| ¶377, 127:22-26 | GRANTED. This material concerns Apple's internal procedures and business strategy decisions. |
| 128:28 (n.39) | GRANTED. This material concerns specific and confidential engineering and technical information. |
| ¶383, 130:4-7 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶384, 130:9-11 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶385, 130:12-16 | DENIED. This material relates to the Plaintiffs' general allegations against Apple. |
| ¶386, 130:17-20 | GRANTED. This material concerns Apple's confidential commercial information and strategy decisions. |
| ¶387, 130:21-27 | DENIED as to the first sentence. The first sentence concerns external communications. GRANTED as to the second sentence. The second sentence concerns Apple's internal research and development. |
| ¶388, 131:3-7 | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |

| Paragraph, Page, and Line Numbers | Ruling |
|---|---|
| ¶389, 131:8-14 | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |
| ¶390, 131:15-24 | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |
| 131:28 (n.46) | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |
| ¶391, 132:1-6 | GRANTED. This material concerns Apple's internal research and development. |
| ¶392, 132:7-12 | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |
| ¶393, 132:14-15 | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |
| ¶394, 132:16-18 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶395, 132:19-21 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| 132:25-28 (n.47) | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |
| ¶396, 133:1-4 | GRANTED. This material concerns Apple's internal research and development, its engineering and technical information, and its internal strategy decisions. |
| ¶397, 133:5-12 | GRANTED. This material concerns Apple's internal research and development. |
| ¶398, 133:13-15 | GRANTED. This material concerns Apple's internal research and development. |
| ¶399, 133:16-18 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶400, 133:19-22 | DENIED. This material concerns external communications and relates to Plaintiffs' general allegations against Apple and external communications. |
| ¶401, 133:26, 134:1-2 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶403, 134:11-13 | GRANTED. This material concerns Apple's internal commercial, research and development information. |

| Paragraph, Page, and Line Numbers | Ruling |
|---|---|
| ¶404, 134:15-20, 135:1-11 | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |
| ¶405, 135:12-13 | GRANTED. This material concerns Apple's internal research and development information. |
| ¶406, 135:17-19 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶407, 135:20-26 | GRANTED. This material concerns Apple's internal research and development, and its engineering and technical information. |
| ¶408, 136:1 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |
| ¶409, 136:9-11 | DENIED. This material relates to the general factual allegations underlying Plaintiffs' claims. |

The Court further ORDERS that pursuant to with Civil Local Rule 79-5(f), Plaintiffs shall file a revised redacted version of the SAC that complies with this Order within seven days.

The Court further ORDERS that the parties are to comply with the following procedural instructions for all future motions to seal. The standards for sealing laid down in case law, the law of the case, and the Civil Local Rules still apply. The parties shall:

1. First, meet and confer in good faith as to whether to seal each specific portion of a document at issue.
2. If the parties cannot come to an agreement as to one or more specific portions of a document, they shall prepare a Joint Motion Regarding Sealing.
   a. Each party may include limited general argument in this body of Joint Motion, such as which standard the Court should apply.
   b. The Joint Motion shall include a table setting out the following for each portion sought to be sealed: the ECF number of the document in which it appears, the pincite, the supporting party's argument for that specific portion, and the opposing party's argument, if any, for that specific portion.
      i. For each specific portion, the supporting party shall cite particular facts

from the Civil Local Rule 79-5(d)(1)(A) declaration or elsewhere in the record, case law, the Civil Local Rules, and the law of the case to support its argument. The opposing party may do so as well, or simply argue that the moving party has not met its burden.

ii. The table shall have the following format:

| ECF Number and Pincite of Specific Portion | Supporting Party's Argument | Opposing Party's Argument |
|---|---|---|
|  |  |  |

3. Absent good cause, the Court will not consider any filings beyond the Joint Motion in connection with sealing a particular portion of a document.

4. The provisions of Civil Local Rule 79-5, including 79-5(d)(1)(A)-(D), shall otherwise apply to each Joint Motion Regarding Sealing.

The Court further ORDERS that the other motions to seal currently pending (dkt. 279, 311) are denied without prejudice. In light of the Court's ruling as to specific portions of the SAC, the parties are to meet and confer as to the sealing of Plaintiffs' Opposition to the Motion to Dismiss the Second Amended Complaint and of the transcript of the March 7, 2019 hearing. Within 10 days of the date of this Order, the parties shall file separate Joint Motions Regarding Sealing for each of those documents.

**IT IS SO ORDERED.**

Dated: April 22, 2019

EDWARD J. DAVILA
United States District Judge