UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD<br><br>**ORDER OVERRULING APPLE'S OBJECTIONS TO SPECIAL DISCOVERY MASTER'S ORDER AND DENYING MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 326, 326-3 |

## I. Introduction and Background

Apple has filed Motion to Shorten Time, and Objections to Special Discovery Master's Order and Motion for Protective Order. Apple's primary request is for an order prohibiting two of Plaintiffs' counsel from viewing or accessing Protected Material that the Special Discovery Master has ordered Apple to produce. Plaintiffs do not oppose the motion to shorten time, but they do oppose Apple's objections and motion for protective order. The Court grants the motion to shorten time and now takes Apple's objections and motion for protective order under submission. Having considered the parties' respective arguments and the Special Discovery Master's order at issue (Special Discovery Master's Order No. 8, Dkt. 323 (the "Discovery Order")), the Court overrules Apple's objections and denies the motion for protective order. Apple is ordered to comply with the Discovery Order.

The present question before the Court arises from the March 7, 2019 hearing on Apple's motion to dismiss the second amended complaint. At the hearing Plainitffs' counsel Joseph W. Cotchett and Mark C. Molumphy read aloud from documents that Apple contends were appropriately designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *See*

*generally* Apple's Motion for Sanctions, Dkt. 313 ("Sanctions Motion"). Apple subsequently moved the Court for sanctions—to terminate Mr. Cotchett and Mr. Molumphy as Interim Co-Lead Counsel and to prohibit them from accessing Apple's discovery that qualifies as Protected Material under these cases' Protective Order. *See generally id*; *see* Dkt 224 § 2.13. That motion is set for hearing before this Court on May 30, 2019. *Id*. After the March 7 hearing, Apple ceased producing Protected Material pending resolution of the Sanctions Motion, and later offered to produce Protected Material only if Plaintiffs agreed that Mr. Cotchett and Mr. Molumphy would not view Protected Materials until the Court rules on the Sanctions Motion. Feinstein Decl. ¶ 3. The parties briefed and argued this issue before the Special Discovery Master Judge Westmore on April 29, 2019. Mulomphy Decl. ¶ 18. On May 1, 2019, Judge Westmore issued the Discovery Order directing Apple to resume its document production on May 7, 2019. Discovery Order at 2. Apple now objects to the Discovery Order and asks the Court to issue a protective order prohibiting Mr. Cotchett and Mr. Mulomphy from accessing Apple's Protected Material until the Court resolves on the Sanctions Motion.

## II. Discussion

Under Federal Rule of Civil Procedure and the Order appointing Judge Westmore as the Special Discovery Master, the standard of review for Judge Westmore's procedural orders is for "abuse of discretion." Fed. R. Civ. P. 53(f)(5); Dkt. 188 ¶ 16. "An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Oregon Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (quotation and citation omitted). A reviewing court should only reverse for abuse of discretion where it is "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011) (quotation and citation omitted). So long as the law was properly applied, a decision that "falls within a broad range of permissible conclusions" is not an abuse of discretion. *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010). Apple does not dispute that the Court must review the Discovery Order for abuse of discretion. Mot. at 3.

Case No.: 5:18-md-02827-EJD
ORDER DENYING MOTION FOR PROTECTIVE ORDER
2

Apple's submission though proceeds as though the Court were conducting *de novo* review of the Discovery Order by analogizing the present circumstances to prior Northern District cases. Apple broadly asserts that it faces "severe harm or prejudice" by producing Protected Material that Mr. Cotchett and Mr. Mulomphy will be able to access, but its does not identify any such harm or prejudice. Mot. at 3. Mr. Cotchett and Mr. Mulomphy's alleged violation of the protective order took place at a single hearing. Apple does not contend that they have disclosed Protected Material on other occasions. No further hearings are set prior to the hearing on the Sanctions Motion. While Apple may feel that it "lacks assurance" they will respect the protective order (*id.*), that does not show that Judge Westmore abused her discretion.

Nor will Mr. Cotchett and Mr. Mulomphy's access to Protected Materials produced on or after May 7 undermine their position as to their Sanctions Motion. The Court will not construe any waiver on Apple's behalf. The question of whether the Court will grant Apple's requested relief to prohibit Mr. Cotchett and Mr. Mulomphy from accessing any further Protected Material following the hearing on the Sanctions Motion remains open. The Court does not find that Judge Westmore abused her discretion by ordering Apple to resume its document production without a protective order prohibiting Mr. Cotchett and Mr. Mulomphy from accessing Protected Material.

### III. Conclusion and Order

Accordingly, the Court overrules Apple's objections to the Discovery Order and denies the motion for protective order. Apple shall resume its document production no later than May 7, 2019.

**IT IS SO ORDERED.**

Dated: May 6, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-md-02827-EJD
ORDER DENYING MOTION FOR PROTECTIVE ORDER
3