UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD<br><br>**ORDER RE MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 313 |
|---|---|

The Court expressed its disappointment with the parties, and with Mr. Cotchett and Mr. Molumphy in particular, at the hearing held on May 30, 2019. This order follows.

Apple moves the Court to disqualify Mr. Cotchett and Mr. Molumphy as Co-Lead Counsel for Plaintiffs and to prohibit them from accessing material produced and designated by Apple as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the stipulated protective order ("Protected Material"). *See* Dkt. No. 224 (the "Protective Order"). At oral argument, Apple requested that, in the alternative, the Court at least fashion a strong sanction to "send[] a message." *See* May 30, 2019 Hr'g. Tr. at 18:1-5. The allegations underlying Plaintiffs' claims, which are not pertinent to this motion, are recounted in the Court's previous orders on Apple's motions to dismiss. *See* Dkt. Nos. 219, 315.

A court may disqualify counsel when that court finds "(1) a clear violation of the professional rules of conduct, (2) which affects the public view of the judicial system or the integrity of the court, and (3) which is serious enough to outweigh the parties' interests in counsel of their choice." *Hernandez v. Best Buy Stores, L.P.*, 2015 WL 7176352, at *3 (S.D. Cal. Nov. 13,

2015) (citations omitted). Sanctions under Federal Rule of Civil Procedure 37 are appropriate "where a party has violated a discovery order, including a protective order." *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 1600393, at *8 (N.D. Cal. May 7, 2012). "A court need not find bad faith before imposing sanctions for violations of Rule 37." *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009). "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37, if a party or its attorney: . . . fails to obey a . . . pretrial order." Fed. R. Civ. P. 16(f)(1). A court may also "may issue sanctions under its inherent power, but only upon a showing of bad faith." *Life Techs.*, 2012 WL 1600393, at *9.

The relevant facts are these: On August 6, 2018, Apple made a document production to Plaintiffs that included Protected Material. In this production were three documents with the production numbers APLIOSMDL00152101, APLIOSMDL01274352-APLIOSMDL01274356, and APLIOSMDL05752553-APLIOSMDL05752556 (the "Confidential Documents"). Apple designated the Confidential Documents as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. On February 14, 2019, Plaintiffs filed a declaration by Mr. Cotchett in support of their Opposition to Apple's Motion to Dismiss the Second Amended Complaint. Dkt. No. 280-1. Plaintiffs attached the Confidential Documents as exhibits. Dkt. Nos. 280-1, 280-2, 280-3, 280-4. They filed a Motion to Seal the Confidential Documents. Dkt. No. 279. The Court had not ruled on the Motion to Seal when the parties appeared for the March 7, 2019 hearing on Apple's Motion to Dismiss the Second Amended Complaint.

During that hearing, Mr. Molumphy referenced facts that, Apple contends, were only available to Mr. Molumphy through Protected Material. *See, e.g.*, Mar. 7, 2019 Hr'g. Tr. at 20:1-9. Mr. Cotchett also spoke at the hearing. He prefaced his substantive remarks:

> WHAT COUNSEL IS ARGUING HERE IS ESSENTIALLY WHEN YOU CUT THROUGH ALL OF IT, IS THAT THE CLAIMS THAT WE HAVE MADE ARE NOT FACTUALLY THERE. I SUBMITTED A DECLARATION AND THE DECLARATION IS VERY, VERY IMPORTANT HERE BECAUSE ALTHOUGH THIS IS NOT A SUMMARY JUDGMENT PROCEEDING, IT'S A CLAIM BY COUNSEL, RESPECTFULLY, THAT WE HAVE NOT PLED A CASE THAT FITS WITHIN THE LAW. SO I WANT TO JUST

Case No.: 5:18-md-02827-EJD
ORDER RE MOTION FOR SANCTIONS
2

> QUICKLY -- THE REASON I SUBMITTED A DECLARATION IN SUPPORT HERE IS TO SHOW YOU OF ALL OF THE DOCUMENTS THEY HAVE SUBMITTED TO SHOW YOU JUST THE TIP OF THE ICEBERG, AND I WANT TO TAKE 30 SECONDS TO QUICKLY GO OVER THAT.

*Id.* at 27:18-28:3. He then disclosed Protected Material including quoting directly from the Confidential Documents. After he spoke, Apple's counsel asked to designate the entire hearing transcript as CONFIDENTIAL under the Protective Order until Apple's counsel could move to seal portions of the transcript disclosing Protected Material. *Id.* at 31:1-12.

Section 14.7 of the Protective Order governs the introduction of Protected Materials on the docket and at hearings. It provides:

> Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in these Actions. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. A Party who seeks to introduce Protected Material at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the Party who designated the information as Protected Material requests the protection be continued, the Court will review the information to determine if the information is entitled to continued protection. Prior to disclosure of Protected Material at a hearing, the Producing Party may seek further protections against public disclosure from the Court.

At the May 30, 2019 hearing on this motion, Apple's counsel requested that Plaintiffs give the Court notice if they intended to refer to Protected Material. May 30, 2019 Hr'g. Tr. at 4:8-15. But when Mr. Cotchett argued, he again began to disclose Protected Material by reading from the March 7, 2019 hearing transcript without providing prior notice to the Court. *Id*. at 21:20-24. The Court and Apple's counsel had to interrupt Mr. Cotchett to stop him from further disclosing Protected Material. *Id.* at 21:25-22:5. Mr. Cotchett conceded that the portion of the March 7, 2019 hearing transcript that he was quoting contained Protected Material. *Id.* at 22:6-9. Later, Mr. Cotchett characterized the instant dispute as "silliness." *Id.* at 25:14-17; *see also id.* at 27:20-22.

