THEODORE J. BOUTROUS JR., SBN 132099
 tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
 rdoren@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
 cchorba@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
 tloose@gibsondunn.com
DIANA M. FEINSTEIN, SBN 302626
 dfeinstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

G. CHARLES NIERLICH, SBN 196611
 gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
 rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8458

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | No. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge:  Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor |

Gibson, Dunn &
Crutcher LLP

Defendant Apple Inc. answers Plaintiffs' Second Consolidated Amended Complaint ("SAC") as follows.  Except as otherwise expressly stated below, Apple denies each and every allegation contained in the SAC.  Apple reserves the right to seek to amend and/or supplement its Answer as may be necessary.  Additionally, Apple expressly reserves its rights pursuant to 28 U.S.C. § 1407 to seek remand of the actions consolidated in this MDL to their originating courts following the conclusion of pretrial proceedings.  *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); 28 U.S.C. § 1407.

### "INTRODUCTION"*

1.      Apple admits that Plaintiffs filed the SAC.  Apple admits that Plaintiffs purport to bring this action on behalf of a putative class.  Apple denies that Plaintiffs may establish a basis for class certification.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies those allegations.  Apple disputes Plaintiffs' characterization of its conduct, or that its conduct provides the basis for any actionable claim.

2.      Apple denies the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 purport to characterize documents that speak for themselves.  Apple disputes Plaintiffs' characterization of those documents.  Apple disputes Plaintiffs' characterization of its conduct, or that its conduct provides the basis for any actionable claim.  Except as otherwise addressed, Apple denies the allegations in Paragraph 3.

4.      In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to Paragraph 4 is required.  Apple denies the remaining allegations in Paragraph 4.

5.      Paragraph 5 purports to characterize and quote (in part) from documents that speak for themselves.  Apple disputes Plaintiffs' characterization of those documents.  Except as otherwise addressed, Apple denies the allegations in Paragraph 5.

---

*      The headings and subheadings throughout the SAC are repeated here but do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, Apple denies the allegations in the headings and subheadings.

6.     Paragraph 6 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 6.

7.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to Paragraph 7 is required.  Apple denies the remaining allegations in Paragraph 7.

8.     In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "defect" theory and all "fraud" claims with prejudice, and therefore no response to Paragraph 8 is required.  Apple denies the remaining allegations in Paragraph 8.

9.     Paragraph 9 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  Apple denies the remaining allegations in Paragraph 9.

10.     Paragraph 10 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to Paragraph 10 is required.  Apple denies the remaining allegations in Paragraph 10.

11.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory with prejudice, and therefore no response to Paragraph 11 is required.  Apple denies the remaining allegations in Paragraph 11.

12.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to Paragraph 12 is required.  Apple denies the remaining allegations in Paragraph 12.

13.     Apple denies the allegations in Paragraph 13.

14.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory with prejudice, and therefore no response to Paragraph 14 is required.  The last sentence of Paragraph 14 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of that document.  Apple denies the remaining allegations in Paragraph 14.

15.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory with prejudice, and therefore no response to Paragraph 15 is required.  The second sentence of Paragraph 15 purports to characterize a document that speaks for itself.  Apple denies the remaining allegations in Paragraph 15.

16.     Paragraph 16 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of that document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 16.

17.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to Paragraph 17 is required.  The first and second sentences of Paragraph 17 purport to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of that document.

18.     In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" claims and all claims relating to the "defect" theory with prejudice, and therefore no response to Paragraph 18 is required.  Apple denies the remaining allegations in Paragraph 18.

19.     In its Order dated April 22, 2019, the Court dismissed with prejudice Plaintiffs' "fraud" claims, all claims relating to the "defect" theory, and all claims relating to all iPhone 5/5c/5s models.  In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, and Plaintiffs elected not to amend these claims.  Therefore no response to Paragraph 19 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 19.

20.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to Paragraph 20 is required.  Apple denies the remaining allegations in Paragraph 20.

21.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to Paragraph 21 is required.  Apple denies the remaining allegations in Paragraph 21.

22.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to Paragraph 22 is required.  Paragraph 22 purports to quote

(in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of that document.  Apple denies the remaining allegations in Paragraph 22.

23.     Apple admits that regulators have investigated it.  Apple denies the remaining allegations in Paragraph 23.

24.     The first sentence of Paragraph 24 purports to characterize a document that speaks for itself.  The remaining allegations in Paragraph 24 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Apple denies the allegations.

<u>**"JURISDICTION AND VENUE"**</u>

25.     The allegations in Paragraph 25 are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 25 and therefore denies those allegations.  Additionally, Apple expressly reserves its rights pursuant to 28 U.S.C. § 1407 to seek remand of the actions consolidated in this MDL to their originating courts following the conclusion of pretrial proceedings.  *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); 28 U.S.C. § 1407.

26.     The allegations in Paragraph 26 are conclusions of law for which no responsive pleading is required.  Apple denies that the Court has jurisdiction under Article III of the United States Constitution.

27.     The allegations in Paragraph 27 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Apple admits that 28 U.S.C. § 1332(d)(2) provides this Court with diversity jurisdiction.  Apple denies that the Court has jurisdiction under Article III of the United States Constitution.

28.     The allegations in Paragraph 28 are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Apple denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Apple admits that venue is proper in this District for this action pursuant to 28 U.S.C. § 1391(a) – (d) because Apple's principal place of

business is located in this District.  Apple denies the remaining allegations in Paragraph 29.

Additionally, Apple expressly reserves its rights pursuant to 28 U.S.C. § 1407 to seek remand of the

actions consolidated in this MDL to their originating courts following the conclusion of pretrial

proceedings.  *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); 28

U.S.C. § 1407.

## "INTRADISTRICT ASSIGNMENT"

30.     The allegations in Paragraph 30 are conclusions of law to which no responsive

pleading is required.

### "A.     Plaintiffs"

31.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

to the "defect" theory with prejudice, and therefore no response to those allegations is required.

Apple admits that its records show that Mr. Taylor purchased an iPhone 6 on April 8, 2015.  Apple

lacks sufficient knowledge and information to form a belief as to the truth of the remaining

allegations in Paragraph 31 and therefore denies those allegations.

32.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

with prejudice, and therefore no response to those allegations is required.  The allegation that

Mr. Taylor did not receive the benefit of his bargain and was injured is a legal conclusion to which no

responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

information to form a belief as to the allegations regarding the way Mr. Taylor's individual iPhone

operated, how he used the device, or the circumstances in which he would have chosen not to

purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

Paragraph 32.

33.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

to the "defect" theory with prejudice, and therefore no response to those allegations is required.

Apple admits that its records show that Ms. Williams purchased an iPhone 6s and an iPhone 6s Plus

in November 2015.  Apple further admits that Ms. Williams purchased an iPhone 7 Plus in November

2017.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the

remaining allegations in Paragraph 33 and therefore denies those allegations.

34.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Williams did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Williams's individual iPhones operated, how she used the devices, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 34.

35.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Haller purchased an iPhone 6 on April 24, 2015, and an iPhone 6s Plus on August 22, 2016.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies those allegations.

36.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Haller did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Haller's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 36.

37.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Rodriguez purchased an iPhone SE in July 2016.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies those allegations.

38.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Rodriguez did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Rodriguez's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 38.

39.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. David purchased an iPhone 6 in December 2014 and an iPhone 6 Plus in February 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore denies those allegations.

40.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. David did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. David's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 40.

41.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Rodriguez purchased an iPhone 6s in July 2016.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore denies those allegations.

42.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that

1   Ms. Rodriguez did not receive the benefit of her bargain and was injured is a legal conclusion to

2   which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

3   knowledge and information to form a belief as to the allegations regarding the way Ms. Rodriguez's

4   individual iPhone operated, how she used the device, or the circumstances in which she would have

5   chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

6   allegations in Paragraph 42.

7        43.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

8   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

9   Apple admits that its records show that Mr. Young purchased an iPhone 6s in October 2015.  Apple

10  lacks sufficient knowledge and information to form a belief as to the truth of the remaining

11  allegations in Paragraph 43 and therefore denies those allegations.

12       44.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

13  with prejudice, and therefore no response to those allegations is required.  The allegation that

14  Mr. Young did not receive the benefit of his bargain and was injured is a legal conclusion to which

15  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

16  and information to form a belief as to the allegations regarding the way Mr. Young's individual

17  iPhone operated, how he used the device, or the circumstances in which he would have chosen not to

18  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

19  Paragraph 44.

20       45.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

21  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

22  Apple admits that its records show that Ms. Stacy purchased an iPhone 6s Plus in February 2016.

23  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

24  allegations in Paragraph 45 and therefore denies those allegations.

25       46.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

26  with prejudice, and therefore no response to those allegations is required.  The allegation that

27  Ms. Stacy did not receive the benefit of her bargain and was injured is a legal conclusion to which no

28  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

1  information to form a belief as to the allegations regarding the way Ms. Stacy's individual iPhone

2  operated, how she used the device, or the circumstances in which she would have chosen not to

3  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

4  Paragraph 46.

5       47.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

6  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

7  Apple admits that its records show that Ms. Holman purchased an iPhone 6 Plus in November 2014

8  and an iPhone 6 in April 2015.  Apple lacks sufficient knowledge and information to form a belief as

9  to the truth of the remaining allegations in Paragraph 47 and therefore denies those allegations.

10       48.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

11  with prejudice, and therefore no response to those allegations is required.  The allegation that

12  Ms. Holman did not receive the benefit of her bargain and was injured is a legal conclusion to which

13  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

14  and information to form a belief as to the allegations regarding the way Ms. Holman's individual

15  iPhones operated, how she used the devices, or the circumstances in which she would have chosen

16  not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

17  allegations in Paragraph 48.

18       49.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

19  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

20  Apple admits that its records show that Mr. Webb purchased an iPhone 7 Plus on January 11, 2017.

21  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

22  allegations in Paragraph 49 and therefore denies those allegations.

23       50.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

24  with prejudice, and therefore no response to those allegations is required.  The allegation that

25  Mr. Webb did not receive the benefit of his bargain and was injured is a legal conclusion to which no

26  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

27  information to form a belief as to the allegations regarding the way Mr. Webb's individual iPhone

28  operated, how he used the device, or the circumstances in which he would have chosen not to

1    purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

2    Paragraph 50.

3          51.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

4    to the "defect" theory with prejudice, and therefore no response to those allegations is required.

5    Apple admits that its records show that Ms. Diamond purchased an iPhone 6 in May 2015, an iPhone

6    6s Plus in November 2015, and an iPhone 7 in March 2017.  Apple lacks sufficient knowledge and

7    information to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore

8    denies those allegations.

9          52.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

10   with prejudice, and therefore no response to those allegations is required.  The allegation that

11   Ms. Diamond did not receive the benefit of her bargain and was injured is a legal conclusion to which

12   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

13   and information to form a belief as to the allegations regarding the way Ms. Diamond's individual

14   iPhones operated, how she used the devices, or the circumstances in which she would have chosen

15   not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

16   allegations in Paragraph 52.

17         53.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

18   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

19   Apple admits that its records show that Mr. Gilson purchased an iPhone 6s.  Apple lacks sufficient

20   knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph

21   53 and therefore denies those allegations.

22         54.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

23   with prejudice, and therefore no response to those allegations is required.  The allegation that Mr.

24   Gilson did not receive the benefit of his bargain and was injured is a legal conclusion to which no

25   responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

26   information to form a belief as to the allegations regarding the way Mr. Gilson's individual iPhone

27   operated, how he used the device, or the circumstances in which he would have chosen not to

28

1  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

2  Paragraph 54.

3      55.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

4  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

5  Apple admits that its records show that Mr. Alba purchased an iPhone 6 Plus in October 2014.  Apple

6  lacks sufficient knowledge and information to form a belief as to the truth of the remaining

7  allegations in Paragraph 55 and therefore denies those allegations.

8      56.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

9  with prejudice, and therefore no response to those allegations is required.  The allegation that

10  Mr. Alba did not receive the benefit of his bargain and was injured is a legal conclusion to which no

11  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

12  information to form a belief as to the allegations regarding the way Mr. Alba's individual iPhone

13  operated, how he used the device, or the circumstances in which he would have chosen not to

14  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

15  Paragraph 56.

16      57.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

17  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

18  Apple admits that its records show that Ms. Hawes acquired an iPhone 6 in October 2014 and an

19  iPhone 7 Plus in October 2016.  Apple lacks sufficient knowledge and information to form a belief as

20  to the truth of the remaining allegations in Paragraph 57 and therefore denies those allegations.

21      58.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

22  with prejudice, and therefore no response to those allegations is required.  The allegation that

23  Ms. Hawes did not receive the benefit of her bargain and was injured is a legal conclusion to which

24  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

25  and information to form a belief as to the allegations regarding the way Ms. Hawes's individual

26  iPhones operated, how she used the devices, or the circumstances in which she would have chosen

27  not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

28  allegations in Paragraph 58.

59.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Cook purchased an iPhone 6 on October 22, 2014.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 59 and therefore denies those allegations.

60.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Cook did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Cook's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 60.

61.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Villegas purchased an iPhone 6s in November 14, 2015. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore denies those allegations.

62.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Villegas did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Villegas's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 62.

63.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.

Gibson, Dunn &
Crutcher LLP

Apple admits that its records show that Ms. Valle purchased an iPhone 6 on September 23, 2014, and an iPhone 6 on October 2, 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore denies those allegations.

64.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Valle did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Valle's individual iPhones operated, how she used the devices, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 64.

65.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Ms. Diner purchased an iPhone 6 on April 15, 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore denies those allegations.

66.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Diner did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Diner's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 66.

67.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Mr. Merenstein purchased an iPhone SE in April 2016.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

1    Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

2    allegations in Paragraph 67 and therefore denies those allegations.

3              68.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

4    with prejudice, and therefore no response to those allegations is required.  The allegation that

5    Mr. Merenstein did not receive the benefit of his bargain and was injured is a legal conclusion to

6    which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

7    knowledge and information to form a belief as to the allegations regarding the way Mr. Merenstein's

8    individual iPhone operated, how he used the device, or the circumstances in which he would have

9    chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

10   allegations in Paragraph 68.

11             69.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

12   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

13   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

14   allegations in Paragraph 69 and therefore denies those allegations.

15             70.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

16   with prejudice, and therefore no response to those allegations is required.  The allegation that

17   Mr. Connolly did not receive the benefit of his bargain and was injured is a legal conclusion to which

18   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

19   and information to form a belief as to the allegations regarding the way Mr. Connolly's individual

20   iPhone operated, how he used the device, or the circumstances in which he would have chosen not to

21   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

22   Paragraph 70.

23             71.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

24   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

25   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

26   allegations in Paragraph 71 and therefore denies those allegations.

27             72.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

28   with prejudice, and therefore no response to those allegations is required.  The allegation that

Mr. Schell did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Schell's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 72.

73.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Ms. Merola purchased an iPhone 6 Plus in July 2015 and an iPhone 7 Plus in December 2016.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 73 and therefore denies those allegations.

74.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Merola did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Merola's individual iPhones operated, how she used the devices, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 74.

75.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Ms. Antonucci purchased an iPhone 6 in March 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 75 and therefore denies those allegations.

76.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Antonucci did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

1  knowledge and information to form a belief as to the allegations regarding the way Ms. Antonucci's

2  individual iPhone operated, how she used the device, or the circumstances in which she would have

3  chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

4  allegations in Paragraph 76.

5       77.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

6  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

7  Apple admits that its records show that Ms. Boyd purchased an iPhone 6 on December 12, 2015.

8  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

9  allegations in Paragraph 77 and therefore denies those allegations.

10      78.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

11  with prejudice, and therefore no response to those allegations is required.  The allegation that

12  Ms. Boyd did not receive the benefit of her bargain and was injured is a legal conclusion to which no

13  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

14  information to form a belief as to the allegations regarding the way Ms. Boyd's individual iPhone

15  operated, how she used the device, or the circumstances in which she would have chosen not to

16  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

17  Paragraph 78.

18      79.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

19  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

20  Apple admits that its records show that Mr. Darack purchased an iPhone 6 on April 22, 2015, and

21  another iPhone 6 on June 29, 2016.  Apple lacks sufficient knowledge and information to form a

22  belief as to the truth of the remaining allegations in Paragraph 79 and therefore denies those

23  allegations.

24      80.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

25  with prejudice, and therefore no response to those allegations is required.  The allegation that

26  Mr. Darack did not receive the benefit of his bargain and was injured is a legal conclusion to which

27  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

28  and information to form a belief as to the allegations regarding the way Mr. Darack's individual

iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 80.

81.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Ms. White purchased an iPhone 6s in December 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 81 and therefore denies those allegations.

82.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. White did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. White's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 82.

83.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Ms. Weintraub acquired an iPhone 6 on November 19, 2014, and an iPhone 7 in October 2016.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 83 and therefore denies those allegations.

84.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Weintraub did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Weintraub's individual iPhones operated, how she used the devices, or the circumstances in which she would have

1   chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

2   allegations in Paragraph 84.

3     85. In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

4   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

5   Apple admits that its records show that Ms. Brodsky has acquired an iPhone 6, iPhone 6s, iPhone 6s

6   Plus, iPhone 7, and iPhone 7 Plus.  Apple lacks sufficient knowledge and information to form a belief

7   as to the truth of the remaining allegations in Paragraph 85 and therefore denies those allegations.

8     86. In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

9   with prejudice, and therefore no response to those allegations is required.  The allegation that

10   Ms. Brodsky did not receive the benefit of her bargain and was injured is a legal conclusion to which

11   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

12   and information to form a belief as to the allegations regarding the way Ms. Brodsky's individual

13   iPhones operated, how she used the devices, or the circumstances in which she would have chosen

14   not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

15   allegations in Paragraph 86.

16     87. In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

17   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

18   Apple admits that its records show that Mr. Margolis acquired an iPhone 6 on December 30, 2014,

19   and an iPhone 7 on October 14, 2016.  Apple lacks sufficient knowledge and information to form a

20   belief as to the truth of the remaining allegations in Paragraph 87 and therefore denies those

21   allegations.

22     88. In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

23   with prejudice, and therefore no response to those allegations is required.  The allegation that

24   Mr. Margolis did not receive the benefit of his bargain and was injured is a legal conclusion to which

25   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

26   and information to form a belief as to the allegations regarding the way Mr. Margolis's individual

27   iPhones operated, how he used the devices, or the circumstances in which he would have chosen not

28

1    to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations

2    in Paragraph 88.

3         89.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

4    to the "defect" theory with prejudice, and therefore no response to those allegations is required.

5    Apple admits that its records show that Ms. Greenshner acquired an iPhone 6s.  Apple lacks

6    sufficient knowledge and information to form a belief as to the truth of the remaining allegations in

7    Paragraph 89 and therefore denies those allegations.

8         90.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

9    with prejudice, and therefore no response to those allegations is required.  The allegation that

10   Ms. Greenshner did not receive the benefit of her bargain and was injured is a legal conclusion to

11   which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

12   knowledge and information to form a belief as to the allegations regarding the way Ms. Greenshner's

13   individual iPhone operated, how she used the device, or the circumstances in which she would have

14   chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

15   allegations in Paragraph 90.

16        91.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

17   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

18   Apple admits that its records show that Mr. Ratner purchased two iPhone 6s devices in May 2017.

19   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

20   allegations in Paragraph 91 and therefore denies those allegations.

21        92.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

22   with prejudice, and therefore no response to those allegations is required.  The allegation that

23   Mr. Ratner did not receive the benefit of his bargain and was injured is a legal conclusion to which no

24   responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

25   information to form a belief as to the allegations regarding the way Mr. Ratner's individual iPhones

26   operated, how he used the devices, or the circumstances in which he would have chosen not to

27   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

28   Paragraph 92.

93.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Gordon purchased an iPhone 6s on December 19, 2015. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 93 and therefore denies those allegations.

94.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Gordon did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Gordon's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 94.

95.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Brown purchased an iPhone 6 on March 6, 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 95 and therefore denies those allegations.

96.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Brown did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Brown's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 96.

97.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.

