| | |
|---|---|
| **COTCHETT, PITRE & MCCARTHY, LLP**<br>Joseph W. Cotchett (SBN 36324)<br>Mark C. Molumphy (SBN 168009)<br>Brian Danitz (SBN 247403)<br>Elle D. Lewis (SBN 238329)<br>Gina Stassi (SBN 262263)<br>Tyson Redenbarger (SBN 294424)<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Telephone: 650-697-6000<br>Facsimile: 650-697-05777<br>jcotchett@cpmlegal.com<br>mmolumphy@cpmlegal.com<br>bdanitz@cpmlegal.com<br>elewis@cpmlegal.com<br>gstassi@cpmlegal.com<br>tredenbarger@cpmlegal.com<br><br>*Interim Co-Lead Class Counsel* | **KAPLAN FOX & KILSHEIMER LLP**<br>Laurence D. King (SBN 206423)<br>Mario M. Choi (SBN 243409)<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94104<br>Telephone: 415-772-4700<br>Facsimile: 415-772-4707<br>*lking@kaplanfox.com*<br>*mchoi@kaplanfox.com*<br><br>**KAPLAN FOX & KILSHEIMER LLP**<br>Frederic S. Fox *(pro hac vice)*<br>Donald R. Hall *(pro hac vice)*<br>David A. Straite (*pro hac vice*)<br>850 Third Avenue<br>New York, NY 10022<br>Telephone: 212-687-1980<br>Facsimile: 212-687-7714<br>*ffox@kaplanfox.com*<br>*dhall@kaplanfox.com*<br>*dstraite@kaplanfox.com* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>THIS DOCUMENT ALSO RELATES TO:<br><br>*RODRIGUEZ V. APPLE, INC.*<br>(CASE NO. 5:18-CV-03989-EJD) | CASE NO. 5:18-MD-02827-EJD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO WITHDRAW PUTATIVE CLASS REPRESENTATIVES AND DISMISS CLAIMS WITHOUT PREJUDICE**<br><br>Hon. Edward J. Davila<br>Courtroom 1, 5th Floor |

There are more than 100 named plaintiffs in the Second Amended Complaint. Three of those named plaintiffs (Meghan Mesloh, Aja Johnson and Quinn Lewis) have become non-responsive. Counsel thus filed a motion to dismiss them without prejudice on July 25, 2019 (Dkt. No. 361). Apple opposed the motion on July 29, 2019(Dkt. No. 363) ("Opp"), arguing that the Court should deny the request to dismiss them, wait for Apple to attempt to depose them first, and then dismiss them. As Apple argued in the Opp, suing Apple "has consequences." Opp. at 5. Thus, both sides want dismissal of these three plaintiffs, but Apple wants them to suffer the "consequences" first.

## A. PLAINTIFFS' ADMINISTRATIVE MOTION IS PROCEDURALLY PROPER

Plaintiffs' Administrative Motion is appropriate under Federal Rule of Civil Procedure 41 ("Rule 41"), which authorizes a plaintiff to dismiss an action, without a formal motion, before the opposing party serves either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose,* 111 F.3d 688, 692 (9th Cir. 1997) (a plaintiff may dismiss his action so long as the plaintiff *files* a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment (original emphasis); *see also Tucker v. AstraZeneca Pharm., L.P.*, No. C06-0544 TEH, 2006 WL 2092069, at *2 (N.D. Cal. July 26, 2006) ("*Tucker*") (dismissal appropriate by administrative motion even where the defendant has answered).

Apple's Opp suggests that Plaintiffs should not have sought dismissal under the Northern District's rules permitting administrative motions. Yet, other Northern District courts follow this practice. For example, In *Tucker*, Judge Henderson expressly found dismissal by administrative motion was proper and dismissed three **cases** without prejudice. 2006 WL 2092069 at *2.[1] Here, Plaintiffs only seek to withdraw and dismiss the claims of three proposed class representatives. The case will continue with all the other class representatives remaining in the case.

Conversely, Apple cites no case on point. *Hess v. Astrazeneca*, relied upon by Apple (Opp. at 1), is plainly distinguishable as it involved an "omnibus" request to dismiss **eight separate cases**. *Hess v. Astrazeneca Pharm., L.P.*, No. C 06-0572 PJH, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006).

---

[1] The *Tucker* court denied a request to dismiss two other cases which had been transferred to a different District and, therefore, the Court did not have jurisdiction over them. The administrative motion was nevetherless granted with respect to the three cases which remained in the Northern District of California. 2006 WL 2092069, at *1.

- 1 -

PLAINTIFFS' REPLY ISO ADMIN. MOTION TO WITHDRAW PUTATIVE CLASS REPRESENTATIVES AND DISMISS CLAIMS WITHOUT PREJUDICE; CASE No. 5:18-md-2827-EJD

The *Hess* court noted that it was unclear whether it had jurisdiction over all of the cases or whether all defendants were properly served with the administrative motion or provided an opportunity to respond to plaintiffs' request. *Id*. None of those concerns are present here. Accordingly, as stated in *Tucker*, an administrative motion to dismiss claims without prejudice is procedurally appropriate.

