**COTCHETT, PITRE & MCCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Brian Danitz (SBN 247403)
Gina Stassi (SBN 261263)
Tyson C. Redenbarger (SBN 294424)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-05777
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*
*bdanitz@cpmlegal.com*
*gstassi@cpmlegal.com*
*tredenbarger@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)
David A. Straite (*pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*dstraite@kaplanfox.com*
*aschwartz@kaplanfox.com*

*Interim Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION

No. 5:18-md-02827-EJD

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF OBJECTIONS AND MOTION TO MODIFY SPECIAL DISCOVERY MASTER ORDER NO. 9**

Judge: Hon. Edward J. Davila
Hearing date: August 16, 2019
Time: 10:00 a.m. PDT
Courtroom: 4

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

Plaintiffs do not oppose legitimate device ***inspection***, including extraction of sensitive diagnostic data. Apple, however, demands something far more invasive—Apple wants the devices, ***and all passwords and content,*** to re-create a mirror image for bench testing. California's highest court recently reaffirmed that when a discovery request violates the autonomy privacy of the responding party, the requesting party has the burden to establish a "compelling need" for the discovery—it is not enough that it be relevant, not enough that it be important, and not enough that it be needed. Apple must demonstrate a need sufficiently compelling that we force a party to surrender Constitutionally protected privacy rights.

Apple's expert, however, never provides a factual basis to support a "compelling need" for the privacy intrusion. Dr. Martin's stated task was to evaluate whether full imaging would be "useful" and ultimately concluded that it would be "relevant." But he never concluded that imaging would be "necessary" and certainly not compellingly so. Dr. Martin also never addressed whether device performance today would be a scientifically reliable indicator of device performance two years ago. In its Response Brief here, Apple continues to refuse to articulate a basis for reliability or admissibility, asking that the inquiry be deferred until after the privacy violation has occurred. This is backwards. There cannot be a "compelling need" for discovery that will not even be admissible. The cases cited in Apple's brief to the contrary are limited to a relevance analysis—Apple cites to no cases applying a "compelling need" standard.

Apple's expert also states (without factual support) that it is "preferable" to employ forensic imaging compared to inspecting diagnostic data. Dr. Martin never articulated a factual basis for this preference and never explained why a less-intrusive inspection of diagnostic data would be insufficient. Indeed, recent deposition testimony of five current Apple employees[1]

---

[1] All five depositions were taken after briefing concluded before the SDM. Relevant excerpts of the transcripts are attached to the Declaration of Ralph Labaton, dated August 13, 2019, accompanying this brief, to rebut Apple's unsupported argument that the "diagnostic logs" do not "provide Apple with the information necessary to defend itself." Apple Response, Aug. 6, 2019, Dkt. No. 370 at 9.

## II. FORENSIC IMAGING IS A PRIVACY VIOLATION

Apple argues that the act of forensic imaging alone, without more, cannot violate Plaintiffs' right to privacy. Apple Response at 10 ("Nor can Plaintiffs legitimately claim that the act of forensic imaging itself . . . violates their right to privacy"). Apple argues that court-compelled collection of private information is not a privacy violation if there are controls on the later dissemination of the data. Apple's argument misstates basic privacy law and was rejected last week by the Ninth Circuit in an unrelated precedential opinion. *See Patel v. Facebook, Inc*., 2019 WL 3727424 (9th Cir., Aug. 8, 2019). In *Patel*, Facebook, like Apple here, argued that without *misuse*, the collection and storage of protected data is not harm. The Court disagreed, holding that "an intrusion into privacy rights by itself" is sufficient to establish harm even without "additional consequences." *Id.* at *6. Here, Plaintiffs object to surrendering devices (and passwords!) with their intimate secrets to strangers; the privacy harm occurs at the time of surrender and imaging, no matter how carefully Apple designs protections against *additional* harm later in the process.

