THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
DIANA M. FEINSTEIN, SBN 302626
  dfeinstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

G. CHARLES NIERLICH, SBN 196611
  gnierlich@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.374.8458

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **IN RE:  APPLE INC. DEVICE PERFORMANCE LITIGATION** | CASE NO. 5:18-md-02827-EJD<br><br>**NOTICE OF SPECIAL DISCOVERY MASTER'S ENTRY OF PHONE INSPECTION PROTOCOL** |

Gibson, Dunn & Crutcher LLP

1

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

PLEASE TAKE NOTICE that on August 12, 2019, the Special Discovery Master entered the

3

Phone Inspection Protocol, which is attached hereto as Exhibit A.

4

DATED:  August 15, 2019                    GIBSON, DUNN & CRUTCHER LLP

5

6

By:   _____/s/ *Christopher Chorba*_____
                                                          Christopher Chorba

7

8

*Attorneys for Defendant Apple Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
NOTICE OF SPECIAL DISCOVERY MASTER'S ENTRY OF PHONE INSPECTION PROTOCOL
CASE NO. 5:18-md-02827-EJD

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Civil Case No.: 18-md-02827-EJD<br><br>**PHONE INSPECTION PROTOCOL** |

**I.     Preamble**

1.      Pursuant to Special Discovery Master Order No. 9 (Dkt. 354), this Phone Inspection Protocol contains the process that will be used for the inspection of devices in the above-captioned matter.  Plaintiffs do not intend to waive, and expressly preserve, all objections to this Protocol.  This protocol is solely intended to be used as a guide for the inspection process, and it shall not be construed as a concession by any party regarding what data constitutes private information.

**II.     Use of Neutral Third-Party Vendor**

2.      A neutral third-party vendor, Lighthouse Global, ("Neutral") will create a forensic image of all iPhone devices as authorized by the Special Discovery Master in her Order No. 9 (Dkt. 354) and subsequent rulings from the Special Discovery Master and/or the Court (the "Devices").  The Neutral will preserve and maintain original copies of the forensic images until instructed by the parties, or ordered by the Court, to destroy them.  Apple will be responsible for all reasonable costs and fees incurred by the Neutral.

3.      The Neutral must disclose to both parties: (i) the name of anyone associated with the Neutral (each of whom is also a "Neutral" for purposes of this agreement) who will be examining and/or handling any of Plaintiffs' information or Devices; (ii) the title of each such person; (iii) an up-to-date

curriculum vitae of each such person; and (iv) a list of the cases in which each such person has testified at deposition or trial within the last five years.

4.      The Neutral will execute a copy of Exhibit A-1 to the Stipulated Protective Order (Dkt. 224), and serve it on all parties.  At all times, the contents of the Devices and the forensic copies of the Devices, and the iTunes backups of the Devices and all of their contents, including diagnostic logs, shall be designated "Highly Confidential - Attorneys' Eyes Only" under the Stipulated Protective Order with the additional protections set forth herein.

5.      All communications with the Neutral are discoverable except as otherwise provided in this order, and no party is allowed to communicate with the Neutral by any means without copying or including the following counsel for both Plaintiffs and Apple:

- For Plaintiffs:

    Mark Molumphy (mmolumphy@cpmlegal.com)

    Brian Danitz (bdanitz@cpmlegal.com

    Tyson Redenbarger (tredenbarger@cpmlegal.com)

    Fred Fox (ffox@kaplanfox.com)

    Donald Hall (dhall@kaplanfox.com

    David Straite (dstraite@kaplanfox.com)

- For Apple:

    Diana Feinstein (dfeinstein@gibsondunn.com)

    Brooke Myers Wallace (bwallace@gibsondunn.com)

    G. Charles Nierlich (gnierlich@gibsondunn.com)

    Jillian London (jlondon@gibsondunn.com)

    Wesley Sze (wsze@gibsondunn.com)

    Winslow Taub (wtaub@cov.com)

6.      Pursuant to the instruction of the Special Discovery Master, Plaintiffs will promptly deliver to the Neutral the Devices and the Device passcode/password, and not later than within ten days of the Special Master's Order.  The Device passcode/password will be designated "Highly Confidential -

Attorneys' Eyes Only" under the Stipulated Protective Order.  Access to the Device passcode/password will be limited to the Neutral.

