# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 18-md-02827-EJD<br><br>**SPECIAL DISCOVERY MASTER'S Order No. 10** |

I. <u>Factual Background</u>

On June 24, 2019, Plaintiffs' counsel notified Apple that five named plaintiffs – Ruth Beauchan, Stephen Heffner, Aja Johnson, Quinn Lewis and Megan Mesloh – intended to withdraw from the action.

On July 11, 2019, the Court granted the voluntary dismissal without prejudice of Beauchan and Heffner. *See* ECF Dkt. No. 356. Despite the dismissal of Beauchan and Heffner, on July 24, 2019, Apple attempted to notice their depositions.

On July 25, 2019, Plaintiffs' counsel filed a motion to withdraw Johnson, Lewis, and Mesloh as plaintiffs and dismiss their claims without prejudice. Counsel contended that dismissal was warranted because these individuals had become nonresponsive and therefore unable to respond to requests for documents served by Apple. *See* ECF Dkt. No. 361. On

August 29, 2019, the Court dismissed Johnson, Lewis, and Mesloh from the action with prejudice for failure to prosecute. *See* ECF Dkt. No. 386.

Apple has since attempted to notice Lewis's deposition. To date, Apple has not sought to depose Johnson or Mesloh (in fact, Apple notes that because Mesloh owned a device that is no longer at issue in this case, it does not seek any discovery from her).

Thus, the instant dispute concerns Apple's pending requests to depose Beauchan, Heffner, and Lewis.

II.  Analysis

Courts have broad discretion over pre-class certification discovery. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 350 (N.D. Cal. 2011).

Federal Rule of Civil Procedure 26(b)(1) provides the following:

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to [any] claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In general, "an absent class-action plaintiff is not required to do anything." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985). "Absent a strong showing of necessity, discovery [of absent class members] generally will be denied." *In re Worlds of Wonder Securities Litigation*, 1992 WL 330411 *2 [N.D. Cal. 1992] [internal citation omitted]. The burden of showing good cause to obtain discovery from absent class members rests with the defendant. *Id.*; *see also* Northern District Local Rule 37-2.

Case No. 18-md-02827-EJD
SPECIAL DISCOVERY MASTER'S Order No. 10

To justify the depositions of absent class members, the defendant must demonstrate that (1) the discovery is not sought to take undue advantage of class members or with the purpose or effect of harassment or altering membership in the class; (2) the discovery is necessary regarding issues common to the class; and (3) the discovery seeks information not already known by the proponent. *Cornn v. United Parcel Serv., Inc.*, 2006 WL 2642540 *2 (N.D. Cal. Sept. 14, 2006). Other relevant factors may include whether the testimony sought is unavailable from other sources and is not being sought for an improper purpose. *See Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 630 (C.D. Cal. 2011).

In this regard, the defendant's burden to justify an absent class member's deposition is "particularly heavy." *Cornn*, 2006 WL 2642540 at *2. Accordingly, to take depositions of absent class members, the defendant must make a clear showing of necessity. *In re Worlds of Wonder Securities Litigation* 1992 WL 330411 at * 3, *citing Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir.), *cert. denied*, 419 U.S. 1070 (1974).

The decisions cited by Apple permitted depositions of plaintiffs in cases where such individuals were named plaintiffs or class members who, although they had expressed an intent to withdraw, had not yet been dismissed from the action. Thus, the burden in those cases fell upon the plaintiffs, who were required to show that the requested discovery and depositions were inappropriate. Put differently, the heightened requirements pertaining to absent class members were inapplicable in the decisions cited by Apple. *See, e.g., Roz v. Nestle Waters North America Inc.*, 2017 WL 6940512 (C.D. Cal. Jun. 21, 2017); *Pappas v. Naked Juice Co. of Glendora, Inc.*, 2012 WL 12248744 (C.D. Cal. Dec. 7, 2012) (M.J. Abrams, Paul L.); *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D 625 (C.D. Cal. 2011) (M.J. Segal, Suzanne H.); *Fraley v. Facebook, Inc.*, 2012 WL 555071 (N.D. Cal. Feb. 21, 2012) (M.J. Grewal, Paul S.). At most, Apple's decisions stand for the principle that a defendant may, under certain circumstances, be permitted to take

Case No. 18-md-02827-EJD
SPECIAL DISCOVERY MASTER'S Order No. 10

the deposition of a named plaintiff who has expressed an intent to withdraw from the action, but only *before* the court has dismissed such individual from the case.

Here, Apple fails to meet its burden to demonstrate that the depositions sought meet Rule 26(b)(1)'s proportionality standard cited above. On this note, *Fraley* and *Dysthe*, cited by Apple, predate the 2015 amendment to Rule 26(b)(1) that established the proportionality standard. Furthermore, Apple fails to establish that the testimony from the five former plaintiffs at issue would be necessary or particularly relevant to the parties' claims and defenses. In this regard, the Special Master finds that the depositions of the five former plaintiffs would impose burdens and expenses on them (and counsel) that would outweigh any potential relevance gained by their testimony. As counsel notes, Plaintiffs will ultimately file a class certification motion. Leading up to and in connection with that motion, further discovery will be sought and obtained regarding the remaining Plaintiffs.

In addition, Apple fails to meet its burden to justify an absent class member's deposition. At a minimum, Apple does not demonstrate that the testimony at issue is necessary regarding issues common to the putative class, and that it is unavailable from other sources. This case concerns a large putative class (to date, the putative class contains over 95 Plaintiffs) from which Apple has obtained and will continue to obtain plentiful relevant discovery. On this note, *Fraley*, cited by Apple, is further distinguishable because the withdrawing party was one of only four named plaintiffs and because the defendant therein identified specific allegations made by the withdrawing party that it sought to test.

