ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190624)
brobbins@robbinsarroy.com
CRAIG W. SMITH (164886)
csmith@robbinsarroyo.com
ASHLEY R. RIFKIN (246602)
arifkin@robbinsarroyo.com
STEVEN R. WEDEKING (235759)
swedeking@robbinsarroyo.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

Attorneys for Plaintiff Terrence Zehrer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD<br><br>**TERRANCE ZEHRER'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)**<br><br>Hon. Edward J. Davila |
| TERRENCE ZEHRER, Derivatively On Behalf of APPLE INC.,<br><br>                    Plaintiff,<br><br>     vs.<br><br>TIMOTHY D. COOK, LUCA MAETRI, CRAIG FEDERIGHI, ARTHUR D. LEVINSON, ALBERT GORE, JR., ANDREA JUNG, JAMES A. BELL, RONALD D. SUGAR, ROBERT A. IGER, and SUSAN L. WAGNER,<br><br>                    Defendants,<br>      -and-<br><br>APPLE INC., a Delaware corporation,<br><br>                    Nominal Defendant. | Case No. 4:19-cv-05153-YGR<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date Action Filed: August 19, 2019 |

Plaintiff in the Derivative Action (defined herein), Terrence Zehrer ("Plaintiff Zehrer") respectively files this motion to relate the following actions pursuant to Civil Local Rule 3-12(a) ("Rule 3-12(a)"):

| Abbreviated Case Name | Case Number |
|---|---|
| *In re Apple Inc. Performance Litigation* (the "Consumer Class Action") | 5:18-md-02827-EJD |
| *Zehrer v. Cook, et al.* (the "Derivative Action") | 4:19-cv-05153-YGR |

## I.  This Derivative Action Is Related to the Consumer Class Action Per Rule 3-12(a)

Rule 3-12(a) provides that an action is related to another when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).  Both criteria are met here.

The core allegations in the Derivative Action and the Consumer Class Action concern corporate misconduct at Apple Inc. ("Apple") known as "Batterygate."  Batterygate refers to Apple's practice of throttling customers' iPhones through iOS updates without the iPhone owner's knowledge or consent.  The slower processing speeds purportedly "fixed" an issue with older iPhones unexpectedly crashing.  But unbeknownst to iPhone owners, a simple battery replacement would have resolved the issue, without dramatically slowing down the performance of the iPhones.  Apple's conduct in connection with Batterygate is now the subject of numerous government investigations, both within the United States and abroad.  Italian regulators have already ordered Apple to pay €5 million, the maximum fine, finding that Apple "implemented dishonest commercial practices" and that the iOS updates "caused serious malfunctions and significantly reduced performance, thus accelerating phones' substitution."  Derivative Action ECF No. 1 ("Derivative Compl.," attached as Exhibit A to the Declaration of Ashley R. Rifkin filed herewith ("Rifkin Declaration")), ¶10.

### A.  The Consumer Class Action

The Consumer Class Action is a putative worldwide class action, seeking to hold Apple accountable for the harm to iPhone users resulting from Batterygate.  The Consumer Class Action

- 1 -
ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)
CASE NO. 5:18-md-02827-EJD

has been pending before Judge Davila since early 2018.[1] On October 1, 2018, Judge Davila granted in part and denied in part Apple's motion to dismiss the Consumer Class Action, finding that the following claims survived the motion to dismiss: (i) the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030, *et seq.*, claim; (ii) the California Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code §502, *et seq.*, claim; (iii) the trespass to chattels claim under California common law; and (iv) the California Unfair Competition Law ("UCL"), Cal. Bus. &Prof. Code §17200, *et seq.*, claim.  Consumer Class Action ECF No. 219 at 38-39.

In upholding the claim under the CFAA, Judge Davila found the plaintiffs' "adequately pled that Apple [intentionally] caused damage to their iPhones without permission." *Id.* at 19.  Judge Davila further noted the allegations of slowed processor speeds caused by the iOS updates "readily fit" the definition of damages (*id.*), and that "even though [p]laintiffs voluntarily installed the iOS updates, they never gave permission for Apple to cause damage to their iPhones." *Id.* at 19-20.  As to the trespass to chattels claim, Judge Davila found the plaintiffs sufficiently alleged that Apple "intentionally and without authorization interfered with plaintiffs possession of their iPhones … [through] iOS updates … designed to slow their iPhones' processing speed." *Id.* at 24.  Judge Davila also found the plaintiffs alleged an injury by pleading "that the iOS updates impaired the functioning of their iPhones by substantially slowing their processing speed (by as much as 50%)." *Id.* at 25.

Thereafter, on May 3, 2019, Judge Davila granted Apple's Motion for Reconsideration and entered an order that granted in part and denied in part Apple's motion to dismiss a Second Amended Complaint.  *See* Consumer Class Action ECF No. 331.  Judge Davila dismissed certain fraud and contract based claims, but rejected Apple's second attempt to dismiss the CFAA, CDAFA, UCL, and trespass to chattels claims, maintaining that they still survive.  *Id.*

**B.     The Derivative Action**

The gravamen of the Derivative Action is also Batterygate.  The Derivative Action brings claims against certain of Apple's officers and directors to hold them accountable for their role in

---

[1] The operative complaint in the Consumer Class Action is attached as Exhibit B to the Rifkin Declaration.

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)
CASE NO. 5:18-md-02827-EJD

Batterygate. Derivative Compl., ¶¶3-10, 55-76. The Derivative Action specifically alleges that these officers and directors, among other things: "breached their fiduciary duty of loyalty by recklessly causing or allowing the Individual Defendants, and Apple to violate the law by intentionally slowing the performance of users' iPhones without their knowledge or consent and by completely and utterly failing to exercise their duty to oversee the Company's compliance with applicable law and regulation." *Id*., ¶132.

