**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | CASE NO. 5:18-md-02827-EJD |
| | **STIPULATION OF SETTLEMENT** |
| This Document Relates To: | |
| ALL ACTIONS. | |

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

The Parties, by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Settlement Agreement, hereby warrant, represent, acknowledge, covenant, stipulate and agree, subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

**1.    DEFINITIONS**

As used herein, the following terms have the meanings set forth below:

1.1    "Actions" means the MDL Action and the JCCP Action, collectively; and each term is defined as follows:

1.1.1    "JCCP Action" means the California state lawsuits that were coordinated in San Francisco Superior Court pursuant to California Code of Civil Procedure § 404.1, and consolidated into Judicial Council Coordination Proceeding (JCCP) No. 4976. The JCCP Action shall also include any additional California

state actions that have been or may be filed and/or coordinated with the JCCP Action.

    1.1.2  "MDL Action" means the actions consolidated by the Judicial Panel on Multidistrict Litigation (JPML) in the Northern District of California pursuant to 28 U.S.C. § 1407, into proceedings captioned *In re Apple Inc. Device Performance Litigation*, No. 18-md-2827-EJD.  The MDL Action shall include the actions identified in Appendix A, as well as include any and all additional federal actions that have been or may be filed, related to, and/or consolidated into the MDL Action, including but not limited to *Rodriguez v. Apple Inc.*, No. 18-3989-EJD (N.D. Cal. filed July 2, 2018), and other individually filed actions before and after JPML centralization in this District.

    1.2  "Apple" means Apple Inc.

    1.3  "Approved Claims" means those Claims which are approved by the Settlement Administrator for payment.

    1.4  "Attorneys' Fees and Expenses" means any award of attorneys' fees and expenses.

    1.5  "Claim Form" means the proof of claim and release form(s) substantially in the form attached as Exhibit A.

    1.6  "Claim" means any claim submitted by a Settlement Class Member.

    1.7  "Claims Period" means the period between the Notice Date until the deadline set forth in paragraph 6.4.

    1.8  "Class Counsel" means the law firms of Cotchett, Pitre & McCarthy LLP and Kaplan Fox & Kilsheimer LLP, who have any and all authority and capacity necessary to execute this Settlement Agreement and bind all of the Named Plaintiffs who have not personally signed this Settlement Agreement, as if each of those individuals had personally executed this Settlement Agreement.

    1.9  "Class Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached as Exhibit B.

    1.10  "Court" means the United States District Court for the Northern District of California.

1.11    "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

1.12    "Effective Date" shall mean the first day after which all of the following events and conditions of this Settlement Agreement have been met or occurred:

a)      All non-U.S. Named Plaintiffs have personally executed this Settlement Agreement;

b)      Class Counsel have confirmed in writing that they have used best efforts to have all the remaining Named Plaintiffs personally execute this Settlement Agreement;

c)      Apple, Class Counsel, JCCP Counsel, and Defense Counsel have executed this Settlement Agreement;

d)      The Court has conditionally certified the Settlement Class, preliminarily approved the Settlement, and approved notice to the Settlement Class;

e)      The time period for members of the Settlement Class to exclude themselves has expired;

f)      The Settlement Administrator has delivered the spreadsheet(s) and information to Defense Counsel and Class Counsel as specified in paragraphs 6.9 and 6.10;

g)      All disputed Claims have been resolved;

h)      The Court has entered the Final Approval Order and Final Judgment;

i)      The time for appeal or writ of the Final Approval Order and Final Judgment has expired or, if an appeal and/or petition for review is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired;

j)      The time for appeal or writ of any order regarding Attorneys' Fees and Expenses and/or Named Plaintiff Service Awards has expired or, if an appeal and/or petition for review is taken and the order is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired;

k)      The JCCP Action is dismissed with prejudice and a final judgment is entered;

and

l)     The time for appeal or writ of the final judgment in the JCCP Action has expired or, if an appeal and/or petition for review is taken and the dismissal is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.

1.13    "Final Approval Order and Final Judgment" means the final approval order and judgment dismissing and closing the MDL Action in the form attached as Exhibits E and F.

1.14    "Final Hearing" means the hearing(s) held by the Court to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the Settlement should be approved as fair, reasonable, and adequate; whether Class Counsel's Attorneys' Fees and Expenses and/or Named Plaintiff Service Awards should be approved; and whether the final judgment approving the Settlement and dismissing the Actions on the merits and with prejudice should be entered.  The Final Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the Final Hearing), be continued or adjourned by order of the Court.

1.15    "JCCP Counsel" means the attorneys with The Brandi Law Firm and The Law Offices of Andrew J. Brown appointed as Co-Lead Counsel in the JCCP Action.

1.16    "iPhone" means Apple iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices.

1.17    "Maximum Class Settlement Amount" means Five Hundred Million U.S. Dollars ($500,000,000.00), less any amounts paid to the Named Plaintiffs as Service Awards.

1.18    "MDL Counsel" means the attorneys appointed as interim counsel in the MDL Action.

1.19    "Minimum Class Settlement Amount" means Three Hundred Ten Million U.S. Dollars ($310,000,000.00).   Under no circumstances shall any portion of the Minimum Class Settlement Amount revert to Apple.

1.20    "Named Plaintiffs" means all individuals identified in Appendix B.  Notwithstanding the foregoing, the "Named Plaintiffs" shall further exclude any individual who requests exclusion from the Settlement Class and/or submits an objection to the Settlement.

1.21    "Named Plaintiff Service Awards" means the service awards for the Named Plaintiffs,

4

as set forth in paragraph 8.4.

1.22   "Notice Date" means seventy-five (75) days after the deadline for the Settlement Administrator to receive the names, email addresses, mailing addresses, and serial numbers for the members of the Settlement Class as provided in paragraph 6.2.2.

1.23   "Parties" means Apple and the Named Plaintiffs.

1.24   "Plaintiffs' Counsel" means Class Counsel, MDL Counsel, JCCP Counsel, and all of the attorneys, associates, law firms, and legal representatives, who have represented and/or purport to represent any of the Named Plaintiffs and/or who brought any of the Actions, including but not limited to all of the attorneys and firms identified in Appendix C.

1.25   "Preliminary Approval Order" means the order preliminarily approving the Settlement, providing for notice to the Settlement Class, and other related matters in the form attached as Exhibit D.

1.26   "Released Parties" means (a) Apple and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Apple; and (b) the past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, consultants, administrators, representatives, fiduciaries, insurers, predecessors, successors, and assigns of the entities in part (a) of this paragraph.

1.27   "Residual" means the difference between the value of the Approved Claims and the Minimum Settlement Amount, as set forth in paragraph 5.3.

1.28   "Settlement" and "Settlement Agreement" mean the settlement described in this Stipulation of Settlement.

1.29   "Settlement Administrator" means Angeion Group, which shall provide settlement notice and administration services pursuant to the terms of this Settlement Agreement.

1.30   "Settlement Administration Protocol" means the protocol attached as Exhibit G.

1.31   "Settlement Class Member" means and includes every member of the Settlement Class who does not validly and timely request exclusion from the Settlement Class.

1.32   "Settlement Class" means all former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE

devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017.  For purposes of this definition, "U.S. owners" shall include individuals who owned, purchased, leased, or otherwise received an eligible device, and individuals who otherwise used an eligible device for personal, work, or any other purposes.  An individual qualifies as a "U.S. owner" if his or her device was shipped to the United States, its territories, and/or its possessions.  The Settlement Class shall not include iPhone owners who are domiciled outside of the United States, its territories, and/or its possessions.  Additionally, excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) any of the individuals identified in paragraph 1.36, as well as their legal representatives, heirs, successors, or assigns, (d) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, and (e) any other individuals whose claims already have been adjudicated to a final judgment.

1.33    "Settlement Funds" means funds sufficient to pay the Approved Claims and the Named Plaintiff Service Awards.

1.34    "Settlement Website" means an Internet website that the Settlement Administrator shall establish to inform the Settlement Class of the terms of this Settlement, their rights, dates, deadlines, and related information.

1.35    "Summary Notice" means the Summary Notice of Settlement, substantially in the form attached as Exhibit C.

1.36    Notwithstanding the foregoing definitions and terms, the following individuals and former plaintiffs are not Settlement Class Members, because their claims have been dismissed with prejudice: Meghan Mesloh; Aja Johnson; and Quinn Lewis.  These individuals shall have no right to any payment(s) pursuant to this Settlement.

2.    **RECITALS**

A.    Between December 2017 and June 2018, multiple class action complaints were filed against Apple in the United States District Courts for the Northern District of Alabama, the Central District of California, the Northern District of California, the Southern District of California, the

District of Columbia, the Southern District of Florida, the Southern District of Georgia, the Northern District of Illinois, the Southern District of Illinois, the Eastern District of Louisiana, the Eastern District of Missouri, the Western District of Missouri, the Southern District of Mississippi, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Northern District of Ohio, the Southern District of Ohio, the District of South Carolina, and the Eastern District of Texas.[1]  Beginning on April 4, 2018, these actions were consolidated by the JPML in the Northern District of California pursuant to 28 U.S.C. § 1407, into the MDL Action, captioned *In re Apple Inc. Device Performance Litigation*, No. 18-md-2827-EJD.   A list of these actions that have been consolidated into the MDL Action is attached hereto as Appendix A.

B.      After their appointment, Class Counsel filed a Consolidated Amended Complaint in the MDL Action on July 2, 2018.  The Consolidated Amended Complaint contained allegations concerning unexpected power-offs and a performance management feature that Apple introduced in iOS 10.2.1 and iOS 11.2 to avoid them.  The Consolidated Amended Complaint identified the "Devices" at issue in the case as including "the iPhone 5, iPhone 5s, iPhone 5c, iPhone SE, iPhone 6, iPhone 6s, iPhone 6 Plus, iPhone 6s Plus, iPhone 7, [and] iPhone 7 Plus" and purported to seek certification of a putative class of "[a]ll purchasers, owners, users or lessees" of the devices in the United States and in 40 foreign countries.  The Consolidated Amended Complaint alleged that these devices were "defective" and brought claims against Apple for fraud, breach of contractual obligations, violation of consumer protection laws, "trespass to chattels," and alleged violations of the California Computer Data Access and Fraud Act (CDAFA) and the federal Computer Fraud Abuse Act (CFAA).

C.      On October 1, 2018, the Court entered an order granting in part and denying in part Apple's motion to dismiss the Consolidated Amended Complaint, which dismissed the fraudulent misrepresentation and omission-based claims without prejudice.

