# EXHIBIT E

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, EXPENSES, AND NAMED PLAINTIFF SERVICE AWARDS; AND ENTERING FINAL JUDGMENT** |

**WHEREAS**, the Court held a Final Hearing to consider approval of this class action settlement on _____, 2020. The Court has considered the Settlement Agreement (Dkt. \_\_\_), the record in the MDL Action, and the Parties' arguments and authorities.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the MDL Action, the Named Plaintiffs, the Settlement Class Members, and Defendant Apple Inc.

3. The Court finds that the Class Notice constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies the following Settlement Class for purposes of Settlement only:

> All former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017.

For purposes of this definition, "U.S. owners" shall include all individuals who owned, purchased, leased, or otherwise received an eligible device, and individuals who otherwise used an eligible device for personal, work, or any other purposes. An individual qualifies as a "U.S. owner" if his or her device was shipped to the United States, its territories, and/or its possessions. The Settlement Class shall not include iPhone owners who are domiciled outside of the United States, its territories, and/or its possessions. Additionally, excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) any of the individuals identified in paragraph 1.36 of the Settlement Agreement, as well as their legal representatives, heirs, successors, or assigns,

(d) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, and (e) any other individuals whose claims already have been adjudicated to a final judgment. Also excluded from the Settlement Class are those individuals who timely and validly request exclusion.

5. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

a) There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and several mediation sessions with a respected mediator, warranting a presumption in favor of approval. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

b) The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class Members. *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

    c)    The support of Class Counsel and the Named Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Class Plaintiffs*, 955 F.2d at 1294; *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

    d)    The Settlement provides meaningful relief to the Class, including cash relief, and certainly falls within the range of possible recoveries by the Settlement Class Members.

6. As of the Effective Date, the Settlement Class Members and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Accordingly, the Settlement shall terminate the MDL Action. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

7. As of the Effective Date, the Named Plaintiffs (including the non-U.S. Named Plaintiffs) and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to

any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Class Counsel and non-U.S. Named Plaintiffs hereby represent and warrant that the non-U.S. Named Plaintiffs have the capacity to execute such a release under the applicable laws of their respective jurisdictions.  Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

8. As of the Effective Date, Apple shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the initiation or prosecution of the MDL Action that are known to Apple as of the Effective Date, against the Named Plaintiffs, Class Counsel, and Plaintiffs' Executive Committee and Plaintiffs' Steering Committee pursuant to the Order Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and Steering Committees (Dkt. 100).  Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350.  This release does not constitute a general release.

9. As of the Effective Date, the Settlement Class Members and the Named Plaintiffs shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the defense of the MDL Action that are known to the Settlement Class Members and/or the Named Plaintiffs as of the Effective Date, against Apple's attorneys, legal representatives, and advisors, including Defense Counsel.  Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all

orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

10. The individuals identified in Exhibit __ hereto timely and validly requested exclusion from the Settlement Class. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against Apple.

11. The Court finds that an award of attorneys' fees and expenses in the total amount of $_____ to Class Counsel is fair and reasonable and therefore approves such award. Class Counsel shall distribute the awarded attorneys' fees and expenses among Plaintiffs' Counsel as Plaintiffs' Interim Co-Lead Counsel appointed by the Court (Dkt. ___) shall determine in their sole discretion based on each attorney's contributions to the prosecution and settlement of these Actions. No other counsel will be entitled to an independent award of attorneys' fees or expenses.

12. The Court finds that the payment of Named Plaintiff Service Awards is fair and reasonable and therefore approves such payment as follows: _____.

13. The MDL Action, including all actions consolidated into the MDL Action and all claims asserted in the actions, are settled and dismissed on the merits with prejudice.

14. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

15. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the Named Plaintiffs, the Settlement Class Members, and Apple to enforce the terms of the Settlement, the Court's order preliminarily certifying the class (Dkt. ___), and this Order. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

16. The Settlement and this Order are not admissions of liability or fault by Apple or the Released Parties, or a finding of the validity of any claims in the Actions or of any wrongdoing or violation of law by Apple or the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

**IT IS SO ORDERED.**

Dated: _____, 202__

                                          Hon. Edward J. Davila
                                          United States District Court