THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
DIANA M. FEINSTEIN, SBN 302626
  dfeinstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:   213.229.7000
Facsimile:    213.229.7520

WESLEY SZE, SBN 306715
  wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304
Telephone:   650.849.5300
Facsimile:    650.849.5333

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DEFENDANT APPLE INC.'S STATEMENT IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**<br><br>Judge:          Hon. Edward J. Davila<br>Courtroom:  4, Fifth Floor<br>Date:            April 3, 2020<br>Time:           1:30 p.m. |

Pursuant to Local Civil Rule 7-3(b), Defendant Apple Inc. submits this statement of non-opposition to Plaintiffs' Motion for Preliminary Approval of Proposed Settlement (Dkt. 415). Apple supports Plaintiffs' request for preliminary approval of the proposed class settlement because the settlement is fair, reasonable, and adequate. In particular, the settlement properly takes into account the substantial risks to Plaintiffs and the putative class of further litigation.

This case involves claims about a performance management feature that Apple released in iOS 10.2.1 in January 2017, which dynamically managed the performance of certain iPhones and successfully reduced the frequency of unexpected shutdowns. Contrary to Plaintiffs' allegations in the lawsuit, far from perpetrating a "fraud" or representing a "defect," the performance management feature was a solution to a complex technological problem that Apple's engineering teams worked responsibly, rapidly, and successfully to address in a way that delivered a better experience for customers. This solution also benefited customers by prolonging the life of those devices. But some customers claimed to experience temporarily slowed performance of their devices when running some applications in certain circumstances, and many lawsuits ensued, which were consolidated in this MDL action.

Over the course of this hard-fought litigation, Apple substantially narrowed the claims in this case. The original Consolidated Amended Complaint alleged that all iPhone devices were "defective" because of an alleged "mismatch" between the devices' hardware and software, and that Apple committed fraud, breached contractual obligations, and violated consumer protection laws by making misrepresentations and failing to disclose to customers that these devices were allegedly prone to unexpected shutdowns. (*See generally* Dkt. 145 ¶¶ 9, 473–1347.) Following multiple rounds of briefing and amendment to the complaint, the Court dismissed most of Plaintiffs' claims, holding that their "defect" theory was "far too sweeping" (Dkt. 219 at 33), because it complained about "the normal battery aging process" (Dkt. 331 at 26), and that it is "common sense" that consumers "are fully aware of the facts regarding software capability and battery capacity" (*id*. at 18, 28 (internal quotation marks omitted)). The Court allowed only the "computer intrusion" claims for trespass to chattels and under the California Computer Data Access and Fraud Act and the federal Computer Fraud Abuse Act to proceed. (*Id.* at 36–37.)

As Plaintiffs acknowledge in their Motion, they "faced significant risk" regarding the continued viability of their action, including "whether the Court would ultimately grant certification of a litigation class" or "deny Defendant's motion for summary judgment." (Dkt. 415 at 15–16.)[1] Moreover, Plaintiffs recognize that even if they could prove liability at trial, they "could still recover nothing because the fact and amount of damages that could be recovered in this case are still uncertain." (*Id.* at 15 (citation omitted).)

Apple is confident that if this litigation were to continue, it would prevail on its defense of all of Plaintiffs' remaining claims. While Apple vigorously denies all allegations of wrongdoing, fault, liability, or damage of any kind to Plaintiffs and the putative class, and it vigorously disputes that it has engaged in any actionable conduct, it has agreed to resolve the cases to avoid the expenses, uncertainties, delays, and other risks inherent in continued litigation. This proposed settlement was the product of extensive, arms-length negotiations facilitated by an experienced mediator over several months and mediation sessions, and the proposed settlement provides substantial, non-reversionary monetary compensation to Plaintiffs and the putative class through a claims-made settlement structure. (*See id.* at 1.) Apple also agrees to provisional certification of the proposed class for settlement purposes only. Apple reserves all of its objections to class certification for litigation purposes and does not consent to certification of the proposed class for any purpose other than to effectuate the settlement.

Finally, the parties have not agreed to any award of attorneys' fees and/or expenses, and instead they have agreed to submit this issue to the Court for decision. (*See* Dkt. 416 ¶ 8.2.) Apple expressly reserves its right to object to and oppose Class Counsel's forthcoming requests for attorneys' fees

---

[1] Apple has steadfastly opposed Plaintiffs' attempt to represent a *worldwide* putative class, and the Court acknowledged there are "practical and constitutional concerns" that are "substantial and potentially well-founded." (Dkt. 219 at 8; *see also* Dkt. 331 at 14 ("[T]he Court also reiterates its earlier conclusion that the practical and constitutional 'concerns that Apple raises are substantial and potentially well-founded.'").) And as Plaintiffs acknowledge, there is "substantial uncertainty as to the propriety of a worldwide class[,]" and "[t]o Named Plaintiffs' knowledge, a court has not certified a worldwide class in any U.S. litigation." (Dkt. 415 at 13; *see also id*. at 14 (citing the Court's concerns and noting that "whether Named Plaintiffs would have succeeded in obtaining class certification or surviving a motion for summary judgment as to the Non-U.S. Plaintiffs and for the countries they seek to represent is questionable at best").) Although the proposed settlement includes certain non-U.S. Plaintiffs named in the consolidated complaint, the Chilean organization (Corporación Nacional de Consumidores y Usuarios de Chile) and the named Plaintiffs from South Korea (Heekyung Jo and Youngro Lee) are not included. These country-by-country determinations underscore the intractable legal and practical difficulties in maintaining a putative worldwide class.

3
DEFENDANT APPLE INC.'S STATEMENT IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL
CASE NO. 5:18-MD-02827-EJD

1  and/or expenses on all grounds.  Among other grounds, Apple had to file a Motion for Sanctions to
2  enforce the Protective Order in this case.  In its ruling, the Court held that Plaintiffs' counsel may not
3  seek any fees for work related to the Motion for Sanctions, and that Apple's costs and fees must be
4  deducted from any fee award to Plaintiffs' counsel.  (Dkt. 350 at 5–6.)  Apple will review the
5  submission to ensure that it complies with the Court's order and that it includes these deductions, and
6  it will present its arguments in opposition to the requested fees at the appropriate time.

7      Apple respectfully requests that the Court enter the Proposed Preliminary Approval Order
8  (Dkt. 416-4).  It reserves its right to respond to any objections and/or opposition briefs to the Motion.

10  DATED:  March 13, 2020        GIBSON, DUNN & CRUTCHER LLP

11          By:   */s/ Christopher Chorba*
12            Christopher Chorba
        *Attorneys for Defendant Apple Inc.*