CLIFTON CANNON, JD
420 NW 11TH AVENUE, SUITE 1011
PORTLAND, OREGON 97209

AUGUST 4, 2020

Clerk of the Court
United States District Court Northern District of California San Jose Division
280 South 1st Street
San Jose, CA 95113

RE: Objection to the settlement *In re Apple Inc. Device Performance Litigation*, Case No. 18-MD-2827-EJD.

Dear Sir/Madam:

I am writing to object to the terms of the settlement *In re Apple Inc. Device Performance Litigation*, Case No. 18-MD-2827-EJD. Specifically, I object that customers, those harmed by Apple, Inc., must provide proof of ownership of devices during the settlement period in question by first providing serial and product information. Apple Inc., holds and maintains all relevant data and ownership information of who purchased, held data and cell phone coverage plans, and all devices during the Settlement Period. Through subpoenas *duces tecum*, and other requests by the Court or Class Counsel, Apple, Inc., can and should be required to supply to The Court, all device ownership records for the time in question.

The Settlement Period spans years, in which case customers have owned multiple devices, have traded them in, bought new ones (not coincidentally from Apple, Inc., or their authorized dealers) and can no longer be reasonably expected to have the devices, paperwork or original packaging from which to provide serial numbers and required information to prove membership in The Class. This is onerous and shifts the liability of proof to customers when Apple, Inc. should bear the responsibility for identifying the customers, number of devices, and time owned and registered. That Apple, Inc. has this information is proven by the "lookup" feature in the claim itself by which customers are asked to enter exactly matching Apple ID information. This shows that Apple, Inc. has the data and records to establish ownership and are withholding it to favor a reduction in the number of customers who can produce the information.

I have owned many Apple devices during the Settlement Period which I no longer have in my possession. Apple's own product design cycle builds in device obsolescence, and encourages new device purchase and the subsequent discarding and/or trading in of devices (therefore serial numbers and packaging are no longer  reasonably in the consumer's possession).

**RECEIVED**

AUG 1 0 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Additionally, as in my case, my Apple ID has changed, and I have moved physical addresses. Therefore, the likelihood that my Apple ID and physical address would "match up" exactly to Apple, Inc.'s database in the "lookup" feature is also unlikely. Again, Apple, Inc. has this information and could provide it relatively easily and quickly.

Having customers first prove (rather than confirm and attest) their ownership by producing serial number information or other device information *of their Apple devices serves Apple, Inc, and not The Class in this settlement* serves to reduce the settlement Apple, Inc. will likely pay, frustrating the Court's pursuance of an equitable settlement.

The requirement that customers provide serial number and device information from past years is onerous, unfair, and shifts the burden to the customers, and the benefit to Apple, Inc. This is unjust.

Apple, Inc. should be required to provide a list of devices of each potential class member of all devices owned to The Court, and also to potential class members showing those devices owned, who can then attest that they did in fact (or did not) own the devices during that time. To do otherwise shifts the burden to customers by asking for information reasonably assumed to no longer be in their possession. This also makes it unlikely that Apple, Inc. will be held fully accountable.

I am proving I am a member of The Class by providing one of my phone numbers which would have been connected to several of my different devices during the Settlement Period: 503.866.5382, as well as my Apple IDs:

Clif@truesummitgroup.com
Clif@clifcannon.com

Thank you for your attention in this matter.

Clifton Cannon, JD

N CANNON, JD
11TH AVENUE
011
ND, OR 97209

PORTLAND OR 972

05 AUG 2020 PM 2 L



BLACK HERITAGE

Gwen Ifill

RECEIVED
AUG 10 2020
SUSAN Y SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF

Clerk of the Court
United States District Court Northern District of
California San Jose Division
In Re: Apple Device Performance Litigation
280 South 1st Street
San Jose, CA 95113

95113-309599