1  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
2  MARK C. MOLUMPHY (SBN 168009)
   mmolumphy@cpmlegal.com
3  ELLE D. LEWIS (SBN 238329)
   elewis@cpmlegal.com
4  BRIAN DANITZ (SBN 247403)
   bdanitz@cpmlegal.com
5  **COTCHETT, PITRE & McCARTHY LLP**
   840 Malcolm Road, Suite 200
6  Burlingame, CA 94010
   Telephone: 650.697.6000

7  LAURENCE D. KING (SBN 206243)
   lking@kaplanfox.com
8  MARIO M. CHOI (SBN 243409)
   mchoi@kaplanfox.com
9  **KAPLAN FOX & KILSHEIMER LLP**
   1999 Harrison Street, Suite 1560
10 Oakland, CA 94612
   Telephone: 415.772.4700

11 FREDERIC S. FOX (*pro hac vice*)
12 ffox@kaplanfox.com
   DONALD R. HALL (*pro hac vice*)
13 dhall@kaplanfox.com
   DAVID A. STRAITE (*pro hac vice*)
14 dstraite@kaplanfox.com
   MAIA C. KATS (*pro hac pending*)
15 mkats@kaplanfox.com
   **KAPLAN FOX & KILSHEIMER LLP**
16 850 Third Avenue
   New York, NY 10022
17 Telephone: 212.687.1980

18 *Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD |
|---|---|
| | **DECLARATION OF MARK J. DEARMAN IN SUPPORT OF NAMED PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND FOR ATTORNEYS' FEES EXPENSES, AND SERVICE AWARD** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge: Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor<br>Date: December 4, 2020<br>Time: 10:00 a.m. |

I, MARK J. DEARMAN, declare as follows:

1. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

2. I submit this declaration in support of Named Plaintiffs' Motion for Final Approval of Proposed Settlement and for Attorneys' Fees, Expenses, and Service Awards ("Motion").

3. On May 15, 2018, I was appointed by the Court as Chair of the Apple Device Performance Litigation Plaintiffs' Executive Committee ("PEC") (ECF No. 99). My primary role included the responsibility to work with co-lead counsel Joseph W. Cotchett and Laurence D. King ("Co-Lead Counsel"), to ensure that Plaintiffs' pretrial preparation was conducted effectively, efficiently, and economically.

4. In furtherance of my appointment and coordination with Co-Lead Counsel, I attended weekly leadership calls where status and strategy, along with the status of assignments and the delegation of assignments to Plaintiffs' counsel, was addressed. My Firm hosted a website (https://www.appleperformancelitigation.com/) where Court orders and other case materials were made available to Plaintiffs' counsel to avoid duplicative PACER charges. We assisted with the retention of an ESI vendor, document review, and document review management, as well as with law and briefing on issues ranging from 12(b)(6) topics to possible coordination with state Attorneys General. I also attended the hearing on the motion to dismiss and multiple case management conferences.

5. In order to carry out my responsibilities, starting on May 25, 2018, I prepared and circulated a memorandum explaining to counsel on the PEC and Plaintiffs' Steering Committee ("PSC") the acceptable guidelines for recording of time and expenses and the proper method and format in which to submit their monthly time and expenses ("Memorandum" attached hereto as Exhibit 1). I also circulated the Court-ordered billing protocol (ECF No. 148) ("Billing Protocol").

6. On a monthly basis, starting in May 2018, PEC and PSC firms submitted to me detailed billing records, along with a summary of those records by timekeeper and by task code.

DECL. OF MARK J. DEARMAN ISO NAMED PLAINTIFFS' MOT. FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND FOR ATT'YS' FEES, EXPENSES, AND SERV. AWARDS - CASE NO. 5:18-MD-02827-EJD

1

Pursuant to the Billing Protocol, the submissions were reviewed to confirm that they accorded with the Billing Protocol and the Memorandum. When appropriate, we corresponded with Plaintiffs' counsel regarding deficiencies in their reports and necessary corrective actions. These letters, of which samples are attached as Composite Exhibit 2, requested more detailed descriptions, identified where too many lawyers had worked on a given task, or simply confirmed that certain entries were not common benefit work. As a result of these efforts, Plaintiffs' counsel diligently worked to follow Billing Protocol requirements and were careful to follow the Billing Protocol and Memorandum. Of course, I was always available to discuss whatever issues or questions that Plaintiffs' counsel raised.

7. On a quarterly basis, starting in May 2018, I also provided the Court, *in camera*, with a report that included a summary of time by firm, with hours and fees incurred by month and a timekeeper summary by task code. I submitted seven quarterly reports. All of these reports incorporated any adjustments that were made to the submissions during the review and vetting process.

