# EXHIBIT 1

**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Mark Dearman
MDearman@rgrdlaw.com

# MEMORANDUM

## CONFIDENTIAL WORK PRODUCT

**TO:** Members of the Executive Committee and Steering Committee and All Timekeepers at Your Respective Firms

**FROM:** Chair of the Executive Committee
Mark Dearman, Robbins Geller Rudman & Dowd LLP

**CC:** Co-Lead Class Counsel
Joseph Cotchett and Mark Molumphy (Cotchett, Pitre & McCarthy LLP)
Laurence King and David Straite (Kaplan Fox & Kilsheimer LLP)

**DATE:** May 25, 2018

**RE:** *In re: Apple Inc. Device Performance Litig.*
Billing protocol – PLEASE READ CLOSELY

---

Although the Court's May 18, 2018 text order (Dkt. No. 102), requests the submission of a billing protocol, and many of us have had the opportunity to previously work with one another, we felt it good practice to elaborate on the procedures and practices that will ensure the efficient management of this MDL. It is important that all plaintiffs' counsel on this case follow the same consistent, standard, and accurate billing practices. Time keeping has both a substantive and procedural component: We must only bill for time that is justifiably billed to the case (and that we would feel comfortable requesting payment from a fee-paying client), and we must document that time contemporaneously accurately, and completely so that the Court and/or our clients can understand the work that we have done. At the direction of Co-Lead Counsel, the following billing protocols are now in place. Please forward this memo to all timekeepers at your firm.

### AVOID OVER-STAFFING AND OVER-BILLING

1. The general rule is that Executive Committee members may seek assistance from up to one junior attorney and one paralegal from their firms. Each committee is staffed with *two chairs*, so there is generally no reason to involve more than three timekeepers from any firm. If additional resources are needed, we have our "reserve group" of court-approved firms on the Steering Committee, and of course Co-Lead Counsel will have flexibility to approve additional timekeepers if appropriate for the needs of the case.

Robbins Geller
Rudman & Dowd LLP

May 25, 2018
Page 2

      2.      Steering Committee members may similarly seek assistance from one additional junior attorney and a paralegal.  As noted above, if some tasks require additional resources, we should first try to involve other members of the Steering Committee before adding additional timekeepers from your firm.

      3.      Work will be assigned to specified individuals or firms by Co-Lead Counsel or the Executive Committee Chair *and each billing entry must indicate who specifically assigned the tasks*.  This extra data point is a new development but increasingly common in other cases and Judge Davila will hold us to our commitment to do so here.  For tasks that involve multiple committee members, Mark Dearman will have additional administrative authority to distribute work fairly.

      4.      Although it may be necessary to have more than a minimal number of people on periodic conference calls so that the core group litigating the case is up to speed and can take on new assignments, or to assist with very important briefs such as class certification or summary judgment, with those exceptions, the general rule should be that any calls involving your committee be limited to one Executive or Steering Committee member.  In the first couple of weeks while we get organized two committee members have been invited to various calls but this practice will become less common going forward.

      5.      It is neither necessary nor appropriate for all lawyers appointed to leadership positions to attend hearings or status conference with the Court. Going forward, our policy is that no one other than Co-Lead Counsel shall attend.  Typically, the Court arranges for lawyers to participate in hearings and conferences telephonically, so there should not generally be a compelling reason for in-person appearances.  Of course, there may be good reasons to depart from this policy, such as when a lawyer is particularly knowledgeable about a matter to be taken up with the Court. Decisions to depart from the policy will be made by Co-Lead Counsel on a hearing by hearing basis.

      6.      We will not bill the class for more than two attorneys at any deposition.  Decisions to depart from the policy will be made by Co-Lead Counsel.

      7.      It is the stated goal of Co-Lead Counsel to avoid using contract lawyers in this case unless circumstances change.  There are enough firms involved in this case to staff any sized document review with current associates and staff attorneys – and if additional document reviewers are needed, they should be hired as proper employee associates or staff attorneys.

      8.      As a general rule, no work performed or expenses incurred prior to consolidation (05/15/2018) may be billed to the Class unless: (1) it is work conducted for the common benefit; and (2) it is reported to the Executive Committee Chair by June 15, 2018, and approved by Co-Lead

**Robbins Geller Rudman & Dowd LLP**

May 25, 2018
Page 3

Counsel or the Executive Committee Chair. For example, work performed and expenses incurred in connection with briefing and attending the hearing on transfer and consolidation is not common benefit work.

