JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
MARK C. MOLUMPHY (SBN 168009)
*mmolumphy@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650.697.6000

LAURENCE D. KING (SBN 206243)
*lking@kaplanfox.com*
MARIO M. CHOI (SBN 243409)
*mchoi@kaplanfox.com*
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415.772.4700

FREDERIC S. FOX (*pro hac vice*)
*ffox@kaplanfox.com*
DONALD R. HALL (*pro hac vice*)
*dhall@kaplanfox.com*
DAVID A. STRAITE (*pro hac vice*)
*dstraite@kaplanfox.com*
MAIA C. KATS (*pro hac vice pending*)
*mkats@kaplanfox.com*
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: 212.687.1980

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD |
| | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge: Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor<br>Date: December 4, 2020<br>Time: 10:00 a.m. |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 4, 2020, at 10:00 a.m., in Courtroom 4 of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, San Jose, California 95113, the Honorable Edward J. Davila, presiding, Named Plaintiffs[1] will and hereby do move for an Order:

    (i)    Granting final certification of the Settlement Class under Federal Rules of Civil Procedure ("Rule") 23(a) and 23(b)(3);

    (ii)    Granting final approval of the proposed Settlement reached between Named Plaintiffs and Apple Inc., under Rule 23(e);

    (iii)    Finding that notice has been conducted in accordance with the Court-approved notice plan and comports with due process and Rule 23; and

    (iv)    Dismissing with prejudice Named Plaintiffs' and Settlement Class Members' claims against Defendant Apple Inc.

This motion is based upon this Motion, the Memorandum of Points and Authorities, the accompanying Joint Declaration of Joseph W. Cotchett and Laurence D. King in Support of Plaintiffs' Motions for Final Approval and for Attorneys' Fees, Expenses, and Service Awards ("Joint Declaration"), and the exhibits attached thereto, the Stipulation of Settlement and the exhibits attached thereto, the pleadings and records on file in this Action, and other such matters and argument as the Court may consider at the hearing of this motion.

## STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should grant final certification of the Settlement Class under Rules 23(a) and 23(b)(3);

2.    Whether the Court should grant final approval of the Settlement;

3.    Whether the plan of allocation is fair, reasonable, and adequate; and

---

[1] All capitalized words are defined in the Stipulation of Settlement dated February 28, 2020 ("Stipulation" or "Settlement"), unless otherwise noted.

4.      Whether the Court should enter judgment of dismissal of Named Plaintiffs' and Settlement Class Members' claims against Defendant Apple Inc.

PLTFS' NOT. OF MOT. & MOT. FOR FINAL APPROVAL OF PROPOSED SETTLEMENT. AND MPA IN SUPPORT

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................................. 1

II.  PROCEDURAL HISTORY .................................................................................................. 2

    A.  Summary of Litigation ............................................................................................. 2

    B.  Settlement Negotiations and Mediation ................................................................... 3

    C.  Settlement Terms ...................................................................................................... 3

    D.  Preliminary Approval ............................................................................................... 4

    E.  Notice to the Class .................................................................................................... 5

    F.  Class Response ......................................................................................................... 6

III.  ARGUMENT ........................................................................................................................ 6

    A.  Legal Standards for Final Approval ......................................................................... 6

    B.  The Court Should Certify the Settlement Class ....................................................... 6

    C.  The Court Should Grant Final Approval of the Settlement ...................................... 8

        1.  The Proposed Settlement Provides A Substantial Recovery, Taking Into Account the Risks and Benefits of Continued Litigation .................... 9

        2.  The Stage of the Proceedings and the Discovery Completed Support the Settlement ............................................................................................ 11

        3.  The Proposed Settlement is the Product of a Mediator's Proposal and is Supported by Experienced Counsel ............................................... 12

    D.  The Proposed Plan of Allocation is Fair, Reasonable, and Adequate .................... 13

    E.  The Proposed Attorney Fee Award is Reasonable ................................................. 15

    F.  The Class Members' Positive Reaction Favors Final Approval ............................. 15

    G.  The Court-Approved Notice Program Satisfies Due Process and Adequately Provided Notice to Class Members ................................................... 18

        1.  The Approved Notice Plan Was Implemented ........................................... 19

        2.  The Notice Program Satisfies Due Process ............................................... 19

IV.  CONCLUSION ................................................................................................................... 22

Pltfs' Not. of Mot. & Mot. for Final Approval of Proposed Settlement. and MPA in Support

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adoma v. Univ. of Phoenix Inc.*,
  913 F. Supp. 2d 964 (E.D. Cal. 2012) ...................................................................6

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)..............................................................................................8

*Beck-Ellman v. Kaz USA, Inc.*,
  No. 3:10-CV-02134-H-DHB, 2013 WL 1748729 (S.D. Cal. Jan. 7, 2013) ...............14

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) ........................................................................20, 21

*Churchill Vill., LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ...............................................................................15

*Ebarle v. Lifelock, Inc.*,
  No. 15-cv-00258-HSG, 2016 WL 234364 (N.D. Cal. Jan. 20, 2016) ......................12

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ........................12

*Four in One Co. v. S.K. Foods, L.P.*,
  No. 2:08-CV-3017 KJM EFC, 2014 WL 4078232 (E.D. Cal. Aug. 14, 2014) ...........13

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..............................................................................17

*In re Apple Inc. Device Perf. Litig.*,
  347 F. Supp. 3d 434 (N.D. Cal. 2018) .....................................................................2

*In re Apple Inc. Device Perf. Litig.*,
  386 F. Supp. 3d 1155 (N.D. Cal. 2019) ...................................................................2

*In re Apple Inc. Device Perf. Litig.*,
  No. 5:18-md-02827-EJD, 2019 WL 1993916 (N.D. Cal. May 6, 2019).....................3

*In re Apple Inc. Device Perf. Litig.*,
  No. 5:18-md-02827-EJD, 2019 WL 3973752 (N.D. Cal. Aug. 22, 2019) ..................3

*In re Citric Acid Antitrust Litig.*,
  145 F. Supp. 2d 1152 (N.D. Cal. 2001) .................................................................13

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
  No. 1:17-md-2800-TWT, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020).....................16

*In re Fleet/Norstar Sec. Litig.*,
  935 F. Supp. 99 (D.R.I. 1996) ..............................................................................15

*In re Haier Freezer Consumer Litigation*,
  No. 5:11-CV-02911-EJD, 2013 WL 2237890 (N.D. Cal. May 21, 2013) .................14

*In re Magsafe Apple Power Adapter Litig.*,
No. 5:091- cv-01911-EJD, 2015 WL 428105 (N.D. Cal. Jan. 30, 2015) ...............................21

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) .........................................................................13

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) ...............................................................................8, 21

*In re Portal Software Sec. Litig.*, N
o. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007).............................11

*In re TD Ameritrade Account Holder Litigation*,
No. C 07-2852 SBA, 2011 WL 4079226 (N.D. Cal. Sept. 13, 2011) .........................15

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
No. 2672 CRB (JSC), 2016 WL 6248426 (N.D. Cal. Oct. 25, 2016) .........................11

*Lane v. Facebook, Inc.*,
696 F.3d 811 (9th Cir. 2012) ...............................................................................19, 20

*Lemus v. H & R Block Enterprises LLC.*,
No. C 09-3179 SI, 2012 WL 3638550 (N.D. Cal. Aug. 22, 2012)...............................15

