# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-MD-02827-EJD |
| | **DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF SETTLEMENT** |
| | Judge: Hon. Edward J. Davila |
| THIS DOCUMENT RELATES TO: | Courtroom: 4, 5th Floor |
| | Date: December 4, 2020 |
| ALL ACTIONS | Time: 10:00 A.M. |

Case No. 5:18-md-02827-EJD

DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF SETTLEMENT

I, Layn R. Phillips, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I was selected by the parties to mediate the above-captioned action (the "Action") and did so as an independent mediator.  The formal mediation process, followed by continued negotiations with my assistance, ultimately resulted in the Settlement now before the Court for final approval.

2.      While the mediation process is confidential, the parties have authorized me to inform the Court of the procedural and substantive matters set forth herein in support of final approval of the Settlement.

3.      My statements and those of the parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the parties' part to waive the agreement or the protections of Rule 408.  I make this Declaration based on personal knowledge and am competent to so testify.

4.      I am a former United States Attorney and former United States District Judge.  I also sat by designation on the United States Court of Appeals for the Tenth Circuit in Denver, Colorado.  I resigned from the federal bench in 1991.  From 1991 until 2014, I was a partner in the Newport Beach office of Irell & Manella LLP, where my practice consisted of complex civil litigation, internal investigations and alternative dispute resolution.  I am now the founder and lead mediator at Phillips ADR Enterprises, P.C., formed in November 2014.

5.      For over 20 years, I have successfully mediated high-stakes civil disputes for Fortune 500 companies nationwide.  I have also mediated hundreds of disputes referred by private parties and courts, and have been appointed a Special Master by various federal courts in complex civil proceedings.  I have also served as a Fellow in the American College of Trial Lawyers.  In addition, I have been nationally recognized as a mediator by the Center for Public Resources Institute for Dispute Resolution (CPR), serving on CPR's National Panel of Distinguished Neutrals.

6.      Prior to each in person mediation, the parties provided to me, and exchanged amongst themselves, briefs discussing certain aspects of the factual and procedural background of

the Action, as well as certain of the key disputed factual and legal issues in the Action, along with substantial factual and expert support.

7.     It was apparent to me from the submissions and presentations made by the parties before and during the mediation process that counsel for all parties had performed a thorough examination of the facts underlying the Action and, with the aid of experts, analyzed it to determine appropriate case valuations.  Counsel for all parties were well informed on the current law and provided legal research and analysis of the relevant law.  It was also apparent to me that considerable work was done by counsel for all parties to prepare the case for mediation.

8.     The parties participated in three, all-day, formal mediation sessions before me in Newport Beach, California.  The first session occurred on January 7, 2019, the second occurred six months later, on August 28, 2019, following argument on motons to dismiss, and the final session occurred on September 27, 2019.  In attendance at the mediations were attorneys from Cotchett, Pitre & McCarthy and Kaplan Fox & Kilsheimer LLP, Co-Lead Counsel for Plaintiffs, attorneys from Gibson, Dunn, & Crutcher, counsel for Apple, Inc. ("Apple"), and Apple's in house counsel.  In the periods preceding and following each of these sessions, I also participated in substantial phone and email communications with counsel for the parties.

9.     After the third in-person mediation on September 27, 2019, I made a mediator's proposal to the parties.  The parties later accepted the proposal, and I continued to be involved through the process of negotiating a term sheet and long-form settlement agreement.

10.     After presiding over the lengthy mediation process in this case, I am able to report that the parties' Settlement is the product of vigorous and independent advocacy and arm's-length negotiation conducted in good faith.  There was no collusion between the parties.

11.     Throughout the mediation process, I developed a complete understanding of the full range of the dispute, the respective positions of the parties, and the relative strengths and weaknesses of those positions, as well as the risks, rewards and costs of continued litigation and inevitable appeal.

12.     Based on my knowledge of the issues in dispute, my review of the substantial factual and legal materials presented before and during the mediation, the rigor of the parties'

DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF SETTLEMENT

negotiations, the relative strengths and weaknesses of the parties' positions, and the benefits achieved by the Settlement, I believe the Settlement (a non-reversionary Minimum Class Settlement Amount of $310 million and Maximum Class Settlement Amount of $500 million) represents a well-reasoned and sound resolution of the highly uncertain litigation and that the result is fair, adequate, reasonable and in the best interests of the Settlement Class.  Therefore, I respectfully endorse the final approval of the Settlement by the Court.

I state under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of August, 2020, at Newport Beach, California.

LAYN R. PHILLIPS

DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF SETTLEMENT