# William Kochenderfer
### 10445 SW 137th Place
### Beaverton, OR 97008
### 530-887-1456

September 16, 2020

Clerk of the Court
United States District Court, Northern District of California
San Jose Division
280 South 1st Street
San Jose, CA 95113

Re:  In re Apple Inc. Device Performance Litigation,
Case No. 18- MD-2827-EJD.
Objection to Plaintiff's Request for Attorneys' Fees.

To the Honorable Judge Edward J. Davila:

I am a Settlement Class Member in this action. My "Submitted Claim ID" is: **SMRT01818567** and my "Confirmation Code" is **78219381**. The preceding information was provided to me by email upon submitting my claim. I have no other proof of my membership in the class, but presume the Claims Administrator would be able to confirm my membership if that is required.

The Class Notice I have received states I have until October 6, 2020 to send a letter to your court to object to attorneys' fees and/or expenses. I object.

I have reviewed the filed motion and supporting declarations. You are being asked to award $87 million to attorneys based upon the representation of those attorneys that the time they spent was all reasonable and the result is worth this price. It is a patently outrageous amount and the class of which I am a member has no advocate here. Apple does not care: They are paying a gross amount, and how it gets split up is not their concern. They had net income in 2019 of 55 billion; this settlement of $300 million is about one-half of 1% of their annual net income. If you earn $150,000 a year, this is a settlement of $818. It's nothing to Apple. The plaintiff's attorneys are, for purposes of this motion, not representing anyone except themselves. I am sure the attorneys will want you to focus on the fact that the overall settlement is a gargantuan sum. But the bottom line is these settlements are nearly meaningless to the class members who will get, apparently about $25.

**RECEIVED**

SEP 18 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

Clerk of the Court
United States District Court, Northern District of California
September 16, 2020
Page Two

So the true parties – entrepreneurs – in this case are the individuals who now want an amount that probably works out – if you were to really drill down on the billings – to many <u>thousands</u> of dollars per hour for their time.[1]

They ask you to believe over 68,000 hours were spent on this case, and, to make that feel good and invite you to reward their generosity, they offer that "thousands" of other hours are not even included in the request.

I urge you to engage a firm (specializing in attorney billing audits) – at the expense of and as a cost of the total settlement being paid – to conduct a basic examination or audit of the underlying billing records (i.e. the time records kept at or near the time and place such work was performed), and, very specifically, they should consider whether those underlying billings appear reasonable. If you are going to justify this sort of award as being some acceptable multiplier of the reported hours, then it is only reasonable to scrutinize the reported hours (and I note the supporting declarations offer to provide you that data, on your request).

I offer one additional thought: The request for attorneys' fees is replete with public relations materials about the experience of all the various attorneys, and the cases they have won. I'm not so sure there is as much "contingency" in this case to begin with, and, based on the endless number of cases in which they appear to have prevailed, I'm not so sure they take on many or any cases that they are not pretty certain are going to pay off – the question truly being, simply, how much and how soon.

Please reasonably challenge the details here. I do not have the resources to audit these billings – nor apparently the legal authority to demand them – but you have both. Thank you kindly for your consideration of this letter.

Very truly yours,

William Kochenderfer

D:\Data\WHKPersonal\Apple\Ltr.Court.091620.doc

---

[1] Indeed, I suspect most of the counsel actually working on the case have in fact been paid by their firms, at some amount that is meaningfully less than their stated "street rate." So, in truth, you end up now not really paying attorneys for hours worked, at a premium, but paying investors a return on their investment. The lodestar multiplier cited is 2.4. If an attorney's true compensation is, perhaps 60% of the billed rate, that means, with a 2.4 lodestar, you are giving these investors roughly a 400% return on their investment, over the 3 year period this case apparently went on. It is not clear from the filed papers if, for example, associate or junior attorneys actually receive anything more than their otherwise paid compensation.

Wm. Kochenderfer, Esq.
12210 Herdal Drive, Suite 11
Auburn, CA 95603

PORTLAND OR 972
17 SEP 2020 PM 4 L

Clerk of the Court
United States District Court, Northern District of California
San Jose Division
280 South 1st Street
San Jose, CA 95113