THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
DIANA M. FEINSTEIN, SBN 302626
  dfeinstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:   213.229.7000
Facsimile:    213.229.7520

WESLEY SZE, SBN 306715
  wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304
Telephone:   650.849.5300
Facsimile:    650.849.5333

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO. 5:18-md-02827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**DECLARATION OF CHRISTOPHER CHORBA IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF CHRISTOPHER CHORBA IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 5:18-MD-02827-EJD

I, Christopher Chorba, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and counsel for Defendant Apple Inc. I submit this declaration in support of Apple's Opposition to Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I could and would testify to those facts.

**The JCCP Proceedings**

2. On April 23, 2018, Apple petitioned for coordination of putative class actions that were originally filed in various Superior Courts pursuant to California Code of Civil Procedure §§ 404 and 404.1 and Rule 3.521 of the California Rules of Court. That petition was granted on June 26, 2018, creating the Judicial Council Coordination Proceeding ("JCCP") action captioned *Apple OS Cases*, JCCP No. 4976 (S.F. Super. Ct.).

3. On August 17, 2018, Apple moved to stay the JCCP action pending resolution of this federal MDL Action. In its motion to stay, Apple explained that the JCCP action should be stayed to "avoid the problems of redundant litigation" and because litigating both the MDL and JCCP actions in parallel would "be wasteful and expensive." (Mot. for Stay Pending Resolution of Federal Multidistrict Litig. at 8, *Apple OS Cases*, JCCP No. 4976 (S.F. Super. Ct. Aug. 17, 2018).)

4. Although the JCCP court denied Apple's motion on October 30, 2018, it recognized that the JCCP and MDL Actions were "parallel" and that the "federal class … includes the state consumers," and encouraged the parties to "coordinate discovery as between the state and federal cases." (Order Denying Mot. for a Stay at 3, 4, *Apple OS Cases*, JCCP No. 4976 (S.F. Super. Ct. Oct. 30, 2018).)

**The MDL Litigation Proceedings To Date**

5. Apple opposed Plaintiffs' counsel's application to serve as interim class counsel because it was concerned about the bloated leadership structure and the scores of lawyers that sought to participate in this litigation. On May 10, 2018, I represented Apple at the lead counsel appointment hearing and raised these concerns with the Court. A true and correct copy of excerpts from the transcript of that hearing is attached as **Exhibit A**.

6. In the MDL Action, Plaintiffs' counsel took 10 depositions of Apple employees and defended 9 depositions of Named Plaintiffs, served 24 third-party subpoenas (yielding fewer than 1,000 pages of documents), and produced roughly 6,000 pages of documents in response to Apple's document requests.

7. Apple had to file a motion for sanctions to enforce the Protective Order int his action. (Dkt. 313.) In its Order re Motion for Sanctions, the Court ruled that "[s]hould this litigation result in an award of attorneys' fees to Plaintiffs, the Court will deduct from that award all of Apple's costs and fees related to this issue, including but not limited to preparing its motion and reply, reviewing Plaintiffs' opposition, and preparing for and attending the May 30, hearing." (Dkt. 350 at 6.)

8. On August 31, 2020, I emailed Plaintiffs' counsel (Mark Molumphy, Laurence King, Fred Fox, Donnie Hall, Brian Danitz, Joseph Cotchett, and Tyson Redenbarger) to confirm that their Motion for Attorneys' Fees, Expenses, and Service Awards complied with the Court's Order re Motion for Sanctions (Dkt. 350) by excluding from their fees request all expenses incurred and hours billed in connection with litigating Apple's Motion for Sanctions (Dkt. 313).

9. On September 1, 2020, Mr. Fox responded on behalf of Plaintiffs' counsel by stating only: "In our submissions to the Court we complied with all Court orders including the one you reference." No further emails were exchanged between Apple's counsel and Plaintiffs' counsel on this issue. A true and correct copy of this email exchange is attached as **Exhibit B**.

10. On May 30, 2019, the Court held a hearing on Apple's Motion for Sanctions. A true and correct copy of excerpts from the transcript of that hearing is attached as **Exhibit C**.

11. Apple incurred **$205,591.60** in attorneys' fees and **$5,030.09** in expenses in connection with the work performed by Gibson Dunn on the sanctions motion. The fees represent the 325.9 hours spent by Gibson Dunn attorneys conducting legal and factual research; meeting and conferring with Plaintiffs' counsel about their misconduct and the motion; outlining, drafting, and revising Apple's motion (Dkt. 313), reply brief in support of its motion (Dkt. 322) and the various documents filed in support of its motion (*e.g.*, attorney declarations); analyzing Plaintiffs' counsel's opposition brief (Dkt. 317); engaging in strategy discussions involving Apple's in-house counsel and Gibson Dunn; oral argument preparations; attending the May 30, 2019 sanctions motion hearing; and reviewing the

2
DECLARATION OF CHRISTOPHER CHORBA IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn & Crutcher LLP

Court's sanctions order (Dkt. 350).  The expenses incurred reflect the travel costs for Apple's attorneys to attend the May 30 sanctions hearing (including incidental meals), the transcript fee, and the use of couriers.

12. Pursuant to the Court's order, these amounts should be deducted from any award of attorneys' fees to Plaintiffs' counsel, but the amounts will revert to the settlement class, and not to Apple.  If requested by the Court, however, Apple will make the detailed billing records and itemized expense reports relating to work performed by Gibson Dunn on the sanctions motion available to the Court for *in camera* review.

**Settlement Claims Activity**

13. As of the close of business on October 5, 2020, the Court-appointed Settlement Administrator (Angeion Group) advised that a total of 2,241,190 claims have been submitted, with many additional claims that are still being processed and/or that were submitted before the deadline on October 6.  The process of validating those claims is underway.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 6th day of October, 2020, at Los Angeles, California.

*/s/ Christopher Chorba*
Christopher Chorba

3
DECLARATION OF CHRISTOPHER CHORBA IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 5:18-MD-02827-EJD

Gibson, Dunn & Crutcher LLP