Robert B. Salgado (SBN 297391)
DAVIS & NORRIS, LLP
5755 Oberlin Drive, Suite 301
San Diego, CA 92121
Phone Number 858-333-4103
Fax Number:  205-930-9989
Email:  rsalgado@davisnorris.com

Dargan Ware (SBN 329215)
Andrew Wheeler-Berliner (SBN 290495)
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone; 205.930.9900
dware@davisnorris.com
andrew@davisnorris,com

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No.: 5:18-md-02827-EJD <br><br> **MOTION TO ACCEPT OPT-OUT NOTICES** <br><br> Nov. 2, 2020 |

Movants are putative members of the Settlement Class who wish to opt out of this class. Each of the movants sent opt-out notices that were received by the Settlement Administrator prior to the opt out deadline. The opt-out notices sent by movants followed the instructions in Section 14 ("How do I get out of the settlement") of the notice approved by the Court to be sent to class members. (Doc. 416-2). Despite this, Defendant Apple, Inc. is now taking the position in ongoing litigation in Alabama that these notices were ineffective. Apple takes this position in part because it added an additional requirement, *never* approved by the Court, to the notice it sent to individual class members. Because movants complied with the notice the Court *did* approve, movants hereby request that this Court hold that they effectively opted out of this lawsuit and may bring or continue individual suits against Apple.

### I.  The Opt-Out Requirements, as Approved by the Court

The parties submitted (Doc. 416-2), and the Court approved (Doc. 429), a class notice that contained specific instructions to Class Members as to how to exclude oneself from the settlement. These instructions, in full, are as follows:

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
If you don't want a payment from the settlement, but you want to keep the right to sue, or continue to sue, Apple on your own about the claims and allegations in this case, then you must take steps to get out of the Settlement Class. This is what it means to request to be excluded from or "opt out" of the Settlement Class.

14. How do I get out of the settlement?

To request to be excluded from the settlement, you must send a letter saying that you want to be excluded from the Settlement Class in *In re Apple Inc. Device Performance Litigation*, Case No. 18-MD-2827-EJD. You must include your name, mailing address, telephone number, and your signature. Your exclusion request must be received by no later than [date], 2020, [time] to:

**In re Apple Inc. Device Performance Litigation
ATTN: Claims Administrator
1650 Arch Street Suite 2210
Philadelphia, PA 19103**

If you are excluded, you will not receive any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Apple in the future about the claims and allegations in this case.

1  Class Notice, Doc. 416-2 at 8. The Court set the date as October 6, 2020, stating that "[a]ny putative
2  member of the Settlement Class must submit a request for exclusion, which must be received by the
3  Claims Administrator by October 6, 2020[.]" (Doc. 429 at 5). The Court also stated that anyone who
4  failed to opt out by that date would be bound by the judgment in the MDL Action. (Id.)

5  Thus, taken together, the class notice and the Court's order required the putative class member
6  who wished to opt out to send a document that included his or her name, address, telephone number,
7  and signature to the Claims Administrator. They required that document to state that the class member
8  wished to be excluded from In re Apple Inc. Device Performance Litigation, Case No. 18-MD-2827-
9  EJD. They required that the letter containing this information be received by the Claims Administrator
10  by October 6, 2020. Nothing in either the Class Notice or the Court's order required that the putative
11  class member provide the serial number of his or her device.

12  **II.   Apple Adds an Additional Requirement in the Notice Sent to Individuals.**

13  As explained in Exhibit A, the Declaration of Kristan B. Rivers, Movants' Counsel has
14  represented these individuals for multiple years, beginning before the settlement in this case was
15  reached. Counsel had been following this litigation and began working to opt out these individuals as
16  soon as the Court approved the class notice on May 5, 2020. Counsel worked with Movants to follow
17  the instructions in the Court-approved notice and provide Apple with Movants' names, addresses,
18  telephone numbers, and signatures, along with a statement that the class member wished to be
19  excluded from this litigation. All of the Movants sent a statement complying with the notice as
20  written, which was received by the Settlement Administrator prior to the October 6 deadline set by
21  the Court. (See Ex. B, Delivery Receipt).

22  In addition to being one of movants' counsel, Mr. Rivers is himself a putative member of the
23  class. On September 9, 2020, he received his class notice. This notice, however, differed from the one
24  approved by the Court. In addition to the requirements the court approved, Apple added something
25  new to Paragraph 14, the phrase "eligible Class iPhone serial number." (Id.) As stated, this new
26  addition was never presented to or approved by the Court. Nor did Apple provide any explanation as
27  to why it added this requirement. It is unclear to Movants' counsel whether any class member received
28  the class notice that the Court actually approved, or whether all of them received this adulterated

notice.

### III. Apple Made it Difficult, if Not Impossible, to Comply with this New Requirement.

While any change to the class notice approved by the Court creates potential problems with ensuring proper notice, due process, and fairness to absent class members, this particular change proved to be especially egregious. Even if one could simply look at the device to determine the serial number, class members who wish to opt out should not be required to comply with a condition that was never approved by the Court, especially since many class members would not have kept their devices after Apple made them essentially useless with its upgrade. However, as Mr. Rivers describes in his Declaration, obtaining the information necessary to exclude yourself was difficult or impossible. (Ex. A, Rivers Decl.)

