JOSEPH W. COTCHETT, SBN 36324
 jcotchett@cpmlegal.com
MARK C. MOLUMPHY, SBN 168009
 mmolumphy@cpmlegal.com
COTCHETT, PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:    650.697.6000
Facsimile:     650.697.0577

LAURENCE D. KING, SBN 206243
 lking@kaplanfox.com
FREDERIC FOX, SBN (*pro hac vice*)
 ffox@kaplanfox.com
DONALD R. HALL (*pro hac vice*)
 dhall@kaplanfox.com
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone:    415.772.4700
Facsimile:     415.772.4707

*Interim Co-Lead Counsel for Plaintiffs*

THEODORE J. BOUTROUS, JR., SBN 132099
 tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
 rdoren@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
 cchorba@gibsondunn.com
DIANA M. FEINSTEIN, SBN 302626
 dfeinstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:   213.229.7000
Facsimile:    213.229.7520

WESLEY SZE, SBN 306715
 wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304
Telephone:   650.849.5300
Facsimile:    650.849.5333

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 5:18-md-2827-EJD<br><br>**PUTATIVE CLASS ACTION**<br><br>**JOINT NOTICE OF [AMENDED PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND [AMENDED PROPOSED] JUDGMENT**<br><br>Judge:        Hon. Edward J. Davila<br>Courtroom:  4, Fifth Floor<br>Date:          December 4, 2020<br>Time:          10:00 a.m. |

Gibson, Dunn & Crutcher LLP

JOINT NOTICE OF [AMENDED PROPOSED] ORDER GRANTING FINAL APPROVAL
AND [AMENDED PROPOSED] JUDGMENT
CASE NO. 5:18-MD-2827-EJD

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs and Apple Inc., by and through their undersigned counsel, hereby provide the Court with an [Amended Proposed] Order Granting Final Approval of Class Action Settlement (originally filed at Dkt. 416-5) and an [Amended Proposed] Judgment (originally filed at Dkt. 416-6), which are attached as **Exhibit A** and **Exhibit B**, respectively. A redline of the revisions to the proposed orders is attached as **Exhibit C**.

Pursuant to the Stipulation of Settlement, the Parties agreed that "the Settlement shall terminate the MDL Action." (Dkt. 416 ¶ 10.1.) "MDL Action" includes all actions that were consolidated into the MDL, including the action captioned *Corporación Nacional de Consumidores y Usuarios de Chile v. Apple Inc.*, No. 3:18-cv-2527 (N.D. Cal.). (*Id.* ¶ 1.1.2 & App'x A.) However, because the plaintiff in that action, Corporación Nacional de Consumidores y Usuarios de Chile ("Conadecus"), is a non-U.S. entity that did not execute the Settlement Agreement, Conadecus is not a Named Plaintiff (as defined in paragraph 1.20 of the Settlement Agreement) and the releases set forth in the Settlement Agreement do not apply to Conadecus. Nevertheless, when Conadecus did not sign the Settlement Agreement, the parties expressly agreed that "the Settlement shall terminate the MDL Action." (Dkt. 416 ¶ 10.1.) The parties therefore submit the attached amended proposed orders, which contain minor revisions to clarify that the Settlement Agreement does not release Conadecus's claims, if any, against Apple.

Co-lead Plaintiffs' Counsel, counsel for Conadecus, and counsel for Apple are conferring regarding the effect of the termination of the MDL Action on Conadecus's individual action, including regarding Conadecus's claim that it is entitled to protected discovery materials that were produced in the MDL Action. Apple and Conadecus expressly reserve all rights, and the amendments to the proposed orders are intended to clarify that the final approval of the MDL settlement and final judgment will not release Conadecus's claims, if any, against Apple, but that the MDL Action will be terminated. Counsel for Conadecus and counsel for Apple intend to file a joint status report in the Conadecus individual action within thirty (30) days of entry of the Court's final approval of the MDL settlement and final judgment. Apple reserves all rights to move to dismiss Conadecus's individual action on all available grounds, including but not limited to lack of Article III standing, forum non-conveniens,

Gibson, Dunn &
Crutcher LLP

comity, and failure to state a claim, and to object to its counsel based on alleged conflict of interest. (*See, e.g.*, Dkt. 522 at 23.)  Conadecus reserves all rights to oppose any motions to dismiss or objections to its counsel.

