BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 2530
Sacramento, CA  95814
Telephone: (916) 447-4900
Facsimile:  (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

DANIEL CAMERON
Attorney General of Kentucky
Philip R. Heleringer*
Assistant Attorney General
Office of the Kentucky Attorney General
700 Capitol Ave., Ste. 118
Frankfort, Kentucky 40601
Telephone: 502-696-5300
Facsimile: 502-564-2894
philip.heleringer@ky.gov

Attorneys for *Amicus Curiae*
Kentucky Attorney General's Office

*Pro hac vice* application granted

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No.: 5:18-md-02827-EJD<br><br>**REPLY IN SUPPORT OF THE MOTION FOR LEAVE TO FILE STATE ATTORNEYS GENERAL *AMICUS CURIAE* BRIEF**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom: 4, Fifth Floor<br>Date: December 4, 2020<br>Time: 10:00 a.m. |

1    The Kentucky Attorney General's Office, for its reply in support of its Motion for Leave to

2  File the Amicus Curiae brief of State Attorneys General, and in response to Plaintiffs' Opposition

3  (DN 568) states as follows:

4    **1. *Timeliness***. The Motion for Leave is timely. It was filed well before this Court reached

5  any decision or entered any order on the attorneys' fees issue. For that reason, among others, this

6  case is unlike instances where courts in this Circuit and in this district have rejected amicus filings

7  as being untimely. *Cf. Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177 (D. Nev. 1999) (denying

8  motion that was filed two months after court entered its order and one-and-one-half months after

9  judgment was entered); *California Trout v. Norton*, No. C 97-3779 SI, 2003 WL 23413688, at *7

10  (N.D. Cal. Feb. 26, 2003) (denying an ex parte application to file an amicus curiae declaration that

11  was submitted alongside a motion to alter or amend the judgment); *Karuk Tribe of California v.*

12  *United States Forest Serv.*, No. C 04-4275 SBA, 2005 WL 8177401, at *2 (N.D. Cal. July 1, 2005)

13  (denying the motion "[d]ue to…numerous deficiencies" and not just untimeliness).

14    In addition, while the undersigned acknowledges that the Motion for Leave was filed after

15  October 6, 2020, that deadline applied to the parties in the case (or their representatives), and the

16  undersigned, even if permitted by the Court to serve as amicus curiae, is not a party to the case, nor

17  are the states class-member objectors. *See* Order, DN 429, ¶¶ 15-16 (setting a October 6, 2020

18  deadline for "Settlement Class Member[s]," "Defense Counsel," and "objectors" within the

19  settlement class); *see also Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d

20  203, 204 (9th Cir. 1982) ("An amicus curiae is not a party to litigation."). Rather, the states are

21  fulfilling their consumer protection obligations under their own state laws and the Class Action

22  Fairness Act.

23    Finally, because the proposed amicus curiae brief "amplifies" a number of points raised by

24  the parties, as opposed to improperly raising new issues, Plaintiffs' counsel should not be surprised

25  by the arguments contained in it. *Cal. by & through Becerra v. United States Dep't of the Interior*,

26  381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) ("The scope of amicus briefs, however, should be

27  limited to the issues raised by the parties…[i]n this case, the Institute's brief is useful in that it

28  amplifies a number of points raised in parties' papers."). In other words, Plaintiffs' counsel have had

1   adequate time to prepare for the final fairness hearing and respond to the points raised by amici

2   (Plaintiffs' counsel have not argued to the contrary and, in fact, they had adequate time to file a

3   written opposition to the Motion for Leave); there is no prejudice to Plaintiffs' counsel in allowing

4   the amicus brief (again, no argument has been made to the contrary); and allowing the amicus brief

5   to be filed will not otherwise disrupt this Court's overall schedule or timing for the case. *Cf. Karuk*

6   *Tribe of Cal. v. United States Forest Serv.*, No. C 04-4275 SBA, 2005 WL 8177402, at *3 (N.D.

7   Cal. June 13, 2005) (denying the motion for leave to file an amicus brief, in part, because

8   "intervention at this stage in the proceedings would prejudice the parties and needlessly cause

9   delay").

10   Thus, the request for leave to file the amicus brief is reasonable and the Court would be

11   acting well within its discretion to grant the request. *See Cal. by & through Becerra*, 381 F. Supp.

12   3d at 1164 ("As this Court has previously recognized, [w]hether to allow Amici to file a brief is

13   solely within the Court's discretion, and generally courts have exercised great liberality in permitting

14   amicus briefs.") (internal quotations and citations omitted).

15   **2. *Usefulness of the Amicus Curiae Brief***. As noted in the Motion for Leave, the proposed

16   amicus curiae brief will be useful to the Court primarily for two reasons: (1) because it amplifies a

17   number of points raised in the papers filed by the parties; and (2) because it analyzes the Ninth

18   Circuit's recent decision in *Chambers v. Whirlpool Corp.*, ___ F. 3d ___, 2020 WL 6578223 (9th

19   Cir. Nov. 10, 2020), which was handed down after the parties filed their initial fee request and

20   objection. The *Chambers* decision is useful, not for what it has to say regarding coupon relief in

21   class action settlements, but because it speaks to whether a multiplier or "upward adjustment" should

22   be applied in this case, which is a critical component of the Court's analysis, considering that

23   Plaintiffs' counsel have asked for one. *See, e.g.*, Plaintiffs' Fee Request, DN 468, pp. 6-12 (urging

24   the Court to apply an "upward adjustment" to the benchmark 25%); *see also id.* at p. 15 (attempting

25   to justify the $87.73 million fee request as "represent[ing] a multiplier of 2.41 of their lodestar").

26   **3. *Kentucky's Recovery in a Separate Matter Involving Apple***. Plaintiffs' reference to the

27   Commonwealth's recovery in a separate matter involving Apple is a red herring. It is simply not

28   relevant either to the Court's decision on whether to grant leave or to the central inquiry regarding

1  the fee request—whether the attorneys' fee requested by Plaintiffs' counsel is "reasonable" based

2  on the circumstances of this case. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir.

3  2002) ("The question is not whether the district court should have applied some other percentage,

4  but whether in arriving at its percentage it considered all the circumstances of the case and reached

5  a reasonable percentage."). In any event, there is no inconsistency between the amount of attorneys'

6  fees Kentucky recovered in its matter with Apple and the position it has taken in the amicus brief on

7  what constitutes a reasonable fee for Plaintiffs' counsel. That is, Kentucky's attorneys' fees were

8  based on a portion of the true monetary benefit obtained for the Commonwealth—approximately

9  $1.69 million—and not an illusory and inflated "minimum amount" that itself was calculated by

10  including attorneys' fees (which is precisely what Plaintiffs' counsel have attempted to do here).

11  Thus, Kentucky's recovery only highlights the error in what Plaintiffs' counsel seek to do in this

12  case.

13        For all of these reasons, this Court should grant leave to file the amicus curiae brief.

15                          Respectfully submitted,

16  Dated:  December 2, 2020         BENBROOK LAW GROUP, PC

18                         By  */s/ Bradley A. Benbrook*

19                           BRADLEY A. BENBROOK

21                         DANIEL CAMERON
                            ATTORNEY GENERAL

23                         By  */s/ Philip R. Heleringer*

24                         PHILIP R. HELERINGER
                             *Assistant Attorney General*

25                         Office of the Kentucky Attorney General

26                         Attorneys for *Amicus Curiae*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California using the CM/ECF filing system. Counsel for all parties are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

*/s/Philip R. Heleringer*
Philip R. Heleringer