JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
ELLE D. LEWIS (SBN 238329)
elewis@cpmlegal.com
BRIAN DANITZ (SBN 247403)
bdanitz@cpmlegal.com
COTCHETT, PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650.697.6000

LAURENCE D. KING (SBN 206243)
lking@kaplanfox.com
MARIO M. CHOI (SBN 243409)
mchoi@kaplanfox.com
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415.772.4700

FREDERIC S. FOX (pro hac vice)
ffox@kaplanfox.com
DONALD R. HALL (pro hac vice)
dhall@kaplanfox.com
DAVID A. STRAITE (pro hac vice)
dstraite@kaplanfox.com
MAIA C. KATS (pro hac vice pending)
mkats@kaplanfox.com
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10022
Telephone: 212.687.1980

Interim Co-Lead Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>This Document Relates to:<br><br>    ALL ACTIONS | Case No. 5:18-md-02827-EJD<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING THE CALCULATION OF ESTIMATED DAMAGES**<br><br>Judge:  Hon. Edward J. Davila<br>Courtroom:    4, Fifth Floor |

Pursuant to the Court's request during the December 4, 2020 Final Approval Hearing (*see* Dkt. 585), Plaintiffs submit this Supplemental Brief providing the underlying analysis for their calculation of potential damages as set forth in the Notice of Settlement disseminated to the Settlement Class Members.[1]

**A.** **<u>Expert Damages Analysis</u>**

On February 5, 2019, Class Counsel retained Dr. Michael A. Williams of Competition Economics, LLC[2] to consult on preliminary damages theories and calculations, including appropriate damage theories that applied to claims that remained after the Court's rulings on motions to dismiss. At the time of Dr. Williams' retention, the parties were in the midst of fact discovery. The Court had not yet set a schedule for expert reports or expert discovery. Consequently, neither Plaintiffs nor Apple had submitted an expert report in the litigation.

Dr. Williams performed an analysis to estimate damages for mediation and litigation purposes. Class Counsel and Dr. Williams determined that the best method to estimate damages was to determine the decline in the resale value of eligible devices compared to what the resale value would have been but for the alleged "throttling" of the devices upon the installation of iOS 10.2.1 and 11.2. *See* Dkt. 552 at ¶6.

Notably, Dr. Williams' damages methodology was consistent with that used by plaintiffs, and their expert, at the class certification stage in *Grace v. Apple, Inc.*, 328 F.R.D. 320, 338-43 (N.D. Cal. 2018), a case with similar causes of action. This methodology was cited with approval by United States District Judge Koh in her opinion in *Grace*. *Id.* at 343 ("In sum, the Court rejects Apple's challenges to Dr. Phillips's damages model and finds that Plaintiffs' damages model complies with *Comcast*.").

Dr. Williams' Declaration, filed herewith, describes his analysis based on evidence obtained, including resale pricing data for used devices from third parties. Williams Decl. at ¶10. This data was actual sales data in the secondary market and covered both the resale value of eligible

---

[1] All capitalized words are defined in the Stipulation of Settlement unless otherwise noted.

[2] In January 2020, Dr. Williams and his team moved from Competition Economics, LLC to Berkeley Research Group, LLC.

devices during the relevant period and resale of previous models of iPhone, *i.e.*, iPhone 4 and 5 series, for comparison purposes. *Id.* Dr. Williams then performed a "difference-in-difference" regression analysis of the data to compare the resale value of used iPhone 6 devices prior to and after the release of iOS 10.2.1 (January 2017). *Id.* at ¶¶12-24. For example, for iPhone 6, January 2017 is the 28th month after release, and resale values prior to and after the 28th month after release can be compared. *Id.* at ¶19. As a control group to capture the effect of resale value depreciation over time, Dr. Williams used sales data for iPhone models 4s, 5, 5c and 5s. *Id.* at ¶17. The regression model controlled for price differences attributed to differences in iPhone models, storage capacity, carrier, condition and months after release. *Id. at ¶¶21-24.*

Based on this analysis, Dr. Williams determined that the resale value of eligible devices was approximately 6-10% lower than expected when compared to decline in value of previous iPhone models and thus could be attributed to the "throttling" of performance by iOS 10.2.1 and 11.2. *Id.* at ¶¶25-26. Dr. Williams concluded that the range of damages per eligible device was between $12.29 and $18.99. *Id.* at ¶27.

**B.     Class Counsel Used Dr. Williams Regression Findings to Determine A Possible High Range of Price Impact**

Class Counsel performed an additional price calculation to determine an upper range of estimated damages to eligible devices due to iOS 10.2.1 and 11.2 based on Dr. Williams' regression and the estimated 6-10% of impact. *See* Dkt. 552 at ¶6.

Specifically, Class Counsel calculated the average monthly sales price of all used eligible devices during the relevant period at $460. Again, assuming that the price impact of "throttling" by iOS 10.2.1 and 11.2 was 6-10% on eligible devices, Class Counsel estimated the upper range of damages at $27.60-46.00 per device. *Id.*

**C.     The Damages' Analyses Demonstrate That the Settlement is Fair and Reasonable**

The regression analysis and damage estimates described above are similar to those that Class Counsel would have been expected to put forth had the litigation continued to class certification, expert discovery and trial, as well as to those used by plaintiffs, and relied upon by Judge Koh, in certifying the class in *Grace*. Dr. Williams' regression analysis – concluding that the range of

damages per eligible device was between $12.29 and $18.99 – demonstrates that the Settlement provides a substantial recovery of the Settlement Class's possible damages.  Further, Class Counsel and Dr. Williams were unable to establish an alternative damage methodology that would result in damages per unit greater than $46 and that could withstand legal scrutiny before the Court.

Dated:  December 11, 2020         COTCHETT, PITRE & MCCARTHY LLP

By:      */s/ Mark C. Molumphy*
           MARK C. MOLUMPHY

Dated:  December 11, 2020         KAPLAN FOX & KILSHEIMER LLP

By:      */s/ Laurence D. King*
           LAURENCE D. KING

*Interim Co-Lead Counsel for Plaintiffs*

ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Mark C. Molumphy, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of December 2020 in Burlingame, California.

<i>/s/ Mark C. Molumphy</i><br>
MARK C. MOLUMPHY