JOSEPH W. COTCHETT, SBN 36324
 jcotchett@cpmlegal.com
MARK C. MOLUMPHY, SBN 168009
 mmolumphy@cpmlegal.com
COTCHETT, PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  650.697.6000
Facsimile:  650.697.0577

LAURENCE D. KING, SBN 206243
 lking@kaplanfox.com
FREDERIC FOX, SBN (*pro hac vice*)
 ffox@kaplanfox.com
DONALD R. HALL (*pro hac vice*)
 dhall@kaplanfox.com
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415.772.4700
Facsimile:  415.772.4707

*Interim Co-Lead Counsel for Plaintiffs*

THEODORE J. BOUTROUS, JR., SBN 132099
 tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
 rdoren@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
 cchorba@gibsondunn.com
DIANA M. FEINSTEIN, SBN 302626
 dfeinstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

WESLEY SZE, SBN 306715
 wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-2827-EJD<br><br>**JOINT STATUS REPORT IN SUPPORT OF FINAL SETTLEMENT APPROVAL**<br><br>Judge:       Hon. Edward J. Davila<br>Courtroom:  4, Fifth Floor |

Pursuant to the Court's request during the December 4, 2020, Final Approval Hearing (*see* Dkt. 585), Plaintiffs and Apple Inc. submit this Joint Status Report in Support of Final Settlement Approval.

A.  **Updated Claims Administration Data**

Attached as **Exhibit 1** is a report containing a detailed summary of the Settlement Administrator's updated review and analysis of claims. For the Court's convenience, the chart below tabulates the total number of claims submitted, approved, and not approved (including the reasons for the provisional rejections):

|  | Claims Submitted | Withdrawn | Claims Approved (Pending Deduplication) | Claims Not Approved | | |
|---|---|---|---|---|---|---|
|  |  |  |  | *Device Not Eligible – Could Not Be Matched to Class List* | *Attestation Missing or Insufficient* | *Other* |
| **Online** | 2,152,228 | 0 | 2,152,228 | 0 | 0 | 0 |
| **Hard Copy** | 74,540 | 0 | 19,919 | 44,807 | 3,505 | 6,309 |
| **Corporate** | 922,304 | 66 | 86,551 | 641,155 | 190,422[1] | 4,110 |
| **Total** | 3,149,072 | 66 | 2,258,698 | 685,962 | 193,927 | 10,419 |

The Settlement Administrator's claims review is ongoing and subject to the Court's final ruling on the Motion for Final Approval of the proposed settlement. The Settlement Administrator will provide the Court with a final report once the claims administration process is complete.

B.  **Corporate Claims Review Process**

Following the December 4 hearing, the parties met and conferred with Crowell & Moring LLP (on behalf of its objector-clients), and any objector or claimant who contacted the parties regarding the appropriate process for review and approval of claims by corporations and non-natural persons.

***Device Identifiers.*** As explained during the December 4 hearing, the settlement requires all claimants to identify the specific device(s) for which each claimant is submitting a claim. This requirement is an integral part of the settlement, because not every iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7

---

[1] The Settlement Administrator provisionally rejected claims submitted on behalf of corporations that did not comply with the attestation requirement because no attestation was provided or the attestation was made by a representative outside the corporation who did not evince personal knowledge of device performance and/or impact. The Settlement Administrator is continuing to receive supplemental attestations from corporate claimants (including Crowell & Moring's clients).

Plus, and SE device was running the relevant iOS version during the applicable time period.[2] The only way to confirm whether a claimant's device satisfies this criteria is if it can be matched to a device that, according to Apple's records, downloaded the relevant iOS update during the applicable time period. As with all claimants, corporate or "non-natural person" claimants are required to provide sufficient information to identify their claimed devices, such that the claimed devices can be verified against the list of eligible device serial numbers in Apple's records.

During the claims review process, the Settlement Administrator reviewed whatever device-identifying information class members—either individuals or corporations—submitted with their claims and attempted to match those devices against the list of eligible devices, including based on serial number (if provided) or other device-identifying information that Apple attempted to convert to serial numbers. In addition, as with individuals, if corporations cannot locate serial numbers, corporate claimants may submit to the Settlement Administrator the best data available to them to identify their devices. To the extent the claimed devices can be matched against the list of eligible devices, those claims will be approved as long as there is a valid attestation. But if the claimed devices cannot be matched against the list of eligible devices, those claims will be rejected because they fall outside the class definition. (*Supra* note 2.) The Settlement Administrator is in the process of providing each corporate claimant with a detailed summary of those claimed device(s) that could be matched to eligible devices, and those devices that could not be matched. The Settlement Administrator anticipates sending this detailed summary to each corporate claimant by December 18.[3]

---

[2] In particular, the Settlement Class is defined as "all former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017." (Dkt. 416 ¶ 1.32.)

[3] During the December 4 hearing, counsel for Crowell & Moring LLP also inquired whether the Settlement Administrator or Apple could provide each corporation with a list of eligible devices belonging to that corporation. (*See* 12/4/2020 Hr'g Tr. at 71:19–72:2.) As Apple has explained, it does not track this information. Corporations and other entities purchase devices in a variety of ways (including through third parties), and Apple does not have the capability to identify the devices belonging to a corporation. As required by the Settlement Agreement, Apple has already provided the name, Apple ID, and mailing address of the user that is associated with each eligible device to the Settlement Administrator to disseminate the class notice. (*See* Dkt. 416 ¶ 6.2.2.)

*Attestations.* During the December 4 hearing, the Court also asked the parties to consider, in consultation with Crowell & Moring LLP (on behalf of its corporate clients), whether a modified form of attestation may be appropriate for corporate claimants with large numbers of devices.

Following the Court's guidance at the hearing on December 4, the parties conferred with all objectors who reached out to them, including Crowell & Moring and Nassiri & Jung on behalf of their corporate/non-natural person clients. Following these discussions, the parties propose that corporate and non-natural person claimants that submitted bulk claims may satisfy the settlement's attestation requirements by having an authorized representative (who has personal knowledge and/or conducted an appropriate inquiry) complete the spreadsheet template. A copy of this spreadsheet is attached as **Exhibit 2**. The parties anticipate that this process will streamline the claims submission process for corporations and non-natural persons, and allow all of their claims to be reviewed for eligibility in the settlement.

Dated: December 11, 2020          COTCHETT, PITRE & MCCARTHY LLP

                                  By:      */s/ Joseph W. Cotchett*
                                              Joseph W. Cotchett

Dated: December 11, 2020          KAPLAN FOX & KILSHEIMER LLP

                                  By:      */s/ Laurence D. King*
                                              Laurence D. King

                                  *Interim Co-Lead Counsel for Plaintiffs*

Dated: December 11, 2020          GIBSON, DUNN & CRUTCHER LLP

                                  By:      */s/ Christopher Chorba*
                                              Christopher Chorba

                                  *Attorney for Defendant Apple Inc.*

### ECF ATTESTATION

I, Christopher Chorba, hereby attest that the concurrence in the filing of this document has been obtained from the above signatories.

Dated: December 11, 2020                    */s/ Christopher Chorba*
                                              Christopher Chorba