UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 18-md-02827-EJD<br><br>**ORDER RE CORPORATE CLAIMANTS; SETTING HEARING DATE FOR MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS** |

The Court has reviewed the parties' Joint Status Report In Support of Final Settlement Approval (Dkt. No. 596) and orders as follows.

1. Plaintiffs' Motion for Final Approval and Motion for Attorneys' Fees, Expenses, and Service Awards is scheduled for 1:00 p.m. on February 17, 2021.

2. The Court has considered the parties' respective position regarding the attestation requirement for corporate claimants. The parties agree that corporate and non-natural-person claimants may satisfy the attestation requirements by having an authorized representative (who has personal knowledge and/or conducted an appropriate inquiry) complete the attestation using a spreadsheet template. *Id*. at 6. However, the parties disagree as to "whether outside counsel (or an individual employed by a third-party claims filing firm) can execute the required attestation on behalf of a corporate claimant." *Id*. At present, there are 164,053 claims submitted by corporations that have not been approved because the attestations were signed by outside counsel (or an individual employed by a third-party claims filing firm).

The Court concludes that the representations by outside counsel (or an individual

ORDER RE CORPORATE CLAIMANTS; SETTING HEARING DATE

1    employed by a third-party claims filing firm) are inadequate to satisfy the attestation requirement.
2    The attestation requirement is a key provision of the settlement. Apple maintained throughout this
3    litigation that the performance management feature at issue did not affect every device; "the
4    feature was only activated in certain circumstances when the device was at risk of unexpectedly
5    shutting down based on temporary factors." *Id*. at 7. Furthermore, even if the feature was
6    activated, not all users noticed a performance impact. *Id*. The parties' negotiated, and this court
7    approved, a requirement that every individual claimant attest, under penalty of perjury, that they
8    experienced diminished performance on their device after running a relevant iOS version.
9    Corporate claimants must be held to the same requirement as individual claimants. Accordingly,
10   corporate claimants must submit an attestation signed by an authorized representative, such as a
11   corporate information technology professional or in-house counsel, who is employed by the
12   corporation and has personal knowledge after reasonable investigation. Enforcing the attestation
13   requirement in this manner is consistent with standard practice for corporations when providing
14   deposition testimony or verifying interrogatory responses, which "must be signed by the person
15   answering the interrogatory, not only by the party's attorney." *Villareal v. El Chile, Inc.*, 266
16   F.R.D. 207, 211 (N.D. Ill. 2010) (citing *Hindmon v. Nat'l-Ben Franklin Life Ins. Corp.*, 677 F.2d
17   617, 619 (7th Cir. 1982)); *see also Perdana Capital Inc. v. Chowdry*, 2010 WL 11475933, at *4
18   (N.D. Cal. Sept. 2, 2010) ("under Rule 33(b)(1)(B), only an 'officer or agent' of a corporate party
19   may execute the verifications for that party's interrogatory responses); *Aaron v. Dickinson*, 2006
20   WL 734881, at *2 (E.D. Cal. Mar. 23, 2006) ("the answering party is required to sign the
21   interrogatory answer or provide a verification that the answer is true and correct"). Neither
22   Plaintiffs nor the corporate claimants have explained why an authorized corporate representative
23   cannot sign the attestation.
24       The Settlement Administrator is directed to, at this time, reject the 164,053 claims
25   submitted by corporations that are not accompanied by attestations signed by outside counsel (or
26   an individual employed by a third-party claims filing firm). Claims rejected on this basis may be
27   resubmitted to the Settlement Administrator with an attestation signed by an authorized
28   ORDER RE CORPORATE CLAIMANTS; SETTING HEARING DATE

representative, such as a corporate information technology professional or in-house counsel, who is employed by the corporation and has personal knowledge after reasonable investigation. The deadline for resubmissions is February 8, 2021.

**IT IS SO ORDERED.**

Dated: January 28, 2021

                                                                        _____
                                                                        EDWARD J. DAVILA
                                                                        United States District Judge

ORDER RE CORPORATE CLAIMANTS; SETTING HEARING DATE