| | |
|---|---|
| JOSEPH W. COTCHETT, SBN 36324<br>  jcotchett@cpmlegal.com<br>MARK C. MOLUMPHY, SBN 168009<br>  mmolumphy@cpmlegal.com<br>ELLE D. LEWIS, SBN 238329<br>  elewis@cpmlegal.com<br>COTCHETT, PITRE & McCARTHY LLP<br>840 Malcolm Road, Suite 200<br>Burlingame, CA  94010<br>Telephone:    650.697.6000<br><br>LAURENCE D. KING, SBN 206243<br>  lking@kaplanfox.com<br>FREDERIC FOX, SBN (*pro hac vice*)<br>  ffox@kaplanfox.com<br>DONALD R. HALL (*pro hac vice*)<br>  dhall@kaplanfox.com<br>KAPLAN FOX & KILSHEIMER LLP<br>1999 Harrison Street, Suite 1560<br>Oakland, CA  94612<br>Telephone:    415.772.4700<br><br>*Co-Lead Counsel for Plaintiffs* | THEODORE J. BOUTROUS, JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>CHRISTOPHER CHORBA, SBN 216692<br>  cchorba@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071<br>Telephone:   213.229.7000<br><br>WESLEY SZE, SBN 306715<br>  wsze@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA  94304<br>Telephone:   650.849.5300<br><br>*Attorneys for Defendant Apple Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 5:18-md-2827-EJD<br><br>**PLAINTIFFS' AND DEFENDANT'S NOTICE OF JOINT RENEWED MOTION AND JOINT RENEWED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge:         Hon. Edward J. Davila<br>Courtroom:  4, Fifth Floor<br>Date:           April 20, 2023<br>Time:          9:00 a.m. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 20, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Edward J. Davila, in Courtroom 4, Fifth Floor, of the United States District Court for the Northern District of California in the San Jose Courthouse, 280 South First Street, San Jose, California 95113, the parties will, and hereby do, move this Court for an order again granting final approval of the parties' settlement.

The Ninth Circuit Court of Appeals vacated this Court's final approval order with instruction to evaluate the settlement agreement under "heightened scrutiny."  While this Court did not explicitly state it was applying heightened scrutiny in its prior order, this Court's prior approval order itself made clear that the correct legal standard was applied and under that standard, the settlement is fair, reasonable, and adequate.  The Ninth Circuit did not identify any other error in this Court's decision.  Accordingly, this Court should re-grant final approval of the settlement agreement.

The parties' joint motion is based on this notice of joint renewed motion and joint renewed motion, the accompanying memorandum of points and authorities, other documents on file in this action, and any oral argument of counsel.

Dated:  November 11, 2022         COTCHETT, PITRE & MCCARTHY LLP

                                  By:    /s/ Joseph W. Cotchett
                                             Joseph W. Cotchett

Dated:  November 11, 2022         KAPLAN FOX & KILSHEIMER LLP

                                  By:    /s/ Laurence D. King
                                             Laurence D. King

                                  *Co-Lead Counsel for Plaintiffs*

Dated:  November 11, 2022         GIBSON, DUNN & CRUTCHER LLP

                                  By:    /s/ Christopher Chorba
                                             Christopher Chorba

                                  *Attorneys for Defendant Apple Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 2

    A. The Proposed Settlement and Approval Orders.............................................................. 2

    B. The Ninth Circuit Appeal................................................................................................ 3

III. ARGUMENT ......................................................................................................................... 5

    A. The Ninth Circuit's Remand Is Limited to the Issue of Whether This Court Applied the Correct Legal Standard................................................................................. 5

    B. The Settlement Is Fair, Reasonable, and Adequate Under Heightened Scrutiny.......... 6

IV. CONCLUSION.................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allen v. Bedolla*,
    787 F.3d 1218 (9th Cir. 2015) ............................................................................................... 10

*In re Apple Inc. Device Performance Litig.*,
    50 F.4th 769 (9th Cir. 2022) ............................................................................................ *passim*

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ........................................................................................ 6, 7, 10

*Briseno v. Henderson*,
    998 F.3d 1014 (9th Cir. 2021) ................................................................................................. 7

