| | |
|---|---|
| JOSEPH W. COTCHETT, SBN 36324<br>  jcotchett@cpmlegal.com<br>MARK C. MOLUMPHY, SBN 168009<br>  mmolumphy@cpmlegal.com<br>ELLE D. LEWIS, SBN 238329<br>  elewis@cpmlegal.com<br>COTCHETT, PITRE & McCARTHY LLP<br>840 Malcolm Road, Suite 200<br>Burlingame, CA  94010<br>Telephone:    650.697.6000<br><br>LAURENCE D. KING, SBN 206243<br>  lking@kaplanfox.com<br>FREDERIC FOX, SBN (*pro hac vice*)<br>  ffox@kaplanfox.com<br>DONALD R. HALL (*pro hac vice*)<br>  dhall@kaplanfox.com<br>KAPLAN FOX & KILSHEIMER LLP<br>1999 Harrison Street, Suite 1560<br>Oakland, CA  94612<br>Telephone:    415.772.4700<br><br>*Co-Lead Counsel for Plaintiffs* | THEODORE J. BOUTROUS, JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>CHRISTOPHER CHORBA, SBN 216692<br>  cchorba@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071<br>Telephone:   213.229.7000<br><br>WESLEY SZE, SBN 306715<br>  wsze@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA  94304<br>Telephone:   650.849.5300<br><br>*Attorneys for Defendant Apple Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>This Document Relates to:<br><br>   ALL ACTIONS | Case No. 5:18-md-2827-EJD<br><br>**JOINT ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE FOR JOINT RENEWED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>*[Declaration of Mark C. Molumphy and [Proposed] Order Filed Concurrently]*<br><br>Judge:      Hon. Edward J. Davila<br>Courtroom:  4, Fifth Floor |

## I.     INTRODUCTION

Pursuant to Civil Local Rules 6-3 and 7-11, Plaintiffs and Defendant jointly move this Court for an order advancing the hearing date on the parties' Joint Renewed Motion for Final Approval of Class Action Settlement (Dkt. 631) and Plaintiffs' Renewed Motion for Approval of Attorneys' Fees, Expenses and Service Awards (Dkt. 632) to December 16, 2022 (or to the earliest date convenient for the Court). Both motions are presently noticed for April 20, 2023, which is the earliest available date on the Court's calendar. While the parties are aware of the Court's existing caseload and press of business, given the Court's deep familiarity with this case, the thorough existing settlement record and briefing, the very limited issues that the Ninth Circuit identified for further consideration upon remand, and the delay in finalizing this settlement (and providing benefits to settlement class members), the parties respectfully seek an earlier "special set" hearing for the Court to consider and rule upon their renewed motions. Shortening the time will not prejudice any party, nor reduce the normal time to file opposition or reply briefs. In fact, expediting the hearing will benefit both the settlement class members, millions of whom are awaiting payment of settlement benefits, and the parties, who seek a final judgment to finalize this settlement.[1]

## II.     BACKGROUND

In March 2021, this Court originally granted final approval of the parties' proposed settlement, which secured $310 million in benefits to the class, to be paid in the form of cash payments to millions of class members who submitted valid claims. (*See* Dkt. 608.) However, the payment of those settlement benefits has been delayed because several objectors filed appeals to the Ninth Circuit.

On September 28, 2022, the Ninth Circuit issued its opinion in these consolidated appeals. *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769 (9th Cir. 2022). The panel rejected most of the objectors' arguments and "commend[ed]" this Court's "thoughtful and thorough analysis." *Id.* at 776. However, the Ninth Circuit found that this Court's order "cited the wrong legal standard" and ultimately vacated and remanded the proceedings "so that on remand the district court can evaluate the

---

[1] Apple takes no position on Plaintiffs' renewed request for attorneys' fees, expenses and service awards.

settlement under the correct standard." *Id.* at 783. The Ninth Circuit also "vacate[d] [this Court's] order awarding attorney's fees, expenses, and incentive payments" and provided "guidance" on these issues "in the event the district court again approves the settlement." *Id.* There were no petitions for rehearing, and the Ninth Circuit's mandate issued on October 20, 2022. (*See* Decl. of Mark C. Molumphy, Ex. A.)

