Jan L. Westfall (SBN 241106)
P.O. Box 711472
San Diego, CA 92171
Phone: (619) 940-2880
jlwestfall.esq@gmail.com
*Counsel for Objector Deborah Pantoni*

Kendrick Jan, APC (SBN 105149)
402 West Broadway, Suite 1520
San Diego, CA 92101
Phone: (619) 231-7702
kj@jan-law.com

John J. Pentz, *pro hac vice*
18 Damon Street
Wayland, MA 01778
Phone: (978) 985-4668
jjpentz3@gmail.com

*Counsel for Objectors Sarah Feldman and Hondo Jan*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION**<br><br>This document relates to:<br>ALL ACTIONS | **Case No. 5:18-md-02827-EJD**<br><br>**FELDMAN OBJECTORS' JOINT OPPOSITION TO PLAINTIFFS' AND DEFENDANT'S JOINT ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE FOR FINAL APPROVAL AND PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

Objectors Deborah Pantoni, Sarah Feldman, and Hondo Jan oppose Plaintiffs' and Defendant's JOINT ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE FOR JOINT RENEWED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS (Dkt. 633), as follows:

## I. BACKGROUND

In the captioned matter, class members Deborah Pantoni (objection Dkt. 519), and Sarah Feldman and Hondo Jan (objection Dkt. 512) objected to approval of the proposed settlement ("Settlement") and the sought attorney's fees and incentive awards, all of which objections were overruled. Objectors appealed to the Ninth Circuit this Court's orders granting Final Approval of Class Action Settlement ("Settlement Approval Order") and granting Attorneys' Fees, Expenses, and Service Awards ("Fee Award"). Four appeals were consolidated in the Ninth Circuit, and in keeping with the Ninth's Circuit's policies favoring the filing of joint briefs, Pantoni, Feldman and Jan (referred to as "Feldman objectors" in the Ninth Circuit opinion) jointly briefed and argued their appeals.

The Feldman objectors' appeals were successful. The Ninth Circuit vacated the Settlement Approval Order, finding this Court improperly "applied a presumption that the settlement was fair and reasonable" and improperly stated it "should give 'proper deference to the private consensual decision of the parties." *In Re Apple Inc. Device Perf. Litig.*, 50 F.4th 769, 782-3 (2022). The Ninth Circuit likewise vacated the Fee Award. Particularly, the Appellate Court stated its agreement with arguments made by the Feldman objectors regarding the inclusion of $4 million of JCCP counsel fees, finding "the impact of the JCCP fees on the multiplier was not at all "insignificant," and the District Court's "failure to consider whether the JCCP fees should be included in the lodestar was an abuse of discretion." *Id.*, at 785.

By their pending Renewed Motion for Attorneys' Fees ("Renewed Fee Motion"), Class Counsel seek an unjustified reiteration of the vacated Fee Award, and plaintiffs and defendant by their joint Renewed Motion for Final Settlement Approval ask this Court to rubber-stamp the vacated Settlement Approval Order. By the instant motion, plaintiffs and defendant seek to advance the date of hearing on these renewed motions from the date assigned by the clerk's office (i.e., April 20, 2023) to December 16, 2022, or the earliest date convenient for the Court ("Joint Administrative Motion"). The Feldman objectors oppose the Joint Administrative Motion and propose a compromised advanced hearing date be set for the week of January 16, 2023, or the earliest date thereafter convenient for the Court.

## II. PROCEDURAL ISSUE

Northern District local rule 7-11 regarding motions for administrative relief sets forth the requirements for the administrative motion; in particular the motion "must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." The Declaration of Mark Molumphy made in support of the instant motion contains no information regarding any effort to contact counsel for the Feldman Objectors – the successful appellants in this matter – to determine whether a stipulation regarding advancing the subject hearing dates could be had. Instead, without contacting counsel for Feldman Objectors or describing why a stipulation could not be obtained, the parties filed their administrative motion seeking expedited hearing late on a Friday night, leaving objectors only two business days to prepare their opposition. The parties also specified only the minimum time period allowed for response to the Renewed Settlement Approval Motion and Renewed Fee Motion, despite commentary to the Northern District Civil L.R. 7-2 and 7-3 indicating "For complex motions, parties are encouraged to stipulate to or seek a Court order establishing a longer notice period with correspondingly longer periods for response or reply." Rather than contacting objectors to reach agreement on reasonable periods for response or reply to their motions, the parties timed filing of the motions and specified the minimum response period such that oppositions are to be filed the day after Thanksgiving, in a clear attempt to inconvenience those opposing the motions and to limit meaningful review and opposition, in complete disregard for the local rules.

## III. ARGUMENT

By seeking to advance the hearing date for the motions and thereby expedite review of their renewed motions, the parties essentially assert the Court need merely change the language in one paragraph in its prior order where it "cited the wrong legal standard" and recycle its approval of the Settlement, and simply change its earlier findings to justify the same attorneys' fee award. As with their earlier motions for final approval (arguing the court should defer to the views of counsel), the parties again seek to mislead the court by urging it to defer to their assessment of the Settlement and cherry-picked language out of the Ninth Circuit's opinion. The

parties ignore the District Court's obligation to carefully examine – with heightened scrutiny – the fairness of the Settlement in keeping with controlling authority and the Ninth Circuit's opinion.

