1    Jan L. Westfall (SBN 241106)
     P.O. Box 711472
2    San Diego, CA 92171
     Phone: (619) 940-2880
3    jlwestfall.esq@gmail.com

4    Counsel for Objector Pantoni

5

6                       UNITED STATES DISTRICT COURT

7                       NORTHERN DISTRICT OF CALIFORNIA

8                            SAN JOSE DIVISION

9

10

11   | | Case No. 5:18-md-02827-EJD |
     | --- | --- |
     | **IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION** | **DECLARATION OF JAN L. WESTFALL IN SUPPORT OF FELDMAN OBJECTORS' OPPOSITION TO PLAINTIFFS' AND DEFENDANT'S JOINT ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE FOR FINAL APPROVAL AND PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |
     | This document relates to: ALL ACTIONS | |

19   I, Jan L. Westfall, declare as follows:

20   1.      I am an attorney licensed by the State Bar of California (SBN 241146) and am a member

21   of the bar of this Court; my business address is P.O. Box 711472, San Diego, California 92171.  I

22   represent objector Deborah Pantoni in the captioned matter, and make this declaration in support

23   of Feldman Objectors Joint Opposition to Plaintiffs' and Defendants Joint Administrative Motion

24   to Advance Hearing Date for Final Approval and Plaintiffs' Renewed Motion for Attorneys'

25   Fees, Expenses, and Service Awards.

26   2.      This District's Civil L.R. 7-11 requires the pending Joint Administrative Motion to

27   Advance Hearing Date "be accompanied by a proposed order and by either a stipulation under

28   Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained."

1

Case No. 5:18-md-02827-EJD                                  Dec. in Support of Oppo. to Joint Admin. Motion

3.      I was not contacted by either Class Counsel or counsel for defendant Apple Inc., in advance of the making of the pending Joint Administrative Motion, and Mr. Molumphy's declaration in support of the pending Joint Administrative Motion to Advance Hearing Date does not explain why a stipulation with Feldman objectors could not be obtained.

4.      Had I been contacted in advance by Class Counsel or counsel for defendant Apple Inc., I would have made efforts to negotiate a reasonable advance of the current April 20, 2023 hearing date, and extension of the deadlines for filing of responses and replies, and would have so stipulated.

5.      In his declaration, Mr. Molumphy describes the "Ninth Circuit only identified a small number of discrete legal issues that this Court needs to address on remand."  This is inconsistent with the opinion of the Ninth Circuit set forth at *In re Apple Inc. Device Perf. Litig.*, 50 F.4th 769 (2022).  *See* Dkt. 634.  Class Counsel glosses over the significant concerns stated by the Ninth Circuit, as well as issues that must be revisited due to new applicable authority as set out in *Transunion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021), *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Circuit 2022), and *Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022).

6.      I have made inquiry of Kendrick Jan and John Pentz (attorneys for objectors Feldman and Jan) and am informed neither of them was contacted by either Class Counsel or counsel for defendant Apple Inc. in advance of the making of the pending Joint Administrative Motion.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Date:   November 15, 2022

/s/ *Jan L. Westfall*
Jan L. Westfall