JOSEPH W. COTCHETT, SBN 36324
jcotchett@cpmlegal.com
MARK C. MOLUMPHY, SBN 168009
mmolumphy@cpmlegal.com
ELLE D. LEWIS, SBN 238329
elewis@cpmlegal.com
COTCHETT, PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650.697.6000

LAURENCE D. KING, SBN 206243
lking@kaplanfox.com
FREDERIC FOX, SBN (*pro hac vice*)
ffox@kaplanfox.com
DONALD R. HALL (*pro hac vice*)
dhall@kaplanfox.com
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415.772.4700

*Co-Lead Counsel for Plaintiffs*

THEODORE J. BOUTROUS, JR., SBN 132099
tboutrous@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
cchorba@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000

WESLEY SZE, SBN 306715
wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.849.5300

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION

This Document Relates to:

ALL ACTIONS

Case No. 5:18-md-2827-EJD

**PLAINTIFFS' AND DEFENDANT'S REPLY BRIEF IN SUPPORT OF JOINT RENEWED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Judge: Hon. Edward J. Davila
Courtroom: 4, Fifth Floor
Date: April 20, 2023
Time: 9:00 a.m.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The Ninth Circuit's Rulings Rejecting the Feldman Objectors' Arguments Are the Binding Law of the Case ..... 3

B. The Feldman Objectors Do Not Identify Any Exception to the Law of the Case Rule ..... 5

C. Granting Final Settlement Approval Is Appropriate Under Heightened Scrutiny ..... 7

III. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015) .......... 3

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) .......... 5

*In re Apple Inc. Device Performance Litig.*, 50 F.4th 769 (9th Cir. 2022) .......... 1, 3, 4, 5, 6, 7, 8

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) .......... 2, 3

*California v. IntelliGender, LLC*, 771 F.3d 1169 (9th Cir. 2014) .......... 4, 5, 8

*Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022) .......... 1, 6

*EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789 (7th Cir. 2005) .......... 5

*Frank v. Gaos*, 139 S. Ct. 1041 (2019) .......... 6

*Hall v. City of L.A.*, 697 F.3d 1059 (9th Cir. 2012) .......... 4

*Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400 (9th Cir. 1993) .......... 5, 6

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) .......... 9

*Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) .......... 1, 6, 9

*Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1043 (9th Cir. 2019) .......... 2

*In re Sanford Fork & Tool Co.*, 160 U.S. 247 (1895) .......... 2, 4

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) .......... 6

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) .......... 6, 9

*United States v. Kellington*, 217 F.3d 1084 (9th Cir. 2000) .......... 2, 4

*United States v. Thongsouk Theng Lattanaphom*,
159 F. Supp. 3d 1157 (E.D. Cal. 2016) ..................... 5

## I. INTRODUCTION

The Ninth Circuit remanded this case for a very limited purpose. The plain language of the panel's order "commend[ed] the district court's thoughtful and thorough analysis, which suggests that the court took great care in considering the terms of the settlement." 50 F.4th 769, 776 (9th Cir. 2022) (Dkt. 634). The panel concluded that the "district court properly resolved most of the objections at issue," and further noted that this Court's "probing analysis suggests that [it] may have applied heightened scrutiny." *Id.* at 776, 783. However, because the "written order relied on a flawed legal standard," the panel remanded on the very narrow issue of ensuring that this Court applies the correct standard of review. *Id.* at 783. This issue—which the Feldman objectors did not even bother to raise until their Ninth Circuit reply brief, depriving the parties of any opportunity to respond—pertained to just a few lines in the Court's final approval order.

Despite the limited purpose of the remand, the Feldman objectors' opposition brief now attempts to relitigate issues about the attestation requirement and Article III standing they previously presented and that the Ninth Circuit expressly rejected. The Ninth Circuit's rulings on these issues are the binding law of the case. On pages 780 to 781 of its published opinion, the panel ruled that the attestation requirement was a "reasonable" compromise of a disputed factual issue about the existence and extent of damages amongst the settlement class. 50 F.4th at 780–81. And on pages 781 to 782, the panel rejected the Feldman objectors' Article III standing argument, holding that "the possibility that some class members suffered no damages" does not "mean that they lack standing and must be dismissed." *Id.* at 781–82 (footnote omitted). Additionally, the purportedly "new" cases the Feldman objectors now cite—*Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) and *Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022)—are actually not "new" at all; the Feldman objectors already brought these cases to the Ninth Circuit's attention. Even with the benefit of these decisions, the Ninth Circuit held that neither *Olean* nor *Drazen* changed the analysis. The objectors cannot reargue these issues on remand—and they cite no new facts, evidence, or authority that would permit them to do so.

