JOSEPH W. COTCHETT, SBN 36324
    jcotchett@cpmlegal.com
MARK C. MOLUMPHY, SBN 168009
    mmolumphy@cpmlegal.com
ELLE D. LEWIS, SBN 238329
    elewis@cpmlegal.com
COTCHETT, PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:    650.697.6000
Facsimile:    650.697.0577

LAURENCE D. KING, SBN 206243
    lking@kaplanfox.com
FREDERIC FOX (*pro hac vice*)
    ffox@kaplanfox.com
DONALD R. HALL (*pro hac vice*)
    dhall@kaplanfox.com
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone:    415.772.4700
Facsimile:    415.772.4707

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge: Hon. Edward J. Davila<br>Courtroom: 4, Fifth Floor<br>Date: April 20, 2023<br>Time: 9:00 a.m. |

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL OVERVIEW .................................................................................................. 2

III. ARGUMENT..................................................................................................................... 4

    A.   The Vizcaino Factors Support Upward Adjustment Of the 25% Benchmark ....... 4

    B.   JCCP Time Was Properly Included in the Lodestar............................................... 4

    C.   Other Issues Raised By Objectors Are Not Properly Before the Court And Have
        No Merit  ................................................................................................................ 6

IV.  CONCLUSION.................................................................................................................. 7

## I. INTRODUCTION

In response to Plaintiffs' Renewed Motion for Attorneys' Fees, Expenses and Service Awards (ECF No. 632, the "Renewed Fee Motion"), the Feldman Objectors and Anna St. John (collectively the "Objectors") repeat a host of arguments already made to this Court and the Ninth Circuit. ECF Nos. 638-639 (repeating attacks on international liaison counsel fees, paralegal fees and incentive awards to the non-Named Plaintiffs). While the Ninth Circuit did vacate this Court's order awarding attorneys' fees, expenses and incentive payment as a procedural matter "[i]n light of [its] vacatur of the settlement," *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 783 (9th Cir. 2022),[1] it saw fit to provide specific guidance to this Court in only two areas. First, the Ninth Circuit ruled that this Court "should reconsider" whether the billing time of the JCCP counsel should be included in the lodestar calculation. *See id* at 783-785. Second, the Ninth Circuit also stated that on remand the Court "should more clearly explain" why a deviation from the 25% benchmark is or is not appropriate "before proceeding" to the discretionary lodestar cross-check. *Id.* at 784, n. 11. *See also id.* at 784 (noting that the cross-check is "encourage[d]" although discretionary). Those are the only two issues as to the Fee Order (ECF No. 609) that the Ninth Circuit highlighted for further clarification by this Court.

The Renewed Fee Motion sets forth comprehensive analysis of the Court's decision to award a slight upward adjustment of 1% to the benchmark based upon the factors in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2022), making the percentage award 26%. ECF No. 632 at 2-8. As set forth in the Renewed Fee Motion, the Ninth Circuit has only asked this Court to provide the findings on which it based the upward adjustment. *Apple*, 50 F.4th at 784, n.11. Plaintiffs have again presented the detailed record, <u>already in existence</u>, on which this Court previously, and may again, draw to provide such a detailed order on remand.

Other than *Apple*, 50 F.4th 769, the Objectors present no new authority that was not, or could not, have been cited to the Court on the Original Fee Motion or to the Ninth Circuit on appeal concerning the application of the *Vizcaino* factors or the upward adjustment from the benchmark.

---

[1] All emphasis is added, and footnotes and quotations omitted, unless otherwise stated herein.

Similarly, there is no new factual record that needs to be developed for this Court to issue an order setting out any finding necessary to support the *Vizcaino* factors – an ample record already exists. Objectors' attacks suggesting a lack of Court oversight or analysis of the underlying factual record in order to justify the small 1% upward adjustment are ungrounded. The Court sat through hours of hearings and reviewed reams of submissions, and it made an appropriate determination. The Ninth Circuit has only directed, in a footnote, that the Court "more clearly explain" its rationale and whether the JCCP counsel time was included in its analysis.

