JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
ELLE D. LEWIS (SBN 238329)
elewis@cpmlegal.com
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650.697.6000
Facsimile: 650.697.0577

LAURENCE D. KING (SBN 206243)
lking@kaplanfox.com
KATHLEEN HERKENHOFF (168562)
kherkenhoff@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415.772.4700
Facsimile: 415.772.4707

FREDERIC S. FOX (*pro hac vice*)
ffox@kaplanfox.com
DONALD R. HALL (*pro hac vice*)
dhall@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212.687.1980
Facsimile: 212.687.7714

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 5:18-md-02827-EJD<br><br>**NOTICE OF MOTION AND MOTION FOR APPEAL BOND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom: 4, 5th Floor<br>Date: June 8, 2023<br>Time: 9:00 am |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 8, 2023, at 9:00 am[1] in Courtroom 4 of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, San Jose, California 95113, the Honorable Edward J. Davila, presiding, Plaintiffs in the above captioned action (the "Action") will and hereby do move for an Order pursuant to Federal Rule of Appellate Procedure 7 for entry of an order requiring the Objectors and Appellants Sarah Feldman and Hondo Jan to post an appeal bond in the amount of $122,100, consisting of:

  1. $8,500 in taxable costs in connection with their current appeal to the Ninth Circuit (Dkt. No. 661); and

  2. $113,600 in administrative costs expected to be incurred by the Settlement Administrator while the appeal is pending.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Joint Declaration of Mark C. Molumphy and Laurence D. King in Support of Plaintiffs' Motion for Appeal Bond filed concurrently herewith (the "Joint Decl."), the Declaration of Denise Earle of the Angeion Group, the Settlement Administrator, the record in this Action, the Ninth Circuit prior appellate record, and other such matters and arguments as the Court may consider at the hearing of this motion.

## STATEMENT OF ISSUES TO BE DECIDED

  1. Whether the Court should require Objectors and Appellants Sarah Feldman and Hondo Jan (the "Feldman Objectors") to post a bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure, to ensure repayment of the considerable expenses that the Settlement Class will accrue while their appeal, premised on demonstrably frivolous grounds, is resolved.

---

[1] Given the urgency, Plaintiffs are contemporaneously filing a motion to expedite, requesting the Court shorten the briefing schedule and either decide Plaintiffs' motion without hearing or advance the hearing date.

- i -    Case No. 5:18-md-02827-EJD

NOTICE OF MOT. AND MOT. FOR APPEAL BOND; MPA ISO THEREOF

**TABLE OF CONTENTS**

I.   INTRODUCTION AND BACKGROUND ........................................................................1

II.  LEGAL STANDARD ......................................................................................................2

III. APPLICATION OF THE FACTORS SUPPORTS IMPOSITION OF A BOND..............3

    A.   The Objectors' Appeal Lacks Merit......................................................................3

    B.   Evidence of Bad Faith or Vexatious Conduct.......................................................5

    C.   There is a Significant Risk of Non-Payment .......................................................6

    D.   The Objector is Financially Able to Post a Bond..................................................6

IV.  THE COURT SHOULD IMPOSE AN APPEAL BOND.................................................7

    A.   Taxable Costs Under Rule 39 ...............................................................................7

    B.   Claims Administrative Costs Due to Delayed Distribution to Class ....................8

V.   CONCLUSION .................................................................................................................9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

Plaintiffs in this long-settled class action respectfully move the Court to require objectors Sarah Feldman and Hondo Jan (the "Feldman Objectors") to post an appeal bond with respect to what is their *second* appeal from extremely thorough and well-reasoned orders issued by the Court in this matter.

As the Court is aware, on March 17, 2021, it initially approved the groundbreaking $310 million settlement of this Action and granted Plaintiffs' request for attorneys' fees and reimbursement of expenses over the objections of the Feldman Objectors and others. Dkt. Nos. 608, 609. The Feldman Objectors and other objectors appealed the initial settlement and fee approvals to the Ninth Circuit. After briefing and oral argument, on September 28, 2022, the Ninth Circuit issued its ruling. *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769 (9th Cir. 2022). Notwithstanding the numerous issues raised by the objectors on appeal, the Ninth Circuit remanded to this Court for clarification on three discrete points, one relating to the standard applied by the Court in approving the settlement, and two relating to the basis for the attorneys' fee award. *Id.* at 787.

