Kendrick Jan, SBN 105149
Kendrick Jan, APC
225 Broadway, Suite 2220
San Diego, CA 92101
Tel:  (619) 231-7702
Email:  kj@jan-law.com

John J. Pentz, *pro hac vice*
18 Damon Street
Wayland, MA 01778
Phone: (978) 985-4668
Email : jjpentz3@gmail.com

*Counsel for Objectors Sarah Feldman and Hondo Jan*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION** _____ This document relates to: ALL ACTIONS | **Case No. 5:18-md-02827-EJD** **OPPOSITION OF OBJECTORS SARAH FELDMAN AND HONDO JAN TO CLASS PLAINTIFFS' MOTION FOR APPEAL BOND** **Judge:  Hon. Edward J. Davila Courtroom No. 4, 5th Fl. Hrg. Date:  May 11, 2023** |

## OPPOSITION TO MOTION FOR APPEAL BOND

Class Counsel has filed a motion seeking an appeal bond that substantially exceeds reasonable taxable costs and frivolously asks for unavailable protection against unrecoverable "administrative costs."  Class Counsel ask for a bond in the amount of $8,500 for "taxable costs"

and $113,600 for "administrative costs." Neither is appropriate. Class Counsel relies exclusively on overturned district court cases and fails to bring to this Court's attention this Circuit's controlling authority on appeal bonds. The Ninth Circuit has held that appeal bonds should not exceed "a few hundred dollars" and may not include expenses beyond those permitted by Rule 39 unless such "may be shifted pursuant to another statute." *In re: Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. 2014).

## II.    TAXABLE COSTS SHOULD NOT EXCEED A FEW HUNDRED DOLLARS

Taxable costs are those available to a prevailing party in an appeal under FRAP 39(e), only. These costs do not commonly exceed a few hundred dollars. *See In re: Magsafe, supra,* 571 Fed. Appx. at 563 ("A district court may always include in an appeal bond the costs specified in Fed. R.App. P. 39. Yet these costs rarely exceed a few hundred dollars when taxed against an appellant.") (citing *Azizian v. Federated Dep.t Stores, Inc.*, 499 F.3d 950, 955-56 (9th Cir. 2007)). Plaintiffs seek a bond of $8,500 for taxable costs, but have established no reasonable basis for that number, which far exceeds the usual total of costs taxable under Rule 39.

The Ninth Circuit permits recovery of costs for reproducing seven copies of a brief. *See* Ninth Circuit Rule 39-1.2. The cost of reproduction is the lesser of 10 cents per page or actual cost. *See* Ninth Circuit Rule 39-1.3. Seven copies of a 100-page brief should therefore cost no more than $70.

While the Court may order the filing of an appeal bond to protect against taxable costs, the amount of that bond is restricted to a number that is reasonable in view of the amounts recoverable under Rule 39.

## III.    ADMINISTRATIVE COSTS ARE UNAVAILABLE IN THIS CASE

"The district court *may not include in an appeal bond* any expenses beyond those referenced in Fed. R.App. P. 39 unless such expenses may be shifted pursuant to another statute." *In re: Magsafe, supra,* 571 Fed. Appx. at 563 (*citing Azizian v. Federated Dep.t Stores, Inc.*, 499 F.3d 950, 959-60) (9th Cir. 2007)).

A district court must "determine which sums are 'properly awardable' under the underlying statute, and … include [only] those sums as 'costs' under the procedural rule." *In re*

*Cardizem CD Antitrust Litigation*, 391 F.3d 812, 818 (6th Cir. 2004) (*citing Marek,* 473 U.S. 1, 9 (1985)).

Class Counsel do not even attempt to make a showing that they have a right to recover administrative costs under the terms of any of the statutes under which they have brought claims.[1] Nor could they.  The Computer Fraud and Abuse Act makes no provision whatsoever for recovery of costs.  *See* 18 U.S.C. § 1030, et seq.  The California Consumer Legal Remedies Act allows only for the asymmetric recovery of "court costs."[2]  *See* California Civil Code § 1780.e.  The California Unfair Competition Law (California Business & Professions Code § 17200, et seq.) makes no particular provision for a recovery of fees or costs.[3]  And, the California Computer Data Access and Fraud Act (California Penal Code § 502, et seq.) does not provide for a recovery of costs, of any type.[4]

Since there is no statutory right to a shifting of administrative costs, costs recoverable in the appeal of this matter are limited those set forth in FRAP Rule 39.

> "The general rule on the taxation of costs is that the district court has discretion to fix the costs. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 233, (1964). … Such court discretion does not include the authority to tax costs beyond those authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437,

---

[1] The court in *Dennings v. Clearwire Corp.*, 928 F.Supp.2d 1270 (W.D. Wash. 2013) did not attempt to locate settlement administration costs in the terms of any statute, nor did it cite to the controlling case of *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007).  Likewise, the district court in *Miletak v. Allstate Ins. Co.,* 2012 U.S. Dist. LEXIS 125426 (N.D. Cal. 2012), appears blissfully ignorant of the requirement that a symmetrical statute underlying the case must specify settlement administration costs as an awardable cost for those to be includable in an appellate cost bond.  *See In re: Magsafe, supra.*

[2] I.e., The same costs permitted by Rule 39 and 28 U.S.C. § 1920.

