UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION | Case No. 5:18-md-02827-EJD<br><br>**ORDER GRANTING IN PART MOTION FOR APPEAL BOND**<br><br>Re: ECF No. 664 |

Plaintiffs move for an appeal bond pursuant to Federal Rules of Appellate Procedure 7 to ensure payment of the expenses the settlement class will accrue during appeal. ECF No. 664. Objectors Kendrick Jan and Sarah Feldman oppose Plaintiffs' request. For the reasons explained below, the Court **GRANTS in part** Plaintiffs' motion for appeal bond.

I. BACKGROUND

This Court granted final approval of class action settlement and awarded attorneys' fees on March 23, 2021. ECF Nos. 608, 609. Several objectors, including Objectors Feldman and Jan, appealed both Orders. The Ninth Circuit vacated the Orders and remanded with directions on appeal. *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784–85 (9th Cir. 2022). The parties jointly moved for final approval and Class Counsel renewed their motion for attorneys' fees, expenses, and incentive awards. ECF Nos. 631, 632. The Court heard oral arguments on January 11, 2023, and approved final settlement and granted Class Counsel's renewed fee request on February 17, 2023. ECF No. 653. Objectors Feldman and Jan again appealed this Court's Order granting the renewed motions. ECF No. 661. Feldman and Jan were not joined by any of the previous appellants on the second appeal.

Case No.: 5:18-md-02827-EJD
ORDER GRANTING IN PART MOTION FOR APPEAL BOND
1

Plaintiffs now move for an appeal bond pursuant to Fed. R. App. P. 7 to ensure payment of the expenses the settlement class will accrue during appeal. ECF No. 664. Class Counsel requests an appeal bond in the amount of $122,100, apportioned $8,500 in taxable costs and $113,600 in administrative costs. *Id.*

## II.   LEGAL STANDARD

Federal Rule of Appellate Procedure 7 ("Rule 7") governs motions for appeal bonds, providing in relevant part that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am.*, Inc., No. C–05–4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quotations and citations omitted). Rule 7 does not define "costs on appeal," but the Ninth Circuit has held that, as used in Rule 7, the term includes those costs specified in Federal Rule of Appellate Procedure 39 for "costs taxable on appeal" and "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorneys' fees." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). The trial court has discretion to impose an appeal bond and determine the bond amount. *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013).

## III.   DISCUSSION

District courts have articulated three relevant factors a court should consider in determining whether to require an appeal bond: (1) appellant's financial ability to post a bond, (2) the risk that appellant would not pay the costs if the appeal loses, and (3) an assessment of the likelihood that appellant will lose the appeal and be subject to costs. *Fleury*, 2008 WL 4680033, at *7. Upon review, the Court finds that the posting of an appellate bond is warranted in this case.

Regarding financial ability, "[d]istrict courts have found this factor weighs in favor of a bond, absent an indication that a plaintiff is financially unable to post bond." *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2,

Case No.: 5:18-md-02827-EJD
ORDER GRANTING IN PART MOTION FOR APPEAL BOND
2

2013) (citing *Fleury*, 2008 WL 4680033, at *7); *see also Embry v. ACER Am. Corp.*, No. 09–CV-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012) ("In the absence of evidence that posting a bond will pose a substantial hardship, this factor weighs in favor of requiring a bond."). Feldman and Jan have not contended that they are unable to post bond or provided any evidence indicating a financial inability to pay. Accordingly, this factor weighs in favor of a bond.

Turning to the second factor, courts in this district have imposed appeal bonds when appellants reside out-of-state. *See, e.g.*, *Embry*, 2012 WL 2055030, at *1; *Schulken*, 2013 WL 1345716, at *5 (N.D. Cal. Apr. 2, 2013) ("[C]ourts in the Northern District have recognized that collecting costs from out of state appellants may be difficult."). Indeed, this factor "may be weighed more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit." *Netflix*, 2013 WL 6173772, at *3. In this case, Feldman and Jan both reside in this state. However, at least one court in this district nevertheless held that an appeal bond was warranted where it found that "the merits of Objector[s'] [] appeal weigh[s] heavily in favor of requiring a bond." *Miletak v. Allstate Ins. Co.*, No. 06-CV-03778-JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012). In *Miletak*, although the second factor weighed neutral, the other two factors weighed in favor of imposing a bond, particularly the merits of the appeal which included objections the court had previously considered and overruled. *Id.* at *2. Here, too, the Court finds that the merits of Feldman and Jan's appeal heavily favors granting a bond.

This is Feldman and Jan's second appeal of final approval. The Court previously overruled Feldman and Jan's objections to final approval and award of fees. ECF No. 653 at 18–21. Feldman and Jan state that their second appeal will, in part, "pursue issues not decided on earlier appeal, including matters on which the Panel expressly deferred ruling in the first appeal," such as whether awarding service awards are an abuse of discretion. ECF No. 667 at 4 (citing *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 785 n.12 (9th Cir. 2022)). In their first appeal, the Objectors argued that the district court lacked discretion to award service and/or incentive awards, alternatively arguing that the awards were an abuse of discretion. *Id.* at 785. The Ninth Circuit held that service and/or incentive awards to class representatives are permissible

and declined to address the Objectors' argument that the Court abused its discretion in granting service awards. *Id.* On remand, this Court considered and overruled Feldman and Jan's arguments with respect to service awards. ECF No. 653 at 37–39.

