Date: 3/31/2025

# United States District Court Northern District of California

San Jose Courthouse, Courtroom 4—5th Floor *280 South 1st Street, San Jose, CA 95113.*

**Re: Request for Relief in Applegate Lawsuit, Case No. 18-MD-2827-EJD**

To the Honorable Judge Edward Davila

I, Charles Cousin, respectfully submit this letter seeking relief in the amount of $100,000 for intentional infliction of emotional distress, breach of contract, and associated damages, including time and interest, in connection with the Applegate lawsuit (Case No. 18-MD-2827-EJD).

I have been actively involved in this case, having submitted my claim for settlement and testified at the hearing. Despite my participation, the settlement administration company has denied my involvement, claiming that I neither entered the case nor testified. This assertion is demonstrably false, as I possess confirmation from my entry into the settlement and transcripts from the hearing that document my testimony.

During the hearing on 12/8/2020, I raised concerns about the lack of transparency on the part of the settlement administration. Specifically, I am noting that no email notifications were sent by the administrators, leaving claimants like myself uninformed about critical updates. This lack of communication has caused significant distress and has undermined my confidence in the fairness of the settlement process. My objection to the settlement, as documented on page 13 of the hearing transcripts, highlighted transparency issues.

The Court has previously acknowledged risks and burdens faced by individuals who participate in lawsuits, including potential reputational harm retaliation and the significant time investment required. As noted in the hearing transcript, incentive awards are often provided to encourage individuals to overcome these risks and actively participate in litigation. The Court recognized that named plaintiffs and participants often contribute substantial time and effort, including sitting for depositions, preparing for hearings, and reviewing documents, which justifies increased consideration for their contributions (Case No. 5:18-md-02827-EJD, Document 589, pp. 26-28).

Furthermore, I have written to Apple on multiple occasions to address issues related to the battery performance of their iPhones. I have records of these communications, as well as responses from Apple, which demonstrate my persistent efforts to seek resolution. My involvement in this case has required a substantial investment of time and effort, comparable to or exceeding that of the attorneys involved.

I also wish to bring to the Court's attention the potential risk of retaliation I face for my testimony. My statements during the hearing were made in good faith to highlight procedural

**Laura J.**
Pleasantville, NY

📷 0  ⭐ 5  📷 0

Jan 28, 2016

① First to Review

The Angeion Group claims they are "changing the rules in claims administration." What they mean is that they pay themselves first, then distribute claims incorrectly, then claim they are figuring out what to do, and months pass without any resolution or remedy. It's a simple solution: PAY PEOPLE WHAT YOU OWE THEM. I'm disgusted in the service I have received from this firm. They say they are bringing a "new paradigm to claims administration," and what they mean is that they steal money that is legally yours. Avoid working with them at all costs.

Helpful 4   Thanks 0   Love this 3   Oh no 0

< 1 2

3 other reviews that are not currently recommended ⌄

Your claim has been submitted. Your Claim Number is: A2E-60143383101

Please note your Claim Number and date of filing for your records.

Please include the above claim number in all future correspondence with the Settlement Administrator.

If an email was provided, a confirmation email will be sent to you shortly.



May 25, 2020

Dear Charles,

Thanks for contacting us. We welcome your feedback on your iPhone experience.

Apple strives to provide a positive experience for our customers. We have documented your comments in case number 101042346795. All levels of management within Apple see reports from our database on a constant basis. Please be assured that Apple considers all of our customers' concerns to be important. In fact, many of Apple's product and policy changes have been made as a direct result of customer feedback.

Please be assured that Apple values the time and consideration that you invested in your correspondence.

Thank you for taking the time to share your thoughts with us.

Sincerely,

Apple Customer Care

deficiencies and advocate for transparency. However, the denial of my participation by the settlement administration raises concerns about possible punitive actions against me for speaking out.

In light of the above, I respectfully request the Court to:

1. Grant relief in the amount of $100,000 to compensate for the emotional distress, breach of contract, and time invested in this case.
2. Investigate the actions of the settlement administration company to ensure accountability and transparency in the settlement process.
3. Provide any additional relief deemed appropriate to address the harm caused by the settlement administration's conduct.

I have attached the following supporting documents for the Court's review:

- Screenshot confirming my entry into the settlement.
- Transcripts from the hearing documenting my testimony, including my objection to the settlement and concerns about transparency.
- Copies of my correspondence with Apple regarding iPhone battery issues.

Thank you for your attention to this matter. I trust that the Court will take the necessary steps to ensure justice is served.