Apple argues that Mr. Cotchett and Mr. Molumphy's disclosure of Protected Material was knowing and willful, and warrants a strong sanction to maintain the integrity of the Court and of

Case No.: 5:18-md-02827-EJD
ORDER RE MOTION FOR SANCTIONS

3

the Protective Order, and to reassure Apple and other litigants that they can trust the Court to protect sensitive information. Mot. at 2-3, 15-18; *see, e.g.*, May 30, 2019 Hr'g. Tr at 11:7-12, 18:1-5. Specifically, Apple contends that § 14.7 obligated Mr. Cotchett and Mr. Molumphy to notify the Court that they intended to discuss Protected Material at the time that they made statements at issue. Plaintiffs respond that this dispute arises from a disagreement over how § 14.7 should be interpreted and implemented. They argue that Mr. Cotchett and Mr. Molumphy satisfied § 14.7 by filing excerpts of Protected Material, including the Confidential Documents, under seal: "Plaintiffs' prominent inclusion and introduction of this information in their Opposition briefing, and filing these same documents under seal prior to the Hearing, was sufficient to advise the Court and Apple that this information would be used at the Hearing meant to consider these very briefs, arguments, allegations and supporting evidence . . . ." Opp'n at 13. At the hearing in this motion, Mr. Cotchett expanded on this point, saying that he had put the Court on notice by stating that he intended to discuss the documents attached to his declaration. May 30, 2019 Hr'g. Tr. at 25:1-8. It was therefore the Court's obligation to understand that those documents had been filed under seal. *See id.*

Plaintiffs' interpretation of § 14.7 is contrary to its the plain language. Section 14.7 requires a party introducing Protected Material at a hearing to "advise the Court at the time of introduction that the information sought to be introduced is protected." Merely filing Protected Material under seal in advance of a hearing—while required—does not discharge a party's additional obligation to "advise the Court at the time of introduction" that it intends to introduce Protected Material.

To eliminate any chance of future misunderstandings related to this question, the Court rules that under § 14.7 when a party seeks to introduce Protected Material—or information obtained through Protected Material—at a hearing, the introducing party must unambiguously inform the Court that the material it seeks to introduce is Protected Material. Mere reference to the docket numbers, the titles of documents, et cetera without a clear statement that the material to be introduced is Protected Material will be insufficient. Then, before continuing, the introducing

Case No.: 5:18-md-02827-EJD
ORDER RE MOTION FOR SANCTIONS
4

party must allow the party that designated the material an opportunity to state whether it requests that the designation continue. The introducing party must then allow the Court to decide whether to allow the material to be introduced, to seal the courtroom, or to take other action. This interpretation of § 14.7 will give effect the following sentences: "A Party who seeks to introduce Protected Material at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the Party who designated the information as Protected Material requests the protection be continued, the Court will review the information to determine if the information is entitled to continued protection. Prior to disclosure of Protected Material at a hearing, the Producing Party may seek further protections against public disclosure from the Court." Failure to comply with these instructions will be grounds for sanctions.

The Court now turns to Mr. Cotchett and Mr. Molumphy. Unlike Mr. Cotchett, Mr. Molumphy did not directly quote from Protected Material, but rather related information derived from Protected Material in an effort to describe how the Second Amended Complaint differed from the previous complaint. *See* May 30, 2019 Hr'g. Tr. at 33:17-23, 34:9-25. While the Court finds that his actions violated the Protective Order, the Court will give Mr. Molumphy the benefit of the doubt that his violation was not willful but arose out of a "difference in understanding as to § 14.7." *Id.* at 33:1-2. The facts relating to Mr. Cotchett are different though. Mr. Cotchett signed the administrative motion to file the Confidential Documents under seal, indicating that he knew they were Protected Material. Dkt. No. 279. At the March 7, 2019 hearing, he quoted directly from them. And at the May 30, 2019 hearing—after the conferences between the parties on this matter and full briefing on the instant Motion for Sanctions—he again began to read aloud from Protected Material. Mr. Cotchett's actions, if not willful, display a fundamental lack of understanding of the Protective Order.

However, the Court finds that disqualifying Mr. Cotchett and Mr. Molumphy or prohibiting them from accessing Protected Material would be too severe a sanction at this time. Instead, the Court orders as follows: Plaintiffs shall not submit any billing requests for any work related to this

Case No.: 5:18-md-02827-EJD
ORDER RE MOTION FOR SANCTIONS
5

issue including but not limited to reviewing Apple's motion and reply, preparing Plaintiffs' opposition, or preparing or attending the May 30, 2019 hearing. Should this litigation result in an award of attorneys' fees to Plaintiffs, the Court will deduct from that award all of Apple's costs and fees related to this issue, including but not limited to preparing its motion and reply, reviewing Plaintiffs' opposition, and preparing for and attending the May 30, hearing. Going forward in this litigation, Mr. Cotchett will not argue motions before this Court without the Court's prior permission. He shall file such requests for permission before the hearing. The Court admonishes Mr. Molumphy to abide by the Protective Order and the Court's interpretation of § 14.7 during all future appearances before the Court. Further disclosure of Protected Material by any party or attorney will be grounds for greater sanctions.

**IT IS SO ORDERED.**

Dated: June 14, 2019

EDWARD J. DAVILA
United States District Judge