1    Apple admits that its records show that Ms. Beauchan purchased an iPhone 6 on September 20, 2014,

2    and an iPhone 7 on March 8, 2017.  Apple lacks sufficient knowledge and information to form a

3    belief as to the truth of the remaining allegations in Paragraph 97 and therefore denies those

4    allegations.

5         98.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

6    with prejudice, and therefore no response to those allegations is required.  The allegation that

7    Ms. Beauchan did not receive the benefit of her bargain and was injured is a legal conclusion to

8    which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

9    knowledge and information to form a belief as to the allegations regarding the way Ms. Beauchan's

10   individual iPhones operated, how she used the devices, or the circumstances in which she would have

11   chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

12   allegations in Paragraph 98.

13        99.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

14   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

15   Apple admits that its records show that Mr. Tanovan acquired an iPhone 6 in November 2014, and an

16   iPhone 7 Plus in June 2017.  Apple lacks sufficient knowledge and information to form a belief as to

17   the truth of the remaining allegations in Paragraph 99 and therefore denies those allegations.

18        100.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

19   with prejudice, and therefore no response to those allegations is required.  The allegation that

20   Mr. Tanovan did not receive the benefit of his bargain and was injured is a legal conclusion to which

21   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

22   and information to form a belief as to the allegations regarding the way Mr. Tanovan's individual

23   iPhones operated, how he used the devices, or the circumstances in which he would have chosen not

24   to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations

25   in Paragraph 100.

26        101.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

27   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

1  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

2  allegations in Paragraph 101 and therefore denies those allegations.

3         102.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

4  with prejudice, and therefore no response to those allegations is required.  The allegation that

5  Ms. Sauer did not receive the benefit of her bargain and was injured is a legal conclusion to which no

6  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

7  information to form a belief as to the allegations regarding the way Ms. Sauer's individual iPhone

8  operated, how she used the device, or the circumstances in which she would have chosen not to

9  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

10  Paragraph 102.

11         103.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

12  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

13  Apple admits that its records show that Ms. Alexander purchased an iPhone 6 Plus on April 19, 2015.

14  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

15  allegations in Paragraph 103 and therefore denies those allegations.

16         104.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

17  with prejudice, and therefore no response to those allegations is required.  The allegation that

18  Ms. Alexander did not receive the benefit of her bargain and was injured is a legal conclusion to

19  which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

20  knowledge and information to form a belief as to the allegations regarding the way Ms. Alexander's

21  individual iPhone operated, how she used the device, or the circumstances in which she would have

22  chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

23  allegations in Paragraph 104.

24         105.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

25  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

26  Apple admits that its records show that Mr. Yashchuk purchased an iPhone 6 Plus on September 19,

27  2014.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the

28  remaining allegations in Paragraph 105 and therefore denies those allegations.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

106.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Yashchuk did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Yashchuk's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 106.

107.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Boykin purchased an iPhone 6s on April 11, 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 107 and therefore denies those allegations.

108.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Boykin did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Boykin's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 108.

109.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Greenfield purchased multiple iPhone 6s devices on September 26, 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 109 and therefore denies those allegations.

110.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that

Ms. Greenfield did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Greenfield's individual iPhones operated, how she used the devices, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 110.

111.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Ms. Bryant purchased an iPhone 6 Plus on July 1, 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 111 and therefore denies those allegations.

112.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Bryant did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Bryant's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 112.

113.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Mr. Farris purchased an iPhone 6 on October 29, 2014, and an iPhone 6s on August 2, 2017.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 113 and therefore denies those allegations.

114.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Farris did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

information to form a belief as to the allegations regarding the way Mr. Farris's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 114.

115.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Praszkier has purchased an iPhone 6 Plus and an iPhone 7.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 115 and therefore denies those allegations.

116.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation Mr. Praszkier did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Praszkier's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 116.

117.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Pethick purchased an iPhone 6 on November 15, 2014. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 117 and therefore denies those allegations.

118.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Pethick did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Pethick's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to

1   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

2   Paragraph 118.

3           119.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

4   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

5   Apple admits that its records show that Ms. Smith purchased an iPhone 6s on June 22, 2016.  Apple

6   lacks sufficient knowledge and information to form a belief as to the truth of the remaining

7   allegations in Paragraph 119 and therefore denies those allegations.

8           120.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

9   with prejudice, and therefore no response to those allegations is required.  The allegation that

10   Ms. Smith did not receive the benefit of her bargain and was injured is a legal conclusion to which no

11   responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

12   information to form a belief as to the allegations regarding the way Ms. Smith's individual iPhone

13   operated, how she used the device, or the circumstances in which she would have chosen not to

14   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

15   Paragraph 120.

16           121.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

17   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

18   Apple admits that its records show that Ms. Thompson purchased an iPhone 6 in October 2014.

19   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

20   allegations in Paragraph 121 and therefore denies those allegations.

21           122.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

22   with prejudice, and therefore no response to those allegations is required.  The allegation that

23   Ms. Thompson did not receive the benefit of her bargain and was injured is a legal conclusion to

24   which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

25   knowledge and information to form a belief as to the allegations regarding the way Ms. Thompson's

26   individual iPhone operated, how she used the device, or the circumstances in which she would have

27   chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

28   allegations in Paragraph 122.

123.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Victory purchased an iPhone 6 on July 4, 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 123 and therefore denies those allegations.

124.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Victory did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Victory's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 124.

125.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Ray purchased an iPhone 6 Plus in December 2014. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 125 and therefore denies those allegations.

126.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Ray did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Ray's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 126.

127.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.

Apple admits that its records show that Ms. Ciccone purchased an iPhone 6s in June 2016.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 127 and therefore denies those allegations.

128.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Ciccone did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Ciccone's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 128.

129.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Mr. Meyers purchased an iPhone 6 in April 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 129 and therefore denies those allegations.

130.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Meyers did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Meyers's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 130.

131.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Mr. Henry purchased an iPhone 7 in October 2016.  Apple

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

1    lacks sufficient knowledge and information to form a belief as to the truth of the remaining

2    allegations in Paragraph 131 and therefore denies those allegations.

3          132.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

4    with prejudice, and therefore no response to those allegations is required.  The allegation that

5    Mr. Henry did not receive the benefit of his bargain and was injured is a legal conclusion to which no

6    responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

7    information to form a belief as to the allegations regarding the way Mr. Henry's individual iPhone

8    operated, how he used the device, or the circumstances in which he would have chosen not to

9    purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

10   Paragraph 132.

11         133.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

12   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

13   Apple admits that its records show that Mr. Baldwin purchased an iPhone 6s on December 29, 2015.

14   Apple lacks sufficient knowledge and information to form a belief as to the remaining truth of the

15   allegations in Paragraph 133 and therefore denies those allegations.

16         134.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

17   with prejudice, and therefore no response to those allegations is required.  The allegation that

18   Mr. Baldwin did not receive the benefit of his bargain and was injured is a legal conclusion to which

19   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

20   and information to form a belief as to the allegations regarding the way Mr. Baldwin's individual

21   iPhone operated, how he used the device, or the circumstances in which he would have chosen not to

22   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

23   Paragraph 134.

24         135.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

25   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

26   Apple admits that its records show that Ms. Hansen purchased an iPhone 6 in November 2014, an

27   iPhone 6s in July 2016, an iPhone SE and an iPhone 7 in February 2017, an iPhone 6s in November

28   2017, and an iPhone 7 in April 2018.  Apple lacks sufficient knowledge and information to form a

1  belief as to the truth of the remaining allegations in Paragraph 135 and therefore denies those

2  allegations.

3       136.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

4  with prejudice, and therefore no response to those allegations is required.  The allegation that

5  Ms. Hansen did not receive the benefit of her bargain and was injured is a legal conclusion to which

6  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

7  and information to form a belief as to the allegations regarding the way Ms. Hansen's individual

8  iPhones operated, how she used the devices, or the circumstances in which she would have chosen

9  not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

10  allegations in Paragraph 136.

11       137.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

12  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

13  Apple admits that its records show that Ms. Jackson purchased an iPhone 6 on December 10, 2014.

14  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

15  allegations in Paragraph 137 and therefore denies those allegations.

16       138.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

17  with prejudice, and therefore no response to those allegations is required.  The allegation that

18  Ms. Jackson did not receive the benefit of her bargain and was injured is a legal conclusion to which

19  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

20  and information to form a belief as to the allegations regarding the way Ms. Jackson's individual

21  iPhone operated, how she used the device, or the circumstances in which she would have chosen not

22  to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations

23  in Paragraph 138.

24       139.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

25  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

26  Apple admits that its records show that Mr. Davis purchased an iPhone 6s on January 8, 2016.  Apple

27  lacks sufficient knowledge and information to form a belief as to the truth of the remaining

28  allegations in Paragraph 139 and therefore denies those allegations.

140.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Davis did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Davis's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 140.

141.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 141 and therefore denies those allegations.

142.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Burton did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Burton's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 142.

143.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Gautreaux acquired an iPhone 6s on December 25, 2015, an iPhone 6 on October 21, 2014, and an iPhone 6 Plus on February 27, 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 143 and therefore denies those allegations.

144.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that

1    Mr. Gautreaux did not receive the benefit of his bargain and was injured is a legal conclusion to

2    which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

3    knowledge and information to form a belief as to the allegations regarding the way Mr. Gautreaux's

4    individual iPhones operated, how he used the devices, or the circumstances in which he would have

5    chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

6    allegations in Paragraph 144.

7         145.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

8    to the "defect" theory with prejudice, and therefore no response to those allegations is required.

9    Apple admits that its records show that Mr. Daily purchased an iPhone 6s Plus in 2017.  Apple lacks

10   sufficient knowledge and information to form a belief as to the truth of the remaining allegations in

11   Paragraph 145 and therefore denies those allegations.

12        146.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

13   with prejudice, and therefore no response to those allegations is required.  The allegation that

14   Mr. Daily did not receive the benefit of his bargain and was injured is a legal conclusion to which no

15   responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

16   information to form a belief as to the allegations regarding the way Mr. Daily's individual iPhone

17   operated, how he used the device, or the circumstances in which he would have chosen not to

18   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

19   Paragraph 146.

20        147.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

21   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

22   Apple admits that its records show that Mr. Ellis purchased an iPhone 7 on September 16, 2016.

23   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

24   allegations in Paragraph 147 and therefore denies those allegations.

25        148.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

26   with prejudice, and therefore no response to those allegations is required.  The allegation that

27   Mr. Ellis did not receive the benefit of his bargain and was injured is a legal conclusion to which no

28   responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

information to form a belief as to the allegations regarding the way Mr. Ellis's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 148.

149.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Martino purchased an iPhone 6 Plus in February 2015. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 149 and therefore denies those allegations.

150.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Martino did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Martino's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 150.

151.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Browne purchased an iPhone 6s Plus on October 2, 2015. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 151 and therefore denies those allegations.

152.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Browne did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Browne's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to

1   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

2   Paragraph 152.

3          153.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

4   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

5   Apple admits that its records show that Ms. Klingman purchased an iPhone 6 in October 2014 and an

6   iPhone 7 on October 28, 2017. Apple lacks sufficient knowledge and information to form a belief as

7   to the truth of the remaining allegations in Paragraph 153 and therefore denies those allegations.

8          154.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

9   with prejudice, and therefore no response to those allegations is required.  The allegation that

10  Ms. Klingman did not receive the benefit of her bargain and was injured is a legal conclusion to

11  which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

12  knowledge and information to form a belief as to the allegations regarding the way Ms. Klingman's

13  individual iPhones operated, how she used the devices, or the circumstances in which she would have

14  chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

15  allegations in Paragraph 154.

16         155.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

17  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

18  Apple admits that its records show that Ms. Boykin purchased an iPhone 6s on February 25, 2016.

19  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

20  allegations in Paragraph 155 and therefore denies those allegations.

21         156.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

22  with prejudice, and therefore no response to those allegations is required.  The allegation that

23  Ms. Boykin did not receive the benefit of her bargain and was injured is a legal conclusion to which

24  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

25  and information to form a belief as to the allegations regarding the way Ms. Boykin individual iPhone

26  operated, how she used the device, or the circumstances in which she would have chosen not to

27  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

28  Paragraph 156.

157.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Moriello purchased an iPhone 6 in January 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 157 and therefore denies those allegations.

158.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Moriello did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Moriello's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 158.

159.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Toth purchased two iPhone 7 devices in June 2017. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 159 and therefore denies those allegations.

160.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Toth did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Toth's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 160.

161.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.

Apple admits that its records show that Ms. Schmidt purchased an iPhone 6s on November 25, 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 161 and therefore denies those allegations.

162.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Schmidt did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Schmidt's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 162.

163.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. O'Neill purchased an iPhone 6 on March 21, 2015. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 163 and therefore denies those allegations.

164.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. O'Neill did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. O'Neill's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 164.

165.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. DeFillippo purchased an iPhone 6s on January 26, 2016.

Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 165 and therefore denies those allegations.

166.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. DeFillippo did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. DeFillippo's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 166.

167.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Batista purchased an iPhone 6 on January 12, 2015, and an iPhone 7 Plus on June 5, 2017.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 167 and therefore denies those allegations.

168.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Batista did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Batista's individual iPhones operated, how she used the devices, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 168.

169.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Lazarus purchased an iPhone 7 on December 13, 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 169 and therefore denies those allegations.

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

170.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Lazarus did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Lazarus's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 170.

171.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Milman purchased an iPhone 6s on April 21, 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 171 and therefore denies those allegations.

172.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Milman did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Milman's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 172.

173.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Yelton purchased an iPhone 6s on January 8, 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 173 and therefore denies those allegations.

174.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that

Ms. Yelton did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Yelton's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 174.

175.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. McGill purchased an iPhone 6s Plus in March 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 175 and therefore denies those allegations.

176.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. McGill did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. McGill's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 176.

177.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Taylor purchased an iPhone SE on September 13, 2017, another iPhone SE on May 21, 2018, and an iPhone 6 on September 13, 2017.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 177 and therefore denies those allegations.

178.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Taylor did not receive the benefit of her bargain and was injured is a legal conclusion to which

no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Taylor's individual iPhones operated, how she used the devices, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 178.

179.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Shaske acquired multiple iPhone 6 devices in 2015 and multiple iPhone 7 Plus devices in February 2017.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 179 and therefore denies those allegations.

180.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Shaske did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Shaske's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 180.

181.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Jankowski purchased an iPhone 6 on May 13, 2015. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 181 and therefore denies those allegations.

182.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Jankowski did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

1  knowledge and information to form a belief as to the allegations regarding the way Ms. Jankowski's

2  individual iPhone operated, how she used the device, or the circumstances in which she would have

3  chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

4  allegations in Paragraph 182.

5       183.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

6  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

7  Apple admits that its records show that Ms. Bilic acquired an iPhone 6 on November 8, 2014.  Apple

8  lacks sufficient knowledge and information to form a belief as to the truth of the remaining

9  allegations in Paragraph 183 and therefore denies those allegations.

10       184.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

11  with prejudice, and therefore no response to those allegations is required.  The allegation that

12  Ms. Bilic did not receive the benefit of her bargain and was injured is a legal conclusion to which no

13  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

14  information to form a belief as to the allegations regarding the way Ms. Bilic's individual iPhone

15  operated, how she used the device, or the circumstances in which she would have chosen not to

16  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

17  Paragraph 184.

18       185.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

19  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

20  Apple admits that its records show that Mr. Mangano acquired an iPhone 6 in September 2014 and

21  multiple iPhone 7 devices in October 2016.  Apple lacks sufficient knowledge and information to

22  form a belief as to the truth of the remaining allegations in Paragraph 185 and therefore denies those

23  allegations.

24       186.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

25  with prejudice, and therefore no response to those allegations is required.  The allegation that

26  Mr. Mangano did not receive the benefit of his bargain and was injured is a legal conclusion to which

27  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

28  and information to form a belief as to the allegations regarding the way Mr. Mangano's individual

iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 186.

187.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Stone purchased an iPhone 7 Plus in October 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 187 and therefore denies those allegations.

188.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Stone did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Stone's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 188.

189.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Rutan purchased an iPhone 6s Plus in November 2015. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 189 and therefore denies those allegations.

190.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Rutan did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Rutan's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to

purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 190.

191.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 191 and therefore denies those allegations.

192.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Mesloh did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Mesloh's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 192.

193.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 193 and therefore denies those allegations.

194.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Erwin did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Erwin's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 194.

195.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.

Apple admits that its records show that Ms. Saracina purchased an iPhone 6s Plus on January 21, 2016.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 195 and therefore denies those allegations.

196.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Saracina did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Saracina's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 196.

197.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Mr. Heffner purchased an iPhone 6.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining  allegations in Paragraph 197 and therefore denies those allegations.

198.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Heffner did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Heffner's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 198.

199.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Mr. Macinanti purchased an iPhone 6 on September 10, 2015.

Gibson, Dunn & Crutcher LLP

1    Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

2    allegations in Paragraph 199 and therefore denies those allegations.

3           200.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

4    with prejudice, and therefore no response to those allegations is required.  The allegation that

5    Mr. Macinanti did not receive the benefit of his bargain and was injured is a legal conclusion to

6    which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

7    knowledge and information to form a belief as to the allegations regarding the way Mr. Macinanti's

8    individual iPhone operated, how he used the device, or the circumstances in which he would have

9    chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

10    allegations in Paragraph 200.

11           201.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

12    to the "defect" theory with prejudice, and therefore no response to those allegations is required.

13    Apple admits that its records show that Ms. Lowery purchased an iPhone 6 in August 2015.  Apple

14    lacks sufficient knowledge and information to form a belief as to the truth of the remaining

15    allegations in Paragraph 201 and therefore denies those allegations.

16           202.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

17    with prejudice, and therefore no response to those allegations is required.  The allegation that

18    Ms. Lowery did not receive the benefit of her bargain and was injured is a legal conclusion to which

19    no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

20    and information to form a belief as to the allegations regarding the way Ms. Lowery's individual

21    iPhone operated, how she used the device, or the circumstances in which she would have chosen not

22    to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations

23    in Paragraph 202.

24           203.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

25    to the "defect" theory with prejudice, and therefore no response to those allegations is required.

26    Apple admits that its records show that Ms. Burriss purchased an iPhone 7 in October 2016.  Apple

27    lacks sufficient knowledge and information to form a belief as to the truth of the remaining

28    allegations in Paragraph 203 and therefore denies those allegations.

204.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Burriss did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Burriss's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 204.

205.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple admits that its records show that Ms. Bakke purchased an iPhone 6 in November 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 205 and therefore denies those allegations.

206.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Bakke did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Bakke's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 206.

207.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 207 and therefore denies those allegations.

208.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Johnson did not receive the benefit of her bargain and was injured is a legal conclusion to which

Gibson, Dunn &
Crutcher LLP

1   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

2   and information to form a belief as to the allegations regarding the way Ms. Johnson's individual

3   iPhone operated, how she used the device, or the circumstances in which she would have chosen not

4   to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations

5   in Paragraph 208.

6        209.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

7   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

8   Apple admits that its records show that Ms. Diaz purchased an iPhone 6 in 2015.  Apple lacks

9   sufficient knowledge and information to form a belief as to the truth of the remaining  allegations in

10  Paragraph 209 and therefore denies those allegations.

11       210.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

12  with prejudice, and therefore no response to those allegations is required.  The allegation that

13  Ms. Diaz did not receive the benefit of her bargain and was injured is a legal conclusion to which no

14  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

15  information to form a belief as to the allegations regarding the way Ms. Diaz's individual iPhone

16  operated, how she used the device, or the circumstances in which she would have chosen not to

17  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

18  Paragraph 210.

19       211.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

20  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

21  Apple admits that its records show that Mr. Moore purchased an iPhone 6 in May 2016, an iPhone 7

22  in March 2017, an iPhone 7 in August 2017, and an iPhone 7 in September 2017.  Apple lacks

23  sufficient knowledge and information to form a belief as to the truth of the remaining allegations in

24  Paragraph 211 and therefore denies those allegations.

25       212.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

26  with prejudice, and therefore no response to those allegations is required.  The allegation that

27  Mr. Moore did not receive the benefit of his bargain and was injured is a legal conclusion to which no

28  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

information to form a belief as to the allegations regarding the way Mr. Moore's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 212.