B.   **APPLE'S CITED AUTHORITY SUPPORTS PLAINTIFFS**

When a party requests a dismissal, the primary issue is whether the defendant will suffer some "plain legal prejudice" as a result of the dismissal. *Tucker*, 2006 WL 2092069, at *1, *citing Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982). Here, Apple has not demonstrated that the requested dismissals of the three plaintiffs will result in any legal prejudice. Apple merely asserts that it needs discovery from Mesloh, Johnson, and Lewis. Opp. at 3. However, Apple can seek depositions through the Discovery Master if the circumstances warrant. Notably, the Opp does not identify the specific discovery sought from these individuals or why they would have possession of unique information such that Apple would be prejudiced without it. *See In re Urethane Antitrust Litig.*, No. 04-1616, 2006 WL 8096533, at *2 (D. Kan. June 9, 2006) (unconditional dismissal granted where information may be obtained from the remaining class representatives). Apple vaguely argues it needs this discovery because it **suspects** that there may be substantial conflicts (Opp. at 3); but does not explain why such unidentified and hypothetical "conflicts" cannot be explored with the more than ninety remaining Plaintiffs. This case is thus different than *Fraley v. Facebook Inc.*, No. C 11-1726 LHK PSG, 2012 WL 555071, at *2-3 (N.D. Cal. Feb. 21, 2012) (Opp. at 1, 3) where the withdrawing party was only one of four named plaintiffs and where Facebook identified specific allegations made by the withdrawing plaintiff which it sought to test. The *Fraley* order is also distinguishable as it only concerned the plaintiffs' motion for a protective order, and there was no discussion as to whether the withdrawal was proper. *Id*.

Apple also cites *Sherman v. Yahoo! Inc.*, 2015 WL 473270 (S.D. Cal. Feb. 5, 2015). Opp. at 5. However, in *Sherman* the withdrawing plaintiff was the **only named plaintiff** for nearly two years and the district court emphasized that "[a] court may, **but need not**, condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery." *Id.* at *7 (S.D. Cal. Feb. 5, 2015) (emphasis added). *See Roberts v. Electrolux Home Prods., Inc.*, 2013 WL 4239050, at *2 (declining to require discovery

as a condition of dismissal where withdrawal was sought before summary judgment or class certification, minimal resources were expended preparing for the plaintiffs' depositions, and another plaintiff continued to represent the class).   Indeed, the Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court. *Hamilton, supra,* 679 F.2d at 145.  In this case, dismissing plaintiffs Johnson, Lewis, and Mesloh without prejudice to their inclusion as absent class members and without condition will not harm Apple's legal interests, claims, or arguments.

Apple argues that even if a client cannot be located, the attorney may not dismiss his action without consent.  Opp. at 4 (citing *Bowden v. Green*, 128 Cal. App. 3d 65, 73 (1982)).  While *Bowden* was addressing the California <u>state</u> rules of civil procedure, the spirit of the rule and its logical underpinnings apply here.  That is why the motion only seeks to dismiss these three missing plaintiffs **without prejudice**.   Apple, in contrast, improperly demanded during the meet-and-confer process that the dismissal be **with prejudice** as a condition for Apple's consent, contrary to *Bowden* and the other cases Apple now cites.

Apple also incorrectly argues that Cal. State Bar Formal Op. No. 2002-160 requires specific and onerous steps to locate a missing client before moving to dismiss his claims, and that co-lead counsel here should have followed them as a precondition to dimissal.  Opp. at 4.  But Apple selectively edits the ethics opinion to serve its goals.  Formal Op. 2002-160 in fact says there is "***no definitive standard governing efforts to locate missing clients***" referring instead to Formal Op. 1989-111 which in turn lists any number of procedures that **might** be used, including the procedures used here.  *Id*. at 4.

Apple argues that dismissal should be deferred until Apple first deposes the three withdrawing plaintiffs.  These are two different issues.  Plaintiffs' motion does not seek to withdraw plaintiffs to avoid depositions, and the parties' can brief this in the normal course with the Discovery Master.  Apple's alternative argument that the dismissals should be *with* prejudice is inexplicably punitive and without legal support.  "A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001); Fed. R. Civ. P. 41(a)(1)(2).  And as noted above, dismissing them *without* prejudice is more consistent with the very ethics opinions Apple cites.  *See* Formal Op. 2002-160, at 4 (citing Rule 3-700(A)(2) (duty to avoid prejudice).

- 3 -

| | | |
|---|---|---|
| 1 | DATED: August 7, 2019 | **COTCHETT, PITRE & MCCARTHY LLP** |
| 2 | | By: <u>/s/ Mark C. Molumphy</u> |
| 3 | | Mark C. Molumphy |
| | | Joseph W. Cotchett |
| 4 | | Mark C. Molumphy |
| | | Brian Danitz |
| 5 | | Gina Stassi |
| 6 | | Tyson Redenbarger |
| 7 | DATED: August 7, 2019 | **KAPLAN FOX & KILSHEIMER LLP** |
| 8 | | |
| 9 | | By: <u>/s/ Laurence D. King</u> |
| | | Laurence D. King |
| 10 | | Laurence D. King |
| | | Mario Choi |
| 11 | | Frederic S. Fox (*pro hac vice*) |
| 12 | | Donald R. Hall (*pro hac vice*) |
| | | David A. Straite (*pro hac vice*) |
| 13 | | *Interim Co-Lead Class Counsel* |

- 4 -

PLAINTIFFS' REPLY ISO ADMIN. MOTION TO WITHDRAW PUTATIVE CLASS REPRESENTATIVES AND DISMISS CLAIMS WITHOUT PREJUDICE; CASE No. 5:18-md-2827-EJD

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark C. Molumphy, court-appointed interim lead counsel for the proposed Class, am the ECF user whose ID and password are being used to file the foregoing. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that co-counsel have concurred in this filing.

                                      */s/ Mark C. Molumphy*
                                      MARK C. MOLUMPHY