## III. THE STANDARD IS "COMPELLING NEED"

The Special Discovery Master ("SDM") correctly found that California law requires Apple to demonstrate a "compelling need" here. SDM Order No. 9 at 10 (citing *Williams v. Sup. Ct*., 3 Cal. 5th 531, 556 (2017)). Forensic imaging of a smartphone violates autonomy privacy and thus may only be approved in an "extreme situation." *Id.* (citing *Memry Corp. v. Kentucky Oil Tech*., 2007 WL 832937, at *3 (N.D. Cal. Mar. 19, 2007)). Apple argues in a footnote that the "compelling need" standard articulated in earlier cases was abrogated by *Williams*, see Apple Response at 6, n.2, but that is only true for less serious invasions of privacy. For more serious invasions, as here, *Williams* reaffirmed that "a 'compelling interest' ***is still required*** to justify 'an obvious invasion of an interest fundamental to personal autonomy.'" *Williams*, 3 Cal. 5th at 556 (emphasis added).

Autonomy privacy includes the right to make intimate personal decisions without observation, intrusion or interference, *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35 (1994), and this includes historical records of such information. That is why, for example, the University of California Office of Ethics considers web browsing history to be related to autonomy privacy

(using the definition in *Hill*),[2] why the surveillance of mail is considered a violation of autonomy privacy, *Lauter v. Anoufrieva*, 2010 WL 3504745, at *18 (C.D. Cal. July 14, 2010), *report and recommendation adopted as modified*, 2010 WL 3504732 (C.D. Cal. Aug. 31, 2010) and why the U.S. Supreme Court recognizes smartphones as fundamental to personal autonomy. *See, e.g.*, *Riley v. California*, 573 U.S. 373, 403 (2014); *U.S. v. Jones*, 565 U.S. 400 (2012); *Carpenter v. U.S.*, 138 S. Ct. 2206 (2018); *accord, Henson v. Turn, Inc.*, 2018 WL 5281629, at *6 (N.D. Cal. Oct. 22, 2018) (applying *Riley* and rejecting invasive discovery request).

## IV. APPLE STILL PROVIDES NO EVIDENCE OF COMPELLING NEED

### A. "Compelling Need" Analysis Requires Inquiry into the Value of the Evidence

Apple's expert, Dr. Paul Martin, was only asked "to evaluate whether a forensic inspection of the Plaintiffs' original devices will permit useful performance testing of the iPhone devices." Dkt. No. 359-7, ¶ 3 ("Scope of Report"). He concluded that forensic imaging would provide information "relevant to an analysis of the performance of those devices." *Id.* ¶ 17. He was not asked to opine whether device performance today is probative of device performance two years ago and thus never addressed it—Apple demands the privacy intrusion today, asking the Court to decide later whether the intrusion was worth it in retrospect.

Even if the standard were simply "relevance," we cannot skip an inquiry into the value of the discovery sought. *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 223 (N.D. Ill. 1997) ("While it is true that relevance in discovery is broader than that required for admissibility at trial, the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue."); *Barcenas v. Ford Motor Co.*, 2004 WL 2827249, at *3 (N.D. Cal. Dec. 9, 2004) (citing *Piacenti* favorably); *Gilmore v. Palestinian Interim Self-Govt. Auth.*, 8 F.Supp.3d 1, 5-6 (D.D.C. 2014), *aff'd,* 843 F.3d 958 (D.C. Cir. 2016) (information sought was "of varying degrees of reliability, and . . . The raw intelligence information in these files, *of dubious reliability,* thus *has little probative value to Plaintiffs' case.* On balance, these factors weigh in favor of nondisclosure because of the detrimental effect disclosure would have on GIS' work and

[2] https://ethics.berkeley.edu/privacy/pisi.

*the marginal value of the GIS files to this case.*) (emphasis supplied). Where the standard is "compelling need," the duty to evaluate the probative value of the evidence is crucial.