**III.   Requirements**

    **A.   Hardware**

    7.   The Devices, without Sim cards, which will be supplied by Plaintiffs' Counsel.

    8.   Computer for performing iTunes backup, which will be supplied by the Neutral.  The computer will not be attached to the internet.

    9.   Syncing and power cables for connecting the Devices to computers used in the preservation process, which will be supplied by the Neutral.

    10.   A segregated Wi-Fi network, which other devices are not connected to and which has Internet access, provided by the Neutral.

    11.   Immediately after performing the forensic procedures described in Sections III and IV herein, the Devices will be returned to counsel for Plaintiffs with encrypted copies of all of the forensic images and iTunes backups collected by the Neutral and any other information accessed by the Neutral.

    **B.   Software**

    12.   The latest version of iTunes, which is available at https://www.apple.com/itunes/download/ and will be installed on the computer by the Neutral.

    13.   Cellebrite Software, which will be supplied by the Neutral.

    14.   Battery Life System Diagnostic User Profile, which is available at https://developer.apple.com/bug-reporting/profiles-and-logs/ and will be installed on the Device(s) by the Neutral by downloading from a machine on the Neutral's internal network.

**IV.   Step 1: Forensic Preservation**

    15.   The Neutral will externally inspect and photograph the Devices to record identifying information, such as the model, serial number, and/or International Mobile Equipment Identity ("IMEI") number.  At this time, the Neutral will turn on the Devices, disabling Bluetooth, WiFi, any other network connections and further placing the device into Airplane Mode to further protect them from modification.

16.     The Neutral will document any changes it is required to make to the Devices in preparation for forensic preservation.

17.     The Neutral shall photograph the following screens on the Devices: (a) the "About" screen (available under "Settings," then navigating to "General" and "About"); (b) the "Software Update" screen (available under "Settings," then navigating to "General" and "Software Update"); (c) the "Battery" screen (available under "Settings," then navigating to "Battery"); and (d) the "Battery Health" screen (available under "Settings," then navigating to "Battery," then navigating to "Battery Health). The Neutral will retain copies of the documentation and photographs created under Paragraphs 14 and 15, and will provide duplicate copies to outside counsel for the parties, which copies will thereafter be treated as "Highly Confidential - Attorneys' Eyes Only" under the Stipulated Protective Order.

18.     The Neutral will make forensic copies of the Devices using industry-standard Cellebrite software. The date of testing and version of Physical Analyzer per device being imaged will be documented and provided to the Third-Party Experts.[1] To extract the fullest possible information, the Neutral will conduct three preservations of the Devices, using Cellebrite's "Advanced Logical Method 1", "Advanced Logical Method 2", and "Filesystem" acquisition methods. The Neutral will retain forensic copies of the Devices in its possession and will provide duplicate copies to the parties' Third-Party Experts via a secure file transfer mechanism with encryption. The duplicate copies that the Neutral provides to the parties' Third-Party Experts shall be unencrypted so that they will not require knowledge of the Device passcode/password for the Third-Party Experts to access. The parties' Third-Party Experts shall not provide copies of these materials to Apple's outside counsel, but will be permitted to provide outside counsel with their analyses derived from review of these materials and the underlying data relied upon by the Third-Party Expert in forming the Third-Party Expert's analyses of these materials. The Third-Party Expert shall redact the contents, authors, recipients, and subject-matter of the underlying data (and any associated metadata) or replace them with summary descriptions before

---

[1]   "Third-Party Expert" shall be defined in the same manner as an "Expert" under Section 2.10 of the Stipulated Protective Order.