Finally, the record indicates that Apple did not attempt to notice the proposed depositions at issue until after Plaintiffs' counsel had indicated that the five Plaintiffs at issue intended to withdraw from the action. There is nothing to suggest that the five Plaintiffs or their counsel have improperly sought to avoid their discovery obligations in this case.

Case No. 18-md-02827-EJD
SPECIAL DISCOVERY MASTER'S Order No. 10

For all of the forgoing reasons, Apple's application to take the depositions of Ruth Beauchan, Stephen Heffner, Aja Johnson, Quinn Lewis and Megan Mesloh is DENIED.

**IT IS SO ORDERED.**

Dated: September 6, 2019

_____
Hon. Rebecca J. Westerfield (Ret.)
Special Discovery Master

## PROOF OF SERVICE BY E-Mail

Re: In re: Apple Inc. Device Performance Litigation
USDC Case No 18-md-02827-EJD
Reference No. 1100090686

I, Elizabeth Magana, not a party to the within action, hereby declare that on September 6, 2019, I served the attached SPECIAL DISCOVERY MASTER'S ORDER NO. 10 on the parties in the within action by electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Laurence D. King
Mario M. Choi
Kaplan Fox & Kilsheimer LLP
350 Sansome St.
Suite 400
San Francisco, CA   94104
Phone: 415-772-4700
lking@kaplanfox.com
MChoi@kaplanfox.com
   Parties Represented:

David A. Straite
Aaron Schwartz
Frederic S. Fox
Kaplan Fox & Kilsheimer LLP
850 Third Ave.
14th Floor
New York, NY   10022
Phone: 212-687-1980
dstraite@kaplanfox.com
aschwartz@kaplanfox.com
ffox@kaplanfox.com
   Parties Represented:

Joseph W. Cotchett Jr.
Mark C. Molumphy
Elle D. Lewis
Cotchett, Pitre & McCarthy
840 Malcolm Rd.
Suite 200
Burlingame, CA   94010
Phone: 650-697-6000
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
elewis@cpmlegal.com
   Parties Represented:
   Robert Gilson

Christopher Chorba Esq.
Timothy W. Loose Esq.
Cynthia Chen McTernan Esq.
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA   90071-3197
Phone: 213-229-7000
cchorba@gibsondunn.com
tloose@gibsondunn.com
cmcternan@gibsondunn.com
   Parties Represented:
   Apple Inc.

G. Charles Nierlich
Alexander N. Harris
Gibson Dunn & Crutcher
555 Mission St.
Suite 3000
San Francisco, CA   94105
Phone: 415-393-8200

Karin B. Swope
Keller Rohrback L.L.P
1201 Third Ave.
Suite 3200
Seattle, WA   98101-3052
Phone: 206-623-1900
kswope@kellerrohrback.com

gnierlich@gibsondunn.com
aharris@gibsondunn.com
 Parties Represented:
 Apple Inc.

Ariana J. Tadler
Melissa Ryan Clark Esq.
Tadler Law LLP
One Pennsylvania Plaza
New York, NY  10119
atadler@tadlerlaw.com
mclark@tadlerlaw.com
 Parties Represented:

Cassandra Lee Gaedt-Sheckter
Harper L. Gernet-Girard
Brooke Wallace
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA  90071-3197
Phone: 213-229-7000
cgaedt@gibsondunn.com
hgernetgirard@gibsondunn.com
bwallace@gibsondunn.com
 Parties Represented:
 Apple Inc.

Brian Danitz
Tyson Redenbarger
Anya Thepot
Cotchett, Pitre & McCarthy
840 Malcolm Rd.
Suite 200
Burlingame, CA  94010
Phone: 650-697-6000
bdanitz@cpmlegal.com
tredenbarger@cpmlegal.com
athepot@cpmlegal.com
 Parties Represented:
 Robert Gilson

Parties Represented:

Diana M. Feinstein
Gibson Dunn & Crutcher
200 Park Ave.
47th Floor
New York, NY  10166-0193
Phone: 212-351-4000
DFeinstein@gibsondunn.com
 Parties Represented:
 Apple Inc.

Beth S. Brinkmann
Covington & Burling LLP
One City Center
850 Tenth St. NW
Washington, DC  20001-4956
Phone: 202-662-6000
bbrinkmann@cov.com
 Parties Represented:
 Apple Inc.

Nicholas B. Scheiner
Gibson Dunn & Crutcher
1881 Page Mill Rd.
Palo Alto, CA  94304-1125
Phone: 650-849-5300
nscheiner@gibsondunn.com
 Parties Represented:

Kristina Eckert
Heather L. Richardson
Raymond A. LaMagna
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA   90071-3197
Phone: 213-229-7000
keckert@gibsondunn.com
hrichardson@gibsondunn.com
rlamagna@gibsondunn.com
   Parties Represented:
   Apple
   Apple Inc.

Donald R. Hall
Ralph E. Labaton
Kaplan Fox & Kilsheimer LLP
850 Third Ave.
14th Floor
New York, NY   10022
Phone: 212-687-1980
dhall@kaplanfox.com
rlabaton@kaplanfox.com
   Parties Represented:

Winslow Taub
Covington & Burling LLP
415 Mission Street
Ste. 5400, Salesforce Tower
San Francisco, CA   94105
Phone: 415-591-6000
wtaub@cov.com
   Parties Represented:
   Apple Inc.

Kory J. Hines
Gibson Dunn & Crutcher
200 Park Ave.
New York, NY   10166
Phone: 212-351-4000
khines@gibsondunn.com
   Parties Represented:
   Apple

     I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on September 6, 2019.

_____
Elizabeth Magana
JAMS
EMagana@jamsadr.com