The alleged damages in the Derivative Action include, among other things: (i) the damage to Apple's reputation as a result of Batterygate; (ii) the harm resulting from Apple's battery replacement program, which was enacted as a direct response to Batterygate; and (iii) costs incurred from regulatory investigations and defending and paying any settlement in the Consumer Class Action. *Id.*, ¶115.

Because the Derivative and Consumer Class Actions both center on the same underlying misconduct, and Judge Davila is meaningfully familiar with the allegations at issue and has made substantive findings bearing on those allegations, it would be an unduly burdensome duplication of labor and expense, and it would risk conflicting results, if the actions proceeded before different judges. The Derivative and Consumer Class Actions should therefore be related pursuant to Rule 3-12(a).

## II.     This Derivative Action Is Not Related to the Securities Action Per Rule 3-12(a)

Though Batterygate is central to both the Derivative and Consumer Class Actions, and both actions were pending before Judge Davila, counsel for Apple in the Derivative Action filed an Administrative Motion to Relate the Derivative Action to a recently consolidated securities action, titled *In re Apple, Inc. Securities Litigation*, No. 4:19-cv-02033-YGR (the "Securities Class Action"), which is pending before the Honorable Yvonne Gonzalez Rogers. Securities Action ECF No. 76.[2]

---

[2] Lead Plaintiff in the Securities Action is scheduled to file a consolidated First Amended Complaint by October 15, 2019, and the defendants' anticipated motion to dismiss the Securities Action is set for hearing in March 2020. Securities Action ECF No. 79 at 3.

- 3 -
ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)
CASE NO. 5:18-md-02827-EJD

The Derivative and Securities Actions are not "related" in accordance with Rule 3-12(a). The Securities Action focuses on misstatements which allegedly failed to disclose that iPhone sales growth was not sustainable. These misstatements are tangentially related to what happened as a result of Batterygate (i.e., accelerated iPhone upgrades, followed by a decline in upgrades as users replaced their batteries instead), in addition to macroeconomic and geopolitical issues in China. But the Securities Action will not resolve threshold issues regarding the core misconduct known as Batterygate.

In contrast, the heart of this Derivative Action is undeniably Batterygate—the very misconduct at issue in the Consumer Class Action. *See supra* Section I. Although the Derivative Action includes some allegations regarding the false and misleading statements at issue in the Securities Action, it does so only because those statements are tangentially related to the core wrongdoing, Batterygate. And the minimal factual overlap relating to the misstatements does not present a risk of conflicting rulings, as the state law claims at issue in the Derivative Action require different elements and burdens of proof from the securities claims at issue in the Securities Action. Thus, while Plaintiff Zehrer recognizes that all three actions have some factual overlap, the Derivative and Securities Actions are not related in accordance with Rule 3-12(a).

Before Plaintiff Zehrer's deadline to respond to Apple's Administrative Motion to Relate the Derivative and Securities Actions, Judge Gonzales Rogers entered an order finding the Derivative and Securities Actions related and transferring the Derivative Action to Judge Gonzales Rogers. In order to ensure that Judge Gonzalez Rogers and Judge Davila are thoroughly informed of the factual overlap, or lack thereof, among the Derivative, Securities, and Consumer Actions, Plaintiff Zehrer now respectfully submits this Administrative Motion to Relate the Derivative and Consumer Class Actions for the reasons discussed above.[3]

---

[3] Plaintiff also identified the Consumer Class Action as a related case on the Civil Cover Sheet when filing the Derivative Action.

- 4 -

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)
CASE NO. 5:18-md-02827-EJD

Since the Derivative and Consumer Class Actions both involve the same underlying misconduct, relating these actions before the same judge will serve the interests of judicial economy and avoid the potential for conflicting results, consistent with Rule 3-12(a).

DATED: October 1, 2019

Respectfully submitted,

ROBBINS ARROYO LLP

*/s/ Ashley R. Rifkin*
ASHLEY R. RIFKIN

BRIAN J. ROBBINS
CRAIG W. SMITH
ASHLEY R. RIFKIN
STEVE R. WEDEKING
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
         csmith@robbinsarroyo.com
         arifkin@robbinsarroyo.com
         swedeking@robbinsarroyo.com

Attorneys for Plaintiff Terrence Zehrer

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)
CASE NO. 5:18-md-02827-EJD

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2019, I electronically filed the foregoing, including attachments, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice for this action.

I also caused the foregoing to be served upon the following via Overnight Mail:

| | |
|---|---|
| Honorable Yvonne Gonzalez Rogers<br>Ronald V. Dellums Federal Building<br>  & United States Courthouse<br>1301 Clay Street, Suite 400 S<br>Oakland, CA 94612 | Judge in *Zehrer v. Cook, et al.*, No. 4:19-cv-05153-YGR |
| Alexander K. Talarides<br>James N. Kramer<br>Melinda L. Haag<br>ORRICK HERRINGTON<br>  & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Facsimile: (415) 773-5957<br>E-mail: atalarides@orrick.com<br> jkramer@orrick.com<br> mhaag@orrick.com | Attorneys for nominal defendant Apple, Inc. in *Zehrer v. Cook, et al.*, No. 4:19-cv-05153-YGR |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 1, 2019.

                                        *s/ Ashley R. Rifkin*
                                        ASHLEY R. RIFKIN
                                        ROBBINS ARROYO LLP
                                        5040 Shoreham Place
                                        San Diego, CA 92122
                                        Telephone: (619) 525-3990
                                        Facsimile:  (619) 525-3991
                                        E-mail: arifkin@robbinsarroyo.com

                                        Attorney for Plaintiff Terrence Zehrer

1396268

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)
CASE NO. 5:18-md-02827-EJD