D.      Class Counsel filed a Second Consolidated Amended Complaint on November 30, 2018, which brought the same legal claims under the same consumer protection laws, as well as asserting claims for "trespass to chattels" and for alleged violations of the CDAFA and CFAA.

---

[1]  The MDL Action shall also include any additional federal actions that have been or may be filed, related to, and/or consolidated into the MDL Action.

7

E.      The Court issued another order granting in part and denying in part Apple's motion to dismiss the Second Consolidated Amended Complaint on April 22, 2019.  In its order, the Court dismissed, with prejudice, the claims that the iPhones were "defective," all claims based on iPhone 5/5c/5s devices, and all common law and statutory fraud claims (whether based on a theory of affirmative misrepresentation or omission).  The Court also dismissed, without prejudice, claims related to the Named Plaintiffs' theory that Apple had breached contractual obligations.  However, the Court did not dismiss the claims for trespass to chattels and under the CDAFA and CFAA.  The Named Plaintiffs did not amend their complaint to try to replead the contract claims, and they instead elected to stand on their Second Consolidated Amended Complaint.

F.      The Parties engaged in extensive discovery in the MDL and JCCP Actions.  Class Counsel served more than 170 document requests on Apple, in response to which Apple produced more than 7 million pages of documents.  Apple also served written discovery and document requests to each of the Named Plaintiffs, who produced more than 6,000 pages of documents.  The Parties also deposed 19 individuals, including ten Apple witnesses and nine Named Plaintiffs.  The Parties also litigated several discovery motions before the Hon. Rebecca Westerfield (Ret.).

G.      Between December 2017 and June 2018, four class action complaints were filed against Apple in California state courts for the counties of Los Angeles, San Francisco, San Mateo, and Santa Clara.  The Judicial Council coordinated these actions in the San Francisco Superior Court pursuant to California Code of Civil Procedure § 404.1, and consolidated them into proceedings captioned *In re Apple OS Cases*, JCCP No. 4976.  A Consolidated Master Complaint was filed in the JCCP Action on January 22, 2019, which brought claims under California's Unfair Competition Law and for "trespass to chattels" on behalf of "all California citizens who purchased, owned, or leased" these devices.  On June 20, 2019, the Superior Court entered an order sustaining in part and overruling in part Apple's demurrer to the Consolidated Master Complaint, holding that the Consolidated Master Complaint did not state an affirmative misrepresentation or omissions-based claim, but declined to sustain Apple's demurrer to the "trespass to chattels" claim.  The JCCP Plaintiffs filed their First Amended Consolidated Master Complaint on August 5, 2019, which again asserted fraud, consumer protection, and trespass to chattels claims concerning the same devices.  At the time of this Settlement, Apple's

demurrer to the First Amended Consolidated Master Complaint in the JCCP Action was fully briefed and awaiting decision.

H.     The Parties engaged in extensive, arm's-length negotiations over the course of many months, including by engaging in several all-day, in-person mediation sessions and numerous additional discussions with the Hon. Layn R. Phillips (Ret.) of Phillips ADR, a former United States District Court Judge and one of the most experienced mediators in the United States.  As a result of these arm's-length negotiations, the Parties reached the Settlement set forth in this Settlement Agreement, which memorializes the Parties' agreement and rulings by the Hon. Layn R. Phillips (Ret.) regarding certain disputed settlement terms.  The Parties intend that this Settlement completely resolve any and all claims that were, or could have been, asserted in the Actions on behalf of individuals in the United States, as well as any non-U.S.-based Named Plaintiffs who filed claims in the United States.

I.     Apple vigorously disputes the claims alleged in the Actions and is entering into this Settlement to avoid burdensome and costly litigation.  The Settlement is not an admission of wrongdoing, fault, liability, or damage of any kind.  Among other things, Apple disputes that Plaintiffs' dismissed and remaining claims have merit, that Plaintiffs will be able to certify any class in these actions for litigation purposes, that Plaintiffs are entitled to pursue claims on behalf of non-U.S. claimants, that California law would apply nationwide (or beyond U.S. borders), and that Plaintiffs and the putative class would be entitled to any relief.  Without admitting any of the allegations made in the Actions or any liability whatsoever, Apple is willing to enter into this Settlement solely in order to eliminate the burdens, distractions, expense and uncertainty of protracted litigation and in order to obtain the releases and final judgment contemplated by this Settlement.

J.     Class Counsel and the Named Plaintiffs believe that the claims asserted in the Actions have merit and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and potentially time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable and in the best interests of the Settlement Class.

K.     The Parties desire to settle the Actions in their entirety with respect to all potential claims arising out of the same facts alleged in the complaints filed in each of the Actions.  The Parties

intend this Settlement Agreement to bind Apple, the Named Plaintiffs, and all other Settlement Class Members.

**3.     CONFIDENTIALITY**

3.1     The Parties must comply with all portions of the Stipulated Protective Order (Dkt. 224 in the MDL Action) and the Protective Order Regarding the Disclosure and Use of Discovery Materials (executed March 22, 2019 in the JCCP Action) (collectively, the "Protective Order"), and all orders construing the Protective Order, including but not limited to: (i) the Court's Order re Motion for Sanctions (Dkt. 350); (ii) Section 8.1, which limits the use of Protected Material (as defined in the Protective Order) to prosecuting, defending, or attempting to settle the Actions, and prohibits the use of Protected Material for any other purpose, including, without limitation, in any other litigation, or for any business or competitive function; and (iii) Section 15, which requires the return, destruction, or deletion of Protected Material (as defined in the Protective Order) within 60 days of the final disposition of the Actions.

3.2     This Settlement Agreement and its terms, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and the Motion for Preliminary Approval is filed with the Court.  Pending the filing of that Motion, Plaintiffs' Counsel may disclose this Settlement Agreement and its terms to their respective clients who brought any of the actions in the MDL Action, who will also maintain the complete confidentiality of this Settlement Agreement and its terms, including the fact of the proposed Settlement.

3.3     If, through the actions of any of the Parties or their counsel, this Settlement Agreement and the proposed Settlement become public before the Motion for Preliminary Approval is filed with the Court, the responsible Party or counsel shall pay liquidated damages of Twenty-Five Thousand U.S. Dollars ($25,000.00) to the non-responsible Party.

**4.     CERTIFICATION OF THE SETTLEMENT CLASS**

4.1     The Parties stipulate and agree that, subject to Court approval, the Settlement Class should be conditionally certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure solely for purposes of the Settlement embodied in this Settlement Agreement.  If, for any reason, this Settlement Agreement is not approved by the Court, the stipulation for certification and all of the

agreements contained herein shall be considered null and void as provided in paragraph 7.5.

4.2     Apple does not consent to certification of the Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate this Settlement.  Apple's agreement to provisional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind, or that any class certification would be appropriate for litigation or any other purpose other than to effectuate this Settlement.

4.3     If for any reason the Effective Date does not occur or this Settlement Agreement is terminated, disapproved by any court (including any appellate court), or not consummated for any reason, the order certifying the Settlement Class for purposes of effectuating the Settlement (and all preliminary and final findings regarding that class certification order) shall be automatically vacated upon notice of the same to the Court.  The Actions shall then proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Actions shall return to their procedural postures on the date this Settlement Agreement was signed.  Additionally, the Parties and their counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Actions are later litigated and contested by Apple under Rule 23 or any equivalent statute or rule.

5.     **SETTLEMENT CONSIDERATION**

5.1     **Cash Payment to Settlement Class Members.**  In consideration of the releases and dismissals set forth in this Settlement Agreement, subject to Court approval, and subject to the other terms and conditions of this Settlement Agreement (including the Maximum Class Settlement Amount and Minimum Class Settlement Amount), Settlement Class Members who meet the requirements and follow the procedures set forth in paragraphs 6.3 to 6.7 shall be sent Twenty-Five U.S. Dollars ($25.00) for each iPhone owned.  The actual amount of payment may differ, depending on the amount of any Attorneys' Fees and Expenses, Named Plaintiff Service Awards, notice expenses, and whether the aggregate value of Approved Claims reaches the Minimum Class Settlement Amount or Maximum Class Settlement Amount, as set forth in paragraphs 5.2 to 5.3.3 below.  Additionally, if multiple Settlement Class Members submit Claims pertaining to the same eligible device, the payment amount

for that device shall be divided equally among those submitting Approved Claims regarding that particular device.

5.2     **Maximum Class Settlement Amount.**   Notwithstanding paragraph 5.1, in no event shall the aggregate cash payment to the Settlement Class Members exceed the Maximum Class Settlement Amount.   If the number of iPhone devices identified in Approved Claims submitted by Settlement Class Members, multiplied by Twenty-Five U.S. Dollars ($25.00), exceeds the Maximum Class Settlement Amount, then the cash payment for each iPhone identified in the Approved Claims shall be reduced on a pro rata basis to ensure the aggregate cash payment to Settlement Class Members does not exceed the Maximum Class Settlement Amount.

5.3     **Minimum Class Settlement Amount.**   Notwithstanding paragraph 5.1, if payment of Twenty-Five U.S. Dollars ($25.00) for each iPhone device identified in Approved Claims submitted by Settlement Class Members, the payment of Attorneys' Fees and Expenses the Court awards to Class Counsel (as contemplated in paragraph 8.1), and the payment of the Named Plaintiff Service Awards would not reach the Minimum Class Settlement Amount, the Residual shall be allocated in order of priority as follows:

5.3.1     The Residual shall be used to pay the costs of settlement notice and administration (as contemplated in paragraph 6.1) up to the amount of Twelve Million Seven-Hundred-Fifty Thousand U.S. Dollars ($12,750,000.00), plus any postage expense incurred after the $12,750,000 cap has been reached.

5.3.2     If there are funds remaining in the Residual after paying the costs of settlement notice and administration (as contemplated in paragraph 5.3.1), then the cash payment for each Approved Claim shall be increased on a pro rata basis until the aggregate value of Approved Claims, Attorneys' Fees and Expenses, and costs of settlement notice and administration equal the Minimum Class Settlement Amount.   Notwithstanding the foregoing, the pro rata payment for each Approved Claim per applicable device shall not exceed Five Hundred U.S. Dollars ($500.00).

5.3.3     If the total amount calculated in paragraph 5.3.2 does not reach the Minimum Class Settlement Amount following the pro rata adjustment described therein, then the Parties shall confer on the distribution of the remaining amount, with resolution subject to Court approval.