8. In addition to my real-time review of time and expenses on a monthly basis, and my quarterly reporting to the Court, I continued to review of the relevant time and expense records for each PEC and PSC firm in connection with the filing of this declaration. This process resulted in the additional reduction of lodestar in some cases, and the adjustment of hourly rates for document reviewers.[1] In reviewing the monthly and quarterly reports, I did not attempt to arrive at any particular amount of lodestar, or lodestar reduction, or to reach any preconceived multiplier or percentage of fund. Instead, my sole aim was to ensure compliance with this Court's Billing Protocol and the mandates of the Court's order appointing Class Counsel.

9. I also asked each of the PEC and PSC firms that submitted time and expenses in accordance with the Billing Protocol to prepare declarations ("Declaration(s)") in support of their

---

[1] The billing protocol set document review at $350.00 per hour. During the additional review of time and expenses, it was discovered that a document reviewer billed at a rate in excess of the $350.00. While that was incorrectly included in one of the reports furnished to the Court, it has now been corrected.

DECL. OF MARK J. DEARMAN ISO NAMED PLAINTIFFS' MOT. FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND FOR ATT'YS' FEES, EXPENSES, AND SERV. AWARDS - CASE NO. 5:18-MD-02827-EJD

2

time and expense submissions. Attached hereto as Exhibits 3-39 are true and correct copies of the PEC and PSC firm Declarations, each accompanied by two exhibits: (1) Exhibit A is lodestar calculation using the most recent reported hourly rate for each timekeeper; and (2) Exhibit B is a calculation of total expenses by category.

10. As reflected in the Declarations, the total lodestar reported for the period from May 15, 2018 through July 31, 2020 for Co-Lead Counsel, the PEC, and the PSC is $32,415,420.50.[2] Attached as Exhibit 40 is a chart that lists total hours and lodestar by firm.

11. Attached hereto as Exhibit 41 is a compilation of Class Counsel's unreimbursed expenses totaling $1,460,057.40 from May 15, 2018 through July 31, 2020, in connection with the prosecution of this Action. Attached as Exhibit 42 is a chart listing total expense by category. These expenses were advanced by Class Counsel on a contingent basis. These expenses are supported by each firm's separate declaration (*see*, *infra*, at Exhibits 3-39). The total also reflects the total contributions by Class Counsel to the Litigation Fund established to finance the joint prosecution of this litigation, with a credit of unused funds currently remaining in the Litigation Fund, as described in Exhibit D to the Declaration of Laurence D. King in Support of Named Plaintiffs' Motion for Final Approval of Proposed Settlement, and for Attorneys' Fees, Expenses, and Service Awards, filed herewith. With the credit of unused funds applied, the total expenses sought total $891,949.02.

12. In addition to the post consolidation and appointment time, the PEC and PSC firms provided me with reports for work performed before the May 15, 2018 consolidation order. While I did not review and vet these pre-consolidation reports in the same fashion as the other submissions, the information is provided to the Court for purposes of completeness and to advise the Court of the significant amount of work counsel performed prior to consolidation. The total

---

[2] For some of the firms, there are variations between the amounts reported to the Court and amounts reported in the Declarations, primarily due to adjustments for misclassified time or rates. In addition, the Declarations calculate each firm's lodestar based on the timekeeper's most recently reported rates to the Court.

DECL. OF MARK J. DEARMAN ISO NAMED PLAINTIFFS' MOT. FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND FOR ATT'YS' FEES, EXPENSES, AND SERV. AWARDS - CASE NO. 5:18-MD-02827-EJD

3

for this pre-consolidation work, from inception to consolidation on May 14, 2018, is $3,694,141.75.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true to the best of my knowledge.

Executed on August 26, 2020, in Boca Raton, Florida.

ROBBINS GELLER RUDMAN
 & DOWD LLP
MARK J. DEARMAN

_____
MARK J. DEARMAN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
mdearman@rgrdlaw.com

*Chair, Plaintiffs' Executive Committee*

DECL. OF MARK J. DEARMAN ISO NAMED PLAINTIFFS' MOT. FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND FOR ATT'YS' FEES, EXPENSES, AND SERV. AWARDS - CASE NO. 5:18-MD-02827-EJD

4

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Joseph W. Cotchett, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of August 2020, at Burlingame, California.

*/s/ Joseph W. Cotchett*
Joseph W. Cotchett

DECL. OF MARK J. DEARMAN ISO NAMED PLAINTIFFS' MOT. FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND FOR ATT'YS' FEES, EXPENSES, AND SERV. AWARDS - CASE NO. 5:18-MD-02827-EJD

5