9. It is inappropriate for all committee members to remain up to speed on all details of the litigation, and the Court would never approve of time for this many attorneys reviewing all documents in this case. If you are reviewing for a reason (*i.e.*, to revise and edit, or to prepare for a hearing, conference call, or deposition), so state. If you are reviewing only to gain general familiarity (*i.e.*, reviewing defendant's reply brief when you will not be arguing at the hearing) please review very quickly, and only bill for the time it takes to gain ***general familiarity***, not to read and analyze the document in depth. For example, if you are not working on discovery issues, you do not need to review the motion to compel briefs and responses.

10. Do not bill an inordinate amount of time reviewing/responding to email: If you send a long substantive response, or send a long substantive email, bill for the time it takes to draft. If you just glance at an email and delete it, or respond "OK" or "thanks," do not bill for that review. If you must read and respond to several emails throughout the day, it is acceptable to bill .1 or .2 (depending on the amount of time actually spent) for "Review and respond to emails throughout day on..." or "Exchange emails with co-counsel on [and list all the topics]."

11. Do not bill for leaving a voicemail.

12. Do not bill time for communication with administrative staff (except for very lengthy substantive conversations, such as training staff on document review protocols or other supervisory matters).

13. Do not bill attorney time for administrative tasks that could be handled by a secretary or paralegal, such as organizing files.

### GENERAL RULES TO FOLLOW WHEN BILLING

1. The best practice is to record time spent on a task immediately after performing it, or no later than the end of the day. (If you are traveling, email your secretary or jot it down.) In accordance with the Court's order, no time should be submitted if it was not recorded within one week of when the work was performed.

2. Bill in 0.1 increments (6 minutes). Larger increments, such as 0.25 (15 minutes), are unacceptable in the Ninth Circuit. If you or your staff are not used to billing in 0.1 increments, distribute charts with minute equivalencies for reference.

**Robbins Geller Rudman & Dowd LLP**

May 25, 2018
Page 4

      3.      Avoid block billing where possible. Rather than listing a half-dozen events and assigning 1.5 to them collectively, separately designate time for each separate task. Only very closely related tasks should be billed together. For example, it is acceptable to have one time entry for "research and draft brief" or one entry for "review email from opposing counsel and respond to same" but it is not acceptable to have one time entry that includes time for both drafting a brief and exchanging email with opposing counsel. The Ninth Circuit has affirmed district courts' decisions deducting time for block billing. If inappropriate block billing is employed, the Executive Committee Chair will likely return the time report for revision.

      4.      Always include subject matter. References to "phone call," "review documents," "legal research," "attend meeting," "review email," standing alone, are insufficient.

      5.      Always list other participants on telephone calls or in meetings, either by title (*i.e.*, "opposing counsel," or, preferably, by name). If there are large team conference calls or meetings, we can designate one person to list all participants in the billing record, and others can then record "phone call with team." It may not be possible or desirable to list all recipients of emails, but try to specify the general group (*i.e.*, "exchange email with opposing counsel re:...," "exchange email with EC re:...," or "exchange email with Larry King re:....").

      6.      At the end of any call or meeting with somebody, confirm with that person or team the time to be billed. If it is a team conference call, or other call with a number of participants, the person chairing the meeting, or the chair's designee, should state the amount of time at the end of the call, or send an email out thereafter. Do this not only for calls and meetings with attorneys from other firms, but also for meetings with attorneys in your own firm. If you join a call late, or get off a call early, please state (partial) in your time records, so as to avoid confusion about how long the call or meeting lasted.

      7.      Use a consistent naming convention—preferably first initial and last names, *i.e.*, "teleconf with A. Tadler re: ESI protocol." Using initials or only first names or using a mixture of these makes it confusing to understand the entry and to compare entries between firms.

      8.      Use descriptive and detailed summaries. When describing the documents you are working on, instead of writing "review order" or "review stipulation," provide more details by specifying the subject or date of those documents (*e.g.*, stipulation to continue rule 16 conference). If you do an in-depth and long review of a document, list why (*e.g.*, in preparation for a deposition) or at least list further descriptive words (*e.g.*, review and analyze). Similarly, when describing your actions, avoid using phrases like "work on x" or "follow up on y," as these do not make clear what you actually did (instead use words like review, draft, analyze, annotate, research, etc.).

Robbins Geller
Rudman & Dowd LLP

May 25, 2018
Page 5

      9.      The Excel spreadsheet that will be circulated with this protocol is to be used when submitting time and expenses. In order to assist us in the submission of a motion of attorneys' fees and expenses upon the successful completion of this case, we are requiring the use of standardized billing codes. The appropriate billing code is to be inserted in the ledger column corresponding with the tasks which are being performed. For example, if you are reviewing documents in the Tier 1 review, in a separate ledger column on the Excel spreadsheet, you will need to insert 320, and then in the appropriate ledger column for the task description, you will need to provide a descriptive and detailed summary of the task.