*Lewis v. Green Dot Corporation*,
No. CV 16-3557 FMO (AGRx), 2017 WL 4785978 (C.D. Cal. June 12, 2017)......................14

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) .......................................................................................10

*McCrary v. Elations Co.*,
No. EDCV 13-0242 JGB (SPx), 2016 WL 769703 (C.D. Cal. Feb. 25, 2016) .........................21

*McNeal v. RCM Technologies USA Inc.*,
No. 2:16-cv-05170-ODW(SSx), 2017 WL 1807595 (C.D. Cal. Mar. 16, 2017) .....................15

*Mullins v. Direct Digit., LLC*,
795 F.3d 654 (7th Cir. 2015) .......................................................................................20

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004)..................................................................................15

*Noll v. eBay*,
309 F.R.D. 593 (N.D. Cal. 2015).....................................................................................8

*Officers for Just. v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
688 F.2d 615 (9th Cir. 1982) .......................................................................................18

*Pulaski & Middleman, LLC v. Google, Inc.*,
802 F.3d 979 (9th Cir. 2015) .......................................................................................10

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ...............................................................................19, 20

**TABLE OF AUTHORITIES (cont'd.)**

Page(s)

*Roe v. Frito-Lay, Inc.*,
   No. 14-cv-00751-HSG, 2016 WL 4154850 (N.D. Cal. Aug. 5, 2016)......................................10

*Russell v. Kohl's Dep't Stores, Inc.*,
   No. ED CV 15-1143 RGK (SPx), 2016 WL 6694958 (C.D. Cal. Apr. 11, 2016)......................22

*Schaffer v. Litton Loan Serv., L.P.*,
   No. CV 05-07673 MMM (JCx), 2012 WL 10274679 (C.D. Cal. Nov. 13, 2012) ....................10

*Spann v. JC Penney Corp.*,
   314 F.R.D. 312 (C.D. Cal. 2016)....................................................................................8, 12

*Villegas v. J.P. Morgan Chase & Co.*,
   No. CV 09–00261 SBA (EMC), 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012)......................13

*Vizcaino v. U.S. Dist. Ct. for W.D. Wash.*,
   173 F.3d 713 (9th Cir. 1999) ........................................................................................10

*Wang v. Chinese Daily News, Inc.*,
   737 F.3d 538 (9th Cir. 2013) ..........................................................................................6

*Williamson v. McAfee, Inc.*,
   No. 5:14-cv-00158-EJD, 2016 WL 4524307 (N.D. Cal. Aug. 30, 2016)..................................21

**Statutes**

28 U.S.C.
   § 1407 ..............................................................................................................................2

**Rules**

Federal Rules of Civil Procedure
   Rule 23................................................................................................................6, 7, 8, 21
   Rule 23(a)..................................................................................................................6, 22
   Rule 23(a)(1).....................................................................................................................7
   Rule 23(a)(2).....................................................................................................................7
   Rule 23(a)(3).....................................................................................................................7
   Rule 23(a)(4).....................................................................................................................7
   Rule 23(b)......................................................................................................................7, 8
   Rule 23(b)(3)..................................................................................................7, 8, 18, 22
   Rule 23(b)(3)(C)-(D) .......................................................................................................8
   Rule 23(c)(2)(B) ...........................................................................................5, 19, 20, 21
   Rule 23(e) ..............................................................................................................1, 8, 22
   Rule 23(e)(1).........................................................................................................18, 20, 21
   Rule 23(e)(2)...............................................................................................................6, 9
   Rule 23(e)(2)(C) .............................................................................................................15
   Rule 23(e)(5).............................................................................................................20, 21
   Rule 23(h)(1).....................................................................................................................20
   Rule 30(a) ........................................................................................................................11

**Treatises**

4 Albert Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS
   §§ 11.22, *et seq.* (4th ed. 2002)......................................................................................6

PLTFS' NOT. OF MOT. & MOT. FOR FINAL APPROVAL OF PROPOSED SETTLEMENT. AND MPA IN SUPPORT

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

After years of hard-fought and contentious litigation, the Parties have reached a Settlement to resolve the proposed Settlement Class's claims against Defendant Apple Inc. ("Defendant" or "Apple").   The Settlement was reached only after extensive arm's-length negotiations between experienced counsel, including several in-person mediation sessions and additional negotiations facilitated by a highly respected mediator, Judge Layn R. Phillips (Ret.) of Phillips ADR.   The Settlement, based upon a "mediator's proposal," will result in a substantial payment by Apple, between $310 million and $500 million, for the benefit of Settlement Class Members.

During the course of the litigation, Named Plaintiffs, through co-lead counsel Cotchett, Pitre & McCarthy, LLP and Kaplan Fox & Kilsheimer LLP ("Class Counsel"), as well as other law firms appointed by the Court, among other things: (i) conducted a wide-ranging investigation into the Settlement Class's claims; (ii) filed two comprehensive complaints; (iii) successfully opposed Defendant's motions to dismiss as to certain theories of liability; (iv) engaged in a comprehensive discovery program, including 19 depositions, responses to thousands of discovery requests, the review of more than 7 million pages of documents, and extensive motion practice over a litany of discovery issues; and (v) consulted with expert consultants.  As a result, Named Plaintiffs and Class Counsel had a thorough understanding of the relative strengths and weaknesses of the claims asserted at the time the Settlement was reached and continue to have such an understanding.

As demonstrated below, this is an excellent recovery for the Settlement Class considering the substantial risks at class certification and trial.  Based on an informed evaluation of the facts and governing legal principles, and their recognition of the substantial risk and expense of continued litigation, Named Plaintiffs submit that the proposed Settlement is fair, reasonable, and adequate under Rule 23(e).

## II.   PROCEDURAL HISTORY

### A.   Summary of Litigation[2]

On December 20, 2017, Apple released a statement regarding a performance management feature in its iOS 10.2.1 and iOS 11.2 software to prevent unexpected power-offs from occurring in its devices.  Between December 2017 and June 2018, the Federal Actions, consisting of 66 underlying class action complaints, were filed against Apple.  Beginning on April 4, 2018, the Federal Actions were consolidated in the Northern District of California by the U.S. Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407, into MDL proceedings captioned *In re Apple Inc. Device Performance Litigation*, No. 18-md-2827-EJD [Dkt. 1].

After their appointment [Dkt. 99], and following extensive investigation into the claims, Class Counsel filed a Consolidated Amended Complaint ("CAC") on July 2, 2018 [Dkt. 145].  On October 1, 2018, the Court granted in part and denied in part Apple's motion to dismiss the CAC [Dkt. 219], following briefing and oral argument by the parties.  *See In re Apple Inc. Device Perf. Litig.*, 347 F. Supp. 3d 434 (N.D. Cal. 2018).

On November 30, 2018, Class Counsel filed the operative Second Consolidated Amended Complaint ("2CAC") [Dkt. 244].  The 2CAC asserted claims for fraud, breach of contract, violation of the consumer protection laws of various states, trespass to chattels, and violations of the California Computer Data Access and Fraud Act, and the federal Computer Fraud Abuse Act ("CFAA").  *Id.*  On April 22, 2019, after a second round of motion to dismiss briefing and further oral argument, the Court granted in part and denied in part Apple's motion to dismiss the 2CAC [Dkt. 331].  *See In re Apple Inc. Device Perf. Litig.*, 386 F. Supp. 3d 1155 (N.D. Cal. 2019).  The Court dismissed, with prejudice, claims that the iPhones were "defective," claims based on certain iPhone 5/5c/5s devices, and common law and statutory fraud claims (whether based on a theory of affirmative misrepresentation or omission).  *Id.*  The Court also dismissed, without prejudice, claims related to Named Plaintiffs' theory that Apple had breached contractual obligations.  *Id.*  The Court upheld the claims for trespass to chattels and claims under the CFAA.  *Id.*  After Named Plaintiffs

---

[2] A more detailed description of the procedural history is provided in the Joint Declaration.