Mr. Rivers possessed two class devices, an iPhone 6 and an iPhone SE, which remained in his possession when he received the notice. (Id. at ¶ 4-5. Though he had his devices, he knew that many of his clients did not, so he attempted to determine how he would provide this information to exclude himself if he did not have the devices. (Id. at ¶ 6) The first thing Mr. Rivers noticed was that no information was provided with the class notice itself that would allow him to determine the serial number. (Id.) Upon receiving the notice, the average class member who did not have access to his or her device would have no idea how to determine the serial number. However, the settlement administrator's website did contain an unhelpful suggestion, which was to look for the serial number on the packaging of the device. (Id at ¶ 7). A person who no longer has the four-year-old device almost certainly also does not have the packaging. Mr. Rivers next attempted to use his Apple ID to determine the serial numbers. (Id. at ¶ 8) An Apple ID may be associated with up to ten devices. https://support.apple.com/en-us/HT204074. However, for security purposes, Apple encourages individuals to unregister old devices when they acquire new ones. (https://support.apple.com/en-us/HT201351). The devices at issue in this litigation are at least four years old, and, thus, many of them are no longer registered with Apple, including Mr. Rivers's own devices. (Rivers Decl. at ¶ 8). Without either the devices themselves, the packaging, or such registration, determining the serial number to exclude oneself from the class is impossible.

Apple has thus created a requirement that no court has approved that a significant percentage

of the class cannot comply with. Such a requirement cannot be enforced.

**IV.    Movants Complied with These Requirements and Should Not Be Bound by the Settlement.**

Exhibit C to this motion contains a list of the movants, all of whom are putative members of the Settlement Class who live in Alabama and are represented by Davis & Norris, LLP. (Ex. A, Movant List). Each of these movants submitted a letter to the claims administrator that meets the requirements in the Class Notice, as approved by the Court. These letters, an example of which is provided as Exhibit D, provide the name, address, telephone number, and signature of each of the movants. Exhibit B demonstrates that the package containing all of these letters was delivered to the Claims Administrator in Philadelphia, Pennsylvania on October 3, 2020 at 11:23 a.m. Thus, each of the movants can demonstrate that they submitted a valid opt-out request. Therefore, they should not be bound by the settlement and may bring or continue individual litigation against Apple.

Movants' letters not only comply with the Class Notice and the Court's Order, they clearly meet the standard for exclusion provided in Rule 23 of the Federal Rules of Civil Procedure. Rule 23(c)(1)(B)(v) requires that the Class Notice state "that the court will exclude from the class any member who requests exclusion," while subsection (vi) requires it to include "the time and manner of requesting exclusion." Fed. R. Civ. Proc. 23(c)(2)(B)(v-vi). The purpose of the opt-out provisions in Rule 23 are to protect the rights of absent class members to pursue their own litigation if they so desire, as the comments of the advisory committee make clear:

> Subdivision (c)(2) makes special provision for class actions maintained under subdivision (b)(3). As noted in the discussion of the latter subdivision, the interests of the individuals in pursuing their own litigations may be so strong here as to warrant denial of a class action altogether. Even when a class action is maintained under subdivision (b)(3), this individual interest is respected. Thus the court is required to direct notice to the members of the class of the right of each member to be excluded from the class upon his request.

Advisory Comment to Fed. R. Civ. Proc. 23(c)(2)(B). The Rule demands that the method of opting out be included *in the notice*, and that the Court respect the opt-out of any putative class member who makes a clear and timely request to be excluded. This view comports with the case law addressing the issue. See, e.g., Plummer v. Chem Bank, 668 F.2d 654, 657 n.2 (2d Cir. 1982) ("Any

1  reasonable indication of a desire to get out should suffice."); <u>Besinga v. U.S.</u>, 923 F.2d 133, 135 (9th Cir. 1991) (holding that a class judgment cannot have a res judicata affect where absent class members did not have notice and the opportunity to opt out); <u>In re Four Seasons Sec. Laws Litig.</u>, 483 F.2d 1288, 1291 (10th Cir. 1974) ('the important question [is] whether notice [to opt out] was communicated"); <u>In re Linerboard Antitrust Litig.</u>, 223 F.R.D. 357, 365 (E.D. Pa. 2004) ("The Court agrees with the Tenth Circuit that a 'reasonable indication' of intent to opt out is sufficient.") (citing <u>Four Seasons</u> <u>supra</u>). As the Western District of Tennessee stated, it is clear that "[c]ourts that have considered the issue have held that an opt-out notice need not perfectly conform to the format chosen by the district court to effectively express a desire to opt out of a class action settlement." <u>In re Regions Morgan Keegan Sec., Derivative, and ERISA Litig.</u>, 2018 WL 5777503 (W.D. Tenn. Nov. 2, 2018).

Here, Movants followed the method described in the notice, and their letters clearly express an intention to opt out of the class. Their requests should be honored.

### V. Conclusion

Movants respectfully request that the Court declare them to be validly excluded from the class in this case.

Robert Salgado
Attorney for Movants