Dated:  November 20, 2020                COTCHETT, PITRE & McCARTHY LLP

                                                        By:  _____/s/ Joseph W. Cotchett_____
                                                                        Joseph W. Cotchett

Dated:  November 20, 2020                KAPLAN FOX & KILSHEIMER LLP

                                                        By:  _____/s/ Laurence D. King_____
                                                                        Laurence D. King

                                                        *Co-Lead Counsel for Plaintiffs*

Dated:  November 20, 2020                GIBSON, DUNN & CRUTCHER LLP

                                                        By:  _____/s/ Christopher Chorba_____
                                                                        Christopher Chorba

                                                        *Attorneys for Defendant*
                                                        *Apple Inc.*

*            *            *

## ECF ATTESTATION

I, Laurence D. King, hereby attest that the concurrence in the filing of this document has been obtained from the above signatories.

Dated:  November  20, 2020                        _____/s/ Laurence D. King_____
                                                                        Laurence D. King

Gibson, Dunn &
Crutcher LLP

# <u>EXHIBIT A</u>

1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**NORTHERN DISTRICT OF CALIFORNIA**

7

8

**SAN JOSE DIVISION**

9

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD |
| This Document Relates To:  ALL ACTIONS. | **CLASS ACTION**  **[AMENDED PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, EXPENSES, AND NAMED PLAINTIFF SERVICE AWARDS; AND ENTERING FINAL JUDGMENT** |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**WHEREAS**, the Court held a Final Hearing to consider approval of this class action settlement on _____, 2020. The Court has considered the Settlement Agreement (Dkt. 416), the record in the MDL Action, and the Parties' arguments and authorities.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the MDL Action, the Named Plaintiffs, the Settlement Class Members, and Defendant Apple Inc.

3.      The Court finds that the Class Notice constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process

4.      The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies the following Settlement Class for purposes of Settlement only:

> *All former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017.*

For purposes of this definition, "U.S. owners" shall include all individuals who owned, purchased, leased, or otherwise received an eligible device, and individuals who otherwise used an eligible device for personal, work, or any other purposes. An individual qualifies as a "U.S. owner" if his or her device was shipped to the United States, its territories, and/or its possessions. The Settlement Class shall not include iPhone owners who are domiciled outside of the United States, its territories, and/or its possessions. Additionally, excluded from the Settlement Class are (a) directors, officers, and employees of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs, successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff, (c) any of the individuals identified in paragraph 1.36 of the Settlement Agreement, as well as their legal representatives, heirs, successors, or assigns, (d) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns, and (e)

any other individuals whose claims already have been adjudicated to a final judgment. Also excluded from the Settlement Class are those individuals who timely and validly request exclusion.

5. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

a) There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and several mediation sessions with a respected mediator, warranting a presumption in favor of approval. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of noncollusiveness).

b) The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible— on behalf of the Settlement Class Members. *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

c) The support of Class Counsel and the Named Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Class Plaintiffs*, 955 F.2d at 1294; *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

d) The Settlement provides meaningful relief to the Class, including cash relief, and certainly falls within the range of possible recoveries by the Settlement Class Members.

6.      As of the Effective Date, the Settlement Class Members and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Accordingly, the Settlement shall terminate the MDL Action. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

7.      As of the Effective Date, the Named Plaintiffs (including the non-U.S. Named Plaintiffs) and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or

equitable relief. Class Counsel and non-U.S. Named Plaintiffs hereby represent and warrant that the non-U.S. Named Plaintiffs have the capacity to execute such a release under the applicable laws of their respective jurisdictions. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

8.      As of the Effective Date, Apple shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the initiation or prosecution of the MDL Action that are known to Apple as of the Effective Date, against the Named Plaintiffs, Class Counsel, and Plaintiffs' Executive Committee and Plaintiffs' Steering Committee pursuant to the Order Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and Steering Committees (Dkt. 100). Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

9.      As of the Effective Date, the Settlement Class Members and the Named Plaintiffs shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the defense of the MDL Action that are known to the Settlement Class Members and/or the Named Plaintiffs as of the Effective Date, against Apple's attorneys, legal representatives, and advisors, including Defense Counsel. Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

10.      The individuals identified in Exhibit A hereto timely and validly requested exclusion from the Settlement Class. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against Apple.