*Campbell v. City of L.A.*,
    903 F.3d 1090 (9th Cir. 2018) ................................................................................................. 4

*Churchill Vill. L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ................................................................................................... 8

*Fleming v. Impax Labs. Inc.*,
    No. 16-6557-HSG, 2022 WL 2789496 (N.D. Cal. July 15, 2022) .......................................... 9

*Hall v. City of Los Angeles*,
    697 F.3d 1059 (9th Cir. 2012) ............................................................................................... 10

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ...................................................................................... 1, 6, 7, 8

*Lane v. Facebook, Inc.*,
    696 F.3d 811 (9th Cir. 2012) ................................................................................................. 10

*Linney v. Cellular Alaska P'ship*,
    No. 96-3008-DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997) ............................................. 4

*McKinney-Drobnis v. Oreshack*,
    16 F.4th 594 (9th Cir. 2021) .................................................................................................... 7

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ................................................................................................... 6

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ................................................................................................... 8

*Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*,
    31 F.4th 651 (9th Cir. 2022) .................................................................................................. 10

*Roes, 1–2 v. SFBSC Mgmt., LLC*,
    944 F.3d 1035 (9th Cir. 2019) ...................................................................................... 1, 6, 7, 9

*Roes, 1-2 v. SFBSC Mgmt., LLC*,
    No. 14-3616-LB, 2017 WL 4073809 (N.D. Cal. Sept. 14, 2017) ............................................ 5

*Saucillo v. Peck*,
    25 F.4th 1118 (9th Cir. 2022)................................................................................................1, 5, 7

*In re Zynga Inc. Sec. Litig.*,
    No. 12-4007-JSC, 2015 WL 6471171 (N.D. Cal. Oct. 27, 2015).......................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The parties respectfully renew their prior motion for an order approving the parties' proposed class settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e). After an extensive notice campaign and careful consideration of the submissions and arguments of the parties and objectors, this Court approved the class settlement and entered judgment in March 2021. (Dkts. 608, 612.) Although several objectors appealed, the Ninth Circuit's opinion disposed of most of their arguments, finding that this Court "properly resolved most of the objections at issue on appeal," and even "commend[ing] the district court's thoughtful and thorough analysis," which "suggest[ed] that the court took great care in considering the terms of the settlement." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 776 (9th Cir. 2022).

However, in addressing an issue that was raised for the first time in the Feldman objectors' appellate reply brief, the Ninth Circuit panel ultimately vacated and remanded the case "to reconsider settlement approval under the correct standard." *Id.* Specifically, although the Ninth Circuit found that this Court's "probing analysis suggests that [this Court] may have applied heightened scrutiny," one paragraph in the legal standards section of the final approval order cited an outdated "presumption" of fairness that does not apply to pre-certification settlements. *Id.* at 783 (citing *Saucillo v. Peck*, 25 F.4th 1118, 1132 (9th Cir. 2022), and *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019)). Accordingly, even though the balance of this Court's approval order gave "careful consideration of the settlement's fairness" under *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), the panel concluded that remand was required because the "written order relied on a flawed legal standard" that was not "subject to review for harmlessness." 50 F.4th at 783.

This Court can and should issue an order approving the settlement without any presumption of fairness. All of the *Hanlon* factors weigh very strongly in favor of settlement approval, and the Ninth Circuit disposed of the principal objections on appeal. All that stands between the settlement class and the material benefits under this deal is another order approving the fairness, reasonableness, and adequacy of the settlement under Rule 23(e). There is no procedural basis to consider any further objections to the underlying settlement, and the parties respectfully submit that the Court should

approve the settlement again under the correct standard.[1]

## II. BACKGROUND

### A. The Proposed Settlement and Approval Orders

As the Court is well aware, this case was hard-fought and heavily litigated. Between December 2017 and June 2018, Plaintiffs filed 66 class action complaints, which were consolidated in this Court by the U.S. Judicial Panel on Multidistrict Litigation beginning on April 5, 2018. (*See* Dkt. 1.) After filing a consolidated complaint and litigating two motions to dismiss, the parties engaged in intensive, detailed, and complex discovery. Plaintiffs served more than 170 document requests, in response to which Apple produced more than seven million pages of documents. (*See* Dkt. 470 at 3.) Apple also served discovery, and Plaintiffs produced documents and written responses. Overall, the parties conducted 19 depositions and litigated many discovery disputes before a special discovery master and this Court. (*See id.*)