Concurrent with this administrative motion, the parties have filed a renewed joint motion for final approval of the settlement (*see* Dkt. 631) and Plaintiffs have filed a renewed motion for attorneys' fees, expenses, and service awards (*see* Dkt. 632). Both motions cite—and do not seek to supplement— the existing evidentiary record previously filed with the Court. Under Civil Local Rule 7-2(a), the motions will be fully briefed by December 2, 2022. The motions have been noticed for hearing on April 20, 2023, which is the earliest available hearing date under the Court's regular schedule—though the parties are available for a hearing at the Court's earliest convenience.

### III. ARGUMENT

This Court has the "inherent power to control [its] dockets," including to advance a hearing upon a showing of "good cause." *WeRide Corp. v. Kun Huang*, No. 18-7233-EJD, 2019 WL 3555343, at *2 (N.D. Cal. Aug. 5, 2019) (citation and quotation marks omitted); *see also* Civil L.R. 6-3. Good cause exists to advance the hearing date on the Joint Motion for final settlement approval.

This Court is already very familiar with the settlement, which this Court preliminarily approved in May 2020 (Dkt. 429), and then thoughtfully considered for final approval in March 2021 (Dkt. 608) based on an extensive record of numerous briefs, evidence, and hearings. Although several objectors filed appeals, the Ninth Circuit rejected all of their substantive complaints, holding that this Court's analysis was "thoughtful and thorough" and "suggest[ed] that th[is Court] took great care in considering the terms of the settlement." 50 F.4th at 776. And the panel expressly affirmed this Court's rulings concerning the adequacy of notice to non-natural persons and the attestation requirement (as well as concerning other arguments objectors have raised). *See id.* at 779–82 & fn.6–7. Despite its agreement with this Court's reasoning in granting final approval, the Ninth Circuit remanded "so that on remand the district court can evaluate the settlement under the correct standard." *Id.* at 783.

Additionally, in light of the vacatur, the Ninth Circuit also asked this Court to "reconsider" certain issues concerning the order granting attorneys' fees in light of the panel's "guidance." *Id.* Specifically, the panel suggested that if, on remand, this Court "awards attorney's fees and uses the percentage-of-recovery method, it should more clearly explain why a deviation from the benchmark is or isn't appropriate before proceeding to a lodestar cross-check" based on the various factors it considered. *Id.* at 783–84 & n.11 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)). The panel also directed this Court to consider whether JCCP-related work should be included in the lodestar given its impact on the lodestar and multiplier used in the Court's lodestar cross-check. *Id.* at 783–85.

Given the limited scope of issues this Court needs to address on remand—and the substantial prejudice that months of further delay would impose on the millions of class members who submitted valid claims and are still waiting to receive settlement payments—it is well within this Court's discretion to advance the hearing date. (*See* Molumphy Decl. ¶ 4.) The parties are committed to working expediently to facilitate the Court's consideration of the renewed motions, which have been filed and will be fully briefed by December 2, 2022, and ready for hearing as early as December 16, 2022. (Molumphy Decl. ¶ 3.) Moreover, as explained in the motions, the issues to address on remand are limited and pertain to questions of law or evidence in the existing record that do not require any further development. (*See generally* Dkts. 631, 632.) Nor will advancing the hearing date prejudice absent class members or nonparties, because the parties still propose having the motions heard on the regular notice schedule for motions pursuant to Civil Local Rule 7-2. In fact, advancing the hearing will *benefit* the millions of settlement class members who filed valid claims, did not object to the settlement, and have been waiting patiently for their settlement benefits. The parties' requested advancement of the hearing on the motions will also not have any other impact on the schedule for this case—and would likely result in a more efficient disposition of this MDL. (Molumphy Decl. ¶ 7.)

## IV. CONCLUSION

The parties respectfully request that the Court grant this administrative motion and advance the hearing date on the motions to December 16, 2022, or to the next available date for the Court.

Respectfully submitted,

Dated: November 11, 2022           COTCHETT, PITRE & MCCARTHY LLP

By: _/s/ Joseph W. Cotchett_
Joseph W. Cotchett

Dated: November 11, 2022           KAPLAN FOX & KILSHEIMER LLP

By: _/s/ Laurence D. King_
Laurence D. King

*Co-Lead Counsel for Plaintiffs*

Dated: November 11, 2022           GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Christopher Chorba_
Christopher Chorba

*Attorneys for Defendant Apple Inc.*

\*     \*     \*

### ECF ATTESTATION

I, Joseph W. Cotchett, hereby attest that the concurrence in the filing of this document has been obtained from the above signatories.

Dated: November 11, 2022           _/s/ Joseph W. Cotchett_
Joseph W. Cotchett