### A. The court should not rubber stamp approval of the Settlement

Vacatur by the Ninth Circuit for failure to apply heightened scrutiny does not invite a simple reprocessing of the Settlement Approval Order. The parties' arguments in this regard, combined with their motion seeking expedited processing of their motions, reflect their obvious disrespect for the Ninth Circuit's clear statement of the District Court's duty to thoroughly scrutinize a class action settlement.

The errors identified by the Ninth Circuit were not limited to citing the wrong legal standard. The Ninth Circuit specifically determined the District Court erred by deferring to the views of counsel and according those views a "presumption of reasonableness" and describing that it "should give 'proper deference to the private consensual decision of the parties' [ ] and that the 'recommendations of plaintiffs' counsel should be given a presumption of reasonableness" (citations omitted). 50 F.4th 782-783. The Ninth Circuit further found the District Court erred by citing "'a presumption that the agreement is fair' given '[t]he involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place'." (Citations omitted). *Id.* A further problematic aspect of the review conducted by the District Court was its suggestion that "its scrutiny was limited to 'obvious deficiencies' [ ] rather than any 'subtle signs' of collusion'." (Citations omitted). *Id*.

Owing to its determination that the Settlement Approval should be vacated, the Ninth Circuit did not address all of the arguments made by appellants. *See Id. at* 782 ("We need not reach these issues."). Objectors seek to address a number of issues regarding standing, the Settlement, and fees, and the Ninth Circuit leaves to the District Court the job of scrupulously examining these matters. The parties' effort to rush the District Court in the exercise of its duties is indefensible and the Joint Administrative Motion should be denied.

**B.      Class certification should be reconsidered in light of recent decisions**

A further consideration weighing against expedited review of the Settlement's fairness is the need for the District Court to reconsider certification of the proposed Settlement class in light of appellate decisions issued since this Court's March 2021 Settlement Approval Order. Briefly, in *Transunion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021), the Supreme Court overruled the Ninth Circuit in a case where a large portion of the certified class had not experienced a concrete harm and therefore lacked standing. With that decision the Supreme Court stressed the importance of ensuring that all litigants have standing at all stages of litigation. This was reiterated by the Ninth Circuit in *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Circuit 2022) ("Before it can certify a class, a district court must be "satisfied, a rigorous analysis, that the prerequisites of both Rule 23(a) and 23(b)(3) have been satisfied." In this regard, "plaintiffs wishing to proceed through a class action must actually *prove* – not simply plead – that their proposed class satisfies each requirement of the Rule 23, including [ ] predominance [ ] and must carry their burden of proof 'before class certification.'" (Emphasis in original.)). More recently and more pointedly, in *Drazen v. Pinto*, 41 F.4th 1354 at 1361 (11th Cir. 2022), the Eleventh Circuit held that, in the case of a settlement class, the district court must determine through evidence at the time of settlement that every class member has suffered an injury sufficient to confer Article III standing. These decisions instruct that the inclusion of uninjured parties in a settlement class is improper, and reflect evolution in the law since this Court's certification of the Class and approval of the Settlement in 2021.

### IV. CONCLUSION

For the foregoing reasons, the parties' Joint Administrative Motion to Advance Hearing Date for Joint Renewed Motion for Final Approval of Class Action Settlement and Plaintiffs' Renewed Motion for Attorneys' Fees, Expenses, and Service Awards should be denied. By way of compromise, Feldman objectors propose hearing of the Renewed Motions be advanced to the week of January 16, 2023, or thereafter according to the convenience of the Court.

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | Objector Deborah Pantoni, by: |
| 3 | */s/ Jan L. Westfall* |
|   | Jan L. Westfall (SBN 241106) |
| 4 | P.O. Box 711472 |
|   | San Diego, CA 92171 |
| 5 | Phone: (619) 940-2880 |
|   | jlwestfall.esq@gmail.com |
| 6 | Attorney for Deborah Pantoni |

Respectfully submitted,
Objector Deborah Pantoni, by:

*/s/ Jan L. Westfall*
Jan L. Westfall (SBN 241106)
P.O. Box 711472
San Diego, CA 92171
Phone: (619) 940-2880
jlwestfall.esq@gmail.com
Attorney for Deborah Pantoni

Objectors Sarah Feldman and
Hondo Jan, by:

*/s/ Kendrick Jan*
Kendrick Jan, APC (SBN 105149)
402 West Broadway, Suite 1520
San Diego, CA 92101
Tel: (619) 231-7702
kj@jan-law.com

*/s/ John J. Pentz*
John J. Pentz, Esq., *pro hac vice*
18 Damon Street
Wayland, MA 01778
Phone: (978) 985-4668
jjpentz3@gmail.com
Attorneys for Sarah Feldman and
Hondo Jan

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on November 15, 2022, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: ___*s/ Jan L. Westfall*____