To be clear, the parties are *not* asking the Court to "rubber stamp" approval of the settlement, as the Feldman objectors falsely suggest. Consistent with the Ninth Circuit's mandate, the Court must

satisfy itself that the settlement passes muster under heightened scrutiny. But that analysis does not authorize the Feldman objectors to reargue issues that the Ninth Circuit already rejected. Vacatur does not mean every issue is fair game for reconsideration; were the rule otherwise, civil litigation would become a never-ending repetition of the same arguments over and over again. To the contrary, this Court is bound by "'*any matter decided on appeal*'"—including the issues the Feldman objectors attempt to raise again now. *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)). The Ninth Circuit's *de novo* review of legal questions relating to the attestation requirement and class standing has conclusively rejected the arguments the objectors raise again now, and the objectors have not developed any additional arguments regarding this Court's analysis of the other settlement factors that they contend do not survive heightened scrutiny.

In short, the objectors have no basis to reargue their failed objections to the settlement. The Court should approve the settlement again under the correct standard.

## II.    ARGUMENT

The Ninth Circuit remanded this case for the limited purpose of ensuring that this Court's review of the settlement comports with heightened scrutiny and does not apply any presumptions of fairness. Heightened scrutiny requires this Court to ensure that it "has explored the [*Hanlon*] factors comprehensively" and confirmed that the settlement "is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (quotation marks and citation omitted); *see also Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1043, 1048 (9th Cir. 2019) (heightened scrutiny requires the court to "explore comprehensively all factors" and "look for and scrutinize any subtle signs that class counsel have allowed pursuit of their own self-interests to infect the negotiations" (cleaned up)).

As explained in the parties' joint renewed motion, this Court's approval of the settlement comports with heightened scrutiny: It conducted a "probing analysis" of the settlement, carefully analyzed each of the Ninth Circuit's settlement approval factors, provided reasoned responses to each objection, and probed for subtle signs of collusion and found none. (*See generally* Mot. at 7–10.) On remand, the Feldman objectors do not take issue with the vast majority of the Court's

previous conclusions that the settlement was fair, reasonable, and adequate, nor do they contend that any of the "subtle signs" of collusion under *Bluetooth* is present here.[1] Instead, their opposition brief raises just two issues that they contend should be revisited through the lens of heightened scrutiny: the settlement's attestation requirement and the Article III standing of the settlement class. Neither issue is a basis to reject final approval. *First*, the Ninth Circuit already considered—and rejected—the objectors' arguments about these issues, and these rulings are the binding law of the case. *Second*, the objectors cite no new law or new facts that would support an exception to the law of the case. *Third*, the objectors' arguments about the attestation requirement and Article III standing are meritless in any event, and the reasoning that this Court and the Ninth Circuit adopted to reject the objectors' arguments was sound.

Having failed to identify any other objections in their opposition brief, the Feldman objectors have no other basis to oppose final approval, and the Court should grant the parties' motion and approve the settlement.

### A. The Ninth Circuit's Rulings Rejecting the Feldman Objectors' Arguments Are the Binding Law of the Case

The Feldman objectors ask this Court to reexamine its prior ruling overruling their objections regarding the settlement's attestation requirement and Article III standing, but there is no basis for the

---

[1] The Feldman objectors note the Ninth Circuit's statement that this Court suggested that "its scrutiny was limited to 'obvious deficiencies,' rather than any 'subtle signs' of collusion." (Opp. at 3 (brackets omitted) (quoting 50 F.4th at 783).) But they have not argued (and could not argue) that any of the *Bluetooth* factors is present here: (1) there is no "clear sailing agreement," as Apple contested fees; (2) there is no "reverter that returns unclaimed" funds to Apple; and (3) the class is receiving the vast majority of the settlement funds in the form of cash payments. *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (citing *Bluetooth*, 654 F.3d at 943). (*See* Mot. at 10.) Additionally, this Court's findings about the absence of collusion were grounded on detailed facts about arm's-length negotiations and the proposal of an experienced mediator. (*See* Dkt. 608 at 10, 17.)