As set forth herein, and as consistent with all arguments previously submitted by the Plaintiffs, the JCCP time is properly – and should be – included in the analysis of lodestar. As set forth below, other courts in this District have properly included JCCP time in other cases. From the outset, the JCCP time was included in the August 26, 2020 Motion for Attorneys' Fees, Expenses and Service Awards. ECF No. 468 at i (the "Original Fee Motion"). JCCP counsel's initial and supplemental declarations concerning the work they had performed to litigate the claims, and their billing amounts were also included with the Original Fee Motion. *See* ECF No. at 471-2 (the "JCCP Decl."); ECF No. 552 at Ex. 3 (the "Supplemental JCCP Decl."). Of equal importance, the payment of fees to the JCCP counsel was included in the express terms of the Stipulation of Settlement (the "Stipulation") (ECF 416) and coordinated as between this Court and the Superior Court for the State of California, County of Santa Clara (the "State Court").

Plaintiffs submit that their Renewed Fee Motion should be granted without exception as it assists the Court in framing the revised order on remand in order to satisfy the two limited items raised by the Ninth Circuit.

The Renewed Fee Motion should be granted and the Court need not engage in a second protracted litigation of matters already decided.

**II.     FACTUAL OVERVIEW**

As noted, the Stipulation set forth for the Court the history of the JCCP action and made clear that the JCCP action was settled as part of the global settlement embodied in the Stipulation from the outset. *See* e.g. ECF 416 (Stipulation) at Sections 1.1.1 ("Actions" defined to include JCCP action), 1.12(c) (JCCP counsel signature required), 1.12 (k) and (l) (requiring dismissal of the JCCP action as

settlement condition), 1.15 (defining JCCP counsel), 1.24 (defining Plaintiffs' Counsel to include JCCP counsel), Sections 2(F) and (G) (noting the substantial discovery in the MDL and JCCP cases, and the history of the JCCP case), Section 8.1 (providing that Class Counsel will seek fees on behalf of all Plaintiffs' Counsel), and Section 9.1 (providing that JCCP agree to Stipulation, will not make a separate fee request and will be paid in connection with the amount awarded by this Court). Consistent with the Stipulation, the Original Fee Motion included information to support the fee submission by the counsel in the JCCP action. ECF No. 471-2. Indeed, at the hearing on the Original Fee Motion (the "Fee Hearing"), JCCP counsel appeared, and were present to address questions from the Court. ECF 605 at 96.

Moreover, this Court was informed that the State Court required JCCP counsel to coordinate with counsel in this MDL action, and this Court was provided with factual detail about JCCP counsel's contributions to the work undertaken in discovery. *Id.* at 96-97. *See also* ECF No. 471 at paragraph 63 (joint declaration of Interim Co-Lead Counsel referring to the cooperation of JCCP counsel in litigation of the actions); ECF No. 552 at paragraph 4 (joint declaration of Interim Co-Lead Counsel setting forth JCCP counsel cooperation and State Court expectation of coordination); ECF No. 552 at Exhibit 3 (Supplemental Joint Declaration signed by JCCP counsel further detailing the work performed). As set forth below, there is no factual or legal basis to exclude the JCCP time from the discretionary lodestar analysis cross-check the Court performed. Indeed, as the Court noted, the JCCP time was largely "unchallenged" by the objectors. ECF 609 at 14, n. 5.

Similarly, an extensive record was submitted in support of the Original Fee Motion concerning the work performed by Interim Co-Lead Counsel, the Executive Committee and the Steering Committee. *See* ECF No. 469 (Declaration of Mark Dearman, chair of Executive Committee, who was tasked with overseeing time submissions). The Court was provided on a quarterly basis during the underlying litigation of the action with reports and updates pursuant to a billing protocol. In summary, there is a voluminous record of billing time that has been already presented to this Court, not simply at the settlement stage, but during the entirely of the litigation, on which it based its initial Fee Award.