On November 11, 2022, Plaintiffs and Apple filed a renewed motion for approval of the settlement, and Plaintiffs filed a renewed motion for attorneys' fees and reimbursement of expenses (the "Renewed Motions"). Dkt. Nos. 631, 632. The Feldman Objectors opposed the motions, admittedly relying on arguments previously rejected by both this Court and the Ninth Circuit. Dkt Nos. 637, 638. On January 11, 2023, the Court heard oral argument on the Renewed Motions, and issued an order on February 17, 2023, again approving the historic $310 million settlement, while making clear that it was doing so under the "heightened scrutiny" standard applicable to pre-certification settlements. Dkt. No. 653. The Court also again awarded attorneys' fees to Plaintiffs in the same amount as in its prior order, while clarifying two of the bases for its reasoning as instructed by the Ninth Circuit. *Id.* On March 17, 2023, the Feldman Objectors filed a Notice of Appeal from the Court's order on the Renewed Motion. Dkt. No. 661. Notably, and in contrast to the initial round of appeals to the Ninth Circuit, the Feldman Objectors filed the *only* notice of appeal regarding the order on the Renewed Motions.

Given this extensive history, there is little question that a *second* appeal to the Ninth Circuit involving issues it has previously heard and opined on *in this action* is without merit and will only serve to further delay payment to millions of consumers who have now been waiting over two years from the initial final approval for payment. An appeal bond here is appropriate here to protect against the risk of nonpayment of costs in the likely event the Feldman Objectors' second appeal is unsuccessful.

## II.     LEGAL STANDARD

Federal Rule of Appellate Procedure 7 ("Rule 7") governs appeal bonds. Rule 7 reads, in relevant part, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc*., 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (citations omitted). "The trial court may exercise discretion in regard to the need for a bond, as well as the bond amount." *In re Netflix Privacy Litig*., 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013) (Davila, J.) (citing *Fleury*, 2008 WL 4680033, at *6).

In the class action context, when faced with objectors threatening to delay the distribution of a settlement based on a meritless appeal, district courts routinely require the objectors to post bonds. *See Miletak v. Allstate Ins. Co*., 2012 WL 3686785, at *2 n. 4 (N.D. Cal. Aug. 27, 2012) (approving bond and noting that "the appeal will require class members and counsel to wait 'approximately two years' to resolve); *In re Netflix Privacy Litig*., 2013 WL 6173772, at *3; *Dennings v. Clearwire Corp*., 928 F.Supp.2d 1270, 1272 (W.D. Wash. 2013) (imposing bond amount including costs associated with additional settlement administration expenses); *In re Broadcom Corp. Sec. Litig*., 2005 WL 8152912, at *3 (C.D. Cal. Dec. 5, 2005) (imposing bond including additional settlement administrative costs); *In re Pharm. Indus. Average Wholesale Price Litig*., 520 F. Supp. 2d 274, 277-78 (D. Mass. 2007) ("requiring objectors to post a bond will ensure that a class litigating a frivolous appeal will not be injured or held up by spoilers"); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) ("I concur with the numerous courts that have recognized that professional objectors undermine the administration of justice by disrupting the

settlement in hopes of extorting a greater share of the settlement for themselves and their clients . . . Thus, the Objectors are required to file an appeal bond to secure payment of costs on appeal."). "Some objections, [] are made for improper purposes, and benefit only the objectors and their attorneys (e.g., by seeking additional compensation to withdraw even ill-founded objections). An objection even of little merit, can be costly and significantly delay implementation of a class settlement.'" *In re Hydroxycut Mktg. & Sales Practices Litig.*, 2013 WL 5275618, at *5 n.3 (S.D. Cal. Sept. 17, 2013) (quoting Manual for Complex Litigation § 21.643 (4th ed.)).