[3] In in connection with claims under Civil Code § 1750 and B&P Code § 17500, the Second Consolidated Amended Complaint, seeks "reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5," which code section makes no provision for a recovery of costs of any type.

[4] Penal Code § 502(e)(2)'s allowance for an award of "reasonable attorney's fees" is asymmetric. Nonetheless, the statute makes no specific provision for the shifting of costs and no right to recover costs of administration as described by Class Counsel is available under the statute.

OBJECTORS' OPPOSITION TO
MOTION FOR APPEAL BOND

441–43 (1986). The discretion conferred by the rule is necessarily restricted by the specific rule governing costs on appeal, [per Rule 39]."

*Johnson v. Pacific Lighting Land Co.* 878 F.2d 297, 298 (9th Cir. 1989).

Plaintiffs' recoverable Rule 39 costs are unlikely to exceed the $505 filing fee already paid by Objectors upon filing of their Notice of Appeal.    There is no reason to suspect Objectors will not comply with an order by the Court of Appeals to reimburse Plaintiffs' copying costs in a similar or lesser amount.  The exaggerated motion for an appeal bond is absurd in the context of this case and substantially exceeds the amount of any likely Rule 39 cost order.

## IV.    OBJECTORS' APPEAL IS NOT WITHOUT MERIT

Class Counsel misstate the basis of Objectors' appeal and the appeal is not frivolous. Objectors will pursue issues not decided on earlier appeal, including matters on which the Panel expressly deferred ruling in the first appeal.  For example, the Panel explicitly declined to address Objectors' arguments about whether incentive awards were properly granted to non-class-members.  *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 785 n.12 (9th Cir. 2022) ("In the alternative, the Feldman objectors argue that the awards here were an abuse of discretion, an issue we do not address.").  In this regard, Objectors contend the incentive awards granted to eleven non-U.S. residents – all non-class members – violate the common fund doctrine.[5]

Further, Plaintiffs' and this Court's reliance on *Chambers v. Whirlpool Corp.,* 980 F.3d 645 (9th Cir. 2020) is misplaced.  In *Chambers*, there were two separate compensation programs created by the settlement. "Non-class members" were required to "execute a separate release as consideration for receiving settlement compensation" and "non-class compensation [was] independent of the class recovery."  This meant the class's common fund was not used to provide non-class member compensation or non-class member service awards.

The instant case does not involve separate compensation pools – indeed there is no recovery whatsoever intended for non-class members – but, unlike in *Chambers*, incentive awards are made to non-

---

[5] Objectors cannot understand why Class Counsel did not simply concede on this issue on remand, and why they misled this Court about the holding in *Chambers v. Whirlpool Corp.*, 980 F.3d 645 (9th Cir. 2020), when pursuing that strategy would lead to further appellate litigation.

OBJECTORS' OPPOSITION TO
MOTION FOR APPEAL BOND

class members out of the class's common fund recovery.  Thus, *Chambers* is clearly distinguishable on the facts and inapplicable to the instant case.

Objectors also contend this Court abused its discretion in applying the *Vizcaino* factors.  In particular, the contingent nature of the representation is a meaningless factor that does not support an upward adjustment of the benchmark.  Practically all class actions are taken on a contingent basis, which would suggest that this factor should be at most neutral.  If contingent representation supports a supra-benchmark fee, there is no real benchmark.  Also, awards in similar cases must militate in favor of a lower fee award, in light of the empirical data cited in this Court's order.

## IV.    UNDUE DELAY IS A PRODUCT OF PLAINTIFFS' MOTION

Class Counsel make their motion claiming they wish to shorten the duration of the appeal. This makes no sense, given that the grant of the motion will only multiply the matters before the Circuit, require additional and separate briefing deadlines, and lead to an overall longer appellate process.  If this Court orders a bond beyond the few hundred dollars necessary to cover Fed. R.App. P. Rule 39 costs, an appeal of the bond order would be consolidated with the main appeal and considered together, as in *In re: Magsafe, supra*.  The oral argument date would be delayed while the bond order appeal is briefed.  If Class Counsel hope to shorten the appellate process, they can make a motion for summary affirmance in the Court of Appeals after the Objectors file their opening brief.

////

////

////

////

////

////

////

////

////

////

OBJECTORS' OPPOSITION TO
MOTION FOR APPEAL BOND

1

**V.      CONCLUSION**

2

For the foregoing reasons, the Court should DENY the Motion for Appeal Bond, or enter an

3

Appeal Bond for no more than $500 consistent with the Ninth Circuit's opinion in *In re: Magsafe*.

4

5

Respectfully submitted,
Sarah Feldman and Hondo Jan

6

by their attorneys,

7

*s/ Kendrick Jan*

8

Kendrick Jan
Kendrick Jan, APC

9

225 Broadway, Suite 2220
San Diego, CA 92101

10

Tel: (619) 231-7702
kj@jan-law.com

11

12

John J. Pentz, Esq.,

13

18 Damon Street
Wayland, MA 01778

14

Phone: (978) 985-4668
jjpentz3@gmail.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTORS' OPPOSITION TO
MOTION FOR APPEAL BOND

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on April 27, 2023, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


By: s/ Kendrick Jan

OBJECTORS' OPPOSITION TO
MOTION FOR APPEAL BOND