Feldman and Jan also contend the Court "abused its discretion in applying the Vizcaino factors." ECF No. 667 at 5. On appeal, the Ninth Circuit directed the Court to "more thoroughly explain how the Vizcaino factors support an upward adjustment." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 783–84 (9th Cir. 2022). This Court thoroughly addressed the Vizcaino considerations on remand. Nevertheless, Feldman and Jan now argue that, with respect to the Vizcaino factors, "the contingent nature of the representation is a meaningless factor that does not support an upward adjustment of the benchmark." ECF No. 667 at 5. When using the percentage-of-recovery method, the Ninth Circuit has articulated a number of factors to guide courts, including "whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015). To the extent Feldman and Jan's argument on appeal disagrees with the factors established by the Ninth Circuit, this argument lacks merit. Feldman and Jan also disagree with the Court's conclusion that awards in similar cases favor an upward adjustment from the benchmark. ECF No. 667 at 4. This contention largely reiterates those made in their first appeal. *See* ECF No. 641-2 at 45. The Court therefore finds that there is a high likelihood that appellants will not prevail on appeal, particularly given that this is their second attempt at raising arguments addressed by the Ninth Circuit or this Court. *See Schulken*, 2013 WL 1345716, at *5 (third factor weighs heavily in favor of bond where appellant raises issues "thoroughly addressed" by the court).

Having concluded that a bond is appropriate, the Court must determine the amount of the bond. Rule 7 "costs" include the costs identified in Rule 39(e). Rule 39(e) provides that the following costs may be taxed: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid of a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). Under *Azizian*, the Ninth Circuit held that costs, even if not identified by

Rule 39(e), can qualify as "costs" if they are so defined by a rule or statute, such as an applicable fee-shifting statute. *Azizian*, 499 F.3d at 958. The Court may set the appeal bond at the "amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The appeal bond, however, may not include delay damages. *Id.* at 960; *Fleury*, 2008 WL 4680033, at *8. Delay damages fall within the purview of 28 U.S.C. § 1912 and are outside the scope of Rule 7. *Fleury*, 2008 WL 4680033, at *8. Attorneys' fees that could be imposed under Fed. R. App. P. 38, which addresses damages and costs for frivolous appeals, are also not included under Rule 7. *Id.*

Plaintiffs' requested bond includes taxable costs and administrative costs. ECF No. 664 at 8. They do not request attorneys' fees. By Class Counsel's conservative calculations, Plaintiffs expect to incur taxable expenses of at least $8,500 relating to printing, photocopying, preparing and serving the appeal record, and responding to the appellate brief. *Id.*; 664-1 ¶ 3. Class Counsel also requests the bond include $113,600 in administrative costs incurred by Plaintiffs and the Class from the ongoing settlement administration during the second appeal period. The Class Administrator estimates that the cost to maintain and administer the settlement website, the toll-free number, claimant support, communications from Class Members, document storage, and to manage bank account and taxes, will be approximately $4,000 per month. ECF No. 664-2 ¶ 3. Since postage costs will increase starting July 9, 2023, the Class Administrator also anticipates an additional $60,000 in postage fees. *Id.*

Feldman and Jan contend that seven copies of a 100-page brief at 10 cents per page should not exceed $70, and that "Plaintiffs recoverable Rule 39 costs are unlikely to exceed the $505 filing fee already paid by Objectors." ECF No. 667 at 4. Feldman and Jan also argue that the appeal bond should not include administrative costs because Plaintiffs have not identified an applicable fee-shifting statute that gives them a right to recover administrative costs. The Court agrees that in the absence of a statutory right to recover administrative costs, costs recoverable in the appeal of this case are limited those set forth in Fed. R. App. P. 39(e). *See, e.g.*, *Schulken*, 2013 WL 1345716, at *7 (declining to include $10,000 in administrative costs and awarding $5,000 in taxable costs); *Keller v. Nat'l Collegiate Athletic Ass'n*, No. 09-CV-1967 CW, 2015 WL

6178829, at *3 (N.D. Cal. Oct. 21, 2015) (bond awarded consisted of $5,000 in taxable costs and no administrative costs); *Golloher v. Todd Christopher Int'l, Inc.*, No. 11-CV-1726 RS, 2014 WL 12625124, at *2 (N.D. Cal. July 7, 2014) ("[T]here is no basis to require objectors to post a bond for [] [administrative] costs."). Accordingly, the Court declines to include $113,600 in administrative costs in the appeal bond.

Plaintiffs request $8,500 in Rule 39 costs for "preparing the record, and printing, copying, and mailing the briefs," which they contend is a "conservative" estimate. ECF No. 664-1 ¶ 3. The Court finds this estimate to be reasonable.[1] *See Keller*, 2015 WL 6178829, at *2 (finding that $5,000 in taxable costs are a reasonable estimate where the moving papers states the amount is a "conservative estimate" for the amount plaintiffs will spend on printing, photocopying, and preparing and serving the appeal record).

## IV. CONCLUSION

Accordingly, the Court **GRANTS in part** Plaintiffs' Motion for Appeal Bond. The Court hereby imposes, pursuant to Appellate Rule 7, a bond requirement in the amount of $8,500 jointly and severally on Objectors Feldman and Jan. Within 14 days of entry of this Order, Feldman and Jan shall either: (1) file with the Court and serve on Appellees proof of satisfaction of the bond requirement, or (2) file a notice of dismissal of their appeal.

**IT IS SO ORDERED.**

Dated: May 16, 2023

EDWARD J. DAVILA
United States District Judge

---

[1] Class Counsel does not provide specific calculations of the estimated costs, and Rule 7 does not require them to do so. *See Schulken*, 2013 WL 1345716, at *6.