Sincerely,

Charles Cousin

(313) 737-6345

**References**

**Related:**
[1] Rule 408 - Compromise Offers and Negotiations, Fed. R. Evid. 408

[2] Rule 23 - Class Actions, Fed. R. Civ. P. 23

[3] Rule 23 - Class Actions, Fed. R. Civ. P. 23

```
10:30AM  1   WE DON'T THINK WE ARE PREJUDICING THE PLAINTIFFS' COUNSEL.
10:30AM  2   THEY'RE CERTAINLY AWARE OF ARGUMENTS THAT ARE RAISED IN OUR
10:30AM  3   BRIEF, AND WE THINK ALL THINGS CONSIDERED THIS IS -- IT WOULD
10:30AM  4   BE WELL WITHIN THE COURT'S BROAD DISCRETION TO GRANT THIS
10:30AM  5   MOTION.
10:30AM  6           THANK YOU.
10:30AM  7           THE COURT: THANK YOU. YOU'RE WELCOME.
10:30AM  8           AND I'M HAPPY TO HEAR FROM ANY PLAINTIFFS, ANY OPPOSITION
10:30AM  9   TO THIS.
10:30AM 10           ANYONE FROM PLAINTIFFS?
10:30AM 11           MR. COTCHETT: YES, YOUR HONOR. JOSEPH COTCHETT.
10:30AM 12           THE COURT: YES, MR. COTCHETT.
10:30AM 13           MR. COTCHETT: YES. WE HAVE NO REAL OBJECTION TO
10:30AM 14   THEM COMING IN.
10:30AM 15           DO YOU WANT ARGUMENT ON THAT RIGHT NOW BECAUSE THAT REALLY
10:30AM 16   GOES TO ATTORNEYS' FEES? I DON'T THINK THEY'RE OBJECTING TO
10:30AM 17   THE SETTLEMENT.
10:30AM 18           THE COURT: THAT'S MY OBSERVATION AS WELL. THAT'S
10:30AM 19   RIGHT.
10:30AM 20           MR. COTCHETT: YEAH. SO WE HAVE NO REAL OBJECTION.
10:30AM 21           THE COURT: WELL, THANK YOU FOR THAT. I APPRECIATE
10:30AM 22   THAT, MR. COTCHETT.
10:30AM 23           LET ME JUST INDICATE --
10:30AM 24           MR. COUSIN: YOUR HONOR, NOT ALL OF US --
10:30AM 25           THE COURT: I AM SORRY. MR. COUSIN, ARE YOU
```

UNITED STATES COURT REPORTERS

```
15:13AM   1         I WOULD ALSO SIMPLY POINT OUT THAT, YOU KNOW, THE CLAIMS
10:13AM   2    RIGHT HERE OF 3.15 MILLION OUT OF A POTENTIAL 90 MILLION CLASS
10:13AM   3    MEMBERS IS FAIRLY LOW, AND THAT THAT SHOULD ALSO BE TAKEN INTO
10:13AM   4    ACCOUNT WHEN RULING ON BOTH THE SETTLEMENT AND THE FEE AWARD.
10:13AM   5         AND I THINK THAT ABOUT COVERS IT FOR OUR -- MY CLIENT.
10:13AM   6         THE COURT:  RIGHT.  THANK YOU VERY MUCH.  THANK YOU,
10:13AM   7    MR. FENTZ.
10:13AM   8         I THINK, AS YOU POINT OUT, INCENTIVE AWARDS ARE CURRENTLY
10:13AM   9    APPROPRIATE IN THE NINTH CIRCUIT, AND I APPRECIATE YOUR
10:13AM  10    RECOGNITION OF NINTH CIRCUIT LAW.
10:13AM  11         AND THE INCENTIVE AWARDS, I THINK THE SPIRIT OF THEM, WE
10:13AM  12    KNOW FROM THE LITERATURE, FROM CASE LAW, THAT SUGGESTS THAT
10:13AM  13    WHEN AN INDIVIDUAL PUTS THEIR NAME IN THE PUBLIC VIEW AS A
10:13AM  14    PARTY IN A LAWSUIT, THERE ARE CERTAIN RISKS CERTAINLY THAT COME
10:13AM  15    WITH THAT.
10:14AM  16         THERE'S CONCERN, WE'RE TOLD BY LAWYERS IN THESE CASES,
10:14AM  17    THAT A LITIGANT WHO PUTS THEIR NAME OUT THERE IN THE PUBLIC
10:14AM  18    COULD SUFFER.  AND THE QUESTION IS HOW COULD THEY SUFFER?  HOW
10:14AM  19    IS THAT A NEGATIVE THING HAVING YOUR NAME ON A LAWSUIT?
10:14AM  20         WELL, LAWYERS WOULD POINT OUT AND REMIND COURTS AND EACH
10:14AM  21    OTHER THAT FOR EMPLOYMENT PURPOSES, FOR EXAMPLE, SOMEONE WHO IS
10:14AM  22    APPLYING FOR A JOB, WE KNOW IN TODAY'S WORLD IT'S FULL OF
10:14AM  23    TECHNOLOGY.  I'M LOOKING AT ALL OF YOUR SMILING FACES, AND MANY
10:14AM  24    OF YOU ON THE SCREEN, PROSPECTIVE EMPLOYERS, MANY TIMES THE
10:14AM  25    FIRST THING THEY DO IS GO AND DO A WEB SEARCH OF AN
```