213.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Ms. Vinacco purchased an iPhone 6 Plus in October 2014. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 213 and therefore denies those allegations.

214.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Vinacco did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Vinacco's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 214.

215.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Becker purchased an iPhone 6 in June 2015 and an iPhone 6 Plus in March 2015.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 215 and therefore denies those allegations.

216.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Becker did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Becker's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not

1  to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations

2  in Paragraph 216.

3       217.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

4  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

5  Apple admits that its records show that Ms. D'Alessandro purchased an iPhone 6 in February 2015.

6  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

7  allegations in Paragraph 217 and therefore denies those allegations.

8       218.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

9  with prejudice, and therefore no response to those allegations is required.  The allegation that

10  Ms. D'Alessandro did not receive the benefit of her bargain and was injured is a legal conclusion to

11  which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

12  knowledge and information to form a belief as to the allegations regarding the way

13  Ms. D'Alessandro's individual iPhone operated, how she used the device, or the circumstances in

14  which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple

15  denies the remaining allegations in Paragraph 218.

16       219.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

17  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

18  Apple admits that its records show that Ms. Flores purchased an iPhone 6s.  Apple lacks sufficient

19  knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph

20  219 and therefore denies those allegations.

21       220.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

22  with prejudice, and therefore no response to those allegations is required.  The allegation that

23  Ms. Flores did not receive the benefit of her bargain and was injured is a legal conclusion to which no

24  responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

25  information to form a belief as to the allegations regarding the way Ms. Flores's individual iPhone

26  operated, how she used the device, or the circumstances in which she would have chosen not to

27  purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

28  Paragraph 220.

221.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Ciccone purchased an iPhone 6s in June 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 221 and therefore denies those allegations.

222.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required. The allegation that Mr. Ciccone did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied. Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Ciccone's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them. Apple denies the remaining allegations in Paragraph 222.

223.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Kingston purchased an iPhone 6s Plus on June 5, 2016. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 223 and therefore denies those allegations.

224.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required. The allegation that Mr. Kingston did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied. Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Kingston's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them. Apple denies the remaining allegations in Paragraph 224.

225.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn &
Crutcher LLP

1

2

3

4

Apple admits that its records show that Ms. Thompson purchased an iPhone 6s Plus in December 2015, an iPhone 6s Plus in February 2017, and two iPhone 7 Plus devices in August 2017.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 225 and therefore denies those allegations.

5

6

7

8

9

10

11

12

226.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Thompson did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Thompson's individual iPhones operated, how she used the devices, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 226.

13

14

15

16

17

18

227.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple admits that its records show that Mr. Johnson purchased an iPhone 6 on April 3, 2015, an iPhone 6s Plus on March 1, 2016, and an iPhone 7 Plus on May 4, 2017.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 227 and therefore denies those allegations.

19

20

21

22

23

24

25

26

228.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Johnson did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Johnson's individual iPhones operated, how he used the devices, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in Paragraph 228.

27

28

229.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.

1    Apple admits that its records show that Mr. Herman purchased an iPhone 6 on March 14, 2016.

2    Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

3    allegations in Paragraph 229 and therefore denies those allegations.

4         230.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

5    with prejudice, and therefore no response to those allegations is required.  The allegation that

6    Mr. Herman did not receive the benefit of his bargain and was injured is a legal conclusion to which

7    no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

8    and information to form a belief as to the allegations regarding the way Mr. Herman's individual

9    iPhone operated, how he used the device, or the circumstances in which he would have chosen not to

10   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

11   Paragraph 230.

12        231.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

13   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

14   Apple admits that its records show that Mr. Lewis purchased an iPhone 6 on December 2, 2017.

15   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

16   allegations in Paragraph 231 and therefore denies those allegations.

17        232.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

18   with prejudice, and therefore no response to those allegations is required.  The allegation that

19   Mr. Lewis did not receive the benefit of his bargain and was injured is a legal conclusion to which no

20   responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

21   information to form a belief as to the allegations regarding the way Mr. Lewis's individual iPhone

22   operated, how he used the device, or the circumstances in which he would have chosen not to

23   purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations in

24   Paragraph 232.

25        233.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

26   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

27   Apple admits that its records show that Ms. Torres purchased an iPhone 6s in October 2015 and an

28

1    iPhone 7 Plus in May 2017.  Apple lacks sufficient knowledge and information to form a belief as to

2    the truth of the remaining allegations in Paragraph 233 and therefore denies those allegations.

3           234.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

4    with prejudice, and therefore no response to those allegations is required.  The allegation that

5    Ms. Torres did not receive the benefit of her bargain and was injured is a legal conclusion to which

6    no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

7    and information to form a belief as to the allegations regarding the way Ms. Torres's individual

8    iPhones operated, how she used the devices, or the circumstances in which she would have chosen

9    not to purchase an Apple device, and on that basis denies them.  Apple denies the remaining

10   allegations in Paragraph 234.

11          235.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

12   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

13   Apple admits that its records show that Mr. Shapiro purchased an iPhone 6s on October 25, 2015, and

14   an iPhone 7 Plus on September 30, 2016.  Apple lacks sufficient knowledge and information to form

15   a belief as to the truth of the remaining allegations in Paragraph 235 and therefore denies those

16   allegations.

17          236.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

18   with prejudice, and therefore no response to those allegations is required.  The allegation that

19   Mr. Shapiro did not receive the benefit of his bargain and was injured is a legal conclusion to which

20   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

21   and information to form a belief as to the allegations regarding the way Mr. Shapiro's individual

22   iPhones operated, how he used the devices, or the circumstances in which he would have chosen not

23   to purchase an Apple device, and on that basis denies them.  Apple denies the remaining allegations

24   in Paragraph 236.

25          237.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

26   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

27   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

28   allegations in Paragraph 237 and therefore denies those allegations.  Apple disputes that non-U.S.

1  Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

2  law.

3        238.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

4  with prejudice, and therefore no response to those allegations is required.  The allegation that

5  Ms. Wagner did not receive the benefit of her bargain and was injured is a legal conclusion to which

6  no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

7  and information to form a belief as to the allegations regarding the way Ms. Wagner's individual

8  iPhone operated, how she used the device, or the circumstances in which she would have chosen not

9  to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs

10  may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple

11  denies the remaining allegations in Paragraph 238.

12        239.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

13  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

14  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

15  allegations in Paragraph 239 and therefore denies those allegations.  Apple disputes that non-U.S.

16  Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

17  law.

18        240.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

19  with prejudice, and therefore no response to those allegations is required.  The allegation that

20  Mr. Canoa de Oliveira did not receive the benefit of his bargain and was injured is a legal conclusion

21  to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

22  knowledge and information to form a belief as to the allegations regarding the way Mr. Canoa de

23  Oliveira's individual iPhone operated, how he used the device, or the circumstances in which he

24  would have chosen not to purchase an Apple device, and on that basis denies them.  Apple disputes

25  that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be

26  governed by U.S. law.  Apple denies the remaining allegations in Paragraph 240.

27        241.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

28  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

1    Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

2    allegations in Paragraph 241 and therefore denies those allegations.  Apple disputes that non-U.S.

3    Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

4    law.

5           242.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

6    with prejudice, and therefore no response to those allegations is required.  The allegation that

7    Mr. Chen did not receive the benefit of his bargain and was injured is a legal conclusion to which no

8    responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

9    information to form a belief as to the allegations regarding the way Mr. Chen's individual iPhone

10   operated, how he used the device, or the circumstances in which he would have chosen not to

11   purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may

12   pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple

13   denies the remaining allegations in Paragraph 242.

14          243.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

15   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

16   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

17   allegations in Paragraph 243 and therefore denies those allegations.  Apple disputes that non-U.S.

18   Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

19   law.

20          244.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

21   with prejudice, and therefore no response to those allegations is required.  The allegation that

22   Ms. Gaudio did not receive the benefit of her bargain and was injured is a legal conclusion to which

23   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

24   and information to form a belief as to the allegations regarding the way Ms. Gaudio's individual

25   iPhone operated, how she used the device, or the circumstances in which she would have chosen not

26   to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs

27   may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple

28   denies the remaining allegations in Paragraph 244.

245.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 245 and therefore denies those allegations.  Apple disputes that non-U.S. Plaintiffs (whether individuals or organizations) may pursue any claims in this case, and that any such claims would be governed by U.S. law.

246.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that CONADECUS's members did not receive the benefit of their bargain and were injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way CONADECUS's members' individual iPhones operated, how they used their devices, or the circumstances in which they would have chosen not to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs (whether individuals or organizations) may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple denies the remaining allegations in Paragraph 246.

247.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 247 and therefore denies those allegations.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.

248.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Ni did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Ni's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to

Gibson, Dunn &
Crutcher LLP

purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple denies the remaining allegations in Paragraph 248.

249.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 249 and therefore denies those allegations.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.

250.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Caceres did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Ms. Caceres's individual iPhone operated, how she used the device, or the circumstances in which she would have chosen not to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple denies the remaining allegations in Paragraph 250.

251.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 251 and therefore denies those allegations.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.

252.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Chandra did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

and information to form a belief as to the allegations regarding the way Mr. Chandra's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple denies the remaining allegations in Paragraph 252.

253.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 253 and therefore denies those allegations.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.

254.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Murakami did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Murakami's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple denies the remaining allegations in Paragraph 254.

255.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 255 and therefore denies those allegations.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.

256.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that

1   Ms. Sonna did not receive the benefit of her bargain and was injured is a legal conclusion to which no

2   responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

3   information to form a belief as to the allegations regarding the way Ms. Sonna's individual iPhone

4   operated, how she used the device, or the circumstances in which she would have chosen not to

5   purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may

6   pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple

7   denies the remaining allegations in Paragraph 256.

8         257.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

9   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

10   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

11   allegations in Paragraph 257 and therefore denies those allegations.  Apple disputes that non-U.S.

12   Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

13   law.

14         258.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

15   with prejudice, and therefore no response to those allegations is required.  The allegation that

16   Ms. Akrawy did not receive the benefit of her bargain and was injured is a legal conclusion to which

17   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

18   and information to form a belief as to the allegations regarding the way Ms. Akrawy's individual

19   iPhone operated, how she used the device, or the circumstances in which she would have chosen not

20   to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs

21   may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple

22   denies the remaining allegations in Paragraph 258.

23         259.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

24   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

25   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

26   allegations in Paragraph 259 and therefore denies those allegations.  Apple disputes that non-U.S.

27   Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

28   law.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

260.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Daci did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Daci's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple denies the remaining allegations in Paragraph 260.

261.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 261 and therefore denies those allegations.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.

262.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Espejo did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and information to form a belief as to the allegations regarding the way Mr. Espejo's individual iPhone operated, how he used the device, or the circumstances in which he would have chosen not to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple denies the remaining allegations in Paragraph 262.

263.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations is required.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 263 and therefore denies those allegations.  Apple disputes that non-U.S.

1   Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

2   law.

3          264.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

4   with prejudice, and therefore no response to those allegations is required.  The allegation that

5   Mr. Dubianskii did not receive the benefit of his bargain and was injured is a legal conclusion to

6   which no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient

7   knowledge and information to form a belief as to the allegations regarding the way Mr. Dubianskii's

8   individual iPhone operated, how he used the device, or the circumstances in which he would have

9   chosen not to purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S.

10  Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

11  law.  Apple denies the remaining allegations in Paragraph 264.

12         265.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

13  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

14  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

15  allegations in Paragraph 265 and therefore denies those allegations.  Apple disputes that non-U.S.

16  Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

17  law.

18         266.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

19  with prejudice, and therefore no response to those allegations is required.  The allegation that Ms. Jo

20  did not receive the benefit of her bargain and was injured is a legal conclusion to which no responsive

21  pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

22  information to form a belief as to the allegations regarding the way Ms. Jo's individual iPhone

23  operated, how she used the device, or the circumstances in which she would have chosen not to

24  purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may

25  pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple

26  denies the remaining allegations in Paragraph 266.

27         267.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

28  to the "defect" theory with prejudice, and therefore no response to those allegations is required.

1    Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

2    allegations in Paragraph 267 and therefore denies those allegations.  Apple disputes that non-U.S.

3    Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

4    law.

5            268.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

6    with prejudice, and therefore no response to those allegations is required.  The allegation that Mr. Lee

7    did not receive the benefit of his bargain and was injured is a legal conclusion to which no responsive

8    pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge and

9    information to form a belief as to the allegations regarding the way Mr. Lee's individual iPhone

10   operated, how he used the device, or the circumstances in which he would have chosen not to

11   purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may

12   pursue any claims in this case, and that any such claims would be governed by U.S. law.  Apple

13   denies the remaining allegations in Paragraph 268.

14           269.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

15   to the "defect" theory with prejudice, and therefore no response to those allegations is required.

16   Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining

17   allegations in Paragraph 269 and therefore denies those allegations.  Apple disputes that non-U.S.

18   Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S.

19   law, and that U.K. claimants may pursue claims in a U.S. forum.

20           270.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

21   with prejudice, and therefore no response to those allegations is required.  The allegation that

22   Mr. Sharma did not receive the benefit of his bargain and was injured is a legal conclusion to which

23   no responsive pleading is required, and which is therefore denied.  Apple lacks sufficient knowledge

24   and information to form a belief as to the allegations regarding the way Mr. Sharma's individual

25   iPhone operated, how he used the device, or the circumstances in which he would have chosen not to

26   purchase an Apple device, and on that basis denies them.  Apple disputes that non-U.S. Plaintiffs may

27   pursue any claims in this case, and that any such claims would be governed by U.S. law, and that

28

1  U.K. claimants may pursue claims in a U.S. forum. Apple denies the remaining allegations in

2  Paragraph 270.

3  **"B.  Defendants and Their Relevant Corporate Structure"**

4  271.  Apple admits that it is a California corporation with a principal place of business in

5  Cupertino, California, that it is one of the world's leading developers of mobile communication and

6  media devices, and that there are more than one billion Apple products in use worldwide. Except as

7  otherwise addressed, Apple denies the allegations in Paragraph 271.

8  272.  The allegations in Paragraph 272 are conclusions of law for which no responsive

9  pleading is required, and which are therefore denied.

10  273.  Paragraph 273 purports to quote (in part) from a document that speaks for itself, so no

11  response is required.

12  274.  Apple admits that the iOS Software License Agreement is one agreement governing a

13  customer's relationship with Apple. Apple further admits that there are separate Software License

14  Agreements for each version of iOS software. Apple denies that California law governs all of the

15  claims asserted in this case. Paragraph 274 purports to quote (in part) from documents that speak for

16  themselves. The allegations in the third sentence of Paragraph 274 and in footnote 8 are conclusions

17  of law for which no responsive pleading is required, and which are therefore denied.

18  275.  Paragraph 275 cites documents that speak for themselves. No further response is

19  required.

20  276.  Apple admits that the iOS Software Licensing Agreement is an agreement governing a

21  customer's relationship with Apple. To the extent the allegations in Paragraph 276 are conclusions of

22  law, no responsive pleading is required and the allegations are therefore denied. Apple denies the

23  remaining allegations in Paragraph 276.

24  277.  The allegations in Paragraph 277 are conclusions of law for which no responsive

25  pleading is required, and which are therefore denied. Apple denies that California law governs all of

26  the claims asserted in this case.

27  278.  Apple denies the allegations in Paragraph 278. Apple denies that California law

28  governs all of the claims asserted in this case.

279.   The allegations in Paragraph 279 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple denies that California law governs all of the claims asserted in this case.

280.   Apple admits that its principal place of business is located at 1 Apple Park Way in Cupertino, California, and that many Apple employees work at that location.  The second sentence of Paragraph 280 purports to quote (in part) from a document that speaks for itself.  The remaining allegations in Paragraph 280 are conclusions of law for which no responsive pleading is required.

281.   Apple admits that some of its product packaging contains the statement that products were "Designed by Apple in California."  Except as otherwise addressed, Apple denies the allegations in Paragraph 281.

282.   Apple admits that some of its employees with knowledge relevant to this case work in California.  Apple denies that all of the decisions relating to the allegations in the SAC were "made from and in California."  Except as otherwise addressed, Apple denies the allegations in Paragraph 282.

283.   Apple admits that the devices at issue in this litigation were designed and tested in California.  Apple denies that it breached any duty to Plaintiffs and/or the putative class.  Apple denies that all of the devices at issue in the SAC were "designed, manufactured, and tested in California."  Apple denies the remaining allegations in Paragraph 283.

284.   The allegations in Paragraph 284 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple denies that California law governs all of the claims asserted in this case.

285.   The allegations in Paragraph 285 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple denies that California law governs all of the claims asserted in this case.

1

"**SUBSTANTIVE ALLEGATIONS**"

2

"**I.**    **APPLE ISSUED MATERIALLY FALSE STATEMENTS EMANATING FROM CALIFORNIA TO SELL DEFECTIVE DEVICES TO THE CLASS**"

3

4

286.    Apple admits that it began selling iPhone devices in 2007.  Apple admits that it has

5

business relationships with companies, including several of the companies identified in footnote 9

6

(including Pegatron Corporation, Hon Hai Precision Industry Co., Ltd., and Wistron Corp.).  In its

7

Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s

8

devices with prejudice, and therefore no response to the allegations in Paragraph 286 relating to those

9

devices is required.  In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

10

relating to iPads, Plaintiffs elected not to amend these claims, and therefore no response to the

11

allegations in Paragraph 286 regarding those devices is required.  Except as otherwise admitted,

12

Apple denies the allegations in Paragraph 286.

13

287.    Paragraph 287 purports to characterize and quote (in part) from documents that speak

14

for themselves.  Apple disputes Plaintiffs' characterization of its conduct, or that its conduct provides

15

the basis for any actionable claim.  In its Order dated April 22, 2019, the Court dismissed with

16

prejudice all claims relating to the "defect" theory and all "fraud" claims, and therefore no response

17

to Paragraph 287 is required.  Apple denies the remaining allegations in Paragraph 287.

18

288.    Apple admits that its iPhone devices provide many benefits to consumers.

19

Paragraph 288 purports to characterize and quote (in part) from documents that speak for themselves.

20

Apple disputes Plaintiffs' characterization of its conduct, or that its conduct provides the basis for any

21

actionable claim.  Except as otherwise addressed, Apple denies the allegations in Paragraph 288.

22

289.    Apple admits that the phrase "Designed by Apple in California" appears on the

23

packaging of some of its products.  In its Order dated April 22, 2019, the Court dismissed all of

24

Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to

25

the allegations in Paragraph 289 relating to those devices is required.  In its Order dated October 1,

26

2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend

27

these claims, and therefore no response to the allegations in Paragraph 289 regarding those devices is

28

required.  Apple denies the remaining allegations in Paragraph 289.

Gibson, Dunn &
Crutcher LLP

**"A.    iPhones"**

**"i.    iPhone 5"**

290.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 290 is required.

291.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 291 is required.

292.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 292 is required.

293.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 293 is required.

294.    In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices and all claims relating to the "defect" theory, and therefore no response to Paragraph 294 is required.

**"ii.    iPhone 5s"**

295.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 295 is required.

296.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 296 is required.

297.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 297 is required.

298.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 298 is required.

**"iii.    iPhone 5c"**

299.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 299 is required.

300.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 300 is required.

301.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 301 is required.

"iv.    iPhone 6 and 6 Plus"

302.    Apple admits the allegations in Paragraph 302.

303.    Apple admits that it issued a press release on September 9, 2014.  Paragraph 303 otherwise purports to quote (in part) from a document that speaks for itself.

304.    Apple admits that on September 9, 2014, it held an event to announce the launch of the iPhone 6 and the iPhone 6 Plus.  In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' claims relating to the "defect" theory and all "fraud" claims, and therefore no response to Paragraph 304 is required.

305.    Except as otherwise admitted, the allegations in Paragraph 305 are too vague for Apple to form a conclusion as to the truth of the allegations, and Apple therefore denies those allegations.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice.

306.    Paragraph 306 purports to quote (in part) from a document that speaks for itself.

307.    Paragraph 307 purports to quote (in part) from a document that speaks for itself.

"v.    iPhone 6s and iPhone 6s Plus"

308.    Apple admits the allegations in Paragraph 308.

309.    Apple admits that it issued a press release on September 9, 2015.  Paragraph 309 otherwise purports to quote (in part) from a document that speaks for itself.