**B. "Compelling Need" Analysis Requires Inquiry into Less Intrusive Means**

The SDM found that "*only* a complete forensic examination will allow the parties to gain a full understanding of relevant usage and other circumstances to analyze their claims and defenses." SDM Order No. 9 at 16 (emphasis in original). But Apple's expert never made such a conclusion. Dr. Martin carefully limited his opinion, stating that "to recreate the conditions of use, it is important to perform tests that match as closely as possible the way that the iPhone was used by the user." True as stated, but he never opined that "recreating the conditions of use" would be necessary in the first place—***he never evaluated any less intrusive means***.

In *Williams*, the California Supreme Court reaffirmed that any balancing of discovery rights versus privacy rights involves analyzing the strength of the privacy interest against the need for discovery. *Williams*, 3 Cal. 5th at 556. The Court must apply a balancing test, including an analysis of "***the availability of alternatives*** and protective measures." *Id.* The SDM analyzed the strength of the privacy interests and protective measures but did not address the availability of alternatives. This was an error of law. *Lee v. Stonebridge Life Ins. Co.*, 2013 WL 3889209, at *2 (N.D. Cal. July 30, 2013) (rejecting forensic imaging where "Stonebridge has failed to meet its burden of demonstrating that the information sought is not reasonably accessible through other sources"); *Enoch v. Hamilton County Sheriff's Off.*, 2019 WL 1755966, at *11 (S.D. Ohio Apr. 19, 2019) (rejecting forensic imaging of iPad where "Defendants have not presented evidence to show they have explored feasible alternatives for obtaining the forensic information they allegedly seek, such as from the cloud."); The Sedona Conference, The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production A Project of the Sedona Conference Working Group on Electronic Document Retention and Production, 19 Sedona Conf. J. 1, 140–41 (2018) ("creating a forensic copy . . . should not be required unless circumstances specifically warrant . . . and there is no less burdensome option available.").

Finally, Apple's position is also increasingly in doubt as a factual matter. Apple does not

dispute For example, in one Apple document, Apple confirmed that Labaton Decl. Ex. 6 (APLIOSMDL00340820). Documents like these are inconsistent with the view that forensic imaging is somehow "essential," and thus Plaintiffs have inquired about this issue in each of the first five depositions of Apple employees. And —a position inconsistent with the conclusion that imaging is the "only" way for Apple to analyze device performance. For example, " *Id.*, Ex. 1 (Sterz Depo. Trs., 64:23-25 – 65:1-2), *Id.* (Sterz Depo. Trs., 263:22-25 – 264:1-3); *See also id.*, Ex. 3 (Drance Depo. Trs., 96:22-25 – 97:1-19). " *Id.*, Ex. 5 (Ceccarelli Depo. Trs., 240:16-21). *Id.*, Ex. 2 (Eng Depo. Trs., 86:2-7). " *Id.*, Ex. 4 (de Chanterac Depo. Trs., 171:18-21 – 172:1-10).

The documents accompanying this brief do not definitively clarify whether Apple can use less intrusive means to analyze the performance of Plaintiffs' devices. But it is Apple's burden to do so. Apple's proposed privacy intrusions cannot be undone once they are done.

Respectfully submitted,

**COTCHETT, PITRE & MCCARTHY, LLP**

DATED: August 13, 2019

By: /s/ *Brian Danitz*
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Brian Danitz (SBN 247403)
Gina Stassi (SBN 261263)
Tyson C. Redenbarger (SBN 294424)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-05777
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*
*bdanitz@cpmlegal.com*
*gstassi@cpmlegal.com*
*tredenbarger@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**

DATED: August 13, 2019

By: /s/ *David A. Straite*
Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)
David A. Straite (*pro hac vice*)
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*dstraite@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

*Interim Co-Lead Class Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Brian Danitz, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of August 2019 at Burlingame, California.

                                            */s/ Brian Danitz*
                                            Brian Danitz