providing such underlying data to Apple's outside counsel to the extent feasible, unless such redaction would impair the Third-Party Expert's ability to convey to Apple's outside counsel the relevant information from the underlying data.  In the event that redaction of the above information is not feasible, Apple shall notify the Special Discovery Master who will determine whether to allow the disclosure, disallow the disclosure, or modify the disclosure to Apple's outside counsel after hearing from the parties and their experts as needed.[2]  The materials and data provided to outside counsel shall not include text messages, emails, any other electronic communications, photos, camera rolls, audio, videos, chats, caller information, medical or financial information, calendars, contacts, location information, stand-alone documents such as spreadsheets, PDFs or Microsoft Word documents, cookies, security tokens, nonces, IP addresses or connections, the identities of third parties with whom the user communicated, or any other files that might enable access to user-protected content on websites or applications.  Additionally, the Third-Party Expert shall not provide web browsing history or application use history to Apple's outside counsel, except to the extent that the Third-Party Expert identifies particular website(s) or application(s) in his or her report.  Any website(s) or application(s) identified in the Third-Party Expert's report shall be identified without listing the domain name or the specific web pages that were visited within those website(s), or the specific application(s), to the extent it is possible to withhold the domain name or the specific web pages visited, or the specific application(s), without impairing the Third-Party Expert's ability to convey to Apple's outside counsel the relevance of such web browsing history and application use history.  In the event that redaction of the above information is not feasible, Apple shall notify the Special Discovery Master who will determine whether to allow the disclosure, disallow the disclosure, or modify the disclosure to Apple's outside counsel after hearing from the parties and their experts as needed.  The parties' Third-Party Experts shall not connect to the internet representing himself/herself as the Plaintiff or his/her family members or using any information on the internet, or otherwise, that may be identified as the Plaintiff's or his/her family members' information such as personal security tokens, user ID's, credit card information, social security numbers,

---

[2]  The parties reserve the right to seek modification of the procedure identified in this sentence as needed.  This reservation of rights applies to each instance of this procedure in this protocol.

banking and other financial account information, medical account information, or any other personal identifying information belonging to the Plaintiff or his/her family members.

19. The Neutral will also use the native iTunes backup functionality to create iTunes backups of each of the Devices using the process described below. Directions can also be found at https://support.apple.com/en-us/HT203977#itunes.

      i.    Plug the syncing cable into both the iPhone and the computer and launch iTunes on the computer.

     ii.    If a message on the Device asks to unlock the Device or to "Trust This Computer" the Neutral will follow the onscreen steps by inputting the Device passcode/password and/or agreeing to trust the computer.

    iii.    Select the device in iTunes and choose the Summary tab.

    iv.    In the Backups area of the resulting window, disable encryption for the backup by deselecting the "Encrypt iPhone backup" option, if allowed.

     v.    In the same Backups area click on "Back Up Now."

    vi.    Confirm the backup was successful by looking under the "Latest Backups" heading and locating the entry that has "Today at [TIME] to this computer."

20. The Neutral will retain the iTunes backups of the Devices in its possession. The Neutral shall not provide copies of the iTunes backups to Apple's outside counsel. The Neutral will provide duplicate copies to the parties' Third-Party Experts via a secure file transfer mechanism with encryption. The duplicate copies that the Neutral provides to the parties' Third-Party Experts shall be unencrypted so that they will not require knowledge of the Device passcode/password for the Third-Party Experts to access. The Third-Party Experts shall not provide copies of these materials to Apple's outside counsel, but will be permitted to provide outside counsel with their analyses derived from review of these materials and the underlying data relied upon by the Third-Party Expert in forming the Third-Party Expert's analyses of these materials. The Third-Party Expert shall redact the contents, authors, recipients, and subject-matter of the underlying data (and any associated metadata) before providing such underlying data to Apple's outside counsel to the extent feasible, unless such redaction would impair the Third-Party Expert's ability to convey to Apple's outside counsel the relevant information

from the underlying data.  In the event that redaction of the above information is not feasible, Apple shall notify the Special Discovery Master who will determine whether to allow the disclosure, disallow the disclosure, or modify the disclosure to Apple's outside counsel after hearing from the parties and their experts as needed.  The materials and data provided to outside counsel shall not include text messages, emails, any other electronic communications, photos, camera rolls, audio, videos, chats, caller information, medical or financial information, calendars, contacts, location information, stand-alone documents such as spreadsheets, PDFs or Microsoft Word documents, cookies, security tokens, nonces, IP addresses or connections, the identities of third parties with whom the user communicated, or any other files that might enable access to user-protected content on websites or applications.  Additionally, the Third-Party Expert shall not provide web browsing history or application use history to outside counsel, except to the extent that the Third-Party Expert identifies particular website(s) or application(s) in his or her report.  Any website(s) or application(s) identified in the Third-Party Expert's report shall be identified without listing the domain name or the specific web pages that were visited within those website(s), or the specific application(s), to the extent it is possible to withhold the domain name or the specific web pages visited, or the specific application(s), without impairing the Third-Party Expert's ability to convey to Apple's outside counsel the relevance of such web browsing history and application use history.  In the event that redaction of the above information is not feasible, Apple shall notify the Special Discovery Master who will determine whether to allow the disclosure, disallow the disclosure, or modify the disclosure to Apple's outside counsel after hearing from the parties and their experts as needed.  The parties' Third-Party Experts shall not connect to the internet representing himself/herself as the Plaintiff or his/her family members or using any information on the internet, or otherwise, that may be identified as the Plaintiff's or his/her family members' information such as personal security tokens, user ID's, credit card information, social security numbers, banking and other financial account information, medical account information, or any other personal identifying information belonging to the Plaintiff or his/her family members.