**6.      NOTICE AND SETTLEMENT ADMINISTRATION**

6.1      **Neutral Settlement Administrator.**   Subject to Court approval, the Settlement Administrator shall provide settlement notice and administration services, in accordance with the terms of this Settlement Agreement and the Settlement Administration Protocol.   Except as provided in paragraph 5.3.1, Apple shall pay reasonable costs of notice and the costs of administering the Settlement.

6.2      **Notice Procedures.**   The Parties agree to the following forms and methods of notice to the Settlement Class:

6.2.1      A copy of the Class Notice, together with the Claim Form, the Settlement, the motions for Final Approval Order and Final Judgment, Attorneys' Fees and Expenses, and Named Plaintiff Service Awards, and Court orders pertaining to the Settlement, shall be posted and available for download on the Settlement Website maintained by the Settlement Administrator.   The information shall remain available on the Settlement Website until the Effective Date.

6.2.2      The Settlement Administrator shall email a copy of the Summary Notice to the email address of record on the Apple ID account of the members of the Settlement Class.   The electronic version of the Summary Notice shall contain a direct link to the Settlement Website and the instructions for the Claim Form.   To facilitate the distribution of the Summary Notice, within thirty (30) days of the Court's entry of the Preliminary Approval Order, Apple shall provide the Settlement Administrator with the names, email addresses, mailing addresses, and serial numbers for the members of the Settlement Class.   If Apple does not have a valid email address for a member of the Settlement Class, the Settlement Administrator shall mail a copy of the Summary Notice via postcard to that member of the Settlement Class.   An email address is not considered valid if it results in a hard bounce back.

6.2.3      The names, email addresses, mailing addresses, and serial numbers are personal information about the members of the Settlement Class and shall be provided to the Settlement Administrator solely for the purposes of providing notice, processing requests for exclusion, and administering payment.   The Settlement Administrator shall execute the Stipulated Protective Order (Dkt. 224), treat all such information as "Highly Confidential – Attorneys' Eyes Only," and take all reasonable steps to ensure that all such information is used solely for the purpose of administering this

Settlement.

6.2.4    The Settlement Administrator shall complete the email notice (and, if applicable, the notice via postcard) by the Notice Date.  If, despite using best efforts, the Settlement Administrator is unable to complete the notice by the Notice Date, the Settlement Administrator shall inform the Parties of the status of the notice, and notify the Parties when the notice has been completed.

6.2.5    In addition to the notice required by the Court, the Parties may jointly agree to provide additional notice to the members of the Settlement Class, although Class Counsel and Apple must approve any additional notice.

6.2.6    If this notice plan is not approved, or is modified in a material way by the Court, Apple shall have the right to unilaterally terminate the Settlement.

6.3    **Claim Form.**  Settlement Class Members who wish to receive a cash payment will be required to submit a Claim Form.  The Claim Form shall, among other things, require the Settlement Class Member to certify, under penalty of perjury, that (a) their eligible iPhone device ran iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices) before December 21, 2017; and (b) they experienced diminished performance on the eligible device when running iOS 10.2.1 or iOS 11.2 before December 21, 2017.  The Claim Forms shall be submitted to the Settlement Administrator via U.S. mail or electronically through the Settlement Website.

6.4    **Claims Period.**  To be valid, Claim Forms, requests to opt out, and objections must be received by the Settlement Administrator within forty-five (45) days from the Notice Date.

6.5    **Process for Opting Out of Settlement.**  The Class Notice shall provide a procedure whereby members of the Settlement Class may exclude themselves from the Settlement.  The members of the Settlement Class shall have no less than forty-five (45) days following the Notice Date to exclude themselves.  Any member of the Settlement Class who does not timely and validly request exclusion shall be a Settlement Class Member and shall be bound by the terms of this Settlement.  As soon as practicable after the opt-out deadline, the Settlement Administrator shall provide the Court with a list of the individuals who timely and validly requested exclusion from the Settlement.

6.6    **Process for Objections.**    The  Class  Notice  shall  provide  a  procedure  whereby

Settlement Class Members may object to the Settlement.  Objections shall be filed with the Court and served on Class Counsel and Defense Counsel within forty-five (45) days from the Notice Date.  Any objection shall, at a minimum, require the individual to provide:  (a) a detailed statement of such Settlement Class Member's specific objections to any matters before the Court; (b) the grounds for such objections and the reason such Settlement Class Member desires to appear and to be heard; and (c) proof of membership in the Settlement Class, as well as all other materials the Settlement Class Member wants the Court to consider.

6.7     **Review of Claims Submitted.**  The Settlement Administrator shall determine whether a submitted Claim Form meets the requirements set forth in this Settlement Agreement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine whether each Claim shall be allowed.  The Settlement Administrator shall use best practices and all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all payments provided to the Settlement Class Members.

6.8     **Rejection of Claims Forms.**  Claim Forms that do not meet the requirements set forth in this Settlement and/or in the Claim Form instructions shall be rejected.  Where a good faith basis exists, the Settlement Administrator may reject a Claim Form for, among other reasons, the following: (a) the Claim Form identifies a product that is not covered by the terms of this Settlement; (b) failure to fully complete and/or sign the Claim Form; (c) illegible Claim Form; (d) the Claim Form is fraudulent; (e) the Claim Form is duplicative of another Claim Form; (f) the person submitting the Claim Form is not a Settlement Class Member; (g) the person submitting the Claim Form requests that payment be made to a person or entity other than the Settlement Class Member for whom the Claim Form is submitted; (h) failure to timely submit a Claim Form; or (i) the Claim Form otherwise does not meet the requirements of this Settlement Agreement.  Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator.  The Settlement Administrator shall have thirty (30) days from the end of the Claims Period to exercise the right of rejection.  The Settlement Administrator shall notify the claimant using the contact information provided in the Claim Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications of rejection, provided that the copies do not contain the name,

email address, mailing address, or other personal identifying information of the claimant.  If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within ten (10) days from receipt of the rejection, transmit to the Settlement Administrator by email or U.S. mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the Claim.  If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection, the disputed Claim shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.  No person shall have any claim against Apple, Defense Counsel, the Named Plaintiffs, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.  This provision does not affect or limit in any way the right of review by the Court or referee of any disputed Claim Forms as provided in this Settlement.

6.9    **Information Regarding Claims Submitted, Approved, and Rejected.**  Within forty-five (45) days from the end of the Claims Period, the Settlement Administrator shall provide a spreadsheet to Class Counsel and Defense Counsel that contains information sufficient to determine: (a) the number of Settlement Class Members that submitted a claim; (b) the number of submitted Claim Forms that are valid and timely, and which are not; (c) the number of submitted Claim Forms the Settlement Administrator intends to treat as Approved Claims; and (d) the number of submitted Claim Forms the Settlement Administrator has denied and the reason(s) for the denials.  The Settlement Administrator shall provide supplemental spreadsheets with respect to any Claim Forms submitted after the expiration of the deadline, within a reasonable time after receiving such Claim Forms.  The materials that the Settlement Administrator provides to Class Counsel pursuant to this paragraph shall not contain the names, email addresses, mailing addresses, or other personal identifying information of the Settlement Class Members.  The Settlement Administrator shall retain the originals of all Claim Forms (including envelopes with postmarks, as applicable), and shall make copies available to Class Counsel or Defense Counsel (with redactions to remove the names, email addresses, mailing addresses, or other personal identifying information of the Settlement Class Members) upon request.  All such

spreadsheets and related materials (including Claim Forms) shall be designated as "Highly Confidential – Attorneys' Eyes Only" as provided in paragraph 6.2.3.  Should Class Counsel believe they require the name, email address, mailing address, or other personal identifying information of any particular Settlement Class Member, the Parties shall meet-and-confer, on a case-by-case basis, to determine whether the release of such personal identifying information is necessary.  Any disputes regarding whether such information may be released to Class Counsel shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.  The Settlement Administrator shall only release personal identifying information upon authorization of Apple and/or the authorization of the Court or referee.

6.10   **Calculation of Cash Payments.**   In addition to the spreadsheet(s) specified in paragraph 6.9, within twenty (20) days from the Effective Date, the Settlement Administrator shall provide to Defense Counsel and Class Counsel information sufficient to calculate the per-device and aggregate cash payment for the Approved Claims, calculated in accordance with paragraphs 5.1, 5.2, and 5.3.  If multiple Settlement Class Members submit Claims pertaining to the same eligible device, the payment amount for that device shall be divided equally among those Settlement Class Members submitting Approved Claims regarding that particular device.

6.11   **Opportunity for Review.**  Defense Counsel and Class Counsel shall have fourteen (14) days after receiving the spreadsheet(s) and information specified in paragraph 6.9 to contest the Settlement Administrator's determination with respect to any of the submitted Claims.   Defense Counsel and Class Counsel shall meet and confer in good faith within ten (10) days to reach resolution of any such disputed Claim(s).  If Class Counsel and Defense Counsel cannot agree on a resolution of any such disputed Claim(s), the disputed Claim(s) shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.

6.12   **Timing of Payment to Settlement Administrator.**  Within fifty (50) days after the Effective Date, Apple shall deliver the Settlement Funds to the Settlement Administrator.  The Settlement Administrator shall agree to hold the Settlement Funds in a non-interest-bearing account, and administer the Settlement Funds, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined in Treasury Regulation § 1.468B-1, *et*

*seq.* Any taxes owed by the Settlement Funds shall be paid by the Settlement Administrator out of the Settlement Funds.

6.13   **Procedures for Distribution of Cash Payments.**   Within thirty (30) days after receiving the Settlement Funds pursuant to paragraph 6.12, the Settlement Administrator shall have substantially completed issuance of the payments to the Settlement Class Members for the Approved Claims (and in the case of Named Plaintiffs, the additional Named Plaintiff Service Awards), which shall be sent to Settlement Class Members through electronic distribution, or in the form of checks that are mailed to the addresses provided on the submitted Claim Forms to those Settlement Class Members for whom electronic distribution is not available.

**7.   COURT APPROVAL**

7.1   The Parties agree to recommend approval of the Settlement to the Court as fair and reasonable and to undertake their best efforts to obtain such approval.  "Best efforts" includes that the Parties may not oppose any application for appellate review by one of the Parties in the event the Court denies preliminary or final approval.  The Parties therefore agree that, by no later than February 28, 2020, the Named Plaintiffs shall submit this Settlement Agreement, together with its exhibits, to the Court and shall apply for entry of the Preliminary Approval Order.