      10.     Check spelling and grammar and avoid abbreviations (that may make sense to you alone, or to you and other plaintiffs' counsel, but not to the Court).

      11.     You may not bill for time spent doing time reports.

### SUBMISSION OF TIME AND VERIFICATION

      1.      Executive Committee and Steering Committee members (on behalf of themselves and their firms) will internally provide time and cost records to the Chair of the Executive Committee on a monthly basis on the schedule in paragraph 3 below. This internal circulation will take place on a monthly basis *irrespective of how often we submit time and expense information to the Court*. Submissions must be made using the accompanying Time and Expense Monthly Reports. Time and expenses not timely submitted using these reports will not be considered. Please transmit your monthly time and expense reports electronically in PDF and Excel format to appletime@rgrdlaw.com, not to Mark Dearman directly. If you have questions regarding the reports, please contact Patricia Puerto, either by email PPuerto@rgrdlaw.com or by telephone 561-750-3000.

      2.      Each monthly time and expense submission must include the Time and Expense Reports in both a single Microsoft Excel workbook format (.xls) and PDF (.pdf) format. This means that each monthly submission email will consist of one PDF file and one Excel file, within which there will be four tabs: Monthly Time Report, Monthly Time Report Summary, Monthly Expense Report, and Supplemental Expense Report. Submissions must be made using the attached Time and Expense Reports. Time and expenses not submitted using these Reports will not be considered.

      3.      The first time and expense reports are due on **Friday, June 15, 2018**, and should include all qualified time and expenses incurred from inception through May 31, 2018 – understanding that you should only submit time incurred before May 14, 2018, if you are claiming it as common benefit work and are asking it to be included. Time and expense reports thereafter are to be submitted by the 15th of each month (or the first business day thereafter) for

**Robbins Geller Rudman & Dowd LLP**

May 25, 2018
Page 6

the preceding month (*i.e.*, the July 16, 2018, time and expense reports should include all time and expenses from June 2018). If not submitted in a timely manner, your time and expenses may not be considered for compensation absent good cause to the contrary.

4. In accordance with the Court's May 15, 2018 order (Dkt. No. 99), the Executive Committee Chair will review all billing records each month to ensure that all counsel maintain contemporaneous billing records of all time spent litigating this case, and to strike any duplicative or inefficient billing. He will return billing records and will strike duplicative/inefficient billing, and/or send requests for clarification/better statements as necessary. Judge Davila will hold us to this requirement and failure to respond to requests for clarification will result in the exclusion of the questionable time and expenses. The Chair will need to report aggregate figures to Co-Lead Counsel very quickly after the 15th of each month so it is essential that your time be submitted without delay.

5. Although counsel should submit all expenses incurred in a certain month in the submission made on the last calendar day of the month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" expense reports will be permitted for those expenses incurred during the previous three months that – because of circumstances outside the submitting counsel's control – could not have been submitted by the deadline. Any expenses submitted more than three months in arrears may not be considered or included in any compilation of expense calculation and may be disallowed, except for good cause shown and with the Chair's approval.

6. All Time and Expense Reports must be certified by the Executive Committee or Steering Committee member in each firm attesting to the accuracy of the submissions. This requirement may be satisfied by including such a certification along with each submission, either as a separate attachment to the email containing the submissions, or, if the submission email is sent directly by the certifying attorney, then in the body of the email containing the submissions.

## HELD COSTS

"Held Costs" are those that will be carried by each attorney in this MDL. Held Costs shall be recorded and reported in accordance with the guidelines set forth herein. Held Costs shall be subject to the following limitations:

**Travel Limitations**

Travel expenses are not reimbursable unless approved prior to travel and if the expense comports with these guidelines. Travel expenses are a hot-button category with courts and will

**Robbins Geller Rudman & Dowd LLP**

May 25, 2018
Page 7

be closely scrutinized to make certain that the expense is related to an assigned task. For instance, visiting a client (a class member) to generally discuss the litigation or review documents will not be billed to the class. On the other hand, travel to meet with a class member to prepare him/her for an upcoming deposition will be billed to the class as it will be part of an assigned task. Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare:** For routine domestic flights, ordinarily only the price of a refundable, changeable and convenient coach fare seat or its equivalent will be reimbursed. For international travel or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class may be reimbursed at Co-Lead Counsel's discretion. Private or charter travel will not be reimbursed except in unusual circumstances, as approved by Co-Lead Counsel.