1   decided not to amend the 2CAC, Defendant answered the 2CAC on July 31, 2019 [Dkt. 365].

2       The Parties engaged in intensive, detailed, and complex discovery in the Action.  Class

3   Counsel served more than 170 document requests on Apple, in response to which Apple produced

4   more than **seven million** pages of documents.  Apple served over 3,000 written discovery and

5   document requests to Named Plaintiffs, who produced more than 6,000 pages of documents.

6   Named Plaintiffs also litigated issues over the collection and production of the iPhones of Named

7   Plaintiffs.  The Parties deposed 19 individuals, including 10 Apple witnesses and nine Named

8   Plaintiffs (Romeo Alba, Denise Bakke, Alisha Boykin, Steven Connolly, Alvin Davis, Loren

9   Haller, Charlene Lowery, Cynthia Stacy, and Trent Young).  The Parties also litigated multiple

10  discovery disputes before the Honorable Rebecca Westerfield (Ret.) of JAMS as Special Discovery

11  Master, as well as before this Court.  *See, e.g.*, *In re Apple Inc. Device Perf. Litig.*, No. 5:18-md-

12  02827-EJD, 2019 WL 1993916 (N.D. Cal. May 6, 2019); *id.*, 2019 WL 3973752 (N.D. Cal.

13  Aug. 22, 2019).

14      **B.**      **Settlement Negotiations and Mediation**

15      The Parties engaged in extensive, arms-length negotiations over the course of many months,

16  including several all-day, in-person mediation sessions and numerous additional discussions with

17  Judge Phillips, a former United States District Judge and highly respected mediator.  After the third

18  in-person mediation with Judge Phillips on September 27, 2019, Judge Phillips made a mediator's

19  proposal to the Parties.  The Parties accepted the proposal, with continued involvement by the

20  mediator throughout the process of negotiating a term sheet and long-form settlement agreement

21  along with detailed issues of resolution.  *See* Decl. of Layn Phillips, dated Aug. 21, 2020, ¶ 9.

22      **C.**      **Settlement Terms**

23      The Settlement is a comprehensive resolution of all claims in this Action and in the

24  California JCCP Action, captioned *In re Apple OS Cases*, JCCP No. 4976 (Cal. Super. Ct., S.F.

25  Cty.).  The Settlement provides for a non-reversionary Minimum Class Settlement Amount of

26  $310 million, with a Maximum Class Settlement Amount of $500 million, in cash, for the benefit

27

28

of the proposed Settlement Class, comprised of all eligible former or current U.S. iPhone[3] owners.[4]

For a release of their claims, Settlement Class Members will receive a $25 cash payment for each iPhone owned, though the specific amount of that payment may increase or decrease depending on the amount of any Attorneys' Fees and Expenses, Named Plaintiff Service Awards, Notice expenses, and the aggregate value of Approved Claims. In particular, if payment of $25.00 for each iPhone device identified as Approved Claims, plus the payment of Attorneys' Fees and Expenses, Named Plaintiff Service Awards, and Notice and administration fees does not reach the Minimum Class Settlement Amount, the Residual will be allocated according to the Stipulation, including increasing payments to Settlement Class Members on a pro rata basis. Conversely, if the number of iPhone devices identified as Approved Claims, multiplied by $25.00, exceeds the Maximum Class Settlement Amount of $500 million, then the cash payment for each iPhone will be reduced on a pro rata basis in order to not exceed the Maximum Class Settlement Amount of $500 million.

Under the Settlement, Named Plaintiffs may also seek Service Awards of $3,500 for those who were deposed in the Action and $1,500 for all others. Class Counsel may also seek an award of attorneys' fees and expenses and, in a separate motion filed herewith, have requested an award of 28.3% of the Minimum Class Settlement Amount, or $87.73 million, as reasonable attorneys' fees, and $995,244.93 for out-of-pocket expenses. The Settlement is not conditioned upon the Court's approval of the full (or any) amount of Service Awards or Attorneys' Fees and Expenses.

**D.      Preliminary Approval**

On February 28, 2020, Named Plaintiffs filed their motion for preliminary approval of the Settlement [Dkt. 415]. The parties attended the preliminary approval hearing on May 15, 2020 [Dkt. 426]. On May 27, 2020, the Court granted Plaintiffs' motion for preliminary approval,

---

[3] "iPhone" means Apple iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices. Stip. § 1.16.

[4] There will not be a classwide settlement for non-U.S. Named Plaintiffs, who will be releasing their individual claims only to the extent they signed on to the Settlement (all but one did). Because non-U.S. iPhone owners' claims will not be released (other than the non-U.S. Named Plaintiffs), they may pursue their own claims outside the Settlement.

1     provisionally certified the nationwide settlement Class, and directed notice to be issued to Class

2     members pursuant to the Settlement and preliminary approval motion (the "Preliminary Approval

3     Order") [Dkt. 429].

4          **E.**     **Notice to the Class**

5          Notice was successfully disseminated to the Class by Court-approved Settlement

6     Administrator, Angeion Group ("Angeion"). Decl. of Settlement Administrator ("Angeion Decl.")

7     ¶¶ 4-12. The Settlement Administrator completed distribution of the notices to the members of

8     Settlement Class, in compliance with the Preliminary Approval Order, including (1) direct email

9     and/or postcard notices, (2) a case-specific website, and (3) a case-specific toll-free number. *Id.*;

10    *see also* Stip. § 6.2. The multipart notice program was designed to, and did, provide the "best notice

11    that is practicable under the circumstances." *See* Fed. R. Civ. P. 23(c)(2)(B).

12          The notice program succeeded. 90,119,272 class notices were emailed to potential Class

13    Members, with 2,611,071 returned undeliverable. Angeion Decl. ¶¶ 6-7. 5,617,563 postcard

14    notices were mailed to potential Settlement Class Members.[5] *Id.* ¶¶ 11. In addition, as of

15    August 24, 2020, there have been over 10 million pages views on the case website, and 13,138 calls

16    to the toll-free information line, further demonstrating the success of the notice program. *Id.* ¶ 25.

17    There has been extensive media coverage of the Settlement, with information on how to submit a

18    claim, adding to the overall likelihood that Settlement Class Members were provided notice.