11.      The Court finds that an award of attorneys' fees and expenses in the total amount of $_____ to Class Counsel is fair and reasonable and therefore approves such award. Class

1    Counsel shall distribute the awarded attorneys' fees and expenses among Plaintiffs' Counsel as

2    Plaintiffs' Interim Co-Lead Counsel appointed by the Court (Dkt. 100) shall determine in their sole

3    discretion based on each attorney's contributions to the prosecution and settlement of these Actions.

4    No other counsel will be entitled to an independent award of attorneys' fees or expenses.

5         12.    The Court finds that the payment of Named Plaintiff Service Awards is fair and

6    reasonable and therefore approves such payment as follows: _____.

7         13.    The MDL Action, including all actions consolidated into the MDL Action and all claims

8    asserted in the actions, are settled and dismissed on the merits with prejudice (with the exception of the

9    claims asserted in *Corporación Nacional de Consumidores y Usuarios De Chile v. Apple, Inc.*, Case

10   No. 5:18-cv-02527-EJD, which are not settled or dismissed with prejudice).

11        14.    Consummation of the Settlement shall proceed as described in the Settlement

12   Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement

13   with respect to the interpretation and implementation of the Settlement for all purposes, including

14   enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that

15   may arise relating to the implementation of the Settlement or this Order.

16        15.    Without affecting the finality of this Order in any way, the Court shall retain jurisdiction

17   over this Action, the Named Plaintiffs, the Settlement Class Members, and Apple to enforce the terms

18   of the Settlement, the Court's order preliminarily certifying the class (Dkt. 429), and this Order. In the

19   event that any applications for relief are made, such applications shall be made to the Court. To avoid

20   doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members,

21   and their respective heirs, successors, and assigns.

22        16.    The Settlement and this Order are not admissions of liability or fault by Apple or the

23   Released Parties, or a finding of the validity of any claims in the Actions or of any wrongdoing or

24   violation of law by Apple or the Released Parties. To the extent permitted by law, neither this Order,

25   nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall

26   be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative

27   action or proceeding to establish any liability of, or admission by, the Released Parties.

28   Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this

Gibson, Dunn &
Crutcher LLP

[AMENDED PROPOSED] ORDER GRANTING FINAL APPROVAL
CASE NO. 5:18-MD-2827-EJD

Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

**IT IS SO ORDERED.**

Dated: _____, 202__    _____
                                 Hon. Edward J. Davila
                                 United States District Court

Gibson, Dunn &
Crutcher LLP

[AMENDED PROPOSED] ORDER GRANTING FINAL APPROVAL
CASE NO. 5:18-MD-2827-EJD

# **EXHIBIT B**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD |
| | **CLASS ACTION** |
| This Document Relates To: | **[AMENDED PROPOSED] JUDGMENT** |
| ALL ACTIONS. | |

On _____, the Court signed and entered its Order Granting Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Expenses, and Named Plaintiff Service Awards (Dkt. ____) (the "Final Approval Order") in the above-captioned matter as to the following class of persons:

> *All former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017.*

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the specified class of persons (excluding the individuals who validly and timely requested exclusion from the Settlement Class, as identified in Exhibit ____ to the Final Approval Order), the Named Plaintiffs, and Defendant Apple Inc. on the terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

1.      For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2.      Payments to Settlement Class Members under the Settlement Agreement shall be made as outlined in the Final Approval Order and Settlement Agreement.