At the time of the settlement, the parties were well represented and informed about the risks of continued litigation. The settlement itself was the product of extensive, arm's-length negotiations over many months, including several all-day, in-person mediation sessions and many additional discussions with a respected mediator. (Dkt. 470-1.) The parties accepted a mediator's proposal for the settlement and negotiated a term sheet and long-form settlement agreement.

After executing a comprehensive notice campaign (involving two rounds of *direct* notice via email or postcard to **99%** of the putative settlement class members) and ample opportunity for putative settlement class members to raise concerns about the proposed settlement, this Court held lengthy fairness hearings on December 4, 2020 and February 17, 2021. (*See* Dkts. 585, 600.) During those

---

[1] Plaintiffs submit a separate brief to address the Ninth Circuit's rulings regarding the award of attorneys' fees. 50 F.4th at 785 (concluding that "the district court's failure to consider whether the JCCP fees should be included in the lodestar was an abuse of discretion"); *id.* at 784 n.11 ("If, on remand, the district court again awards attorney's fees and uses the percentage-of-recovery method, it should more clearly explain why a deviation from the benchmark is or isn't appropriate before proceeding to a lodestar cross-check.").

hearings—which lasted more than seven hours on the record—the Court heard detailed argument from the parties, objectors, and even putative class members.

On March 17, 2021, the Court granted final approval of the settlement and certified a nationwide settlement class of "[a]ll former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017." (Dkt. 608 at 7.) In its detailed approval order, the Court concluded that the settlement was fair, reasonable, and adequate, determining that each *Hanlon* factor weighed in favor of approving the settlement under Rule 23(e). (*Id*. at 11–17.) The Court also considered, and rejected, each argument raised by the objectors, determining that none of them met the "heavy burden of demonstrating that the [settlement] is unreasonable." (*Id*. at 19; *see id*. at 17–36.) The Court issued a separate order on Plaintiffs' counsel's motion for attorneys' fees, costs, and service awards, awarding $80.6 million in attorneys' fees—about 26% of the $310 million settlement amount, and a 2.232 multiplier over their lodestar—and costs and service awards as requested. (Dkt. 609 at 21.)

**B.    The Ninth Circuit Appeal**

Five objectors (Sarah Feldman, Hondo Jan, and Deborah Pantoni; Anna St. John; and Best Companies, Inc.) appealed the Court's settlement approval and award of attorneys' fees on various grounds. (Dkts. 614–18.) The Feldman objectors' challenge focused on the settlement's attestation requirement, the amount of attorneys' fees, and the service awards. 50 F.4th at 778. St. John challenged only the amount of attorneys' fees and not the underlying settlement. *Id*. Best Companies argued that the settlement should not have included non-natural persons and, in the alternative, that the notice provided to non-natural persons was insufficient. *Id*. After hearing oral argument, the Ninth Circuit issued its opinion on September 28, 2022 (with an amended opinion on October 11, 2022, correcting only the spelling of the name of counsel for an objector).

In its opinion, the Ninth Circuit rejected all but two of the objectors' claims, "commend[ing] the district court's thoughtful and thorough analysis, which suggests that the court took great care in considering the terms of the settlement," and recognizing that this Court gave "careful consideration of the settlement's fairness." *Id.* at 776, 782. In rejecting Best Companies' appeal, the panel concluded

that non-natural persons received sufficient notice of the settlement, and it "easily reject[ed]" any argument that they were not included in the settlement class. *Id*. at 780 & n.6. The Ninth Circuit also rejected the Feldman objectors' argument that the attestation requirement rendered the settlement unfair, holding that the requirement constituted a "reasonable . . . compromise" that did not create a conflict between class members. *Id*. at 781. Further endorsing this Court's reasoning, the panel ruled that simply because "not every class member had an actionable claim is not tantamount to two adverse groups requiring separate representation, . . . [n]or does the possibility that some class members suffered no damages mean that they lack standing and must be dismissed." *Id*. at 781. Accordingly, the Ninth Circuit rejected all of Best Companies' arguments on appeal,[2] and it also rejected the Feldman objectors' principal arguments.