Court to revisit issues that the Ninth Circuit has already held that this Court "properly resolved." 50 F.4th at 776.

When a case has been decided by an appellate court and remanded to the lower court, "whatever was before" the appellate court, "and disposed of by its decree, is considered as finally settled." *Sanford*, 160 U.S. at 255; *see Kellington*, 217 F.3d at 1093 (same). Accordingly the lower court "is bound by the decree as the law of the case, and must carry it into execution according to the mandate.'" *Sanford*, 160 U.S. at 255. "[I]n construing a mandate, the lower court may consider the opinion the mandate purports to enforce," and the district court "'cannot vary it, . . . or review it, even for apparent error, *upon any matter decided on appeal*.'" *Kellington*, 217 F.3d at 1093 (quoting *Sanford*, 160 U.S. at 255); *see also Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012) ("The law of the case doctrine . . . precludes a court from reconsidering an issue decided previously . . . by a higher court in the identical case," and a "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it.").

Here, the Ninth Circuit panel considered and ruled that the Feldman objectors' arguments regarding the attestation requirement—whether couched in terms of due process, standing, or Rule 23—are without merit. In fact, the Ninth Circuit devoted an entire section of its opinion (Section III.B: "The Attestation Requirement Did Not Render the Settlement Unfair") to address the Feldman objectors' arguments, which the Ninth Circuit explained "boil down to the same core complaint: the settlement extinguishes the claims of 'all former or current U.S. owners' of certain devices . . . , yet the settlement limits recovery to the subset of owners who can attest that 'they experienced' the alleged defects." 50 F.4th at 780–81.

The Ninth Circuit already (and resoundingly) rejected all of these arguments, holding that the "fundamental problem with the Feldman objectors' arguments" was "their assumption that 'all Class members suffered the same impairment of iPhone performance and uniform damages.'" *Id.* at 781. But as the panel recognized (and as this Court is well aware), the extent of performance diminishment (if any) was a hotly contested fact, "the parties agreed to the attestation requirement as a compromise," and that "compromise was reasonable" because it "reflected 'the bargaining and compromise inherent in settling disputes.'" *Id.* (quoting *California v. IntelliGender, LLC*, 771 F.3d 1169, 1179 (9th Cir.

2014)). (*See also* Dkt. 608 at 25–26 ("At the time of the settlement, whether anyone experienced diminished performance was a critical factual issue in dispute. . . . That compensation under the Settlement 'is limited to those who experienced diminished performance' is simply 'a reflection of the bargaining and compromise inherent in settling disputes.'" (brackets omitted) (quoting *IntelliGender*, 771 F.3d at 1179)).)

The panel also rejected the Feldman objectors' alternate articulations of their argument about the attestation requirement. For example, the Feldman objectors now argue that the attestation requirement created a due process problem because the settlement class includes individuals who cannot attest to injury, such that the "Settlement . . . would compensate only a small segment of the class." (Opp. at 3.) But they made this same argument to this Court and to the Ninth Circuit. (*See* Dkt. 519 at 4; King Decl., Ex. 1 at 26–33 (Feldman objectors arguing that under due process and *Amchem*, the settlement was improper because it included class members who could not attest to diminished performance).) And the Ninth Circuit again rejected their argument, holding that the fact that "not every class member had an actionable claim is not tantamount to two adverse groups requiring separate representation" under due process or Rule 23. 50 F.4th at 781 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)).

The Feldman objectors also now claim that the settlement class is overbroad because of an alleged standing defect, arguing that the "Class must comprise only those absent Class members who can establish standing." (Opp. at 6.) Again, they made this same argument before. (*See* Dkt. 519 at 5–6; King Decl., Ex. 2 at 12–13 (Feldman objectors arguing Article III "require[s] decertification of the Settlement Class for lack of jurisdiction").) And again, the Ninth Circuit rejected it, holding that "the possibility that some class members suffered no damages" does not "mean that they lack standing and must be dismissed." 50 F.4th at 781 (footnote omitted).