### III. ARGUMENT

#### A. The Vizcaino Factors Support Upward Adjustment Of the 25% Benchmark

The Renewed Fee Motion includes a detailed recitation of the *Vizcaino*, 290 F.3d 1043, factors and how the proposed Fee Award should be granted based on application of those factors. ECF 632 at 2-9. The primary attack by the Objectors is that the arguments repeat those made in the proceedings below. ECF 638 at 2 (Feldman Objectors' Brief stating that Plaintiffs "reiterat[e] . . . their analysis of the *Vizcaino* factors"). *See also* ECF 639 at 2-6 (St. John Brief generally repeating their prior *Vizcaino* attack). It is correct that Plaintiffs are not seeking to reinvent the *Vizcaino* analysis. And the reason for that is straightforward. The Ninth Circuit did not direct the Court to engage in more fact finding, but only to "clearly explain" the rationale. *Apple*, 50 F.4th at 784, n.11. The same factual and procedural record is before the Court, and Plaintiffs' arguments have not substantively changed. Plaintiffs submit that nothing further is required to permit this Court to issue an order on remand setting out the *Vizcaino* analysis in a manner sufficient to comply with the footnoted item in the *Apple* decision.

#### B. JCCP Time Was Properly Included in the Lodestar

From start to finish, the lodestar presented to the Court included JCCP time, as consistent with the Stipulation. *See e.g.* ECF 609 (Fee Order) at 14-15 (discussing that the lodestar presented was "combined with JCCP Counsel). Not only is this common sense since the claims were being globally resolved in this Court, but it is consistent with how this District has included other JCCP time in resolving large class action settlements. *See e.g. In re Yahoo! Inc. Customer Data Security Breach Litigation*, Case No. 16-MD-02752-LHK, 2020 WL 4212811, at *29 (N.D. Cal. July 22, 2020) ("As an initial matter, the Court accepts as reasonable the 7,180.40 hours and $2,906,661.00 lodestar attributable to the work of JCCP Counsel.").

Indeed, as set forth in Section II, the Stipulation was designed to be a global resolution of the MDL Action and the JCCP action. The consideration to be paid as a result of the Settlement (which benefits all Settlement Class members) was designed to include resolution of theories and claims that were still pending in the JCCP action. Thus, the Settlement Class indeed benefitted from joint prosecution by JCCP counsel. JCCP counsel assisted in, among other ways, the coordinated review

of documents and in the preparation and taking of joint depositions, as well as in pursuing potential additional claims that were included in the Stipulation, as noted herein.  Accordingly, the Stipulation, which must be read in its entirety, provides at Section 1.24 that JCCP counsel are included in the definition of "Plaintiffs' Counsel", and the Stipulation at Section 8.1 provides that Class Counsel will apply for a fee <u>on behalf of all Plaintiffs' Counsel</u>.  *See* ECF 416.

Cases cited by Objectors are distinguishable or fail to support any assertion that inclusion of JCCP time is improper or erroneous.  The Feldman Objectors inaccurately cite *Chemical Bank v. Jaffe Schlesinger, P.A.*, 19 F.3d 1306, 1309 (9th Cir. 1994) as holding that work in a parallel state action should not be included in a fee award to class counsel.  ECF 638 at 6.  *See also* ECF 639 at 8 (St. John citing *Chemical Bank*).  Assuming, *arguendo*, *Chemical Bank* can even be construed as creating an across-the-board rule on this point, the facts are wholly distinguishable.[2]

Objectors' citation to *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) to support any argument that JCCP time should not be included is similarly inapplicable.  ECF 638 at 6 (Feldman Objectors' Brief).  In that action, counsel on behalf of a plaintiffs in proposed class actions pending in Florida were included in an application for fees when counsel in a California based nationwide class action sought fees in connection with a settlement.  *Id.* at 578.  The *Churchill Village* decision declined to permit Florida counsel to recover fees based on standing arguments because they

---

[2] In *Chemical Bank*, the "parallel" state action was not a class action (as here) seeking substantially the same relief for a similar proposed class (as here), but rather was filed by Chemical Bank as the "bond fund trustee" for current holders of Washington Public Power Supply System Project 4 and 5 bonds, which included certain "late" purchasers who were not members of the class.  *See e.g.* Joint Memorandum of Class Plaintiffs and Chemical Bank in Support of Their Proposed Plan of Allocation Between the Bond Fund and the Class Fund filed in *In re: Washington Public Power Supply System Securities Litigation*, No. MDL 551, 1990 WL 10079360 (D. Ariz. Mar. 14, 1990).  As noted in the cited memorandum filed in the underlying *Chemical Bank* action at the district court level, the differences resulted in the need to address allocation issues.  No such issues exist here, the proposed class members in the JCCP action are subsumed in the proposed Settlement Class in the Stipulation.

did not represent a "successful party" in the settlement pursuant to Cal. Civ. Proc. Code Section 1021.5 nor were themselves "parties" to the litigation. *Id*. at 578-579.