District courts have articulated several relevant factors in imposing a bond: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal." *Embry v. Acert America Corp.*, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012). Similarly, courts have considered "whether there is any evidence of bad faith or vexatious conduct." *Dennings*, 928 F. Supp. 2d at 1271. As detailed below, all of these factors support imposing a bond on the Feldman Objectors here.

### III. APPLICATION OF THE FACTORS SUPPORTS IMPOSITION OF A BOND

#### A. The Objectors' Appeal Lacks Merit

The merits of the underlying appeal weigh in favor of imposing a bond, particularly where the same arguments had previously been rejected by the same court. *See Embry*, 2012 WL 2055030, at *1 (factor satisfied where objector's arguments regarding claims process and excessive attorney fees had been considered and rejected at approval stage); *Fleury*, 2008 WL 4680033, at *8 (factor satisfied where "the Court ha[d] considered each of objections and found them meritless."); *Netflix*, 2013 WL 6173772, at *3 (factor satisfied where court had previously considered and rejected "the merits of the objections").

The Court considered each of the Feldman Objectors' arguments concerning the Settlement when ruling on the Renewed Motions. First, this Court found that "[t]his Court's approval of the settlement comports with heightened scrutiny: It conducted a 'probing analysis' of the settlement, carefully analyzed each of the Ninth Circuit's settlement approval factors, provided reasoned responses to each objection, and probed for subtle signs of collusion and found none." *Id.* at *10 (citations omitted). As to the Feldman Objectors' arguments under Rule 23(e), this Court stated that

1  "[t]his objection is an iteration of what the Feldman Objectors have already raised on appeal." *Id.*
2  And as for the objection to "the attestation requirement based on Article III standing and under Fed.
3  R. Civ. P. 23(e)(2)(A), (C), (D), [] the Ninth Circuit unequivocally rejected [it]." *Id.* (citing *Apple*,
4  50 F.4th at 781). "On remand, the Feldman Objectors attempt to relitigate the issue of standing and
5  the attestation requirement, arguing that 'either all class members suffered harm and should be
6  compensated, or the Class must be narrowed to only those able to attest to injury' since the release
7  of claims includes all iPhones that were potentially impacted regardless of whether that Settlement
8  Class Member could attest to injury." *Id.* (citation omitted). Thus, the Feldman Objectors'
9  arguments were already raised and addressed on appeal, and therefore do not have merit now.

10  Similarly, in its initial Order granting Attorney's Fees, this Court held that "the objections
11  discussed above do not warrant any further adjustments to the attorneys' fee award." *In re Apple*
12  *Inc. Device Performance Litig.*, 2021 WL 1022866, at *10 (N.D. Cal. Mar. 17, 2021), *vacated and*
13  *remanded*, 50 F.4th 769 (9th Cir. 2022). This included the Feldman Objectors' current argument
14  that the fee does not warrant an upward multiplier. *Compare id.* to Dkt. No. 638 at 3-5. Additionally,
15  on remand, this Court followed the direction of the Ninth Circuit and "more clearly explain[ed]" its
16  analysis regarding the *Vizcaino* factors[2], and again found that an upward adjustment was supported.
17  *In re Apple Inc. Device Performance Litig.*, 2023 WL 2090981 at *19.

18  The Feldman Objectors also attempt to rehash whether the JCCP Counsel fees should be
19  included in the lodestar calculation. Dkt. No. 638 at 5-10. In its Order, the Ninth Circuit instructed
20  this Court to consider whether the JCCP fees should be included in the lodestar, and when
21  considering the Renewed Motions, this Court did. *In re Apple Inc. Device Performance Litig.*, 2023
22  WL 2090981, at *18 ("The Court therefore agrees with Class Counsel that JCCP Counsel directly
23  benefited the Class and inclusion of JCCP Counsel's hours in the lodestar is appropriate."). The
24  Court also noted that the Feldman Objectors previously raised the inclusion of paralegal fees and
25  international liaison counsel fees. *Id.* at *20 ("This argument was raised on appeal.").