310.    Apple admits that it hosted an event on September 9, 2015, in San Francisco, California, to announce the launch of the iPhone 6s and iPhone 6s Plus.  Footnote 17 in Paragraph 310 purports to quote (in part) from a document that speaks for itself.  In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' claims relating to the "defect" theory and all "fraud" claims, and therefore no response to those allegations in Paragraph 310 is required.

311.    The allegations in Paragraph 311 are too vague for Apple to form a conclusion as to the truth of the allegations, and Apple therefore denies those allegations.

"vi.    iPhone SE"

312.     Apple admits that it announced the launch of the iPhone SE on March 21, 2016, and that the iPhone SE was released in the United States on March 31, 2016.  Apple further admits that the iPhone SE operated on iOS 9.3 software upon release.

313.     Apple admits that it issued a press release on March 21, 2016.  Paragraph 313 otherwise purports to quote (in part) from a document that speaks for itself.

314.     Apple admits that it hosted an event on March 21, 2016, to announce the launch of the iPhone SE.  Footnote 18 in Paragraph 314 purports to quote (in part) from a document that speaks for itself.  In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' claims relating to the "defect" theory and all "fraud" claims, and therefore no response to Paragraph 314 is required.

### "vii.     iPhone 7 and iPhone 7 Plus"

315.     Apple admits the allegations in Paragraph 315.

316.     Apple admits that it issued a press release on September 7, 2016.  Paragraph 316 otherwise purports to quote (in part) from a document that speaks for itself.

317.     Apple admits that it held an event on September 7, 2016, to announce the launch of the iPhone 7 and iPhone 7 Plus.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 317 is required.

318.     The allegations in the first sentence of Paragraph 318 are too vague for Apple to form a conclusion as to their truth and Apple therefore denies those allegations.  Paragraph 318 purports to include an image of a document that speaks for itself.

319.     Paragraph 319 purports to quote (in part) from documents that speak for themselves.  Except as otherwise addressed, Apple denies the allegations in Paragraph 319.

### "B.     iPads"

320.     In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice and no response to Paragraph 320 is required.

1

"i.      **Fourth Generation iPad"**

2       321.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

3   relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

4   dismissed with prejudice and no response to Paragraph 321 is required.

5       322.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

6   relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

7   dismissed with prejudice and no response to Paragraph 322 is required.

8                "ii.     **iPad Mini"**

9       323.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

10   relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

11   dismissed with prejudice and no response to Paragraph 323 is required.

12                "iii.    **iPad Air"**

13       324.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

14   relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

15   dismissed with prejudice and no response to Paragraph 324 is required.

16       325.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

17   relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

18   dismissed with prejudice and no response to Paragraph 325 is required.

19                "iv.     **iPad Mini 2"**

20       326.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

21   relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

22   dismissed with prejudice and no response to Paragraph 326 is required.

23       327.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

24   relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

25   dismissed with prejudice and no response to Paragraph 327 is required.

26

27

28

1

"v.    Update to Fourth Generation iPad"

2      328.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

3  relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

4  dismissed with prejudice and no response to Paragraph 328 is required.

5

"vi.    iPad Air 2"

6      329.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

7  relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

8  dismissed with prejudice and no response to Paragraph 329 is required.

9      330.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

10 relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

11 dismissed with prejudice and no response to Paragraph 330 is required.

12

"vii.    The iPad Mini 3"

13     331.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

14 relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

15 dismissed with prejudice and no response to Paragraph 331 is required.

16

"viii.    iPad Pro and iPad Mini 4"

17     332.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

18 relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

19 dismissed with prejudice and no response to Paragraph 332 is required.

20     333.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

21 relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

22 dismissed with prejudice and no response to Paragraph 333 is required.

23     334.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

24 relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

25 dismissed with prejudice and no response to Paragraph 334 is required.

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

1

### "ix.    9.7-Inch iPad Pro"

2

335.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

3

relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

4

dismissed with prejudice and no response to Paragraph 335 is required.

5

336.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

6

relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

7

dismissed with prejudice and no response to Paragraph 336 is required.

8

### "x.    Fifth Generation iPad"

9

337.    In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims

10

relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been

11

dismissed with prejudice and no response to Paragraph 337 is required.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

"xi.   iPad Pro in 10.5-inch and 12.9-inch Models"

338.   In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice and no response to Paragraph 338 is required.

339.   In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice and no response to Paragraph 339 is required.

340.   In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice and no response to Paragraph 340 is required.

"xii.   Sixth Generation iPad"

341.   In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice and no response to Paragraph 341 is required.

342.   In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice and no response to Paragraph 342 is required.

"II.   APPLE'S MATERIALLY FALSE STATEMENTS AND OMISSIONS CONCERNING THE IOS SOFTWARE"

343.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to Paragraph 343 is required.

344.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice.  Further, in its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice and no response to Paragraph 344 is required.

345.   In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to Paragraph 345 is required.

346.     In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice and no response to Paragraph 346 is required.

347.     Apple admits that it issued a press release on June 11, 2012.  Paragraph 347 otherwise purports to characterize a document that speaks for itself.

348.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice.  Further, in its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice.  For these reasons, no response to Paragraph 348 is required.

349.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice.  Further, in its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice.  For these reasons, no response to Paragraph 349 is required.

350.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice.  Further, in its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice.  For these reasons, no response to Paragraph 350 is required.

351.     Apple admits that it issued press releases on June 2, 2014, and September 9, 2014.  Paragraph 351 otherwise purports to quote (in part) from documents that speak for themselves.

352.     Paragraph 352 purports to quote (in part) from a document that speaks for itself.  Apple otherwise denies the allegations in Paragraph 352.

353.     Apple admits that it issued a press release on June 8, 2015.  Paragraph 353 otherwise purports to quote (in part) from a document that speaks for itself.

354.     Paragraph 354 purports to quote (in part) from a document that speaks for itself.  Apple otherwise denies the allegations in Paragraph 354.

355.    Apple admits that it issued a press release on September 9, 2015.  Paragraph 355 otherwise purports to quote (in part) from a document that speaks for itself.

356.    Paragraph 356 purports to quote (in part) from a document that speaks for itself.

357.    Apple admits that it issued a press release on June 13, 2013.  Paragraph 357 otherwise purports to characterize and quote (in part) from a document that speaks for itself.

358.    Apple admits that it released iOS 10.2.1 on January 23, 2017.  Apple further admits that shortly thereafter, notifications appeared on Apple devices advising consumers iOS 10.2.1 was available for download.  Apple denies the remaining allegations in Paragraph 358.

359.    Paragraph 359 purports to include a screenshot showing the message that was delivered to consumers about iOS 10.2.1.  This document speaks for itself.

360.    Apple admits that it issued a press release on September 18, 2017.  Paragraph 360 otherwise purports to quote (in part) from a document that speaks for itself.

361.    Paragraph 361 purports to quote (in part) from a document that speaks for itself.

362.    Apple admits that it announced the release of iOS 11.2.0 on December 2, 2017.  Apple further admits that shortly thereafter, notifications appeared on Apple devices advising consumers that iOS 11.2.0 was available for download.  The remaining allegations in Paragraph 362 purport to quote from a document that speaks for itself.

363.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 363 is required.  To the extent any response is required, Apple denies the allegations in Paragraph 363.

364.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 364 is required.  To the extent any response is required, Apple denies the allegations in Paragraph 364.

365.    Apple admits that it issued a press release on June 4, 2018 announcing the launch of iOS 12.  The remaining allegations in Paragraph 365 purport to quote (in part) from a document that speaks for itself.

366.    Paragraph 366 purports to quote (in part) from a document that speaks for itself.

367.    Paragraph 367 purports to quote (in part) from a document that speaks for itself.

368.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' claims relating to the "defect" theory and all "fraud" claims, and therefore no response to the allegations in Paragraph 368 is required.  To the extent any response is required, Apple denies the allegations in Paragraph 368.

## "III.   APPLE'S DEFECTIVE DEVICES AND ITS SECRET THROTTLING IN IOS UPDATES"

### "A.   The Devices are Defective Resulting in Staggering Levels of UPOs"

#### "i.   An Overview"

369.     Paragraph 369 purports to characterize documents that speak for themselves.  Apple disputes Plaintiffs' characterization of those documents.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 369 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 369.

370.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 370 is required.  To the extent any response is required, Apple denies the allegations in Paragraph 370.

371.     Paragraph 371 purports to quote (in part) from documents that speak for themselves.  Apple disputes Plaintiffs' characterization of those documents.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 371 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 371.

372.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 372 is required.  To the extent any response is required, Apple denies the allegations in Paragraph 372.

373.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those

allegations in Paragraph 373 is required.  To the extent any response is required, Apple denies the allegations in Paragraph 373.

374.     Paragraph 374 purports to quote (in part) from a document that speaks for itself. Apple disputes Plaintiffs' characterization of that document.  In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 374 is required.  To the extent any response is required, Apple denies the allegations in Paragraph 374.

375.     Paragraph 375 purports to refer to a document that speaks for itself.  Apple disputes Plaintiffs' characterization of that document.  In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 375 is required.

376.     Apple admits that its employees worked to address UPOs in late 2016 and early 2017, that the company was laser focused on addressing the issue and devoted substantial engineering resources to devising the best solution to this problem, and that the performance management feature was the result of those efforts.  Apple denies the remaining allegations in Paragraph 376.

377.     Paragraph 377 purports to quote (in part) from documents that speak for themselves. Apple disputes Plaintiffs' characterization of the documents.  Except as otherwise addressed, Apple denies the allegations in Paragraph 377.

### "ii.     Lithium-ion Battery Aging as a Function of Resistance Level"

378.     Apple admits that its lithium-ion batteries are designed to provide instantaneous and consistent power to the device.  The remaining allegations in Paragraph 378 purport to quote (in part) from a document that speaks for itself.

379.     Apple admits that batteries with high resistance—as well as other characteristics such as a low state of charge and/or when operating at certain temperatures or in particular environments—may shut down.  Apple admits that some shutdowns may occur unexpectedly to the user.  The remaining allegations in Paragraph 379 purport to quote (in part) from a document that speaks for itself.

1

### "iii. Representations Regarding Device Performance and Battery Life"

2      380.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

3  with prejudice, and therefore no response to those allegations in Paragraph 380 is required.

4  Paragraph 380 purports to quote (in part) from documents that speak for themselves. Except as

5  otherwise addressed, Apple denies the allegations in Paragraph 380.

6      381.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims

7  with prejudice, and therefore no response to those allegations in Paragraph 381 is required.

8  Paragraph 381 purports to quote (in part) from documents that speak for themselves. Except as

9  otherwise addressed, Apple denies the allegations in Paragraph 381.

10      382.    Apple incorporates by reference its responses to the preceding paragraphs as if fully

11  set forth herein. In its Order dated April 22, 2019, the Court dismissed with prejudice all of

12  Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to

13  those allegations in Paragraph 382 is required. Paragraph 382 purports to quote (in part) from

14  documents that speak for themselves. Except as otherwise addressed, Apple denies the allegations in

15  Paragraph 382.

16

### "iv. Apple's Internal Analysis of UPOs and Prematurely Aging Batteries"

17      383.    Paragraph 383 purports to quote (in part) from a document that speaks for itself.

18  Apple disputes Plaintiffs' characterization of this document. Apple lacks sufficient knowledge and

19  information to form a belief as to the truth of the allegations in the last sentence of Paragraph 383 and

20  therefore denies those allegations. Except as otherwise addressed, Apple denies the allegations in

21  Paragraph 383.

22      384.    Paragraph 384 purports to quote (in part) from a document that speaks for itself.

23  Apple disputes Plaintiffs' characterization of that document. In its Order dated April 22, 2019, the

24  Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore

25  no response to those allegations in Paragraph 384 is required. Except as otherwise addressed, Apple

26  denies the allegations in Paragraph 384.

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

385.     Paragraph 385 purports to quote (in part) from a document that speaks for itself. Apple disputes Plaintiffs' characterization of that document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 385.

386.     Paragraph 386 purports to quote (in part) from a document that speaks for itself. Apple disputes Plaintiffs' characterization of that document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 386.

387.     Paragraph 387 purports to quote (in part) from documents that speak for themselves. Apple disputes Plaintiffs' characterization of these documents.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 387 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 387.

388.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 388 is required.  The second sentence of Paragraph 388 purports to characterize a document that speaks for itself.  Apple disputes Plaintiffs' characterization of that document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 388.

389.     Paragraph 389 purports to characterize a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 389.

390.     Paragraph 390 purports to characterize documents that speak for themselves.  Apple disputes Plaintiffs' characterization of these documents.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 390 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 390.

391.     Paragraph 391 purports to characterize documents that speak for themselves.  Apple disputes Plaintiffs' characterization of these documents.  Except as otherwise addressed, Apple denies the allegations in Paragraph 391.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

392.     Paragraph 392 purports to characterize documents that speak for themselves.  Apple disputes Plaintiffs' characterization of these documents.  Except as otherwise addressed, Apple denies the allegations in Paragraph 392.

393.     Apple admits that it introduced iOS 11.2 on December 2, 2017.  Apple denies the remaining allegations in Paragraph 393.

394.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to the allegations in Paragraph 394 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 394.

395.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 395 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 395.

396.     Paragraph 396 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to Paragraph 396 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 396.

397.     Paragraph 397 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to allegations in Paragraph 397 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 397.

398.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice, and therefore no response to allegations in Paragraph 398 is required.

399.     Paragraph 399 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 399.

400.     Paragraph 400 purports to quote (in part) from a document that speaks for itself. Apple disputes Plaintiffs' characterization of this document.  Except as otherwise addressed, Apple denies the remaining allegations in Paragraph 400.

401.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 401 is required.

### "v.     Apple Throttles the Devices based on Resistance"

402.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 402 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 402.

403.     Paragraph 403 purports to quote (in part) from a document that speaks for itself. Apple disputes Plaintiffs' characterization of that document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 403.

404.     Paragraph 404 purports to quote (in part) from a document that speaks for itself. Apple admits that UPOs can be caused by a combination of factors, and that the performance management feature introduced in iOS 10.2.1 takes into account battery impedance.  Except as otherwise addressed, Apple denies the allegations in Paragraph 404.

405.     Apple denies the allegations in the first sentence of Paragraph 405, including Plaintiffs' characterizations of the performance management feature.  The second sentence of Paragraph 405 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 405.

### "vi.     Apple Failed to Adequately Test the Devices and Had no Basis for Its False Statements"

406.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 406 is required.  Apple denies the allegations in the first sentence of

Paragraph 406.  The second sentence of Paragraph 406 purports to quote (in part) from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of this document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 406.

407.    Paragraph 407 purports to quote from a document that speaks for itself.  Apple disputes Plaintiffs' characterization of that document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 407.

408.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to the allegations in Paragraph 408 is required.  Apple denies the remaining allegations in Paragraph 408.

409.    Paragraph 409 purports to characterize a document that speaks for itself.  Apple disputes Plaintiffs' characterization of that document.  Except as otherwise addressed, Apple denies the allegations in Paragraph 409.

### "vii.    Apple's Statements Were Material to iPhone Consumers"

410.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 410 and therefore denies those allegations.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no further response to the allegations in Paragraph 410 is required.

411.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 411 and therefore denies those allegations.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no further response to the allegations in Paragraph 411 is required.

412.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 412 and therefore denies those allegations.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no further response to the allegations in Paragraph 412 is required.

413.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 413 and therefore denies those allegations.  In its Order dated April 22,

1    2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no further

2    response to the allegations in Paragraph 413 is required.

3        414.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the

4    allegations in Paragraph 414 and therefore denies those allegations.  In its Order dated April 22,

5    2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no further

6    response to the allegations in Paragraph 414 is required.

7
         **"B.      Apple Compounded the Defect by Stressing Device Batteries with Power-Hungry
8                    Software: iOS Updates"**

9        415.    Apple denies the allegations in paragraph 415.

10       416.    Paragraph 416 purports to include an image showing the interface that allows

11   consumers to update the software on their phones.  This document speaks for itself.  Apple denies

12   that it "pushes the software directly to" customers' devices.  Except as otherwise addressed, Apple

13   denies the allegations in Paragraph 416.

14       417.    Apple admits that device owners are able to download new updates when available.

15       418.    Paragraph 418 purports to quote (in part) from a document that speaks for itself.

16   Apple denies the remaining allegations in Paragraph 418.

17       419.    Apple denies the allegations in Paragraph 419.

18       **"C.      The Release of iOS 10 Was Secretly Designed to Camouflage the Defect"**

19       420.    Paragraph 420 purports to characterize and quote (in part) from documents that speak

20   for themselves.  Apple disputes Plaintiffs' characterization of those documents.  In its Order dated

21   April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to iPhone 5/5c/5s devices with

22   prejudice, and therefore no response to allegations in Paragraph 420 is required.  Except as otherwise

23   addressed, Apple denies the allegations in Paragraph 420.

24       421.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

25   to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 421

26   is required.  Apple admits that its products contain powerful processors which deliver industry-

27   leading performance.  Except as otherwise addressed, Apple denies the allegations in Paragraph 421.

28       422.    Apple admits the allegations in Paragraph 422.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

423.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 423 is required.  Apple admits that the amount of power that the processing unit requires during its daily operation varies.  Except as otherwise addressed, Apple denies the allegations in Paragraph 423.

424.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 424 regarding what other electronics manufacturers are aware of, and therefore denies those allegations.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 424 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 424.

425.     Apple admits that the iPhone 6 uses an A8 processor.  The allegations in the second and third sentences of Paragraph 425 are too vague for Apple to form a belief as to the truth of those allegations, which are therefore denied.

426.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 426 is required.  Apple admits that high-power cores can place demands on batteries that, if combined with other demands on the battery and other circumstances, may exceed the battery's capability to deliver power and trigger a UPO.  Except as otherwise addressed, Apple denies the allegations in Paragraph 426.

427.     In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 427 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 427.

"**D.     Apple Released iOS 10.2.1 to Further Conceal the Defect**"

428.     In its Order dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 428 is required.  Apple admits that it released iOS 10.2.1 on or about January 23, 2017.  Apple denies the remaining allegations in Paragraph 428.

429.     Paragraph 429 purports to quote from and refer to a document that speaks for itself. Except as otherwise addressed, Apple denies the allegations in paragraph 429.

430.     Paragraph 430 purports to quote (in part) from a document that speaks for itself. Except as otherwise addressed, Apple admits the allegations in Paragraph 430.

431.     Apple admits that it released a statement on February 23, 2017.  Paragraph 431 otherwise purports to quote (in part) from a document that speaks for itself.

432.     The allegations in the second sentence of Paragraph 432 purport to characterize a document that speaks for itself.  Apple denies the remaining allegations in Paragraph 432.

433.     Apple admits that the performance management feature reduced the rate of UPOs. Apple denies the remaining allegations in Paragraph 433.

434.     Apple denies the allegations in Paragraph 434.

435.     Apple denies the allegations in Paragraph 435.

436.     Apple admits that it released iOS 11 on September 19, 2017, and that the performance management feature was extended to iPhone 7 and iPhone 7 Plus devices with the release of iOS 11.2.  Apple denies the remaining allegations in Paragraph 436.

437.     Paragraph 437 purports to characterize a document that speaks for itself.

438.     Paragraph 438 purports to characterize a document that speaks for itself.

**"E.     The Defect in Apple's Devices, and the Impact of Throttling, Is Evidenced by Independent Analysis"**

439.     Paragraph 439 purports to characterize a document that speaks for itself.  Except as otherwise addressed, Apple denies the allegations in Paragraph 439.

440.     Paragraph 440 purports to characterize a document that speaks for itself.  Except as otherwise addressed, Apple denies the allegations in Paragraph 440.

441.     Paragraph 441 purports to characterize a document that speaks for itself.  Except as otherwise addressed, Apple denies the allegations in Paragraph 441.

442.     Paragraph 442 purports to characterize a document that speaks for itself.  Except as otherwise addressed, Apple denies the allegations in Paragraph 442.