21.     The Neutral will also use the native iTunes functionality to sync any diagnostic logs on each of the Devices to the computer using the iTunes sync functionality using the process described below.  Directions can also be found at https://support.apple.com/en-us/HT203977#itunes.

i.     Plug the syncing cable into both the iPhone and the computer and launch iTunes on the computer.

ii.    If a message on the Device asks to unlock the Device or to "Trust This Computer" the Neutral will follow the onscreen steps by inputting the Device passcode/password and/or agreeing to trust the computer.

iii.   Select the device in iTunes, choose the Summary tab, and click on "Sync" at the bottom of the resulting screen.

22.    The Neutral will retain the diagnostic logs of the Devices in its possession.  The Neutral shall not provide copies of the diagnostic logs to Apple's outside counsel.  The Neutral will provide duplicate copies to the parties' Third-Party Experts via a secure file transfer mechanism with encryption.  The duplicate copies that the Neutral provides to the parties' Third-Party Experts shall be unencrypted so that they will not require knowledge of the Device passcode/password for the Third-Party Experts to access.  The Third-Party Experts shall not provide copies of these materials to Apple's outside counsel, but will be permitted to provide outside counsel with their analyses derived from review of these materials and the underlying data relied upon by the Third-Party Expert in forming the Third-Party Expert's analyses of these materials.  The Third-Party Expert shall redact the contents, authors, recipients, and subject-matter of the underlying data (and any associated metadata) or replace them with summary descriptions before providing such underlying data to Apple's outside counsel to the extent feasible, unless such redaction would impair the Third-Party Expert's ability to convey to Apple's outside counsel the relevant information from the underlying data.  In the event that redaction of the above information is not feasible, Apple shall notify the Special Discovery Master who will determine whether to allow the disclosure, disallow the disclosure, or modify the disclosure to Apple's outside counsel after hearing from the parties and their experts as needed.  The materials and data provided to outside counsel shall not include text messages, emails, any other electronic communications, photos, camera rolls, audio, videos, chats, caller information, medical or financial information, calendars, contacts, location information, stand-alone documents such as spreadsheets, PDFs or Microsoft Word documents, cookies, security tokens, nonces, IP addresses or connections, the identities of third parties with whom the user communicated, or any other files that might enable access to user-protected content

on websites or applications.  Additionally, the Third-Party Expert shall not provide web browsing history or application use history to outside counsel, except to the extent that the Third-Party Expert identifies particular website(s) or application(s) in his or her report.  Any website(s) identified in the Third-Party Expert's report shall be identified without listing the domain name or the specific web pages that were visited within those website(s), or the specific application(s), to the extent it is possible to withhold the domain name or the specific web pages visited, or the specific application(s), without impairing the Third-Party Expert's ability to convey to Apple's outside counsel the relevance of such web browsing history and application use history.  In the event that redaction of the above information is not feasible, Apple shall notify the Special Discovery Master who will determine whether to allow the disclosure, disallow the disclosure, or modify the disclosure to Apple's outside counsel after hearing from the parties and their experts as needed.  The parties' Third-Party Experts shall not connect to the internet representing himself/herself as the Plaintiff or his/her family members or using any information on the internet, or otherwise, that may be identified as the Plaintiff's or his/her family members' information such as personal security tokens, user ID's, credit card information, social security numbers, banking and other financial account information, medical account information, or any other personal identifying information belonging to the Plaintiff or his/her family members.