7.2   Class Counsel shall draft the Motion for Preliminary Approval requesting issuance of the Preliminary Approval Order as soon as practicable after execution of this Settlement Agreement, and provide that draft to Defense Counsel at least fourteen (14) days before filing the Motion with the Court.  The Motion for Preliminary Approval shall be written in a neutral manner that does not contain inflammatory language about the Parties or their perceived conduct in the Actions.

7.3   Upon filing of the Motion for Preliminary Approval, Apple shall provide timely notice of the Settlement as required by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*

7.4   In accordance with the schedule set in the Preliminary Approval Order, Class Counsel shall draft the motion for Final Approval Order and Final Judgment and provide that draft to Defense Counsel at least ten (10) days before filing such motion with the Court.

7.5   In the event that the Settlement is not approved (following the exhaustion of any appellate review), then (a) this Settlement Agreement shall be null and void and of no force or effect,

(b) any payments made to the Settlement Administrator, including any and all interest earned thereon less monies expended toward settlement administration and/or Settlement Funds, shall be returned to Apple within ten (10) days from the date the Settlement Agreement becomes null and void, (c) any release shall be of no force or effect, and (d) the Settlement may not be referred to or used as evidence or for any other purpose whatsoever in the Actions or in any other action or proceeding.  In such event, each Action will proceed as if no settlement has been attempted, and the Parties shall be returned to their respective procedural postures existing on the date the Settlement is executed, so that the Parties may take such litigation steps that they otherwise would have been able to take absent the pendency of this Settlement.  However, any reversal, vacatur, or modification on appeal of (a) any amount of the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, or (b) any determination by the Court to award less than the amounts requested in Attorneys' Fees and Expenses or Named Plaintiff Service Awards shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement.

## 8.  ATTORNEYS' FEES AND EXPENSES AND NAMED PLAINTIFF SERVICE AWARDS

8.1     Any award of Attorneys' Fees and Expenses shall be decided by the Court and payable from the Minimum Class Settlement Amount.  At least fourteen (14) days before filing a motion seeking any award of Attorneys' Fees and Expenses, Class Counsel will disclose to Apple their lodestar and the amount of fees they intend to seek.  If the Parties do not agree on the amount of Attorneys' Fees and Expenses that Class Counsel will seek, Class Counsel will seek, on behalf of all Plaintiffs' Counsel, Attorneys' Fees and Expenses for the benefit of all Named Plaintiffs and all other Settlement Class Members.  It is the Parties' understanding that no other counsel will be entitled to an independent award of attorneys' fees or expenses.

8.2     The Parties have not yet agreed upon the amount of Attorneys' Fees and Expenses that Class Counsel will seek, and Apple, while recognizing that the Settlement entitles Class Counsel to seek reasonable fees and expenses, reserves the right, if any, to object to and oppose Class Counsel's requests for Attorneys' Fees and Expenses.  Settlement Class Members shall also have at least thirty-five (35) days to object to and oppose Class Counsel's request for Attorneys' Fees and Expenses by

filing with the Court and serving on Class Counsel and Defense Counsel any objections relating to Class Counsel's Motion for Attorneys' Fees and Expenses.

8.3     Within fourteen (14) business days of the Court's Final Approval Order and Final Judgment, Apple shall pay to Class Counsel, either through the Settlement Administrator or directly to Class Counsel, fifty percent (50%) of any Court-approved Attorneys' Fees and Expenses, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs attached as Exhibit H, and providing all information necessary to effectuate such transmission, including adequate payment instructions consisting of wire transfer instructions, instructions for payment by check, and completed IRS Forms W-9 (including addresses and tax identification numbers).  Pursuant to the Undertaking Regarding Attorneys' Fees and Costs, Class Counsel hereby jointly and severally submit themselves and their law firms (including all shareholders, members, and/or partners of their law firms) to the obligation to repay to Apple the Attorneys' Fees and Expenses that have been paid if the Court's Final Approval Order and Final Judgment and/or order regarding Attorneys' Fees and Expenses is vacated, overturned, reversed, or rendered void.  Furthermore, the Undertaking Regarding Attorneys' Fees and Costs authorizes the Court to summarily issue orders (including but not limited to judgments and attachment orders) against each of Class Counsel for up to the full amount of Attorneys' Fees and Expenses (plus any additional attorneys' fees or expenses incurred by Apple in connection with the litigation or enforcement of the Undertaking), and to make findings for sanctions for contempt of court and all other appropriate relief.  Class Counsel submits to the jurisdiction of the Court to issue such orders.  Within seventy-five (75) days after the Effective Date, Apple shall pay to Class Counsel, either through the Settlement Administrator or directly to Class Counsel, the remainder of the Court-approved Attorneys' Fees and Expenses, net of any modifications or reversals on appeal or otherwise.  Class Counsel has the authority and responsibility to allocate and distribute the awarded funds to other counsel based, in its sole discretion, on counsel's efforts and contributions in the Actions, provided that the allocation and distribution is consistent with the Court's order(s) regarding Attorneys' Fees and Expenses.  Apple and Defense Counsel shall have no liability or other responsibility for allocation of any such awarded funds, and, in the event that any dispute arises relating to the allocation of fees or costs, Class Counsel and the Settlement Administrator agree to hold Apple and Defense Counsel

harmless from any and all such liabilities, costs, and expenses of such dispute.

8.4     Class Counsel will apply to the Court for the payment of a service award for the Named Plaintiffs, not to exceed One Thousand Five-Hundred U.S. Dollars ($1,500.00) for each Named Plaintiff who was not deposed in the Actions, and not to exceed Three Thousand Five-Hundred U.S. Dollars ($3,500.00) for each Named Plaintiff who was deposed in the Actions (i.e., Romeo Alba, Denise Bakke, Alisha Boykin, Steven Connolly, Alvin Davis, Loren Haller, Charlene Lowery, Cynthia Stacy, and Trent Young).  The Named Plaintiffs who are Settlement Class Members also shall be required to submit Claim Forms as specified in paragraph 6.3.

8.5     The Settlement Administrator shall dispense the Named Plaintiff Service Awards from the Settlement Funds (as defined in paragraph 1.33), and in the manner and timing set forth in paragraph 6.13.

8.6     The Court's award(s) of Attorneys' Fees and Expenses and/or Named Plaintiff Service Awards, if any, shall be separate from its determination of whether to approve the Settlement.  In the event the Court approves the Settlement, but declines to award Class Counsel's Attorneys' Fees and Expenses and/or Named Plaintiff Service Awards in the amounts requested by Class Counsel, the Settlement will nevertheless be binding on the Parties.

**9.     CALIFORNIA STATE ACTIONS AND JCCP ACTION**

9.1     JCCP Counsel have agreed to the terms and conditions of this Settlement.  Within ten (10) days after entry of the Final Approval Order and Final Judgment in the MDL Action, JCCP Counsel shall request dismissal of the JCCP Action with prejudice.  Class Counsel shall allocate from the Court's award of Attorneys' Fees and Expenses, if any, to JCCP Counsel an appropriate amount of attorneys' fees and expenses that, in Class Counsel's discretion, is fair and equitable.  Neither JCCP Counsel nor any other plaintiffs' counsel in any of the California state actions that constitute the JCCP Action shall make an independent claim for attorneys' fees or expenses in any federal or state court.

**10.    RELEASES AND DISMISSAL OF ACTIONS**

10.1     As of the Effective Date, the Settlement Class Members and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims,

actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Accordingly, the Settlement shall terminate the MDL Action.  Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

10.2    As of the Effective Date, the Named Plaintiffs (including the non-U.S. Named Plaintiffs) and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Class Counsel and non-U.S. Named Plaintiffs hereby represent and warrant that the non-U.S. Named Plaintiffs have the capacity to execute such a release under the applicable laws of their respective jurisdictions.  Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

10.3    As of the Effective Date, Apple shall have fully, finally, and forever released,

relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the initiation or prosecution of the MDL Action that are known to Apple as of the Effective Date, against the Named Plaintiffs, Class Counsel, and Plaintiffs' Executive Committee and Plaintiffs' Steering Committee pursuant to the Order Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and Steering Committees (Dkt. 100). Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

10.4    As of the Effective Date, the Settlement Class Members and the Named Plaintiffs shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the defense of the MDL Action that are known to the Settlement Class Members and/or the Named Plaintiffs as of the Effective Date, against Apple's attorneys, legal representatives, and advisors, including Defense Counsel. Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

10.5    After entering into this Settlement, the Settlement Class Members and/or Named Plaintiffs may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement, but they intend to release fully, finally and forever any and all such claims. The Settlement Class Members and Named Plaintiffs expressly agree that, upon the Effective Date, they waive and forever release any and all provisions, rights, and benefits conferred by:

a)    Section 1542 of the California Civil Code, which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

**MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

and

b)   any law of any state, territory, or possession of the United States (or for the non-U.S. Named Plaintiffs, their respective country, province, or state), or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

10.6   Upon the Effective Date, the Actions shall be dismissed with prejudice.  Class Counsel shall have the responsibility for ensuring that the MDL Action (including the actions identified in Appendix "A") and the JCCP Action are dismissed with prejudice in accordance with the terms of this Settlement.

10.7   The Court shall retain jurisdiction over this Action to enforce the terms of this Settlement.  In the event that any applications for relief are made, such applications shall be made to the Court.  To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

## 11.   DEFENDANT'S DENIAL OF LIABILITY; AGREEMENT AS DEFENSE IN FUTURE PROCEEDINGS

11.1   Apple has indicated its intent to vigorously contest each and every claim in the Actions, and denies all of the material allegations in the Actions.  Apple enters into this Settlement Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Apple nonetheless has concluded that it is in its best interests that the Actions be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend the Actions, the benefits of disposing of protracted and complex litigation, and the desire of Apple to conduct its business unhampered by the distractions of continued litigation.

11.2   Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiation or proceedings connected with it, shall be construed as an admission or concession by Apple of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind.

11.3   To the extent permitted by law, neither this Settlement Agreement, nor any of its terms,

nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, administrative, or other action or proceeding to establish any liability or admission by Apple.

11.4    To the extent permitted by law, this Settlement Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for claims covered by the releases in this Settlement Agreement.

**12.    MODIFICATION OR TERMINATION OF THE SETTLEMENT**

12.1    Apple may, at its sole discretion, terminate this Settlement Agreement if the number of devices associated with the individuals who seek exclusion from the Settlement Class exceeds a specified number of devices attached as Exhibit I and submitted to the Court for *in camera* review.