- **Hotel:** Hotel room charges for the average available room rate of a reasonable business hotel in a safe neighborhood will be reimbursed. Think Marriott, not the Four Seasons.

- **Meals:** Travel meal expenses must be reasonable. Unusually large meal expenses may be reviewed by the Executive Committee Chair or Co-Lead Counsel and disallowed.

- **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (*e.g.*, tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

- **Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental.

- **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

**Non-Travel Limitations**

- **Long Distance, Conference Call, and Cellular Telephone Charges:** Common Benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

**Robbins Geller Rudman & Dowd LLP**

May 25, 2018
Page 8

- **Shipping, Overnight, Courier, and Delivery Charges:** All claimed Common Benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

- **Postage Charges:** Common Benefit postage charges are to be reported at actual cost.

- **Telefax Charges:** Common Benefit fax charges shall not exceed $0.50 per page.

- **In-House Photocopy:** The maximum charge for Common Benefit in-house copies is $0.15 per page.

- **PACER: PACER charges will not be billed to the Class**. WITHOUT EXCEPTION. Each firm receives ECF notifications of all filings and those notices entitle you to one free download. In addition, Co-Lead Counsel will maintain a depository of public flings that will be available to the Executive Committee and Steering Committee members.

- **Computerized Research - Lexis, Westlaw, or Bloomberg:** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

- **Meals and After-Hours Transportation:** Overtime meals and after-hours transportation are often provided to employees to enhance productivity, morale and safety, but these expenses are considered overhead, not a class expense. Meals provided during meetings with co-counsel, opposing counsel or during depositions foster collegiality and may be charged to the class if reasonable. Travel meals are discussed above.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code.

Similarly, when practical no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Robbins Geller
Rudman & Dowd LLP

May 25, 2018
Page 9

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-related expenses.) Expense entries without sufficient detail may be rejected at Co-Lead Counsel's discretion.

Attorneys shall maintain receipts for all expenses. Each firm must maintain receipts to support their expense submissions in the event those receipts are requested. Credit card receipts (not the monthly statements) are an appropriate form of verification. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

## SHARED COSTS

Many expenses will be paid on a rolling basis from the Litigation Fund rather than held by each firm as a Held Cost. These expenses include expert fees, deposition costs, transcripts and translations, among many others. As a general matter, only Co-Lead Counsel should ever incur shared costs, unless PRIOR APPROVAL is granted by Co-Lead Counsel, in which case the expense may be reimbursed from the Lit Fund on a rolling basis. Likewise, no one other than Co-Lead Counsel will ever have authority to bind Co-Lead Counsel or the Class to any expense, regardless of purpose or benefit, without prior approval from Co-Lead Counsel.

## PROTOCOLS FOR SUBMISSION OF TIME AND EXPENSES

### Billing Rates

Billing rates must be "your customary billing rates," not the the prevailing market rates in this District. *See* Pretrial Order No. 11, *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, & Prods. Liab. Litig.*, MDL 2672 (N.D. Cal. Feb. 25, 2016) (Breyer, J.) You must have some objectively verifiable proof of your customary billing rates, because the Court will likely require it.

Robbins Geller
Rudman & Dowd LLP

May 25, 2018
Page 10

**Format**

      1.      In order for the Chair to maintain all time submissions in a fully sortable and searchable format, all of the time and expense submissions must be provided by submitting counsel in the following format.

      2.      Counsel must use the Excel forms provided as Exhibits to this memorandum. This means that each monthly submission will consist of one Excel file, within which there will be four "sheets" (marked by tabs at the bottom): "Monthly Time Report," "Monthly Time report Summary," "Monthly Expense Report," and "Supplemental Expense Report."

      3.      In the "Monthly Time Report," the person who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (*e.g.*, Smith, John). Please do not use abbreviations or initials in this column.

      4.      The tasks performed should be described in detail, along with the time spent, the appropriate billing code for the tasks, and the member of the Executive or Steering Committee who assigned the task.

      5.      In all reports, the date must be provided in month/day/year format (*e.g.*, 10/23/14).

**Deadlines -- REMINDER**

As noted above, time submissions shall be made to the Executive Committee Chair on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on **June 15, 2018**, and should include all time and expense from inception of work on your cases through May 31, 2018. After this first submission, each monthly submission should include all time and expenses incurred from the first to the last day of the preceding month. Once again, if you are seeking to be compensated for pre-consolidation work as set forth above, you must include the relevant time and expenses in your first submission and detailed reasons for the request(s). Failure to include pre-consolidation time and expenses will be understood as your decision not to seek such reimbursement.