19

20

21

22

---

23    [5] The Settlement required the parties to use their best efforts to mail postcard notices to Settlement Class Members who did not have a valid email address (*e.g.*, where the email notice resulted in a

24    hard bounce back). Stip. §§ 6.2.2, 6.2.4. After analyzing the mailing addresses in the class list, Angeion identified a small number of invalid mailing addresses, including dozens (and hundreds)

25    of postcards that would have been sent to Apple's headquarters, Apple retail stores, third-party retailers of electronics, and other anomalous addresses that are not reasonably calculated to reach the intended class member recipient. Angeion Decl. ¶ 9. Postcard notices were not sent to these

26    addresses, which are associated with approximately 0.15% of the overall class size. *Id.* ¶ 11. As noted above, direct notice has been attempted for more than 99% of the class, easily fulfilling the

27    requirements of the Settlement. Additionally, the Parties are providing a second email notice to all Settlement Class Members with valid email addresses and who have not already submitted claims,

28    opt-out requests, or other contacts to Angeion, the Court, and/or the Parties. *Id.* ¶¶ 13-15.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### F.   **Class Response**

The deadline to submit claims, opt outs, and any objections to the Settlement is October 6, 2020, which provides substantially more time for class members to respond to the settlement than the Court's recommended guideline of 35 days.  As of August 24, 2020, 1,398,731 valid claims have been submitted, and the Parties expect the number of claims submitted to increase through the remainder of the claims period.[6]  Angeion Decl. ¶ 26.  Conversely, only 22 objections to the Settlement or requested award of attorneys' fees and expenses have been filed with the Court—less than 0.002% of the total responses submitted—and only 78 have requested to opt out of the Settlement.  *Id.* ¶ 28.  In addition, Class Counsel has received hundreds of telephone calls, letters and emails from Named Plaintiffs and other class members commenting favorably about the settlement.  *See* Joint Decl. ¶ 59; *id.*, Ex. 1.

## III.   **ARGUMENT**

### A.   **Legal Standards for Final Approval**

Final approval is a multi-step inquiry: first, the Court must certify the proposed settlement class; second, it must determine that the settlement proposal is "fair, reasonable, and adequate;" and third, it must assess whether notice has been provided in a manner consistent with Rule 23 and due process.  Fed. R. Civ. P. 23(e)(2); *Adoma v. Univ. of Phoenix Inc.*, 913 F. Supp. 2d 964, 972 (E.D. Cal. 2012).  These procedures safeguard class members' due process rights and enable the Court to fulfill its role as the guardian of class interests.[7]  The Settlement satisfies each of these requirements.

### B.   **The Court Should Certify the Settlement Class**

Class certification under Rule 23 is a two-step process.  First, the plaintiff must demonstrate that numerosity, commonality, typicality, and adequacy are met.  Fed. R. Civ P. 23(a).  "Class certification is proper only if the trial court has concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied."  *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir.

---

[6] Class member responses are provided as of August 25, 2020, pursuant to the Court's Procedural Guidance for Class Actions.  Plaintiffs will provide an update on any later responses in their reply.

[7] *See* 4 Albert Conte & Herbert Newberg, Newberg on Class Actions §§ 11.22, *et seq.* (4th ed. 2002).

2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)).  A plaintiff must then establish that one of the bases for certification in Rule 23(b) is met.  Here, Named Plaintiffs must demonstrate that "questions of law or fact common to Class Members predominate over any questions affecting only individual members, and . . . [that] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

On May 27, 2020, the Court preliminarily approved the following Settlement Class definition:

> All former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017.

Preliminary Approval Order ¶ 2; Stip. § 1.32.  The Court also clarified the categories of individual excluded from the definition, such as directors, officers, and employees of Apples or its subsidiaries.  *Id.*

Nothing has occurred that would change the Court's previous determination that Named Plaintiffs have satisfied the requirements under Rule 23.  First, pursuant to Rule 23(a)(1), there can be no doubt that numerosity is satisfied as it is undisputed that the class consists of tens of millions of iPhones.  Pursuant to Rule 23(a)(2), there are questions of law or fact common to the class, including whether the performance management feature that Apple introduced in iOS 10.2.1 and iOS 11.2 to avoid unexpected power-offs affected the iPhones.  Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Here, Named Plaintiffs are typical of the Settlement Class they seek to represent, and like other Settlement Class Members, purchased Apple's iPhones and were affected by the performance management feature Apple introduced in iOS 10.2.1 and iOS 11.2.  2CAC ¶¶ 31-270.  Finally, under Rule 23(a)(4), Named Plaintiffs and their counsel do not have any conflicts of interest with other Settlement Class Members and have demonstrated their commitment to prosecute the action vigorously on behalf of the class.

The requirements under Rule 23(b) are also satisfied.  Plaintiffs seek certification under Rule 23(b)(3), which provides that a class action can be maintained where: (1) the questions of law and fact common to members of the class predominate over any questions affecting only individuals; and (2) the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy.  *Noll v. eBay*, 309 F.R.D. 593, 604 (N.D. Cal. 2015).  Here, every Named Plaintiff alleged that they, and all Settlement Class Members, were subjected to the performance management feature that slowed down their iPhone and otherwise caused harm.  This common question can be resolved for all members of the proposed Settlement Class in a single adjudication.  In addition, the class action mechanism is superior for resolving this matter given the very large size of the proposed class weighed against the expense and burden of individual actions.[8]  Because Named Plaintiffs satisfy the Rule 23 requirements, the Court should grant final certification of the Settlement Class.

### C.  <u>The Court Should Grant Final Approval of the Settlement</u>

Rule 23(e) requires the district court to determine whether a proposed settlement is "fair, reasonable, and adequate."  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).  To assess the fairness of a class settlement, Ninth Circuit courts consider a number of factors, including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of future litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at 944 (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

---

[8] "[I]n the context of settlement, the other requirements of Rule 23(b)(3) such as 'the desirability or undesirability of concentrating the litigation of the claims in the particular forum' and 'the likely difficulties in managing a class action[,]' *see* Fed. R. Civ. P. 23(b)(3)(C)-(D), 'are rendered moot and are irrelevant.'"  *Spann v. JC Penney Corp.*, 314 F.R.D. 312, 323 (C.D. Cal. 2016) (quoting *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 444 (E.D. Cal. 2013); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

This Court previously determined that the Settlement satisfies each of the requirements of Rule 23(e)(2).  *See* Preliminary Approval Order ¶¶ 2, 4.  There is no reason to depart from the Court's preliminary conclusion that the proposed Settlement is fair, adequate, and reasonable.

### 1.   The Proposed Settlement Provides A Substantial Recovery, Taking Into Account the Risks and Benefits of Continued Litigation

The non-reversionary Minimum Class Settlement Amount of $310 million (and Maximum Class Settlement Amount of $500 million) is substantial by any measure, and certainly falls within the range of possible approval, taking into account the significant risks and uncertain benefits of continued litigation.  Indeed, based on a damages analysis by Named Plaintiffs' consultant, if Named Plaintiffs fully prevailed on every one of their remaining claims, damages would have amounted to between $18 and $46 per iPhone.  Thus, a $25 per iPhone recovery is considerable by any measure, amounting to between ***54% and 137% of the maximum possible recovery per iPhone***, and—subject to the final calculation of the overall claims rate and approved claims—the actual amount of recovery per device is likely to be higher than $25.