3.      As of the Effective Date, the Settlement Class Members and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Accordingly, the Settlement

Gibson, Dunn &
Crutcher LLP

1   shall terminate the MDL Action. Notwithstanding the foregoing, the release shall not include any

2   claims relating to the continued enforcement of the Settlement or the Protective Orders.

3         4.     As of the Effective Date, the Named Plaintiffs (including the non-U.S. Named

4   Plaintiffs) and their respective heirs, executors, administrators, representatives, agents, partners,

5   successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any

6   and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations,

7   damages, rights and liabilities, that were brought, could have been brought, or are related to the same

8   facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or

9   unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to

10   any theory of recovery (including, but not limited to, those based in contract or tort, common law or

11   equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released

12   Parties, for any type of relief that can be released as a matter of law, including, without limitation,

13   claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary,

14   liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or

15   equitable relief. Class Counsel and non-U.S. Named Plaintiffs hereby represent and warrant that the

16   non-U.S. Named Plaintiffs have the capacity to execute such a release under the applicable laws of

17   their respective jurisdictions. Notwithstanding the foregoing, the release shall not include any claims

18   relating to the continued enforcement of the Settlement or the Protective Orders.

19         5.     As of the Effective Date, Apple shall have fully, finally, and forever released,

20   relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal

21   Rule of Civil Procedure 11, and any other claims arising out of the initiation or prosecution of the MDL

22   Action that are known to Apple as of the Effective Date, against the Named Plaintiffs, Class Counsel,

23   and Plaintiffs' Executive Committee and Plaintiffs' Steering Committee pursuant to the Order

24   Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and

25   Steering Committees (Dkt. 100). Notwithstanding the foregoing, this release shall not include any

26   future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all

27   orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release

28   does not constitute a general release.

Gibson, Dunn &
Crutcher LLP

6.      As of the Effective Date, the Settlement Class Members and the Named Plaintiffs shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the defense of the MDL Action that are known to the Settlement Class Members and/or the Named Plaintiffs as of the Effective Date, against Apple's attorneys, legal representatives, and advisors, including Defense Counsel. Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

7.      The MDL Action, including all actions consolidated into the MDL Action and all claims asserted in the actions, are settled and dismissed on the merits with prejudice (with the exception of the claims asserted in *Corporación Nacional de Consumidores y Usuarios De Chile v. Apple, Inc.*, Case No. 5:18-cv-02527-EJD, which are not settled or dismissed with prejudice).

**JUDGMENT APPROVED AS TO FORM:**

_____
Hon. Edward J. Davila
United States District Court

**JUDGMENT ENTERED:** _____ ___, 202__

By: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1
2
3
4
# <u>EXHIBIT C</u>
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD |
| | **CLASS ACTION** |
| This Document Relates To:<br><br>ALL ACTIONS. | **[AMENDED PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, EXPENSES, AND NAMED PLAINTIFF SERVICE AWARDS; AND ENTERING FINAL JUDGMENT** |

1    **WHEREAS**, the Court held a Final Hearing to consider approval of this class action settlement

2    on _____, 2020. The Court has considered the Settlement Agreement (Dkt. ~~416~~), the

3    record in the MDL Action, and the Parties' arguments and authorities.

4    **GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

5    8.    For purposes of this Order, the Court adopts the terms and definitions set forth in the

6    Settlement Agreement.

7    9.    The Court has jurisdiction over the subject matter of the MDL Action, the Named

8    Plaintiffs, the Settlement Class Members, and Defendant Apple Inc.

9    10.    The Court finds that the Class Notice constituted the best notice practicable under the

10   circumstances to all Settlement Class Members and fully complied with the requirements of Federal

11   Rule of Civil Procedure 23 and due process

12   11.    The Court finds that, for purposes of the Settlement only, all prerequisites for

13   maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.