Nevertheless, the Ninth Circuit vacated and remanded because one paragraph in the "Standards" section of this Court's final approval order erred by suggesting that a "presumption of reasonableness" applied to the settlement. *Id*. at 782–83. Specifically, in reciting the legal standard, the Court had problematically stated that it should give "proper deference to the private consensual decision of the parties" and that "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." (Dkt. 608 at 10–11 (citing cases).) It also cited two district court decisions regarding the "presumption that the agreement is fair" and that scrutiny was limited to "obvious deficiencies." *Id*. (citing *In re Zynga Inc. Sec. Litig*., No. 12-4007-JSC, 2015 WL 6471171, at *8 (N.D. Cal. Oct. 27, 2015), and *Linney v. Cellular Alaska P'ship*, No. 96-3008-DLJ, 1997 WL

---

[2] Because Best Companies and other non-natural persons are bound by the settlement, following the entry of a new approval order and final judgment, Apple will seek dismissal of the separate lawsuit that Best Companies filed concurrently with its objection in this Court. *See Best Cos., Inc. v. Apple Inc.*, No. 20-6971-EJD (N.D. Cal. June 16, 2021), Dkt. 21 (staying and administratively closing Best Companies' separate case pending the outcome of the appeal in the instant case). Given the Ninth Circuit ruling, Best Companies' claims will be extinguished by the settlement. *See Campbell v. City of L.A.*, 903 F.3d 1090, 1107 (9th Cir. 2018) ("[C]lass members who do not opt out are parties to the settlement and bound by it.").

450064, at *5 (N.D. Cal. July 18, 1997)). However, the Ninth Circuit held that the Court was required to apply "heightened scrutiny" because the settlement was reached prior to class certification. 50 F.4th at 782. And even though this Court's "probing analysis suggests that it may have applied heightened scrutiny, its written order relied on a flawed legal standard." *Id.* at 783. Thus, citing a decision that postdated the Court's prior approval order (and excusing the Feldman objectors' waiver of this issue on appeal by not raising it in their opening brief), the Ninth Circuit "vacate[d] the order granting final settlement approval so that on remand the district court can evaluate the settlement under the correct standard." *Id*. (citing *Saucillo*, 25 F.4th at 1131 n.9).

Additionally, "[i]n light of [the] vacatur of the settlement approval," the Ninth Circuit also "vacate[d] the . . . order awarding attorney's fees, expenses, and incentive payments," but provided additional "guidance in the event the district court again approves the settlement." *Id.* On the issue of attorneys' fees, the Ninth Circuit held that the Court's "explanation for considering JCCP-related work conflicted with the court's overall rationale for its fee award" because it both held that "an award exceeding a 2.232 multiplier" was unwarranted and that inclusion of the JCCP counsel's fees had "an insignificant impact on the multiplier." *Id*. at 783–84.

### III.   ARGUMENT

**A.   The Ninth Circuit's Remand Is Limited to the Issue of Whether This Court Applied the Correct Legal Standard**

The Ninth Circuit reversed the Court's approval order on very limited grounds, finding fault not with the Court's analysis but only with its statement of the legal standard. *Id.* at 787. While it "remand[ed] for application of the correct standard," the panel did *not* hold that the Court's statement of the legal standard compromised its analysis of the fairness, reasonableness, and adequacy of the settlement. In fact, just the opposite: The Ninth Circuit noted that this Court's "probing analysis" suggested that it may very well have "applied heightened scrutiny," and the error was merely that "its written order relied on a flawed legal standard." *Id*. at 783.