**B.     The Feldman Objectors Do Not Identify Any Exception to the Law of the Case Rule**

Nor have the Feldman objectors identified any "'subsequent factual discoveries or changes in the law'" that would permit revisiting the Ninth Circuit's rulings. *United States v. Thongsouk Theng Lattanaphom*, 159 F. Supp. 3d 1157, 1160 (E.D. Cal. 2016) (quoting *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 796 (7th Cir. 2005)); *see Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1404 (9th

Cir. 1993) ("The law of the case controls unless evidence on remand is substantially different from that presented in previous proceedings." (citation omitted)), *superseded by statute on other grounds as stated in SunEarth, Inc. v. Sun Earth Solar Power Co. Ltd.*, 839 F.3d 1179, 1180 (9th Cir. 2016).

Aside from arguing points already reflected in the record, the Feldman objectors do not identify any new facts or evidence that would support an exception to the law of the case rule. Their only argument is that the panel allegedly "did not consider the expert's testimony regarding uniform economic damages among Class members." (Opp. at 9 n.7.) But this assertion is demonstrably inaccurate: the Plaintiffs' expert damages analysis was part of the district court record before the Ninth Circuit, and the parties—*including the Feldman objectors*—repeatedly referred to that damages analysis as part of the Ninth Circuit briefing. (*See* King Decl., Ex. 1 at 15, 39, 71 & Ex. 2 at 10 (Feldman objectors making arguments to the Ninth Circuit regarding Plaintiffs' expert damages analysis).) This expert report is not a basis to set aside the Ninth Circuit's rulings.

The Feldman objectors also do not cite any new law that would support reexamination of the Ninth Circuit's holdings. Even though the Feldman objectors identify two appellate cases addressing Article III standing that were decided after this Court's prior final approval order (*see* Opp. at 7–8; Dkt. 630), they fail to inform this Court that they submitted a Rule 28(j) letter to the Ninth Circuit regarding these same decisions. (*See* King Decl., Ex. 3 (citing *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022), and *Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022)).) The Ninth Circuit—with the benefit of objectors' notice about the *Olean* and *Drazen* decisions—nonetheless rejected their arguments about standing. *See* 50 F.4th at 781–82. The other decisions that the objectors cite (*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), *Frank v. Gaos*, 139 S. Ct. 1041 (2019), and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021)) also predated the Ninth Circuit panel's ruling in this case, and therefore cannot constitute intervening changes in the law. The Feldman objectors' request that this Court now reach a different conclusion with respect to Article III standing is "counter to the spirit of the circuit court's decision" and wholly improper. *Lindy Pen*, 982 F.2d at 1404 (citation omitted).

**C. Granting Final Settlement Approval Is Appropriate Under Heightened Scrutiny**

Even if the Court were to re-review the issues decided by the Ninth Circuit's binding ruling about the attestation requirement and Article III standing again, the settlement still warrants approval under heightened scrutiny.

As an initial matter, the Feldman objectors simply assume that the analysis this Court previously applied did not comport with heightened scrutiny. Of course, the Court is best positioned to assess whether, notwithstanding the two statements in its final approval order that triggered the Ninth Circuit's reversal, its prior review of the settlement applied the proper level of scrutiny. But it bears noting that the Ninth Circuit panel suggested that this Court may have very well, in fact, already applied heightened scrutiny in practice: "the district court's probing analysis suggests that it may have applied heightened scrutiny." 50 F.4th at 783; *see also id.* at 776 ("The district court properly resolved most of the objections at issue on appeal. . . . [T]he district court's thoughtful and thorough analysis . . . suggests that the court took great care in considering the terms of the settlement."). If so, to fulfill the mandate, the Court need only clarify its order to ensure it accurately reflects the level of scrutiny applied.

Further, even assuming for the sake of argument that this Court's analysis regarding the attestation requirement or standing improperly relied on a more lenient standard of review, the Ninth Circuit has already conducted a *de novo* review of these legal rulings and found this Court's prior conclusions to be correct. *See* 50 F.4th at 779. Absent any specific new factual findings or intervening law after the Ninth Circuit's ruling, there is no basis to reach a different conclusion than what the Ninth Circuit decided on these issues. The Court is already well versed on these arguments and the parties will not belabor these points again. (*See* Dkt. 549 at 8–11; Dkt. 555 at 10–12.) However, especially now that the Ninth Circuit has opined on these issues, the Court can have comfort that the objectors' arguments are not impediments to final approval.