The JCCP time was always part of the lodestar presented in the Original Fee Motion, and the basis for the 26% percentage fee award, and the resulting 2.232 multiplier. The Ninth Circuit noted that, if the JCCP time is excluded, the multiplier is 2.51, and that the Court had previously found that a "2.43 multiplier is high" when addressing the original unadjusted fee request of $87,730,000. *Apple*, 50 F.4th at 785. The Ninth Circuit accordingly noted that the Court should consider whether the JCCP time should be included in the lodestar. *Id*. As discussed above, while it is entirely appropriate for the Court to include JCCP time in the lodestar, even if it does not, the resulting multiplier is well within this District's range of appropriate multipliers. Specifically, the Ninth Circuit cites to the Court's earlier discussion that a "1 to 4 multiplier" is "commonly found to be appropriate" (*see* ECF 609 at 18). *See Apple*, 50 F.4th at 785 (citing Court's recitation of the "1 to 4" multiplier). Moreover, this Court recently granted a 3.28 multiplier (on a 29% of fund award) in *In re Facebook Internet Tracking Litigation*, Case No. 5:12-md-2314-EJD, 2022 WL 16902426, at *10-*12 (N.D. Cal. Nov. 10, 2022). Here, Class Counsel's lodestar reflected tens of thousands of hours advanced, but did not include pre-consolidation time, thus meaning their lodestar was already reduced from the actual time spent litigating the action. Similarly, Class Counsel has spent significant time litigating these appeals, which of course is not part of the submitted lodestar. Accordingly, the resulting multiplier, whether 2.5 or lower, is reasonable and well within the range "commonly found to be appropriate." There simply is no windfall to any of the Plaintiffs' Counsel.

**C.    Other Issues Raised By Objectors Are Not Properly Before the Court And Have No Merit**

As noted at the outset of the Ninth Circuit decision, "the district court properly resolved most of the objections at issue. " *Apple*, 50 F.4th at 776. Nevertheless, in addition to the two discrete issues highlighted by the Ninth Circuit as set forth above, Objectors seek to dredge up such previously-raised issues as international liaison counsel fees, paralegal fees and incentive awards.

Notably, the Fee Hearing transcript reflects that only Apple raised issues about international liaison counsel fees (ECF 605 at 50-51) and that Anna St. John's counsel, as to the paralegal time,

only raised the question as to whether it was authorized in advance (ECF 605 at 59). The Court entertained these objections at the Fee Hearing, and the Court only required a revised lodestar as to exclude contract attorney time and to cap document review rates at $350 per hour. ECF 609 at 15. To the extent any of the Objectors raised these issues on appeal (*see e.g*. Dkt. No. 25 in Nos. 21-15758 discussing paralegal fees), the arguments received no reaction from the Ninth Circuit in *Apple*, 50 F.4th 769.

Similarly, the Objectors' attacks on the service awards were addressed to the Ninth Circuit, including Plaintiffs' citation to the Ninth Circuit's decision in *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 670 (9th Cir. 2020) that permits service awards to non-class members.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the Renewed Fee Motion in full.

Respectfully submitted,

DATED: December 2, 2022

**COTCHETT, PITRE & MCCARTHY, LLP**

 /s/ *Joseph W. Cotchett*
    Joseph W. Cotchett

Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Elle D. Lewis (SBN 238329)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
*jcotchett@cpmlegal.com*
*mmolumphy@cpmlegal.com*
*elewis@cpmlegal.com*

**KAPLAN FOX & KILSHEIMER LLP**

 /s/ *Laurence D. King*
    Laurence D. King

Laurence D. King (SBN 206423)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
*lking@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)

850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*

*Co-Lead Counsel for Plaintiffs*

\* \* \*

### ECF ATTESTATION

I, Laurence D. King, hereby attest that the concurrence in the filing of this document has been obtained from the above signatories.

Dated:  December 2, 2022            /s/ *Laurence D. King*
                                                Laurence D. King