---

[2] *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2022).

### B.     Evidence of Bad Faith or Vexatious Conduct

There is also evidence of possible bad faith or vexatious conduct, warranting a bond. *Dennings*, 928 F. Supp.2d at 1271.  As explained above, the Feldman Objectors' arguments have already been fully addressed, flushed out, and ruled on by the Ninth Circuit.  Absent any specific new factual findings or intervening law after the Ninth Circuit's ruling, there is no basis to reach a different conclusion than what the Ninth Circuit decided on these issues, and going back to the Ninth Circuit on the same issues is bad faith because these rulings are now the law of the case.  This could lead to the conclusion that the objections "do not seek to benefit the Class and appear to be made for the improper purpose of delaying the Settlement to extract a fee." *Roberts v. Electrolux Home Prod., Inc,* 2014 WL 4568632, at *11 (C.D. Cal. Sept. 11, 2014).  In fact, at the January 11, 2023 hearing on the Renewed Motions, this Court stated that "I'm disappointed that the class had to suffer because of that both in time delay as well as cost[s] that they may have suffered[.]" January 11, 2023 Hearing Transcript, 6:24-7:1.  The Ninth Circuit has also held that appeals "pursued for purposes of delay" are frivolous and subject to sanctions under F.R.A.P. 38 and 28 U.S.C. § 1912.  *See U.S. for Use of Ins. Co. Of North Am. v. Santa Fe Engineers, Inc.*, 567 F.2d 860, 861 (9th Cir.1978); *DeWitt v. Western Pac. R. Co.*, 719 F.2d 1448, 1451 (9th Cir.1983) (sanctions imposed under F.R.A.P. 38 and 28 U.S.C. § 1912 for filing a frivolous appeal).

There is also evidence that the second round of appeals are lawyer-driven by serial objectors.  Objector Hondo Jan is represented by his father, Kendrick Jan, and has also objected to other class action settlements.  *See* Joint Decl., ¶4; *In re Flonase Antitrust Litig.*, 291 F.R.D. 93, 99 (E.D. Pa. 2013) (objection filed by Jill Jan, who is not an attorney, on behalf of her son Hondo Jan). Kendrick Jan has also objected to class settlements personally.  *See Demmick v. Cellco P'ship,* 2015 WL 13644607, at *2 (D.N.J. Sept. 9, 2015) (appeal bond awarded).

Similarly, objector Sarah Feldman is represented by her brother-in-law, John Pentz.  *See* Joint Decl., ¶4.  Pentz has been recognized by many courts as a serial objector and criticized for filing frivolous objections in bad faith.  *See, e.g., In re Initial Pub. Offering Sec. Litig.*, 721 F. Supp. 2d 210, 214–15 (S.D.N.Y. 2010) (calling Pentz a "serial" objector, finding "evidence of bad faith or vexatious conduct" by Pentz and other attorneys for objectors, and requiring Pentz to post an appeal

bond); *In re Wal-Mart Wage & Hour Emp. Pracs. Litig.*, MDL No. 1735, No. 06-CV-00225, 2010 WL 786513, at *1–2 (D. Nev. Mar. 8, 2010) (requiring Pentz post an appeal bond while noting that Pentz has "a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when [he and his clients] were compensated by the settling class or counsel for the settling class"); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 350 (E.D.N.Y. 2010) (Pentz's objections characterized as "meritless"); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *2 n.3 (D. Me. Oct. 7, 2003) (court noted "I have previously noted that Attorney Pentz representing Feldman filed a groundless objection following the fairness hearing, . . . and he appears to be a repeat objector in class action cases [citations omitted]); *see also Barnes v. Fleetboston Fin. Corp.*, 2006 WL 6916834, at *2 & n.1 (D. Mass. Aug. 22, 2006) (court referred to Pentz as "professional objector," and noted that Pentz was representing his mother-in-law and had represented his wife in a prior case).