443.    Apple admits that processor speed is measured in Hertz or MHz.  The second sentence of Paragraph 443 purports to characterize a document that speaks for itself.  Apple lacks sufficient knowledge and information to form a belief as to truth of the allegations in the third sentence of Paragraph 443 and therefore denies those allegations.  Except as otherwise addressed, Apple denies the allegations in Paragraph 443.

444.    Apple denies the allegations in Paragraph 444.

445.    Paragraph 445 purports to quote (in part) from a document that speaks for itself.  Except as otherwise addressed, Apple denies the allegations in Paragraph 445.

446.    Apple admits that it provides a warranty and that Paragraph 446 purports to quote (in part) from that warranty.  That document speaks for itself.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 446 regarding other manufacturers, and therefore denies those allegations.

447.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations in Paragraph 447 is required.  The allegations in Paragraph 447 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Apple denies the allegations in Paragraph 447.

**"IV.    APPLE'S REVENUES DEPEND ON SELLING NEW DEVICES, AND THE "UPGRADE" FINANCIAL MODEL WAS CRITICALLY FAILING IN 2016-2017"**

448.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' "fraud" claims with prejudice, and therefore no response to those allegations in Paragraph 448 is required.  The allegations in Paragraph 448 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Apple denies the allegations in Paragraph 448.

449.    Paragraph 449 purports to characterize documents that speak for themselves.  Except as otherwise addressed, Apple denies the allegations in Paragraph 449.

450.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 450 and therefore denies those allegations.  The

remaining allegations in Paragraph 450 purport to characterize documents that speak for themselves. In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice.  Except as otherwise addressed, Apple denies the allegations in Paragraph 450.

451.    Apple admits that it filed its Form 10-Q for the quarterly fiscal period ended June 25, 2016 on July 27, 2016.  This document speaks for itself.  In its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice.  Except as otherwise addressed, Apple denies the allegations in Paragraph 451.

452.    Paragraph 452 purports to characterize documents that speak for themselves.  Except as otherwise addressed, Apple denies the allegations in Paragraph 452.

453.    Apple admits that it filed its Annual Report on Form 10-K for the fiscal year ended September 24, 2016 on October 26, 2016.  That document speaks for itself.  Except as otherwise addressed, Apple denies the allegations in Paragraph 453.

454.    Apple admits that it filed its Annual Report on Form 10-K for the fiscal year ended September 24, 2016 on October 26, 2016.  That document speaks for itself.  Further, in its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice.  Except as otherwise addressed, Apple denies the allegations in Paragraph 454.

455.    Paragraph 455 purports to characterize and quote (in part) from documents that speak for themselves.  Except as otherwise addressed, Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 455, and therefore denies them.

456.    Paragraph 456 purports to characterize and quote (in part) from a document that speaks for itself.  Except as otherwise addressed, Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 456, and therefore denies them.

457.    Paragraph 457 of the Complaint purports to characterize a document that speaks for itself.  Apple disputes Plaintiffs' characterization of its conduct, or that its conduct provides the basis

1   for any actionable claim.  Apple denies that there were defects in its devices, and except as otherwise

2   addressed, Apple denies the allegations in Paragraph 457.

3         458.    The allegations in Paragraph 458 are conclusions of law to which no responsive

4   pleading is required.  Further, in its Order dated April 22, 2019, the Court dismissed all of Plaintiffs'

5   "fraud" claims with prejudice, and therefore no response to those allegations in Paragraph 458 is

6   required.

7   **"V.    RELATED CASES AND PROCEEDINGS"**

8         **"A.    United States – California State Court"**

9         459.    Apple admits that there is a pending proceeding in California state court.  The

10  remaining allegations in Paragraph 459 are conclusions of law for which no responsive pleading is

11  required, and which are therefore denied.

12        **"B.    United States – Federal Cases Not Consolidated"**

13        460.    Apple admits that *Oliver v. Apple Inc.*, No. 5:18-cv-3638-EJD (N.D. Cal.), was not

14  consolidated with the MDL, and it further notes that *Oliver v. Apple Inc.* was dismissed on January

15  18, 2019.

16        **"C.    United States – Congressional and Senate Proceedings"**

17        461.    Paragraph 461 purports to characterize documents that speak for themselves.  The

18  remaining allegations in Paragraph 461 are conclusions of law for which no responsive pleading is

19  required, and which are therefore denied.  Except as otherwise addressed, Apple denies the

20  allegations in Paragraph 461.

21        462.    Paragraph 462 purports to characterize a document that speaks for itself.  In its Order

22  dated April 22, 2019, the Court dismissed with prejudice all of Plaintiffs' "fraud" claims and all

23  claims relating to the "defect" theory, and therefore no response to those allegations in Paragraph 462

24  is required.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the

25  remaining allegations in Paragraph 462, and therefore denies them.

26        463.    Paragraph 463 purports to quote (in part) from a document that speaks for itself.

27  Except as otherwise addressed, Apple denies the allegations in Paragraph 463.

28

464.     Paragraph 464 purports to characterize a document that speaks for itself.  Except as otherwise addressed, Apple denies the allegations in Paragraph 464.

**"D.     United States – Federal Regulatory Proceedings"**

465.     The allegations in the first two sentences of Paragraph 465 purport to characterize documents that speak for themselves.  Except as otherwise addressed, Apple denies the allegations in Paragraph 465.

**"E.     Canada – Regulatory Proceedings"**

466.     Apple admits that the Standing Committee on Industry, Science and Technology in the Canadian House of Commons held a hearing on March 1, 2018.  Paragraph 466 purports to characterize the content of a document that speaks for itself, and Apple disputes Plaintiffs' characterization of that document.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 466 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 466.

467.     Paragraph 467 purports to quote (in part) from a document that speaks for itself.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 467 is required. Except as otherwise addressed, Apple denies the allegations in Paragraph 467.

**"F.     Canada – Litigation"**

468.     The allegations in Paragraph 468 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 468 is required.  Except as otherwise addressed, Apple denies the allegations in Paragraph 468.

**"G.     Canada – Litigation – Quebec"**

469.     The allegations in Paragraph 469 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the "defect" theory with prejudice, and therefore no

1   response to those allegations in Paragraph 469 is required.  Except as otherwise addressed, Apple

2   denies the allegations in Paragraph 469.

3   **"H.     Israel – Regulatory Proceedings"**

4        470.    The allegations in Paragraph 470 are conclusions of law for which no responsive

5   pleading is required, and which are therefore denied.  Except as otherwise addressed, Apple denies

6   the allegations in Paragraph 470.

7   **"I.     Israel – Litigation"**

8        471.    The allegations in Paragraph 471 are conclusions of law for which no responsive

9   pleading is required, and which are therefore denied.  Except as otherwise addressed, Apple denies

10  the allegations in Paragraph 471.

11  **"J.     France – Criminal Proceedings"**

12       472.    The allegations in Paragraph 472 are conclusions of law for which no responsive

13  pleading is required, and which are therefore denied.  Except as otherwise addressed, Apple denies

14  the allegations in Paragraph 472.

15  **"K.     Italy – Regulatory Proceedings"**

16       473.    The allegations in Paragraph 473 are conclusions of law for which no responsive

17  pleading is required, and which are therefore denied.  Except as otherwise addressed, Apple denies

18  the allegations in Paragraph 473.

19  **"L.     China – Regulatory Proceedings"**

20       474.    The first two sentences of Paragraph 474 purport to characterize documents that speak

21  for themselves.  Apple lacks sufficient knowledge and information to form a belief as to the truth of

22  the allegation in the third sentence of Paragraph 474 and therefore denies that allegation.  The

23  remaining allegations in Paragraph 474 are conclusions of law for which no responsive pleading is

24  required, and which are therefore denied.  Except as otherwise addressed, Apple denies the

25  allegations in Paragraph 474.

26  **"M.     Russia – Litigation"**

27       475.    The allegations in Paragraph 475 are conclusions of law for which no responsive

28  pleading is required, and which are therefore denied.  Apple lacks sufficient knowledge and

1   information to form a belief as to the truth of the remaining allegations in Paragraph 475 and

2   therefore denies them.  Except as otherwise addressed, Apple denies the allegations in Paragraph 475.

3   **"N.      South Korea – Litigation"**

4   476.    The allegations in Paragraph 476 are conclusions of law for which no responsive

5   pleading is required, and which are therefore denied.  Except as otherwise addressed, Apple denies

6   the allegations in Paragraph 476.

7   **"O.      South Korea – Regulatory Proceedings"**

8   477.    The allegations in Paragraph 477 are conclusions of law for which no responsive

9   pleading is required, and which are therefore denied.  Except as otherwise addressed, Apple denies

10  the allegations in Paragraph 477.

11  **"P.      Additional Regulatory Proceedings"**

12  478.    The allegations in Paragraph 478 are conclusions of law for which no responsive

13  pleading is required, and which are therefore denied.

14  **"Q.      Additional Related Litigation"**

15  479.    The allegations in Paragraph 479 are conclusions of law for which no responsive

16  pleading is required, and which are therefore denied.

17  **"VI.    APPLE'S SOFTWARE LICENSE AGREEMENTS"**

18  480.    Apple admits that its proprietary iOS software is necessary to operate iPhone devices.

19  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S.

20  claimants, or that California law governs worldwide or nationwide to the claims asserted in this case.

21  Except as otherwise addressed, Apple denies the allegations in Paragraph 480.

22  481.    Paragraph 481 purports to characterize documents that speak for themselves and

23  contain conclusions of law for which no responsive pleading is required.  Apple disputes that

24  Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants, or that

25  California law governs worldwide or nationwide to the claims asserted in this case.  Except as

26  otherwise addressed, Apple denies the allegations in Paragraph 481.

27  482.    Apple denies the allegations in Paragraph 482.  Apple disputes that Plaintiffs may

28  pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants, or that California law governs

1    worldwide or nationwide to the claims asserted in this case.  Except as otherwise addressed, Apple

2    denies the allegations in Paragraph 482.

3        483.    The allegations in Paragraph 483 are conclusions of law for which no responsive

4    pleading is required.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on

5    behalf of non-U.S. claimants, or that California law governs worldwide or nationwide to the claims

6    asserted in this case.

7        484.    The allegations in Paragraph 484 are conclusions of law for which no responsive

8    pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue

9    non-U.S. claims and/or claims on behalf of non-U.S. claimants, or that California law governs

10   worldwide or nationwide to the claims asserted in this case.  Except as otherwise addressed, Apple

11   denies the allegations in Paragraph 484.

12       485.    Paragraph 485 purports to characterize a document that speaks for itself.  The

13   remaining allegations in Paragraph 485 are conclusions of law for which no responsive pleading is

14   required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims

15   and/or claims on behalf of non-U.S. claimants, or that California law governs worldwide or

16   nationwide to the claims asserted in this case.  Except as otherwise addressed, Apple denies the

17   allegations in Paragraph 485.

18       486.    In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating

19   to the "defect" theory with prejudice, and therefore no response to those allegations in Paragraph 486

20   is required.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of

21   non-U.S. claimants, or that California law governs worldwide or nationwide to the claims asserted in

22   this case.  Except as otherwise addressed, Apple denies the allegations in Paragraph 486.

23       487.    The allegations in Paragraph 487 are conclusions of law for which no responsive

24   pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue

25   non-U.S. claims and/or claims on behalf of non-U.S. claimants, or that California law governs

26   worldwide or nationwide to the claims asserted in this case.  Except as otherwise addressed, Apple

27   denies the allegations in Paragraph 487.

28

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

488.     The allegations in Paragraph 488 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants, or that California law governs worldwide or nationwide to the claims asserted in this case.  Except as expressly addressed, Apple denies the allegations in Paragraph 488.

## "CLASS ALLEGATIONS"

489.     The allegations in Paragraph 489 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a basis for class certification.  In its Order dated April 22, 2019, the Court dismissed all of Plaintiffs' claims relating to the iPhone 5/5c/5s devices with prejudice.  Further, in its Order dated October 1, 2018, the Court dismissed all of Plaintiffs' claims relating to iPads, Plaintiffs elected not to amend these claims, and therefore those claims have been dismissed with prejudice.

490.     The allegations in Paragraph 490 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a basis for class certification.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law.

491.     The allegations in Paragraph 491 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a basis for class certification.  Apple disputes that non-U.S. Plaintiffs may pursue any claims in this case, and that any such claims would be governed by U.S. law, and that U.K. claimants may pursue claims in a U.S. forum.

492.     The allegations in Paragraph 492 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a basis for class certification.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims

1    on behalf of non-U.S. claimants, or that California law governs worldwide or nationwide to the

2    claims asserted in this case.

3         493.    The allegations in Paragraph 493 are conclusions of law for which no responsive

4    pleading is required, and which are therefore denied.  Apple disputes that non-U.S. Plaintiffs may

5    pursue any claims in this case, and that any such claims would be governed by U.S. law, and that

6    U.K. claimants may pursue claims in a U.S. forum.

7         494.    The allegations in Paragraph 494 are conclusions of law for which no responsive

8    pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its

9    conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a

10   basis for class certification.

11        495.    The allegations in Paragraph 495 are conclusions of law for which no responsive

12   pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its

13   conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a

14   basis for class certification.  In its Order dated April 22, 2019, the Court with prejudice dismissed all

15   of Plaintiffs' "fraud" claims and all of Plaintiffs' claims relating to the "defect" theory.

16        496.    The allegations in Paragraph 496 are conclusions of law for which no responsive

17   pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its

18   conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a

19   basis for class certification.

20        497.    The allegations in Paragraph 497 are conclusions of law for which no responsive

21   pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its

22   conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a

23   basis for class certification.

24        498.    The allegations in Paragraph 498 are conclusions of law for which no responsive

25   pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its

26   conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a

27   basis for class certification.

28

499.     The allegations in Paragraph 499 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a basis for class certification.

500.     The allegations in Paragraph 500 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, that its conduct provides the basis for any actionable claim, or that Plaintiffs may establish a basis for class certification.

## "TOLLING OF APPLICABLE LIMITATIONS PERIODS"

501.     The allegations in Paragraph 501 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, or that its conduct provides the basis for any actionable claim.

502.     The allegations in Paragraph 502 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, that its devices were defective, or that its conduct provides the basis for any actionable claim.

503.     Apple denies the allegations in Paragraph 503.

504.     The allegations in Paragraph 504 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, or that its conduct provides the basis for any actionable claim.

505.     The allegations in Paragraph 505 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, that its devices were defective, or that its conduct provides the basis for any actionable claim.

506.     The allegations in Paragraph 506 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes Plaintiffs' characterization of its conduct, or that its conduct provides the basis for any actionable claim.

## "**CAUSES OF ACTION**

## **ON BEHALF OF THE CLASS**

### **COUNT 1**

### **VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT**

*18 U.S.C. § 1030, et seq.*"

507.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed with prejudice Plaintiffs' claims based on 18 U.S.C. § 1030(a)(5)(C).  Apple's responses to Count 1 are limited to the claim premised on 18 U.S.C. § 1030(a)(5)(A).

508.    The allegations in Paragraph 508 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

509.    The allegations in Paragraph 509 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

510.    The allegations in Paragraph 510 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

511.    The allegations in Paragraph 511 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

512.    The allegations in Paragraph 512 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

513.    The allegations in Paragraph 513 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "**COUNT 2**

### **VIOLATIONS OF THE CONSUMER[S] LEGAL REMEDIES ACT**

*Cal. Civ. Code § 1750, et seq.*"

514.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 514 is required.

Gibson, Dunn &
Crutcher LLP

515.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 515 is required.

516.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 516 is required.

517.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 517 is required.

518.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 518 is required.

519.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 519 is required.

520.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 520 is required.

521.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 521 is required.

522.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 522 is required.

523.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 523 is required.

524.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 524 is required.

525.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' CLRA claim with prejudice, and therefore no response to Paragraph 525 is required.

## "COUNT 3

## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW

*Cal. Bus. & Prof. Code § 17200, et seq.*"

526.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed

Gibson, Dunn &
Crutcher LLP

Plaintiffs' claim under the "fraudulent" prong of the UCL with prejudice, and therefore no response to Paragraph 526 is required.

527.    The allegations in Paragraph 527 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

528.    The allegations in Paragraph 528 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

529.    The allegations in Paragraph 529 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

530.    The allegations in Paragraph 530 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

531.    The allegations in Paragraph 531 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

532.    The allegations in Paragraph 532 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

533.    The allegations in Paragraph 533 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

534.    The allegations in Paragraph 534 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

535.    The allegations in Paragraph 535 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

536.    The allegations in Paragraph 536 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

537.    The allegations in Paragraph 537 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

538.    The allegations in Paragraph 538 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

539.    The allegations in Paragraph 539 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

540.    The allegations in Paragraph 540 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

541.    The allegations in Paragraph 541 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

542.    The allegations in Paragraph 542 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

543.    Apple denies the allegations in Paragraph 543.

544.    The allegations in Paragraph 544 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

545.    The allegations in Paragraph 545 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

546.    The allegations in Paragraph 546 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"COUNT 4**

**VIOLATIONS OF CALIFORNIA'S FALSE AND MISLEADING ADVERTISING LAW**

*Cal. Bus. & Prof. Code § 17500, et seq.*"

547.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 547 is required.

548.    In its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 548 is required.

549.    In its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 549 is required.

550.     In its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 550 is required.

551.     In its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 551 is required.

552.     In its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 552 is required.

553.     In its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 553 is required.

554.     In its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 554 is required.

555.     In its Order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim under California's False Advertising Law with prejudice, and therefore no response to Paragraph 555 is required.

## "COUNT 5

## CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT

### *Cal. Penal Code § 502, et seq.*"

556.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated October 1, 2018 (Dkt. 219), the Court allowed Plaintiffs' claims under only two specific subsections of California's Computer Data Access and Fraud Act to proceed: Cal. Penal Code sections 502(c)(4) and (c)(5).  And in its Order dated April 22, 2019 (Dkt. 315), the Court dismissed with prejudice the claims that it had previously dismissed

without prejudice. Apple's responses to Count 5 are therefore limited to the claim premised on sections 502(c)(4) and (c)(5).

557. The allegations in Paragraph 557 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

558. The allegations in Paragraph 558 are conclusions of law for which no responsive pleading is required and which are therefore denied.

559. The allegations in Paragraph 559 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

560. The allegations in Paragraph 560 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Apple denies the allegations in Paragraph 560.

561. The allegations in Paragraph 561 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Apple denies the allegations in Paragraph 561.

562. The allegations in Paragraph 562 are conclusions of law for which no responsive pleading is required. To the extent a response is required, Apple denies the allegations in Paragraph 562.

563. The allegations in Paragraph 563 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

564. The allegations in Paragraph 564 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"COUNT 6**

**TRESPASS TO CHATTELS"**

565. Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

566. The allegations in Paragraph 566 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

567.     The allegations in Paragraph 567 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

568.     The allegations in Paragraph 568 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

569.     The allegations in Paragraph 569 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

570.     The allegations in Paragraph 570 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

571.     The allegations in Paragraph 571 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "COUNT 7

## FRAUD"

572.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 572 is required.

573.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 573 is required.

574.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 574 is required.

575.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 575 is required.

576.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 576 is required.

577.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 577 is required.

578.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 578 is required.

579.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 579 is required.

580.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 580 is required.

581.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 581 is required.

582.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 582 is required.

**"COUNT 8**

**CONSTRUCTIVE FRAUD"**

583.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 583 is required.

584.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 584 is required.

585.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 585 is required.

586.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 586 is required.

587.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 587 is required.

588.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 588 is required.

589.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 589 is required.

590.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 590 is required.

Gibson, Dunn & Crutcher LLP

591.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 591 is required.

592.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 592 is required.

593.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 593 is required.

594.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 594 is required.

## "COUNT 9

## FRAUDULENT INDUCEMENT"

595.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 595 is required.

596.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 596 is required.

597.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 597 is required.

598.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 598 is required.

599.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 599 is required.

600.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 600 is required.

601.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 601 is required.

602.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 602 is required.

603.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 603 is required.

604.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 604 is required.

605.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 605 is required.

606.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed this claim with prejudice, and therefore no response to Paragraph 606 is required.

## "COUNT 10

## BREACH OF CONTRACT"

607.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 607 is required.

608.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 608 is required.

609.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 609 is required.