## V.      Step 2: Extraction of Additional Battery Diagnostic Data

23.     To access additional data regarding the battery in the Devices, the Neutral will, after performing the forensic preservation described above, install a user profile to the device and then capture a second iTunes backup and iTunes sync of the device according to the following procedure.

24.     The Neutral will enable Wi-Fi on each Device and connect it to a segregated Wi-Fi network provided by the Neutral.

25.     The Neutral will obtain a profile and download it to a local website accessible on the segregated Wi-Fi network.  The profile can be obtained from the following remote website: https://developer.apple.com/bug-reporting/profiles-and-logs/.  To obtain the profile at that remote website, the Neutral will scroll down to the heading "Battery Life for iOS" and tap on "Profile" under that heading.  If prompted, the Neutral will enter any AppleID and associated password to login.  Once the profile has been downloaded to the local website, the Neutral will navigate to that local website from

the Device, using Safari, and download the profile.  The Neutral will then follow any prompts from iOS by selecting "Allow," "Install," or entering the Device passcode/password as applicable.

26.     Once the user profile is installed, the Neutral will disable Wi-Fi on the Device.

27.     The Neutral will then trigger creation of a diagnostic log by using the iPhone's built-in "SysDiagnose" feature, which is activated by briefly holding the power/side, volume up, and volume down buttons until a short vibration occurs.

28.     The Neutral will then create a second iTunes backup and a second iTunes sync of each Device, following the same procedure described above in Step 1.  Following the second backup of each of the Device, the Neutral will navigate to the location of the second backup and the synced logs and save copies of the backup and the log data of the Device into a separate clearly labeled folder.

29.     The Neutral will retain the second iTunes backups and log files of the Devices in its possession.  The Neutral shall not provide copies of the second iTunes backups and log files of the Devices to Apple's outside counsel.  The Neutral will provide duplicate copies of the second iTunes backups and the second synced logs to the parties' Third-Party Experts via a secure file transfer mechanism with encryption.  The duplicate copies that the Neutral provides to the parties' Third-Party Experts shall be unencrypted so that they will not require knowledge of the Device passcode/password for the Third-Party Experts to access.  The Third-Party Experts shall not provide copies of these materials to Apple's outside counsel, but will be permitted to provide outside counsel with their analyses derived from review of these materials and the underlying data relied upon by the Third-Party Expert in forming the Third-Party Expert's analyses of these materials.  The Third-Party Expert shall redact the contents, authors, recipients, and subject-matter of the underlying data (and any associated metadata) or replace them with summary descriptions before providing such underlying data to Apple's outside counsel to the extent feasible, unless such redaction would impair the Third-Party Expert's ability to convey to Apple's outside counsel the relevant information from the underlying data.  In the event that redaction of the above information is not feasible, Apple shall notify the Special Discovery Master who will determine whether to allow the disclosure, disallow the disclosure, or modify the disclosure to Apple's outside counsel after hearing from the parties and their experts as needed.  The materials and data provided to outside counsel shall not include text messages, emails, any other electronic

communications, photos, camera rolls, audio, videos, chats, caller information, medical or financial information, calendars, contacts, location information, stand-alone documents such as spreadsheets, PDFs or Microsoft Word documents, cookies, security tokens, nonces, IP addresses or connections, the identities of third parties with whom the user communicated, or any other files that might enable access to user-protected content on websites or applications.  Additionally, the Third-Party Expert shall not provide web browsing history or application use history to outside counsel, except to the extent that the Third- Party Expert identifies particular website(s) or application(s) in his or her report.  Any website(s) identified in the Third- Party Expert's report shall be identified without listing the domain name or the specific web pages that were visited within those website(s), or the specific application(s), to the extent it is possible to withhold the domain name or the specific web pages visited, or the specific application(s) without impairing the Third-Party Expert's ability to convey to Apple's outside counsel the relevance of such web browsing history and application use history.  In the event that redaction of the above information is not feasible, Apple shall notify the Special Discovery Master who will determine whether to allow the disclosure, disallow the disclosure, or modify the disclosure to Apple's outside counsel after hearing from the parties and their experts as needed.  The parties' Third-Party Experts shall not connect to the internet representing himself/herself as the Plaintiff or his/her family members or using any information on the internet, or otherwise, that may be identified as the Plaintiff's or his/her family members' information such as personal security tokens, user ID's, credit card information, social security numbers, banking and other financial account information, medical account information, or any other personal identifying information belonging to the Plaintiff or his/her family members.