12.2    The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Approval Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members.

12.3    In the event the terms or conditions of this Settlement Agreement, other than terms pertaining to the Attorneys' Fees and Expenses and/or Named Plaintiff Service Awards, are materially modified by any court, Apple may, in its sole discretion and within thirty (30) days of such material modification, declare this Settlement null and void as provided in paragraph 7.5.  For purposes of this paragraph, material modifications include any modifications to the definitions of the Settlement Class, Settlement Class Members, Released Parties, or the scope of the releases (as provided in paragraphs 10.1 and 10.2), any modifications to the terms of the Settlement consideration (as provided in paragraphs 5.1 to 5.3.3), and any changes to the notice provisions.  In the event of any modification by any court, and in the event Apple does not exercise its unilateral option to withdraw from this Settlement, the Parties shall meet and confer within fourteen (14) days of such modification to attempt

to reach an agreement as to how best to effectuate the court-ordered modification.

12.4    If the Effective Date is not reached, this Settlement Agreement is without prejudice to the rights of any party hereto, and all terms, negotiations, and proceedings connected therewith shall not be deemed or construed to be an admission by any Party or evidence of any kind in these Actions or any other action or proceeding.

## 13.    NOTICES

13.1    All notices to Named Plaintiffs shall be delivered to:

Joseph W. Cotchett, Esq.
Mark C. Molumphy, Esq.
Anya Thepot, Esq.
Cotchett, Pitre & McCarthy LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
athepot@cpmlegal.com

Laurence D. King, Esq.
Frederic S. Fox, Esq
Donald R. Hall, Esq.
David A. Straite, Esq
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, CA  94612
lking@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com
dstraite@kaplanfox.com

13.2    All notices to Apple shall be delivered to:

Theodore J. Boutrous, Jr., Esq.
Richard J. Doren, Esq.
Christopher Chorba, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071
TBoutrous@gibsondunn.com
RDoren@gibsondunn.com
CChorba@gibsondunn.com

13.3    The notice recipients and addresses designated in paragraphs 13.1 and 13.2 may be changed upon written notice provided to all individuals identified in those paragraphs.

## 14.    MISCELLANEOUS

14.1    The exhibits and appendices attached to this Settlement Agreement are integral parts

thereof and together with this Settlement Agreement, contain the entire, complete and integrated statement of each and every term and provision of the Settlement.  This Settlement Agreement may not be modified in any respect except upon the written consent of the Parties.

14.2    The undersigned each represent and warrant that each has authority to enter into this Settlement Agreement on behalf of the Party indicated below his or her name.

14.3    If, prior to the Effective Date, Class Counsel knows, or has reason to know, of any Named Plaintiff who intends to exclude himself or herself from the Settlement or who intends to submit an objection to the Settlement, Class Counsel shall promptly notify Defense Counsel within three (3) days.  The Parties shall thereafter meet and confer within seven (7) days of such notification to determine whether any modifications to the Settlement, or any other actions or filings, are required.

14.4    Class Counsel and the Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Actions or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any member of the Settlement Class.

14.5    The Parties, together with Class Counsel and Defense Counsel, have jointly participated in the drafting of this Settlement Agreement.  No Party hereto shall be considered the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

14.6    As used in this Settlement Agreement, the masculine, feminine, or neutral gender, and the singular or plural wording, shall each be deemed to include the others whenever the context so indicates.

14.7    Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days.  In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

14.8    Any and all disputes arising from or related to this Settlement Agreement must be brought by the Parties, Class Counsel, Defense Counsel, and/or members of the Settlement Class

exclusively to the Court.  The Parties, Class Counsel, Defense Counsel and members of the Settlement Class irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement.  All terms of this Settlement Agreement and any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to choice of law or conflicts of laws principles; however, nothing in this Settlement Agreement shall operate as a waiver of any Party's position regarding the applicable law governing the underlying claims at issue in the Actions.

14.9    Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Settlement Agreement.

14.10   All motions, discovery, and other proceedings in the Actions shall be stayed until the Court enters the Final Approval Order and Final Judgment, or this Settlement Agreement is otherwise terminated.

14.11   Nothing in this Settlement Agreement shall alter or abrogate any prior Court orders entered in the MDL Action.

14.12   This Settlement Agreement may be executed in counterparts.  Facsimile or PDF signatures shall be considered valid as of the date they bear.

14.13   The Parties, together with Class Counsel and Defense Counsel, agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

14.14   This Settlement Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Settlement Agreement and have relied on the advice and representation of legal counsel of their own choosing.

14.15   This Settlement Agreement may be amended or modified only by a written instrument signed by Defense Counsel and Class Counsel and approved by the Court.

*[Signatures on following page]*

DATED: _____, 2020

_____
Lilav Akrawy

1
2
3   DATED: February 21, 2020

_____
Romeo Alba

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4    DATED: __02/14_____, 2020

5                                                Kayla Albertson (Feb 14, 2020)

6                                                    Kayla Albertson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3  DATED: February 17 _____, 2020

Rifah Alexander
Rifah Alexander (Feb 17, 2020)

4

Rifah Alexander

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3   DATED: _____February 14_____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
Ashley Antonucci (Feb 14, 2020)
_____

Ashley Ann Antonucci

1

2

3   DATED: 2/15/_____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Denise Bakke (Feb 15, 2020)

Denise Bakke

DATED: _2/11/2020_____, 2020

DocuSigned by:

*Tim Baldwin*

60E8A87851DD44E...

Tim Baldwin

DATED: _____2/13/2020_____, 2020

_____

Aniledis Batista

DocuSign Envelope ID: 596FDC6D-C677-4D34-A615-6EB06A27FA00

1

2

3   DATED: _____2/11/2020_____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DocuSigned by:

30C32C7D0E954B4...

Henry Becker

**2/9/20**

DATED: _____, 2020

_____

Kristin Bilic

1

2

3   DATED: _____2/11/2020_____, 2020

DocuSigned by:

Aisha Boyd

527488043AB0448...

Aisha Boyd

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: 47936FA6-609E-49D0-844C-F443EE879E8B

1

2

3    DATED: 2/10/2020 _____, 2020

DocuSigned by:

Alisha Boykin

2047 1AD51 1B84AC...

4

Alisha Boykin

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: __2/4_____, 2020



Angela Boykin

DATED: February 20, 2020

Sandra Brodsky

DATED: _Feb 20_____, 2020

_Amy Brown_

Amy Brown

1

2

DATED: _02/14/2020___, 2020

3

*Kimberly Brown (Feb 14, 2020)*

4

Kimberly Brown

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3   DATED: __02/14_____, 2020

Kevin Browne (Feb 14, 2020)

Kevin Browne

1

2

3    DATED: 2/10/2020          , 2020

4                                                    DocuSigned by:

                                                     Natasha Bryant
                                                     82EE08B7C039438...

                                                     Natasha Bryant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: __2-14_____, 2020

_Patti Burriss_

Patti Burriss (Feb 14, 2020)

Patti Burriss

DATED: Feb 5 _____, 2020

_Juliana Caceres_

Dr. Julianna Caceres

DATED: _february 7ᵗʰ_, 2020

_____
Guilherme Canoa de Oliveira

1
2
3    DATED: __11ᵗʰ February__, 2020                    _____
4                                                              Nakul Chandra
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: Feb 20, 2020

_____

Hanpeng Chen

DATED: 2-10-20       , 2020

Fredrick Christensen

DATED: **February 11** , 2020

Laura Ciccone

DATED: 2/13_____, 2020                    _____
                                                Thomas A. Ciccone

DATED: February 24th, 2020

Steven Connolly

1

2

3   DATED: _FEB 12,___, 2020                              _____

4                                                              Thomas Cook

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3 DATED: _____, 2020                    _____

4                                                      Burim Daci

5

6

7

8

9

10 Hønefoss den 14.02.2020

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: _Feb. 10th_ , 2020

Georgiana D'Alessandro

(PERNA)

1

2

3   DATED: February 13 , 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Charlie Daily

1

2

3  DATED: _____2/11/2020_____, 2020

4

DocuSigned by:

C08C1BD60C4B424...

Irwin Darack

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: 02 - 12 , 2020

Jonathan David

DATED: __02/14_____, 2020

_Alvin Davis_

Alvin Davis (Feb 14, 2020)

Alvin Davis

DATED: _February 6_ , 2020

_____
Patrick DeFillippo

DATED 2/17/2020 2020

Laura Gail Diamond

1

2

3      DATED: February 14, _____, 2020

4

*Lillie Reap Diaz*
Lillie Reap Diaz (Feb 14, 2020)

Lillie R. Diaz

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: __February 17__, 2020


Erica Dillard (Feb 17, 2020)

Erica Dillard

DATED: February 7th , 2020         _Samara Diner_

                                                   Samara Diner

DATED: February 14, 2020

William C. Ellis

DATED: *February 15*, 2020

Beckie Erwin

DATED: __February 11__ , 2020

John Farris

DATED: _Feb 3_, 2020

_____
Aurelia Flores

1
2
3   DATED: Feb 07, 2020                            
4                                                              Elisa Gaudio
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

1
2
3   DATED: _Febary 8th_, 2020
4
5                                                    Christopher Gautreaux
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

DocuSign Envelope ID: BFF51FCD-2172-4812-B167-7B38532FAD04

1

2

3    DATED: _____2/7/2020_____, 2020

4

DocuSigned by:

5298EA7AF3DA4EC

Shemina Gheewalla

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

DATED: __2 / 13__ , 2020

_Robert Gilson_

Robert Gilson

DATED: _FEB  24_____, 2020

_TANYA Goodrich_
Tanya Goodrich

DATED: FEBRUARY 14_____, 2020

_____
TAMICA GORDON (Feb 14, 2020)

Tamica Gordon

DocuSign Envelope ID: C02D4686-6D51-4024-935E-376D21A5E9B9

1

2

3 DATED: _____2/11/2020_____, 2020

4

DocuSigned by:

5F1EA83959BC4C5...

Tammy Greenfield

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



DATED: _____, 2020



Jessica Greenshner

1

2

3    DATED: _February 12_, 2020                                    _____
                                                                   Loren Haller
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: 22CB52D6-A6CF-4FFC-A109-ABC33760D630

1

2

3   DATED:  ___2/10/2020___, 2020

4                                                    Kristin Hansen

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: February 7th, 2020

_____

**Sara Hawes**

DATED: 2/18/2020, 2020

*Ronald Hawkins*
Ronald Hawkins (Feb 18, 2020)

Ronald Hawkins

DocuSign Envelope ID: 31713F33-6822-476C-B0D4-01C78AD95EE5

1

2

3     DATED: _____2/11/2020_____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DocuSigned by:

*Steven Henry*

B9SE3A82697B4F7...