Of course, there is the real and substantial risk that Named Plaintiffs would not be able to obtain any recovery at all.  Because class certification had not been briefed, and no dispositive motions had been made, the Court may ultimately have determined that either class certification is unwarranted or find for Defendant at summary judgment.  For example, Apple has argued throughout the Action that even if a user downloaded iOS 10.2.1 software on his or her iPhone, it does not automatically follow that that individual experienced any problems whatsoever.  That is because, according to Apple, whether a particular iPhone user was affected depends upon how that person used the iPhone, including what "apps" were on the phone, etc.  This position is reflected by the requirement that Settlement Class Members submitting claims attest under penalty of perjury that they experienced "diminished performance" on their eligible devices during the relevant period.  And given the above arguments concerning, among other things, the viability of a worldwide class, although Named Plaintiffs firmly believe that their liability case is strong and that class certification is warranted, it is far from certain whether the Court would ultimately certify a litigation class, deny

1    Defendant's motion for summary judgment, or find that Named Plaintiffs are entitled to any
2    damages. *See Vizcaino v. U.S. Dist. Ct. for W.D. Wash.*, 173 F.3d 713, 721 (9th Cir. 1999). Even
3    if Named Plaintiffs obtained class certification for trial and successfully opposed any motion for
4    summary judgment, and even if Named Plaintiffs successfully proved liability at trial, Named
5    Plaintiffs could still recover nothing because the existence and amount of damages that could be
6    recovered in this case are still uncertain. *Accord Pulaski & Middleman, LLC v. Google, Inc.*,
7    802 F.3d 979, 986 (9th Cir. 2015).

8          Compared with cases where courts have approved settlements with amounts lower than
9    potential damages, the Class Settlement Amounts here constitute a substantial percentage of
10   projected recoverable damages in this Action. *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d
11   1234, 1242 (9th Cir. 1998) ("The fact that a proposed settlement may only amount to a fraction of
12   the potential recovery does not, in and of itself, mean that the proposed settlement is grossly
13   inadequate and should be disapproved.") (citation omitted); *Schaffer v. Litton Loan Serv., L.P.*,
14   No. CV 05-07673 MMM (JCx), 2012 WL 10274679, at *11 (C.D. Cal. Nov. 13, 2012) ("Estimates
15   of a fair settlement figure are tempered by factors such as losing at trial, the expense of litigating
16   the case, and the expected delay in recovery (often measured in years)."); *Roe v. Frito-Lay, Inc.*,
17   No. 14-cv-00751-HSG, 2016 WL 4154850, at *7 (N.D. Cal. Aug. 5, 2016) (noting that "the risks
18   and costs associated with class litigation weigh strongly in favor of settlement" where "Plaintiff
19   would [have been] required to successfully move for class certification under Rule 23, survive
20   summary judgment, and receive a favorable verdict capable of withstanding a potential appeal").

21         Given the disputes that would inevitably lie ahead, including class certification and
22   summary judgment, and given Defendant's vigorous arguments as to the merits, it is not an
23   overstatement to say that Named Plaintiffs faced significant risk. And, even if Named Plaintiffs
24   successfully proved their case at trial, the amount of recovery, if any, could vary widely depending
25   on other factors, including the Court's discretion. Importantly, even if anything were recovered, it
26   would take years to secure, as Apple would undoubtedly appeal any adverse judgment. In
27
28

comparison, the Settlement provides a guaranteed and substantial cash payment of at least $310 million.

### 2.   The Stage of the Proceedings and the Discovery Completed Support the Settlement

In a class action setting, courts look for indications that the parties carefully investigated the claims before reaching a resolution, including propounding and reviewing discovery. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6248426, at *14 (N.D. Cal. Oct. 25, 2016) ("[E]xtensive review of discovery materials indicates [Plaintiffs have] sufficient information to make an informed decision about the Settlement.  As such, this factor favors approving the Settlement."); *see also In re Portal Software Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *4 (N.D. Cal. Nov. 26, 2007).

Here, Class Counsel (and their co-counsel) engaged in extensive investigation, research, and analysis of the Settlement Class's claims, resulting in the Court upholding in part the CAC and 2CAC.  Named Plaintiffs thereafter aggressively pursued discovery from Apple through multiple requests for production of documents and interrogatories, intensive meet and confers, and discovery motion practice before Judge Westerfield and this Court.  Apple produced and Plaintiffs' counsel reviewed over seven million pages of fact-related material.  Named Plaintiffs also deposed 10 Apple witnesses, the presumptive limit under Rule 30(a).  The witnesses included software and hardware engineers who had detailed knowledge of the relevant issues.  In addition, Named Plaintiffs subpoenaed documents from several non-parties, such as cell phone carriers, engaged in multiple discussions concerning the subpoenas with both the non-parties as well as with Apple, and obtained documents in connection with the subpoenas.  This discovery allowed Named Plaintiffs to adequately evaluate the merits of their claims.

Moreover, the Parties engaged in three in-person mediations and received a reasonable assessment of the strengths and weaknesses of their case and a mediator's proposal.  Considering this, Class Counsel and the Named Plaintiffs had sufficient bases to make informed decisions about the relative merits of the case and the fairness of the Settlement.

### 3.   <u>The Proposed Settlement is the Product of a Mediator's Proposal and is Supported by Experienced Counsel</u>

Courts recognize that the opinion of experienced counsel supporting settlement after vigorous arm's-length negotiations is entitled to considerable weight. *See, e.g.*, *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight"); *Spann*, 314 F.R.D. at 323-24.   Courts also recognize that agreements based upon a mediator's proposal demonstrate non-collusive conduct. *See, e.g.*, *Ebarle v. Lifelock, Inc.*, No. 15-cv-00258-HSG, 2016 WL 234364, at *6 (N.D. Cal. Jan. 20, 2016) (finding that acceptance of a mediator's proposal following mediation sessions "strongly suggests the absence of collusion or bad faith"); *Spann*, 314 F.R.D. at 324 (same).

Here, the Parties actively and aggressively litigated the Action, and Class Counsel conducted an extensive investigation into and prosecution of the alleged claims.   Class Counsel also engaged in a rigorous negotiation process with Defense Counsel, and fully considered and evaluated the fairness of the Settlement to the Settlement Class.   The Parties' settlement negotiations were protracted and hard-fought and included the determined assistance of an experienced mediator.   At Judge Phillips' direction, the Parties submitted two rounds of comprehensive mediation statements. After submitting their statements, counsel for all Parties attended in-person mediations before Judge Phillips on January 7, 2019, August 28, 2019, and on September 27, 2019.   The Parties gave detailed and thoughtful presentations of their respective positions.   And Judge Phillips gave the Parties a reasonable assessment of the strengths and weaknesses of their case.   It was only after several months of intense discussions and a mediator's proposal that the Parties were ultimately able to reach an agreement.   Several more months of further negotiations and the mediator's intervention were necessary before the Parties agreed on the final terms of a Memorandum of Understanding, which ultimately culminated in the Settlement.

Additionally, throughout the Action and settlement negotiations, Apple has been vigorously represented by Gibson, Dunn & Crutcher LLP and Covington & Burling LLP, their representation

1   of Defendant being no less rigorous than Class Counsel's representation of the Settlement Class.

2   Because the Settlement is the product of serious, informed, and non-collusive negotiations among

3   experienced counsel and the product of a mediator's proposal, it deserves final approval.  *See*

4   *Villegas v. J.P. Morgan Chase & Co.,* No. CV 09–00261 SBA (EMC), 2012 WL 5878390, at *6

5   (N.D. Cal. Nov. 21, 2012) (noting that private mediation "tends to support the conclusion that the

6   settlement process was not collusive").

7                   **D.      The Proposed Plan of Allocation is Fair, Reasonable, and Adequate**

8           "Approval of a plan for the allocation of a class settlement fund is governed by the same

9   legal standards that are applicable to approval of the settlement; the distribution plan must be 'fair,

10  reasonable and adequate.'"  *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D.