14   The Court certifies the following Settlement Class for purposes of Settlement only:

15   *All former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE*
16   *devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices)*
     *or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions*
17   *before December 21, 2017.*

18   For purposes of this definition, "U.S. owners" shall include all individuals who owned, purchased,

19   leased, or otherwise received an eligible device, and individuals who otherwise used an eligible device

20   for personal, work, or any other purposes. An individual qualifies as a "U.S. owner" if his or her device

21   was shipped to the United States, its territories, and/or its possessions. The Settlement Class shall not

22   include iPhone owners who are domiciled outside of the United States, its territories, and/or its

23   possessions. Additionally, excluded from the Settlement Class are (a) directors, officers, and employees

24   of Apple or its subsidiaries and affiliated companies, as well as Apple's legal representatives, heirs,

25   successors, or assigns, (b) the Court, the Court staff, as well as any appellate court to which this matter

26   is ever assigned and its staff, (c) any of the individuals identified in paragraph 1.36 of the Settlement

27   Agreement, as well as their legal representatives, heirs, successors, or assigns, (d) Defense Counsel, as

28   well as their immediate family members, legal representatives, heirs, successors, or assigns, and (e)

any other individuals whose claims already have been adjudicated to a final judgment. Also excluded from the Settlement Class are those individuals who timely and validly request exclusion.

12.    Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

e)    There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and several mediation sessions with a respected mediator, warranting a presumption in favor of approval. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of noncollusiveness).

f)    The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible— on behalf of the Settlement Class Members. *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

g)    The support of Class Counsel and the Named Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Class Plaintiffs*, 955 F.2d at 1294; *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

h) The Settlement provides meaningful relief to the Class, including cash relief, and certainly falls within the range of possible recoveries by the Settlement Class Members.

13. As of the Effective Date, the Settlement Class Members and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Accordingly, the Settlement shall terminate the MDL Action. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

14. As of the Effective Date, the Named Plaintiffs (including the non-U.S. Named Plaintiffs) and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or

Gibson, Dunn & Crutcher LLP

equitable relief. Class Counsel and non-U.S. Named Plaintiffs hereby represent and warrant that the non-U.S. Named Plaintiffs have the capacity to execute such a release under the applicable laws of their respective jurisdictions. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

15.    As of the Effective Date, Apple shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the initiation or prosecution of the MDL Action that are known to Apple as of the Effective Date, against the Named Plaintiffs, Class Counsel, and Plaintiffs' Executive Committee and Plaintiffs' Steering Committee pursuant to the Order Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and Steering Committees (Dkt. 100). Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

16.    As of the Effective Date, the Settlement Class Members and the Named Plaintiffs shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the defense of the MDL Action that are known to the Settlement Class Members and/or the Named Plaintiffs as of the Effective Date, against Apple's attorneys, legal representatives, and advisors, including Defense Counsel. Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

17.    The individuals identified in Exhibit A hereto timely and validly requested exclusion from the Settlement Class. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against Apple.

18.    The Court finds that an award of attorneys' fees and expenses in the total amount of $_____ to Class Counsel is fair and reasonable and therefore approves such award. Class

Gibson, Dunn &
Crutcher LLP

Counsel shall distribute the awarded attorneys' fees and expenses among Plaintiffs' Counsel as Plaintiffs' Interim Co-Lead Counsel appointed by the Court (Dkt. 100) shall determine in their sole discretion based on each attorney's contributions to the prosecution and settlement of these Actions. No other counsel will be entitled to an independent award of attorneys' fees or expenses.

19.     The Court finds that the payment of Named Plaintiff Service Awards is fair and reasonable and therefore approves such payment as follows: _____.

20.     The MDL Action, including all actions consolidated into the MDL Action and all claims asserted in the actions, are settled and dismissed on the merits with prejudice (with the exception of the claims asserted in *Corporación Nacional de Consumidores y Usuarios De Chile v. Apple, Inc.*, Case No. 5:18-cv-02527-EJD, which are not settled or dismissed with prejudice).

21.     Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

22.     Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the Named Plaintiffs, the Settlement Class Members, and Apple to enforce the terms of the Settlement, the Court's order preliminarily certifying the class (Dkt. —429), and this Order. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

23.     The Settlement and this Order are not admissions of liability or fault by Apple or the Released Parties, or a finding of the validity of any claims in the Actions or of any wrongdoing or violation of law by Apple or the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this

Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the

assertion of released claims in any other proceeding, or as otherwise required by law.