Moreover, the Ninth Circuit expressly rejected the Feldman objectors' attempt to compare the issue here with the error made by the district court in *Roes, 1-2 v. SFBSC Management, LLC*, No. 14-3616-LB, 2017 WL 4073809 (N.D. Cal. Sept. 14, 2017), *rev'd*, 944 F.3d 1035 (9th Cir. 2019). As the

panel explained, in *Roes* "the problems ran deeper than an incorrect statement of the law; the district court did not 'investigate or adequately address' the 'numerous problematic aspects of the settlement and subtle signs of implicit collusion.'" 50 F.4th at 783 (quoting *Roes*, 944 F.3d at 1049). By contrast, here, the panel "commend[ed]" this Court's "thoughtful and thorough analysis," and further observed that this Court had already "acknowledged that deference to the parties' consensual decision 'must be limited' to ensure 'that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.'" *Id.* at 776, 782 n.10.

The Ninth Circuit otherwise rejected all of the substantive challenges to the settlement that it addressed in its decision. Accordingly, aside from the award of attorneys' fees, the sole issue for the Court to reconsider on remand is whether its analysis of the settlement's fairness, reasonableness, and adequacy complied with the Ninth Circuit's heightened scrutiny standard for pre-certification settlements.

**B.      The Settlement Is Fair, Reasonable, and Adequate Under Heightened Scrutiny**

Reexamining the analysis in the Court's final approval order in full, it is clear that, while the Court may have erred in its statement of the legal standard, the underlying analysis did in fact comport with the Ninth Circuit's "heightened scrutiny" standard for pre-certification settlements. The Ninth Circuit has issued a number of decisions that identify several factors a district court must consider in approving these settlements.

The first of these key cases is *Hanlon*, which adopted "a more probing inquiry than may normally be required under Rule 23(e)." 150 F.3d at 1026. *Hanlon* did not explain what "a more probing inquiry" entails, but the Ninth Circuit later expanded upon this standard in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011). In that case, the court explained that pre-certification settlements "must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *Id.* at 946. Under this standard, the "district court's approval order must show not only that 'it has explored [the *Hanlon*] factors comprehensively,' but also that the settlement is 'not[] the product of collusion among the negotiating parties.'" *Id.* at 947 (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000)). Specifically, *Bluetooth* instructed district courts

to "be particularly vigilant not only for explicit collusion, but also for more subtle signs" as well, and outlined three "warning signs" that may indicate collusion or other conflicts of interest: (1) when class counsel "receive a disproportionate distribution of the settlement"; (2) when the parties negotiate a "clear sailing" arrangement for payment of attorneys' fees; and (3) when the parties negotiate reversion of unawarded fees to the defendant, instead of to the class. *Id*. at 947 (quotation marks and citations omitted).

The Ninth Circuit has since drawn from *Hanlon* and *Bluetooth* as setting forth the relevant standards to apply "heightened scrutiny" for pre-certification settlements. For example, in *Roes*, the Ninth Circuit held that to satisfy this "higher standard of fairness," a district court must "explore[] comprehensively all factors, give[] a reasoned response to all non-frivolous objections, . . . adequately develop[] the record to support its final approval decision," and "look[] for and scrutinize[] any subtle signs that class counsel have allowed pursuit of their own self-interests to infect the negotiations." 944 F.3d at 1048, 1043 (citing *Hanlon*, 150 F.3d at 1026, and *Bluetooth*, 654 F.3d at 946). In the years since *Roes*, the Ninth Circuit has repeated this standard on several occasions. *See, e.g.*, *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607 (9th Cir. 2021) (reciting this same standard); *Briseno v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (reciting a substantively similar standard); *Saucillo*, 25 F.4th at 1131 (citing *Roes*).

As explained below, the Court's approval of the settlement comports with heightened scrutiny, and therefore the Court should again grant final approval to the settlement.

**1. The Court Conducted a "Probing Analysis" in Evaluating the Settlement.** As the Ninth Circuit recognized, this Court has already conducted a "probing analysis" before concluding that the settlement agreement was fair, reasonable, and adequate. 50 F.4th at 783.