With respect to the attestation requirement, the Feldman objectors contend that the settlement's attestation requirement is problematic because it means that not all class members will be able to receive compensation and that "Class Counsel abandoned the claims of the overall Class [by] design[ing] the Settlement to compensate only a small subset of the Class." (Opp. at 3–4.) To support their argument, the Feldman objectors cite Plaintiffs' motion to dismiss briefing (in which Plaintiffs

disputed Apple's position that not every device was used in a manner that resulted in diminished performance), and Plaintiffs' expert damages report (which explains the calculation of a potential measure of economic damages across the class). (*See id.* at 3–5.) But as this Court knows, regardless of what allegations were sufficient to survive a motion to dismiss, whether each Plaintiff and settlement class member experienced harm was a central factual issue in dispute between the parties and remained so at the time of the settlement.[2] And this factual dispute only underscores why the settlement was a reasonable compromise to disputed issues of fact—and is not a reason to reject the settlement.

Moreover, that not every class member can satisfy the attestation requirement does not render the settlement unfair. That "compensation [is] limited to those who" experienced diminished performance is simply "a reflection of the bargaining and compromise inherent in settling disputes." *IntelliGender*, 771 F.3d at 1179. That is exactly what the Ninth Circuit held here. *See* 50 F.4th at 781 (holding that the attestation requirement was a "reasonable" compromise that "allowed Apple to limit its exposure while ensuring that compensation was available to every class member who suffered a compensable injury").[3]

And with respect to Article III standing, the Feldman objectors' contention that there is a jurisdictional defect is incorrect. (*See* Opp. at 6–10.) As the Ninth Circuit held, "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." 50 F.4th at

---

[2] The Feldman objectors further claim that the Plaintiffs' expert's "testimony was not contested by Apple" (Opp. at 5), but this is simply untrue, as the litigation did not proceed to a stage where factual issues regarding the existence and extent of damages (including through expert testimony and discovery) were resolved.

[3] The Feldman objectors also suggest that the settlement compensation was "designed to exclude the vast majority of the class" by misquoting statements from the preliminary approval hearing. (*See* Opp. at 4–5 n.3.) The statement that the settlement class is a "very, very narrow group" was made in reference to tailoring the notice campaign to class members—and not simply anyone who ever owned an iPhone device. (*See* Dkt. 430 at 19:7–17.) This statement had nothing to do with limiting compensation to a "very, very narrow group," as the Feldman objectors falsely suggest.

782 (brackets omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "Had the parties brought the case to trial, as in *TransUnion*, 141 S. Ct. at 2202, plaintiffs' allegation of classwide injury would have been either proven or disproven," and the "risk that this uncertain outcome posed to the parties was one of the factors that induced them to settle." *Id.* The Feldman objectors' citation to *Olean* is inapposite, as that case did not involve certification of a settlement class. *See Olean*, 31 F.4th at 662. Their citation to *Drazen* is even more off base, as that is a non-binding decision from the Eleventh Circuit and contradicts Ninth Circuit law on these issues (as articulated in the appeal in this case and others).

## III. CONCLUSION

The Feldman objectors have not given any valid reason for this Court to revisit rulings about the attestation requirement and Article III standing that have already been conclusively decided by the Ninth Circuit. The parties respectfully request that the Court again grant final approval to the settlement and enter judgment.

Dated: December 2, 2022

COTCHETT, PITRE & MCCARTHY LLP

By: *<u>/s/ Joseph W. Cotchett</u>*
Joseph W. Cotchett

Dated: December 2, 2022

KAPLAN FOX & KILSHEIMER LLP

By: *<u>/s/ Laurence D. King</u>*
Laurence D. King

*Co-Lead Counsel for Plaintiffs*

Dated: December 2, 2022

GIBSON, DUNN & CRUTCHER LLP

By: *<u>/s/ Christopher Chorba</u>*
Christopher Chorba

*Attorneys for Defendant Apple Inc.*

* * *

**ECF ATTESTATION**

I, Laurence D. King, hereby attest that the concurrence in the filing of this document has been obtained from the above signatories.

Dated:  December 2, 2022
                                                                                */s/ Laurence D. King*
                                                                                      Laurence D. King