### C. There is a Significant Risk of Non-Payment

In considering the risk of non-payment, district courts consider the residence of an appellant, noting that it is more difficult to collect or enforce a judgment when the appellant is located in another state or area of the country. *Fleury*, 2008 WL 84680033, at *7. If the appellant is a resident of the state where the appeal is lodged, courts find that this factor is neutral. *James v. Uber Techs. Inc.*, 2022 WL 6468665, at *4 (N.D. Cal. Oct. 10, 2022) (citations omitted). Here, while both Objectors appear to live in California, there is no guarantee that the Feldman Objectors will pay the significant expenses incurred by the Class while the appeal is pending. Dkt. No. 512, Exs. A and B.

### D. The Objector is Financially Able to Post a Bond

The "ability to pay" factor is satisfied where there is "no indication that [a party] is financially unable to post bond." *Fleury*, 2008 WL 4680033, at *7.

Here, the Feldman Objectors (according to filings they made with the Ninth Circuit) paid all filing and docketing fees after filing their notice of appeal and did not seek a waiver (*see* Appeal Docket, Case No. 23-15416 ("Fee Status: Paid")), demonstrating their ability to pay a bond here. *See Gemelas v. Dannon Co.*, 2010 WL 3703811, *2 (N.D. Ohio Aug. 31, 2010) (objector who paid "$450 to file an appeal . . . has the funds to appeal class action settlements" and served as evidence

of financial ability to pay appeal bond).

Even if the Feldman Objectors claim financial hardship, which they did not, they would have the burden to provide actual evidence of their inability to pay. *See Miletak*, 2012 WL 3686785, at *2 n.4 ("Thus, insofar as Objector [] has 'submitted no financial information to indicate that she is financially unable to post a bond,' this factor weighs in favor of imposing a bond."); *Netflix*, 2013 WL 6173772, at *3 ("Here, while Objectors contend that the appeal bond would be burdensome, they do not provide any evidence indicating a financial inability to pay. As such, the Court finds that this factor weighs in favor of requiring an appeal bond.").

Finally, even if there was evidence of hardship, "the significant risk of non-payment of costs and the lack of merit in Objectors' appeals" can nonetheless tip this factor in favor of requiring a bond. *In re MagSafe Apple Power Adapter Litig.*, 2012 WL 2339721, *2 (N.D. Cal. May 31, 2012). As discussed below, the Feldman Objectors' appeals are not meritorious; thus, even evidence of hardship should not deter requiring a bond here.

Taken together, these factors strongly weigh in favor of granting this motion.

## IV.   THE COURT SHOULD IMPOSE AN APPEAL BOND

### A.   Taxable Costs Under Rule 39

Rule 7 allows courts to impose a bond for "costs on appeal" but does not define costs. Fed. R. App. P. 7. Courts have interpreted "costs" broadly" in the context of class settlements to include both taxable costs and the increased expenses in settlement administration. *Dennings*, 928 F. Supp. 2d at 1272. Here, an appeal bond properly includes both an appellee's expected taxable costs and additional class administrative costs.

With respect to taxable costs, the Ninth Circuit has held that Rule 7 costs incorporate the costs listed in Federal Rule of Appellate Procedure 39. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). Rule 39(e) lists as taxable costs: (1) preparation and transmission of the record; (2) the reporter's transcript, if necessary; (3) any premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the filing fee for the notice of appeal. Fed. R. App. P. 39(e). Courts routinely approve estimates in excess of $5,000 for these costs—in cases and settlements far less complex than here. *See, e.g., Schulken v. Washington Mut. Bank*, 2013 WL

1345716, at *6 (N.D. Cal. Apr. 2, 2013) (requiring objector to post $5,000 for taxable costs); *Miletak*, 2012 WL 3686785, at *2 (imposing appeal bond that included $10,000 in Rule 39 taxable costs); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) (granting motion for appeal bond that included $25,000 in taxable costs).

Here, based on recent experience in the Ninth Circuit, Plaintiffs expect that taxable expenses related to printing, photocopying, preparing and serving the appeal record, and responding to the appellate brief will be substantial and at least $8,500.  Joint Decl. at ¶3.