610.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 610 is required.

611.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 611 is required.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

612.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 612 is required.

613.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 613 is required.

614.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 614 is required.

615.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 615 is required.

616.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' breach of contract claim and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 616 is required.

## "COUNT 11

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING"

617.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 617 is required.

618.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 618 is required.

619.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 619 is required.

620.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 620 is required.

621.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 621 is required.

622.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 622 is required.

623.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 623 is required.

624.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 624 is required.

625.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 625 is required.

626.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 626 is required.

627.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 627 is required.

628.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 628 is required.

629.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' claim for breach of the duty of good faith and fair dealing and Plaintiffs elected not to amend to restate this claim, therefore no response to Paragraph 629 is required.

## "COUNT 12

## MONEY HAD AND RECEIVED"

630.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' "money had and received" claim with prejudice, therefore no response is necessary to Paragraph 630.

631.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' "money had and received" claim with prejudice, therefore no response is necessary to Paragraph 631.

632.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' "money had and received" claim with prejudice, therefore no response is necessary to Paragraph 632.

## "COUNT 13

## FRAUDULENT OMISSION OR CONCEALMENT"

633.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 633.

634.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 634.

635.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 635.

636.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 636.

637.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 637.

638.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 638.

639.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 639.

640.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 640.

641.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 641.

642.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 642.

643.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent omission or concealment claim with prejudice, therefore no response is necessary to Paragraph 643.

**"COUNT 14**

**FRAUDULENT MISREPRESENTATION"**

644.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 644.

645.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 645.

646.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 646.

647.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 647.

648.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 648.

649.     In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 649.

650.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 650.

651.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 651.

652.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 652.

653.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 653.

654.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 654.

655.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 655.

656.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' fraudulent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 656.

**"COUNT 15**

**NEGLIGENT MISREPRESENTATION"**

657.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' negligent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 657.

658.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' negligent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 658.

659.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' negligent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 659.

660.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' negligent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 660.

661.    In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' negligent misrepresentation claim with prejudice, therefore no response is necessary to Paragraph 661.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## "COUNT 16

## QUASI-CONTRACT / UNJUST ENRICHMENT"

662.        Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In addition, in its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' quasi-contract/unjust enrichment claim and Plaintiffs elected not to amend to restate this claim, therefore no response is necessary to Paragraph 662.

663.        In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' quasi-contract/unjust enrichment claim and Plaintiffs elected not to amend to restate this claim, therefore no response is necessary to Paragraph 663.

664.        In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' quasi-contract/unjust enrichment claim and Plaintiffs elected not to amend to restate this claim, therefore no response is necessary to Paragraph 664.

665.        In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' quasi-contract/unjust enrichment claim and Plaintiffs elected not to amend to restate this claim, therefore no response is necessary to Paragraph 665.

666.        In its order dated April 22, 2019 (Dkt. 315), the Court dismissed Plaintiffs' quasi-contract/unjust enrichment claim and Plaintiffs elected not to amend to restate this claim, therefore no response is necessary to Paragraph 666.

## "CLAIMS ON BEHALF OF THE UNITED KINGDOM SUBCLASS

## COUNT 17

## VIOLATION OF THE CONSUMER PROTECTION FROM UNFAIR TRADING REGULATIONS 2008 (2008 No. 1277)

## (on behalf of the United Kingdom Subclass)"

667.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

668.     The allegations in Paragraph 668 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

669.     The allegations in Paragraph 669 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

670.     The allegations in Paragraph 670 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

671.     The allegations in Paragraph 671 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

672.     The allegations in Paragraph 672 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

673.     The allegations in Paragraph 673 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

674.     The allegations in Paragraph 674 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Apple denies that there are defects in its devices and otherwise denies the allegations in Paragraph 674.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

675.     The allegations in Paragraph 675 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Apple denies that there are defects in its devices and otherwise denies the allegations in Paragraph 675.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

676.     Apple denies the allegations in Paragraph 676.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

677.     The allegations in Paragraph 677 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Apple denies the allegations in Paragraph 677.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

678.     The allegations in Paragraph 678 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Apple denies the allegations in Paragraph 678.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

679.     The allegations in Paragraph 679 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Apple denies the allegations in Paragraph 679.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

680.     The allegations in Paragraph 680 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

681.     Apple admits that Plaintiffs purport to seek redress as alleged in Paragraph 681. Apple denies that its conduct provides the basis for any actionable claim, or that Plaintiffs are entitled to any relief.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

682.     The allegations in Paragraph 682 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"COUNT 18**

**VIOLATION OF THE CONSUMER RIGHTS ACT 2015 (2015 C. 15)**

**(on behalf of United Kingdom Subclass)"**

683.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

684.    The allegations in Paragraph 684 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

685.    The allegations in Paragraph 685 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

686.    The allegations in Paragraph 686 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

687.    The allegations in Paragraph 687 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

688.    The allegations in Paragraph 688 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

689.    The allegations in Paragraph 689 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

690.    The allegations in Paragraph 690 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

691.     The allegations in Paragraph 691 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

692.     The allegations in Paragraph 692 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

693.     Apple denies the allegations in Paragraph 693.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

694.     The allegations in Paragraph 694 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Apple denies the allegations in Paragraph 694.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

695.     The allegations in Paragraph 695 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

696.     Apple denies the allegations in Paragraph 696.  Apple disputes that Plaintiffs may pursue non-U.S. claims and/or claims on behalf of non-U.S. claimants.

### "CLAIMS ON BEHALF OF THE ALABAMA SUBCLASS

### COUNT 19

### ALABAMA DECEPTIVE TRADE PRACTICES ACT

*Ala. Code §§ 8-19-1, et seq.*"

697.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

698.     The allegations in Paragraph 698 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

699.    The allegations in Paragraph 699 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

700.    The allegations in Paragraph 700 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

701.    The allegations in Paragraph 701 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

702.    The allegations in Paragraph 702 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

703.    The allegations in Paragraph 703 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

704.    The allegations in Paragraph 704 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

705.    The allegations in Paragraph 705 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

706.    The allegations in Paragraph 706 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

707.    The allegations in Paragraph 707 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

708.    The allegations in Paragraph 708 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

709.    The allegations in Paragraph 709 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLAIMS ON BEHALF OF THE ALASKA SUBCLASS**

**COUNT 20**

**ALASKA CONSUMER PROTECTION ACT**

*Alaska Stat. §§ 45.50.471, et seq.*"

Gibson, Dunn &
Crutcher LLP

710.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

711.     The allegations in Paragraph 711 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

712.     The allegations in Paragraph 712 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

713.     The allegations in Paragraph 713 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

714.     The allegations in Paragraph 714 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

715.     The allegations in Paragraph 715 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

716.     The allegations in Paragraph 716 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

717.     The allegations in Paragraph 717 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

718.     The allegations in Paragraph 718 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

719.     The allegations in Paragraph 719 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE ARIZONA SUBCLASS

### COUNT 21

### ARIZONA CONSUMER FRAUD ACT

*A.R.S. §§ 44-1521, et seq.*"

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

720.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

721.     The allegations in Paragraph 721 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

722.     The allegations in Paragraph 722 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

723.     The allegations in Paragraph 723 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  .

724.     The allegations in Paragraph 724 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

725.     The allegations in Paragraph 725 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

726.     The allegations in Paragraph 726 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

727.     The allegations in Paragraph 727 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

728.     The allegations in Paragraph 728 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

729.     The allegations in Paragraph 729 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLAIMS ON BEHALF OF THE ARKANSAS SUBCLASS**

**COUNT 22**

**ARKANSAS DECEPTIVE TRADE PRACTICES ACT**

*A.C.A. §§ 4-88-101, et seq.*"

730.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

731.    The allegations in Paragraph 731 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

732.    The allegations in Paragraph 732 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

733.    The allegations in Paragraph 733 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

734.    The allegations in Paragraph 734 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

735.    The allegations in Paragraph 735 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

736.    The allegations in Paragraph 736 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

737.    The allegations in Paragraph 737 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

738.    The allegations in Paragraph 738 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

739.    The allegations in Paragraph 739 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

740.    The allegations in Paragraph 740 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

Gibson, Dunn &
Crutcher LLP

741.    The allegations in Paragraph 741 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE COLORADO SUBCLASS

### COUNT 23

### COLORADO CONSUMER PROTECTION ACT

*Colo. Rev. Stat. §§ 6-1-101, et seq.*"

742.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

743.    The allegations in Paragraph 743 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

744.    The allegations in Paragraph 744 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

745.    The allegations in Paragraph 745 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

746.    The allegations in Paragraph 746 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

747.    The allegations in Paragraph 747 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

748.    The allegations in Paragraph 748 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

749.    The allegations in Paragraph 749 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

750.    The allegations in Paragraph 750 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

751.    The allegations in Paragraph 751 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

752.     The allegations in Paragraph 752 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

753.     The allegations in Paragraph 753 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE CONNECTICUT SUBCLASS

## COUNT 24

## CONNECTICUT UNFAIR TRADE PRACTICES ACT

### *C.G.S.A. § 42-110g*"

754.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

755.     The allegations in Paragraph 755 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

756.     The allegations in Paragraph 756 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

757.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 757 and therefore denies those allegations.

758.     The allegations in Paragraph 758 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

759.     The allegations in Paragraph 759 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

760.     The allegations in Paragraph 760 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

761.     The allegations in Paragraph 761 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

762.     The allegations in Paragraph 762 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

763.    The allegations in Paragraph 763 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

764.    The allegations in Paragraph 764 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

765.    The allegations in Paragraph 765 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

766.    The allegations in Paragraph 766 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

767.    The allegations in Paragraph 767 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE DELAWARE SUBCLASS

## COUNT 25

## DELAWARE CONSUMER FRAUD ACT

### *6 Del. Code §§ 2513, et seq.*"

768.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

769.    The allegations in Paragraph 769 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

770.    The allegations in Paragraph 770 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

771.    The allegations in Paragraph 771 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

772.    The allegations in Paragraph 772 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

773.    The allegations in Paragraph 773 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

774.    The allegations in Paragraph 774 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

775.    The allegations in Paragraph 775 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

776.    The allegations in Paragraph 776 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

777.    The allegations in Paragraph 777 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE DISTRICT OF COLUMBIA SUBCLASS

## COUNT 26

## DISTRICT OF COLUMBIA CONSUMER PROTECTION

## PROCEDURES ACT

*D.C. Code §§ 28-3904, et seq.*"

778.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

779.    The allegations in Paragraph 779 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

780.    The allegations in Paragraph 780 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

781.    The allegations in Paragraph 781 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

782.    The allegations in Paragraph 782 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

783.    The allegations in Paragraph 783 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

784.     The allegations in Paragraph 784 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

785.     The allegations in Paragraph 785 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

786.     The allegations in Paragraph 786 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

787.     The allegations in Paragraph 787 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

788.     The allegations in Paragraph 788 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

789.     The allegations in Paragraph 789 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE FLORIDA SUBCLASS

### COUNT 27

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

*Fla. Stat. §§ 501.201, et seq.*"

790.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

791.     The allegations in Paragraph 791 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

792.     The allegations in Paragraph 792 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

793.     The allegations in Paragraph 793 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

794.     The allegations in Paragraph 794 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

795.     The allegations in Paragraph 795 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

796.     The allegations in Paragraph 796 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

797.     The allegations in Paragraph 797 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE GEORGIA SUBCLASS

### COUNT 28

### GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT

*O.C.G.A. §§ 10-1-390, et seq.*"

798.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

799.     The allegations in Paragraph 799 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

800.     The allegations in Paragraph 800 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

801.     The allegations in Paragraph 801 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

802.     The allegations in Paragraph 802 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

803.     The allegations in Paragraph 803 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

804.     The allegations in Paragraph 804 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

805.     The allegations in Paragraph 805 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

806.    The allegations in Paragraph 806 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

807.    The allegations in Paragraph 807 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

808.    The allegations in Paragraph 808 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

809.    The allegations in Paragraph 809 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE HAWAII SUBCLASS

### COUNT 29

### HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION ACT

*Haw. Rev. Stat. §§ 480-1, et seq.*"

810.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

811.    The allegations in Paragraph 811 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

812.    The allegations in Paragraph 812 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

813.    The allegations in Paragraph 813 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

814.    The allegations in Paragraph 814 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

815.    The allegations in Paragraph 815 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

816.    The allegations in Paragraph 816 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

817.     The allegations in Paragraph 817 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

818.     The allegations in Paragraph 818 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

819.     The allegations in Paragraph 819 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

820.     The allegations in Paragraph 820 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "COUNT 30

### HAWAII UNIFORM DECEPTIVE TRADE PRACTICE ACT

*Haw. Rev. Stat. §§ 481A-3, et seq.*"

821.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

822.     The allegations in Paragraph 822 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

823.     The allegations in Paragraph 823 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

824.     The allegations in Paragraph 824 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

825.     The allegations in Paragraph 825 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

826.     The allegations in Paragraph 826 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

827.     The allegations in Paragraph 827 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "CLAIMS ON BEHALF OF THE IDAHO SUBCLASS

Gibson, Dunn &
Crutcher LLP

**COUNT 31**

**IDAHO CONSUMER PROTECTION ACT**

*Idaho Code §§ 48-601, et seq.*"

828.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

829.    The allegations in Paragraph 829 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

830.    The allegations in Paragraph 830 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

831.    The allegations in Paragraph 831 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

832.    The allegations in Paragraph 832 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

833.    The allegations in Paragraph 833 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

834.    The allegations in Paragraph 834 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

835.    The allegations in Paragraph 835 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

836.    The allegations in Paragraph 836 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

837.    The allegations in Paragraph 837 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLAIMS ON BEHALF OF THE ILLINOIS SUBCLASS**

**COUNT 32**

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

*815 ILCS §§ 505, et seq.*"

838.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

839.    The allegations in Paragraph 839 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

840.    The allegations in Paragraph 840 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

841.    The allegations in Paragraph 841 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

842.    The allegations in Paragraph 842 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

843.    The allegations in Paragraph 843 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

844.    The allegations in Paragraph 844 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

845.    The allegations in Paragraph 845 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

846.    The allegations in Paragraph 846 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

847.    The allegations in Paragraph 847 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

848.    The allegations in Paragraph 848 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "COUNT 33

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

*815 ILCS §§ 510/2, et seq.*"

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn &
Crutcher LLP

849.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

850.    The allegations in Paragraph 850 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

851.    The allegations in Paragraph 851 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

852.    The allegations in Paragraph 852 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

853.    The allegations in Paragraph 853 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

854.    The allegations in Paragraph 854 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

855.    The allegations in Paragraph 855 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE INDIANA SUBCLASS

## COUNT 34

## INDIANA DECEPTIVE CONSUMER SALES ACT

*Ind. Code §§ 24-5-0.5-1, et seq.*"

856.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

857.    The allegations in Paragraph 857 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

858.    The allegations in Paragraph 858 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

859.    The allegations in Paragraph 859 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

860.    The allegations in Paragraph 860 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

861.    The allegations in Paragraph 861 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

862.    The allegations in Paragraph 862 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

863.    The allegations in Paragraph 863 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

864.    The allegations in Paragraph 864 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

865.    The allegations in Paragraph 865 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

866.    The allegations in Paragraph 866 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

867.    The allegations in Paragraph 867 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

868.    The allegations in Paragraph 868 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

869.    The allegations in Paragraph 869 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

870.    The allegations in Paragraph 870 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

871.    The allegations in Paragraph 871 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

872.    The allegations in Paragraph 872 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

873.    The allegations in Paragraph 873 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

874.    The allegations in Paragraph 874 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

875.    The allegations in Paragraph 875 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

876.    The allegations in Paragraph 876 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE IOWA SUBCLASS

### COUNT 35

### IOWA PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT

*Iowa Code § 714H*"

877.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

878.    The allegations in Paragraph 878 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

879.    The allegations in Paragraph 879 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

880.    The allegations in Paragraph 880 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

881.    The allegations in Paragraph 881 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

882.    The allegations in Paragraph 882 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

883.    The allegations in Paragraph 883 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

884.     The allegations in Paragraph 884 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

885.     The allegations in Paragraph 885 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

886.     The allegations in Paragraph 886 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

887.     The allegations in Paragraph 887 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE KANSAS SUBCLASS

### COUNT 36

### KANSAS CONSUMER PROTECTION ACT

*K.S.A. §§ 50-623, et seq.*"

888.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

889.     The allegations in Paragraph 889 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

890.     The allegations in Paragraph 890 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

891.     The allegations in Paragraph 891 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

892.     The allegations in Paragraph 892 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

893.     The allegations in Paragraph 893 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

894.     The allegations in Paragraph 894 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

895.    The allegations in Paragraph 895 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

896.    The allegations in Paragraph 896 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

897.    The allegations in Paragraph 897 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

898.    The allegations in Paragraph 898 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

899.    The allegations in Paragraph 899 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

900.    The allegations in Paragraph 900 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

901.    The allegations in Paragraph 901 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

902.    The allegations in Paragraph 902 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "CLAIMS ON BEHALF OF THE KENTUCKY SUBCLASS

### COUNT 37

### KENTUCKY CONSUMER PROTECTION ACT

### Ky. Rev. Stat. *§§ 367.110, et seq.*"

903.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

904.    The allegations in Paragraph 904 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

905.    The allegations in Paragraph 905 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

906.     The allegations in Paragraph 906 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

907.     The allegations in Paragraph 907 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

908.     The allegations in Paragraph 908 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

909.     The allegations in Paragraph 909 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

910.     The allegations in Paragraph 910 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

911.     The allegations in Paragraph 911 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

912.     The allegations in Paragraph 912 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

913.     The allegations in Paragraph 913 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "CLAIMS ON BEHALF OF THE LOUISIANA SUBCLASS

### COUNT 38

### LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

### La. Rev. Stat. Ann. *§§ 51:1401, et seq.*"

914.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

915.     The allegations in Paragraph 915 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

916.     The allegations in Paragraph 916 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

917.   The allegations in Paragraph 917 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

918.   The allegations in Paragraph 918 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

919.   The allegations in Paragraph 919 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

920.   The allegations in Paragraph 920 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

921.   The allegations in Paragraph 921 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

922.   The allegations in Paragraph 922 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

923.   The allegations in Paragraph 923 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

924.   The allegations in Paragraph 924 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

925.   The allegations in Paragraph 925 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE MAINE SUBCLASS

### COUNT 39

### MAINE UNFAIR TRADE PRACTICES ACT

*5 Me. Rev. Stat. §§ 205, 213, et seq.*"

926.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

927.   The allegations in Paragraph 927 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

Gibson, Dunn & Crutcher LLP

135

928.    The allegations in Paragraph 928 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

929.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 929 and therefore denies those allegations.