30.     The Neutral will then "restore" each Device using the first iTunes backup created in Step 1 by: selecting the device in iTunes, choosing the Summary tab, and clicking on "Restore Backup."

## VI.   Documentation and Retention

31.     To the extent feasible, the Neutral will photograph each of the steps described above and provide the photographs to counsel for the parties.

32.     The Neutral shall take all reasonable efforts to complete the inspection of the Devices within two days after receiving the Devices.  The Neutral shall notify the parties if the inspection of a

Device is anticipated to take longer than two days to complete, and the parties may grant an extension of time for the Neutral to complete the inspection in these circumstances.  Upon completion of the inspection of a Device, the Neutral shall promptly return the Device to counsel for Plaintiffs.

## VII.     Deviations from Protocol

33.     The Neutral will notify the parties of any deviations from the procedures in this protocol. Upon receiving notice of a deviation, the parties shall be given 12 hours to object to the proposed deviation.  If no party objects within 12 hours, the Neutral shall be allowed to proceed with the deviation.  If, however, any party objects within 12 hours, the parties shall meet and confer in good faith, on an expedited basis, to resolve the issue within 48 hours.

**IT IS SO ORDERED.**

Dated:  August 12, 2019

Hon. Rebecca J. Westerfield (Ret.)
Special Discovery Master

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: In re: Apple Inc. Device Performance Litigation
USDC Case No 18-md-02827-EJD
Reference No. 1100090686

    I, Elizabeth Magana, not a party to the within action, hereby declare that on  August 12, 2019, I served the attached PHONE INSPECTION PROTOCOL on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Francisco, CALIFORNIA, addressed as follows:

Laurence D. King Esq.
Mario M. Choi Esq.
Kaplan Fox & Kilsheimer LLP
350 Sansome St.
Suite 400
San Francisco, CA  94104
Phone: 415-772-4700
lking@kaplanfox.com
MChoi@kaplanfox.com
    Parties Represented:

Joseph W. Cotchett Jr. Esq.
Mark C. Molumphy Esq.
Ms. Elle D. Lewis
Cotchett, Pitre & McCarthy
840 Malcolm Rd.
Suite 200
Burlingame, CA  94010
Phone: 650-697-6000
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
elewis@cpmlegal.com
    Parties Represented:
    Robert Gilson

G. Charles Nierlich Esq.
Alexander N. Harris Esq.
Gibson Dunn & Crutcher
555 Mission St.

David A. Straite Esq.
Aaron Schwartz Esq.
Frederic S. Fox Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Ave.
14th Floor
New York, NY  10022
Phone: 212-687-1980
dstraite@kaplanfox.com
aschwartz@kaplanfox.com
ffox@kaplanfox.com
    Parties Represented:

Christopher Chorba Esq.
Timothy W. Loose Esq.
Cynthia Chen McTernan Esq.
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA  90071-3197
Phone: 213-229-7000
cchorba@gibsondunn.com
tloose@gibsondunn.com
cmcternan@gibsondunn.com
    Parties Represented:
    Apple Inc.

Karin B. Swope Esq.
Keller Rohrback L.L.P
1201 Third Ave.
Suite 3200

Suite 3000
San Francisco, CA  94105
Phone: 415-393-8200
gnierlich@gibsondunn.com
aharris@gibsondunn.com
   Parties Represented:
   Apple Inc.

Ariana J. Tadler Esq.
Melissa Ryan Clark Esq.
Tadler Law LLP
One Pennsylvania Plaza
New York, NY  10119
atadler@tadlerlaw.com
mclark@tadlerlaw.com
   Parties Represented:

Cassandra Lee Gaedt-Sheckter Esq.
Harper L. Gernet-Girard Esq.
Ms. Brooke Wallace
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA  90071-3197
Phone: 213-229-7000
cgaedt@gibsondunn.com
hgernetgirard@gibsondunn.com
bwallace@gibsondunn.com
   Parties Represented:
   Apple Inc.