Steven Henry

DATED:      2-13, 2020

Kyle Herman

DATED: <u>February 10</u>   , 2020

*Amanda Holman*
_____
Amanda Holman

1

2

3   DATED: 2/14/_____, 2020

4

Mary Jackson (Feb 14, 2020)

Mary Jackson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3    DATED: __02/14/2020__, 2020

4

*Kelly Jankowski (Feb 14, 2020)*

Kelly A. Jankowski

1

2

3   DATED: Feb 21 _____, 2020

4                                                           Dale Johnson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

DATED: 2-17- _____, 2020

_____
James Kile

DATED: 02-08 , 2020

_____

Kristopher Kingston

1

2

3  DATED: **2/10**        , 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jill Klingman*

Jill Klingman

1
2
3   DATED: February 20ᵗʰ, 2020                              Benjamin Lazarus
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3   DATED: ___2/14/20___, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robyn Lipetz (Feb 14, 2020)

Robyn Lipetz

DATED: 2/7 , 2020

*Lauren Long*

Lauren Long

1

2

3    DATED: ___February 14___, 2020

4

5

6

Charlene Lowery (Feb 14, 2020)

Charlene Lowery

1
2
3  DATED:  _02-10_ , 2020 
4  Brian Macinanti
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: 2/12 _____, 2020

_____
Samuel Mangano

DATED: _____2/19/20_____, 2020

_____
Stephen Margolis

DATED: February 14 , 2020

*Michelle Martino*
Michelle Martino (Feb 14, 2020)

Michelle Martino

DATED: _____, 2020

_____
Brinley McGill (Feb 14, 2020)

Brinley McGill

1

2

3    DATED: _____2/10/2020_____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DocuSigned by:

*Gary Merenstein*

76D876C888F84DB...

Gary Merenstein

---

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

DATED: February 17, 2020
_____, 2020

*sandra J merola*
sandra J merola (Feb 17, 2020)

Sandra Merola

DATED: ___2/24___, 2020

Jonathan Meyers

DATED: 2/11 , 2020

_Judy Milman_
/Judy Milman

1

2

3    DATED: 2/14_____, 2020

4

Craig Moore (Feb 14, 2020)

Craig J. Moore

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3    DATED: ___10 February___ , 2020          _____

4                                                    Tim Morgan

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3   DATED: _2/11/2020_, 2020                    _Bar M___

4                                                Barbara Moriello

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: _February 6_____, 2020

_____
Yuichi Murakami

1
2
3  DATED: _February 10_____, 2020
4
5
6
7

_____
Zoe Naylor

DocuSign Envelope ID: C896CF0E-E6A0-4DE3-9CD8-3EB2D4C5035B

1
2
3     DATED: 2/10/2020 _____, 2020

DocuSigned by:

_Kaixuan N_

1735E398D2664F4...

Kaixuan Ni

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3   DATED: _02/17/_____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amy L. Norman (Feb 17, 2020)

Amy Norman

DATED: Feb 12, , 2020

Jacquelyn O'Neill

DocuSign Envelope ID: 2852938A-7A01-4BE6-A16B-B715ECBED1C2

1

2

3   DATED: _2/10/2020_____, 2020

DocuSigned by:

*Lawrence Pethick*

1ED8F5631B8246B...

Lawrence Pethick

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: 2/13 , 2020

Herman Praszkier, Plaintiff, Kentucky

1385 Bardstown Rd #217

Louisville, KY 40204

DATED:  February 12   , 2020

*Jason Ratner*

Jason Ratner

1

2

3　　DATED: _____February 14_____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jhonjulee Ray (Feb 14, 2020)

Jhonjulee Ray

1

2

3   DATED: _02/14_____, 2020              _____

                                                Alex Rodriguez (Feb 14, 2020)

4                                                 Alex Rodriguez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3    DATED: FEB 10 _____, 2020
4                                        Daphne B. Rodriguez
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

DATED: February 11, 2020

_____
Susan Rutan

1

2

3   DATED: ___2/14/2020___, 2020

4

Darlane Saracina (Feb 14, 2020)

Darlane Saracina

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: _Feb  11_ , 2020

_Caren Schmidt_

Caren Schmidt

1

2

3  DATED: Feb 8, 2020

4  Adam Shapiro

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:   February 24    , 2020

*matthew shaske*

Matthew Shaske

DATED: _February 14_____, 2020

Kenyotta Smith (Feb 15, 2020)

Kenyotta Smith

IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE
DIVISION, CASE NO. 5:18-md-02827-EJD, STIPULATION OF SETTLEMENT

1

2   I approve.

3   DATED:   February 19   , 2020

4                                                     Linda Sonna

1

2

3      DATED: ___February 14___, 2020          *Cynthia A. Stacy*
                                              Cynthia Stacy (Feb 14, 2020)
4
                                                 Cynthia A. Stacy
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3   DATED: _____17 February_____, 2020
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Sarah Stone*
Sarah Stone (Feb 17, 2020)

Sarah Stone

DocuSign Envelope ID: 5457FE96-80FF-4540-9700-FF8289FB3A94

1

2

3       DATED:    2/11/2020
        _____, 2020

4                                                        Hannah Stratton

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: __14 FEB__, 2020

Eric Tanovan

DATED: _02/17/_____, 2020

_Jeanette Taylor_
Jeanette Taylor (Feb 17, 2020)

Jeanette Taylor

1
2
3   DATED: 02-10- , 2020
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph Taylor

DATED: ___February 14___, 2020

Judith A Thompson (Feb 14, 2020)

Judith Thompson

DATED: __0218_____, 2020

*Tonya Thompson*
Tonya Thompson (Feb 18, 2020)

Tonya M. Thompson

1
2
3   DATED: Feb 18 , 2020
4                                          Shiriam Torres
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

DATED: 2/16 , 2020

Thomas Toth

DATED: 2,17 _____, 2020

HEIDI VALLE (Feb 17, 2020)

Heidi Valle

DATED: _____Feb 14_____, 2020

_Drew Victory_
Drew Victory (Feb 14, 2020)

Drew Victory

1

2

3    DATED: _2/14_____, 2020                    _Ida Villegas (Feb 14, 2020)_____

4                                                              **Ida Villegas**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: Feb 20, 2020

Annamarie Vinacco

DATED: _February 7th_ 2020

Marianne Wagner

DATED: ___2 . 10___, 2020



John Webb

DATED: 2/20, 2020

Lauren Weintraub

1

2

3  DATED: _2/14/_____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Brandi White*
Brandi White (Feb 14, 2020)

Brandi S. White

1
2
3       DATED: __02/14/2020__, 2020
4
5                                                    Khendle Harvest Williams

1

2

3  DATED: __02/16_____, 2020

    Andrew Yashchuk
    Andrew Yashchuk (Feb 16, 2020)
4                                              Andrew Yashchuk

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3  DATED: 2/11/          , 2020                    Sherri Yelton
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

1

2

3    DATED:  February 14 _____, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Trent Young*

_____

Trent Young

DATED: February 27, 2020

COTCHETT, PITRE, & MCCARTHY LLP

_____

Joseph W. Cotchett
Mark C. Molumphy
Anya Thepot
**COTCHETT, PITRE & MCCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
athepot@cpmlegal.com

*Interim Co-Lead Class Counsel*

DATED: February ___, 2020

**KAPLAN FOX & KILSHEIMER LLP**

_____

Frederic S. Fox
Laurence D. King
Donald R. Hall
David A. Straite
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612ffox@kaplanfox.com
lking@kaplanfox.com
dhall@kaplanfox.com
dstraite@kaplanfox.com

*Interim Co-Lead Class Counsel*

DATED: February ___, 2020

**THE LAW OFFICES OF ANDREW J. BROWN**

_____

Andrew J. Brown
THE LAW OFFICES OF ANDREW J. BROWN
501 West Broadway, Suite 1490
San Diego, CA 92101
andrewb@thebrownlawfirm.com

*JCCP Counsel*

DATED:  February ___, 2020          **COTCHETT, PITRE, & MCCARTHY LLP**

_____

Joseph W. Cotchett
Mark C. Molumphy
Anya Thepot
**COTCHETT, PITRE & MCCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
athepot@cpmlegal.com

*Interim Co-Lead Class Counsel*

DATED:  February _28_, 2020          **KAPLAN FOX & KILSHEIMER LLP**

_____

Frederic S. Fox
Laurence D. King
Donald R. Hall
David A. Straite
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA  94612ffox@kaplanfox.com
lking@kaplanfox.com
dhall@kaplanfox.com
dstraite@kaplanfox.com

*Interim Co-Lead Class Counsel*

DATED:  February ___, 2020          **THE LAW OFFICES OF ANDREW J. BROWN**

_____

Andrew J. Brown
THE LAW OFFICES OF ANDREW J. BROWN
501 West Broadway, Suite 1490
San Diego, CA  92101
andrewb@thebrownlawfirm.com

*JCCP Counsel*

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

DATED: February ___, 2020

**COTCHETT, PITRE, & MCCARTHY LLP**

_____

Joseph W. Cotchett
Mark C. Molumphy
Anya Thepot
**COTCHETT, PITRE & MCCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
athepot@cpmlegal.com

_Interim Co-Lead Class Counsel_

DATED: February ___, 2020

**KAPLAN FOX & KILSHEIMER LLP**

_____

Frederic S. Fox
Laurence D. King
Donald R. Hall
David A. Straite
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA  94612ffox@kaplanfox.com
lking@kaplanfox.com
dhall@kaplanfox.com
dstraite@kaplanfox.com

_Interim Co-Lead Class Counsel_

DATED: February ___, 2020

**THE LAW OFFICES OF ANDREW J. BROWN**

_____

Andrew J. Brown
THE LAW OFFICES OF ANDREW J. BROWN
501 West Broadway, Suite 1490
San Diego, CA  92101
andrewb@thebrownlawfirm.com

_JCCP Counsel_

1   DATED:  February _28_ , 2020          **THE BRANDI LAW FIRM**

2

3                                          _____

4                                          Thomas J. Brandi
                                           Terence D. Edwards
5                                          THE BRANDI LAW FIRM
                                           354 Pine Street, Third Floor
6                                          San Francisco, CA  94104