11  Cal. 2001) (citations omitted).  When allocating funds, "[i]t is reasonable to allocate the settlement

12  funds to class members based on the extent of their injuries or the strength of their claims on the

13  merits."  *In re Omnivision Techs., Inc*., 559 F. Supp. 2d 1036, 1045-46 (N.D. Cal. 2008) (citations

14  omitted) (approving securities class action settlement allocation on a "per-share basis"); *Four in*

15  *One Co. v. S.K. Foods, L.P.*, No. 2:08-CV-3017 KJM EFC, 2014 WL 4078232, at * 15 (E.D. Cal.

16  Aug. 14, 2014) (approving "plan of allocation providing for a pro rata distribution of the net

17  settlement fund based on verified claimants' volume of qualifying purchases" as "fair, adequate,

18  and reasonable").

19          Here, U.S. owners will receive at least the $310 million non-reversionary Minimum Class

20  Settlement Amount.[9]  Claims will be computed using the method described in the Settlement.  Stip.

21  §§ 5.1-5.3; *see also id.*, Ex. A (Claim Form).  Settlement Class Members who make a claim will

22  receive cash, the actual amount received depending on the amount of any Attorneys' Fees and

23  Expenses, Named Plaintiff Service Awards, notice and administration expenses, and the number of

24  Approved Claims.  Each Settlement Class Member is eligible to obtain approximately $25 per

25  iPhone. *Id.* § 5.1.  The actual amount may increase or decrease, depending on whether the aggregate

26

27  [9] With the exception of Corporacion Nacional de Consumidores y Usuarios de Chile, the claims of
    the non-U.S. Named Plaintiffs will be released in the Settlement.  Other non-U.S. owners are not
28  affected by the Settlement in any respect. *See* n.4, *supra*.

value of Approved Claims, minus various deductions, reaches the Minimum Class Settlement Amount of $310 million or the Maximum Class Settlement Amount of $500 million.

If the aggregate cash payments to Settlement Class Members exceed the $500 million Maximum Class Settlement Amount, the actual cash payment for each iPhone identified in the Approved Claims will be reduced pro rata to ensure that the aggregate cash payment does not exceed $500 million. *Id.* § 5.2. If the aggregate cash payment does not reach the non-reversionary Minimum Class Settlement Amount, the Residual will be allocated according to the provisions of the Settlement, including giving pro rata increases of the per-device payment. *Id.* §§ 5.3.1-5.3.2. In no event would any of the Residual revert to Apple.

Courts have approved settlement terms and allocation plans in class actions similar to those the Parties are entering into here. In *In re Haier Freezer Consumer Litigation*, No. 5:11-CV-02911-EJD, 2013 WL 2237890, at *1 (N.D. Cal. May 21, 2013), the plaintiffs alleged that the defendant's product allegedly had a defect and asserted claims under, among others, the state consumer protection acts. This Court approved the proposed allocation plan whereby the defendant guaranteed a minimum settlement amount but would contribute up to a maximum settlement amount, basing actual payments "on the number and amount of authorized claims submitted." *Id.* at *2. The defendant further agreed to pay for the costs and expenses for notice and for settlement administration, and for reasonable attorneys' fees and expenses.

Similarly, in *Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 WL 1748729, at *3 (S.D. Cal. Jan. 7, 2013), the court approved a settlement in which the plaintiffs brought claims under California's consumer protection acts for misleading product information. The defendants there, in addition to injunctive relief, guaranteed a minimum settlement amount for class members who submitted valid and timely claims, up to a maximum settlement amount. *Id.* at *2-3. The defendants also agreed to pay the costs of providing notice and for the administration of the settlement, separate and apart from the settlement amount. *Id.* at *3.

Other cases where courts have approved similar minimum and maximum settlement amount terms as in this Action include *Lewis v. Green Dot Corporation*, No. CV 16-3557 FMO (AGRx),

2017 WL 4785978 (C.D. Cal. June 12, 2017); *McNeal v. RCM Technologies USA Inc.*, No. 2:16-cv-05170-ODW(SSx), 2017 WL 1807595 (C.D. Cal. Mar. 16, 2017); *Lemus v. H & R Block Enterprises LLC.*, No. C 09-3179 SI, 2012 WL 3638550 (N.D. Cal. Aug. 22, 2012); and *In re TD Ameritrade Account Holder Litigation*, No. C 07-2852 SBA, 2011 WL 4079226 (N.D. Cal. Sept. 13, 2011).

Class Counsel expect the claims rate to be substantial for consumer product class action settlements of this size, given the direct notice provided to Settlement Class Members, the ongoing traffic to the Settlement Website, and the substantial media coverage of the issues in the case. Indeed, nearly 1.4 million claims have already been received with six weeks remaining in the claims period and a second round of notice underway.  Angeion Decl. ¶ 26.

### E.      The Proposed Attorney Fee Award is Reasonable

The terms of any proposed attorneys' fees award, including the timing of payment is a factor requiring analysis under Rule 23(e)(2)(C).  As set forth in Plaintiffs' Motion for Attorney Fees, Expenses, and Service Awards, filed concurrently, Class Counsel seeks attorneys' fees up to 28.3% of the Minimum Class Settlement Amount, or $87.73 million, plus out-of-pocket expenses of $995,244.93.  Named Plaintiffs incorporate by reference all arguments in the Motion for Attorneys' Fees, Expenses, and Service Awards filed concurrently herewith.

### F.      The Class Members' Positive Reaction Favors Final Approval

The Court should consider the reaction of class members to the proposed settlement when determining the Settlement's fairness. *Churchill Vill.*, 361 F.3d at 575.  "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (collecting cases); *see also In re Fleet/Norstar Sec. Litig.*, 935 F. Supp. 99, 107 (D.R.I. 1996).

While the notice program reached millions of Apple consumers, and almost 1.4 million class members have already responded, as of August 24, 2020, only 78 requests for exclusion were received and only 22 filed objections to the Settlement, an extraordinarily low number, representing

less than 0.002% of all responses and a miniscule portion of the class.  Joint Decl. ¶ 57.

Additionally, many letters submitted to the Court concerned the requirements to submit a claim, rather than the terms of the Settlement itself, such as having to provide information used to verify ownership of an eligible device, like serial numbers, or attesting that they experienced slowed performance.[10]  *See, e.g.*, objections from Daniel Bleaken [Dkt. 432] and Eric Van Winkle [Dkt. 438] (invoice or receipts); Mark Wilson [Dkt. 435] and Anne Barschall [Dkt. 444] (performance attestation); Jane Kim [Dkt. 449], and Clifton Cannon [Dkt. 452] (serial number). But the attestation requirement was an important part of the claims process, because not every iPhone device at issue was arguably impacted by the iOS software updates.  These letters do not weigh against final approval or detract from the overall success of the notice and claim process, which strongly support granting final approval.  Moreover, the information required to submit a claim ensures that the claimant is eligible to participate in the Settlement and that the information provided is accurate.  "[T]here is nothing unfair about requiring a claimant to meet the eligibility requirements for a particular benefit."  *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800-TWT, 2020 WL 256132, at *30 (N.D. Ga. Mar. 17, 2020) (citing MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.66 ("Class members must usually file claims forms providing details about their claims and other information needed to administer the settlement.")).  The claims process also provided alternative methods to submit claims, as well as a search tool that individuals could use to identify devices associated with their Apple ID that are eligible as part of the Settlement Class.  Individuals also had the option of mailing written claim forms for class members who no longer can determine their serial numbers or locate ownership information, and thousands of class members have successfully submitted such forms.