**IT IS SO ORDERED.**

Dated: _____, 202__          _____

                                       Hon. Edward J. Davila
                                       United States District Court

1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**NORTHERN DISTRICT OF CALIFORNIA**

7
8

**SAN JOSE DIVISION**

9

IN RE: APPLE INC. DEVICE
PERFORMANCE LITIGATION

Case No. 5:18-md-02827-EJD

10

**CLASS ACTION**

11

This Document Relates To:

**[AMENDED PROPOSED] JUDGMENT**

12

        ALL ACTIONS.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

On _____, the Court signed and entered its Order Granting Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Expenses, and Named Plaintiff Service Awards (Dkt. ____) (the "Final Approval Order") in the above-captioned matter as to the following class of persons:

> *All former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017.*

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the specified class of persons (excluding the individuals who validly and timely requested exclusion from the Settlement Class, as identified in Exhibit ____ to the Final Approval Order), the Named Plaintiffs, and Defendant Apple Inc. on the terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

24.    For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

25.    Payments to Settlement Class Members under the Settlement Agreement shall be made as outlined in the Final Approval Order and Settlement Agreement.

26.    As of the Effective Date, the Settlement Class Members and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Accordingly, the Settlement

1    shall terminate the MDL Action. Notwithstanding the foregoing, the release shall not include any

2    claims relating to the continued enforcement of the Settlement or the Protective Orders.

3        27.    As of the Effective Date, the Named Plaintiffs (including the non-U.S. Named

4    Plaintiffs) and their respective heirs, executors, administrators, representatives, agents, partners,

5    successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any

6    and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations,

7    damages, rights and liabilities, that were brought, could have been brought, or are related to the same

8    facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or

9    unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to

10   any theory of recovery (including, but not limited to, those based in contract or tort, common law or

11   equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released

12   Parties, for any type of relief that can be released as a matter of law, including, without limitation,

13   claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary,

14   liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or

15   equitable relief. Class Counsel and non-U.S. Named Plaintiffs hereby represent and warrant that the

16   non-U.S. Named Plaintiffs have the capacity to execute such a release under the applicable laws of

17   their respective jurisdictions. Notwithstanding the foregoing, the release shall not include any claims

18   relating to the continued enforcement of the Settlement or the Protective Orders.

19       28.    As of the Effective Date, Apple shall have fully, finally, and forever released,

20   relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal

21   Rule of Civil Procedure 11, and any other claims arising out of the initiation or prosecution of the MDL

22   Action that are known to Apple as of the Effective Date, against the Named Plaintiffs, Class Counsel,

23   and Plaintiffs' Executive Committee and Plaintiffs' Steering Committee pursuant to the Order

24   Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and

25   Steering Committees (Dkt. 100). Notwithstanding the foregoing, this release shall not include any

26   future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all

27   orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release

28   does not constitute a general release.

Gibson, Dunn &
Crutcher LLP

29.     As of the Effective Date, the Settlement Class Members and the Named Plaintiffs shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the defense of the MDL Action that are known to the Settlement Class Members and/or the Named Plaintiffs as of the Effective Date, against Apple's attorneys, legal representatives, and advisors, including Defense Counsel. Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to Dkt. 350. This release does not constitute a general release.

30.     The MDL Action, including all actions consolidated into the MDL Action and all claims asserted in the actions, are settled and dismissed on the merits with prejudice (with the exception of the claims asserted in *Corporación Nacional de Consumidores y Usuarios De Chile v. Apple, Inc.*, Case No. 5:18-cv-02527-EJD, which are not settled or dismissed with prejudice).

**JUDGMENT APPROVED AS TO FORM:**

_____
Hon. Edward J. Davila
United States District Court

**JUDGMENT ENTERED:** _____ ___, 202__

By: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Gibson, Dunn & Crutcher LLP