Before settling, the parties engaged in nearly three years of extensive litigation. That litigation included two rounds of motions to dismiss (including a motion for reconsideration) (Dkts. 176, 194, 197, 271, 282, 286, 298), extensive discovery—including 19 depositions, the forensic inspection of several named Plaintiffs' devices, and the exchange of millions of pages of document productions. (*See* Dkt. 471 ¶¶ 25–36.) Discovery was hard-fought. This Court appointed a special discovery master who presided over more than 20 telephonic conferences and in-person hearings (*e.g.*, Dkts. 229–32,

235, 245, 389), and she resolved several discovery disputes (*e.g.*, Dkts. 116, 122, 125, 206, 217, 220, 319). By the time the settlement was reached, the Court was intimately familiar with the parties' positions—including the relative strengths and weaknesses of their claims and defenses raised—and the evidence in this case.

But the Court did not rest on its familiarity with the case when analyzing the settlement. Instead, it conducted a lengthy and extensive settlement approval process, which included *two* rounds of direct notice to **99%** of the settlement class. Through this process, the Court received detailed briefing from the parties, objectors, and amicus curiae (Dkts. 415, 417, 421, 423, 432–514, 517–19, 521–24, 528–37, 539–42, 544–46, 549–55, 560–61, 564, 568–70, 575, 575, 579, 590–92, 595–96, 607) and considered many status reports from the parties and the settlement administrator (*see, e.g.*, Dkts. 470-2, 551, 592, 596). Additionally, in analyzing the adequacy of the settlement, the Court even requested a detailed expert analysis prepared by Plaintiffs' economist to assess the potential per-unit damages experienced by the settlement class members. (*See* Dkt. 591). After reviewing all of this evidence, the Court conducted over seven hours of fairness hearings and gave ample opportunities for the parties, objectors, and amicus curiae to address the Court. (Dkts. 585, 600.)

The Court's efforts—based not only on its deep familiarity presiding over this case, but also through a rigorous approval process—fully satisfies the requirement to review the settlement with heightened scrutiny. *See* 50 F.4th at 783 (noting that this Court's "probing analysis suggests that [it] may have applied heightened scrutiny"). The Court just needs to refrain from stating any "presumption" of fairness in reapproving the settlement.

**2. *The Court Carefully Analyzed All of the Ninth Circuit's Settlement Approval Factors*.** The Court's inquiry culminated in a 36-page order that explicitly addressed each relevant settlement approval factor. (*See* Dkt. 608 at 11–19 (citing *Churchill Vill. L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004), *Hanlon*, 150 F.3d at 1026, and *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).) It concluded that despite Plaintiffs' continued belief in the strength of their case, the risk of not obtaining recovery was "real and substantial." (*Id*. at 11–13.) It recognized that significant discovery—including millions of pages of productions and over ten depositions—had been completed (*id*. at 1), and that the remaining discovery and subsequent trial would be risky, complex,

and time consuming (*id*. at 13–14). The Court further noted that class certification had not yet been granted, and that if "the litigation proceeded . . . there was a risk that a class would not be certified." (*Id*.) It also found that the amount offered in settlement was "within the range of reasonableness" after considering the parties' and objectors' competing calculations. (*Id*. at 14 (citing Dkt. 591).) The Court also held that the broad experience of class counsel weighed in favor of a finding of fairness (*id*. at 17), as did the fact that only 0.01% of class members who responded to the settlement notice sought to be excluded or objected (*id*. at 17–18). Based on all these considerations—none of which relied on any presumption of fairness—the Court ultimately concluded that all relevant factors weighed in favor of the settlement. (*Id*. at 11–19.) *See Fleming v. Impax Labs. Inc.*, No. 16-6557-HSG, 2022 WL 2789496, at *4–7 (N.D. Cal. July 15, 2022) (comprehensively analyzing each *Hanlon* factor under heightened scrutiny per *Roes*).