### B. Claims Administrative Costs Due to Delayed Distribution to Class

The bond should also include the administrative costs incurred by Plaintiffs and the Class due to the longer settlement administration during the appeal period. *Miletak*, 2012 WL 3686785, at *2 (including "administrative costs" in the amount of appeal bond, including costs incurred "to continue to service and respond to class members' needs pending the appeal."); *Dennings, supra*, 928 F. Supp. 2d at 1272;  ("courts have including increased expenses in settlement administration and administrative costs in appeal bond); *In re Compact Disc Minimum Advertised Price Antitrust Litig., 2003 WL 22417252*, *1 (D. Me. Oct. 7, 2003) (holding that "damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond"); *In re Broadcom Corp. Sec. Litig.*, WL 8152912, at *3 (C.D. Cal. Dec. 5, 2005) ($517,700 bond included the administrative costs of "updating address and other information needed to remain in contact with Class members, locating lost Class members, sending notices to Class members to apprise them of Objector's appeal and keep them informed about the status of the appeal, paying monthly fees for maintaining the website created to inform Class members, and providing phone support to answer inquiries from the Class members").

The Court-approved Claims Administrator in this case has confirmed that it will continue to incur similar administrative costs pending the resolution of this appeal, including maintaining and administering the Settlement Website and toll-free phone number, answering questions from class members, managing and filing taxes for the settlement fund escrow account, and paying monthly storage costs.  It estimates that the monthly costs are approximately $4,000 plus another $60,000 in increased postage.  Declaration of Denise Earle at ¶3.  Thus, based on the average disposition time

for a civil appeal in the Ninth Circuit of 13.4 months, Plaintiffs and the Class will have to pay $113,600 in additional expenses because of this delay.[3] *Dennings, supra*, 928 F. Supp. 2d at 1272 (bond which multiplied the expected monthly administrative costs by median length of Ninth Circuit disposition was "a sound methodology that is supported by evidence.").

Accordingly, the Court should impose a bond that includes $113,600 in increased claims administrative costs, as well as $8,500 in taxable costs under Rule 39, for a total of $122,100.

## V. CONCLUSION

Each of the factors supports imposing a Rule 7 appellate bond against the Feldman Objectors. Accordingly, Plaintiffs respectfully request that the Court enter an Order requiring the Feldman Objectors to immediately post an appeal bond in the amount of $122,100 or any other such amount that the Court finds appropriate.

Respectfully submitted,

DATED: April 17, 2023    **KAPLAN FOX & KILSHEIMER LLP**

 */s/ Laurence D. King*
   Laurence D. King

Laurence D. King (SBN 206423)
Kathleen Herkenhoff (168562)
kherkenhoff@kaplanfox.com
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
lking@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice*)
Donald R. Hall (*pro hac vice*)
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com

---

[3] *See* United States Courts, Federal Court Management Statistics, December 2022, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appprofile1231.2022.pdf.

| | | |
|---|---|---|
| 1 | DATED:  April 17, 2023 | **COTCHETT, PITRE & MCCARTHY, LLP** |
| 2 | | _/s/ Mark C. Molumphy_ |
| | | Mark C. Molumphy |
| 3 | | Joseph W. Cotchett (SBN 36324) |
| 4 | | Mark C. Molumphy (SBN 168009) |
| | | Elle D. Lewis (SBN 238329) |
| 5 | | San Francisco Airport Office Center |
| | | 840 Malcolm Road, Suite 200 |
| 6 | | Burlingame, CA 94010 |
| | | Telephone: 650-697-6000 |
| 7 | | Facsimile: 650-697-05777 |
| | | jcotchett@cpmlegal.com |
| 8 | | mmolumphy@cpmlegal.com |
| | | elewis.@cpmlegal.com |
| 9 | | |
| 10 | | _Co-Lead Counsel for Plaintiffs_ |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of April 2023, at Orinda, California.

　　　　　　　　　　　　　　　　　　　*/s/ Laurence D. King*
　　　　　　　　　　　　　　　　　　　　Laurence D. King