930.    The allegations in Paragraph 930 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

931.    The allegations in Paragraph 931 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

932.    The allegations in Paragraph 932 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

933.    The allegations in Paragraph 933 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

934.    The allegations in Paragraph 934 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

935.    The allegations in Paragraph 935 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"COUNT 40**

**MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT**

*10* **Me. Rev. Stat.** *§§ 1212, et seq.*"

936.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

937.    The allegations in Paragraph 937 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

938.    The allegations in Paragraph 938 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

939.     The allegations in Paragraph 939 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

940.     The allegations in Paragraph 940 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

941.     The allegations in Paragraph 941 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

942.     The allegations in Paragraph 942 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

943.     The allegations in Paragraph 943 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

944.     The allegations in Paragraph 944 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

945.     The allegations in Paragraph 945 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE MARYLAND SUBCLASS

## COUNT 41

## MARYLAND CONSUMER PROTECTION ACT

*Md. Comm. Code §§ 13-301, et seq.*"

946.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

947.     The allegations in Paragraph 947 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

948.     The allegations in Paragraph 948 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

949.     The allegations in Paragraph 949 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

Gibson, Dunn & Crutcher LLP

950.    The allegations in Paragraph 950 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

951.    The allegations in Paragraph 951 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

952.    The allegations in Paragraph 952 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

953.    The allegations in Paragraph 953 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

954.    The allegations in Paragraph 954 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

955.    The allegations in Paragraph 955 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

956.    The allegations in Paragraph 956 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

957.    The allegations in Paragraph 957 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

958.    The allegations in Paragraph 958 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

959.    The allegations in Paragraph 959 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLAIMS ON BEHALF OF THE MASSACHUSETTS SUBCLASS**

**COUNT 42**

**MASSACHUSETTS CONSUMER PROTECTION ACT**

*Mass. Gen. Laws Ann. Ch. 93A, §§ 1, et seq.*"

960.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

961.     The allegations in Paragraph 961 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

962.     The allegations in Paragraph 962 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

963.     The allegations in Paragraph 963 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

964.     The allegations in Paragraph 964 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

965.     The allegations in Paragraph 965 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

966.     The allegations in Paragraph 966 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

967.     The allegations in Paragraph 967 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

968.     The allegations in Paragraph 968 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

969.     The allegations in Paragraph 969 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

970.     The allegations in Paragraph 970 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

971.     The allegations in Paragraph 971 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

972.     The allegations in Paragraph 972 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE MICHIGAN SUBCLASS

### COUNT 43

### MICHIGAN CONSUMER PROTECTION ACT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Mich. Comp. Laws Ann. §§ 445.903, et seq.*"

973.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

974.    The allegations in Paragraph 974 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

975.    The allegations in Paragraph 975 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

976.    The allegations in Paragraph 976 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

977.    The allegations in Paragraph 977 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

978.    The allegations in Paragraph 978 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

979.    The allegations in Paragraph 979 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

980.    The allegations in Paragraph 980 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

981.    The allegations in Paragraph 981 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE MINNESOTA SUBCLASS

## COUNT 44

## MINNESOTA CONSUMER FRAUD ACT

*Minn. Stat. §§ 325F.68, et seq. and Minn. Stat. §§ 8.31, et seq.*"

982.    Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

Gibson, Dunn &
Crutcher LLP

983.     The allegations in Paragraph 983 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

984.     The allegations in Paragraph 984 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

985.     The allegations in Paragraph 985 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

986.     The allegations in Paragraph 986 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

987.     The allegations in Paragraph 987 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

988.     The allegations in Paragraph 988 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

989.     The allegations in Paragraph 989 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  .

990.     The allegations in Paragraph 990 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

991.     The allegations in Paragraph 991 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "COUNT 45

### MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT

*Minn. Stat. §§ 325D.43, et seq.*"

992.     Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

993.     The allegations in Paragraph 993 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

994.    The allegations in Paragraph 994 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

995.    The allegations in Paragraph 995 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

996.    The allegations in Paragraph 996 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

997.    The allegations in Paragraph 997 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

998.    The allegations in Paragraph 998 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

999.    The allegations in Paragraph 999 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE MISSISSIPPI SUBCLASS

## COUNT 46

## MISSISSIPPI CONSUMER PROTECTION ACT

### *Miss. Code §§ 75-24-1, et seq.*"

1000.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1001.   The allegations in Paragraph 1001 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1002.   The allegations in Paragraph 1002 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1003.   The allegations in Paragraph 1003 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1004.   The allegations in Paragraph 1004 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1005.   The allegations in Paragraph 1005 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1006.   The allegations in Paragraph 1006 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1007.   The allegations in Paragraph 1007 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1008.   The allegations in Paragraph 1008 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1009.   The allegations in Paragraph 1009 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1010.   The allegations in Paragraph 1010 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1011.   The allegations in Paragraph 1011 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1012.   The allegations in Paragraph 1012 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE MISSOURI SUBCLASS

## COUNT 47

## MISSOURI MERCHANDISE PRACTICES ACT

*Mo. Rev. Stat. §§ 407.010, et seq.*"

1013.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1014.   The allegations in Paragraph 1014 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1015.   The allegations in Paragraph 1015 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1016.   Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 1016 and therefore denies those allegations.

1017.   The allegations in Paragraph 1017 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1018.   The allegations in Paragraph 1018 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1019.   The allegations in Paragraph 1019 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1020.   The allegations in Paragraph 1020 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1021.   The allegations in Paragraph 1021 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1022.   The allegations in Paragraph 1022 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE MONTANA SUBCLASS

### COUNT 48
### MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

*M.C.A. §§ 30-14-101, et seq.*"

1023.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1024.   The allegations in Paragraph 1024 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1025.   The allegations in Paragraph 1025 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1026.   The allegations in Paragraph 1026 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1027.   The allegations in Paragraph 1027 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1028.   The allegations in Paragraph 1028 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1029.   The allegations in Paragraph 1029 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1030.   The allegations in Paragraph 1030 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1031.   The allegations in Paragraph 1031 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1032.   The allegations in Paragraph 1032 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1033.   The allegations in Paragraph 1033 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE NEBRASKA SUBCLASS

### COUNT 49
### NEBRASKA CONSUMER PROTECTION ACT
*Neb. Rev. Stat. §§ 59-1601, et seq.*"

1034.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1035.   The allegations in Paragraph 1035 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1036.   The allegations in Paragraph 1036 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1037.   The allegations in Paragraph 1037 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1038.   The allegations in Paragraph 1038 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1039.   The allegations in Paragraph 1309 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1040.   The allegations in Paragraph 1040 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1041.   The allegations in Paragraph 1041 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"COUNT 50**

**NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT**

*Neb. Rev. Stat. §§ 87-301, et seq.*"

1042.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1043.   The allegations in Paragraph 1043 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1044.   The allegations in Paragraph 1044 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1045.   The allegations in Paragraph 1045 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1046.   The allegations in Paragraph 1046 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1047.   The allegations in Paragraph 1047 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1048.   The allegations in Paragraph 1048 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1049.   The allegations in Paragraph 1049 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1050.   The allegations in Paragraph 1050 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1051.   The allegations in Paragraph 1051 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1052.   The allegations in Paragraph 1052 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE NEVADA SUBCLASS

## COUNT 51

## NEVADA DECEPTIVE TRADE PRACTICES ACT

*Nev. Rev. Stat. Ann. §§ 598.0903, et seq.*"

1053.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1054.   The allegations in Paragraph 1054 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1055.   The allegations in Paragraph 1055 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1056.   The allegations in Paragraph 1056 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1057.   The allegations in Paragraph 1057 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1058.   The allegations in Paragraph 1058 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1059.   The allegations in Paragraph 1059 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1060.   The allegations in Paragraph 1060 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLAIMS ON BEHALF OF THE NEW HAMPSHIRE SUBCLASS**

**COUNT 52**

**NEW HAMPSHIRE CONSUMER PROTECTION ACT**

*N.H.R.S.A. §§ 358-A, et seq.*"

1061.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1062.   The allegations in Paragraph 1062 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1063.   The allegations in Paragraph 1063 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1064.   The allegations in Paragraph 1064 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1065.   The allegations in Paragraph 1065 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1066.   The allegations in Paragraph 1066 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1067.   The allegations in Paragraph 1067 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1068.   The allegations in Paragraph 1068 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLAIMS ON BEHALF OF THE NEW JERSEY SUBCLASS**

**COUNT 53**

**NEW JERSEY CONSUMER FRAUD ACT**

Gibson, Dunn &
Crutcher LLP

*N.J. Stat. Ann. §§ 56:8-1, et seq.*"

1069.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1070.   The allegations in Paragraph 1070 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1071.   The allegations in Paragraph 1071 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1072.   The allegations in Paragraph 1072 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1073.   The allegations in Paragraph 1073 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1074.   The allegations in Paragraph 1074 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1075.   The allegations in Paragraph 1075 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1076.   The allegations in Paragraph 1076 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1077.   The allegations in Paragraph 1077 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE NEW MEXICO SUBCLASS

## COUNT 54

## NEW MEXICO UNFAIR PRACTICES ACT

*N.M. Stat. Ann. §§ 57-12-2, et seq.*"

1078.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

Gibson, Dunn &
Crutcher LLP

1079.   The allegations in Paragraph 1079 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1080.   The allegations in Paragraph 1080 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1081.   The allegations in Paragraph 1081 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1082.   The allegations in Paragraph 1082 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1083.   The allegations in Paragraph 1083 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1084.   The allegations in Paragraph 1084 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1085.   The allegations in Paragraph 1085 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1086.   The allegations in Paragraph 1086 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1087.   The allegations in Paragraph 1087 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE NEW YORK SUBCLASS

## COUNT 55

## NEW YORK GENERAL BUSINESS LAW

### *N.Y. Gen. Bus. Law §§ 349, et seq.*"

1088.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1089.   The allegations in Paragraph 1089 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1090.   The allegations in Paragraph 1090 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1091.   The allegations in Paragraph 1091 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1092.   The allegations in Paragraph 1092 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1093.   The allegations in Paragraph 1093 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1094.   The allegations in Paragraph 1094 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1095.   The allegations in Paragraph 1095 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE NORTH CAROLINA SUBCLASS

### COUNT 56

### NORTH CAROLINA UNFAIR TRADE PRACTICES ACT

*N.C. Gen. Stat. Ann. §§ 75-1.1, et seq.*"

1096.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1097.   The allegations in Paragraph 1097 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1098.   The allegations in Paragraph 1098 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1099.   The allegations in Paragraph 1099 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1100.   The allegations in Paragraph 1100 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1101.   The allegations in Paragraph 1101 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1102.   The allegations in Paragraph 1102 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1103.   The allegations in Paragraph 1103 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1104.   The allegations in Paragraph 1104 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1105.   The allegations in Paragraph 1105 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "CLAIMS ON BEHALF OF THE NORTH DAKOTA SUBCLASS

### COUNT 57

### NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT

*N.D. Cent. Code §§ 51-15-01, et seq.*"

1106.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1107.   The allegations in Paragraph 1107 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1108.   The allegations in Paragraph 1108 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1109.   The allegations in Paragraph 1109 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1110.   The allegations in Paragraph 1110 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1111.   The allegations in Paragraph 1111 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

1112.   The allegations in Paragraph 1112 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1113.   The allegations in Paragraph 1113 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1114.   The allegations in Paragraph 1114 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1115.   The allegations in Paragraph 1115 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1116.   The allegations in Paragraph 1116 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE OHIO SUBCLASS

## COUNT 58

## OHIO CONSUMER SALES PRACTICES ACT

*Ohio Rev. Code §§ 1345.01, et seq.*"

1117.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1118.   The allegations in Paragraph 1118 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1119.   The allegations in Paragraph 1119 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1120.   The allegations in Paragraph 1120 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1121.   The allegations in Paragraph 1121 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1122.   The allegations in Paragraph 1122 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

Gibson, Dunn &
Crutcher LLP

1123.   The allegations in Paragraph 1123 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1124.   The allegations in Paragraph 1124 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1125.   The allegations in Paragraph 1125 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1126.   The allegations in Paragraph 1126 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1127.   The allegations in Paragraph 1127 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1128.   The allegations in Paragraph 1128 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "COUNT 59

## OHIO DECEPTIVE TRADE PRACTICES ACT

*Ohio Rev. Code §§ 4165.01, et seq.*"

1129.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1130.   The allegations in Paragraph 1130 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1131.   The allegations in Paragraph 1131 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1132.   The allegations in Paragraph 1132 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1133.   The allegations in Paragraph 1133 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

1134. The allegations in Paragraph 1134 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1135. The allegations in Paragraph 1135 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1136. The allegations in Paragraph 1136 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1137. The allegations in Paragraph 1137 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE OKLAHOMA SUBCLASS

### COUNT 60

### OKLAHOMA CONSUMER PROTECTION ACT

*Okla. Stat. Tit. 15, §§ 751, et seq.*"

1138. Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1139. The allegations in Paragraph 1139 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1140. The allegations in Paragraph 1140 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1141. The allegations in Paragraph 1141 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1142. The allegations in Paragraph 1142 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1143. The allegations in Paragraph 1143 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1144. The allegations in Paragraph 1144 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1145.   The allegations in Paragraph 1145 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1146.   The allegations in Paragraph 1146 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1147.   The allegations in Paragraph 1147 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1148.   The allegations in Paragraph 1148 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE OREGON SUBCLASS

### COUNT 61

### OREGON UNLAWFUL TRADE PRACTICES ACT

*Or. Rev. Stat. §§ 646.608, et seq.*"

1149.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1150.   The allegations in Paragraph 1150 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1151.   The allegations in Paragraph 1151 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1152.   The allegations in Paragraph 1152 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1153.   The allegations in Paragraph 1153 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1154.   The allegations in Paragraph 1154 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1155.   The allegations in Paragraph 1155 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1156.   The allegations in Paragraph 1156 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1157.   The allegations in Paragraph 1157 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1158.   The allegations in Paragraph 1158 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1159.   The allegations in Paragraph 1159 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1160.   The allegations in Paragraph 1160 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

### "CLAIMS ON BEHALF OF THE PENNSYLVANIA SUBCLASS

### COUNT 62

### PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

*73 Pa. Cons. Stat. §§ 201-2 & 201-3, et seq.*"

1161.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1162.   The allegations in Paragraph 1162 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1163.   The allegations in Paragraph 1163 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1164.   The allegations in Paragraph 1164 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1165.   The allegations in Paragraph 1165 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1166.   The allegations in Paragraph 1166 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1167.   The allegations in Paragraph 1167 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1168.   The allegations in Paragraph 1168 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1169.   The allegations in Paragraph 1169 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1170.   The allegations in Paragraph 1170 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE RHODE ISLAND SUBCLASS

## COUNT 63

## RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

*R.I. Gen. Laws §§ 6-13.1, et seq.*"

1171.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1172.   The allegations in Paragraph 1172 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1173.   Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 1173 and therefore denies those allegations.

1174.   The allegations in Paragraph 1174 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1175.   The allegations in Paragraph 1175 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1176.   The allegations in Paragraph 1176 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1177.   The allegations in Paragraph 1177 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1178.   The allegations in Paragraph 1178 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1179.   The allegations in Paragraph 1179 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1180.   The allegations in Paragraph 1180 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE SOUTH CAROLINA SUBCLASS

## COUNT 64

## SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

*S.C. Code Ann. §§ 39-5-10, et seq.*"

1181.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1182.   The allegations in Paragraph 1182 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1183.   The allegations in Paragraph 1183 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1184.   The allegations in Paragraph 1184 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1185.   The allegations in Paragraph 1185 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1186.   The allegations in Paragraph 1186 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1187.   The allegations in Paragraph 1187 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1188.   The allegations in Paragraph 1188 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1189.   The allegations in Paragraph 1189 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1190.   The allegations in Paragraph 1190 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1191.   The allegations in Paragraph 1191 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1192.   The allegations in Paragraph 1192 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1193.   The allegations in Paragraph 1193 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1194.   The allegations in Paragraph 1194 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1195.   The allegations in Paragraph 1195 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1196.   The allegations in Paragraph 1196 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1197.   The allegations in Paragraph 1197 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE SOUTH DAKOTA SUBCLASS

### COUNT 65

### SOUTH DAKOTA DECEPTIVE TRADE PRACTICES

### AND CONSUMER PROTECTION ACT

*S.D. Codified Laws §§ 37-24-1, et seq.*"

1198.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1199.   The allegations in Paragraph 1199 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1200.   The allegations in Paragraph 1200 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1201.   The allegations in Paragraph 1201 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1202.   The allegations in Paragraph 1202 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1203.   The allegations in Paragraph 1203 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1204.   The allegations in Paragraph 1204 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1205.   The allegations in Paragraph 1205 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1206.   The allegations in Paragraph 1206 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1207.   The allegations in Paragraph 1207 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1208.   The allegations in Paragraph 1208 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1209.   The allegations in Paragraph 1209 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE TENNESSEE SUBCLASS

## COUNT 66

## TENNESSEE CONSUMER PROTECTION ACT

*Tenn. Code Ann. §§ 47-18-101, et seq."*

1210.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1211.   The allegations in Paragraph 1211 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1212.   The allegations in Paragraph 1212 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1213.   The allegations in Paragraph 1213 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1214.   The allegations in Paragraph 1214 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1215.   The allegations in Paragraph 1215 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1216.   The allegations in Paragraph 1216 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1217.   The allegations in Paragraph 1217 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1218.   The allegations in Paragraph 1218 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1219.   The allegations in Paragraph 1219 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1220.   The allegations in Paragraph 1220 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1221.   The allegations in Paragraph 1221 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1222.   The allegations in Paragraph 1222 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1223.   The allegations in Paragraph 1223 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1224.   The allegations in Paragraph 1224 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1225.   The allegations in Paragraph 1225 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1226.   The allegations in Paragraph 1226 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1227.   The allegations in Paragraph 1227 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE TEXAS SUBCLASS

## COUNT 67

### TEXAS DECEPTIVE TRADE PRACTICES — CONSUMER PROTECTION ACT

*Texas Bus. & Com. Code §§ 17.41, et seq.*"

1228.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1229.   The allegations in Paragraph 1229 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1230.   The allegations in Paragraph 1230 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1231.   The allegations in Paragraph 1231 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1232.   The allegations in Paragraph 1232 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1233.   The allegations in Paragraph 1233 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1234.   The allegations in Paragraph 1234 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1235.   The allegations in Paragraph 1235 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1236.   The allegations in Paragraph 1236 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1237.   The allegations in Paragraph 1237 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1238.   The allegations in Paragraph 1238 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1239.   The allegations in Paragraph 1239 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1240.   The allegations in Paragraph 1240 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1241.   The allegations in Paragraph 1241 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1242.   The allegations in Paragraph 1242 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1243.   The allegations in Paragraph 1243 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE UTAH SUBCLASS

### COUNT 68

### UTAH CONSUMER SALES PRACTICES ACT

*Utah Code §§ 13-11-1, et seq.*"

1244.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

Gibson, Dunn & Crutcher LLP

1245.   The allegations in Paragraph 1245 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1246.   The allegations in Paragraph 1246 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1247.   The allegations in Paragraph 1247 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1248.   The allegations in Paragraph 1248 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1249.   The allegations in Paragraph 1249 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1250.   The allegations in Paragraph 1250 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1251.   The allegations in Paragraph 1251 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1252.   The allegations in Paragraph 1252 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1253.   The allegations in Paragraph 1253 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1254.   The allegations in Paragraph 1254 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1255.   The allegations in Paragraph 1255 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1256.   The allegations in Paragraph 1256 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1257.   The allegations in Paragraph 1257 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1258.   The allegations in Paragraph 1258 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

"CLAIMS ON BEHALF OF THE VERMONT SUBCLASS

COUNT 69

VERMONT CONSUMER FRAUD ACT

*Vt. Stat. Ann. tit. 9, §§ 2451, et seq.*"

1259.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1260.   The allegations in Paragraph 1260 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1261.   The allegations in Paragraph 1261 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1262.   The allegations in Paragraph 1262 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1263.   The allegations in Paragraph 1263 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1264.   The allegations in Paragraph 1264 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1265.   The allegations in Paragraph 1265 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1266.   The allegations in Paragraph 1266 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1267.   The allegations in Paragraph 1267 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1268.   The allegations in Paragraph 1268 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1269.   The allegations in Paragraph 1269 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1270.   The allegations in Paragraph 1270 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1271.   The allegations in Paragraph 1271 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1272.   The allegations in Paragraph 1272 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1273.   The allegations in Paragraph 1273 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1274.   The allegations in Paragraph 1274 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1275.   The allegations in Paragraph 1275 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1276.   The allegations in Paragraph 1276 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1277.   The allegations in Paragraph 1277 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1278.   The allegations in Paragraph 1278 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE VIRGIN ISLANDS SUBCLASS

### COUNT 70

### VIRGIN ISLANDS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

*V.I. Code tit. 12A, §§ 301, et seq.*"

1279.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1280.   The allegations in Paragraph 1280 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1281.   The allegations in Paragraph 1281 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1282.   The allegations in Paragraph 1282 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1283.   The allegations in Paragraph 1283 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1284.   The allegations in Paragraph 1284 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1285.   The allegations in Paragraph 1285 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1286.   The allegations in Paragraph 1286 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1287.   The allegations in Paragraph 1287 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1288.   The allegations in Paragraph 1288 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1289.   The allegations in Paragraph 1289 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1290.   The allegations in Paragraph 1290 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1291.   The allegations in Paragraph 1291 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1292.   The allegations in Paragraph 1292 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1293.   The allegations in Paragraph 1293 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1294.   The allegations in Paragraph 1294 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1295.   The allegations in Paragraph 1295 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "COUNT 71