Brian Danitz Esq.
Tyson Redenbarger Esq.
Ms. Anya Thepot
Cotchett, Pitre & McCarthy
840 Malcolm Rd.
Suite 200
Burlingame, CA  94010
Phone: 650-697-6000
bdanitz@cpmlegal.com
tredenbarger@cpmlegal.com
athepot@cpmlegal.com
   Parties Represented:
   Robert Gilson

Seattle, WA  98101-3052
Phone: 206-623-1900
kswope@kellerrohrback.com
   Parties Represented:

Diana M. Feinstein Esq.
Gibson Dunn & Crutcher
200 Park Ave.
47th Floor
New York, NY  10166-0193
Phone: 212-351-4000
DFeinstein@gibsondunn.com
   Parties Represented:
   Apple Inc.

Beth S. Brinkmann Esq.
Covington & Burling LLP
One City Center
850 Tenth St. NW
Washington, DC  20001-4956
Phone: 202-662-6000
NOT AVAILABLE
   Parties Represented:
   Apple Inc.

Nicholas B. Scheiner Esq.
Gibson Dunn & Crutcher
1881 Page Mill Rd.
Palo Alto, CA  94304-1125
Phone: 650-849-5300
nscheiner@gibsondunn.com
   Parties Represented:

Ms. Kristina Eckert
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA   90071-3197
Phone: 213-229-7000
keckert@gibsondunn.com
    Parties Represented:
    Apple Inc.

Donald R. Hall Esq.
Mr. Ralph E. Labaton
Kaplan Fox & Kilsheimer LLP
850 Third Ave.
14th Floor
New York, NY   10022
Phone: 212-687-1980
dhall@kaplanfox.com
rlabaton@kaplanfox.com
    Parties Represented:

Winslow Taub Esq.
Covington & Burling LLP
415 Mission Street
Ste. 5400, Salesforce Tower
San Francisco, CA   94105
Phone: 415-591-6000
wtaub@cov.com
    Parties Represented:
    Apple Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco,

CALIFORNIA on  August 12, 2019.

Elizabeth Magana
EMagana@jamsadr.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

## CERTIFICATE OF SERVICE

I, Christopher Chorba, hereby certify that on August 15, 2019, the foregoing Notice of Special

Discovery Master's Entry of Phone Inspection Protocol and attachment was filed through the CM/ECF

system, copies of which were sent by First Class Mail to individuals whose names appear below and

anyone else unable to accept them via the electronic filing system:

Abdul Mohammed
258 East Bailey Rd Apt. C
Naperville, IL 60565

Andrew Kierstead
Hobson Bernardino & Davis LLP
444 South Flower Street
Suite 3100
Los Angeles, CA 90071

Brian Hogue
103158
c/o ISC C
H-3
P.O. Box 70010
Boise, ID 83707

Cathleen M. Combs
Edelman Combs Latturner & Goodwin, LLC
120 South LaSalle Street
18th Floor
Chicago, IL 60603

Noah Benjamin Novogrodsky
Univ Toronto/Faculty Of Law
84 Queen's Park
Toronto ON M5S 2C5

Peter Wasylyk
Hobson Bernardino & Davis, LLP
444 South Flower Street, Suite 3100
Los Angeles, CA 90071

Randall Robinson Renick
Hadsell, Stormer, Richardson & Renick, LLP
128 N. Fair Oaks Ave.
Pasadena, CA 91103

NOTICE OF SPECIAL DISCOVERY MASTER'S ENTRY OF PHONE INSPECTION PROTOCOL
CASE NO. 5:18-md-02827-EJD

1
2
3

Richard Brian Rosenthal
Law Offices of Richard B. Rosenthal, PA
169 E Flagler St. Ste 1422
Miami, FL 33131-1212

4
5
6

Richard I Woolf
Boyle Brasher LLC
One Metropolitan Square
211 North Broadway, Suite 2300
St. Louis, MO 63102

7
8
9
10

Richard S. Wayne
Strauss & Troy
Federal Reserve Building
150 E. Fourth St.
Cincinnati, OH 45202-4018

11
12
13

Steven Saul
Eggnatz Pascucci
5400 S. University Drive, Ste. 417
Davie, FL 33328

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_/s/ Christopher Chorba_
Christopher Chorba

3

NOTICE OF SPECIAL DISCOVERY MASTER'S ENTRY OF PHONE INSPECTION PROTOCOL
CASE NO. 5:18-md-02827-EJD