7                                          *JCCP Counsel*

8

9   DATED:  February ___, 2020            **APPLE INC.**

10

11                                         _____

12                                         Noreen Krall
                                           Vice President & Chief Litigation Counsel

13                                         *Apple Inc.*

14

15

16  DATED:  February ___, 2020            **GIBSON, DUNN & CRUTCHER LLP**

17                                         _____

18                                         Theodore J. Boutrous, Jr.
19                                         Richard J. Doren
                                           Christopher Chorba
20                                         Diana M. Feinstein
                                           GIBSON, DUNN & CRUTCHER LLP
21                                         333 South Grand Avenue
                                           Los Angeles, CA  90071
22                                         tboutrous@gibsondunn.com
                                           rdoren@gibsondunn.com
23                                         cchorba@gibsondunn.com
                                           dfeinstein@gibsondunn.com
24
                                           *Counsel for Apple Inc.*
25

26

27

28

DATED: February ___, 2020      **THE BRANDI LAW FIRM**

_____

Thomas J. Brandi
Terence D. Edwards
THE BRANDI LAW FIRM
354 Pine Street, Third Floor
San Francisco, CA 94104

*JCCP Counsel*

DATED: February 28, 2020      **APPLE INC.**

_____

Noreen Krall
Vice President & Chief Litigation Counsel

*Apple Inc.*

DATED: February 28, 2020      **GIBSON, DUNN & CRUTCHER LLP**

_____

Theodore J. Boutrous, Jr.
Richard J. Doren
Christopher Chorba
Diana M. Feinstein
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
tboutrous@gibsondunn.com
rdoren@gibsondunn.com
cchorba@gibsondunn.com
dfeinstein@gibsondunn.com

*Counsel for Apple Inc.*

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

# APPENDIX A
## Actions in the MDL Action

| Case | District | Case No. |
|------|----------|----------|
| *Abdulla v. Apple Inc.* | N.D. Ill. | 1:17-cv-09178 |
| *Aburos v. Apple Inc.* | S.D. Fla. | 1:17-cv-24712 |
| *Banks v. Apple Inc.* | N.D. Cal. | 5:18-cv-00241 |
| *Batista v. Apple Inc.* | N.D. Cal. | 5:17-cv-07355 |
| *Bilic v. Apple Inc.* | N.D. Cal. | 5:18-cv-00449 |
| *Block v. Apple Inc.* | N.D. Cal. | 5:18-cv-00481 |
| *Bogdanovich v. Apple Inc.* | C.D. Cal. | 2:17-cv-09138 |
| *Bond v. Apple Inc.* | N.D. Cal. | 5:18-cv-00833 |
| *Borstelmann v. Apple Inc.* | E.D. Mo. | 4:18-cv-00289 |
| *Brand v. Apple Inc.* | D.S.C. | 2:17-cv-03453 |
| *Brodsky v. Apple Inc.* | E.D.N.Y. | 2:18-cv-01998 |
| *Brody v. Apple Inc.* | E.D.N.Y. | 1:18-cv-00080 |
| *Burton v. Apple Inc.* | W.D. Mo. | 2:17-cv-04257 |
| *Canoa de Oliveira v. Apple Inc.* | N.D. Cal. | 5:18-cv-00735 |
| *Chapel v. Apple Inc.* | W.D. Mo. | 2:18-cv-04007 |
| *Cook v. Apple Inc.* | S.D. Cal. | 3:17-cv-02579 |
| *Corporacion Nacional de Consumidores y Usuarios de Chile v. Apple Inc.* | N.D. Cal. | 3:18-cv-02527 |
| *Cunningham v. Apple Inc.* | N.D. Cal. | 5:18-cv-00338 |
| *Diner v. Apple Inc.* | N.D. Cal. | 5:18-cv-00179 |
| *Donahoe v. Apple Inc.* | N.D. Ohio | 1:18-cv-00763 |
| *Drantivy v. Apple Inc.* | E.D.N.Y. | 1:17-cv-07480 |
| *Fahey v. Apple Inc.* | D.D.C. | 1:18-cv-00937 |
| *Ferguson v. Apple Inc.* | N.D. Cal. | 5:18-cv-00206 |
| *Ford v. Apple Inc.* | N.D. Cal. | 5:18-cv-00760 |
| *Fung v. Apple Inc.* | N.D. Cal. | 5:18-cv-01585 |
| *Gallmann v. Apple Inc.* | N.D. Cal. | 5:17-cv-07285 |
| *Gilson v. Apple Inc.* | N.D. Cal. | 5:18-cv-00216 |
| *Gonzalez v. Apple Inc.* | N.D. Cal. | 5:19-cv-06646 |
| *Grillo v. Apple Inc.* | N.D. Cal. | 5:18-cv-00148 |
| *Hakimi v. Apple Inc.* | N.D. Cal. | 5:17-cv-07292 |
| *Harvey v. Apple Inc.* | N.D. Cal. | 5:17-cv-07274 |
| *Hawes v. Apple Inc.* | N.D. Cal. | 5:18-cv-01339 |
| *Hogue v. Apple Inc.* | N.D. Cal. | 5:18-cv-00910 |
| *Holman v. Apple Inc.* | N.D. Cal. | 5:18-cv-00125 |
| *Honigman v. Apple Inc.* | E.D.N.Y. | 2:18-cv-00046 |
| *Johnson v. Apple Inc.* | N.D. Cal. | 5:18-cv-00385 |
| *Jones v. Apple Inc.* | N.D. Cal. | 5:18-cv-00406 |
| *LaNasa v. Apple Inc.* | E.D. La. | 2:17-cv-17878 |

| Case | District | Case No. |
|------|----------|----------|
| *Lankford v. Apple Inc.* | N.D. Ala. | 5:18-cv-00257 |
| *Lazarus v. Apple Inc.* | E.D.N.Y. | 1:17-cv-07485 |
| *Liebermann v. Apple Inc.* | N.D. Cal. | 5:18-cv-00110 |
| *Littlefied v. Apple Inc.* | N.D. Cal. | 5:18-cv-00182 |
| *Mailyan v. Apple Inc.* | C.D. Cal. | 2:17-cv-09192 |
| *Mallh v. Apple Inc.* | E.D.N.Y. | 1:18-cv-00051 |
| *McDonald v. Apple Inc.* | N.D. Ill. | 1:18-cv-00226 |
| *McInnis v. Apple Inc.* | S.D. Miss. | 1:17-cv-00358 |
| *Merenstein v. Apple Inc.* | N.D. Cal. | 5:18-cv-00771 |
| *Miller v. Apple Inc.* | E.D. Tex. | 4:17-cv-00889 |
| *Mills v. Apple Inc.* | D.N.J. | 3:18-cv-00780 |
| *Munro v. Apple Inc.* | N.D. Cal. | 5:18-cv-00128 |
| *Naylor v. Apple Inc.* | N.D. Cal. | 5:19-cv-04421 |
| *Neilan v. Apple Inc.* | N.D. Ill. | 1:17-cv-09296 |
| *Neumann v. Apple Inc.* | N.D. Cal. | 5:18-cv-00324 |
| *Rabinovits v. Apple Inc.* | S.D.N.Y. | 1:17-cv-10032 |
| *Rodriguez v. Apple Inc.* | N.D. Cal. | 5:18-cv-03989 |
| *Schroeder v. Apple Inc.* | S.D. Ind. | 1:17-cv-04750 |
| *Sens v. Apple Inc.* | S.D. Fla. | 0:18-cv-60128 |
| *Simon v. Apple Inc.* | S.D. Fla. | 1:18-cv-20151 |
| *Solak v. Apple Inc.* | N.D. Cal. | 5:18-cv-00123 |
| *Stefanou v Apple Inc.* | S.D. Ohio | 1:18-cv-00007 |
| *Taylor v. Apple Inc.* | N.D Ala. | 7:18-cv-00168 |
| *Webb v. Apple Inc.* | N.D. Cal. | 3:18-cv-02167 |
| *Werner v. Apple Inc.* | N.D. Cal. | 5:18-cv-00283 |
| *Wetherald v. Apple Inc.* | N.D. Cal. | 5:18-cv-00371 |
| *White v. Apple Inc.* | N.D. Cal. | 5:18-cv-00305 |
| *Williams v. Apple Inc.* | N.D. Cal. | 3:18-cv-00440 |
| *Yun v. Apple Inc.* | N.D. Cal. | 5:18-cv-01632 |

**APPENDIX B**
**Named Plaintiffs**

| | |
|---|---|
| Akrawy, Lilav (Netherlands)† | Gautreaux, Christopher |
| Alba, Romeo* | Gheewalla, Shemina |
| Albertson, Kayla | Gilson, Robert |
| Alexander, Rifah | Goldfeld, Hayley |
| Antonucci, Ashley Ann | Goodrich, Tanya |
| Bakke, Denise* | Gordon, Tamica |
| Baldwin, Timothy | Greenfield, Tammy |
| Batista, Aniledis | Greenshner, Jessica |
| Becker, Henry | Haller, Loren* |
| Bilic, Kristin | Hansen, Kristin |
| Boyd, Aisha | Hawes, Sara |
| Boykin, Alisha* | Hawkins, Ronald |
| Boykin, Angela | Henry, Steven |
| Brodsky, Sandra | Herman, Kyle |
| Brown, Amy | Holman, Amanda |
| Brown, Kimberly | Jackson, Mary |
| Browne, Kevin | Jankowski, Kelly A. |
| Bryant, Natasha | Johnson, Dale |
| Burriss, Patti | Kile, James |
| Caceres, Juliana (Colombia)† | Kingston, Kristopher |
| Canoa de Oliveira, Guilherme (Brazil)† | Klingman, Jill |
| Carlo, Laura | Krueger, Connie |
| Chandra, Nakul (India)† | Langlands, Lisa |
| Chen, Hanpeng (Canada)† | Lazarus, Benjamin |
| Christensen, Fredrick | Lipetz, Robyn |
| Ciccone, Laura | Long, Lauren |
| Ciccone, Thomas Anthony | Lowery, Charlene* |
| Connolly, Steven* | Macinanti, Brian |
| Cook, Thomas | Mangano, Samuel |
| D'Alesandro, Georgiana | Margolis, Stephen |
| Daci, Burim (Norway)† | Martino, Michelle |
| Daily, Charlie Bell | McGill, Brinley |
| Darack, Irwin | Merenstein, Gary |
| David, Jonathan | Merola, Sandra |
| Davis, Alvin* | Meyers, Jonathan Jed |
| DeFillippo, Patrick | Milman, Judy |
| Diamond, Laura Gail | Moore, Craig Jonathan |
| Diaz, Lillie Reap | Morgan, Tim |
| Dillard, Erica | Moriello, Barbara |
| Diner, Samara | Murakami, Yuichi (Japan)† |
| Ellis, William C. | Naylor, Zoe |
| Erwin, Beckie | Ni, Kaixuan (China)† |
| Farris, John | Norman, Amy |
| Flores, Aurelia | O'Neill, Jacquelyn |
| Gaudio, Elisa (Canada)† | Pethick, Lawrence |