Edward and Darlene Door's 55-page written objection [Dkt. 423] claims that Cotchett, Pitre & McCarthy had a "conflict of interest" representing Apple customers in this Action while

---

[10] If a claim was not accepted by the Settlement Website, the cause may have been that the particular iPhone device is not a part of the Settlement Class.  As stated in the Settlement Class definition, the Settlement only includes those devices that ran the applicable iOS update as of December 21, 2017 and does not include every device of the relevant iPhone models.  This is made clear in the short-form and long-form notices, on the Settlement Website, and on the paper and digital Claim Forms.

1    simultaneously representing Apple in an antitrust case, *In re Lithium Ion Antitrust Litigation*, Case

2    No. 4:13-md-02420 (YGR), where Cotchett, Pitre & McCarthy allegedly had unfair access to

3    Apple's confidential files about its battery business.  As a result of this alleged conflict, the Orrs

4    ask the Court to disqualify Cotchett, Pitre & McCarthy from this case.  *Id.*   However, these

5    assertions are false.  Cotchett Pitre & McCarthy does _not_ represent Apple and has never had access

6    to Apple's confidential battery business files in the *Lithium Ion* case.

7         Erik Summers [Dkt. 433] objects that the settlement consideration is too _low_, asking the

8    Court to require further investigation into allegations of fraudulent conduct by Apple.  However,

9    the Court previously dismissed claims in this Action premised on allegations of fraud, following

10   extensive investigation and discovery by Named Plaintiffs, and there is "no guarantee that the class

11   would receive a better deal" than the one reached in this Settlement.  *See Hanlon v. Chrysler Corp.*,

12   150 F.3d 1011, 1027 (9th Cir. 1998).  As the Ninth Circuit has explained:

13        Of course it is possible, as many of the objectors' affidavits imply, that the settlement
         could have been better.  But this possibility does not mean the settlement presented
14        was not fair, reasonable or adequate.  Settlement is the offspring of compromise; the
         question we address is not whether the final product could be prettier, smarter or
15        snazzier, but whether it is fair, adequate and free from collusion.

16   *Id.* at 1027.  Conversely, Marin MacKerel [Dkt. 441] objects that the settlement consideration is

17   too _high_, characterizes Apple's actions as a "PR misstep," and asks the Court to reduce Apple's

18   payment as much as possible.  Similarly, Frank Olozaga [Dkt. 448] asserts that because electronic

19   products normally slow down over time, there is no basis for a lawsuit or settlement with Apple.

20   J. Johnson [Dkt. 451] also objects that the settlement will "penalize" Apple for software that

21   improved the customer experience, asking the Court to dismiss the case instead.  Finally, Chrisman

22   Lau [Dkt. 456] objected to the Settlement and called the Named Plaintiffs' case against Apple

23   "unfounded" because any slowdowns to her device were acceptable.  These objections all lack

24   support for their positions, either that the Settlement is too low or too high, and illustrate the

25   uncertainty of litigation and the inherent risks to the Settlement Class in how a trier-of-fact would

26   view the underlying conduct.

27        Evan Nayee [Dkt. 436] objects to the proposed distribution of $25 per device and asks that

28

class members receive $29 per device instead, the same reduced amount that Apple offered customers to replace their batteries.  However, the $25 payment is a baseline amount that is potentially subject to increase on a pro rata basis, depending on the claims rate.  Moreover, Mr. Nayee does not explain how Apple's replacement price is relevant to damages in this case, nor why $29 is a more appropriate amount to distribute than $25, which was based on Named Plaintiffs' analysis of potential damages.  Similarly, Dominique Morgan [Dkt. 457] objects to distribution of $25 per device and claims that that payment of $1,500 to $3,500 would be a more appropriate amount for the seven devices she owns.  Ms. Morgan provides no basis to support her higher claim.

Finally, Terrence O'Toole [Dkt. 437] claims that he was unable to determine the identity of the Named Plaintiffs representing the proposed Class, nor the substance of the claims to permit him to evaluate the proposed Class Settlement Amounts.[11]  However, the Named Plaintiffs are all included in the 2CAC, and the Settlement itself not only includes a list of all Named Plaintiffs but nearly all of them personally signed the Settlement Agreement.  Moreover, the Court-approved notices contain substantial information about the case, including the claims and defenses, and the Settlement Website has links to many key pleadings in the case, along with directions to access other records from the Court's PACER system.  Mr. O'Toole's objections are belied by the substantial information made available to Settlement Class Members.

## G.   The Court-Approved Notice Program Satisfies Due Process and Adequately Provided Notice to Class Members

Before final approval of a class action settlement, the Court must find that class members were notified in a reasonable manner.  Fed. R. Civ. P. 23(e)(1).  When a settlement class is certified under Rule 23(b)(3), class members must receive "the best notice that is practicable under the circumstances."  Fed. R. Civ. P. 23(b)(3).  The notice program cannot "systematically leave any group without notice."  *Officers for Just. v. Civil Serv. Comm'n of City & Cty. of San Francisco*,

---

[11] Mr. O'Toole also complains about the information provided for Class Counsel's proposed award of attorneys' fees and expenses.  Named Plaintiffs respond to Mr. O'Toole's concerns, and other objections related to attorneys' fees and expenses, in their Motion for Attorneys' Fees, Expenses, and Service Awards, filed concurrently herewith.

688 F.2d 615, 624 (9th Cir. 1982).  Settlement notice must describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012).  The notice plan must ultimately comport with due process requirements.  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).  Here, the Court-approved notice plan implemented by the Parties and the Settlement Administrator comports with due process and was the best practicable means under the circumstances.  *See generally* Angeion Decl. ¶¶ 6-25.

### 1.    The Approved Notice Plan Was Implemented

The notice program proposed by Named Plaintiffs in their motion for preliminary approval of the Settlement [Dkt. 415-416] and approved by the Court in the Preliminary Approval Order [Dkt. 429] includes *direct* notice emailed and/or mailed to Class Members, and has been fully implemented by Angeion Group, the Settlement Administrator.  The Parties estimate that direct notice has been sent to over 99% of the class.

As set forth in the Declaration submitted by the Court-approved Settlement Administrator, Angeion Group, since the entry of the Preliminary Approval Order, Angeion has (i) emailed 90,119,272 copies of the notice to potential Settlement Class Members, (ii) mailed 5,617,563 copies of the notice to potential Settlement Class Members, and (iii) created and managed the Settlement Website, www.smartphoneperformancesettlement.com.  *See* Angeion Decl. ¶¶ 6, 11.  The Settlement Website provides information to potential Settlement Class Members about the litigation and the Settlement, contains links to important settlement documents, in both English and Spanish, and allows Settlement Class Members to file claims electronically.  Settlement Class Members are also provided a toll-free line, available 24 hours a day, 7 days a week, dedicated to answering their questions.  To date, there have been almost 10.5 million page views of the Settlement Website and 13,138 calls to the toll-free line.  *See id.* ¶¶ 24-25.

### 2.    The Notice Program Satisfies Due Process

Under Rule 23(c)(2)(B), settlement notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through

reasonable effort." *See* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the propos[ed settlement].").   Notice "must generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *Lane*, 696 F.3d at 826 (citation omitted).