**3. *The Court Provided Reasoned Responses to Each Objection*.** The Court's approval order also spent 16 pages carefully considering the arguments raised by the objectors. (*See* Dkt. 608 at 20–36.) These objections varied dramatically. Beyond those raised by Feldman and Best Companies Inc., other objections included objections to the lawsuit entirely (*see, e.g.*, Dkt. 441), objections to the serial number requirement (*see, e.g.*, Dkt. 438), and objections relating to privacy concerns (*see, e.g.*, Dkt. 542). The Court addressed, considered, and reasonably overruled each of these objections (*see* Dkt. 608 at 20–36)—a far cry from *Roes*, which "did not substantively investigate or address" some of the objectors' concerns. 944 F.3d at 1052. Agreeing with this Court's analysis, the Ninth Circuit disposed of the principal substantive objections on appeal. 50 F.4th at 779–82.[3]

---

[3] There is no basis for this Court to revisit its prior rulings that the Ninth Circuit has now affirmed. For example, the Ninth Circuit expressly affirmed this Court's overruling of the Feldman objectors' arguments about standing. *See* 50 F.4th at 781–82 (rejecting the Feldman objectors' argument that "the possibility that some class members suffered no damages mean that they lack standing and must be dismissed," and holding that Plaintiffs' allegations had "sufficed to establish standing" for class settlement purposes). Although the Feldman objectors recently filed a "Statement of Recent Decision" on this issue of standing (Dkt. 630), they had submitted a Rule 28(j) letter to the

**4. *The Court Probed for Subtle Signs of Collusion and Found None.*** In its approval order, the Court also recognized its obligation to "reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." (Dkt. 608 at 10; *see also* 50 F.4th at 782 n.10.) This Court's finding about the total "absence of collusion" in the settlement was grounded on detailed facts, including that the settlement was reached after several in-person mediation sessions and that it was based upon a proposal written by an experienced mediator. (Dkt. 608 at 10.) In fact, this is a rare settlement in which not a single one of the *Bluetooth* factors indicating "subtle signs of collusion" or conflicts of interest is present (no "clear sailing arrangement"; no "reverter that returns unclaimed [funds]"; and no "disposition distribution" to class counsel). *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (quoting *Bluetooth*, 654 F.3d at 947). This Court's "detailed approval order" and "specific factual finding" about arm's-length negotiations confirms that the analysis fully comports with heightened review. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 825 (9th Cir. 2012) (district court's "detailed approval order" and "specific factual finding" about arm's-length negotiations demonstrated that the "review was . . . compliant with this circuit's requirement [to] apply heightened review to a class action settlement reached before formal certification").

---

Ninth Circuit regarding these same decisions, and the Ninth Circuit—with the benefit of these decisions—nonetheless rejected their standing arguments. There is no basis for these objectors to ask this Court to reexamine issues that the Ninth Circuit has conclusively resolved. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) ("The law of the case doctrine . . . precludes a court from reconsidering an issue decided previously . . . by a higher court in the identical case," and "[a] district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it."). Were the law otherwise, there would be an endless series of judgments, appeals, and relitigation of the same issues over and over again. Additionally, the Ninth Circuit decision the Feldman objectors cite, *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022), did not involve a settlement class and is therefore irrelevant to the Ninth Circuit's standing analysis in this case.

## IV. CONCLUSION

The parties respectfully request that the Court again grant final approval to the settlement and enter judgment. This Court's detailed and well-reasoned approval order satisfies the heightened scrutiny required for pre-certification settlements, and the only matter requiring attention is the statement of the correct legal standard without any presumption of fairness or deference to counsel. Accordingly, to comply with the Ninth Circuit's direction to "evaluate the settlement under the correct standard," 50 F.4th at 783, the Court need only apply the heightened scrutiny required for pre-certification settlements and again approve the settlement as fair, reasonable, and adequate.

Dated: November 11, 2022       COTCHETT, PITRE & MCCARTHY LLP

                               By:    /s/ Joseph W. Cotchett
                                      Joseph W. Cotchett

Dated: November 11, 2022       KAPLAN FOX & KILSHEIMER LLP

                               By:    /s/ Laurence D. King
                                      Laurence D. King

                               *Co-Lead Counsel for Plaintiffs*

Dated: November 11, 2022       GIBSON, DUNN & CRUTCHER LLP

                               By:    /s/ Christopher Chorba
                                      Christopher Chorba

                               *Attorneys for Defendant Apple Inc.*

                      *    *    *

### ECF ATTESTATION

I, Joseph W. Cotchett, hereby attest that the concurrence in the filing of this document has been obtained from the above signatories.

Dated: November 11, 2022              /s/ Joseph W. Cotchett
                                      Joseph W. Cotchett