### VIRGIN ISLANDS CONSUMER PROTECTION LAW

*V.I. Code tit. 12A, §§101, et seq.*"

1296.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1297.   The allegations in Paragraph 1297 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1298.   The allegations in Paragraph 1298 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1299.   The allegations in Paragraph 1299 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1300.   The allegations in Paragraph 1300 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1301.   The allegations in Paragraph 1301 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1302.   The allegations in Paragraph 1302 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1303.   The allegations in Paragraph 1303 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1304.   The allegations in Paragraph 1304 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1305.   The allegations in Paragraph 1305 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

Gibson, Dunn &
Crutcher LLP

1306.   The allegations in Paragraph 1306 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1307.   The allegations in Paragraph 1307 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1308.   The allegations in Paragraph 1308 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1309.   The allegations in Paragraph 1309 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLAIMS ON BEHALF OF THE VIRGINIA SUBCLASS**

**COUNT 72**

**VIRGINIA CONSUMER PROTECTION ACT**

*Va. Code Ann. §§ 59.1-196, et seq.*"

1310.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1311.   The allegations in Paragraph 1311 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1312.   The allegations in Paragraph 1312 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1313.   The allegations in Paragraph 1313 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1314.   The allegations in Paragraph 1314 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1315.   The allegations in Paragraph 1315 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1316.   The allegations in Paragraph 1316 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1317.   The allegations in Paragraph 1317 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1318.   The allegations in Paragraph 1318 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1319.   The allegations in Paragraph 1319 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1320.   The allegations in Paragraph 1320 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1321.   The allegations in Paragraph 1321 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1322.   The allegations in Paragraph 1322 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1323.   The allegations in Paragraph 1323 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1324.   The allegations in Paragraph 1324 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE WASHINGTON SUBCLASS

## COUNT 73

## WASHINGTON CONSUMER PROTECTION ACT

*Wash. Rev. Code Ann. §§ 19.86.020, et seq.*"

1325.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1326.   The allegations in Paragraph 1326 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1327.   The allegations in Paragraph 1327 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1328.   The allegations in Paragraph 1328 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1329.   The allegations in Paragraph 1329 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1330.   The allegations in Paragraph 1330 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1331.   The allegations in Paragraph 1331 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1332.   The allegations in Paragraph 1332 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1333.   The allegations in Paragraph 1333 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE WEST VIRGINIA SUBCLASS

### COUNT 74

### WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

*W. Va. Code §§ 46A-6-101, et seq.*"

1334.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1335.   The allegations in Paragraph 1335 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1336.   The allegations in Paragraph 1336 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1337.   The allegations in Paragraph 1337 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1338.   The allegations in Paragraph 1338 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1339.   The allegations in Paragraph 1339 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1340.   The allegations in Paragraph 1340 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1341.   The allegations in Paragraph 1341 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1342.   The allegations in Paragraph 1342 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1343.   The allegations in Paragraph 1343 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1344.   The allegations in Paragraph 1344 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1345.   The allegations in Paragraph 1345 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1346.   The allegations in Paragraph 1346 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1347.   The allegations in Paragraph 1347 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1348.   The allegations in Paragraph 1348 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1349.   The allegations in Paragraph 1349 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1350.   The allegations in Paragraph 1350 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1351.   The allegations in Paragraph 1351 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1352.   The allegations in Paragraph 1352 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1353.   The allegations in Paragraph 1353 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1354.   The allegations in Paragraph 1354 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1355.   The allegations in Paragraph 1355 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

**"CLAIMS ON BEHALF OF THE WISCONSIN SUBCLASS**

**COUNT 75**

**WISCONSIN DECEPTIVE TRADE PRACTICES ACT**

*Wis. Stat. § 100.18, et seq.*"

1356.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1357.   The allegations in Paragraph 1357 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1358.   The allegations in Paragraph 1358 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1359.   The allegations in Paragraph 1359 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1360.   The allegations in Paragraph 1360 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1361.   The allegations in Paragraph 1361 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1362.   The allegations in Paragraph 1362 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1363.   The allegations in Paragraph 1363 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1364.   The allegations in Paragraph 1364 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1365.   The allegations in Paragraph 1365 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1366.   The allegations in Paragraph 1366 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1367.   The allegations in Paragraph 1367 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1368.   The allegations in Paragraph 1368 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## "CLAIMS ON BEHALF OF THE WYOMING SUBCLASS

### COUNT 76

### WYOMING CONSUMER PROTECTION ACT

*Wyo. Stat. Ann. §§ 40-12-101, et seq.*"

1369.   Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.  In its Order dated April 22, 2019, the Court dismissed Plaintiffs' "fraud" theories with prejudice, and this claim should therefore be dismissed in its entirety.

1370.   The allegations in Paragraph 1370 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1371.   The allegations in Paragraph 1371 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1372.   The allegations in Paragraph 1372 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1373.   The allegations in Paragraph 1373 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1374.   The allegations in Paragraph 1374 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1375.   The allegations in Paragraph 1375 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1376.   The allegations in Paragraph 1376 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1377.   The allegations in Paragraph 1377 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1378.   The allegations in Paragraph 1378 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1379.   The allegations in Paragraph 1379 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1380.   The allegations in Paragraph 1380 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1381.   The allegations in Paragraph 1381 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

1382.   The allegations in Paragraph 1382 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

## SEPARATE AFFIRMATIVE DEFENSES

By alleging the Separate and Additional Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.  Defendant is not asserting defenses to claims, theories, or products that have been dismissed with prejudice, pleaded in the alternative (including the claims arising under non-California, federal, and/or U.K. law), and/or abandoned.  Finally, Defendant specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Plaintiffs' positions in this litigation.

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

(Failure to State a Claim)

The SAC, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Lack of Standing)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and/or and putative class members lack standing to assert any or all of the claims alleged.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

(No Injury, Harm, or Damage)

Plaintiffs' claims and the claims of the putative class are barred because they have not sustained any injury, harm, or damage.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(Lack of Causation)

Plaintiffs' claims and the claims of the putative class are barred to the extent any injury or damage they suffered was not caused by Defendant.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(Superseding or Intervening Cause)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent there are superseding and/or intervening causes for the damages, if any, alleged by Plaintiffs and the putative class members.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

(Comparative Fault / Contribution)

Should Defendant be found liable to Plaintiffs and/or the putative class, which liability is expressly denied, Defendant is entitled to have such award reduced or eliminated to the extent that other persons or entities contributed to Plaintiffs' and putative class members' injuries or damages. Alternatively, should Defendant be found liable to Plaintiffs and/or the putative class, which liability

is expressly denied, Defendant is entitled to contribution from any parties, persons, or organizations that are responsible for Plaintiffs' and putative class members' injuries or damages.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Legal Duty)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Defendant did not owe any legal duty to Plaintiffs and/or putative class members under the causes of action alleged.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Knowledge)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that the characteristics, uses, and benefits of the product(s) at issue were known.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Intent)

Plaintiffs' claims and the claims of the putative class are barred because Defendant's conduct was not "willful" and/or Defendant otherwise lacked the requisite intent to access Plaintiffs' devices without authorization or to damage those devices.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Benefit of the Bargain)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members have enjoyed the full benefit of their purchase of the product(s) at issue.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith / Legitimate Business Justification)

Plaintiffs' claims and the claims of the putative class are barred on the grounds that Defendant acted in good faith and pursuant to legitimate business justifications.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Compliance with Laws)

Defendant is absolved from any and all liability for the conduct alleged in the SAC by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the SAC.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Anticompetitive Conduct)

Defendant's conduct was not "unfair" under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, because it did not violate the policy or spirit of the antitrust laws and is otherwise not actionable pursuant to the other tests developed by the courts.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Restitution Unavailable)

Plaintiffs' claim and the claims of the putative class for restitution under the consumer protection laws of California, including Cal. Bus. & Prof. Code § 17200 *et seq.*, are barred to the extent that they did not pay money directly to Defendant, and/or they seek a return of monies not in Defendant's possession.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Restitution Unconstitutional)

Any award of restitution under the consumer protection laws of California, including Cal. Bus. & Prof. Code § 17200 *et seq.*, based upon asserted interests or injuries of persons not named as plaintiffs in this case, or absent persons on whose behalf this action is allegedly prosecuted, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution, and of any analogous provision contained in the California Constitution.

1

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

2

(Restitution Unconstitutional)

3

Any award of restitution under the consumer protection laws of California, including Cal.

4

Bus. & Prof. Code § 17200 *et seq*., would constitute a taking of property without just compensation

5

in violation of the Takings Clauses of the Fifth Amendment of the United States Constitution (as

6

incorporated by the Due Process Clause of the Fourteenth Amendment to the United States

7

Constitution), and of any analogous provision contained in the California Constitution.

8

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

9

(Non-Restitutionary Relief Not Available Under UCL)

10

To the extent that Plaintiffs and/or putative class members seek non-restitutionary relief under

11

the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, or any other law that

12

does not provide for non-restitutionary relief, Plaintiffs' SAC fails to state a cause of action.

13

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

14

(Due Process, UCL)

15

Any finding of liability under the consumer protection laws of California, including Cal. Bus.

16

& Prof. Code § 17200 *et seq*., Consumers Legal Remedies Act, Civil Code Section 1750 *et seq.*, and

17

the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, as alleged in the SAC, would

18

violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and

19

of Article I, Section 7 of the California Constitution, because the standards of liability and/or

20

determining the amount of the award under these statutes are unduly vague and subjective, and

21

permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate

22

governmental interest.

23

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

24

(Speculative Damages)

25

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part,

26

because the damages sought are speculative and remote and impossible to ascertain.

27

28

1

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

2

(Offsetting Damages)

3    Any claim for damages, restitution, or other monetary recovery by Plaintiffs or putative class

4 members must be offset and reduced by the value they received from the product(s) purchased.

5

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

6

(Limitations on Damages)

7    Plaintiffs' claims and the claims of the putative class members are barred, reduced, and/or

8 limited pursuant to any applicable limitations of awards, caps on recovery, and set-offs permitted by

9 law.

10

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

11

(Damages Not Compensable)

12    Plaintiffs' claims are barred, in whole or in part, because the damages alleged to have been

13 suffered are not compensable under the law.

14

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

15

(Mitigation)

16    Plaintiffs' and the putative class members' recovery, if any, should be reduced to the extent

17 they failed to mitigate their damages.

18

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

19

(Avoidable Consequences Doctrine)

20    Plaintiffs' and the putative class members' recovery, if any, should be reduced to the extent

21 they failed to take reasonable actions to avoid losses.

22

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

23

(Adequate Remedy at Law)

24    Plaintiffs' and the putative class members' claims for equitable relief are barred to the extent

25 there is an adequate remedy at law.

26

27

28

1

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

2

(Attorneys' Fees Not Recoverable)

3     Plaintiffs' and the putative class members' request for attorneys' fee is barred, in whole or in

4     part, to the extent it lacks any basis in law or contract.

5

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

6

(Punitive Damages Not Recoverable)

7     Plaintiffs and the putative class are barred from recovering exemplary or punitive damages

8     because the SAC, and each purported cause of action asserted therein, fails to allege facts sufficient

9     to allow an award of punitive or exemplary damages from Defendant.  Among other things, an award

10    of punitive damages requires clear and convincing evidence of fraud, oppression or malice, which

11    showing cannot be made, and therefore, no basis for an award of punitive damages exists.

12

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

13

(Punitive Damages – Unconstitutional)

14    To the extent Plaintiffs and/or the putative class seeks punitive or exemplary damages, the

15    SAC violates Defendant's right to due process protected under the Fifth and Fourteenth Amendments

16    of the United States Constitution and the right to protection against excessive fines under the Eighth

17    Amendment of the United States Constitution, and the analogous provisions contained in the

18    Constitution of the State of California.

19

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

20

(Punitive Damages – Liability Standards Unconstitutional)

21    The imposition of punitive damages in this case would violate the Due Process Clauses of the

22    Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability

23    for punitive damages in California are unduly vague and subjective, and permit retroactive, random,

24    arbitrary and capricious punishment that serves no legitimate governmental interest.

25

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

26

(Punitive Damages – Damages Standards Unconstitutional)

27    The imposition of punitive damages in this case would violate the Due Process Clauses of the

28    Fifth and Fourteenth Amendments to the United States Constitution because the California standards

for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Post-Verdict Review Unconstitutional)

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because California post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Absence of Procedural Safeguards)

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – First Amendment)

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Wealth or Financial Status Unconstitutional)

The imposition of punitive damages in this case based upon evidence of Defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Out-Of-State Conduct)

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of Defendant would violate the Commerce Clause, the Equal Protection

Clause, and the Privileges and Immunities Clause of the United States Constitution.

## THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Absence of Malice)

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiffs and/or the putative class members would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Jurisdiction)

The imposition of punitive damages in this case pursuant to California law to punish Defendant for acts that occurred outside of California's jurisdiction would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – No Harm to Plaintiff)

The imposition of punitive damages in this case based on conduct that did not harm each Plaintiff and/or putative class member would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

## THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Dissimilar Conduct)

The imposition of punitive damages in this case based on conduct dissimilar to the conduct that allegedly harmed the Plaintiffs and/or putative class members would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

## FORTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Non-Parties)

The imposition of punitive damages in this case to punish Defendant for alleged harm to nonparties and/or persons not before the Court would violate the Due Process Clauses of the Fifth

Gibson, Dunn &
Crutcher LLP

and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

## FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

(Statute of Limitations)

Plaintiffs' claims and the claims of the putative class are barred to the extent that any applicable statute of limitations has lapsed.

## FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

(Equitable Doctrines)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

(Consent)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent that the conduct alleged in the SAC was consented to and/or ratified.

## FORTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

(Authorization)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent Defendant's alleged conduct was authorized.

## FORTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

(Knowledge)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent that there was full knowledge and/or awareness of the transactions and occurrences that form the bases of the claims alleged in the SAC.

## FORTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

(Unjust Enrichment)

Relief for Plaintiffs and putative class members is barred, in whole or in part, to the extent such relief would constitute unjust enrichment.

## FORTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Gibson, Dunn &
Crutcher LLP

(*De Minimis* Doctrine)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent the *de minimis* doctrine applies.

## FORTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

(Accord and Satisfaction)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction, payment, release, and/or discharge.

## FORTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

(Failure to Meet Class Action Requirements)

This action is not properly maintainable as a class action as alleged by Plaintiffs, because, without limitation, Plaintiffs' claims are not typical or common of those of the putative class, Plaintiffs are not adequate representatives of the putative class, the class is not ascertainable, there is no question of law or fact common to the putative class members, common issues do not predominate over individual issues, damages cannot be proven on a class-wide basis, a class action is not a superior method of adjudication of this case, and the interests of the purported class members are in conflict with each other.

## FIFTIETH SEPARATE AND ADDITIONAL DEFENSE

(Failure to Meet Class Action Requirements)

This action is not properly maintainable as a class action as there is no available generalized proof or evidence to support a class action (liability or damages).

## FIFTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

(Due Process)

As applied to this case, class certification fails to provide adequate due process protections inasmuch as it constitutes trial by formula and unfairly restricts Defendant's right to litigate affirmative defenses to the individual claims of Plaintiffs and each member of the putative class. Class certification therefore denies Defendant the protection of the Due Process Clauses of the United States Constitution and the California Constitution.

## FIFTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

Gibson, Dunn & Crutcher LLP

(Due Process)

Any attempt to require Defendant to identify, locate or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FIFTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

(Right to Jury Trial as to Individual Plaintiffs)

As a matter of constitutional right and substantive due process, Defendant would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the representatives of the purported class prevail on their claims.  Trying this case as a class action would violate the United States Constitution and the California Constitution.

### FIFTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

(*Forum Non Conveniens* – Individuals)

The claims of Plaintiffs and/or putative class members who are not citizens of the United States are barred by the doctrine of *Forum Non Conveniens*.

### FIFTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

(*Forum Non Conveniens* – Claims)

The claims of Plaintiffs and/or putative class members arising under the laws of countries other than the United States are barred by the doctrine of *Forum Non Conveniens*.

### FIFTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

(International Comity – Individuals)

The claims of Plaintiffs and/or putative class members who are not citizens of the United States are barred by the doctrine of international comity.

### FIFTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

(International Comity – Claims)

The claims arising under the laws of countries other than the United States are barred by the doctrine of international comity.

### FIFTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

(Due Process – International Claims)

To require Defendant to litigate claims brought by Plaintiffs and/or putative class members who are not citizens of the United States, or claims arising under the laws of countries other than the United States, would violate Defendants' due process rights.

## FIFTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Pretrial Consolidation Only)

Apple expressly reserves its rights pursuant to 28 U.S.C. § 1407 to seek remand of the actions consolidated in this MDL to their originating courts following the conclusion of pretrial proceedings. *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); 28 U.S.C. § 1407.

## SIXTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Written Agreement)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because a written agreement governs the subject matter of this action.

## SIXTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Economic Loss)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by the economic loss doctrine.

## SIXTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Res Judicata and/or Collateral Estoppel)

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent their claims are precluded under the doctrines of res judicata and/or collateral estoppel.

## SIXTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Reservation of Rights)

Defendant has insufficient knowledge or information upon which to determine whether it may have additional, as yet unstated, separate defenses available.  It is not necessary at this time for Defendant to delineate further defenses against the putative class because no class has been certified and the putative class members are not parties to this litigation.  Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter.  Defendant further

reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

### **PRAYER**

WHEREFORE, Apple prays for the following relief:

A.     That judgment on the SAC, and on each cause of action, be entered in favor of Apple;

B.     That this Court finds that this suit cannot be maintained as a class action;

C.     That Plaintiff and the members of the putative class take nothing by the SAC;

D.     That the request for declaratory and/or injunctive relief be denied;

E.     That Apple be awarded its costs incurred, including reasonable attorneys' fees; and

F.     For such other and/or further relief as this Court may deem just and proper.

DATED: JULY 31, 2019                    GIBSON, DUNN & CRUTCHER LLP


By:  _____/s/ *Christopher Chorba*_____
                    Christopher Chorba

Attorneys for Defendant Apple Inc.

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn &
Crutcher LLP

1

## CERTIFICATE OF SERVICE

2      I, Christopher Chorba, hereby certify that on July 31, 2019, the foregoing **ANSWER TO**

3   **PLAINTIFFS' SECOND AMENDED COMPLAINT** was filed electronically through the CM/ECF

4   system, copies of which were sent by First Class Mail to the following individuals unable to accept

5   them via the electronic filing system:

6
    Abdul Mohammed
7   258 East Bailey Rd Apt. C
    Naperville, IL 60565
8
    Andrew Kierstead
9   Hobson Bernardino & Davis LLP
    444 South Flower Street
10  Suite 3100
    Los Angeles, CA 90071
11
12  Brian Hogue
    103158
13  c/o ISC C
    H-3
14  P.O. Box 70010
    Boise, ID 83707
15
16  Cathleen M. Combs
    Edelman Combs Latturner & Goodwin, LLC
17  120 South LaSalle Street
    18th Floor
18  Chicago, IL 60603
19
    Noah Benjamin Novogrodsky
20  Univ Toronto/Faculty Of Law
    84 Queen's Park
21  Toronto ON M5S 2C5
22
    Peter Wasylyk
23  Hobson Bernardino & Davis, LLP
    444 South Flower Street, Suite 3100
24  Los Angeles, CA 90071
25
    Randall Robinson Renick
26  Hadsell, Stormer, Richardson & Renick, LLP
    128 N. Fair Oaks Ave.
27  Pasadena, CA 91103
28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
CASE NO. 5:18-MD-02827-EJD

Richard Brian Rosenthal
Law Offices of Richard B. Rosenthal, PA
169 E Flagler St. Ste 1422
Miami, FL 33131-1212

Richard I Woolf
Boyle Brasher LLC
One Metropolitan Square
211 North Broadway, Suite 2300
St. Louis, MO 63102

Richard S. Wayne
Strauss & Troy
Federal Reserve Building
150 E. Fourth St.
Cincinnati, OH 45202-4018

Steven Saul
Eggnatz Pascucci
5400 S. University Drive, Ste. 417
Davie, FL 33328

By:      */s/ Christopher Chorba*
                  Christopher Chorba

Gibson, Dunn &
Crutcher LLP