165

Praszkier, Herman
Rabbanian, Aaron
Ratner, Jason
Ray, Jhonjulee
Rodriguez, Alex Eugene
Rodriguez, Daphne Bowles
Rosalia, Sheri
Rutan, Susan
Santino, Nikita
Saracina, Darlane
Schmidt, Caren
Shapiro, Adam
Shaske, Matthew
Smith, Kenyotta
Sonna, Linda (Mexico)†
Stacy, Cynthia*
Stone, Sarah
Stratton, Hannah
Tandel, Jessica
Tanovan, Eric
Taylor, Jeanette
Taylor, Joseph
Thompson, Judith

Thompson, Tonya Margarette
Tiano, Gerald
Torres, Shiriam
Toth, Thomas
Valle, Heidi
Vega, Patricia
Victory, Drew
Villegas, Ida
Vinacco, Annamarie
Wagner, Marianne (Belgium)†
Webb, John
Weintraub, Lauren
White, Brandi S.
Williams, Khendle Harvest
Woolsey, Kenneth
Yashchuk, Andrew
Yeganeh, Andrew
Yelton, Sherri
Young, Trent*

* Deposed
† Non-U.S. Named Plaintiff

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

1

**APPENDIX C**
**Plaintiffs' Counsel**

2

3

AHDOOT & WOLFSON, PC
Robert Ahdoot
Tina Wolfson
Theodore W. Maya
Bradley K. King

BROWN LAW FIRM, LLC
Phyllis E. Brown
Adam S. Brown

BROWN NERI, SMITH & KHAN LLP
Nathan M. Smith

4

5

6

AUDET & PARTNERS, LLP
William M. Audet
S. Clinton Woods
Ling Y. Kuang

CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP
Bryan L. Clobes
Anthony F. Fata
Christopher P.T. Tourek

7

8

9

BARNES & ASSOCIATES
Jason Barnes

10

BARNOW AND ASSOCIATES, P.C.
Ben Barnow
Erich P. Schork
Jeffrey D. Blake
Anthony L. Parkhill

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
James E. Cecchi
Caroline F. Bartlett
Donald A. Ecklund
Michael A. Innes

11

12

13

14

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Archie I. Grubb, II
W. Daniel Miles

CARLSON LYNCH SWEET KILPELA &
CARPENTER, LLP
Todd D. Carpenter

15

16

BERNSTEIN LIEBHARD LLP
Stanley D. Bernstein
U. Seth Ottensoser
Stephanie M. Beige

CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP
David S. Casey, Jr.
Gayle M. Blatt
Jeremy Robinson
Angela Jae Chun
Alyssa Williams

17

18

19

20

BIRKA-WHITE LAW OFFICES
David M. Birka-White

CHAVEZ & GERTLER LLP
Mark A. Chavez

21

BLOOD HURST & O'REARDON, LLP
Timothy G. Blood
Thomas J. O'Reardon II

COHEN & MALAD, LLP
Irwin B. Levin
Richard E. Shevitz
Vess A. Miller
Lynn A. Toops

22

23

BOYLE BRASHER LLC
Richard I. Woolf

24

25

BRAGAR EAGEL & SQUIRE, P.C.
Jeffrey H. Squire
David J. Stone
Todd H. Henderson

COHEN MILSTEIN SELLERS & TOLL
PLLC
Andrew N. Friedman
Douglas J. McNamara

26

27

28

167

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COTCHETT, PITRE & McCARTHY, LLP
Joseph W. Cotchett
Mark C. Molumphy
Brian Danitz
Elle D. Lewis
Tyson Redenbarger
Gina Stassi
Gwendolyn R. Giblin
Tamarah P. Prevost

DEREK G. HOWARD LAW FIRM
Derek Howard

DIAMOND McCARTHY LLP
Christopher D. Sullivan

DICELLO LEVITT & CASEY LLC
Amy E. Keller

DRANTIVY LAW FIRM, PLLC
Edwin Drantivy
BROWN NERI, SMITH & KHAN LLP
Nathan M. Smith

EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein

EGGNATZ | PASCUCCI
Joshua H. Eggnatz
Michael J. Pascucci
Steven Saul

FAZIO | MICHELETTI LLP
Jeffrey L. Fazio
Dina E. Micheletti

FINKELSTEIN, BLANKINSHIP FREI-
PEARSON & GARBER, LLP
Jeremiah Frei-Pearson
Chantal Khalil
Todd Garber

FINKELSTEIN THOMPSON LLP
Gordon M. Fauth, Jr.
Rosanne L. Mah
Todd Garber

FLEENOR & GREEN LLP
Wilson F. Green

FOOTE MIELKE CHAVEZ O'NEIL, LLC
Robert M. Foote

GIBBS LAW GROUP LLP
Eric H. Gibbs
David Stein
Joshua Bloomfield

GIRARDI KEESE
Alexandra Steele

GRANT & EISENHOFER P.A.
Jay W. Eisenhofer
Olav A. Haazen
Kyle J. McGee

HADSELL STORMER RICHARDSON &
RENICK, LLP
Randall Robinson Renick

HAEGGQUIST & ECK, LLP
Alreen Haeggquist
Amber L. Eck
Kathleen Herkenhoff
Aaron M. Olsen
Robert D. Prine
Samantha A. Smith

HAGENS BERMAN SOBOL SHAPIRO LLP
Shana E. Scarlett
Steve W. Berman
Robert F. Lopez

HERMINA LAW GROUP
John Hermina

HOBSON, BERNARDINO & DAVIS, LLP
Rafael Bernardino, Jr.
Jason A. Hobson
Andrew Kierstead
Peter Wasylyk

JAMES S. WERTHEIM LLC
James S. Wertheim

STIPULATION OF SETTLEMENT
CASE NO. 5:18-MD-02827-EJD

JENKINS MULLIGAN & GABRIEL LLP
Daniel J. Mulligan
Larry Wayne Gabriel

JOHNSON FISTEL, LLP
Frank J. Johnson
Phong L. Tran

JOHNSTON PRATT PLLC
Kenneth C. Johnston
Robert W. Gifford

KAASS LAW
Armen Kiramijyan
Hovsep Hovsepyan

KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
Gary S. Graifman
Jay I. Brody

KAPLAN FOX & KILSHEIMER LLP
Fred Fox
Laurence D. King
David Straite
Donald R. Hall
Matthew B. George
Mario M. Choi
Aaron Schwartz

KELLER ROHRBACK L.L.P.
Eric Jason Fierro
Jeffrey Lewis
Mark A. Griffin
Karin B. Swope

KESSLER TOPAZ MELTZER & CHECK,
LLP
Eli R. Greenstein
Joseph H. Meltzer
Samantha Holbrook

THE LAW OFFICE OF ARON D.
ROBINSON
Aron D. Robinson

LAW OFFICE OF CHRISTINE RISTER
Christine M. Rister

LAW OFFICE OF GREGORY ALLEN
Gregory Allen

THE LAW OFFICES OF GREGG A. PINTO
Gregg A. Pinto

THE LAW OFFICES OF RICHARD B.
ROSENTHAL, P.A.
Richard B. Rosenthal

LEAR WERTS LLP
Bradford B. Lear
Todd C. Werts

LEVI & KORSINSKY, LLP
Rosemary M. Rivas
Quentin A. Roberts
Andrea Clisura

LEVIN SEDRAN & BERMAN
Daniel C. Levin
Charles E. Schaffer

MASTANDO & ARTRIP, LLC
Eric J. Artrip
D. Anthony Mastando

MATTHEW EDWARD DONAHUE

MAYER LAW PRACTICE
Aaron Mayer

MILBERG TADLER PHILLIPS
GROSSMAN LLP
David Azar
Peggy Wedgworth
Andrei Rado
Jennifer Czeisler
Ariana Tadler

MINAMI TAMAKI LLP
Sean Tamura-Sato
Lisa P. Mak

NOAH BENJAMIN NOVOGRODSKY

PODHURST ORSECK, P.A.
Stephen F. Rosenthal
Matthew P. Weinshall

POMERANTZ LLP
Jennifer Pafiti

169

RED SAPPHIRE, P.C.
Ugonne Ndukwu Lord

ROBBINS GELLER RUDMAN & DOWD
LLP
Shawn A. Williams
Samuel H. Rudman
Mark S. Reich
Avital O. Malina
Paul J. Geller
Mark J. Dearman
Jason H. Aperstein
Ricardo Marenco

SAVERI & SAVERI, INC.
R. Alexander Saveri
Cadio Zirpoli
Sarah Van Culin
Geoffrey Rushing

SCOTT COLE & ASSOCIATES, APC
Scott Edward Cole
Mark G. Griffin
Andrew Daniel Weaver

SEEGER WEISS LLP
Christopher A. Seeger
David R. Buchanan
Cristopher L. Ayers

SEIDMAN LEGAL
Joshua E. Seidman

SETAREH LAW GROUP
Shaun Setareh
Thomas Segal

SIMON LAW FIRM
Anthony G. Simon

STECKLER GRESHAM COCHRAN PLLC
Bruce W. Steckler
L. Kirstine Rogers

STRAUSS TROY CO., LPA
Richard S. Wayne
Joseph J. Braun

STULL, STULL & BRODY
Patrice L. Bishop
Melisa R. Emert

SULAIMAN LAW GROUP, LTD.
James Vlahakis
Omar Sulaiman
Mohammed Badwan
Ahmad Sulaiman
Nathan C. Volheim

THE WAGNER FIRM
Avraham Wagner

THOMAS C. WILCOX

WILSHIRE LAW FIRM
Bobby Saadian
Colin M. Jones

WITES LAW FIRM
Marc A. Wites

ZIMMERMAN REED LLP
Christopher P. Ridout
Caleb L.H. Marker