Due process requires the best notice that is practicable under the circumstances.  *See Rodriguez*, 563 F.3d at 963.   It does not require actual notice to each and every class member. *Briseno v. ConAgra Foods, Inc*., 844 F.3d 1121, 1128 (9th Cir. 2017) ("neither Rule 23 nor the Due Process Clause requires actual notice to each individual class member").   Courts recognize that "it might be *impossibl*e to identify some class members for purposes of actual notice."  *Mullins v. Direct Digit., LLC*, 795 F.3d 654, 665 (7th Cir. 2015) (emphasis in original).

Here, the notices include all the information required under Rule 23(c)(2)(B): (1) the nature, history, and status of the Action; (2) the definition of the Settlement Class and who is excluded from it; (3) the reasons the Parties propose the Settlement; (4) the Minimum and Maximum Class Settlement Amounts; (5) the estimated payment per individual; (6) the Settlement Class's claims and issues; (7) the Parties' disagreement over damages and liability; (8) the amount of Service Awards for Named Plaintiffs; (9) the plan for allocating the Settlement proceeds to the Settlement Class; and (10) the date, time, and place of the Final Hearing.  *See* Angeion Decl., Exs. A-E. The Class Notice satisfies the requirements of Rule 23(h)(1), as it notifies Settlement Class Members that Class Counsel will apply to the Court for attorneys' fees and costs as a percentage of the Minimum Class Settlement Amount and its impact on Settlement Class Members.  *Id.*  The Class Notice complies with Rule 23(e)(5) in that it discusses the rights Settlement Class Members have concerning the Settlement.   *Id.*   The Class Notice includes information on a Settlement Class Member's right to: (1) request exclusion and the manner for submitting such a request; (2) object to the Settlement, or any aspect thereof, and the manner for filing and serving an objection; and (3) participate in the Settlement and instructions on how to complete and submit a Claim Form to the Settlement Administrator.  *Id.*  The Notice also provides contact information for Class Counsel,

1    as well as the postal address for the Court.  *Id.* The Notice further conveys all information necessary

2    for class members to make informed decisions relating to the Settlement, and all information called

3    for under the Northern District guidelines.  *Id.*

4              The direct notice procedure and the information posted on the Settlement Website meet the

5    requirements under Rules 23(c)(2)(B) and 23(e)(1), and are consistent with the Northern District's

6    Procedural Guidance.  Specifically, Apple provided the Settlement Administrator with the email

7    address of record on the Apple ID account of the members of the Settlement Class, as well as names,

8    mailing addresses, and relevant iPhone serial numbers.  *Id.* ¶ 4.  Emails of the Summary Notice

9    were sent by the Settlement Administrator to those whose email addresses were valid; otherwise,

10   the Settlement Administrator mailed a copy of the Summary Notice to that Settlement Class

11   Member.  *Id.* ¶¶ 6, 11.  A copy of the Class Notice, together with the Claim Form and various Court

12   orders and other filings, were posted and available for download on the Settlement Website.  *Id.*

13   ¶ 17.  The Settlement administrator successfully reached almost 90 million people via email and

14   over 5.6 million people via mail.  As the Court found in its Preliminary Approval Order, this notice

15   plan was the best practicable notice.  *Id.* ¶ 5.

16             The notice program implemented above satisfies due process.  *See, e.g.*, *Online DVD-*

17   *Rental*, 779 F.3d at 941, 946 (notice was first emailed to 35 million class members and then sent

18   via U.S. mail to over 9 million class members whose email addresses generated bounce-back

19   messages); *McCrary v. Elations Co.*, No. EDCV 13-0242 JGB (SPx), 2016 WL 769703, at *7 (C.D.

20   Cal. Feb. 25, 2016) (notice was sent via U.S. mail and email); *Briseno*, 844 F.3d at 1129 ("[N]otice

21   by publication . . . on a website . . . is sufficient to satisfy due process.").  Indeed, this Court has

22   previously approved similar notice programs whereby emails were the primary notice vehicle, *In*

23   *re Magsafe Apple Power Adapter Litig.*, No. 5:091- cv-01911-EJD, 2015 WL 428105, at *10 (N.D.

24   Cal. Jan. 30, 2015) (emails sent to over 5 million class members), and courts routinely find that

25   comparable notice procedures meet the requirements of due process and Rule 23.  *See Williamson v.*

26   *McAfee, Inc.*, No. 5:14-cv-00158-EJD, 2016 WL 4524307, at *7-8 (N.D. Cal. Aug. 30, 2016);

27

28

1  *Russell v. Kohl's Dep't Stores, Inc.*, No. ED CV 15-1143 RGK (SPx), 2016 WL 6694958, at *5

2  (C.D. Cal. Apr. 11, 2016).

3  **IV.    CONCLUSION**

4        For the reasons discussed herein, Named Plaintiffs respectfully request the that this Court:

5  (i) grant final certification of the Settlement Class under Rules 23(a) and 23(b)(3); (ii) grant final

6  approval of the proposed Settlement reached between Named Plaintiffs and Apple Inc., under

7  Rule 23(e); (iii) find that notice has been conducted in accordance with the Court-approved notice

8  plan and due process; and (iv) dismiss with prejudice Named Plaintiffs' and Settlement Class

9  Members' claims against Defendant.

10

                                      Respectfully submitted.

11
                                      **COTCHETT, PITRE & MCCARTHY, LLP**
12
    DATED:  August 26, 2020            /s/ *Joseph W. Cotchett*
13                                          Joseph W. Cotchett

14                                     Joseph W. Cotchett (SBN 36324)
                                       Mark C. Molumphy (SBN 168009)
15                                     Brian Danitz (SBN 247403)
                                       Elle D. Lewis (SBN 238329)
16                                     San Francisco Airport Office Center
                                       840 Malcolm Road, Suite 200
17                                     Burlingame, CA 94010
                                       Telephone: 650-697-6000
18                                     *jcotchett@cpmlegal.com*
                                       *mmolumphy@cpmlegal.com*
19                                     *bdanitz@cpmlegal.com*
                                       *elewis@cpmlegal.com*
20
                                       **KAPLAN FOX & KILSHEIMER LLP**
21
    DATED:  August 26, 2020            ./s/ *Laurence D. King*
22                                          Laurence D. King

23                                     Laurence D. King (SBN 206423)
                                       Mario M. Choi (SBN 243409)
24                                     1999 Harrison Street, Suite 1560
                                       Oakland, CA 94612
25                                     Telephone:  415-772-4700
                                       *lking@kaplanfox.com*
26                                     *mchoi@kaplanfox.com*

27                                     **KAPLAN FOX & KILSHEIMER LLP**
                                       Frederic S. Fox (*pro hac vice*)
28                                     Donald R. Hall (*pro hac vice*)

David A. Straite (*pro hac vice*)
Maia C. Kats (*pro hac vice pending*)
850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*dstraite@kaplanfox.com*
*mkats@kaplanfox.com*

*Interim Co-Lead Counsel for Plaintiffs*

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained

3

from the other signatory.  I declare under penalty of perjury under the laws of the United States of

4

America that the foregoing is true and correct.

5

Executed this 26th day of August 2020, at Pleasanton, California.

6

7

8

    /s/ *Laurence D. King*

9

Laurence D. King

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTFS' NOT. OF MOT. & MOT. FOR FINAL APPROVAL OF PROPOSED SETTLEMENT. AND MPA IN SUPPORT